Aaron Freedman (admitted *pro hac vice*)
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, New York 10003
Phone: (212) 558-5795
afreedman@weitzlux.com

[Additional Attorneys for Plaintiffs Listed on the Back Cover]

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RACHELLE COLVIN, individually and as next friend of minor Plaintiff, G.D., and DANIELLE SASS, individually and as next friend of minor plaintiff, L.C., and on behalf of all others similarly situated,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>ROBLOX CORPORATION, SATOZUKI LIMITED B.V., STUDS ENTERTAINMENT LTD., and RBLXWILD ENTERTAINMENT LLC,<br><br>　　　　Defendant(s). | Case No. 3:23-cv-04146-VC<br><br>**PLAINTIFFS' MOTION TO SERVE PURSUANT TO RULE 4(f)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Judge: Hon. Vince Chhabria<br>Proposed Hearing Date: February 8, 2024 |

<u>**NOTICE OF MOTION AND MOTION**</u>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT**, on February 8, 2024, at 1:00 p.m., Plaintiff, Rachelle Colvin, individually and as next friend of minor Plaintiff, G.D., and Danielle Sass, individually and as next friend of minor plaintiff, L.C. (collectively, "Plaintiffs"), will and does move this Honorable Court for an Order permitting service on Defendant Satozuki Limited B.V. and its "local representative" and "proxy

holder," Dutch Antilles Management N.V., in accordance with Rule 4(f)(3) of the Federal Rules of Civil Procedure. Plaintiff's counsel contacted counsel for Roblox on December 21, 2023 to inquire whether they would consent or raise an objection to Plaintiffs' motion, but counsel for Roblox has not responded. In support of their motion, Plaintiffs state the following on information and belief:

1. On August 15, 2023, Plaintiffs filed their Complaint against Defendants, Roblox Corporation, Satozuki Limited B.V., Studs Entertainment LTD., and RBLXWild Entertainment LLC ("Defendants"). The plaintiff is seeking damages against the Defendants for violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961, *et seq.*), California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), the California Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*), and New York General Business Law § 349, as well as claims for negligence, unjust enrichment, and civil conspiracy.

2. Defendant, Satozuki Limited B.V. ("Satozuki") owns the website RBXFlip.com. *See* Cmpl, ECF No. 1 at ¶¶ 32, 62.

3. Satozuki is a Curaçaoan company located at Abraham de Veerstraat 9, Willemstad, Curacao P.O. Box 3421. The company lists Mr. Julian Durak as its Managing Director. *See* Ex. A.

4. Satozuki describes its purpose as "1. To organize, market, promote, support and operate all types of remote gaming activities, comprising all types of games, betting and other operations of betting exchange, interactive casinos, bingos, lotteries and other interactive games for clients established or residing outside of Curacao; 2. The company has the power to perform every act and thing profitable or requisite to the accomplishment of its purposes of connected therewith or incidental thereto in the widest sense of the word . . ." *See Id*.

5. Satozuki, through its website RBXFlip.com, allows children to illegally gamble

online. *See* Cmpl, ECF No. 1 at ¶¶ 72-84, 97, 132, 134.

6. On Curacao's Company Registry, Satozuki lists another Curaçaoan company, Dutch Antilles Management N.V. (Reg. # 10692) ("Dutch Antilles"), as its "Local Representative" and "Proxy Holder." *See* Ex. A.

7. Dutch Antilles is located at Abraham de Veerstraat 7, Willemstad, Curacao P.O. Box 840. Upon information and belief, this is the same property where Satozuki is allegedly based. Dutch Antilles' purpose is listed as "Trust company (international financial services), Holding, trustee and/or management company." *See* Exhibit B. Dutch Antilles lists Alberto Clodoaldo D'Abreu De Paulo as its President Managing Director, Berardino Antonio D'Abreu De Paulo as its Managing Director, Edwin Ricardo Geerman as its Managing Director, Humberto Carlos D'Abreu De Paulo as its managing director, and Natalie Isabel D'Abreu De Paulo as its Trust & Compliance Officer. *Id*.

8. Curacao is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents nor to any international treaty with respect to service of process, and therefore, 28 U.S.C. 1781(a)(2) and F.R.C.P. 4(f)(2)(b) apply.

9. On or around September 26, 2023, Plaintiffs engaged a process server, APS International Ltd. ("APS"), to advise, in part, about serving Satozuki and its local representative in Curacao.

10. In the process of complying with 28 U.S.C. 1781(a)(2) and F.R.C.P. 4(f)(2)(b), Plaintiffs were advised by APS that service in Curacao through Letters Rogatory would involve substantial difficulty and take approximately nine to eighteen months.

11. Plaintiffs request that this Honorable Court grant leave to serve the Defendant, Satozuki, as well as its local representative and "holding" company, Dutch Antilles, pursuant to

Fed. R. Civ. P. 4(f)(3) to avoid any unreasonable delays in the prosecution of this case.

12. Specifically, Plaintiffs request that this Honorable Court grant leave to appoint APS International, Ltd., as special process server for the purpose of serving process on the Defendant, Satozuki, and its local representative in Curacao by delivering a copy of the Complaint and Summons to an officer, managing or general agent, or to any agent authorized by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to Defendant and its local representative.

13. Plaintiffs' proposed method of service is intended to provide actual notice to the Defendant, Satozuki, by delivering copies of the Complaint and Summons to its company address and local representatives. *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-16 (9th Cir. 2002) (holding that district courts have "sound discretion" to determine when the "particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)," and noting that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email"); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186 at *2 (N.D. Cal. June 12, 2008) (authorizing service on foreign corporation and foreign individuals on corporation's domestic subsidiary, and noting "it is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

WHEREFORE, Plaintiffs pray that this Honorable Court grant Plaintiffs leave serve the Defendant, Satozuki Limited B.V., as well as its local representative and "proxy holder," Dutch Antilles, in accordance with Fed. R. Civ. P. 4(f)(3) and for such other and further relief as this Court deems just.

Dated: December 27, 2023                    Respectfully Submitted,

   /s/ Aaron Freedman
Aaron Freedman (admitted *pro hac vice*)
James Bilsborrow (admitted *pro hac vice*)
Devin Bolton
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, New York 10003
Phone: (212) 558-5795
afreedman@weitzlux.com
jbilsborrow@weitzlux.com
dbolton@weitzlux.com

**JOHNSON FIRM**
Christopher D. Jennings*
Tyler B. Ewigleben*
Winston S. Hudson*
610 President Clinton Avenue, Suite 300
Little Rock, Arkansas 72201
Telephone: (501) 372-1300
chris@yourattorney.com
tyler@yourattorney.com
winston@yourattorney.com

*Motion for admission *pro hac vice* forthcoming

*Counsel for Plaintiffs*