# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RACHELLE COLVIN, individually and as next friend of minor Plaintiff, G.D., and DANIELLE SASS, individually and as next friend of minor Plaintiff, L.C., and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>ROBLOX CORPORATION, SATOZUKI LIMITED B.V., STUDS ENTERTAINMENT LTD., and RBLXWILD ENTERTAINMENT LLC,<br><br>                Defendants. | Case No. 3:23-cv-04146-VC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge: Hon. Vince Chhabria<br>Date: April 18, 2024<br>Time: 2:00 PM<br>Courtroom: By Videoconference |

Plaintiffs Rachelle Colvin, G.D., Danielle Sass, L.C., and Defendant Roblox Corporation ("Roblox"), together, the Parties, submit this joint statement in advance of the case management conference ("CMC") scheduled for April 18, 2024, pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, this Court's Standing Order for All Civil Cases, and the Minute Entry dated February 23, 2024, ECF No. 60.

    **1.**    **Jurisdiction and Service**

This Court has jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). *See* ECF No. 1 ¶ 35. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. *See id.* There are presently no issues over whether the Court has personal jurisdiction over Defendant Roblox Corporation ("Roblox").

The Parties are not presently aware of any issues regarding venue.

Roblox and Defendants RBLXWild Entertainment LLC ("RBLXWild") and Studs Entertainment Ltd. ("Studs") have been served. RBLXWild and Studs failed to appear and the Clerk has entered default. ECF Nos. 30, 64. Defendants Satozuki Limited B.V. ("Satozuki") is a foreign company that Plaintiffs have not served as of this statement. Plaintiffs are attempting to serve Satozuki through international means.[1]

2.   Facts

*Plaintiffs' Statement*

Plaintiffs Rachelle Colvin and Danielle Sass filed the Complaint in this matter individually and on behalf of their minor children, G.D. and L.C. G.D. and L.C. are users of Roblox, one of the largest gaming platforms in the world. Roblox users may purchase virtual items on the gaming platform using digital currency called Robux. Robux, in turn, can be purchased from Roblox using a credit card or gift card. To sell virtual items on the Roblox platform, a party must obtain authorization from Roblox pursuant to its Developer Exchange Program. Members of the Developer Exchange Program are permitted to sell virtual items to Roblox users in exchange for Robux and to exchange Robux they acquire from Roblox users for fiat currency. Every time there is a transaction involving Robux—either a user exchanging Robux for items, or a developer exchanging Robux for cash—Roblox imposes a 30% commission.

Roblox represents in its terms of service that Robux may not be used to make purchases outside of the Roblox platform. Plaintiffs allege, however, that Defendants and Developer

---

[1] For the purposes of this statement, "Defendant" means Roblox, as it is the only defendant that has appeared in the case to date.

Exchange Program members Satozuki, Studs, and RBLXWild (collectively, the "Virtual Casino Defendants" or "VC Defendants") have established online casinos upon which Roblox users, including the minor Plaintiffs, are able to exchange Robux for gaming chips and wager on games of chance, including but not limited to, roulette, blackjack, slots, and plinko. In other words, Roblox's minor users purchase Robux on Roblox's platform using real currency; exchange Robux with the VC Defendants (or their agents) using Roblox's technology on Roblox's platform; are credited a corresponding amount of gaming chips, also called Robux, on the VC Defendant's casino websites; and then wager (and often lose) those chips, just as one might at any casino. It is, of course, illegal everywhere in the United States, including California and New York, for minors like G.D. and L.C. to gamble. Roblox has knowledge of and facilitates this gambling scheme by allowing its minor users to grant the VC Defendants access to their Roblox security cookie, a unique encrypted identifier. Once the VC Defendants have access to a user's Roblox security cookie, they are able to transfer Robux from the user's digital wallet and exchange those Robux for gaming chips. After the VC Defendants acquire users' Robux, they exchange the digital currency for cash. Roblox imposes a 30% fee on each of these transactions. As a result, Roblox and the VC Defendants have made millions of dollars at the expense of Roblox's minor users.

*Defendant's Statement on Plaintiffs' Claims:*

Roblox is a free online platform to create, share, and enjoy user-generated games and other immersive experiences. The Roblox platform allows users to play games and interact with one another, subject to, *inter alia*, Roblox's Terms of Use and the Roblox Community Standards. The Roblox platform has a virtual currency called Robux that users can purchase from Roblox. Robux are used to acquire virtual items or access experiences other users create on the Roblox platform.

In this case, Plaintiffs allege that Roblox has allegedly "facilitate[d] an illegal gambling ecosystem, targeted at children, through Roblox's online gaming platform and digital currency" by virtue of the activities of independent third parties that operate VC sites off of the Roblox platform.  Roblox takes these allegations seriously.  Such activity violates Roblox's Community Standards, which forbid gambling on the Roblox platform, and the Roblox's Terms of Use, which make clear that Roblox users "may not use, acquire, or distribute Robux or Virtual Content except through the Services…"

The allegations show that the minor plaintiffs navigated off the Roblox platform to VC websites that do not exist on the Roblox platform.  In order to use their Robux to play games on the VC sites, the minor plaintiffs either linked their "own user-created" Roblox accounts to the VC websites or shared their Roblox security cookie with the VC sites, thereby allowing the VCs to access the minor plaintiffs' Roblox accounts—all in violation of Roblox's Terms of Use (which apply to *all* Roblox users regardless of age).  On unspecified occasions, the minor plaintiffs allegedly proceeded to play unspecified "gambling games" on one or more of the VC sites—conduct that the Amended Complaint alleges is illegal for underage persons.  The minor plaintiffs allege that they "lost thousands of Robux" playing these games.  The parent plaintiffs allegedly funded the activities of their minor children on Roblox and, by extension, in the VCs, by providing their children with the monies necessary to purchase gift cards or a Roblox subscription to acquire the Robux that the minor plaintiffs allegedly used to play "gambling games" in the VCs.  The parent plaintiffs disavow any knowledge of their own children's online activities on Roblox or in the VCs, and seek to hold Roblox liable for allegedly failing to monitor the conduct of their children and for allegedly facilitating "illegal gambling" by their children in the VCs.

While Roblox does not believe that this joint statement is the appropriate vehicle to provide a detailed refutation of each of Plaintiffs' allegations and claims, Roblox denies that it is responsible for purported violations of federal and state gambling laws, if any, that purportedly occur on the VC websites owned and operated by independent third parties. Roblox denies that it breached any legal duty to the users of the Roblox platform, particularly given the intervening conduct by third parties that violated Roblox's Terms of Use, including the conduct of the VCs and the conduct of the minor plaintiffs. Roblox denies that it has violated any laws or that Plaintiffs are entitled to any relief whatsoever.

3.     **Legal Issues**

*Plaintiffs' Statement*

On March 26, 2024, the Court issued a ruling granting in part and denying in part Roblox's motion to dismiss. *See* ECF No. 65. In particular, the Court denied Roblox's motion to dismiss Plaintiffs' negligence claims and claims arising under the California UCL. The Court granted Roblox's motion to dismiss Plaintiffs' RICO, CLRA, and New York GBL claims. On March 28, 2024, the Court issued a supplemental order denying Roblox's motion to dismiss Plaintiffs' unjust enrichment claim and granting Roblox's motion to dismiss Plaintiff's civil conspiracy claim under California law. *See* ECF No. 66. The Court granted Plaintiffs 14 days to amend, but also stated that "if plaintiffs wish to simply proceed on the surviving claims, and if discovery on the surviving claims reveals a good-faith basis to reassert the dismissed claims, then they are free to seek leave to amend the complaint at that time." ECF No. 65 at 9.

Pursuant to the Court's Order, Plaintiffs filed an amended complaint on April 9, 2024. The amended complaint addresses pleading deficiencies in Plaintiffs' CLRA and New York GBL claims. Plaintiffs reserve the right to amend their RICO and civil conspiracy claims if

discovery provides a basis to do so.

*Defendant's Statement*

On March 26, 2024, the Court issued a ruling granting in part and denying in part Roblox's motion to dismiss the Complaint. *See* ECF No. 65. The Court dismissed Plaintiffs' RICO, CLRA, and New York GBL claims, declined to dismiss Plaintiffs' UCL and negligence claims, and declined to dismiss the Complaint as barred by Section 230 of the Communications Decency Act ("Section 230"). The Court issued a supplemental order on March 28, 2024, which dismissed Plaintiffs' civil conspiracy claim and declined to dismiss Plaintiffs' unjust enrichment claim. *See* ECF No. 66.

Plaintiffs filed an amended complaint on April 9, 2024. ECF No. 74. Given the agreement between Plaintiffs and Roblox to allow Roblox to respond to the original complaint by May 9, 2024, ECF No. 71, Roblox's deadline to move to dismiss the amended complaint is May 9, 2024.

At the present time, and reserving all rights to assert any and all additional grounds, Roblox states that this case includes but is not limited to the following legal issues:

- Whether *Colvin* should be consolidated with *Gentry v. Roblox Corp.*, No. 3:24-cv-01593 (N.D. Cal.) ("*Gentry*");

- Whether Section 230 of the Communications Decency Act ("Section 230") bars all claims asserted against Roblox in this case;

- Whether Plaintiffs fail to state any claims upon which relief may be granted;

- Whether Plaintiffs lack statutory standing to assert UCL, CLRA, and/or GBL claims;

- Whether Plaintiffs fail to state any claim under the unlawful, unfair, and fraudulent prongs of the UCL;

- Whether Plaintiffs cannot assert CLRA claims because Robux are not a "good or

service" under the CLRA;

- Whether Plaintiffs to state any claims concerning allegedly misleading or deceptive conduct by Roblox because Plaintiffs do not allege reading any purported misrepresentation or that they would have seen an alleged omissions and because Plaintiffs do not plausibly allege any false or misleading statement or omission by Roblox;

- Whether Plaintiffs fail to identify any breach by Roblox of a legal duty necessary to state a negligence claim;

- Whether Plaintiffs' requests for monetary relief from alleged "gambling losses" are barred under California's public policy against allowing monetary recovery for such losses;

- Whether Plaintiffs' claims against Roblox fail for lack of causation;

- Whether Plaintiffs lack Article III standing to seek injunctive relief;

- Whether Plaintiffs fail to state a claim for unjust enrichment due to a failure to allege that Roblox unjustly retained a benefit at Plaintiffs' expense and because Plaintiffs' unjust enrichment claim is duplicative of their other claims;

- Whether Plaintiffs are not entitled to any monetary relief for any claims.

To the extent that the Court's orders on Roblox's motion to dismiss the original complaint addressed any of the foregoing issues, Roblox hereby reserves its rights to re-assert any defense on a fuller factual record and/or in any appeal.

**4.    Motions**

On April 9, 2024, the Court granted in part Roblox's Administrative Motion to Consider Whether Cases Should Be Related and Consolidated. The Court related the *Colvin* and *Gentry*

cases. ECF No. 72, The Court has deferred ruling on Roblox's request to consolidate *Colvin* and *Gentry* until after the April 18, 2024 Case Management Conference. ECF No. 73. Plaintiffs in this case and the *Gentry* plaintiffs must file any objections to consolidation by April 15, 2024. ECF No. 73.

Roblox will respond to the amended complaint in this case, or any consolidated complaint should this case be consolidated with *Gentry*, in accordance with the deadlines agreed to by the Parties or as set by Court order.

5. **Amendment of Pleadings**

*Plaintiffs' Statement*

Pursuant to the Court's guidance, Plaintiffs may seek to amend their complaint depending on the evidence learned in discovery. *See* ECF No. 65 at 9. Plaintiffs propose a deadline for amended pleadings to coincide with the deadline for filing Plaintiffs' motion for class certification. This deadline ensures that the class definition in the complaint and the class definition in the class certification motion are the same, and that all allegations apply to the putative class as defined in the motion.

*Defendant's Statement*

In partially dismissing the original complaint, the Court allowed Plaintiffs 14 days to amend the pleadings "to attempt to cure the defects in the claims that have been dismissed." ECF No. 65 at 9. The Court further instructed that "if the plaintiffs wish to simply proceed on the surviving claims, and if discovery on the surviving claims reveals a good-faith basis to reassert the dismissed claims, then they are free to seek leave to amend the complaint at that time." *Id*. Following that order, Plaintiffs amended the complaint to attempt to cure defects in the dismissed CLRA and NY GBL claims. ECF No. 71.

To the extent that the Court consolidates this case with *Gentry*, the deadline to file a consolidated amended complaint should be May 2, 2024.

Roblox disagrees with Plaintiffs' proposal to allow amendment of pleadings to coincide with the deadline for filing any motion for class certification . The pleadings should be settled well in advance of class certification to ensure that Roblox has fair notice of the claims Plaintiffs are pursuing in this case. This Court's Standing Order unambiguously states that "the last day to amend pleadings will typically be 60 days after the initial case management conference."

## 6.     Evidence Preservation

The Parties reviewed the District's ESI Guidelines and are taking steps to ensure all potentially relevant evidence is preserved.

## 7.     Disclosures

The Parties have exchanged initial disclosures pursuant to Rule 26(a)(1).

## 8.     Discovery

Plaintiffs served requests for production of documents on March 13, 2024. Pursuant to the Parties' agreement, Roblox's responses and objections to those requests are due April 26, 2024.

### a) Scope of Anticipated Discovery

*Plaintiffs' Statement*

Without prejudice to the ability to adjust the scope of discovery, Plaintiffs are seeking discovery on the following subject areas: Roblox user demographic information; Roblox's terms of use and the representations made both to users and the parents and/or guardians of users; Roblox's efforts and ability to track the purchase and use of Robux by its minor users, both on and off the Roblox platform; participation in, and oversight of, the Roblox Developer Exchange

Program; the exchange of Robux for fiat currency through the Developer Exchange Program; the functionality, use, and necessity of the Roblox security cookie, and feasible alternatives to the same; information sufficient to identify the use of a user's Roblox security cookie by those other than the account owner themselves; information regarding Roblox user account security; the relationship and interactions between Roblox and the VC Defendants; Roblox users' on-platform interactions regarding online Robux gambling occurring both on and off its platform; Roblox's interactions with third parties regarding the VC Defendants, or online Robux gambling occurring on and off its platform; Roblox's interactions with Roblox users, law enforcement, and parents regarding online Robux gambling; Roblox's ability and efforts to monitor and eliminate online Robux gambling, both on and off its platform; Roblox's ability to identify dummy transactions, bot accounts, as well as otherwise suspicious, prohibited, and illegal account activity, through use of its technology, both on and off its platform; the VC Defendants' advertising efforts; the VC Defendants' acquisition and exchange of Robux; the VC Defendants' age verification efforts and account monitoring; communication amongst VC Defendants and other participants involved in the operation of the online Robux gambling apparatus.

*Defendant's Statement*

Without exhaustively detailing any and all discovery that Roblox will need to defend against the claims asserted by the Plaintiffs in this case, Roblox anticipates seeking discovery on the following issues: (1) the factual basis for Plaintiffs' allegations against Roblox; (2) the account IDs of every Roblox account created or used by each Plaintiff; (3) any actions taken by the minor plaintiffs to conceal their status as minors when creating a Roblox account or when allegedly playing games in any of the VCs; (4) whether the parent plaintiffs gave consent to or otherwise had knowledge that the minor plaintiffs allegedly played games in the VCs; (5) a record of all

transactions relating to the minor plaintiffs' allegations that they played games in the VCs; (6) all conduct by the Plaintiffs with respect to the VCs; and (7) efforts by the VCs and their developers to avoid detection.

### b) Proposed Limitations on or Modifications of the Discovery Rules

The Parties do not propose limitations or modifications of the discovery rules at this time but will continue to meet and confer on these issues as appropriate.

### c) Brief Report on Stipulated E-Discovery Order

The Parties have exchanged drafts of a stipulated e-discovery order and will work cooperatively to submit a joint stipulation for the Court's approval on or before April 25, 2024.

### d) Date for Completion of Discovery

The Parties' respective positions regarding a schedule for discovery are set forth in the scheduling table in Section 17.

### e) Preservation of ESI

The Parties are not currently aware of any issues regarding disclosure, discovery, or preservation of ESI, including the form or forms in which it should be produced, and the Parties will cooperate to attempt to resolve any such issues that may arise.

### f) Privilege or Work Product Protection

The parties are not currently aware of any issues regarding claims of privilege. The parties are working to resolve disagreements regarding a proposed protective order.

### g) Changes or Limitations on Discovery

The Parties do not currently propose any changes in the limitations on discovery imposed under these rules or by local rule, but the Parties reserve the right to propose additional changes following resolution of Defendants' pleadings-based challenges (e.g., in response to any

amended complaint).

### h) Current Discovery Disputes

The Parties are not aware of any discovery disputes at this time.

## 9. Class Actions

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

*Plaintiffs' Statement*

Plaintiffs propose filing a motion for class certification on March 31, 2025. Plaintiffs anticipate certifying a class of all adult persons in the United States who, during the applicable limitations period, are or were the parent and/or legal guardian of a minor who acquired Robux through the Roblox platform and subsequently wagered and lost some or all of those Robux on any of the VC Defendants' casino gambling websites. In the alternative, Plaintiffs will seek to certify California and New York statewide classes defined as set forth above. Plaintiffs may seek certification under Federal Rules of Civil Procedure 23(b)(2), 23(b)(3), and/or 23(c)(4).

*Defendant's Statement*

Roblox disputes that this action can be maintained as a class action or that the Plaintiffs can seek to represent any class. Roblox will oppose Plaintiffs' motion for class certification because Plaintiffs cannot satisfy Rule 23's requirements.

## 10. Related Cases

On March 14, 2024, a group of plaintiffs filed *Gentry v. Roblox Corp.*, No. 3:24-cv-01593, ECF No. 1 (N.D. Cal. Mar. 14, 2024), and identified *Colvin* as a related case. Roblox subsequently moved to relate and consolidate *Colvin* and *Gentry*. ECF No. 67. No party responded to or opposed that motion. On April 9, 2024, the Court granted Roblox's administrative motion to relate *Gentry*

with the instant action. ECF No. 72.

11. **Relief**

*Plaintiffs' Statement*

Plaintiffs seek monetary, declaratory, and injunctive relief, and such other relief as the Court may deem necessary and proper.

*Defendant's Statement*

Roblox denies that Plaintiffs or any putative class member is entitled to any relief whatsoever in connection with the claims raised in the Complaint. Roblox reserves all rights, claims, and defenses available to it under the law, including to seek all appropriate relief.

12. **Settlement and ADR**

The Parties have filed an ADR Certification as required by ADR Local Rule 3-5(b).

13. **Consent to Magistrate Judge**

The Parties do not consent to having a magistrate judge conduct all further proceedings.

14. **Other References**

The Parties do not anticipate needing to consult a special master and do not believe that this case is suitable for reference to binding arbitration.

15. **Narrowing of Issues**

The Parties agree that they will work together to narrow the issues in this case by stipulating to undisputed facts, if appropriate, and by exploring ways to expedite the presentation of evidence at trial. Claims and issues for trial may also be narrowed by pretrial motion practice, including motions for summary judgment, *Daubert* motions, and motions *in limine*.

16. **Expedited Trial Procedure**

The Parties do not believe that this is the type of case that can be handled under the

Expedited Trial Procedure of General Order No. 64 Attachment A.

17. **Scheduling**

| Event | Defendant's Proposal | Plaintiffs' Proposal |
|---|---|---|
| **Deadline for *Colvin* and *Gentry* Plaintiffs to File Consolidated Complaint** | May 2, 2024[2] | Plaintiffs do not intend to file a consolidated complaint at this time |
| **Deadline for Roblox to Respond to *Colvin* Amended Complaint** | Not applicable if the Court requires the filing of a consolidated complaint | May 9, 2024 |
| **Deadline for Roblox to Respond to Consolidated Complaint** | June 6, 2024 | Not Applicable |
| **Deadline to Pursue ADR** | August 16, 2024 | July 18, 2024 |
| **Disclosure of Primary Class Certification Experts and Expert Reports** | October 31, 2024 | October 31, 2024 |
| **Disclosure of Class Certification Rebuttal Experts and Reports** | January 29, 2025 | December 2, 2024 |
| **Close of Class Certification Expert Discovery** | March 23, 2025 | March 23, 2025 |
| **Motion for Class Certification** | March 31, 2025[3] | March 31, 2025 |
| **Opposition to Class Certification** | May 30, 2025 | April 30, 2025 |
| **Reply Supporting Class** | June 30, 2025 | May 21, 2025 |

---

[2] Roblox's statement: Under Roblox's proposed schedule, the Court would require the *Colvin* and *Gentry* plaintiffs to file a consolidated complaint for efficiency and to avoid unnecessary duplication, as set forth in Roblox's Motion to Relate and Consolidate, ECF No. 67 at 5:10–25.  Absent consolidation, Roblox would be forced to respond separately to *Gentry*, which complaint is largely identical to the original complaint in *Colvin*, and contains claims this Court dismissed in *Colvin*. This is a waste of party and judicial resources.  Absent the filing of a consolidated complaint, Roblox would retain its right to move to dismiss the *Colvin* plaintiffs' amended complaint, which has superseded the original complaint.  Plaintiffs' statement: Rather than provide a schedule for this case, Roblox assumes there will be consolidation and another opportunity for it to move to dismiss. Plaintiffs, in turn, provide a schedule for this case and will separately address whether consolidation makes good sense, consistent with this Court's minute order. ECF No. 73.

[3] This date assumes a decision by August 30, 2024, on any motion to dismiss a consolidated amended complaint.

| Event | Defendant's Proposal | Plaintiffs' Proposal |
|---|---|---|
| **Certification** | | |
| **Hearing on Class Certification** | July 30, 2025, or at the Court's convenience | At the Court's discretion |
| **Close of Fact Discovery** | Per the Court's instructions at the February 23, 2024 Case Management Conference, Roblox has reserved the remaining deadlines to be determined at a later date. | June 27, 2025 |
| **Disclosure of Trial Experts** | | July 25, 2025 |
| **Disclosure of Rebuttal Trial Experts** | | August 25, 2025 |
| **Close of Trial Expert Discovery** | | September 26, 2025 |
| **Dispositive Motion Deadline** | | October 10, 2025 |
| **Oppositions to Dispositive Motions** | | November 10, 2025 |
| **Replies Supporting Dispositive Motions** | | December 1, 2025 |
| **Hearing on Dispositive Motions** | | At the Court's discretion |
| **Pretrial conference** | | January 5, 2026 |
| **Trial** | | January 12, 2026 |

18. **Trial**

Plaintiffs requested a jury trial on all issues so triable. Plaintiffs anticipate a class trial would take approximately ten days.

Roblox reserves its rights to seek a trial by jury on any and all claims asserted against it.

19. **Disclosure of Non-Party Interested Entities or Persons**

*Plaintiffs' Statement*

Plaintiffs know of no persons or entities that have a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be

substantially affected by the outcome of the proceeding.

*Defendant's Statement*

Roblox filed its Certification of Interested Entities or Persons. ECF No. 19. Roblox filed an Amended Certification on February 22, 2024. ECF No. 59.

20. **Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

Respectfully submitted,

*/s/ James Bilsborrow*
James Bilsborrow (*pro hac vice*)
Aaron Freedman (*pro hac vice*)
WEITZ & LUXENBERG PC
700 Broadway
New York, NY 10003
(212) 558-5500
jbilsborrow@weitzlux.com
afreedman@weitzlux.com

Christopher D. Jennings (*pro hac vice*)
Tyler B. Ewigleben (*pro hac vice*)
JENNINGS PLLC
PO Box 25972
Little Rock, AR 72221
(317) 695-1712
chris@jenningspllc.com
tyler@jenningspllc.com

Andre Mura (SBN 298541)
Hanne Jensen (SBN 336045)
Ezekiel Wald (SBN 341490)

Jacob Seidman (SBN 347953)
GIBBS LAW GROUP LLP
1111 Broadway
Oakland, CA 94607
(510) 350-9700
amm@classlawgroup.com
hj@classlawgroup.com
zsw@classlawgroup.com
jms@classlawgroup.com

*Attorneys for Plaintiffs*

*/s/ Tiana Demas*
COOLEY LLP
TIANA DEMAS*
(tdemas@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606-1511
+1 312 881 6500 phone
+1 312 881 6598 fax

KRISTINE A. FORDERER (278745)
(kforderer@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
K.C. JASKI (334456)
(kjaski@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

ROBBY L.R. SALDAÑA*
(rsaldana@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004-2400
Telephone:     +1 202 842 7800
Facsimile:     +1 202 842 7899

*Attorneys for Defendant Roblox Corporation*

(*Admitted *Pro Hac Vice*)

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatory.

/s  James Bilsborrow