UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RACHELLE COLVIN, individually and as next friend of minor Plaintiff, G.D., and DANIELLE SASS, individually and as next friend of minor plaintiff, L.C., DAVID L. GENTRY, individually and as next friend of minor Plaintiff, L.G., OSMANY RODRIGUEZ, individually and as next friend of minor Plaintiff O.R., JOSHUA R. MUNSON, individually and as next friend of minor plaintiffs D.C., J.M., T.T. & R.T., and LAVINA GANN, individually and as next friend of minor Plaintiff, S.J., on behalf of themselves and all others similarly situated, | Case No. 3:23-cv-04146-VC **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| Plaintiffs, | Judge: Hon. Vince Chhabria |
| v. | |
| ROBLOX CORPORATION, SATOZUKI LIMITED B.V., STUDS ENTERTAINMENT LTD., and RBLXWILD ENTERTAINMENT LLC, | |
| Defendants. | |

Plaintiffs Rachelle Colvin, G.D., Danielle Sass, L.C., David L. Gentry, L.G., Osmany Rodriguez, O.R., Joshua R. Munson, D.C., J.M., T.T., R.T., Lavina Gann, and S.J. ("Plaintiffs") and Defendant Roblox Corporation ("Roblox") stipulate to entry of this Stipulated Protective Order. The parties have based this [Proposed] Stipulated Protective Order on the Northern District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. A redline comparison identifying the deviations from the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets is attached as Exhibit A.

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential,

proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.      <u>DEFINITIONS</u>

      2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

      2.2      <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

      2.3      <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

      2.4      <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information produced by an opposing Party in this matter.

      2.5      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      2.6      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to

discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**CASE NO. 3:23-CV-04146-VC**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

2    to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

3    encumber or retard the case development process or to impose unnecessary expenses and burdens on

4    other parties) expose the Designating Party to sanctions.

5    If it comes to a Designating Party's attention that information or items that it designated for

6    protection do not qualify for protection or do not qualify for the level of protection initially asserted,

7    that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

8    designation.

9    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see,

10   e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

11   Discovery Material that qualifies for protection under this Order must be clearly so designated before

12   the material is disclosed or produced.

13   Designation in conformity with this Order requires:

14   (a) For information in documentary form (e.g., paper or electronic documents, but

15   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

16   affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17   ONLY" to each page that contains protected material. If only a portion or portions of the material on

18   a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

19   (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of

20   protection being asserted.

21   A Party or Non-Party that makes original documents or materials available for inspection need

22   not designate them for protection until after the inspecting Party has indicated which material it would

23   like copied and produced. During the inspection and before the designation, all of the material made

24   available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25   ONLY." After the inspecting Party has identified the documents it wants copied and produced, the

26   Producing Party must determine which documents, or portions thereof, qualify for protection under

27   this Order. Then, before producing the specified documents, the Producing Party must affix the

28

**[Proposed] Stipulated Protective Order**
**Case No. 3:23-cv-04146-VC**

1   appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2   ONLY") to each page that contains Protected Material. If only a portion or portions of the material

3   on a page qualifies for protection, the Producing Party also must clearly identify the protected

4   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion,

5   the level of protection being asserted.

6       (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

7   Designating Party identify on the record, before the close of the deposition, hearing, or other

8   proceeding, all protected testimony and specify the level of protection being asserted.  When it is

9   impractical to identify separately each portion of testimony that is entitled to protection and it appears

10  that substantial portions of the testimony may qualify for protection, the Designating Party may

11  invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have

12  up to 21 days to identify the specific portions of the testimony as to which protection is sought and to

13  specify the level of protection being asserted. Only those portions of the testimony that are

14  appropriately designated for protection within the 21 days shall be covered by the provisions of this

15  Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up

16  to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18      Parties shall give the other Parties notice if they reasonably expect a deposition, hearing

19  or other proceeding to include Protected Material so that the other Parties can ensure that only

20  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

21  A) are present at a deposition, hearing, or other proceeding. The use of a document as an exhibit at a

22  deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24      Transcripts containing Protected Material shall have an obvious legend on the title page

25  that the transcript contains Protected Material, and the title page shall be followed by a list of all pages

26  (including line numbers as appropriate) that have been designated as Protected Material and the level

27  of protection being asserted by the Designating Party.  The Designating Party shall inform the Court

28

[PROPOSED] STIPULATED PROTECTIVE
ORDER
CASE NO. 3:23-cv-04146-VC

1   reporter of these requirements. Any transcript that is prepared before the expiration of a 21- day period

2   for designation shall be treated during that period as if it had been designated "HIGHLY

3   CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the

4   expiration of that period, the transcript shall be treated only as actually designated

5         (c) for information produced in some form other than documentary and for any other

6   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

7   containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

8   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information

9   or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

10  portion(s) and specify the level of protection being asserted.

11        5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

12  designate qualified information or items does not, standing alone, waive the Designating Party's right

13  to secure protection under this Order for such material. Upon timely correction of a designation, the

14  Receiving Party must make reasonable efforts to assure that the material is treated in accordance with

15  the provisions of this Order.

16  6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

17        6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of

18  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

19  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

20  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

21  confidentiality designation by electing not to mount a challenge promptly after the original

22  designation is disclosed.

23        6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process

24  by providing written notice of each designation it is challenging and describing the basis for each

25  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite

26  that the challenge to confidentiality is being made in accordance with this specific paragraph of the

27  Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the

28

**[PROPOSED] STIPULATED PROTECTIVE
ORDER
CASE NO. 3:23-CV-04146-VC**

process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level

of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party and subject to the prohibitions set forth in Section 7.5, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, Professional Vendors, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and mock jurors, to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party and subject to the prohibitions set forth in Section 7.5, a Receiving Party may disclose any information or item designated as "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record and Professional Vendors to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the Court and its personnel;

(e) stenographic reporters, videographers and their respective staff, and mock jurors to

whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(g) any witness who is currently employed by Roblox and gives testimony during trial in this matter or a deposition noticed in this matter where Roblox is the party that designated the information or item as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".

7.4    Procedures for Designated House Counsel and Experts.

(a) (1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Designating Party pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must confirm with the Expert that (1) the Expert is not currently employed by a Party; (2) the Expert is not employed by a Party or a competitor; and (3) the Expert, and all persons working with or for the expert that will receive the Protected Material, have executed the "Acknowledgment and Agreement to be Bound" (Exhibit A).

(b) The Expert and all persons working with or for the Expert must complete the sections of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) attesting that (1) the Expert is not currently employed by or a consultant for a Party; and (2) to the best of the Expert's knowledge, the Expert is not employed by or consulting with a Party's competitor and at the time of retention

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-cv-04146-VC

is not anticipated to become an employee or consultant of a Party or a competitor. The Receiving Party shall keep and store all such Acknowledgments and shall provide them to the Designating Party at the conclusion of the litigation if the Court so orders upon showing of good cause by the Designating Party.

(c) If any Party or the Expert discovers that the Expert's executed "Acknowledgement and Agreement to Be Bound" (Exhibit A) was false at the time that the Expert executed the Acknowledgement, or has been rendered false due to events after the execution of the Acknowledgment, the discovering Party or the Party for whom the Expert works shall promptly provide written notice to all Parties of the falsity.  The Party for whom the Expert works shall immediately instruct the Expert to (1) cease all work on the case and withdraw from their engagement with the employing Party, (2) destroy all material and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is in the Expert's possession, custody, or control, and (3) instruct all persons working with or for the Expert to destroy all material and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is in said person's possession, custody, or control.  The Expert shall provide written confirmation to all Parties confirming compliance with provisions (c)(1)–(c)(3).  Nothing in the Paragraph shall preclude any Party from seeking other relief from the Court in connection with an Expert's false statement in an executed Acknowledgment.

(d) Nothing in this Protective Order is intended to alter or affect the timing of any expert disclosures in the case schedule.

7.5 <u>Prohibition on Disclosure of Protected Material to Minor Plaintiffs</u>.

(a)      General. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, no plaintiff in this litigation who is a minor (and no putative class member who is a minor) may receive or have access to any information or item designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

shall not share with any minor plaintiff in this litigation any information or item designated by another Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)      Exceptions. The prohibitions in paragraph (a) do not apply to the following:

(1) information provided by Plaintiffs in this litigation or items produced by Plaintiffs in this litigation, or

(2) information or items designated by Roblox as "CONFIDENTIAL" that specifically reference the particular minor plaintiff.  Such information or item may be disclosed only to the particular minor plaintiff that the information or item specifically references.

(c)      Depositions of Minor Plaintiffs. In the event that Roblox notices the deposition of a minor plaintiff who is named in this litigation (or a minor who is part of any putative class in this litigation), the following procedure will apply with respect to any documents designated as "CONFIDENTIAL" by Roblox that do not specifically concern the minor plaintiff named in the notice of deposition or their parent:

(1)      At least 21 days prior to the date of the noticed deposition of a minor plaintiff or at a different time if the parties agree in writing, Roblox will provide to Plaintiffs in writing a list of the information or items designated as "CONFIDENTIAL" on which Roblox may rely during the noticed deposition, if any.  Counsel for the minor plaintiff for whom the deposition is noticed may disclose to the minor plaintiff the information or items in the list provided by Roblox solely for the purpose of preparing the minor plaintiff for the noticed deposition.  The minor plaintiff shall not retain any copy of the information or items disclosed pursuant to this provision.

(2)      At least 21 days prior to the date of the noticed deposition of a minor plaintiff or at a different time if the parties agree in writing, counsel for the minor plaintiff will provide to Roblox in writing a list of the information or items designated as "CONFIDENTIAL" on which counsel for the minor plaintiff may rely to prepare the minor plaintiff for the noticed deposition.  Within 7 days of receipt of such list, Roblox shall provide a written set of objections, if any, to counsel for the minor plaintiff regarding the information and items identified.  Only information or documents

to which Roblox has no objection may be disclosed to the minor plaintiff.  Within 5 days of the service of any written objections by Roblox, the parties shall meet and confer in good faith to resolve any disagreement about any information or documents to which Roblox has objected.  If the Parties' disputes are not resolved within 3 days of the scheduled deposition, the deposition must be re-noticed for a later date unless the Parties otherwise agree to proceed.  No information or documents to which Roblox has objected pursuant to this procedure may be used by counsel for the minor plaintiff to prepare the minor plaintiff for the noticed deposition while there is a dispute.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to highly confidential technical information to be produced, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").[1] For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

---

[1] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."

[2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[PROPOSED] STIPULATED PROTECTIVE
ORDER
CASE NO. 3:23-CV-04146-VC

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[4]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     MISCELLANEOUS

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information

or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

12.4 No Agreement Concerning Discoverability. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

12.5 No Limitation on Legal Representation. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

12.6 Agreement Upon Execution. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

13. <u>FINAL DISPOSITION</u>

**[Proposed] Stipulated Protective Order**
**Case No. 3:23-cv-04146-VC**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

2

3   DATED: 4/30/24 _____         /s/ *Andre M. Mura* _____

4                                                    ANDRE M. MURA (SBN 298541)
5                                                    JAKE M. SEIDMAN (SBN 347953)
                                                     HANNE JENSEN (SBN 336045)
6                                                    EZEKIEL S. WALD (SBN 341490)
                                                     **GIBBS LAW GROUP LLP**
7                                                    1111 Broadway, Suite 2100
                                                     Oakland, CA 94607
8                                                    Telephone: (510) 350-9717
                                                     Fax: (510) 350-9701
9                                                    amm@classlawgroup.com
10                                                   jms@classlawgroup.com
                                                     hj@classlawgroup.com
11                                                   zsw@classlawgroup.com

12                                                   James Bilsborrow (*pro hac vice*)
                                                     Aaron Freedman (*pro hac vice*)
13                                                   Devin Bolton (SBN 290037)
14                                                   **WEITZ & LUXENBERG, PC**
                                                     700 Broadway
15                                                   New York, New York 10003
                                                     Telephone: (212) 558-5500
16                                                   jbilsborrow@weitzlux.com
17                                                   afreedman@weitzlux.com
                                                     dbolton@weitzlux.com

18
                                                     **JENNINGS PLLC**
19                                                   CHRISTOPHER D. JENNINGS (*pro hac vice*)
20                                                   TYLER B. EWIGLEBEN (*pro hac vice*)
                                                     WINSTON S. HUDSON
21                                                   P.O. Box 25972
                                                     Little Rock, Arkansas 722211
22                                                   Telephone: (501) 247-6267
                                                     chris@jenningspll.com
23                                                   tyler@jenningspllc.com
                                                     winston@jenningspllc.com
24
                                                     Attorneys for *Colvin* Plaintiffs
25

26   DATED:   5/1/24 _____         /s/    *Charles E. Schaffer* _____

27                                                   **LEVIN SEDRAN & BERMAN**
28                                                   Daniel C. Levin, Esq.*

1
2
3
4
5

Charles E. Schaffer, Esq. (*pro hac vice*)
Nicholas J. Elia, Esq.*
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
cschaffer@lfsblaw.com
dlevin@lfsblaw.com
nelia@lfsblaw.com

6
7
8
9
10

**AUDET & PARTNERS LLP**
Michael McShane, Esq. (SBN 127944)
Ling Y. Kuang, Esq. (SBN 296873)
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 568-2555
mmcshane@audetlaw.com
lkuang@audetlaw.com

11
12
13
14
15

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown, Esq.*
Brett R. Cohen, Esq. (SBN 337543)
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
jbrown@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

16
17
18
19
20
21

**SULTZER & LIPARI, PLLC**
Jason P. Sultzer, Esq.*
Jeremy Francis, Esq.*
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12061
Telephone: (845) 483-7100
Facsimile: (888) 749-7747
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

22

*\*Pro hac vice forthcoming*

23

Attorneys for *Gentry* Plaintiffs

24
25

DATED: 4/23/2024

*/s/Tiana Demas*

26
27
28

COOLEY LLP
TIANA DEMAS (*pro hac vice*)
(tdemas@cooley.com)
110 N. Wacker Drive, Suite 4200

20

1

2

Chicago, IL 60606-1511
+1 312 881 6500 phone
+1 312 881 6598 fax

3

4

5

6

7

KRISTINE A. FORDERER (278745)
(kforderer@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
K.C. JASKI (334456)
(kjaski@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

8

9

10

11

ROBBY L.R. SALDAÑA (*pro hac vice*)
(rsaldana@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

12

Attorneys for Defendant Roblox Corp.

13

14

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

15

16

DATED: _____  _____

17

Hon. Vince Chhabria
United States District Judge

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A - ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Colvin v. Roblox Corp.*, Case No. 3:23-cv-4146-VC (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

To be completed by Experts and all persons working with or for an Expert:

____ I am not currently employed by or a consultant for a Party to this Action.

____ To the best of my knowledge, I am not currently employed by or a consultant for a Party's competitor and do not anticipate becoming an employee or a consultant of a Party or a Party's competitor.

____ During the pendency of the case, I will not seek employment with or seek to become a consultant for a Party's competitor.

Date: _____ City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE
ORDER
CASE NO. 3:23-CV-04146-VC

1

**ATTESTATION**

2       Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document

3 has been obtained from each of the other signatories.

4

5                                      /s/ *Andre M. Mura*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-04146-VC