1            UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3      Before The Honorable Vince Chhabria, District Judge

4

5  COLVIN, et al.,                    )
                                      )
6            Plaintiffs,              )
                                      )
7  vs.                                )   No. C 23-04146-VC
                                      )
8  ROBLOX CORPORATION, et al.,        )
                                      )
9            Defendants.              )
   _____)
10 G. et al.,                         )
                                      )
11           Plaintiffs,              )
                                      )
12 vs.                                )   No. C 24-01593-VC
                                      )
13 ROBLOX CORPORATION, et al.,        )
                                      )
14           Defendants.              )
   _____)
15
                                   San Francisco, California
16                                 Thursday, April 18, 2024

17
   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
18          RECORDING 2:04 - 2:19 = 15 MINUTES

19 APPEARANCES:

20 For Plaintiffs:
                                Weitz and Luxenberg, PC
21                              700 Broadway
                                New York, New York 10003
22                       BY:    JAMES J. BILSBORROW, ESQ.

23

24        (APPEARANCES CONTINUED ON THE NEXT PAGE.)

25

ii

1  For Plaintiffs
                                    Gibbs Law Group, LLP
2                                   1111 Broadway, Suite 2100
                                    Oakland, California 94607
3                           BY:  ANDRE M. MURA, ESQ.

4  For the Gentry Plaintiffs:
                                    Levin Sedran & Berman
5                                   510 Walnut Street
                                    Suite 500
6                                   Philadelphia, Pennsylvania
                                      19106
7                                   CHARLES E. SCHAFFER, ESQ.

8                                   Leeds Brown, PC
                                    One Old Country Road
9                                   Suite 347
                                    Carle Place, New York 11514
10                          BY:  BRETT R. COHEN, ESQ.

11                                  Audet & Partners, LLP
                                    711 Van Ness Avenue, Suite 500
12                                  San Francisco, California
                                      94102
13                          BY:  LING Y. KUANG, ESQ.

14 For Defendants:
                                    Cooley LLP
15                                  110 North Wacker Drive
                                    Suite 4200
16                                  Chicago, Illinois 60606
                            BY:  TIANA A. DEMAS, ESQ.
17
                                    Cooley LLP
18                                  1299 Pennsylvania Avenue NW
                                    Suite 700
19                                  Washington, DC 20004
                            BY:  ROBBY SALDANA, ESQ.
20

21 Transcribed by:                  Echo Reporting, Inc.
                                    Contracted Court Reporter/
22                                  Transcriber
                                    echoreporting@yahoo.com
23

24

25

*Echo Reporting, Inc.*

1

1  <u>Thursday, April 18, 2024</u>                              <u>2:04 p.m.</u>

2                      P-R-O-C-E-E-D-I-N-G-S

3                          --oOo--

4           THE CLERK:  The first matter we're calling is

5  23CV4146, Colvin versus Roblox Corporation, and the related

6  case 24CV1593, G. et al., versus Roblox Corporation.

7       So, appearances, please first, for the Colvin folks in

8  4146, and then appearances in the G. matter, which is 1593.

9  Thank you.

10          MR. BILSBORROW (via Zoom):  James Bilsborrow for

11 the Plaintiffs.

12          THE COURT:  Hi.

13          MR. MURA (via Zoom):  Andre Mura for the

14 Plaintiffs.

15          THE COURT:  Hello.

16          MR. MURA:  Hello.

17          MS. DEMAS (via Zoom):  Good afternoon, your Honor.

18 For Defendant, Roblox Corporation, Tiana Demas.

19          THE COURT:  Hi.

20          MR. SCHAFFER (via Zoom):  May it please the Court,

21 your Honor, Charles Schaffer for the Gentry Plaintiffs in

22 the companion case.

23          THE COURT:  Hi.

24          MS. DEMAS:  Sorry, your Honor.  There's one more

25 appearance for Roblox on Colvin, before we switch to Gentry,

2

1  although I think it's all kind of the same at some point.

2      Mr. Saldana.

3          MR. SALDANA (via Zoom):  Thank you, Tiana.  Good

4  afternoon, your Honor.  My name is Robby Saldana appearing

5  on behalf of Defendant, Roblox Corporation.

6          THE COURT:  Hi.

7          MR. COHEN (via Zoom):  Good afternoon, your Honor.

8  This is Brett Cohen from Leeds Brown on behalf of the Gentry

9  Plaintiffs, as well.

10          THE COURT:  Hi.

11          MR. KUANG (via Zoom):  Good afternoon, your Honor.

12  Ling Kuang on behalf of the Gentry Plaintiffs.

13          THE COURT:  Hi.  Okay, so, is that it?  Did we get

14  everybody?  I think so.

15      Okay.  So, I guess the first order of business is that

16  everybody agrees that the two cases should be consolidated?

17          MR. BILSBORROW:  Yes, your Honor.

18          THE COURT:  Who -- who's going to be the lead

19  counsel?

20          MR. BILSBORROW:  Your Honor, this is James

21  Bilsborrow for the Colvin Plaintiffs.  We have discussed

22  with -- working collaboratively with the Gentry Plaintiffs,

23  and I think while we haven't discussed who's going to be

24  lead counsel, I think we can work collaboratively together.

25          THE COURT:  Okay.  How many law firms does that

3

1  give us representing the -- the named plaintiffs in the

2  proposed class, in total between the two cases?

3          MR. BILSBORROW:  Well, there are three in the

4  Colvin case.  I'll let the Gentry folks speak to their -- to

5  their matter.

6          MR. SCHAFFER:  Yes, your Honor.  This is Charles

7  Schaffer.  There -- there are two in the Gentry case, other

8  than our local counsel, which is Kuang -- Mr. Kuang.  We --

9  they were our local counsel -- but there is two primary

10 firms, my firm and Leeds Brown.

11         THE COURT:  Okay.  So six firms in total on this

12 -- on this case representing the Plaintiffs?

13         MR. BILSBORROW:  Yes, your Honor.

14         THE COURT:  Okay.  I mean, on some level that

15 doesn't matter to me, you know, as long as it -- it's clear

16 who's -- you know, whoever is speaking for the Plaintiffs

17 has authority to speak for all of the Plaintiffs and that

18 I'm not bouncing back and forth talking to a gazillion

19 different lawyers in a particular hearing, or a particular

20 CMC or anything.  It doesn't really matter, I guess.  But

21 what -- but where it might matter is, if and when it came

22 down to, you know, a motion for attorneys' fees, because

23 having six law firms work on this case does not seem very

24 efficient.  And, you know, I would think that that could

25 affect the assessment of whether, you know, a fee request is

4

1   reasonable.  I mean, obviously, I know we're getting way

2   ahead of ourselves talking about fees, but I guess I'll just

3   say for now, that that gives me some concern to see six law

4   firms on the case.

5           MR. SCHAFFER:  Your Honor, this is Mr. Schaffer.

6   If I could address that?  I've been appointed in MDLs 20

7   times in leadership positions, and non-MDLs over 40 times

8   and leaders rise to the top.  And, you know, I think here we

9   were filed after the first filed case.  We're going to work

10  with Mr. Bilsborrow and his group.  I've worked with them

11  before.  We're going to be collegial.  We're going to work

12  things out and there will be a primary spokesperson at every

13  hearing.

14      I don't think we'll ever have an issue, because we were

15  able to resolve the consolidation in short order, after we

16  filed a respective positions.  We worked together and I

17  don't think the Court's going to have a problem, because I

18  -- you know, we don't want to make unnecessary work for

19  ourselves and I think we're going to try to be efficient as

20  possible, because that's always best for the class.

21      If there came an issue and a time that the Court feels

22  there needs to be a formal leadership, I think we could work

23  it out.

24          THE COURT:  Okay.  All right.  And then, in terms

25  of how to proceed, it sounds like the Plaintiffs -- so the

5

1  motion -- the request to consolidate is granted and the

2  cases will be consolidated and the lead case -- you know,

3  the -- the second case will be absorbed into the first case,

4  and that will be -- that will be the only case remaining on

5  the docket.

6       And then, it sounds like the Plaintiffs' attorneys

7  collectively have decided that they do wish to file an

8  amended complaint to try to cure the defects in a couple of

9  the claims, which of course is going to cause -- it's going

10 to generate a whole new motion to dismiss, including on a

11 lot of the stuff that, you know, has already been

12 adjudicated, right?

13          MR. BILSBORROW:  If I may speak to that, your

14 Honor?  This is James Bilsborrow --

15          THE COURT:  Will your -- (indiscernible) your

16 desire to file an amended complaint at this time?

17          MR. BILSBORROW:  Well we -- the Colvin Plaintiffs

18 did file an amended complaint on, I think, April 9th.  And

19 we -- we did not re-plead the RICO claim.  We -- and we --

20 we provided, I would say, light amendments to the CLRA and

21 GBL claim, and in discussing a consolidated pleading with

22 Mr. Schaffer and his group, I think what the consolidated

23 complaint would look like is, it would largely mirror the

24 amended complaint that the Colvin Plaintiffs filed last

25 week, with the addition of Mr. Schaffer's unique state law

6

1  claims.

2      We think that --

3          THE COURT:  What are the -- what are the unique

4  state law claims?

5          MR. SCHAFFER:  Your Honor, they're consumer

6  protection claims.

7      So, it was our intention to, after the Court ruled, if

8  we didn't have a consolidated amended complaint, we were

9  going to amend our complaint to conform to the Court's

10 rulings and reserve our right, as if the Court had decided

11 the RICO claim.  So that was our intention.  We plan to do

12 that in a consolidated amended complaint.

13     We have four separate consumer protection claims under

14 the states of South Carolina, Florida, Georgia and

15 Tennessee, all of which do not require reliance.  All of

16 which allow omissions claims and all of which provide for,

17 you know, unfair trade practices claims.  So that will be

18 the only four differences in claim than the Colvin

19 complaint.

20         THE COURT:  You named plaintiffs from those

21 states, I take it?

22         MR. SCHAFFER:  Yes, your Honor.  We do.

23         THE COURT:  Okay.  So -- all right.  So then, you

24 want the deadline to file a consolidated amended complaint

25 to be May 2nd, I think?  Here, let me look at your

7

1  supplemental submission.

2          MR. BILSBORROW:  We can do it earlier than that,

3  your Honor.

4          THE COURT:  All right.  Let's say seven days to

5  file a consolidated amended complaint.

6          MR. SCHAFFER:  Is that April 23rd?  I think that's

7  what we proposed.

8          THE COURT:  Yeah, that sounds right.

9          MR. SCHAFFER:  Yes.  Yes, your Honor.

10          THE COURT:  Okay.  So what's the difference

11  between these two schedules?  It doesn't really seem like

12  all that much?

13          MS. DEMAS:  Your Honor, the Defendants'

14  prospective, and now that we have a date for the

15  consolidated amended complaint, we had tethered our

16  deadlines to -- you know, let's start with the first one

17  where there's a dispute, which is the deadline for Roblox to

18  respond to the consolidated amended complaint.

19      We've asked for June 6th.  There are six Plaintiffs'

20  firms.  We need to, you know, review the complaint,

21  determine if we're going to move to dismiss the claims that

22  Mr. Bilsborrow described as "lightly amended."  There are

23  new claims from different states.  We're doing this all in

24  the middle of fact discovery, because as your Honor made

25  clear at the previous conference, discovery is not going to

8

1  be stayed, at least as to the claims that have been allowed

2  to proceed.

3      So we are simply asking for sufficient time to be able

4  to review the consolidated amended complaint, determine if

5  we're going to move to dismiss the reasserted claims, brief

6  those claims and also account for the fact that if we were

7  to do, say, you know, exactly 30 days from April 23rd, then

8  that would put us during Memorial Day week when we lose

9  client availability, availability among others.  And so,

10 we've asked for June -- sorry, not June 6th -- sorry.  We

11 have asked for June 6th.  I was reading my notes.

12         THE COURT:  I think that May 14th is reasonable.

13 I mean, you're familiar with the issues.  The differences

14 are not going to be that great in what was filed before.  So

15 the deadline to respond to the consolidated complaint is May

16 14th.

17     And then, let's see here.  Expert disclosure -- class

18 action expert disclosure -- class certification expert

19 disclosure, October 31st.  Class certification rebuttal

20 expert disclosure, December 2nd.  There's no need to have

21 three months between those two disclosure deadlines.

22         MS. DEMAS:  Your Honor, may I be heard on that?

23         THE COURT:  Sure.

24         MS. DEMAS:  What I want to point out is that, the

25 October 31st deadline is largely Plaintiffs' deadline.  They

9

1  are going to be moving for class cert.  It's their burden to

2  establish that any sort of class can properly be certified.

3  I don't know that Roblox will have affirmative class cert

4  experts, if we do, we would disclose those on October 31st.

5  But our heaviest lift is rebuttal experts, and Plaintiffs

6  have proposed that we disclose our rebuttal experts and

7  reports by December 2nd.  I'd submit that is not reasonable

8  for a number of reasons.

9       One, we need sufficient time between the disclosure of

10 their primary expert reports on October 31st and our

11 disclosure of rebuttal reports, because, one, we don't know

12 how many experts they're going to come forward with.

13      Two, we need time to analyze their expert reports,

14 potentially depose their experts.  And we may need to retain

15 additional experts in response to what we see from their

16 opening experts.  If we retain additional experts, we're

17 going to need to work with them to develop their opinions

18 from scratch, potentially.  Or for experts that we've

19 already retained, work with them to respond to the opinions

20 in the Plaintiffs' expert reports.

21      We cannot get that done by December 2nd, particularly

22 because of the Thanksgiving holidays.  It can be

23 extraordinarily difficult to schedule depositions during

24 that time, to retain an expert in mid-November with the

25 holidays coming up, let alone have enough time to work with

10

1  them to develop their opinions.  We also run into client
2  availability issues due to Thanksgiving as well.  And we've
3  sought not to put the deadline in December, because of the
4  winter holidays.
5      So that is why we proposed a deadline of January 29th.
6  There's some flexibility in January, but I think that it
7  will be extraordinarily hard to do rebuttal deadlines --
8          THE COURT:  All right.  Rebuttal expert
9  disclosures due January 6th of '25.
10          MS. DEMAS:  Thank you.
11          THE COURT:  Close of class certification expert
12  discovery, March 23rd.  And then motion for class
13  certification due March 31st.  Opposition due April -- April
14  30th.
15          MS. DEMAS:  May I be heard on that, your Honor?
16          THE COURT:  No.  I'm not giving you more than a
17  month to oppose the class -- motion for class certification.
18          MS. DEMAS:  Okay.
19          THE COURT:  And then reply, May 21st.  And then
20  the hearing on class certification can be, like June 5th.
21  And we'll just set a further case management conference for
22  June 27th to see what's left of the case and how to proceed
23  after that.
24      I take it, by the way, that the Defendant was not
25  interested in -- you took a look at the provision in my

11

1    standing order and decided you were not interested in doing

2    cross motions for summary judgment on -- as to liability

3    first?

4              MS. DEMAS:  That's correct, your Honor.

5              THE COURT:  Okay.  All right.  So that will be the

6    schedule.  And then, is there anything else for us to

7    discuss?  Did you -- I can't remember, did you need anything

8    on -- did you need, like an ADR deadline or anything like

9    that?

10             MS. DEMAS:  Your Honor, there are differing

11   deadlines for the deadline to propose -- sorry -- differing

12   proposals for the deadline to pursue ADR.  The Plaintiffs

13   have proposed July 18th.  We have proposed August 16th.  We

14   think -- I'm sorry, this is all in --

15             THE COURT:  August 16th sounds more -- sounds

16   perfectly reasonable.  So --

17             MS. DEMAS:  Sorry, your Honor, I couldn't -- I

18   couldn't hear you.

19             THE COURT:  Oh, sorry.  I think August 16th sounds

20   perfectly reasonable.  So the deadline -- what are -- what

21   are you doing, private mediation, I take it?

22             MS. DEMAS:  I mean, if we do, we haven't discussed

23   it in detail yet, but I would assume that if we were to do a

24   mediation, it would probably be private mediation.

25             THE COURT:  All right.  Deadline to complete

12

1  private mediation is August 16th.

2          MR. BILSBORROW:  That works for the Plaintiffs,

3  your Honor.

4          THE COURT:  Okay.  Anything else we can do for you

5  right now?

6          MR. SCHAFFER:  No, your Honor.  Thank you very

7  much.

8          THE COURT:  Okay.  Great.  Thank you.

9          THE CLERK:  Judge, will you require them to file

10 an updated CMC statement one week in advance?

11         THE COURT:  Yes.

12         THE CLERK:  Okay.  Thank you.

13         THE COURT:  After the class cert hearing.

14         THE CLERK:  Okay.  Thank you.

15         MS. DEMAS:  Thank you, your Honor.

16         THE COURT:  Thank you.

17     (Proceedings adjourned at 2:19 p.m.)

18

19

20

21

22

23

24

25

13

1                    CERTIFICATE OF TRANSCRIBER

2

3        I certify that the foregoing is a true and correct

4   transcript, to the best of my ability, of the above pages of

5   the official electronic sound recording provided to me by

6   the U.S. District Court, Northern District of California, of

7   the proceedings taken on the date and time previously stated

8   in the above matter.

9        I further certify that I am neither counsel for,

10  related to, nor employed by any of the parties to the action

11  in which this hearing was taken; and, further, that I am not

12  financially nor otherwise interested in the outcome of the

13  action.

14

15

16

17            Echo Reporting, Inc., Transcriber

18               Saturday, May 11, 2024

19

20

21

22

23

24

25