COOLEY LLP
TIANA DEMAS*
(tdemas@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606-1511
Telephone:    +1 312 881 6500
Facsimile:    +1 312 881 6598

KRISTINE A. FORDERER (278745)
(kforderer@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA*
(rsaldana@cooley.com)
1299 Pennsylvania Avenue, NW, Ste. 700
Washington, D.C. 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

JESSICA L. TAYLOR (339572)
(jtaylor@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

*Attorneys for Defendant Roblox Corporation*
(*Admitted *Pro Hac Vice*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RACHELLE COLVIN, individually and as next friend of minor Plaintiff, G.D., and DANIELLE SASS, individually and as next friend of minor plaintiff, L.C., DAVID L. GENTRY, individually and as next friend of minor plaintiff, L.G., OSMANY RODRIGUEZ, individually, and as next friend of minor plaintiff, O.R., JOSHUA R. MUNSON, individually and as next friend of minor plaintiffs D.C., J.M., T.T., and R.T, and LAVINA GANN, individually and as next friend of  minor plaintiff, S.J., and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBLOX CORPORATION, SATOZUKI LIMITED B.V., STUDS ENTERTAINMENT LTD., and RBLXWILD ENTERTAINMENT LLC,<br><br>Defendants. | Case No. 3:23-cv-04146-VC<br><br>**DEFENDANT ROBLOX CORPORATION'S MOTION TO DISMISS THE CONSOLIDATED COMPLAINT**<br><br>Judge: Hon. Vince Chhabria<br>Hearing Date: June 20, 2024 at 10:00 am |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION .................................................................................................. 1

II.     RELEVANT BACKGROUND ............................................................................. 2

III.    LEGAL STANDARD ........................................................................................... 4

IV.     ARGUMENT ........................................................................................................ 5

    A.      The Omission Claims Do Not Satisfy Rule 9(b). (Counts 1, 3–10) ........................ 5

    B.      Plaintiffs' Omission-Based Consumer Protection Claims Fail to Plead Reliance And Causation. (Counts 1, 3–8.) ........................................................... 6

    C.      There Are No Actionable Omissions. (Counts 1, 3-8, 10) ..................................... 8

        1.      No Actionable Failure to Disclose "Illegal Gambling" in the VCs. ............ 9

        2.      No Actionable Failure to Disclose "Agreement" Amongst Defendants ........................................................................................... 12

    D.      The California Claims for Monetary Relief Are Barred. (Counts 1-3, 9-11) ....... 12

    E.      Plaintiffs' UCL Claims Fail For Lack of Entitlement to Relief. (Counts 1, 2) ...................................................................................................... 13

    F.      Plaintiffs Cannot State a CLRA Claim As A Matter of Law. (Count 3) .............. 15

    G.      Plaintiffs Lack Article III Standing for Injunctive Relief. ................................... 16

    H.      Plaintiffs' Negligence Claims Fail. (Counts 9, 11) ............................................. 16

V.      CONCLUSION ................................................................................................... 20

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Prop. & Cas. Ins. Co. v. Sevier Cty. Elec. Sys.*,
666 S.W.3d 429 (Tenn. Ct. App. 2022) ................................................................. 17

*Alves v. Players Edge, Inc.*,
No. 05-CV1654-WQH(CAB), 2007 WL 6004919 (S.D. Cal. Aug. 8, 2007) ........................ 13

*In re Apple Processor Litig.*,
No. 18-CV-00147-EJD, 2022 WL 2064975 (N.D. Cal. June 8, 2022) ..................................... 7

*Applewhite v. Accuhealth, Inc.*,
21 N.Y.3d 420 (2013) ......................................................................................... 17

*In re Arby's Rest. Grp. Inc. Litig.*,
No. 1:17-CV-0514-AT, 2018 WL 2128441 (N.D. Ga. Mar. 5, 2018) ........................................... 7

*Azoulai v. BMW of N. Am. LLC*,
No. 16-CV-00589-BLF, 2017 WL 1354781 (N.D. Cal. Apr. 13, 2017) ....................................... 9

*Babb v. Lee Cty. Landfill SC, LLC*,
405 S.C. 129 (2013) (South Carolina) ....................................................................... 17

*Bardy v. Walt Disney World Co.*,
643 So.2d 46 (Fla. Ct. App. 1994) ........................................................................... 17

*Barrett v. Apple Inc.*,
523 F.Supp.3d 1132 (N.D. Cal. 2021) ......................................................................... 7

*Bell Atl. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................ 10

*Bernardo v. Planned Parenthood Fed'n of Am.*,
115 Cal.App.4th 322 (2004) ................................................................................... 14

*Broward Motorsports of Palm Beach, LLC v. Polaris Sales, Inc.*,
No. 17-CV-81100, 2018 WL 1072211 (S.D. Fla. Feb. 27, 2018) ............................................. 9

*Brown v. USA Taekwondo*,
11 Cal.5th 204 (2021) ............................................................................... 17, 18, 19

*Burroughs v. Magee*,
118 S.W.3d 323 (Tenn. 2003) ................................................................................. 17

*Campion v. Old Republic Home Prot. Co.*,
861 F.Supp.2d 1139 (S.D. Cal. 2012) ......................................................................... 14

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Casey v. Florida Coastal Sch. of L., Inc.*,
    No. 3:14-CV-1229-J-39PDB, 2015 WL 10096084 (M.D. Fla. Aug. 11, 2015) ...................... 9

*Castaneda v. Olsher*,
    41 Cal.4th 1213 (2007) ....................................................................................................... 20

*Castillo v. Seagate Tech., LLC*,
    No. 16-CV-01958-RS, 2016 WL 9280242 (N.D. Cal. Sept. 14, 2016) ................................ 13

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
    631 F.3d 939 (9th Cir. 2011)............................................................................................... 16

*Cloud Nine, LLC v. Whaley*,
    650 F.Supp.2d 789 (E.D. Tenn. 2009) .................................................................................. 8

*Coffee v. Google, LLC*,
    No. 20-CV-03901-BLF, 2021 WL 493387 (N.D. Cal. Feb. 10, 2021)................................. 15

*Collins v. eMachines, Inc.*,
    202 Cal.App.4th 249 (2011)................................................................................................. 10

*Creative Lifting Servs., Inc. v. Steam Logistics, LLC*,
    2022 WL 136727 (E.D. Tenn. Jan. 13, 2022) ....................................................................... 5

*Crown Ford, Inc. v. Crawford*,
    221 Ga.App. 881 (Ct. App. 1996)......................................................................................... 6

*Daniel v. Ford Motor Co.*,
    806 F.3d 1217 (9th Cir. 2015)............................................................................................... 6

*Daugherty v. Am. Honda Motor Co.*,
    144 Cal.App.4th 824 (2006)................................................................................................. 11

*Dimond v. Darden Rests., Inc.*,
    No. 13 CIV. 5244 KPF, 2014 WL 3377105 (S.D.N.Y. July 9, 2014) ................................... 11

*Doe 9 v. Varsity Brands, LLC*,
    No. CV 6:22-3509-HMH, 2023 WL 4113198 (D.S.C. June 21, 2023) ................................. 8

*Doe No. 14 v. Internet Brands, Inc.*,
    No. CV 12-3626-JFW (PJWx), 2016 WL 11824793 (C.D. Cal. Nov. 14, 2016). 17, 18, 19, 20

*Doe v. Epic Games, Inc.*,
    435 F.Supp.3d 1024 (N.D. Cal. 2020) ................................................................................. 15

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Doe v. Roblox Corp.*,
   602 F.Supp.3d 1243 (N.D. Cal. 2022) ................................................................................. 16

*Doe v. Uber Techs., Inc.*,
   No. 19-cv-03310-JSC, 2022 WL 4281363 (N.D. Cal. Sept. 15, 2022) ................................ 18

*Dyroff v. Ultimate Software Grp., Inc.*,
   No. 17-CV-05359-LB, 2017 WL 5665670 (N.D. Cal. Nov. 26, 2017) ................................ 18

*Eaves Brooks Costume Co. v. Y.B.H. Realty Corp.*,
   76 N.Y.2d 220 (1990) .......................................................................................................... 17

*Edwards-Astin v. Medtronic Minimed, Inc.*,
   No. 1:08-CV-103-CAP, 2008 WL 11319723 (N.D. Ga. June 4, 2008) .................................. 5

*Einhorn v. Seeley*,
   136 A.D.2d 122 (N.Y. App. Div. 1988) ............................................................................... 19

*In re Ethereummax Inv. Litig.*,
   No. CV 22-00163-MWF (SKx), 2022 WL 20804358 (C.D. Cal. Dec. 6, 2022) ............. 15, 16

*FTC v. Simeon Mgmt. Corp.*,
   532 F.2d 708 (9th Cir. 1976) ............................................................................................... 11

*Fed. Trade Comm'n v. Vylah Tec, LLC*,
   No. 2:17cv228-PAM-MRM, 2019 WL 722085 (M.D. Fla. Jan. 9, 2019) .......................... 10

*Felice v. Guardian Techs. LLC*,
   No. 23-cv-04685-MMC, 2024 WL 1486140 (N.D. Cal. Apr. 4, 2024) ................................ 16

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) ................................................................................................... 8

*FTC v. Cyberspace.com LLC*,
   453 F.3d 1196 (9th Cir. 2006) ............................................................................................. 10

*FTC v. Stefanchik*,
   559 F.3d 924 (9th Cir. 2009) ............................................................................................... 10

*Gale v. Int'l Bus. Machines Corp.*,
   9 A.D.3d 446 (N.Y. 2004) ..................................................................................................... 7

*Garrett v. Nationsbank, N.A. (South)*,
   228 Ga.App. 114 (1997) ...................................................................................................... 17

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Geffner v. Coca-Cola Co.*,
   928 F.3d 198 (2d Cir. 2019)..................................................................................... 9

*Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*,
   17 N.Y.3d 565 (2011) (New York) ........................................................................ 17

*Hall v. SeaWorld Ent., Inc.*,
   747 F.App'x 449 (9th Cir. 2018) ........................................................................... 11

*Hodsdon v. Mars, Inc.*,
   891 F.3d 857 (9th Cir. 2018)................................................................................. 10

*Ihesiaba v. Pelletier*,
   448 S.E.2d 920 (1994) (Georgia) .......................................................................... 19

*In the Matter of Int'l Harvester Co.*,
   104 F.T.C. 949 (1984)........................................................................................... 10

*Jackson Hewitt, Inc. v. Kaman*,
   100 So.3d 19 (Fla. Ct. App. 2011) ........................................................................ 19

*Jamgotchian v. Sci. Games Corp.*,
   No. CV 08-5121 GHK (CWx), 2008 WL 11411612 (C.D. Cal. Oct. 22, 2008),
   *aff'd*, 371 F. App'x 812 (9th Cir. 2010)................................................................. 13

*Jamison v. Mark C. Bloome Co.*,
   112 Cal.App.3d 570 (1980).................................................................................... 19

*Just. v. Rheem Mfg. Co.*,
   318 F.R.D. 687 (S.D. Fla. 2016) ......................................................................... 6, 7

*Kane v. Chobani*,
   No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013)................ 8

*Kayfetz v. A.M. Best Roofing*,
   832 So.2d 784 (Fla. Ct. App. 2002) ...................................................................... 17

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)................................................................................. 5

*Kelly v. First Astri Corp.*,
   72 Cal.App.4th 462 (1999)........................................................................ 12, 13, 14

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal.4th 1134 (2003) ......................................................................................... 13

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

vi

**ROBLOX CORP.'S MOTION TO DISMISS**
**CONSOLIDATED COMPLAINT**
**CASE NO. 3:23-CV-04146-VC**

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Kumaraperu v. Feldsted,*
  237 Cal.App.4th 60 (2015) ............................................................................................... 20

*Lam v. Hawaiian Gardens Casino,*
  No. CV 19-3989-DMG (MRWx), 2020 WL 806655 (C.D. Cal. Jan. 8, 2020) ..................... 13

*Lavie v. Procter & Gamble Co.,*
  105 Cal.App.4th 496 (2003) ................................................................................................ 8

*Lehto v. City of Oxnard,*
  171 Cal.App.3d 285 (1985) ............................................................................................... 18

*LiMandri v. Judkins,*
  52 Cal.App.4th 326 (1997) ............................................................................................... 11

*Lugtu v. Cal. Highway Patrol,*
  26 Cal.4th 703 (2001) ...................................................................................................... 17

*Madrid v. Perot Sys. Corp.,*
  130 Cal.App.4th 440 (2005) .............................................................................................. 14

*Main St. Mkt., LLC v. Weinberg,*
  432 S.W.3d 329 (Tenn. Ct. App. 2013) ............................................................................. 19

*Margaret W. v. Kelley R.,*
  139 Cal.App.4th 141 (2006) .............................................................................................. 19

*Marolda v. Symantec Corp.,*
  672 F.Supp.2d 992 (N.D. Cal. 2009) ............................................................................. 5, 6

*State ex rel. McLeod v. Rhoades,*
  275 S.C. 104 (1980) ........................................................................................................ 10

*Modisette v. Apple Inc.,*
  30 Cal.App.5th 136 (2018) ................................................................................................ 19

*Moore v. Trader Joe's Co.,*
  4 F.4th 874 (9th Cir. 2021) ................................................................................................. 8

*In re NJOY, Inc., Consumer Class Action Litig.,*
  No. CV 14-00428 MMM (RZx), 2014 WL 12586074 (C.D. Cal. Oct. 20, 2014) ............... 5, 6

*O'Shea v. Littleton,*
  414 U.S. 488 (1974) ........................................................................................................ 16

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Ochoa v. Zeroo Gravity Games LLC*,
   No. CV 22-5896-GW-ASX, 2023 WL 4291650 (C.D. Cal. May 24, 2023) ........................ 13

*Olson v. Children's Home Soc'y*,
   204 Cal.App.3d, 1362, 1366 (1988)...................................................................................... 19

*Parris v. 3M Co.*,
   595 F.Supp.3d 1288 (N.D. Ga. 2022) ................................................................................... 17

*Pirozzi v. Apple, Inc.*,
   913 F.Supp.2d 840 (N.D. Cal. 2012) ...................................................................................... 5

*Reeves v. Niantic, Inc.*,
   No. 21-cv-05883-VC, 2022 WL 1769119 (N.D. Cal. May 31, 2022) .............................. 15, 16

*RFT Mgmt. Co., LLC v. Tinsley & Adams, LLP*,
   399 S.C. 322 (2012) ................................................................................................................ 7

*Rodriguez v. Bank of the W.*,
   162 Cal. App. 4th 454 (2008)................................................................................................ 19

*Roe v. Bibby*,
   410 S.C. 287 (S.C. Ct. App. 2014)........................................................................................ 19

*Rowland v. Christian*,
   69 Cal.2d 108 (1968) ............................................................................................................ 19

*S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*,
   84 F.3d 629 (2d Cir. 1996)...................................................................................................... 9

*Salameh v. Tarsadia Hotel*,
   726 F.3d 1124 (9th Cir. 2013)................................................................................................. 5

*Sateriale v. R.J. Reynolds Tobacco Co.*,
   697 F.3d 777 (9th Cir. 2012)................................................................................................... 7

*Simon v. SeaWorld Parks & Ent't, Inc.*,
   No. 3:21-cv-1488-LL-MSB, 2022 WL 1594338 (S.D. Cal. May 19, 2022) ........................... 6

*Sinatro v. Mrs. Gooch's Nat. Food Mkts., Inc.*,
   No. 22-cv-03603-TLT, 2023 WL 2324291 (N.D. Cal. Feb. 16, 2023)..................................... 9

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prod. Liab. Litig.*,
   No. 4:22-md-03047-YGR, 2023 WL 7524912 (N.D. Cal. Nov. 14, 2023) ............................ 18

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

viii

ROBLOX CORP.'S MOTION TO DISMISS
CONSOLIDATED COMPLAINT
CASE NO. 3:23-CV-04146-VC

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Social Media Cases*,
  No. 22STCV21355, 2023 WL 6847378 (Cal. Super. Ct. Oct. 13, 2023) ............................... 18

*Software Design & Application v. Hoefer & Arnett*,
  49 Cal.App.4th 472 (1996) .................................................................................................... 19

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
  903 F.Supp.2d 942 (S.D. Cal. 2012) ................................................................................ 13, 14

*Spagnola v. Chubb Corp.*,
  574 F.3d 64 (2d Cir. 2009) ...................................................................................................... 8

*Tarasoff v. Regents of Univ. of Cal.*,
  17 Cal.3d 425 (1976) ............................................................................................................. 17

*Tellone Prof. Ctr. LLC v. Allstate Ins. Co.*,
  No. 8:19-cv-02479-JLS-KES, 2021 WL 1254360 (C.D. Cal. Jan. 26, 2021) ........................ 14

*In re Tobacco II Cases*,
  46 Cal.4th 298 (2009) .............................................................................................................. 8

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ............................................................................................................... 16

*Tucker v. Sierra Builders*,
  180 S.W.3d 109 (Tenn. Ct. App. 2005) .............................................................................. 7, 10

*Vasilenko v. Grace Family Church*,
  3 Cal.5th 1077 (2017) ........................................................................................................... 17

*Vitiosus v. Alani Nutrition, LLC*,
  No. 21-CV-2048-MMA (MDD), 2022 WL 2441303 (S.D. Cal. July 5, 2022) ..................... 16

*Vitt v. Apple Computer, Inc.*,
  No. CV 06-7152-GW (FMOX), 2010 WL 11545683 (C.D. Cal. May 21,
  2010), *aff'd*, 469 F.App'x 605 (9th Cir. 2012) ........................................................................ 9

*Weirum v. RKO Gen., Inc.*,
  15 Cal.3d 40 (1975) ............................................................................................................... 17

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) ............................................................................................... 11

*Wofford v. Apple Inc.*,
  No. 11-CV-0034 AJB NLS, 2011 WL 5445054 (S.D. Cal. Nov. 9, 2011) ........................... 15

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ix

ROBLOX CORP.'S MOTION TO DISMISS
CONSOLIDATED COMPLAINT
CASE NO. 3:23-CV-04146-VC

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Zeeman v. Black*,
   156 Ga.App.82 (1980) ........................................................................... 10

*Zelig v. Cnty. of Los Angeles*,
   27 Cal.4th 1112 (2002) ........................................................................ 18

*Ziencik v. Snap, Inc.*,
   No. CV 21-7292-DMG (PDX), 2023 WL 2638314 (C.D. Cal. Feb. 3, 2023) ...................... 19

*Zlotnick v. Premier Sales Grp., Inc.*,
   480 F.3d 1281 (11th Cir. 2007) ............................................................... 8


**Federal Statutes**

15 U.S.C.A. § 45(a)(1) ............................................................................ 10

Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45 *et seq.* ...................................... 9, 10, 11

Federal Rackeeting Racketeer Influenced and Corrupt Organizations ("RICO")
   18 U.S.C. § 1961 *et seq.* ..................................................................... 2, 12


**State Statutes**

Cal. Civ. Code
   § 1714 ........................................................................................ 20
   § 1761(a) ..................................................................................... 15
   § 1770(a) ..................................................................................... 15

California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq* .................... *passim*

Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ................................. *passim*

Florida Unfair Deceptive Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* ................ *passim*

Georgia Fair Business Practices Act, Ga. Code §§ 10-1-390, *et seq.* .......................... *passim*

New York General Business Law § 349 .......................................................... *passim*

South Carolina Unfair Deceptive Trade Practices Act,
   S.C. Code Laws § 39-5-10, *et seq.* ........................................................ *passim*

Tennessee Consumer Protection Act, Tenn. Code § 47-18-101, *et seq.* .......................... *passim*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

x

ROBLOX CORP.'S MOTION TO DISMISS
CONSOLIDATED COMPLAINT
CASE NO. 3:23-CV-04146-VC

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3

**Other Authorities**

4

Federal Rule of Civil Procedure.
    Rule 9(b)................................................................................................................. 1, 4, 5,6
    Rule 12(b)(1) ...................................................................................................................... 1
    Rule 12(b)(6) ................................................................................................................. 1, 4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## NOTICE OF MOTION AND MOTION

On June 20, 2024, at 10:00 a.m., Defendant Roblox Corporation ("Roblox"), will move to dismiss the Consolidated Class Action Complaint ("CAC"), Dkt. 79. Roblox requests that the Court dismiss Counts 1–11 under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, Counts 1, 3–8, and 10 under Rule 9(b) failure to plead fraud with particularity, and all requests for injunctive relief under Rule 12(b)(1) for lack of Article III standing.

## I.    INTRODUCTION

This Court dismissed the *Colvin* plaintiffs' misrepresentation claims because: (1) they failed to plead fraud with particularity; (2) the "representation" they challenged was not squarely contradicted by the complaint's allegations; (3) they did not "allege that they ever saw this sentence in [Roblox's] terms of service, let alone that they relied on it"; and (4) the allegations did not show an actionable omission. Dkt. 65. The CAC fares no better and does not address these deficiencies.

Despite adding 11 new named plaintiffs and four new claims under various state consumer protection laws, the CAC still relies on the same sentence from Roblox's Community Standards: "experiences that include simulated gambling, including playing with virtual chips, simulated betting, or exchanging real money, Robux, or in-experience items of value are not allowed." ¶13.[1] This statement is not a misrepresentation. Plaintiffs do not claim that the VCs publish experiences on Roblox, nor do they allege seeing or relying on the statement. In fact, there is not a single allegation that Plaintiffs—parents of minors who play Roblox "using [their] own user-created account[s]"—ever visited Roblox's site. The CAC simply recasts the dismissed misrepresentation claims as omissions by adding a brief paragraph about Roblox's "channels of communication." ¶15. But to plead an actionable omission, Plaintiffs must allege they would have been aware of it, had it

---

[1] All "¶" citations are to the CAC, unless otherwise noted. All defined terms in Roblox's prior motion to dismiss are incorporated by reference. Dkt. 31. All emphasis is added unless otherwise noted.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

been disclosed. Given their failure to allege they ever visited Roblox's site, Plaintiffs cannot allege that they would have seen, much less relied upon, the purportedly omitted information. Nor have Plaintiffs pleaded a material omission. The alleged omission does not concern a defect in Roblox's platform or Robux, and Plaintiffs fail to allege that Roblox had any duty to disclose the information.

Beyond the defective omission theory, Plaintiffs' California law claims seeking monetary relief—including the California Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), negligence, and unjust enrichment claims—are barred by California's strong public policy against judicial resolution of gambling disputes. The only losses Plaintiffs allege are gambling losses—the Robux Plaintiffs' children allegedly lost by playing "gambling games" in the VCs. Nor can Plaintiffs obtain injunctive relief under the UCL based on allegations of wholly past harm. The CLRA claim independently fails because Robux, a virtual currency, is not a good or service, as this Court has previously held. Plaintiffs' negligence and negligence per se claims separately fail because Plaintiffs cannot allege that Roblox owed a legal duty to prevent their children from allegedly losing Robux by playing "illegal gambling games" on off-platform sites, much less that Roblox—as opposed to the VCs—caused Plaintiffs' asserted injuries. Plaintiffs also lack Article III standing for injunctive relief. Thus, the Court should dismiss Counts 1–11 with prejudice as set forth below.

## II.    RELEVANT BACKGROUND

The CAC is largely the same as the original complaint. Ex. 1.[2] However, the CAC (1) does not re-plead the dismissed civil RICO claim and civil conspiracy claims; (2) reframes the dismissed CLRA and GBL misrepresentation claims as omission claims by changing "representing" to "failing to disclose," ¶¶254, 267-280; (3) asserts that "Roblox maintains other channels of communication with its users and the parents of minor users," which Plaintiffs do not allege seeing, ¶15; (4) adds 11 plaintiffs from Georgia, Florida, South Carolina, and Tennessee, ¶¶33–39; (5) adds omission-based

---

[2] All Exhibits are to the Declaration of Robby Saldaña for Roblox's request for judicial notice.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

claims under the Georgia Fair Business Practices Act ("GFBPA"), the Florida Unfair Deceptive Trade Practices Act ("FDUTPA"), the South Carolina Unfair Deceptive Trade Practices Act ("SCUPTA"), and the Tennessee Consumer Protection Act ("TCPA"), ¶¶283-354, and (6) adds negligence per se under Georgia, Florida, South Carolina, and Tennessee law, ¶¶357–58, 362.

The CAC, like the original complaint, is brought by parents ("Parents") in their individual capacities, as next friends of their minor children ("Minors"), and on behalf of putative classes. ¶¶31-39, 213. The Parents do not allege they ever visited Roblox. ¶¶156, 163, 170, 177, 184, 191, 198, 205, 212. The Minors allegedly created their own Roblox accounts, ¶¶150, 157, 164, 171, 178, 185, 192, 199, 206, and purchased Robux, a virtual currency, by using "Roblox gift cards … that were under [the Minor's] complete ownership and control," ¶¶151, 158, "through a monthly subscription to Roblox," ¶158, and/or by using their parents' credit cards, ¶¶165, 172, 179, 186, 193, 200, 207.[3]

The Minors allegedly went to the VCs—sites "outside the Roblox ecosystem," ¶20, that Roblox does not own, create, or operate and is in no way associated with—and "lost thousands of Robux" by playing unspecified "gambling games." ¶¶154, 161, 168, 175, 182, 189, 196, 203, 210. The VCs allegedly ask users to hand over their Roblox login credentials so that the VCs can, using "bot" accounts, ¶¶88, 109, take over users' Roblox accounts to "initiate[] [the] sale of a worthless item or experience" and transfer the users' Robux to a Roblox account controlled by the VCs. ¶¶119-20. On the separate VC sites, the VCs give users an "equivalent amount of gambling credits" for gameplay. ¶117. Winners get more credits that can be transferred back to Robux, but losers lose their credits. ¶23. Plaintiffs assert that Roblox monitors Robux transactions and can identify accounts that engage in "suspicious behavior like purchasing the same virtual item from the same seller," but "refuses to ban" the Roblox accounts controlled by the VCs. ¶¶134, 136. Plaintiffs theorize that Roblox facilitates "illegal gambling" by not banning the VCs from the platform, *e.g.*, ¶¶ 1, 136-37.

---

[3] S.J. also claims he obtained Robux through free promotional codes. ¶207.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

Plaintiffs do not allege that the VCs use Roblox accounts that are linked in any obvious way to the VCs (*e.g.*, name or address), nor can they. The CAC incorporates a YouTube interview with the "founder of RBXFlip," who describes RBXFlip's efforts to avoid detection on Roblox:

> I would say we are definitely trying to direct away from player versus player because **player versus player involves bots and uh, a lot of trades, which Roblox is actively using algorithms to kind of detect and stuff. So it's a cat and mouse game with us and Roblox, with their moderation right now**, and getting away from that as soon as possible and just kind of expanding to other deposit methods and other ways people can gamble their limiteds is our main goal.[4]

Though the VCs are not on Roblox, the Parents claim that "[i]n its Terms of Service, Roblox misleadingly represents to parents and other users" that "experiences that include simulated gambling, including playing with virtual chips, simulated betting, or exchanging real money, Robux, or in-experience items of value are not allowed." ¶13, n.5; Ex. 2, at 4. Plaintiffs now claim that Roblox "maintains other channels of communication with its users and the parents of minor users, including … advertising, promotional, and marketing materials, FAQs on its website, the account creation and sign-up process, its Parental Controls hub on minors' accounts, and its solicitation of parents' email addresses and credit card information to enable various features and take various actions on minors' accounts, including the purchase of Robux." ¶15. Though they do not allege ever visiting Roblox's site, the Parents assert that had Roblox made them aware, in its "myriad channels of communications, that its platform facilitates the illegal gambling of Robux by children," they "would have taken different actions with respect to the [Minors'] use of the platform." *E.g.,* ¶156.

## III.   LEGAL STANDARD

The Court is familiar with the Rule 12(b)(6) standard, Dkt. 31 at 5:12-19, and the Rule 9(b) standard for fraud-based claims.

---

[4] ¶139, n.30 (citing RoZone, "Interviewing the FOUNDER OF RBXFlip |2021," YouTube (Dec. 5, 2021) https://www.youtube.com/watch?v=ELeXsMr2wco) (emphasis added).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

## IV.   ARGUMENT

### A.   The Omission Claims Do Not Satisfy Rule 9(b). (Counts 1, 3–10)

The Court should dismiss Counts 1 and 3–10 because these misrepresentation and omission claims do not satisfy Rule 9(b)'s requirement that a plaintiff must "identify the who, what, when, where, and how of the misconduct charged," "what is false or misleading … and why." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).[5]

Rule 9(b) applies to Plaintiffs' statutory and common law claims concerning alleged misrepresentations or omissions, which are "grounded in fraud" and "averments of fraud." *See Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124-25 (9th Cir. 2009) (UCL and CLRA claims); *Creative Lifting Servs., Inc. v. Steam Logistics, LLC*, 2022 WL 136727, at *3 (E.D. Tenn. Jan. 13, 2022) (TCPA claims); *In re NJOY, Inc., Consumer Class Action Litig.*, 2014 WL 12586074, at *14 (C.D. Cal. Oct. 20, 2014) (GBL and FDUTPA claims); *Edwards-Astin v. Medtronic Minimed, Inc*., 2008 WL 11319723, at *4 (N.D. Ga. June 4, 2008) (GFBPA). For misrepresentation claims, Rule 9(b) requires "specific facts … such as the time, date, place and content of the alleged fraudulent representation [and] how or why the representation was false or misleading." *Pirozzi v. Apple, Inc.*, 913 F.Supp.2d 840, 849 (N.D. Cal. 2012). Omission claims require pleading "the content of the omission and where the omitted information should or could have been revealed ..." *Marolda v. Symantec Corp.*, 672 F.Supp.2d 992, 1002 (N.D. Cal. 2009). The CAC fails these requirements.

Plaintiffs' contention that Roblox "misleadingly represents" in the "Terms of Service"[6] that it does not allow gambling on its platform, ¶13, n.5, fails for the same reasons the Court previously

---

[5] Plaintiffs' unjust enrichment claim (Count 10) is expressly predicated on purported "misrepresentations and omissions" by Defendants, ¶377, and is subject to Rule 9(b). Plaintiffs' negligence per se claim (Count 11) is also predicated on the "duty not to misrepresent, both to parents and to children themselves, the dangers faced by children on its platform, including the dangers of illegal gambling schemes …." ¶383. Thus, Rule 9b(b) applies to this part of the negligence claim.
[6] Although Plaintiffs describe the cited document as the "Terms of Service," they cite to Roblox's Community Standards, which is where the quoted language appears. ¶13, n.5; Ex. 2, at 4.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

gave: "plaintiffs do not allege that there are any gambling-like experiences on Roblox's site itself," and "plaintiffs do not allege that they ever saw this sentence in the terms of service, let alone that they relied on it in making their purchases." Dkt. No. 65 at 8; *see In re NJOY*, 2014 WL 12586074, at *11 (dismissing claims as plaintiff did not "state that he was aware of" alleged misstatements).

Plaintiffs' attempt to recast their misrepresentation claims as omissions still fails Rule 9(b). Plaintiffs do not allege any document or communication on which they allegedly relied "that failed to include the allegedly omitted information" or "where the omitted information should or could have been revealed." *Marolda*, 672 F.Supp.2d at 1002. Plaintiffs do not claim they saw or relied on the "Terms of Service," or any "channel[] of communication" that Roblox "maintains," ¶¶15, 150–212. That is fatal. *see Simon v. SeaWorld Parks & Ent't, Inc.*, 2022 WL 1594338, at *4 (S.D. Cal. May 19, 2022) (dismissing omission claims under Rule 9(b) as plaintiff failed to allege when he visited the "website detailing [his ticket] upgrade in relation to buying his tickets, what statements he saw there, and which of those statements (or purported omissions) he relied upon"); *In re NJOY*, 2014 WL 12586074, at *13 (similar). The Court should therefore dismiss the omission claims.

### B.    Plaintiffs' Omission-Based Consumer Protection Claims Fail to Plead Reliance And Causation. (Counts 1, 3–8.)

The Court should also dismiss Counts 1 and 3–8 because Plaintiffs do not plead reliance or causation. Reliance is required for omission-based UCL[7] and CLRA claims. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1224 (9th Cir. 2015) (plaintiff must allege facts showing that "'had the omitted information been disclosed, [they] would have been aware of it and behaved differently.'"). Similarly, "justifiable reliance is an essential element of an FBPA claim." *Crown Ford, Inc. v. Crawford*, 221 Ga.App. 881, 884 (Ct. App. 1996). The FDUTPA, GBL, SCUTPA, and TCPA require a plaintiff to show that the allegedly deceptive conduct caused their asserted injury. *See Just.*

---

[7] The omission-based CLRA claim, ¶254, is a predicate for the UCL "unlawful" claim, ¶228(h).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

*v. Rheem Mfg. Co.*, 318 F.R.D. 687, 696 (S.D. Fla. 2016) (FDUTPA requires "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages."); *RFT Mgmt. Co., LLC v. Tinsley & Adams, LLP*, 399 S.C. 322, 337 (2012) (SCUTPA requires that "(1) [] the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) [] the unfair or deceptive act affected [the] public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)"); *Gale v. Int'l Bus. Machines Corp.*, 9 A.D.3d 446, 447 (N.Y. 2004) (under GBL § 349, "plaintiff must show that the defendant's material deceptive act caused the injury"); *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005) (TCPA requires that "(1) [] the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) [] the defendant's conduct caused an 'ascertainable loss of money or property…'").

Plaintiffs do not plead the requisite reliance or causation. They do not claim they ever visited Roblox's website or saw any Roblox "channel" where the allegedly omitted information would have appeared. That is fatal to reliance and causation. *See Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793–94 (9th Cir. 2012) (dismissing UCL and CLRA claims when plaintiffs failed to allege they "relied on [challenged] representations or, if they did rely, that their reliance caused them harm"); *In re Apple Processor Litig.*, 2022 WL 2064975, at *10 (N.D. Cal. June 8, 2022) (dismissing CLRA claims for failure to allege they "would have been aware of disclosed information"); *In re Arby's Rest. Grp. Inc. Litig.*, 2018 WL 2128441, at *21 (N.D. Ga. Mar. 5, 2018) (allegations insufficient under GFPBA "[a]s the Consumer Plaintiffs do not expressly or specifically address reliance"); *Gale*, 781 N.Y.S.2d at 47 (under GBL, "[i]f the plaintiff did not see any of the[] statements, they could not have been the cause of his injury."). Plaintiffs' vague and boilerplate allegations that they "would have taken different actions with respect to" their children's "use of the platform," ¶¶156, 163, 170, 177, 184, 191, 198, 205, are insufficient given this pleading failure. *See Barrett v. Apple Inc.*, 523 F.Supp.3d 1132, 1151 (N.D. Cal. 2021) (no omission when plaintiffs failed

Cooley LLP
Attorneys at Law
San Francisco

7

Roblox Corp.'s Mot. to dismiss
Consolidated Compl.
Case No. 3:23-cv-04146-VC

to allege "they read either the webpage or … were aware of any specific news reports regarding iTunes gift card scams" as "the alleged omissions…would [not] have changed Plaintiffs' behavior").

Plaintiffs cannot salvage their UCL and CLRA claims by pointing to *In re Tobacco II Cases*, 46 Cal.4th 298, 326 (2009), which held that plaintiffs exposed to a "decades-long campaign of deceptive advertising" down-playing the negative health effects of smoking were not required to identify the specific advertisements on which they relied. *Id.* at 328. The CAC does not allege a "decades-long campaign" by Roblox, nor is it plausible that the Parents—who do not allege they ever viewed Roblox's site—would have seen one. Thus, "*In re Tobacco II* … does not salvage Plaintiffs' claims." *Kane v. Chobani*, 2013 WL 5289253, at *9 (N.D. Cal. Sept. 19, 2013).

**C.     There Are No Actionable Omissions. (Counts 1, 3-8, 10)**

Counts 1, 3–8, and 10 also fail as a matter of law because the purported omissions would not mislead a reasonable consumer. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 881, 886 (9th Cir. 2021) (affirming dismissal of omission-based UCL or CLRA claims because no reasonable consumer would be misled by honey label). A plaintiff must show "it is probable that a significant portion of the general consuming public . . . ***acting reasonably*** in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 508–09 (2003).[8]

The reasonable consumer is the average person of "ordinary" intelligence, not an "unwary consumer" or an especially vulnerable or uninformed individual. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). Common sense, common knowledge, and the circumstances in which a consumer would have seen the alleged omission are relevant. *See Moore*, 4 F.4th at 883, 886 & n.4 (affirming dismissal of UCL, CLRA, and GBL claims when a reasonable consumer would not be

---

[8] The FDUTPA, GBL, SCUTPA, and TCPA impose similar requirements for claims of deception by omission. *See Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (FDUTPA); *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) (GBL); *Doe 9 v. Varsity Brands, LLC*, 2023 WL 4113198, at *11 (D.S.C. June 21, 2023) (SCUTPA); *Cloud Nine, LLC v. Whaley*, 650 F.Supp.2d 789, 796-97 (E.D. Tenn. 2009) (TCPA).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

misled given "three key contextual inferences from the product [sold] itself … which [were] readily available"); *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019) ("context is crucial" under GBL); *Casey v. Florida Coastal Sch. of L., Inc.*, 2015 WL 10096084, at *15–16 (M.D. Fla. Aug. 11, 2015) (dismissing FDUTPA claim given consumers' "common knowledge"). "[A] 'rational consumer' would not 'simply assume' something … that they can 'plainly see.'" *Sinatro v. Mrs. Gooch's Nat. Food Mkts., Inc.*, 2023 WL 2324291, at *10 (N.D. Cal. Feb. 16, 2023).

Plaintiffs' omission-based consumer law claims fail because there is no material omission likely to deceive a reasonable consumer. *See Vitt v. Apple Computer, Inc.*, 2010 WL 11545683, at *3 (C.D. Cal. May 21, 2010) ("[W]here the complaint does not allege facts showing that an alleged omission is 'likely to deceive' reasonable consumers, claims may be dismissed as a matter of law."), *aff'd*, 469 F.App'x 605 (9th Cir. 2012); *Azoulai v. BMW of N. Am. LLC*, 2017 WL 1354781, at *7 (N.D. Cal. Apr. 13, 2017) (same); *see also S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 636–37 (2d Cir. 1996) (same for GBL); *Broward Motorsports of Palm Beach, LLC v. Polaris Sales, Inc.*, 2018 WL 1072211, at *7–8 (S.D. Fla. Feb. 27, 2018) (similar for FDUTPA).

### 1.    No Actionable Failure to Disclose "Illegal Gambling" in the VCs.

The alleged omission central to all of Plaintiffs' consumer law claims is the assertion that "Defendants … fail[ed] to disclose to Plaintiffs and their minor children that developers that operate in the Roblox ecosystem host games that constitute illegal gambling" and "Robux could be used to engage in illegal gambling." ¶254. These allegations do not plead an actionable omission because Plaintiffs have not shown it was material, they do not allege the omission was contrary to an actual representation by Roblox, and they do not allege facts showing that Roblox had a duty to disclose.

***No Materiality***. Plaintiffs have not shown that the purported omission about "illegal gambling" of "Robux" in the offsite VCs is material. Nearly all the consumer law claims in this case derive from statutes modeled on Section 5 of the Federal Trade Commission ("FTC") Act, including

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

the GFBPA, FDUTPA, SCUTPA, TCPA, and UCL.[9] Under the FTC Act, an alleged omission must be material to be actionable. *See FTC v. Stefanchik*, 559 F.3d 924, 928 (9th Cir. 2009). Though CAC labels the purported omissions as "material," ¶¶269, 280, 288, 306, 324, 342, Plaintiffs fail to plead any facts showing materiality. Plaintiffs simply allege in boilerplate fashion that the "omissions were material because they were likely to deceive reasonable consumers." ¶¶275, 292, 310, 328, 346. But this is nothing more than "a formulaic recitation of the elements of the cause of action," *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007), which is insufficient. *See FTC v. Cyberspace.com LLC*, 453 F.3d 1196, 1200 (9th Cir. 2006) (listing elements of Section 5 of the FTC Act).

Nor can Plaintiffs identify a material omission. Omitted facts "are material if they pertain to the central characteristics of the product, such as its safety, cost, or fitness for the purpose sold." *In the Matter of Int'l Harvester Co*., 104 F.T.C. 949, 1057 (1984); *see also Hodsdon v. Mars, Inc*., 891 F.3d 857, 860 (9th Cir. 2018) (manufacturers have no "duty to disclose" absent "physical defects that affect the central function" of the product); *Collins v. eMachines, Inc., 2*02 Cal.App.4th 249, 257-58 (2011) (requiring disclosure of defect preventing performance of an "integral" function). Plaintiffs do not allege the purported omission regarding "illegal gambling" of Robux in the offsite VCs was a physical defect that affected the central function of Roblox or Robux, nor could Plaintiffs plausibly contend this. The CAC concedes that the VCs (where the purported "illegal gambling" occurs) are separate sites. ¶21. The only transactions that allegedly occurred on Roblox—*i.e.*, the exchange of Robux for virtual items or experiences—are precisely what Roblox and Robux are

---

[9] *See Fed. Trade Comm'n v. Vylah Tec, LLC*, 2019 WL 722085, at *6 (M.D. Fla. Jan. 9, 2019) (FDUTPA "mirrors the requirements of Section 5 of the FTC Act"); *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005) ("The TCPA … explicitly provides that it is to be interpreted and construed in accordance with interpretations of 15 U.S.C.A. § 45(a)(1) by the [FTC] and the federal courts"); *State ex rel. McLeod v. Rhoades*, 275 S.C. 104, 105 (1980) (SCUTPA's prohibition against "unfair or deceptive acts" "is lifted directly from Section 5(a)(1) of the [FTC] Act" and its interpretation is guided by judicial and FTC interpretation of the FTC Act); *Zeeman v. Black*, 156 Ga.App.82, 82 (1980) ("[T]he [FTC] Act, … is expressly made the appropriate standard by which the purpose and intent of the Georgia Act is to be effectuated, implemented and construed.").

Cooley LLP
Attorneys at Law
San Francisco

10

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

designed for, as Plaintiffs admit.[10] ¶¶11, 120. That is fatal to the purported omission.

**Not Contrary to An Actual Representation.** Plaintiffs also fail to plead a duty to disclose under the UCL or CLRA, which require a plaintiff to show that the omission is "contrary to a representation actually made by the defendant," or the defendant had an affirmative duty to disclose. *See Hodsdon*, 891 F.3d at 861; *Daugherty v. Am. Honda Motor Co.*, 144 Cal.App.4th 824, 835 (2006). Plaintiffs cannot show that the purported omission regarding "illegal gambling" in the off-platform VCs was contrary to Roblox's "Terms of Service." *See supra* Section IV.C.

**No Duty to Disclose.** Plaintiffs also fail to plead a duty to disclose. Neither California law nor the FTC Act imposes a broad duty to disclose. *See Hall v. SeaWorld Ent., Inc.*, 747 F.App'x 449, 453 (9th Cir. 2018) ("In interpreting the materiality requirement for omission claims under the FTC Act, we have rejected a broad duty to disclose." (citing *FTC v. Simeon Mgmt. Corp.*, 532 F.2d 708, 716 (9th Cir. 1976))); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012) ("California courts have generally rejected a broad obligation to disclose").

Under California law, a duty to disclose may arise when: (1) a fiduciary relationship exists between plaintiff and defendant; (2) defendant holds "exclusive knowledge of material facts not known to the plaintiff"; (3) defendant "actively conceals a material fact from the plaintiff"; or (4) "defendant makes partial representations but also suppresses some material facts." *LiMandri v. Judkins*, 52 Cal.App.4th 326, 336 (1997)).[11] Plaintiffs do not contend they have a fiduciary relationship with Roblox. Plaintiffs cannot rely on the third or fourth factors as they do not allege anything other than the non-actionable statement in the "Terms of Service." Nor have Plaintiffs

---

[10] While the CAC refers to the ability of users to share their credentials or Roblox security cookie with third parties, ¶¶20, 89, Plaintiffs do not allege that Roblox fails to disclose this. Indeed Roblox warns users *not* to "share or disclose your credentials to others." Ex. 3, at 4.

[11] GBL § 349 has similar requirements. *See Dimond v. Darden Rests., Inc.*, 2014 WL 3377105, at *13 (S.D.N.Y. July 9, 2014) (plaintiff must "alleg[e] that the information omitted was solely within the defendant's possession or that a consumer could not reasonably obtain such information").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

shown that Roblox had exclusive knowledge of purported "gambling" of Robux by minors in the off-platform VCs. As the CAC concedes, the VCs are separate sites, which Roblox does not own, control, or operate. ¶¶20-21, 41-43. The CAC is littered with content from the VCs indicating they "operate[] as a gambling website," ¶82; *see also* ¶¶ 87, 99, feature "casino-style games," ¶83, and are "social casinos." ¶96. The CAC also cites publicly-available posts by "social media celebrit[ies]" stating that the VCs are gambling sites that accept Robux, and, despite the VCs statements to the contrary, ¶¶87, 99, 112, allow minors to use the sites, ¶¶141, 143–44. This information is clearly not within Roblox's exclusive knowledge. Thus, Roblox had no duty to disclose it.

**2.     No Actionable Failure to Disclose "Agreement" Amongst Defendants.**

Plaintiffs' allegation that "Defendants" purportedly failed to disclose that "they set up and collectively facilitated an illegal gambling enterprise," ¶254, is also not an actionable omission. This allegation is premised on the flawed contention that "Defendants agreed to create an illegal gambling environment that would cater to Roblox's minor users." ¶¶280, 295, 313, 331, 349. In dismissing Plaintiffs' civil RICO and civil conspiracy claims, the Court held "[t]here are no allegations of a 'common purpose or of organized conduct separate and apart from [Roblox's] ordinary affairs.'" Dkt. 65 at 2; Dkt. 66 at 1. The CAC's identical allegations cannot show a common purpose amongst the Defendants, nor that Roblox violated the cited statutes by purportedly failing to disclose it.

**D.     The California Claims for Monetary Relief Are Barred. (Counts 1-3, 9-11)**

Plaintiffs' California claims all seek monetary recovery of gambling losses and are barred by California's strong "public policy against judicial resolution of civil disputes arising out of gambling contracts or transactions." *Kelly v. First Astri Corp.*, 72 Cal.App.4th 462, 477 (1999). This policy applies "to all forms of gambling, whether legal or illegal." *Id.* at 490. Plaintiffs' UCL claims for restitution, ¶¶231, 246, California negligence and negligence per se claims, ¶¶371, 386, CLRA claim, ¶252, and unjust enrichment claim, ¶¶374, 377, expressly seek monetary recovery of Robux

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

that the Minors allegedly "lost" playing "gambling games" in the VCs. ¶¶154, 161. The CAC overtly describes these losses as "gambling losses," ¶130, and contends that Defendants violated federal and state gambling laws as well as certain California legislative policies on gambling. *E.g.*, ¶¶228, 239-41, 360-62, 377. Even Roblox's 30% commission on all Robux transactions is a "gambling loss" under Plaintiffs' theory, as Plaintiffs seek to recover this fee ***only*** in connection with the Minors' alleged "gambling losses" in the VCs. ¶¶104, 111, 124, 126-27, 130, 136; *see also Jamgotchian v. Sci. Games Corp.*, 2008 WL 11411612, at *2 (C.D. Cal. Oct. 22, 2008) ("[W]e cannot agree that a suit to be placed in the ex ante position after a losing bet is not one to recover gambling losses."), *aff'd*, 371 F. App'x 812 (9th Cir. 2010). In light of California's public policy, Plaintiffs' California claims for monetary relief are not cognizable. *See Ochoa v. Zeroo Gravity Games LLC*, 2023 WL 4291650, at *4-5, 14 (C.D. Cal. May 24, 2023) (dismissing with prejudice "Plaintiff's illegal gambling claims requesting monetary relief"); *Lam v. Hawaiian Gardens Casino*, 2020 WL 806655, at *2-3 (C.D. Cal. Jan. 8, 2020) (dismissing with prejudice claims for fraud, unfair business practices, intentional infliction of emotional distress, and breach of contract); *Jamgotchian*, 2008 WL 11411612, at *2 (dismissing without leave to amend claims for breach of contract, unjust enrichment, negligent misrepresentation, fraud, and negligence); *Alves v. Players Edge, Inc.*, 2007 WL 6004919, at *14 (S.D. Cal. Aug. 8, 2007) (dismissing California state law claims under *Kelly*).

E.     **Plaintiffs' UCL Claims Fail For Lack of Entitlement to Relief. (Counts 1, 2)**

Plaintiffs' UCL claims (Counts 1–2) fail because Plaintiffs Colvin, G.D., Sass, and L.C. cannot plead a basis for any relief. "[UCL] plaintiffs are generally limited to injunctive relief and restitution." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003). Failure to plead entitlement to this relief requires dismissal. *Castillo v. Seagate Tech., LLC*, 2016 WL 9280242, at *8 (N.D. Cal. Sept. 14, 2016) ("Because plaintiffs have not adequately pleaded standing to seek restitution or injunctive relief, their UCL claim is dismissed "); *In re Sony Gaming Networks &*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

*Customer Data Sec. Breach Litig.*, 903 F.Supp.2d 942, 970 (S.D. Cal. 2012) (same). Plaintiffs fail to state a basis for either restitution or injunctive relief under the UCL.

**No Restitution.** Colvin, G.D., Sass, and L.C. cannot obtain restitution under the UCL as the only alleged losses of Robux, including the 30% fee Roblox charges on all user transactions, are gambling losses, ¶¶153-54, 160-61, 213, 231, 246, and California law bars recovery for such losses. *See Kelly*, 72 Cal.App.4th at 477; *supra* Part IV.D. That is true here as the UCL claims are explicitly premised on alleged gambling law violations. **Seven** of the eight laws cited in the unlawful prong claim are **gambling** laws.[12] ¶228. The unfair prong claim also is premised on purported violations of California legislative policies on gambling. ¶¶239-241. Because the only restitution that Plaintiffs seek is for "gambling losses" under the UCL, Plaintiffs lack a cognizable claim for restitution.[13]

**No Injunctive Relief.** Colvin, G.D., Sass, and L.C. also cannot obtain injunctive relief under the UCL. "Injunctive relief is appropriate only when there is a threat of continuing misconduct." *Madrid v. Perot Sys. Corp.*, 130 Cal.App.4th 440, 463 (2005). The allegations that L.C. and G.D. lost Robux by playing "gambling games" in the VCs, which their parents were "not aware" of at the time, ¶¶152-55, 159-62, reflect wholly past conduct, which is insufficient.[14] *Campion v. Old Republic Home Prot. Co.*, 861 F.Supp.2d 1139, 1149-50 (S.D. Cal. 2012) (no UCL injunctive relief when "claim is based entirely on a past transaction"). Plaintiffs do not allege they continue to lose Robux by "gambling" in the VCs, or that they plan do so. *Tellone Prof. Ctr. LLC v. Allstate Ins. Co.*, 2021 WL 1254360, at *7 (C.D. Cal. Jan. 26, 2021) (dismissing UCL injunctive claim as plaintiffs

---

[12] The eighth law for the unlawful prong claim is Plaintiffs' defective CLRA claim, ¶228.h, which fails for the reasons explained *supra* at Part IV.C. and *infra* at Part IV.E.

[13] Of course, if Plaintiffs do not state a violation of the gambling laws, their UCL claims fail for that reason. *See Bernardo v. Planned Parenthood Fed'n of Am.*, 115 Cal.App.4th 322, 352 (2004) (plaintiff has "burden of stating and substantiating a legally sufficient claim of unlawfulness").

[14] In light of Colvin and Sass's allegations that they "would have taken different actions" with respect to their children's "use of the platform" had they known about purported "illegal gambling" in the VCs, ¶¶ 156, 163, they cannot credibly plead that their children will lose Robux through future "gambling" in the VCs as a result of any action by Roblox.

Cooley LLP
Attorneys at Law
San Francisco

14

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

"failed to sufficiently plead facts" to show "the alleged harm is ongoing"). With no basis for restitution or injunctive relief, Plaintiffs fail to state UCL claims.

**F.    Plaintiffs Cannot State a CLRA Claim As A Matter of Law. (Count 3)**

Plaintiffs' CLRA claim is defective as a matter of law as Plaintiffs did not transact for a "good" or "service" within the CLRA's scope. Cal. Civ. Code § 1770(a). Plaintiffs contend the CLRA applies to "the sale of Robux, as well as Roblox's associated services," *i.e.*, providing "access to a gaming platform." ¶251. But Robux is a virtual currency. ¶¶58–59. Because the CLRA defines "goods" as "tangible chattels," Cal. Civ. Code § 1761(a), numerous courts (including this one) have held that "virtual currency is not a good or service for purposes of the CLRA." *Coffee v. Google, LLC*, 2021 WL 493387, at *11 (N.D. Cal. Feb. 10, 2021); *see also Reeves v. Niantic, Inc.*, 2022 WL 1769119, at *2 (N.D. Cal. May 31, 2022) (Chhabria, J.) ("When a consumer purchases a virtual certificate to exchange for virtual goods in a virtual world, they are not buying anything that resembles a 'service' …. They are buying a 'good,' albeit an intangible one that is not covered by the statute."); *In re Ethereummax Inv. Litig.*, 2022 WL 20804358, at *16 (C.D. Cal. Dec. 6, 2022) ("The EMAX Tokens … (i.e., cryptocurrency) cannot be described as anything but intangible goods . . . therefore, the CLRA does not apply."); *Doe v. Epic Games, In*c., 435 F.Supp.3d 1024, 1045-46 (N.D. Cal. 2020) (video game currency not a "good or service"). Plaintiffs' contention that Roblox provides "access to a gaming platform" does not salvage the claim. As Plaintiffs concede, "the platform is *free*" to play. ¶55. The CLRA does not cover providing access to a free platform; it covers only "transactions involving the ***sale or lease*** of 'goods' or 'services.'" *Reeves*, 2022 WL 1769119, at *2; *see also Wofford v. Apple Inc*., 2011 WL 5445054, at *2 (S.D. Cal. Nov. 9, 2011) ("The iPhone's software upgrade was not intended to result in a 'sale or lease' because it was provided free of charge.").[15] Thus, "the case undeniably involves the sale of intangible goods"

---

[15] The Court should decline to follow the reasoning of the non-binding decision in *Doe v. Roblox*

outside the CLRA. *In re Ethereummax Inv.*, 2022 WL 20804358, at *17 (dismissing CLRA claims).

### G.    Plaintiffs Lack Article III Standing for Injunctive Relief.

Plaintiffs lack Article III standing to seek injunctive relief. ¶¶ 30, 282, 300, 318, 336, 354, Prayer for Relief, (h). Under Article III, "plaintiffs must demonstrate standing … for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). "[T]o establish standing to pursue injunctive relief … [plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Plaintiffs merely allege the Minors "lost thousands of Robux playing gambling games" in the VCs. ¶¶154, 161, 168, 175, 182, 189, 196, 203, 210. This conduct is insufficient: "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). Nor is there an imminent threat of future harm. Plaintiffs do not allege that the Minors intend to play the VCs' allegedly "illegal gambling games" in the future. *See Vitiosus v. Alani Nutrition, LLC*, 2022 WL 2441303, at *7 (S.D. Cal. July 5, 2022) (no standing for injunctive relief when "Plaintiffs fail to specifically allege an intent to ever purchase one of Defendant's FIT Bars again."). And given that Plaintiffs are now aware of purported "illegal gambling" of Robux in the VCs, injunctive relief would serve no meaningful purpose because Plaintiffs can "make appropriate" decisions about the Minors' use of Robux. *See Felice v. Guardian Techs. LLC*, 2024 WL 1486140, at*4 (N.D. Cal. Apr. 4, 2024) (dismissing injunctive relief).

### H.    Plaintiffs' Negligence Claims Fail. (Counts 9, 11)

Plaintiffs also fail to state negligence claims. To plead negligence, a plaintiff must allege: (1) a duty by the defendant, (2) a breach of that duty, (3) causation of the alleged injury, and

---

*Corp.*, 602 F.Supp.3d 1243 (N.D. Cal. 2022) (Orrick, J.), which expressly disagreed with this Court's decision in *Reeves*. This Court has already explained why the CLRA does not apply to virtual currency. The reasoning of *Doe* is also flawed because, contrary to the analysis there, the mere provision of "access to [Roblox] metaverse," *id.* at 1263, does not result in a sale of a good or service.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

(4) damages resulting from the alleged breach.[16] Plaintiffs fail to show that Roblox had a duty or caused the Minors to "los[e] Robux" by playing "illegal gambling" games in the offsite VCs. ¶385.

To determine if the defendant has a duty, "courts … distinguish between misfeasance and nonfeasance." *Doe No. 14 v. Internet Brands, Inc.*, 2016 WL 11824793, at *4 (C.D. Cal. Nov. 14, 2016).[17] Misfeasance applies if the defendant "is responsible for making the plaintiff's position worse, i.e., defendant has created a risk," *Weirum v. RKO Gen., Inc.*, 15 Cal.3d 40, 49 (1975), through "active misconduct," *Brown v. USA Taekwondo*, 11 Cal.5th 204, 214-15 (2021). Nonfeasance "is found when the defendant has failed to aid [the] plaintiff through beneficial intervention." *Weirum*, 15 Cal.3d at 49. For misfeasance, a party must "exercise due care in [one's] own actions so as not to create an unreasonable risk of injury to others." *Lugtu v. Cal. Highway Patrol*, 26 Cal.4th 703, 716 (2001). For nonfeasance, "[a]s a general rule, one person owe[s] ***no duty*** to control the conduct of another, nor to warn those endangered by such conduct." *Tarasoff v. Regents of Univ. of Cal.*, 17 Cal.3d 425, 435 (1976) (emphasis added). Roblox owed no duty to prevent the Minors from gambling in the off-platform VCs as this case involves nonfeasance.

Two theories underlie the negligence claims: (1) Roblox's alleged failure to prevent minors on the platform from engaging in "illegal behaviors, including gambling," ¶382, and (2) Roblox's alleged failure to warn parents and minors about "the dangers of illegal gambling schemes," ¶383.

---

[16] *See Parris v. 3M Co.*, 595 F.Supp.3d 1288, 1327 (N.D. Ga. 2022) (Georgia); *Vasilenko v. Grace Family Church*, 3 Cal.5th 1077, 1083 (2017) (California); *Babb v. Lee Cty. Landfill SC, LLC*, 405 S.C. 129, 153 (2013) (South Carolina); *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d 565, 576 (2011) (New York); *Burroughs v. Magee*, 118 S.W.3d 323, 327 (Tenn. 2003) (Tennessee); *Kayfetz v. A.M. Best Roofing*, 832 So.2d 784, 786 (Fla. Ct. App. 2002) (Florida).

[17] Several of the other states also recognize the difference between misfeasance and nonfeasance. *Allstate Prop. & Cas. Ins. Co. v. Sevier Cty. Elec. Sys.*, 666 S.W.3d 429, 450-51 (Tenn. Ct. App. 2022); *Bardy v. Walt Disney World Co.*, 643 So.2d 46, 47-48 (Fla. Ct. App. 1994); *Garrett v. Nationsbank, N.A. (South)*, 228 Ga.App. 114, 119 (1997). The New York Court of Appeals has declined to rely on the misfeasance/nonfeasance distinction in certain specific contexts. *See Applewhite v. Accuhealth, Inc.*, 21 N.Y.3d 420, 426 (2013) (municipality); *Eaves Brooks Costume Co. v. Y.B.H. Realty Corp.*, 76 N.Y.2d 220, 226 (1990) (party not in privity to contract).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

Both theories target nonfeasance. *See Dyroff v. Ultimate Software Grp., Inc.*, 2017 WL 5665670, at *11-15 (N.D. Cal. Nov. 26, 2017) (failure to warn was nonfeasance); *Doe No. 14*, 2016 WL 11824793, at *4 (same); *Lehto v. City of Oxnard*, 171 Cal.App.3d 285, 289 (1985) ("failure to prevent" alleged illegal conduct was "nonfeasance").

Plaintiffs allege that the VCs used Roblox accounts to initiate sales or trades of virtual content with the Minors on Roblox. "Merely operating a website or web-based platform used by malicious third parties" does not "constitute misfeasance." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prod. Liab. Litig.*, 2023 WL 7524912, at *38 (N.D. Cal. Nov. 14, 2023) ("*Soc. Media Addiction Litig.*"). That is especially true where, as here, the VCs' "illegal gambling" sites are not a necessary component of Roblox's platform. *See Doe v. Uber Techs., Inc.*, 2022 WL 4281363, at *3 (N.D. Cal. Sept. 15, 2022). While the Court assumed that misfeasance applied because Roblox operates an interactive platform, Dkt. 65, at 7, *Social Media Cases*, 2023 WL 6847378 (Cal. Super. Ct. Oct. 13, 2023), does not support that view. There, the plaintiffs alleged that the platforms "develop[ed] and use[d] algorithms and operational features … to unreasonably maximize the minors' use of the platforms," causing them to "becom[e] addicted." *Id*. at *25. But Plaintiffs do not allege that Roblox created, developed, or controlled the VCs. Plaintiffs merely assert that Roblox knowingly processes VC transactions and does not ban VC "bot" accounts on the platform. ¶¶26, 118, 132-37. Missing is any affirmative act by Roblox that contributed to the risk of harm. *See Brown*, 11 Cal.5th at 210, 222 (no duty by sport governing body to protect plaintiff from alleged sexual abuse by coach); *Zelig v. Cnty. of Los Angeles*, 27 Cal.4th 1112, 1130 (2002) (no duty by officers to protect courthouse visitors from assailant when they did not increase the risk of harm and had not given the victim a false sense of security). As this case involves nonfeasance, Roblox had no duty to prevent harm by third parties. *See Soc. Media Addiction Litig.*, 2023 WL 7524912, at *35.

Plaintiffs also fail to show the existence of a "special relationship" that might otherwise

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

trigger a duty. *See Brown*, 11 Cal.5th at 215.[18] The Minors are Roblox users, and there is no "special relationship" between an internet platform and its users. *See Ziencik v. Snap, Inc.*, 2023 WL 2638314, at *5 (C.D. Cal. Feb. 3, 2023); *Doe No. 14*, 2016 WL 11824793, at *5.

Though the Court need not consider them, the *Rowland v. Christian,* 69 Cal.2d 108, 112-13 (1968) factors also foreclose a duty.  First, "the most important factor [is] foreseeability." *Margaret W. v. Kelley R.*, 139 Cal.App.4th 141, 161 (2006). Here, the sole alleged harm is "gambling losses" incurred when the Minors navigated ***off*** Roblox to the separate VCs, where they played "gambling games" and "lost" virtual credits they received from the VCs. This alleged harm is not reasonably foreseeable from Roblox's operation of its own platform, where, as Plaintiffs concede, gambling is not allowed. Nor is the claimed harm made more probable because Roblox issues Robux and processes on-platform virtual content transactions.[19] And there is no basis to create a duty based on the foreseeability of illegal conduct by a third party (the VCs) because "[e]veryone can foresee the commission of crime virtually anywhere and at any time." *Jamison v. Mark C. Bloome Co.*, 112 Cal.App.3d 570, 578 (1980). Second, Roblox's operation of its platform is too attenuated from the alleged harms to the Minors in the offsite VCs to impose a duty on Roblox.[20] *See Modisette v. Apple*

---

[18] "[S]pecial relationship situations generally involve some kind of dependency or reliance," *Olson v. Children's Home Soc'y*, 204 Cal.App.3d, 1362, 1366 (1988), *i.e.*, (1) business owners, such as shopping centers, restaurants, and bars, and their patrons; (2) common carriers and passengers; (3) innkeepers and guests; and (4) mental health professionals and patients. Other states recognize the same concept. *E.g., Roe v. Bibby*, 410 S.C. 287, 294-95 (S.C. Ct. App. 2014) (South Carolina); *Main St. Mkt., LLC v. Weinberg*, 432 S.W.3d 329, 337-40 (Tenn. Ct. App. 2013); *Jackson Hewitt, Inc. v. Kaman*, 100 So.3d 19, 28-31 (Fla. Ct. App. 2011) (Florida); *Ihesiaba v. Pelletier*, 448 S.E.2d 920, 923-24 (1994) (Georgia); *Einhorn v. Seeley*, 136 A.D.2d 122, 126 (N.Y. App. Div. 1988).

[19] *See Rodriguez v. Bank of the W.*, 162 Cal. App. 4th 454, 466 (2008) ("[T]here are no allegations in Rodriguez's cross-complaint to suggest that Oberhuber acted in a manner that should have aroused the banks' suspicion" to fraud by the "thieves"); *Software Design & Application v. Hoefer & Arnett*, 49 Cal.App.4th 472, 482 (1996) ("[N]othing in these transactions gave any inkling that SDA or anyone else was a potential victim and, hence, foreseeability becomes a very abstract and rarefied concern….Moreover, foreseeability of harm or knowledge of danger, by itself, is insufficient to create a legally cognizable special relationship giving rise to a duty to prevent harm.").

[20]  The Minors must navigate off the platform, they must use Robux to obtain virtual credits, the VCs must initiate a transaction on the Roblox platform, the Minors must use the virtual credits to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

*Inc.*, 30 Cal.App.5th 136, 146-47 (2018) (attenuation between Apple's design of the iPhone and the injuries weighed against duty). Finally, imposing a duty would be too burdensome as it would require Roblox to police tens of millions user accounts for allegedly illegal off-platform conduct. That duty is untenable, especially given the VCs' efforts to evade detection by Roblox. ¶¶88, 119, 139 n.30. *See Doe No. 14*, 2016 WL 11824793, at *5 ("[I]mposing a duty in this case would likely have a 'chilling effect' on the internet by opening the floodgates of litigation."); *Castaneda v. Olsher*, 41 Cal.4th 1213, 1216-1217 (2007) (landlords had no duty not to rent to gang members given the burdens such a duty would create for landlords and rental applicants).

Even if Roblox had a duty to Plaintiffs, Roblox did not breach it because the alleged harms did not occur on Roblox's platform. *See* Cal. Civ. Code § 1714 (duty of "due care" is limited to "management of [one's] property or person"). Plaintiffs also have not shown that Roblox failed to reasonably manage the platform. Quite the opposite, as demonstrated by the VCs' efforts to evade Roblox's detection methods.[21] Plaintiffs also fail to show that Roblox caused the Minors to lose Robux by "gambling" in the offsite VCs. *See Kumaraperu v. Feldsted*, 237 Cal.App.4th 60, 68 (2015) ("[L]egal responsibility must be limited to those causes which are so close to the result, or of such significance as causes, that the law is justified in making the defendant pay."). Roblox's only alleged link to the Minors' alleged "gambling losses" is that it permits all users—including the Minors and accounts controlled by the VCs—to exchange virtual on-platform content for Robux. Roblox did not create, manage, run, or market the VCs, design their games, or set the odds of winning or losing. ¶¶23, 74, 78-79, 84-92, 98-114. The Court should dismiss the negligence claims.

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss the CAC with prejudice.

---

play "gambling games" in the VCs, and the Minors must lose the virtual credits in the game.
[21] ¶139 n.30 (RBXFlip founder describing a "cat and mouse game" between Roblox and RBXFlip's on-platform "bots," including Roblox's efforts to detect and moderate RBXFlip's bot accounts).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Dated: May 14, 2024                          Respectfully submitted,

2

3                                                 COOLEY LLP
                                                  TIANA DEMAS*
4                                                 KRISTINE A. FORDERER (278745)
                                                  KYLE C. WONG (224021)
5                                                 ROBBY L.R. SALDAÑA*
                                                  JESSICA TAYLOR (339572)
6

7                                                 By: */s/ Tiana Demas*
                                                  _____
8                                                      Tiana Demas

9                                                 Attorneys for Defendant
                                                  ROBLOX CORPORATION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

ROBLOX CORP.'S MOT. TO DISMISS
CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC