| | |
|---|---|
| COOLEY LLP<br>TIANA DEMAS*<br>(tdemas@cooley.com)<br>KEVIN T. CARLSON<br>(ktcarlson@cooley.com)<br>110 N. Wacker Drive, Suite 4200<br>Chicago, IL 60606-1511<br>Telephone: +1 312 881 6500<br>Facsimile: +1 312 881 6598<br><br>KRISTINE A. FORDERER (278745)<br>(kforderer@cooley.com)<br>KYLE C. WONG (224021)<br>(kwong@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, California 94111-4004<br>Telephone: +1 415 693 2000<br>Facsimile: +1 415 693 2222 | COOLEY LLP<br>ROBBY L.R. SALDAÑA*<br>(rsaldana@cooley.com)<br>1299 Pennsylvania Avenue, NW, Ste. 700<br>Washington, D.C. 20004-2400<br>Telephone: +1 202 842 7800<br>Facsimile: +1 202 842 7899<br><br>JESSICA L. TAYLOR (339572)<br>(jtaylor@cooley.com)<br>10265 Science Center Drive<br>San Diego, California 92121-1117<br>Telephone: +1 858 550 6000<br>Facsimile: +1 858 550 6420 |

*Attorneys for Defendant Roblox Corporation*
(*Admitted *Pro Hac Vice*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RACHELLE COLVIN, individually and as next friend of minor Plaintiff, G.D., and DANIELLE SASS, individually and as next friend of minor plaintiff, L.C., DAVID L. GENTRY, individually and as next friend of minor plaintiff, L.G., OSMANY RODRIGUEZ, individually, and as next friend of minor plaintiff, O.R., JOSHUA R. MUNSON, individually and as next friend of minor plaintiffs D.C., J.M., T.T., and R.T, and LAVINA GANN, individually and as next friend of minor plaintiff, S.J., and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>ROBLOX CORPORATION, SATOZUKI LIMITED B.V., STUDS ENTERTAINMENT LTD., and RBLXWILD ENTERTAINMENT LLC,<br><br>  Defendants. | Case No. 3:23-cv-04146-VC<br><br>**DEFENDANT ROBLOX CORPORATION'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED COMPLAINT**<br><br>Judge: Hon. Vince Chhabria<br>Hearing Date: June 20, 2024 at 10:00 am |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

# TABLE OF CONTENTS

Page

I. ARGUMENT .................................................................................................................. 1

    A. Plaintiffs' Omission Claims Violate Rule 9(b). (Counts 1, 3-10) ........................... 1

    B. No Reliance or Causation. (Counts 1, 3-8) ............................................................ 3

    C. No Actionable Omission. (Counts 1, 3-8, 10) ........................................................ 5

    D. Rule 12(g)(2) Does Not Bar Roblox's Arguments. ................................................. 6

    E. Plaintiffs Lack Article III Standing to Seek Injunctive Relief. ............................... 7

    F. The California Claims for Monetary Relief Are Barred. (Counts 1-3, 9-11) ......... 8

    G. Plaintiffs Are Not Entitled to Relief Under the UCL. (Counts 1-2) ....................... 9

    H. Plaintiffs Cannot State a CLRA Claim. (Count 3) .................................................. 9

    I. Plaintiffs' Negligence Claims Fail. (Counts 9, 11) ............................................... 10

II. CONCLUSION ............................................................................................................. 12

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Al Shikha v. Lyft, Inc.*,
No. B321882, 2024 WL 2238661 (Cal. Ct. App. May 17, 2024) .......... 12

*Alfasigma USA, Inc. v. First Databank, Inc.*,
525 F.Supp.3d 1088 (N.D. Cal. 2021) .......... 10

*Almeida v. Apple, Inc.*,
No. 21-CV-07109-VC, 2022 WL 1514665 (N.D. Cal. May 13, 2022) .......... 2

*Anderson v. Apple Inc.*,
500 F.Supp.3d 993 (N.D. Cal. 2020) .......... 3

*In re Apple iPhone Antitrust Litig.*,
846 F.3d 313 (9th Cir. 2017) .......... 7

*Avila v. Bank of Am.*,
No. 17-CV-00222-HSG, 2017 WL 4168534 (N.D. Cal. Sept. 20, 2017) .......... 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 2

*Bobadilla v. SecurityNational Mortg. Co.*,
No. CV 21-992 PSG (ADSX), 2021 WL 4582159 (C.D. Cal. Mar. 15, 2021) .......... 10

*Braden v. Wal-Mart Stores, Inc.*,
588 F.3d 585 (8th Cir. 2009) .......... 11

*Brown v. USA Taekwondo*,
11 Cal.5th 204 (2021) .......... 11

*Browning v. Am. Honda Motor Co, Inc.*,
No. 20-CV-05417-BLF, 2022 WL 824106 (N.D. Cal. Mar. 18, 2022) .......... 3

*Bryde v. Gen. Motors, LLC*,
No. 16-CV-02421-WHO, 2016 WL 6804584 (N.D. Cal. Nov. 17, 2016) .......... 5

*C.W. v. Epic Games, Inc.*,
No. 19-CV-03629-YGR, 2020 WL 5257572 (N.D. Cal. Sept. 3, 2020) .......... 6

*Cho v. Hyundai Motor Co., Ltd.*,
636 F.Supp.3d 1149 (C.D. Cal. 2022) .......... 3

*Crockford's Club Ltd. v. Si-Ahmed*,
250 Cal.Rptr. 728 (Cal. Ct. App. 1988) .......... 9

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Daniel v. Ford Motor Co.*,
    806 F.3d 1217 (9th Cir. 2015) .................................................................................... 3, 4, 5

*Davidson v. Apple, Inc.*,
    No. 16-CV-4942-LHK, 2017 WL 3149305 (N.D. Cal. July 25, 2017) ................................ 3

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ............................................................................................. 7

*Doe v. Roblox Corp.*,
    602 F.Supp.3d 1243 (N.D. Cal. 2022) ......................................................................... 2, 10

*Doe 9 v. Varsity Brands, LLC*,
    No. CV 6:22-3509-HMH, 2023 WL 4113198 (D.S.C. June 21, 2023) ............................. 4

*Eiess v. USAA Fed. Savings Bank*,
    404 F.Supp.3d 1240 (N.D. Cal. 2019) ............................................................................... 8

*Gale v. Int'l Bus. Machines Corp.*,
    9 A.D.3d 446 (N.Y. 2004) ................................................................................................. 4

*Hammerling v. Google LLC*,
    615 F.Supp.3d 1069 (N.D. Cal. 2022) ............................................................................... 6

*Herron v. Best Buy Co.*,
    924 F.Supp.2d 1161 (E.D. Cal. 2013) ............................................................................... 5

*Hodsdon v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018) ............................................................................................. 5

*Hughes v. Apple, Inc*,
    No. 22-CV-07668-VC, 2024 WL 1141751 (N.D. Cal. Mar. 15, 2024) ........................... 12

*In the Matter of Int'l Harvester Co.*,
    104 F.T.C. 949 (1984) ....................................................................................................... 5

*Jamgotchian v. Sci. Games Corp.*,
    No. CV 08-5121 GHK (CWX), 2008 WL 11411612 (C.D. Cal. Oct. 22, 2008),
    *aff'd*, 371 F. App'x 812 (9th Cir. 2010) ............................................................................ 8

*In re JUUL Labs, Inc.*,
    497 F.Supp.3d 552 (N.D. Cal. 2020) ................................................................................. 5

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ........................................................................................... 1

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*Kelly v. First Astri Corp.*,
   72 Cal.App.4th 462 (1999) .................................................................................................. 8, 9

*Kwikset Corp. v. Superior Ct.*,
   51 Cal.4th 310 (2011) ............................................................................................................. 4

*LiMandri v. Judkins*,
   52 Cal.App.4th 326 (1997) ..................................................................................................... 6

*MacDonald v. Ford Motor Co.*,
   37 F.Supp.3d 1087 (N.D. Cal. 2014) ...................................................................................... 3

*Madani v. Volkswagen Grp. of Am., Inc.*,
   No. 17-CV-07287-HSG, 2019 WL 3753433 (N.D. Cal. Aug. 8, 2019) .................................. 4

*Martinez v. Newsom*,
   46 F.4th 965 (9th Cir. 2022) ................................................................................................... 8

*Metropolitan Creditors Serv. v. Sadri*,
   15 Cal.App.4th 1821 (1993) ................................................................................................... 9

*Modisette v. Apple Inc.*,
   30 Cal.App.5th 136 (2018) ................................................................................................... 12

*Najarian Holdings LLC v. Corevest Am. Fin. Lender LLC*,
   No. 20-CV-00799-PJH, 2020 WL 5993225 (N.D. Cal. Oct. 9, 2020) .................................. 10

*Nalley v. Gen. Motors LLC*,
   No. 1:21-CV-04174-WMR, 2022 WL 18459646 (N.D. Ga. Aug. 30, 2022) .......................... 4

*New York v. Arm or Ally, LLC*,
   No. 22-CV-6124 (JMF), 2024 WL 756474 (S.D.N.Y. 2024) ............................................... 11

*In re Qualcomm Litig.*,
   No. 17-CV-00108-GPC-MDD, 2017 WL 5985598 (S.D. Cal. Nov. 8, 2017) ................ 11, 12

*Reeves v. Niantic, Inc.*,
   No. 21-CV-05883-VC, 2022 WL 1769119 (N.D. Cal. May 31, 2022) ............................. 9, 10

*Regency Nissan v. Taylor*,
   194 Ga. App. 645 (1990) ........................................................................................................ 4

*RFT Mgmt. Co., LLC v. Powell*,
   607 F. App'x 238 (4th Cir. 2015) ........................................................................................... 4

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Rogers v. Lyft, Inc.*,
452 F.Supp.3d 904 (N.D. Cal. 2020) ................................................................................................ 7

*Rowland v. Christian*,
69 Cal.2d 108 (1968) ................................................................................................................ 1, 11

*Shah v. Gen. Motors LLC*,
No. 23-CV-04319-SI, 2023 WL 8852491 (N.D. Cal. 2023) ........................................................... 7

*Simon v. SeaWorld Parks & Ent't, Inc.*,
No. 3:21-CV-1488-LL-MSB, 2022 WL 1594338 (S.D. Cal. May 19, 2022) ................................. 3

*Sloan v. Gen. Motors LLC*,
287 F.Supp.3d 840 (N.D. Cal. 2018) .............................................................................................. 2

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prod. Liab. Litig.*,
No. 4:22-MD-03047-YGR, 2023 WL 7524912 (N.D. Cal. Nov. 14, 2023) ............................ 10, 11

*Social Media Cases*,
No. 22STCV21355, 2023 WL 6847378 (Cal. Super. Ct. Oct. 13, 2023) ..................................... 11

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ....................................................................................................................... 7

*Tarasoff v. Regents of Univ. of Cal.*,
17 Cal.3d 425 (1976) ................................................................................................................... 11

*Thunder Marine, Inc. v. Brunswick Corp.*,
No. 8:06CV384 TEAJ, 2007 WL 2302196 (M.D. Fla. Aug. 8, 2007) ........................................... 4

*Tompkins v. 23andMe, Inc.*,
840 F.3d 1016 (9th Cir. 2016) ....................................................................................................... 9

*Vasquez v. Cebridge Telecom CA, LLC*,
569 F.Supp.3d 1016 (N.D. Cal. 2021) ........................................................................................... 8

*Velasco v. Chrysler Grp. LLC*,
No. CV 13-08080 DDP VBKX, 2014 WL 4187796 (C.D. Cal. Aug. 22, 2014) ........................... 2

*Vitiosus v. Alani Nutrition, LLC*,
No. 21-CV-2048-MMA (MDD), 2022 WL 2441303 (S.D. Cal. July 5, 2022) .............................. 8

*In re Vizio, Inc. Consumer Priv. Litig.*,
238 F.Supp.3d 1204 (C.D. Cal. 2017) ............................................................................................ 3

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

vi

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*W. Digital Techs., Inc. v. Viasat, Inc.*,
 No. 22-CV-04376-HSG, 2023 WL 7739816 (N.D. Cal. Nov. 15, 2023) ................................ 7

*Westgate Resorts, Ltd. v. Wesley Fin. Grp., LLC*,
 No. 3:20-CV-00599, 2023 WL 5062065 (M.D. Tenn. Aug. 8, 2023) .................................... 4

**Other Authorities**

Fed. R. Civ. P.
 9(b) ................................................................................................................................ 1, 2, 3
 12(b)(6) ................................................................................................................................ 7
 12(c) .................................................................................................................................... 7
 12(g)(2) ..................................................................................................................... 6, 7, 10
 12(h)(3) ................................................................................................................................ 7

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

vii

**ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC**

Plaintiffs' Opposition fails to remedy the CAC's fatal defects, requiring dismissal.[1] ***First***, Plaintiffs improperly attempt to rewrite the omission claims by arguing that the Parents—who do not allege they ever visited Roblox—"communicated with Roblox when they purchased Robux and necessarily would have seen disclosures through that channel." Opp. 6. These allegations are not in the CAC, a strategic choice. Instead, the CAC alleges that the Minors created their own Roblox accounts and purchased Robux themselves. But the CAC's only specific allegations about reliance on the alleged omission (or causation) are about the ***Parents***, not the Minors. The Parents cannot plausibly allege they would have seen the purportedly omitted information when they do not allege they ever visited Roblox. These defects violate Rule 9(b) and preclude any showing of reliance or causation. ***Second***, Plaintiffs plead ***no*** actionable omission. They do not claim that the alleged offsite gambling makes Roblox or Robux incapable of use or impairs their function, nor do Plaintiffs allege a physical safety threat. ***Third***, Plaintiffs fail to rebut Roblox's argument that the negligence claims concern nonfeasance, which does not support a duty, and *Rowland v. Christian*, 69 Cal.2d 108, 112-13 (1968), otherwise limits such an untenable duty. The Court should dismiss the CAC with prejudice.

I.   ARGUMENT

   A.   **Plaintiffs' Omission Claims Violate Rule 9(b). (Counts 1, 3-10)**

Plaintiffs concede that the CLRA, FDUTPA, GFPBA, GBL, SCUTPA, and TCPA claims must satisfy Rule 9(b). Opp. 5. Contrary to their focus on the alleged "harm," Opp. 4, Rule 9(b) applies to ***all*** claims "grounded in fraud" and "averments of fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). That includes the UCL claim premised on a CLRA violation, ¶228(h), the negligence claims about misrepresentations, ¶383, and the unjust enrichment claims premised on "omissions," ¶377. In their Opposition, Plaintiffs concede they pursue only omission

---

[1] Roblox incorporates by reference all defined terms in its motion to dismiss. Dkt. 87. "Opposition" or "Opp." refers to Plaintiffs' Opposition to Roblox's MTD. Dkt. 92. All "¶s" refer to the Consolidated Complaint. Dkt. 79. Unless otherwise noted, all emphasis is added.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

claims. Opp. 5-15. Omission claims still "must meet … Rule 9(b)." *Almeida v. Apple, Inc.*, 2022 WL 1514665, at *1 (N.D. Cal. May 13, 2022) (Chhabria, J.). Plaintiffs "have not surmounted that hurdle" as they "do[] not allege with particularity which marketing materials each plaintiff relied upon and when or whether the plaintiffs would have seen the information … had it been disclosed." *Id.*

Plaintiffs disingenuously ask the Court to infer that the Parents—the **only** Plaintiffs who claim they would have relied on the allegedly omitted information, ¶¶156, 163, 170, 177, 184, 212—would have seen it. The factual allegations do not support this inference. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must contain "enough factual matter" to raise an inference). The CAC does not allege that the Parents visited Roblox or any Roblox "channel." Opp. 6. Instead, the CAC strategically alleges that the **Minors** created their own Roblox accounts, ¶¶150, 157, 164, 171, 178, 185, 192, 199, the **Minors** "purchased" the Robux they allegedly lost, ¶¶151, 158, 165, 172, 179, 186, 193, 200, 207, and the **Parents** were "not aware" of their children's activities, ¶¶155, 162, 169, 176, 183, 190, 197, 204, 211.[2] These allegations are unlike the car defect omission claims in *Sloan v. Gen. Motors LLC*, 287 F.Supp.3d 840 (N.D. Cal. 2018). There, it was "plausible to infer" that plaintiffs had "interacted with and received information from sales representatives" at a car dealership as it was "highly improbable" that a person would purchase a car "without interacting with a sales representative." *Id.* at 876; *see also Velasco v. Chrysler Grp. LLC*, 2014 WL 4187796, at *5 (C.D. Cal. Aug. 22, 2014) (similar). Of course, Roblox is not a car dealership with salespeople, and the

---

[2] Some Minors allegedly "purchased … Robux through the use of Roblox gift cards that were under [the Minors'] complete ownership and control," ¶¶151, 158, 165, 172, 207, while others allegedly "purchased… Robux **through the use of** [their] parents' credit cards, … linked to [the Minors'] Roblox account." ¶¶ 165, 172, 179, 186, 193, 200, 207. The Parents do not allege they entered their credit card information on Roblox, rather than giving it to the Minors. This was a strategic pleading decision. If the Parents had made these purchases, they would be subject to the mandatory arbitration clause in Roblox's ToU. *See Doe v. Roblox Corp.*, 602 F.Supp.3d 1243, 1252 (N.D. Cal. 2022). The Minors do not allege they would have acted differently if they had seen the alleged omissions, nor could they, as they ignored warnings from the VCs that they must be at least 18 to use the sites. ¶¶87, 99, 122.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

Parents do not allege they made a purchase or interacted with Roblox at all.

The remaining cases Plaintiffs cite are inapposite because they concern plaintiffs who allegedly viewed the defendants' marketing materials before making their purchases. *E.g., Browning v. Am. Honda Motor Co, Inc.*, 2022 WL 824106, at *14 (N.D. Cal. Mar. 18, 2022) ("Plaintiffs have alleged that they viewed these materials and would have been exposed to any disclosure in them prior to purchase.").[3] *Daniel v. Ford Motor Co.*, another car dealership case, was not a Rule 9(b) pleading decision, but rather a summary judgment decision. 806 F.3d 1217, 1225 (9th Cir. 2015). And there, the plaintiffs produced evidence that they "interacted with and received information from sales representatives at authorized Ford dealerships prior to purchasing," which was a "sufficient" factual predicate for a jury to find the plaintiffs would have seen the omission. *Id.* at 1226. Here, the Parents' failure to allege that they visited Roblox requires dismissal of their omission claims. *See Simon v. SeaWorld Parks & Ent't, Inc.*, 2022 WL 1594338, at *4 (S.D. Cal. May 19, 2022).

### B. No Reliance or Causation. (Counts 1, 3-8)

*No Reliance.* Plaintiffs do not dispute that the UCL, CLRA and GFBPA omission claims require showing reliance. Opp. 12-13 & n.6. Nor have they meaningfully addressed the ample authority explaining why the Parents' failure to allege they visited Roblox defeats reliance. Mot. 7-8. Contrary to Plaintiffs' assertion, there is no plausible "inference" that the Parents "interacted with" Roblox's website, Opp. 13, because the CAC alleges that the Minors created their own accounts and

---

[3] *Anderson v. Apple Inc.*, 500 F.Supp.3d 993, 1007 (N.D. Cal. 2020) ("[P]laintiffs explicitly allege that they reviewed marketing and other materials prior to purchasing."); *Cho v. Hyundai Motor Co., Ltd.*, 636 F.Supp.3d 1149, 1165 (C.D. Cal. 2022) ("Plaintiffs …. researched portions of the Hyundai or Kia websites, reviewed 'marketing and promotional materials available at the dealership,' spoke with sales representatives, and saw the Monroney stickers before purchase."); *Davidson v. Apple, Inc.*, 2017 WL 3149305, at *13 (N.D. Cal. July 25, 2017) ("[P]rior to purchase or immediately after…, Plaintiffs reviewed iPhone advertisements, iPhone packaging and information inside of that packaging, and Apple's press releases..."); *In re Vizio, Inc. Consumer Priv. Litig.*, 238 F.Supp.3d 1204, 1229 (C.D. Cal. 2017) (plaintiffs made purchases and "provided a representative sample of … product packaging"); *MacDonald v. Ford Motor Co.*, 37 F.Supp.3d 1087, 1091 (N.D. Cal. 2014) (plaintiffs "reviewed their vehicles' … window stickers or Ford's website prior to purchasing...").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

purchased their own Robux. *See supra* Part I.A. *Nalley v. Gen. Motors LLC*, 2022 WL 18459646 (N.D. Ga. Aug. 30, 2022), is inapposite as the Parents do not allege making purchases. Plaintiffs' recurrent reliance on *Daniel*, Opp. 13, is misplaced. *See supra* Part I.A. Plaintiffs' own post-*Daniel* authority shows that dismissal is proper as the Parents "plead no facts whatsoever to establish that they would have been aware of" the allegedly omitted information prior to purchase. *Madani v. Volkswagen Grp. of Am., Inc.*, 2019 WL 3753433, at *11 (N.D. Cal. Aug. 8, 2019). Plaintiffs also concede there is no "decades-long" campaign, Opp. 13-14, and *Tobacco II* is inapposite here.

*No Causation.* The GBL, FDUTPA, SCUTPA, and TCPA claims require causation.[4] Mot. 6-7, Opp. 14. Plaintiffs' assertion that causation is a "question of fact" for a jury, Opp. 14, relies on inapposite summary judgment and post-trial cases.[5] In splitting hairs between reliance and causation, Plaintiffs ignore that "reliance is the ***causal*** mechanism of fraud." *Kwikset Corp. v. Superior Ct.*, 51 Cal.4th 310, 326-27 (2011). Plaintiffs' claim that Roblox "waived" its causation argument, Opp. 14, is wrong. Roblox squarely argued that there can be ***no*** causation as the Parents failed to allege visiting Roblox or its "channels." Mot. 7-8. The Parents are the ***only*** Plaintiffs who allegedly would have "taken different actions" if they had seen the purportedly omitted information, ¶¶156, 163, 170, 177, 184, 191, 198, 205, 212. By failing to allege they visited the site (and would have seen the information), *see supra* Part I.A, the causal chain is broken. *See Doe 9 v. Varsity Brands, LLC*, 2023 WL 4113198, at *11 (D.S.C. June 21, 2023) (no SCUTPA claim as plaintiff did not "encounter[]" statements); *Gale v. Int'l Bus. Machines Corp.*, 9 A.D.3d 446, 447 (N.Y. 2004) (no GBL claim, "[i]f the plaintiff did not see any of these statements, they could not have been the cause of his injury").

---

[4] Plaintiffs cannot rely on the dismissal order, Dkt. 65 ("Order") to show causation, Opp. 14, as the Order concerned the Minors' UCL standing—*not* the Parents' non-California omission claims.
[5] *Westgate Resorts, Ltd. v. Wesley Fin. Grp., LLC*, 2023 WL 5062065, at *17 (M.D. Tenn. Aug. 8, 2023) (TCPA, summary judgment); *RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015) (unpublished) (SCUTPA, post-trial); *Thunder Marine, Inc. v. Brunswick Corp.*, 2007 WL 2302196, at *6 (M.D. Fla. Aug. 8, 2007) (FDUTPA, summary judgment); *Regency Nissan v. Taylor*, 194 Ga. App. 645 (1990) (GFBPA, post-trial decision).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

### C. No Actionable Omission. (Counts 1, 3-8, 10)

*No Materiality.* Plaintiffs admit that an omission must be material, Opp. 8, but they cannot find materiality in the CAC. Mot. 8 n.8. Relying on *Daniel*, Plaintiffs assert that the "parents of child gamers … would find disclosure of that information at or before the point of sale vitally important to their decision whether to purchase Robux." Opp. 8. But **no Parent** allegedly visited Roblox or a point of sale. *See supra* Part I.A. And, as discussed below, Plaintiffs fail to show that the purported omission concerned "the central characteristics" of Roblox or Robux. Mot. 10; *In the Matter of Int'l Harvester Co.*, 104 F.T.C. 949, 1057 (1984). Plaintiffs' argument that Roblox "focuses almost entirely on California law," Opp. 9, is inaccurate. The materiality standard comes from FTC authority on which every state at issue relies to interpret their "little FTC Act." Mot. 10 n.9 (citing cases).

*No Duty to Disclose.* Plaintiffs also fail to show that Roblox had a duty to disclose. The Opposition confirms that the alleged omission is not "contrary to a representation actually made by the defendant." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018). The only statement Plaintiffs identify is language from the Community Standards prohibiting "simulated gambling" on Roblox. Opp. 11; ¶13. The Court already has held that the "allegations do not squarely contradict the statement. The plaintiffs do not allege that there are any gambling-like experiences on Roblox's site itself." Order at 8. *Herron v. Best Buy Co.*, 924 F.Supp.2d 1161, 1177 (E.D. Cal. 2013), is inapposite because the CAC does not allege any partial representation by Roblox regarding offsite gambling.

Plaintiffs also fail to show that the purported omission raises a physical safety issue or is central to the Roblox platform. ***First***, the CAC does not allege any physical safety threat, and its vague references to "danger[]," ¶7, are insufficient. Plaintiffs' cases all involved product defects that posed a threat to physical safety absent here and gave rise to a duty to disclose. *See In re JUUL Labs, Inc.*, 497 F.Supp.3d 552, 628 (N.D. Cal. 2020) (alleged defect in vaping product created "unreasonable risk to … personal safety"); *Bryde v. Gen. Motors, LLC*, 2016 WL 6804584, at *13

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

(N.D. Cal. Nov. 17, 2016) (non-deploying airbags were a physical safety threat). **Second**, the CAC does not show that the purported omission about the offsite VCs is central to the Roblox platform or Robux. *See* Mot. 10-11. The VCs are separate sites, ¶21, and the only alleged conduct on Roblox (*i.e.*, the sale of virtual items or experiences), is what Roblox and Robux are designed for. ¶¶11, 120. Plaintiffs do not dispute this. Instead, they argue that statements in Roblox's Community Standards expressing Roblox's "belie[f] in building a safe, civil, and diverse community," and prohibiting sexual exploitation of minors on Roblox, Dkt. No. 88-3, somehow make the alleged omission "central to the functioning of Roblox." Opp. 10. This is unalleged and nonsensical. *Avila v. Bank of Am.*, 2017 WL 4168534, at *5 (N.D. Cal. Sept. 20, 2017) (plaintiff cannot amend through opposition). The alleged omission about the off-site VCs simply does not render Roblox or Robux "incapable of use" or prevent them from "performing a critical or integral function." *Hammerling v. Google LLC*, 615 F.Supp.3d 1069, 1086 (N.D. Cal. 2022) (Google's alleged data collection practices not central to function of Android phones); *C.W. v. Epic Games, Inc.*, 2020 WL 5257572, at *5 (N.D. Cal. Sept. 3, 2020) ("refundability terms" not central to Fortnite).

Plaintiffs cannot rely on *LiMandri v. Judkins*, 52 Cal.App.4th 326, 336 (1997) to impose a duty to disclose. Mot. 11-12. *LiMandri* does not give rise to a duty absent a physical safety hazard or defect central to the product. *Hammerling*, 615 F.Supp.3d at 1085-86. Plaintiffs' argument that Roblox had "superior knowledge" about the alleged offsite gambling, Opp. 11, is belied by the CAC's allegations, including public social media posts about the VCs. Mot. 11-12; *e.g.*, ¶¶ 20-21, 41-43, 82, 87, 99. Nor did Roblox have "superior knowledge" about alleged "profiteering," Opp. 11, as the CAC concedes Roblox discloses it 30% fee on all user-to-user transactions. ¶¶28, 57, 72, 124, 126-127.

D.   **Rule 12(g)(2) Does Not Bar Roblox's Arguments.**

Rule 12(g)(2) does not bar Roblox's motion to dismiss the UCL, negligence (standard or per se), and unjust enrichment claims. Opp. 3-4. As a threshold matter, the Rule does not apply to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

Roblox's Article III standing challenge to injunctive relief under the UCL. Fed. R. Civ. P. 12(h)(3); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 320 (9th Cir. 2017) (Rule 12(g)(2) did not apply to Article III challenge). Nor does the Rule apply to Roblox's UCL restitution argument, which concerns the California policy argument Roblox previously raised. Opp. 15. Plaintiffs also ignore that Roblox could raise its arguments in a post-answer Rule 12(c) motion that is "functionally identical" to a Rule 12(b)(6) motion. *W. Digital Techs., Inc. v. Viasat, Inc.*, 2023 WL 7739816, at *2 (N.D. Cal. Nov. 15, 2023). Declining to consider any arguments now would "produce unnecessary and costly delays." *In re Apple iPhone*, 846 F.3d at 318 (refusing to apply Rule 12(g)(2)). Plaintiffs identify no reason to justify delayed consideration, and the arguments are not asserted for a "strategically abusive purpose." *Id.* at 320.[6] Plaintiffs' sole cited case is inapposite because, unlike here, the defendant did not move to dismiss the claims at issue in its first motion. Opp. 3-4.[7] Thus, Rule 12(g)(2) is no bar.

### E.   Plaintiffs Lack Article III Standing to Seek Injunctive Relief.

Plaintiffs cannot evade Article III's standing requirement by conflating it with UCL public injunctive relief, as the latter "**cannot** override the baseline requirements of Article III." *Rogers v. Lyft, Inc.*, 452 F.Supp.3d 904, 919-20 (N.D. Cal. 2020) (Chhabria, J.). Plaintiffs' Opposition, Opp. 16-17, confirms they have not "clearly allege[d] facts demonstrating" standing for injunctive relief under Article III. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). **First**, the Order did not address standing, contrary to Plaintiffs' suggestion. Opp.16. **Second**, Plaintiffs' speculation that the Minors "are at risk of being retargeted by the [VCs]," Opp. 17, is insufficient. "[T]he threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). The CAC alleges only that the Minors lost Robux playing

---

[6] Plaintiffs' accusation that Roblox was not "transparent" in seeking 5 extra pages is nonsensical. Opp. 4 n.2. Roblox's request conformed to the Court's prior order, Dkt. 28, and applied equally to Plaintiffs. And Plaintiffs concede that Roblox's request concerned *all* claims asserted in the CAC.
[7] *See Shah v. Gen. Motors LLC*, 2023 WL 8852491, at *9 (N.D. Cal. 2023).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

"gambling games" in the VCs. ¶¶154, 161, 168, 175, 182, 189, 196, 203, 210. There is no allegation that the Minors intend to do so again.[8] Plaintiffs do not contend (or allege) that they will be "deceived" in the future, nor could they. The CAC alleges the Parents "would have taken different actions with respect to [the Minors'] use of the platform," had they been aware of "illegal gambling" in the VCs, but the Parents are now indisputably aware. *See Vitiosus v. Alani Nutrition, LLC*, 2022 WL 2441303, at *7 (S.D. Cal. July 5, 2022) (plaintiffs could not be deceived because they "can ascertain whether Defendant's representation is true"). **Third**, alleged "risks" to *other* "minor Roblox users," Opp. 17, cannot support standing. "[N]amed plaintiffs … must allege and show that ***they*** personally have been injured, ***not*** that injury has been suffered by others." *Martinez v. Newsom*, 46 F.4th 965, 970 (9th Cir. 2022). Thus, Plaintiffs lack Article III standing for injunctive relief.

### F. The California Claims for Monetary Relief Are Barred. (Counts 1-3, 9-11)

The law is clear that "California's public policy … ***against*** judicial resolution of civil claims arising out of gambling contracts or transactions absent a statutory right to bring such claims, applies to ***all*** forms of gambling, whether legal or illegal." *Kelly v. First Astri Corp.*, 72 Cal.App.4th 462, 490 (1999). Plaintiffs do not dispute that the Minors' alleged losses in the VCs, ¶¶154, 161, are "gambling losses," ¶130, or that the "illicit profits," Opp. 15 n.7, they seek to recover (*i.e.*, Roblox's 30% fee on the transactions) would merely place them in the "ex ante position after a losing bet." *Jamgotchian v. Sci. Games Corp.*, 2008 WL 11411612, at *2 (C.D. Cal. Oct. 22, 2008), *aff'd*, 371 F. App'x 812 (9th Cir. 2010). Plaintiffs do not identify any California law authorizing minors to seek monetary relief arising from allegedly illegal gambling. Instead, they argue without support that *Kelly* does not apply to minors. Opp. 16. A federal court must follow California Supreme Court decisions

---

[8] *Vasquez v. Cebridge Telecom CA, LLC*, 569 F.Supp.3d 1016, 1023 (N.D. Cal. 2021), is distinguishable as the plaintiff alleged a future intent to purchase the at-issue services. *Eiess v. USAA Fed. Savings Bank*, 404 F.Supp.3d 1240, 1258 (N.D. Cal. 2019), is also distinguishable as the plaintiff alleged future harm from allegedly false disclosures regarding customer fees.

Cooley LLP
Attorneys at Law
San Francisco

8

Roblox Corp.'s Reply Brief ISO
Mot. to Dismiss Consolidated Compl.
Case No. 3:23-cv-04146-VC

and, when no such decision exists, "predict how the highest state court would decide the issue using intermediate appellate court decisions." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir. 2016). Plaintiffs do not cite any California Supreme Court case overruling *Kelly* or an intermediate court decision that exempts minors from the policy. Opp. 16.[9] Plaintiffs' assertion that the distinct "in pari delicto doctrine" does not apply to children, Opp. 15, is a red herring as California's policy *alone* bars the claims "as a matter of law." *Kelly*, 72 Cal.App.4th at 490.

### G. Plaintiffs Are Not Entitled to Relief Under the UCL. (Counts 1-2)

Plaintiffs do not dispute that the UCL claims must be dismissed for failure to plead a basis for restitution or injunctive relief and have conceded this issue. Mot. 13-15. Plaintiffs cannot pursue UCL injunctive relief because they lack Article III standing for such relief. *See supra* Part I.E. And, as discussed, California public policy bars Plaintiffs' requested restitution for "gambling losses" and "illicit profits" from alleged "gambling." *See supra* Part I.F. Thus, the UCL claims necessarily fail.

### H. Plaintiffs Cannot State a CLRA Claim. (Count 3)

Plaintiffs do not dispute that the CLRA applies only to transactions for a "good" or "service," and Robux, a virtual currency, is not a good. Mot. 15; Opp. 17-18. Plaintiffs' reliance on a passing reference to "services" in the Order, Opp. 17-18, is misplaced. The Order did not address the CLRA's definition of "service," Order at 3, and this Court already has held that virtual currency is not "anything that resembles a service, as [the CLRA] defines that term." *Reeves v. Niantic, Inc.*, 2022 WL 1769119, at *2 (N.D. Cal. May 31, 2022). Like the PokeCoins in *Reeves*, "[w]hen a consumer buys" Robux, "they are buying a 'good,' albeit an intangible one that is not covered by the [CLRA]." *Id.*; ¶¶55-56. Thus, *Reeves* is not "distinguishable." Opp. 18. *Doe v. Roblox Corp.*, 602 F.Supp.3d

---

[9] Plaintiffs misquote *Metropolitan Creditors Service v. Sadri*, which stated that "[w]hile the public policy against [acceptance of gambling] has been substantially eroded, the public policy against enforcement of gambling debts] **has not**." 15 Cal.App.4th 1821, 1828 (1993). *Crockford's Club Ltd. v. Si-Ahmed*, 250 Cal.Rptr. 728, 730 (Cal. Ct. App. 1988), is inapposite as its "public policy analysis was rejected in *Metropolitan*." *Kelly*, 72 Cal.App.4th at 486.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

1243, 1263 (N.D. Cal. 2022), is inapposite as this Court has "disagree[d] with" its reasoning. *Reeves*, 2022 WL 1769119, at *2. Plaintiffs' CLRA claims fail as a matter of law.

I.   **Plaintiffs' Negligence Claims Fail. (Counts 9, 11)**

Plaintiffs provide no basis to permit the negligence (standard and per se) claims to proceed further. The prior Order does not, as Plaintiffs contend, Opp. 18, preclude the Court from revisiting the issue of duty. *See Alfasigma USA, Inc. v. First Databank, Inc.*, 525 F.Supp.3d 1088, 1095 (N.D. Cal. 2021) ("The Court is … free to assess Plaintiff's amended complaint in its entirety on the merits."). Nor does Rule 12(g)(2) bar these arguments.[10] *See supra* Part I.A. On the merits, Plaintiffs fail to address and thus concede that they have not alleged any breach, which alone warrants dismissal. Mot. 20; Opp. 18-20; *Bobadilla v. SecurityNational Mortg. Co.*, 2021 WL 4582159, at *1 (C.D. Cal. Mar. 15, 2021) ("arguments to which no response is supplied are deemed conceded.").

Plaintiffs also fail to rebut Roblox's duty arguments. Plaintiffs do not dispute the absence of any special relationship between Roblox and the Plaintiffs.[11] Mot. 18-19; Opp. 18-20. They do not respond to and thus abandon their theory that Roblox allegedly fails to warn parents and minors about "the dangers of illegal gambling schemes," ¶383; Mot. 18. Plaintiffs' remaining theory that Roblox fails to prevent the VCs from using the platform to harm the Minors, ¶382-85, Opp. 1-3, makes the misfeasance/nonfeasance framework (not a general duty of care, Opp. 18), the relevant starting point. Mot. 17; *In re Soc. Media Addiction Litig.*, 2023 WL 7524912, at *38 (N.D. Cal. Nov. 14, 2023).

Plaintiffs concede, Opp. 19, that misfeasance requires that a defendant "has ***engaged in*** activities that created or increased the plaintiff's risk of harm." *Brown v. USA Taekwondo*, 11 Cal.5th

---

[10] Roblox "did not omit a defense that was available to it previously." *Najarian Holdings LLC v. Corevest Am. Fin. Lender LLC*, 2020 WL 5993225, at *10 (N.D. Cal. Oct. 9, 2020). Plaintiffs concede that Roblox previously raised a no-duty defense. Opp. 18; Dkt. 31 at 18-19.

[11] Plaintiffs' assertion that Roblox has "waived" challenges to the non-California negligence claims, Opp. 18 n.9, is incorrect. Plaintiffs identify no material difference in the negligence law of those states, and Roblox's motion describes the framework applicable to them, Mot. 16-20.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

204, 214 n.5 (2021). But Roblox "play[s] no meaningful part in exposing the plaintiff[s] to harm." *Id.* There is no dispute that "[m]erely operating a website or web-based platform used by malicious third parties" is **not** "misfeasance." *Soc. Media Addiction Litig.*, 2023 WL 7524912, at *38. The CAC merely repeatedly alleges that Roblox fails to "stop" the VCs from using the platform, which is classic nonfeasance. *E.g.*, ¶26. The assertion that Roblox allows VCs "to take control of minor users' Robux wallets," Opp. 19, is contradicted by the allegation that the VCs "take control," ¶21, when **users** "past[e] their Roblox 'cookie'" in the VCs, ¶89. Nor is the VCs' alleged participation in DevEx enough to show misfeasance as "Roblox interacts with the representatives of the [VCs] the same way that it interacts with other users and developers on its platform." Order at 2; *see Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 597 (8th Cir. 2009) (not "plausible" to find illegality from what "one would expect from lawful conduct"). Roblox's nonfeasance means it had "**no** duty to control the conduct of another, nor to warn." *Tarasoff v. Regents of Univ. of Cal.*, 17 Cal.3d 425, 435 (1976).

Plaintiffs' *Rowland* arguments fare no better. Citing the demurrer decision in *Social Media Cases*, 2023 WL 6847378 (Cal. Super. Ct. Oct. 13, 2023), Plaintiffs argue that foreseeability under *Rowland* is met "where [a] web platform is aware that its technology is being used to facilitate harm to users for profit." Opp. 20.[12] *Social Media Cases* says **no** such thing. The court found foreseeability because the defendants allegedly "deliberately tweaked the design and operation of their apps" to target kids and "a decade of … studies demonstrate[d] that dangerous features engineered into Defendants' platforms" harmed kids. *Social Media Cases*, 2023 WL 6847378, at *25. Unlike the demurrer standard in California state court, "in federal court the plaintiff must meet **higher** pleading standards under *Twombly* and *Iqbal* to state a claim for relief that is 'plausible' on its face." *In re*

---

[12] Plaintiffs erroneously rely on *New York v. Arm or Ally, LLC*, 2024 WL 756474, at *12 (S.D.N.Y. 2024), where the State of New York brought suit against sellers of ghost guns. That case did not address foreseeability for the purposes of imposing a duty in negligence, but rather for the purpose of analyzing alleged violations of GBL § 349 and NY Exec. Law Sec. 63(12).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

*Qualcomm Litig.*, 2017 WL 5985598, at 10 n.8 (S.D. Cal. Nov. 8, 2017). Plaintiffs do not allege that Roblox intentionally designed the DevEx Program, the 30% fee on all Robux transactions, or the Roblox Security cookie to enable "illegal gambling" in the VCs, let alone by minors. Nor do they plausibly allege that Roblox could foresee—years before the first VC existed in 2019, ¶81—that its users would go *offsite* to play "gambling games" in the VCs. Mot. 19. Roblox's design and operation of its platform is simply too attenuated from the alleged harms.[13]

Plaintiffs' bare assertion that Roblox faces no "extraordinary burden," Opp. 20, ignores their demand that Roblox "identify[], track[], and disabl[e]" every account allegedly "engaged in illegal activity" off the platform. *Id*. This burden is untenable as a matter of law and common sense. Mot. 20; *Al Shikha v. Lyft, Inc.*, 2024 WL 2238661, at *8 (Cal. Ct. App. May 17, 2024) (imposing a duty on Lyft to conduct background checks on all riders "would be a burdensome, dubiously effective and socially questionable obligation"). Plaintiffs omit that the VCs openly *evade* detection by Roblox, as the CAC shows. ¶139 n.30. The practical impact is that Roblox would need to painstakingly investigate billions of transactions involving virtual content on its platform—transactions at the heart of Roblox's design, ¶¶2, 10—and somehow ascertain which ones are a cover for "gambling" in separate platforms that Roblox does not control or operate. Nothing alleged in the CAC justifies "the extremely burdensome and questionably effective crime prevention measures" Plaintiffs demand. *Al Shikha*, 2024 WL 2238661, at *11. The negligence claims should be dismissed with prejudice.

## II.   CONCLUSION

For the foregoing reasons, the Court should dismiss the CAC with prejudice.

---

[13] *Modisette v. Apple Inc.*, 30 Cal.App.5th 136, 143 (2018), is on point because, like the alleged harms to a driver using FaceTime while driving, the mere operation of Roblox platform is too attenuated from alleged "gambling losses" in the offsite VCs. Mot. 19-20 n.20. *Hughes v. Apple, Inc.*, a case that involved alleged stalking via negligently designed AirTags, is inapposite as the "sole function" of the AirTags was "to track location." 2024 WL 1141751, at *7 (N.D. Cal. Mar. 15, 2024). Plaintiffs do not and cannot allege that the "sole function" of Roblox or Robux is "illegal gambling."

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC

Dated: June 4, 2024

Respectfully submitted,

COOLEY LLP
TIANA DEMAS*
KRISTINE A. FORDERER (278745)
KYLE C. WONG (224021)
ROBBY L.R. SALDAÑA*
KEVIN T. CARLSON*
JESSICA TAYLOR (339572)

By: */s/ Tiana Demas*
    Tiana Demas

Attorneys for Defendant
ROBLOX CORPORATION

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

ROBLOX CORP.'S REPLY BRIEF ISO
MOT. TO DISMISS CONSOLIDATED COMPL.
CASE NO. 3:23-CV-04146-VC