1   COOLEY LLP
    TIANA DEMAS*
2   (tdemas@cooley.com)
    KEVIN T. CARLSON*
3   (ktcarlson@cooley.com)
    110 N. Wacker Drive, Suite 4200
4   Chicago, IL 60606-1511
    Telephone:    +1 312 881 6500
5   Facsimile:    +1 312 881 6598

6   KRISTINE A. FORDERER (278745)
    (kforderer@cooley.com)
7   KYLE C. WONG (224021)
    (kwong@cooley.com)
8   3 Embarcadero Center, 20th Floor
    San Francisco, California 94111-4004
9   Telephone:    +1 415 693 2000
    Facsimile:    +1 415 693 2222

10

11  *Attorneys for Defendant Roblox Corporation*
    (*Admitted *Pro Hac Vice*)

COOLEY LLP
ROBBY L.R. SALDAÑA (356226)
(rsaldana@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

JESSICA L. TAYLOR (339572)
(jtaylor@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14              SAN FRANCISCO DIVISION

15  ARACELY SOUCEK individually and as next
    friend of minor Plaintiff, N.S., YANIV DE
16  RIDDER, individually and as next friend of
    minor Plaintiff T.D., DANIELLE SASS,
17  individually and as next friend of minor
    plaintiff, L.C., DAVID L. GENTRY,
18  individually and as next friend of minor
    plaintiff, L.G., and LAVINA GANN,
19  individually and as next friend of minor
    plaintiff, S.J., and on behalf of all others
20  similarly situated,

21              Plaintiffs,

22          v.

23  ROBLOX CORPORATION, SATOZUKI
    LIMITED B.V., STUDS ENTERTAINMENT
24  LTD., and RBLXWILD ENTERTAINMENT
    LLC,

25              Defendants.

26
    ROBLOX CORPORATION,
27
                Cross-Plaintiff,
28

Case No. 3:23-cv-04146-VC

**DEFENDANT ROBLOX CORPORATION'S:**

**(1) FIRST AMENDED ANSWER TO
    PLAINTIFFS' FIRST AMENDED
    CONSOLIDATED CLASS ACTION
    COMPLAINT**

    **AND**

**(2) CROSS-COMPLAINT**

Judge: Hon. Vince Chhabria

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    v.

2    SATOZUKI LIMITED B.V., RBLXWILD
     ENTERTAINMENT LLC, STUDS
3    ENTERTAINMENT LTD., BASED PLATE
     STUDIO LLC, and JOHN DOE #1,

4
                    Cross-Defendants.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Pursuant to Federal Rule of Civil Procedure 15(a)(1), which permits amendment of a pleading once as matter of course within 21 days after serving it, Defendant Roblox Corporation ("Roblox"), by and through its undersigned counsel, hereby amends its answer (the "Answer," ECF No. 117), to Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC" or "Complaint") (ECF No. 115) and pleads cross-claims as follows:

## ROBLOX'S ANSWER

Roblox admits that Plaintiffs have filed the FAC on behalf of Plaintiffs Aracely Soucek, and N.S., Yaniv De Ridder, and T.D., Danielle Sass, and L.C., David L. Gentry and L.G., and Lavina Gann, and S.J., and against Defendants Roblox, Satozuki Limited B.V. ("Satozuki"), Studs Entertainment Ltd. ("Studs"), and RBLXWild Entertainment LLC ("RBLXWild"). Roblox denies that Plaintiffs are entitled to represent a class or obtain any relief from Roblox. Roblox further states that it lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this paragraph and denies them on that basis.

1.      Roblox denies that Plaintiffs are entitled to represent a class or obtain relief. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the relationship between Plaintiffs and "their minor children" and denies them on that basis. Insofar as Plaintiffs contend that Roblox and the other Defendants are "co-conspirators," Roblox responds that the Court dismissed Plaintiffs' civil conspiracy claims. ECF No. 66 at 1. The allegations in this paragraph set forth legal arguments and conclusions for which no response is required. To the extent that any answer is required, Roblox denies the allegations and characterizations in this Paragraph to the extent they relate to Roblox. Roblox lacks sufficient knowledge or information to form a belief as to the allegations to the extent they are made against other Defendants, and on that basis denies them.

2.      As to the first sentence, Roblox admits that it is a fast-growing gaming platform, where users can share experiences with each other in immersive, user-generated 3D worlds. As to the second sentence, Roblox admits that it is an online gaming platform that allows users to interact with one another and play games, which is free to join and free to download. Roblox further states that Roblox users may purchase Virtual Content on the Roblox Services using Roblox's virtual

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

currency called Robux.

3.     As to the first sentence, Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegation that it "is the largest entertainment website in the world for kids." Roblox states that data as of Q2 for 2024 shows approximately 79.5 million daily active users. As to the second sentence, Roblox admits that its most recent Form 10K filed on February 21, 2024 states that 49% of its users self-report being under the age of 18. Roblox denies that "more than half of all users" on the platform are "under the age of 13" as data from Q2 2024 shows that approximately 58% of users are aged 13 or older.[1]

4.     Roblox admits that in the referenced YouTube video published on July 31, 2020, Roblox provided "our best estimates that around three quarters of the 9-12 year olds in the United States right now are hanging out on Roblox on a monthly basis." No response is required to the remainder of this allegation, which reflects Plaintiffs' characterizations of the cited video. To the extent a response is required, Roblox denies the characterizations of the substance of the video.

5.     Denied.

6.     Denied.

7.     The allegations in this paragraph purport to characterize statements made by unidentified "agencies" and "groups" to which no response from Roblox is required. Roblox states that the document cited in footnote 2 speaks for itself and denies Plaintiffs' characterizations of the substance of the document.

8.     The allegations in this paragraph purport to characterize "press articles" by third parties to which no response from Roblox is required. Roblox further states that the document cited in footnote 3 speaks for itself and denies Plaintiffs' characterizations of the substance of the document.

9.     Roblox denies the allegations in this paragraph that pertain to Roblox. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning co-Defendants.

---

[1] See Roblox, Opening Keynotes | RDX 2024, YouTube, at 8:58 (Sept. 6, 2024), available here: https://www.youtube.com/watch?v=gYjYJmf3_wA&t=3s.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

10.     Roblox admits that, subject to Roblox's Terms of Use and Community Standards, users may purchase Virtual Content on Roblox's Services for use on Roblox's Services. "Virtual Content" and "Services" are defined in Roblox's Terms of Use, last updated August 14, 2024. The Roblox help article referenced in Paragraph No. 10 speaks for itself, and Roblox denies Plaintiffs' characterization of the article.

11.     Roblox admits that Robux may be purchased using a credit card, digital payment service such as Apple Pay, or Roblox gift card, among other methods. Roblox admits that Robux can be used to acquire Virtual Content on Roblox's Services.

12.     Roblox denies Plaintiffs' allegations characterizing why Roblox allows adults to purchase Robux. Roblox admits that an individual must be at least 18 years old to use a credit card, bank card, or other online payment method like Apple Pay to purchase Robux from Roblox. Roblox admits that a user may redeem a Robux gift card for Robux. Roblox denies the remaining allegations in this paragraph.

13.     Roblox states that the allegations in this paragraph concern fraud-based claims that the Court has dismissed with prejudice and without leave to amend. *See* ECF No. 65 at 8-9 ("The complaint advances a series of claims premised on allegations that Roblox misrepresented its platform to consumers as free from gambling …. The plaintiffs do not allege that there are any gambling-like experiences on Roblox's site itself."); ECF No. 108 at 1-3 (dismissing fraud-based claims with prejudice and without leave to amend). To the extent a further response is required, Roblox states that the Roblox Community Standards cited in footnote 5 (which Plaintiffs incorrectly refer to as Roblox's Terms of Service in Paragraph 13) speak for themselves. Roblox denies Plaintiffs' characterizations of the Community Standards.

14.     As to the first sentence, Roblox states that the allegations in this paragraph concern fraud-based claims that the Court has dismissed with prejudice and without leave to amend and denies them on that basis. *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. As to the second sentence, Roblox denies that it "in fact" "allows third-party gambling websites to use the Roblox website to accept online bets using Robux." Roblox lacks sufficient knowledge or information to form a belief as to the truth of Plaintiffs' characterization that the third-party websites are "highly popular" and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

on that basis denies it. The allegations in this paragraph otherwise set forth legal conclusions or arguments to which no response is required. To the extent a further response is required, Roblox denies Plaintiffs' characterization that Roblox "allows" and/or "facilitates" conduct by Defendants Satozuki, Studs, and RBLXWild. As discussed below, Roblox has taken actions against the third-party websites since at least 2019, as discovery produced to Plaintiffs shows.

15.    Roblox states that the allegations in this paragraph concern fraud-based claims that the Court has dismissed with prejudice and without leave to amend and denies them on that basis. *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. To the extent a response is required, Roblox denies Plaintiffs' characterizations in this paragraph about Roblox and Robux.

16.    Roblox states that the allegations in this paragraph concern fraud-based claims that the Court has dismissed with prejudice and without leave to amend. *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. The allegations in this paragraph otherwise contain legal conclusions or arguments to which no response is required. To the extent a response is required, Roblox denies the allegations in this paragraph.

17.    Roblox denies this allegation as this Complaint itself shows that the alleged transactions occur on third-party websites off of the Roblox platform. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

18.    Roblox admits that it has records of user-to-creator transactions on the Roblox Services in which users exchange Robux for Virtual Content. Such data shows, among other things, the Roblox user accounts that engaged in the transactions. Roblox otherwise denies Plaintiffs' characterizations.

19.    As to the first sentence, Roblox denies Plaintiffs' allegations characterizing Roblox's transaction data regarding user-to-creator transactions for Virtual Content that occur on the Roblox Services. Roblox denies that it "allows illicit gambling" by any user. As to the second sentence, Roblox denies that the alleged transactions "require" its "affirmative support to continue." As to the third sentence, Roblox denies that it "profits" from the alleged transactions. Roblox lacks sufficient information or knowledge to form a belief as to the truth of Plaintiffs' characterization

Cooley LLP
Attorneys at Law
San Francisco

6

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

that the challenged transactions are "to the detriment of its users." Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

20.    As to the first sentence, Rolox denies Plaintiffs' characterizations about a purported "process." Roblox admits that Robux can be purchased on the Roblox website with a credit card or debit card, among other payment methods, and that users may redeem gift cards for Robux. When a user purchases Robux via a credit card or another online payment method, the user must agree to the Roblox Terms of Use. When the user first submits payment information, the user confirms that "you are at last 18 years old."[2] If a user redeems a Roblox credit as the payment method, the user confirms that "By redeeming your code, you represent that you, and your parent or legal guardian if you are under age 18, agree to our Terms of Use including the arbitration clause and Gift Card Terms & Conditions and acknowledge our Privacy Policy."[3] As to the second sentence, Roblox admits that the alleged third-party websites are not part of Roblox's Services. As to the third and fourth sentences, Roblox denies that a user can "link" their Robux wallet to the third-party websites at issue or that the third-party websites "convert" Robux to non-Robux. As to the fifth sentence, Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies Plaintiffs' characterizations of Roblox's transaction data and purported "knowledge." Roblox admits that it has records of user-to-creator transactions for Virtual Content that occur on the Roblox Services and denies that Roblox can see what the third-party websites are doing on their own separate platforms.

21.    Roblox admits a user must navigate off the Roblox Services to access the third-party websites. Roblox admits that its Terms of Use prohibit users from using, acquiring, or distributing Robux except through the Services and as expressly allowed by Roblox under its Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response

---

[2]    *E.g*, Roblox, Secure Payment Method – Credit Card, available here: https://www.roblox.com/upgrades/xsollapayment?ap=470&paymentMethod=XsollaCreditDebitCards.
[3]    *E.g.*, Roblox, Secure Payment Method - Roblox Credit, available here: https://www.roblox.com/upgrades/redeem?ap=470&pm=redeemCard&selectedUpsellProductId=0.

Cooley LLP
Attorneys at Law
San Francisco

7

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

is required, but to the extent a response is required, Roblox denies them.

22.    Roblox admits that exchanges of Robux in user-to-creator transactions for Virtual Content may occur only on the Roblox Services. Roblox denies that it "allows" the third-party websites "to establish a Robux exchange within the Roblox ecosystem." Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

23.    Roblox denies the allegations about it. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this paragraph as they relate to the other Defendants and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

24.    Roblox denies that the alleged "exchange" occurs with its "knowledge and active support." Roblox admits that its Terms of Use prohibit users from using, acquiring, or distributing Robux except through the Services and as expressly allowed by Roblox under its Terms of Use. Roblox denies Plaintiffs' characterizations of Robux being "cashed out," which are incomplete. As discussed below, Roblox admits that developers in the Roblox Developer Exchange ("DevEx") Program may be eligible to cash out earned Robux subject to various requirements.

25.    Denied.

26.    Denied.

27.    Denied. As Roblox's Terms of Use state, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency."[4] Roblox lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this paragraph as they relate to the other Defendants and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

28.    Denied.

---

[4] *See* Roblox, Terms of Use, § 3, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29.    Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to other Defendants, "Plaintiffs' minor children," and unnamed individuals, and on that basis denies them. Roblox denies that it has taken any "cut of the money" allegedly obtained by the third-party websites. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

30.    The allegations in this paragraph set forth legal conclusions or arguments to which no response is required. Roblox denies that Plaintiffs are entitled to represent a class or to obtain any relief.

31.    Roblox admits that Plaintiffs contend that Aracely Soucek is a citizen and resident of California and the parent and next friend of N.S., whom Plaintiffs contend is a minor and a citizen and resident of California.

32.    Roblox admits that Plaintiffs contend that Yaniv De Ridder is a resident of California and the parent and next friend of T.D., whom Plaintiffs contend is a minor residing in Belgium.

33.    Roblox admits that Plaintiffs contend that Danielle Sass is a citizen and resident of New York and the parent and next friend of L.C., whom Plaintiffs contend is a minor and a citizen and resident of New York.

34.    Roblox admits that Plaintiffs contend that David L. Gentry is a citizen and resident of South Carolina and the parent and next friend of L.G., whom Plaintiffs contend is a minor and a citizen and resident of South Carolina.

35.    Roblox admits that Plaintiffs contend that Lavina Gann is a citizen and resident of Tennessee and the parent and next friend of S.J., who Plaintiffs contend is a minor and a citizen and resident of Tennessee.

36.    Roblox admits that it is a corporation incorporated in the State of Delaware. Roblox admits that its principal place of business is presently located at 970 Park Place, San Mateo, California 94403. Roblox further admits that it conducts and transacts business in the Northern District of California and throughout the United States.

Cooley LLP
Attorneys at Law
San Francisco

9

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

37.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required. Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox further states that the paragraph creates the misleading impression that RBXFlip is operational or was operational at the time Plaintiffs filed the initial complaint in this case on August 15, 2023. ECF No. 1. Publicly available sources show that RBXFlip became non-operational on or around July 20, 2023. Thus, each and every iteration of the complaint filed in this case, including the original complaint, has incorrectly stated and given the incorrect impression that RBXFlip was operational at the time of the Complaint's filing.

38.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required. Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

39.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required. Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

40.    The allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Roblox states that it lacks sufficient information or knowledge to form a belief as to the contention that this putative class action satisfies the minimum amount in controversy of $5,000,000 necessary for this Court to exercise any jurisdiction over the claims asserted in this case and on that basis denies the allegation. Roblox further states that it lacks sufficient information or knowledge to form a belief as to the remaining allegations and denies them on that basis.

41.    The allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Roblox admits that its principal place of business is located in California. Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to any other Defendant and on that basis denies them.

Cooley LLP
Attorneys at Law
San Francisco

10

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

1     42.    The allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, the allegations as to Roblox are denied. Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as to any other Defendant and on that basis denies them.

43.    Roblox denies Plaintiffs' allegations characterizing Roblox. Roblox further states that the cited document speaks for itself and denies Plaintiffs' characterizations of the substance of the document.

44.    Denied.

45.    Roblox denies Plaintiffs' allegations characterizing Roblox. Roblox further states that the cited documents speak for themselves and denies Plaintiffs' characterizations of the substance of the documents. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

46.    As to the first sentence, Roblox states that the Court has already determined that "the complaint fails to plead the existence of a conspiracy that includes Roblox." ECF No. 66 at 1. Roblox denies that it "act[s] in concert" with any other Defendant and denies the remainder of the sentence. As to the second sentence, Roblox denies Plaintiffs' characterization of the Roblox Services. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this paragraph as they relate to the other Defendants and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

47.    Denied.

48.    Roblox denies the allegations in this paragraph about itself and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

49.    As to the first sentence, Roblox admits that it was founded in 2004 by David Baszucki and Erik Cassel. Roblox admits that the Roblox platform officially launched on September 1, 2006. As to the second sentence, Roblox admits that it operates a free to use

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

immersive platform for connection and communication where people come to create, play, work, learn, and connect with each other in experiences built by Roblox's global community of creators. Roblox lacks sufficient information or knowledge to form a belief as to the factual contention that the Roblox platform was "built by a platform of nearly 7 million developers." Roblox admits that data as of Q2 2024 shows that the Roblox Services have an estimated 2.5 million developers. As to the third sentence in this paragraph, Roblox states that the cited article in footnote 9 speaks for itself and denies Plaintiffs' characterization of the substance of the document.

50.    As to the first sentence, Roblox states that the Roblox Services include the Roblox Client and Roblox Studio. As to the second sentence, Roblox states that the Roblox Client allows users to explore the Roblox Services through a customizable avatar. As to the third sentence, Roblox states that the Roblox Studio is a free software tool available to all Roblox users, which can be used to create, develop, modify, operate, and publish 3D Experiences, Virtual Content, and other user-generated content ("UGC") on the Services, as explained in Roblox's Terms of Use. As to the fourth sentence, Roblox states that users may use Roblox Studio to create Virtual Content (which include all Virtual Items and In-Experience Items, as defined in Roblox's Terms of Use), which they can sell to other Roblox users for Robux. As to the fifth sentence, Roblox states that users can purchase Virtual Content on Roblox's Marketplace using Robux, the official currency of Roblox. Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency.

51.    As to the first sentence, Roblox denies Plaintiffs' characterizations of the Roblox platform. Roblox admits that Robux is the official currency of Roblox. As to the second sentence, Roblox admits that Roblox's Services are free and denies that "nearly all experiences require the user to spend Robux in order to participate in the activities on the platform." Roblox further states that only a small portion of Roblox's users have historically been payers.

52.    As to the first sentence, Roblox admits that Robux may be purchased via Roblox's Services in various quantities through authorized methods. As to the second sentence, Roblox states that Robux can be used to acquire Virtual Content (which include all Virtual Items and In-Experience Items, as defined in Roblox's Terms of Use) on Roblox's Services. As to the third

Cooley LLP
Attorneys at Law
San Francisco

12

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

sentence, Roblox denies Plaintiffs' characterizations of the Roblox Developer Exchange ("DevEx") Program as incomplete. The DevEx Program allows creators to become eligible to exchange their Earned Robux for real world currency only if they satisfy numerous requirements.[5]

53.    Roblox admits the allegations in the first sentence insofar as it refers to the sale of Robux by Roblox. As to the second sentence, Roblox admits that, unless the Robux are refunded, Roblox takes at least 30% of Robux exchanged in all user-to-creator transactions for Virtual Content, and denies the remainder of the allegation.

54.    As to the first sentence, Roblox denies Plaintiffs' characterization of Robux and Roblox's Services. As to the second sentence, Roblox states that the Roblox March 2022 Quarterly Report speaks for itself and denies Plaintiffs' characterization of the substance of the document.

55.    Roblox admits the allegations in the first and second sentences of this paragraph. As to the third sentence, Roblox admits it has records of user-to-creator transactions for Virtual Content on the Roblox Services. Roblox denies Plaintiffs' characterization of Roblox's knowledge.

56.    As to the first and second sentence, Roblox denies Plaintiffs' characterizations of Robux and denies that "Robux have actual monetary value." As Roblox's Terms of Use state, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency."[6] As to the third sentence, Roblox admits that users can purchase Robux on the Roblox platform using credit or debit card. Roblox admits that it currently has Roblox packages in the United States of 400 Robux for $4.99 and 800 Robux for $9.99.[7] As to the fourth sentence, Roblox admits that a user may subscribe to Robux Premium to receive a monthly allowance of Robux. While the user does not have to be over 18, the individual who purchases the Robux Premium subscription must agree that they are over 18 years of age.[8]

57.    Denied.

58.    Roblox denies Plaintiffs' characterizations in this paragraph. Roblox admits that, in

---

[5] Roblox, Developer Exchange Terms of Use, § 2, available here: https://en.help.roblox.com/hc/en-us/articles/115005718246-Developer-Exchange-Terms-of-Use.
[6] *See* Roblox Terms of Use, § 3.a, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.
[7] *See* Roblox, Buy Robux, available here: https://www.roblox.com/upgrades/robux.
[8] *Id.*

Cooley LLP
Attorneys at Law
San Francisco

13

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

2013, it launched the DevEx Program which allows developers who meet specific criteria to be eligible to cash out Robux earned on the Roblox Services for real world currency at a rate set by Roblox.

59.     Roblox denies Plaintiffs' characterizations in this paragraph as to the DevEx Program. Contrary to the first sentence, only Earned Robux are eligible to be converted to real world currency. Roblox admits that only DevEx participants may exchange Earned Robux for real money, subject to the requirements of the DevEx Program.[9] Roblox denies the remainder of the paragraph.

60.     As to the first sentence, Roblox lacks sufficient information or knowledge to form a truth as to the belief of Plaintiffs' characterization of the motivations of third parties and on that basis denies the characterization. As to the second sentence, Roblox admits that DevEx developers earned $538.3 million in 2021.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

65.     Denied. Roblox further notes that the Court has already determined that "the complaint fails to plead the existence of a conspiracy that includes Roblox." ECF No. 66 at 1.

66.     Denied.

67.     As to the first sentence, Roblox states that the allegations concern third parties for which no response by Roblox is required. As to the second sentence, Roblox denies that the third-party websites or Defendants are registered with the Roblox DevEx Program and on that basis denies Plaintiffs' contention that these third parties are "allow[ed] to exchange Robux acquired from" any Roblox user "for real-world currency."

68.     Roblox denies the first sentence in this paragraph and notes that the Court has

---

[9] *See* Developer Exchange Terms of Use, available here: https://en.help.roblox.com/hc/en-us/articles/115005718246-Developer-Exchange-Terms-of-Use.

Cooley LLP
Attorneys at Law
San Francisco

14

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

1    already determined that "the complaint fails to plead the existence of a conspiracy that includes

2    Roblox." ECF No. 66 at 1.

3          As to the second sentence, Roblox admits that its Terms of Use prohibit users from

4    using, acquiring, or distributing Robux except through the Services and except as expressly allowed

5    by Roblox under its Terms of Use. Roblox denies that other Defendants "cash out" Robux because

6    the other Defendants are not part of the DevEx Program. Plaintiffs' characterizations about

7    purported "gambling" are legal conclusions to which no response is required, but to the extent a

8    response is required, Roblox denies them.

9          69.    Roblox lacks sufficient knowledge or information to form a belief as to the truth of

10   the allegations in the first sentence in this paragraph—particularly because one of the websites,

11   RBXFlip, has not been in operation since the case was filed, and because the allegedly

12   "substantially similar interfaces" is a matter of opinion, not fact. Roblox also lacks sufficient

13   knowledge or information to form a belief about the ease with which a Roblox user can sign up for

14   an account on the third-party websites. Roblox denies providing any method for users to "link"

15   their Roblox accounts to the third-party websites. Roblox's Terms of Use prohibit users from

16   sharing or disclosing their login credentials to others, except for Guardians in the case of a Minor

17   User.[10] Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no

18   response is required, but to the extent a response is required, Roblox denies them.

19         70.    This paragraph purports to make factual characterizations about the other

20   Defendants and contains no allegations against Roblox and thus no response by Roblox is required.

21   To the extent a response is required, Roblox states that it lacks sufficient information or knowledge

22   to form a belief as to the truth of the allegation and on that basis denies it.

23         71.    Roblox denies Plaintiffs' allegations in this paragraph, and notes that the Complaint

24   elsewhere alleges that Robux cannot leave the Roblox Services. Roblox further states that the

25   conduct alleged in this paragraph violates Roblox's Terms of Use, which prohibit users from

26   sharing their credentials with third parties and from using, acquiring, or distributing Robux except

27

28   _____
     [10]  *See* Roblox, Terms of Use, § 2.b, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

Cooley LLP
Attorneys at Law
San Francisco

15

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

through the Services and except as expressly allowed by Roblox under its Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

72.    Roblox denies the allegation suggesting that Roblox's popularity provided users "with funds to gamble" because Robux have no monetary value. As stated in Roblox's Terms of Use, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency."[11] Roblox lacks sufficient information or knowledge to form a belief as to the truth of Plaintiffs' characterization regarding the "online audience" of the alleged third-party websites and on that basis denies the allegation. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

73.    Robux denies that Robux are "transferrable funds." As set forth in Roblox's Terms of Use, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency." In addition, "Robux cannot be redeemed for any fiat currency, and Roblox is not obligated to exchange a User's Robux for anything else of value."[12] Roblox further states that any use by a Roblox user of a third-party website to "transfer" Robux violates Roblox's Terms of Use.

74.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph, which concerns the other Defendants, and denies them on that basis. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

75.    Roblox lacks sufficient knowledge or information to form a belief as to allegations in this paragraph which concern the other Defendants, and denies them on that basis. Plaintiffs' characterizations about purported "gambling" and "gambling games" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

76.    Denied.

---

[11] *See id.* § 3.a.
[12] *See id.* § 3.a.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

77.     As to the first sentence, Roblox denies Plaintiffs' allegation that RBXFlip "operate[d] with Roblox." Roblox admits that RBXFlip first appeared on the internet in February 2019. Roblox admits that "RBX" is a common abbreviation for Roblox and denies ever permitting RBXFlip to use this name. As Plaintiffs are aware from discovery, Roblox sent multiple takedown notices to RBXFlip's hosting providers beginning in 2019, made a referral to law enforcement in 2022, and instituted a holding period for limited items that caused RBXFlip to shut down in July 2023, before this case was filed. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations characterizing the design and dependence of RBXFlip. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

78.     Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation as it relates to another Defendant whose site no longer exists and on that basis denies the allegation. Roblox further states that the allegation is inaccurate insofar as it uses the present tense because RBXFlip became non-operational in July 2023—before the first complaint in this case was filed.

79.     Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation as it relates to another Defendant whose site no longer exists and on that basis denies the allegation. Roblox further states that the allegation is inaccurate insofar as it uses the present tense because RBXFlip became non-operational in July 2023—before the first complaint in this case was filed.

80.     Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation as it relates to another Defendant whose site no longer exists and on that basis denies the allegation. The allegation that the games on RBXFlip "allow[ed] players to bet Robux" reflects conduct that violates Roblox's Terms of Use, and Plaintiffs elsewhere allege that Robux "never leave Roblox's website." ¶ 21. Roblox further states that the allegations in this paragraph are inaccurate insofar as they use the present tense because RBXFlip became non-operational in July 2023—before the first complaint in this case was filed. Plaintiffs' characterizations about purported "bets" are legal conclusions to which no response is required, but to the extent a response is

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    required, Roblox denies them.

2    81.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of

3    the allegation as it relates to another Defendant whose site no longer exists and on that basis denies

4    the allegation. Roblox further states that the allegation is inaccurate insofar as it uses the present

5    tense because RBXFlip became non-operational in July 2023—before the first complaint in this

6    case was filed. Plaintiffs' characterizations about purported "gambling" are legal conclusions to

7    which no response is required, but to the extent a response is required, Roblox denies them.

8    82.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of

9    the allegation as it relates to another Defendant whose site no longer exists and on that basis denies

10    the allegation. Roblox further states that the allegation is inaccurate insofar as it uses the present

11    tense because RBXFlip became non-operational in July 2023—before the first complaint in this

12    case was filed. Plaintiffs' characterizations about purported "gambling" are legal conclusions to

13    which no response is required, but to the extent a response is required, Roblox denies them.

14    83.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of

15    the allegation as it relates to another Defendant whose site no longer exists and on that basis denies

16    the allegation. Roblox states that the cited YouTube video speaks for itself and denies Plaintiffs'

17    characterizations of it. Plaintiffs' characterizations about purported "gambling" are legal

18    conclusions to which no response is required, but to the extent a response is required, Roblox denies

19    them.

20    84.    Roblox denies the characterizations about Roblox and Robux in this paragraph.

21    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations

22    about another Defendant or a purported "storage bot" and on that basis denies them. To the extent

23    a further response is required, Roblox states that the cited YouTube video speaks for itself and

24    denies Plaintiffs' characterizations of it. As to the second sentence, Roblox denies Plaintiffs'

25    characterization of Roblox's knowledge, and states that the alleged conduct violates Roblox's

26    Terms of Use. As to the third sentence, Roblox denies that RBXFlip, or any purported RBXFlip

27    storage bot is or was a part of the DevEx Program. As to the fourth sentence, Roblox denies

28    Plaintiffs' characterizations about Roblox's knowledge of participants in the DevEx Program.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

85.    As to the first sentence, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation and on that basis denies it. Roblox further states that RBXFlip has not been operational since July 20, 2023, and thus Roblox denies the allegation on that basis as well. As to the second sentence, Roblox admits only that a cookie is generated on a user's browser or device when a user visits the Roblox Services, subject to Roblox's Privacy and Cookie Policy.[13] Roblox denies that a Roblox user's cookie is "linked to another website," and on that basis denies that it "tracks" or has "knowledge." Roblox further denies that Robux are transferred to RBXFlip. Plaintiffs' characterizations about a purported "illegal online casino" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

86.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox denies Plaintiffs' characterization regarding the alleged use of Robux. Roblox further states that the conduct alleged in this paragraph concerning purported placement of "bets using their Robux" violates Roblox's Terms of Use.

87.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

88.    As to the first sentence, Roblox denies the allegation. On July 14, 2023, Roblox instituted a change to the holding period for transactions of virtual items. Within days, RBXFlip became non-operational and has remained non-operational since then despite multiple factual contentions contained in the multiple complaints filed in the case that have incorrectly stated and suggested otherwise.

---

[13] *See* Roblox, Roblox Privacy and Cookie Policy, available here: https://en.help.roblox.com/hc/en-us/articles/115004630823-Roblox-Privacy-and-Cookie-Policy (last accessed October 30, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

As to the second sentence, Roblox admits that it made a takedown requests on or around April 4, 2019, April 12, 2021, and June 2021, requesting that the server hosting RBXFlip shut the website down. Roblox denies the remainder of Plaintiffs' characterizations in the second sentence and the third sentence.

As to the fourth and fifth sentences, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the Plaintiffs' allegations and on that basis denies them. Plaintiffs' characterizations about purported "gambling" and a "gambling operation" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

89.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

90.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. To the extent a further response is required, Roblox states that Bloxflip's Terms speak for themselves and denies Plaintiffs' characterizations of the substance of them. Roblox further states that any purported use of Robux on Bloxflip violates Roblox's Terms of Use.

91.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. To the extent a further response is required, Roblox states that Bloxflip's FAQ speak for themselves and denies Plaintiffs' characterizations of the substance of them. Roblox further states that any purported use of Robux on Bloxflip violates Roblox's Terms of Use.

92.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox further states that the allegation fails to acknowledge that the cropped screenshot included with the allegation identifies multiple ways to purportedly "deposit" on Bloxflip, including use of credit cards, debit cards, crypto, gift cards, fiat currency, and blox.land. Insofar as the Bloxflip FAQ purport to refer to Robux, Roblox states that the purported ability to "deposit" Robux on the site violates Roblox's Terms of Use.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

93.     Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that the Bloxflip homepage and YouTube video cited in footnote 20 speak for themselves, and denies Plaintiffs' characterizations of the substance of them. Roblox further states that any purported use of Robux on Bloxflip violates Roblox's Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

94.     Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

95.     Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. To the extent a further response is required, Roblox denies that Bloxflip has any right or ability to "offer[] free Robux" to anyone. As Roblox makes clear, "[*t*]*here is no such thing as free Robux* or membership offers, tricks, or codes. If a person, video, website, or game tries to tell you there is one, this is a scam and a violation of our Terms of Use."[14] (emphasis added). Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

96.     Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and other third parties, and on that basis denies them. Roblox states that the TikTok video cited in footnote 21 speaks for itself and denies Plaintiffs' characterizations of the substance of the video. Roblox further states that the conduct alleged in the TikTok video violates Roblox's Terms of Use.

97.     Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

---

[14] *See* Roblox, Free Robux or Membership Generators, available here: https://en.help.roblox.com/hc/en-us/articles/204262550-Free-Robux-or-Membership-Generators (last accessed October 30, 2024).

Cooley LLP
Attorneys at Law
San Francisco

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

Roblox further states that any purported use of Robux on Bloxflip violates Roblox's Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

98.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that, contrary to the factual contention asserted in this paragraph, the Bloxflip Terms of Service do not contain the phrase referenced in this allegation, nor do they refer to cashing out purported "Robux". In any event, Roblox denies that any user could legitimately "cashout" Robux through Bloxflip because Robux have no real world value. Any purported use of Robux on Bloxflip in this manner violates Roblox's Terms of Use.

99.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that there are no Robux on Bloxflip that can be legitimately "withdrawn" from that site because its Terms of Use prohibit users from using, acquiring, or distributing Robux except through the Services and as expressly allowed by Roblox under its Terms of Use. Any purported use of Robux on Bloxflip in the manner alleged violates Roblox's Terms of Use.

100.    Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations about another Defendant or a purported "storage bot" and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

101.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that the cited YouTube video speaks for itself and denies Plaintiffs' characterization of the substance of the video. As to the last sentence, Roblox denies the allegation. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

102.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of

the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

Roblox states that the RBLXWild homepage speaks for itself and denies Plaintiffs' characterization

of its substance. Plaintiffs' characterizations about purported "gambling" are legal conclusions to

which no response is required, but to the extent a response is required, Roblox denies them.

103.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of

the allegations in this paragraph because they relate to another Defendant and on that basis denies

them.

104.    Roblox denies the allegations about it. Roblox lacks sufficient information or

knowledge to form a belief as to the truth of the allegations about another Defendant or a purported

"storage bot" and on that basis denies them. Plaintiffs' characterizations about purported

"gambling" are legal conclusions to which no response is required, but to the extent a response is

required, Roblox denies them.

105.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of

the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

Roblox states that the cited webpage in footnote 25 speaks for itself and denies Plaintiffs'

characterizations of its substance.

106.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of

the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

Roblox further states that there are no Robux on RBLXWild that can be legitimately "withdrawn"

because Roblox's Terms of Use prohibit users from using, acquiring, or distributing Robux except

through the Services and as expressly allowed by Roblox under its Terms of Use. Any purported

use of Robux on RBLXWild in this manner violates Roblox's Terms of Use.

107.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of

the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

108.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of

the allegations in this paragraph as they relate to another Defendant and other third parties, and on

that basis denies them. To the extent a further response is necessary, Roblox states that the YouTube

videos cited in footnotes 26–28 speak for themselves and denies Plaintiffs' characterizations of the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

substance of these videos. Roblox further states that the conduct alleged in these videos violates Roblox's Terms of Use.

109.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that the alleged use of Robux to "wager" in RBLXWild violates Roblox's Terms of Use. Roblox denies the remainder of the allegations about it.

110.    Denied. Roblox further notes that the Court has already determined that "the complaint fails to plead the existence of a conspiracy that includes Roblox." ECF No. 66 at 1.

111.    Denied.

112.    Roblox admits the allegation in the first sentence. As to the remainder of this paragraph, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants and third parties and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

113.    Denied.

114.    As to this paragraph, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants and a hypothetical user and a hypothetical transaction, and on that basis denies them. Roblox denies that providing one's Roblox login credentials to a third-party site creates a "link" between the Roblox account and the third-party site. The allegations in this paragraph describe Roblox credential sharing, which Roblox's Terms of Use prohibit, except for minor users sharing credentials with their guardians. As to the fourth sentence, Roblox denies that the third-party sites always "automatically initiate removal of Robux from the user's account without any additional input from the user." Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

115.    As to this paragraph, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to other Defendants and a hypothetical user and a hypothetical transaction, and on that basis denies them. As to the second sentence,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Roblox lacks sufficient knowledge or information to form a belief as to what entity, if any, controls the "Stock Account." Roblox denies that it does not allow users to gift Roblox to each other, as people can purchase a Roblox gift card–redeemable for Robux–for another person. As to the third sentence, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation that the "item or experience" is "useless" or a "dummy" and on that basis denies the allegation. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

116.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to other Defendants and a hypothetical user and a hypothetical transaction, and on that basis denies them. As stated in Roblox's Terms of Use, "Roblox does not recognize or take responsibility for third-party services that allow Users to sell, transfer, purchase, or otherwise use Robux or Virtual Content, and any such use by a User is a violation of the Roblox Terms."[15] Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

117.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to a hypothetical user and a hypothetical transaction, and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

118.    As to this paragraph, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to a hypothetical user and a hypothetical transaction, and on that basis denies them. As to the second sentence, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation that the "item or experience" is "useless" or a "dummy" and on that basis denies the allegation.

119.    As to this paragraph, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to a hypothetical user and on that basis denies them. As to the second sentence, denied. Unless the Robux are refunded, Roblox receives at

---

[15] Roblox, Roblox Terms of Use, § 3.d, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

least 30% of the Robux exchanged in every user-to-creator transaction for Virtual Content that occurs on the Roblox Services.

120.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to a hypothetical user and a hypothetical transaction, and on that basis denies them.

121.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to a hypothetical user and a hypothetical transaction, and on that basis denies them. Roblox denies Plaintiffs' characterization of the "30% fee" in this paragraph because, unless the Robux are refunded, Roblox receives at least 30% of the Robux exchanged in every user-to-creator transaction for Virtual Content that occurs on the Roblox Services.

122.    Denied.

123.    Roblox admits that its annual revenue in 2023 was approximately $2.8 billion and that it earned revenue from sales of Robux. Roblox denies that it receives revenue from merely collecting at least 30% of the Robux on user-to-creator transactions for Virtual Content that occur on the Roblox Services.

124.    As to the first sentence, Roblox denies the allegation. As Roblox's Terms of Use state, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency."[16] As to the second sentence, Roblox denies Plaintiffs' characterizations and refers to its prior responses.

125.    Denied.

126.    Denied.

127.    Denied as to Roblox. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph with respect to conduct by third parties or third-party websites.

128.    Denied.

129.    Roblox denies Plaintiffs' allegations in this paragraph, which mischaracterize filings by the plaintiff in *Jane Doe v. Roblox Corporation*, 3:21-cv-03943-WHO (N.D. Cal.). Specifically,

---

[16] *See id.* § 3.a.

Cooley LLP
Attorneys at Law
San Francisco

**Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC**

the plaintiff (not Roblox) moved for preliminary approval of a class settlement in that case. *Id*. ECF No. 83. The motion explains that the "the proposed Settlement Class contains a specific exclusion for a limited number of accounts who lost content for which they spent more than 80,000 Robux, worth over $1,000," which the plaintiff's motion characterized as a "laundering exclusion." *Id.* at 6:27-7:1. The proposed settlement agreement to which Roblox agreed does not refer to a purported "laundering exclusion." Instead, the agreement explains that the settlement class excluded, among other things, "the individuals who own the accounts identified in Exhibit D … a list of 311 accounts that Roblox has determined spent over 80,000 Robux (equating to over $1,000) on moderated items and falls into one or more of these three categories: (1) the account used Robux to acquire the same virtual item multiple times, (2) the account used Robux to acquire a virtual item after that item had already been moderated, or (3) the account created a virtual item and then used Robux to acquire it themselves." *Id.* ECF No. 54-1, at 54-1 at 8:20-25. In its Statement of Non-Opposition to Plaintiffs' Motion for Preliminary Approval of Class Settlement, Roblox stated "Plaintiff correctly stated in her motion for preliminary approval that the reason the 311 accounts connected with these transactions are properly excluded from the settlement class is 'because these individuals did not appear to be engaging in bona fide purchases, and so have not been defrauded and may not have a legitimate claim.'" *Id*. ECF 62 at 5. Roblox also stated: "[a]lthough such facts justify excluding these accounts from a class settlement under Rule 23, there are lawful reasons why users might engage in such unusual transactions," that "Roblox has controls in place to prevent money laundering and similar conduct, and to the extent these accounts were found to have violated the Roblox Terms of Use, they were terminated or otherwise moderated pursuant to Roblox's policies." *Id.* Roblox therefore "disgree[d] with any blanket characterization of these transactions as 'money laundering.'" *Id*. Roblox lacks sufficient information or knowledge to form a belief as to Plaintiffs' allegations regarding other Defendants and on that basis denies them.

130.    Roblox denies Plaintiffs' allegation of a "laundering exclusion class" in the proposed settlement in *Doe v. Roblox Corporation*, 3:21-cv-03943-WHO (N.D. Cal.), on the basis of Roblox's response to paragraph 129. Roblox lacks sufficient information or knowledge to form a belief as to Plaintiffs' allegations regarding other Defendants and on that basis denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

131.    As to the first sentence, Roblox denies Plaintiffs' allegation on the basis of Roblox's response to paragraph 129. As to the second sentence, Roblox admits that, unless the Robux are refunded, Roblox receives at least 30% of the Robux exchanged in a user-to-creator transaction for Virtual Content that occurs on the Roblox Services, and denies Plaintiffs' characterizations.

132.    Denied.

133.    As to this paragraph, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation as it relates to other Defendants and on that basis denies the allegation. Roblox denies that "Robux" can be wagered in the third-party websites. Roblox further denies that any purported "Robux" referenced in this allegation had any monetary value. Roblox states that the YouTube video speaks for itself and denies Plaintiffs' characterizations of the substance of it. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

134.    Roblox states that the YouTube video speaks for itself and denies Plaintiffs' characterizations of the substance of it. Roblox denies that "Robux" can be wagered in the third-party websites, and Plaintiffs' own allegations contradict this assertion. Roblox further denies that any purported "Robux" referenced in this allegation had any monetary value and denies Plaintiffs' pure speculation regarding the purported "amount of Robux bet" on RBXFlip.

135.    Denied.

136.    As to the first sentence, Roblox states that the social media post cited in this paragraph speaks for itself and denies Plaintiffs' characterizations of the substance of the post. As to the remainder of the paragraph, Roblox denies Plaintiffs' characterizations of Roblox's interactions with KreekCraft, as such interactions speak for themselves.

137.    As to this entire paragraph, Plaintiffs' characterizations about Roblox's actual or constructive knowledge and purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them. As to the second sentence, Roblox further denies that it "did nothing" and denies Plaintiffs' remaining allegations.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

138.    As to the first sentence, Roblox states that the social media post cited in this paragraph speaks for itself and denies Plaintiffs' characterizations of the substance of the post. As to the second sentence, Roblox denies Plaintiffs' characterization that it "monitors" Roblox Trading News. Roblox admits that its Twitter/X account follows the Twitter/X account of Roblox Trading News.

139.    Roblox states that the social media post cited in this paragraph speaks for itself and denies Plaintiffs' characterizations of the substance of the post.

140.    Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations and characterizations in this paragraph with respect to conduct by third parties or third-party websites. Roblox further states that the screenshots included in this paragraph speak for themselves and denies Plaintiffs' characterizations of them.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Roblox admits that Plaintiffs contend that Aracely Soucek is the parent and next friend of N.S., whom Plaintiffs contend is a minor residing in California. Roblox admits that Plaintiffs have identified in discovery Roblox accounts Plaintiff N.S. purportedly uses. As to the allegation that N.S. uses "his own user-created account," Roblox states that the Roblox Terms of Use require that a minor's "PARENT OR LEGAL GUARDIAN MUST READ AND CONSENT TO THE ROBLOX TERMS."[17] The Terms of Use further provide that "BY PERMITTING A MINOR TO USE THE SERVICES, A MINOR'S PARENT OR GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE RESPONSIBLE FOR ALL OF THE MINOR'S ACTIVITIES ON THE SERVICES, INCLUDING THE PURCHASE OF ANY VIRTUAL CONTENT." *Id*. The remaining allegations in this paragraph are legal arguments and conclusions to which no response is required.

---

[17] *See* Roblox Terms of Use, available here: Introduction, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

Cooley LLP
Attorneys at Law
San Francisco

29

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

146.    Roblox admits that Plaintiffs have identified in discovery Roblox accounts that Plaintiff N.S. purportedly uses and discovery shows that such accounts purchased Robux. Roblox states that, pursuant to its U.S. Terms and Conditions for Roblox Gift Cards, an individual "must be 18 years or old to use accept or redeem [Gift] Cards. If you are not 18 years or older, you must obtain the consent of your parent or guardian to purchase or redeem Cards."[18] The remaining allegations are legal arguments and conclusions to which no response is required.

147.    Roblox lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations in this paragraph, and notes that the allegation vaguely refers to "in-game currency," not Robux. To the extent the phrase "in-game currency" purports to refer to Robux, Roblox states that Robux may only be used on the Roblox Services consistent with Roblox's Terms of Use. Any purported use by Minor Plaintiff N.S. of Robux to engage in alleged "gambling" violated Roblox's Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

148.    Roblox denies that N.S. "paid money" to off-platform third-party websites through Roblox. Roblox further states that any use by N.S. of the Roblox Services in this manner violated Roblox's Terms of Use. Roblox admits that Plaintiffs have produced documents in discovery showing activity on Bloxflip purportedly by N.S., but Plaintiffs have not identified any such activity on RBXFlip despite the contrary allegation. Roblox otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding N.S.'s use of the alleged websites and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

149.    Roblox denies that N.S. "lost" Robux playing games in third-party websites off of the Roblox platform. Roblox further states that any use by N.S. of Robux in this manner violated

---

[18] Roblox, U.S. TERMS AND CONDITIONS FOR ROBLOX GIFT CARDS AND CREDITS § 7, available here: https://en.help.roblox.com/hc/en-us/articles/15062225302804-U-S-TERMS-AND-CONDITIONS-FOR-ROBLOX-GIFT-CARDS-AND-CREDITS#:~:text=You%20must%20be%2018%20years,Unauthorized%20Use%20of%20Credits.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Roblox's Terms of Use. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding N.S.'s use of the alleged websites and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

150.    Roblox denies that N.S. "wager[ed]" Robux in third-party websites off of the Roblox platform. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations about Aracely Soucek's purported lack of awareness of her son's online activities and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

151.    Roblox states that the allegations in this paragraph concern fraud-based claims that the Court has dismissed with prejudice and without leave to amend and denies them on that basis. *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. To the extent a further response is required, Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

152.    Roblox admits that Plaintiffs contend that Yaniv De Ridder is a resident of California and the parent and next friend of T.D., whom Plaintiffs contend is a minor residing in Belgium. Roblox admits that Plaintiffs have identified in discovery Roblox accounts Plaintiff T.D. purportedly uses. As to the allegation that T.D. uses "his own user-created account," Roblox states that the Roblox Terms of Use require that a minor's "PARENT OR LEGAL GUARDIAN MUST READ AND CONSENT TO THE ROBLOX TERMS."[19] The Terms of Use further provide that "BY PERMITTING A MINOR TO USE THE SERVICES, A MINOR'S PARENT OR GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE RESPONSIBLE FOR ALL OF THE MINOR'S ACTIVITIES ON THE SERVICES, INCLUDING

---

[19] *See* Roblox Terms of Use, Introduction, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

THE PURCHASE OF ANY VIRTUAL CONTENT."[20] The remaining allegations in this paragraph are legal arguments and conclusions to which no response is required.

153.    Roblox lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations in this paragraph. To the extent a further response is required as to the allegation that T.D. "created" his Roblox accounts, Roblox states that the Roblox Terms of Use require that a minor's "PARENT OR LEGAL GUARDIAN MUST READ AND CONSENT TO THE ROBLOX TERMS."[21] The Terms of Use further provide that "BY PERMITTING A MINOR TO USE THE SERVICES, A MINOR'S PARENT OR GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE RESPONSIBLE FOR ALL OF THE MINOR'S ACTIVITIES ON THE SERVICES, INCLUDING THE PURCHASE OF ANY VIRTUAL CONTENT."[22]

154.    Roblox admits that Plaintiffs have identified in discovery Roblox accounts that they contend are Plaintiff T.D.'s Roblox accounts, and discovery shows that such accounts purchased Robux. Roblox states that, pursuant to its U.S. Terms and Conditions for Roblox Gift Cards, an individual "must be 18 years or older to use, accept or redeem [Gift] Cards. If you are not 18 years or older, you must obtain the consent of your parent or guardian to purchase or redeem Cards."[23] The remaining allegations are legal arguments and conclusions to which no response is required.

155.    Roblox lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations in this paragraph, and notes that the allegation vaguely refers to "in-game currency," not Robux. To the extent the phrase "in-game currency" purports to refer to Robux, Roblox states that Robux may only be used on the Roblox Services consistent with Roblox's Terms of Use. Any purported use by Minor Plaintiff T.D. of Robux to engage in alleged "gambling" violated Roblox's Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal

---

[20] *Id.*
[21] *See* Roblox Terms of Use, Introduction, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.
[22] *Id.*
[23] *See* Roblox, U.S. TERMS AND CONDITIONS FOR ROBLOX GIFT CARDS AND CREDITS § 7, available here: https://en.help.roblox.com/hc/en-us/articles/15062225302804-U-S-TERMS-AND-CONDITIONS-FOR-ROBLOX-GIFT-CARDS-AND-CREDITS#:~:text=You%20must%20be%2018%20years,Unauthorized%20Use%20of%20Credits.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

156.    Roblox denies that T.D. "paid money" to off-platform third-party websites through Roblox. Roblox further states that any use by T.D. of the Roblox Services in this manner violated Roblox's Terms of Use. Roblox admits that Plaintiffs have produced documents in discovery showing activity on Bloxflip, Bloxmoon, and RBLXWild purportedly by T.D., but Plaintiffs have not identified any such activity on RBXFlip or any other purported website despite the contrary allegation. Roblox otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding T.D.'s use of the alleged websites and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

157.    Roblox denies that T.D. "paid money" to off-platform third-party websites through Roblox. Roblox further states that any use by T.D. of the Roblox Services in this manner violated Roblox's Terms of Use. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding T.D.'s use of the alleged websites and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

158.    Roblox denies that T.D. "lost" Robux playing games in third-party websites off of the Roblox platform. Roblox further states that any use by T.D. of Robux in this manner violated Roblox's Terms of Use. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding T.D.'s use of the alleged websites and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

159.    Roblox denies that T.D. "wager[ed]" Robux in third-party websites off of the Roblox platform. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations about Yaniv De Ridder's purported lack of awareness of his son's online activities and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies

Cooley LLP
Attorneys at Law
San Francisco

33

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

them.

160.    Roblox states that the allegations in this paragraph concern fraud-based claims that the Court has dismissed with prejudice and without leave to amend and denies them on that basis. *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. To the extent a further response is required, Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

161.    Roblox admits that Plaintiffs contend that Danielle Sass is the parent and next friend of L.C., whom Plaintiffs contend is a minor residing in New York. Roblox admits that Plaintiffs have identified in discovery Roblox accounts Plaintiff L.C. purportedly uses. As to the allegation that L.C. uses "his own user-created account," Roblox states that the Roblox Terms of Use require that a minor's "PARENT OR LEGAL GUARDIAN MUST READ AND CONSENT TO THE ROBLOX TERMS."[24] The Terms of Use further provide that "BY PERMITTING A MINOR TO USE THE SERVICES, A MINOR'S PARENT OR GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE RESPONSIBLE FOR ALL OF THE MINOR'S ACTIVITIES ON THE SERVICES, INCLUDING THE PURCHASE OF ANY VIRTUAL CONTENT."[25] The remaining allegations in this paragraph are legal arguments and conclusions to which no response is required.

162.    Roblox lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations in this paragraph. Roblox states that, pursuant to its U.S. Terms and Conditions for Roblox Gift Cards, an individual "must be 18 years or older to use, accept or redeem [Gift] Cards. If you are not 18 years or older, you must obtain the consent of your parent or guardian to purchase or redeem Cards."[26] The remaining allegations are legal arguments and conclusions to

---

[24] *See* Roblox Terms of Use, available here: Introduction, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.
[25] *Id*.
[26] *See* Roblox, U.S. TERMS AND CONDITIONS FOR ROBLOX GIFT CARDS AND CREDITS § 7, available here: https://en.help.roblox.com/hc/en-us/articles/15062225302804-U-S-TERMS-AND-CONDITIONS-FOR-ROBLOX-GIFT-CARDS-AND-CREDITS#:~:text=You%20must%20be%2018%20years,Unauthorized%20Use%20of%20Credit

Cooley LLP
Attorneys at Law
San Francisco

34

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

1    which no response is required.

2        163.    Roblox denies that L.C. "paid money" to off-platform third-party websites through

3    Roblox. Roblox further states that any use by L.C. of the Roblox Services in this manner violated

4    Roblox's Terms of Use. Roblox admits that Plaintiffs have identified in discovery activity on

5    Bloxflip purportedly by L.C., but Plaintiffs have not identified any such activity on any other

6    purported website despite the contrary allegation. Roblox otherwise lacks sufficient knowledge or

7    information to form a belief as to the truth of the allegations regarding L.C.'s use of the alleged

8    websites and on that basis denies them. Plaintiffs' characterizations about purported "gambling"

9    are legal conclusions to which no response is required, but to the extent a response is required,

10   Roblox denies them.

11       164.    Roblox denies that L.C. "lost" Robux playing games in third-party websites off of

12   the Roblox platform. Roblox further states that any use by L.C. of Robux in this manner violated

13   Roblox's Terms of Use. Roblox lacks sufficient knowledge or information to form a belief as to

14   the truth of the allegations regarding L.C.'s use of the alleged websites and on that basis denies

15   them. To the extent a further response is necessary, Roblox states that discovery produced by L.C.

16   to date shows that the purported wagers by L.C. in Bloxflip greatly exceed the amount of "Robux"

17   that L.C. purportedly used to make deposits in Bloxflip.

18       165.    Roblox denies that L.C. "wager[ed]" Robux in third-party websites off of the Roblox

19   platform. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the

20   allegations about Danielle Sass's purported lack of awareness of her son's online activities and on

21   that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal

22   conclusions to which no response is required, but to the extent a response is required, Roblox denies

23   them.

24       166.    Roblox states that the allegations in this paragraph concern fraud-based claims that

25   the court has dismissed with prejudice and without leave to amend and denies them on that basis.

26   *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. To the extent a further response is required, Roblox

27   denies that Danielle Sass would have taken "different actions" with respect to L.C.'s use of the

28   ——————————
     s.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Roblox platform for the alleged off-site conduct because discovery produced by L.C. appears to show that L.C. repeatedly continued to use Bloxflip after the first complaint in this case was filed.

167.    Roblox admits that Plaintiffs contend that David L. Gentry is the parent and next friend of L.G., whom Plaintiffs contend is a minor residing in South Carolina. Roblox admits that Plaintiffs have identified in discovery Roblox accounts Plaintiff L.G. purportedly used. As to the allegation that L.G. uses "his own user-created account," Roblox states that the Roblox Terms of Use require that a minor's "PARENT OR LEGAL GUARDIAN MUST READ AND CONSENT TO THE ROBLOX TERMS."[27] The Terms of Use further provide that "BY PERMITTING A MINOR TO USE THE SERVICES, A MINOR'S PARENT OR GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE RESPONSIBLE FOR ALL OF THE MINOR'S ACTIVITIES ON THE SERVICES, INCLUDING THE PURCHASE OF ANY VIRTUAL CONTENT."[28] The remaining allegations in this paragraph are legal arguments and conclusions to which no response is required.

168.    Roblox admits that Plaintiffs have identified in discovery Roblox accounts that they contend are Plaintiff L.G.'s Roblox accounts, and discovery shows that such accounts purchased Robux. Roblox states that, pursuant to its U.S. Terms and Conditions for Roblox Gift Cards, an individual "must be 18 years or older to use, accept or redeem [Gift] Cards. If you are not 18 years or older, you must obtain the consent of your parent or guardian to purchase or redeem Cards."[29] The remaining allegations are legal arguments and conclusions to which no response is required.

169.    Roblox lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations in this paragraph, and notes that the allegation vaguely refers to "in-game currency," not Robux. To the extent the phrase "in-game currency" purports to refer to Robux, Roblox states that Robux may only be used on the Roblox Services consistent with Roblox's Terms

---

[27] *See* Roblox Terms of Use, available here: Introduction, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

[28] *Id*.

[29] *See* Roblox, U.S. TERMS AND CONDITIONS FOR ROBLOX GIFT CARDS AND CREDITS § 7, available here: https://en.help.roblox.com/hc/en-us/articles/15062225302804-U-S-TERMS-AND-CONDITIONS-FOR-ROBLOX-GIFT-CARDS-AND-CREDITS#:~:text=You%20must%20be%2018%20years,Unauthorized%20Use%20of%20Credits.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

of Use. Any purported use by Minor Plaintiff L.G. of Robux to engage in alleged "gambling" violated Roblox's Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

170.    Roblox denies that L.G. "paid money" to off-platform third-party websites through Roblox. Roblox further states that any use by L.G. of the Roblox Services in this manner violated Roblox's Terms of Use. Roblox admits that Plaintiffs have identified in discovery activity on Bloxflip purportedly by L.G., but Plaintiffs have not identified any such activity on RBLXWild or RBXFlip despite the contrary allegation. Roblox otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding L.G.'s use of the alleged websites and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

171.    Roblox denies that L.G. "lost" Robux playing games in third-party websites off of the Roblox platform. Roblox further states that any use by L.G. of Robux in this manner violated Roblox's Terms of Use. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding L.G.'s use of the alleged websites and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

172.    Roblox denies that L.G. "wager[ed]" Robux in third-party websites off of the Roblox platform. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations about David L. Gentry's purported lack of awareness of his son's online activities and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

173.    Roblox states that the allegations in this paragraph concern fraud-based claims that the court has dismissed with prejudice and without leave to amend and denies them on that basis. *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. To the extent a further response is required, Roblox

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

174.    Roblox admits that Plaintiffs contend that Lavina Gann is the parent and next friend of S.J., whom Plaintiffs contend is a minor residing in Tennessee. Roblox admits that Plaintiffs have identified in discovery Roblox accounts Plaintiff S.J. purportedly uses. As to the allegation that S.J. uses "his own user-created account," Roblox states that the Roblox Terms of Use require that a minor's "PARENT OR LEGAL GUARDIAN MUST READ AND CONSENT TO THE ROBLOX TERMS."[30] The Terms of Use further provide that "BY PERMITTING A MINOR TO USE THE SERVICES, A MINOR'S PARENT OR GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE RESPONSIBLE FOR ALL OF THE MINOR'S ACTIVITIES ON THE SERVICES, INCLUDING THE PURCHASE OF ANY VIRTUAL CONTENT."[31] The remaining allegations in this paragraph are legal arguments and conclusions to which no response is required.

175.    Roblox admits that Plaintiffs have identified in discovery Roblox accounts that they contend are Plaintiff S.J.'s Roblox accounts, and discovery shows that such accounts purchased Robux. As to the first sentence, Roblox states that, pursuant to its U.S. Terms and Conditions for Roblox Gift Cards, an individual "must be 18 years or older to use, accept or redeem [Gift] Cards. If you are not 18 years or older, you must obtain the consent of your parent or guardian to purchase or redeem Cards."[32] The remaining allegations in the first sentence are legal arguments and conclusions to which no response is required. As to the second sentence, Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies

---

[30] *See* Roblox Terms of Use, available here: Introduction, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.
[31] *Id.*
[32] Roblox, U.S. TERMS AND CONDITIONS FOR ROBLOX GIFT CARDS AND CREDITS § 7, available here: https://en.help.roblox.com/hc/en-us/articles/15062225302804-U-S-TERMS-AND-CONDITIONS-FOR-ROBLOX-GIFT-CARDS-AND-CREDITS#:~:text=You%20must%20be%2018%20years,Unauthorized%20Use%20of%20Credits.

Cooley LLP
Attorneys at Law
San Francisco

38

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

1     them.

2         176.     Roblox lacks sufficient knowledge or information to form a belief as to the truth of

3 the factual allegations in this paragraph, and notes that the allegation vaguely refers to "in-game

4 currency," not Robux. To the extent the phrase "in-game currency" purports to refer to Robux,

5 Roblox states that Robux may only be used on the Roblox Services consistent with Roblox's Terms

6 of Use. Any purported use by Minor Plaintiff S.J. of Robux to engage in alleged "gambling"

7 violated Roblox's Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal

8 conclusions to which no response is required, but to the extent a response is required, Roblox denies

9 them.

10         177.     Roblox denies that S.J. "paid money" to off-platform third-party websites through

11 Roblox. Roblox further states that any use by S.J. of the Roblox Services in this manner violated

12 Roblox's Terms of Use. Roblox admits that Plaintiffs have identified in discovery activity on

13 RBXFlip and Bloxflip purportedly by S.J., but Plaintiffs have not identified any such activity on

14 RBLXWild or any other purported website despite the contrary allegation. Roblox otherwise lacks

15 sufficient knowledge or information to form a belief as to the truth of the allegations regarding

16 S.J.'s use of the alleged websites and on that basis denies them. Plaintiffs' characterizations about

17 purported "gambling" are legal conclusions to which no response is required, but to the extent a

18 response is required, Roblox denies them.

19         178.     Roblox denies that S.J. "lost" Robux playing games in third-party websites off of

20 the Roblox platform. Roblox further states that any use by S.J. of Robux in this manner violated

21 Roblox's Terms of Use. Roblox lacks sufficient knowledge or information to form a belief as to

22 the truth of the allegations regarding S.J.'s use of the alleged websites and on that basis denies

23 them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no

24 response is required, but to the extent a response is required, Roblox denies them.

25         179.     Roblox denies that S.J. "wager[ed]" Robux in third-party websites off of the Roblox

26 platform. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the

27 allegations about Lavina Gann's purported lack of awareness of her son's online activities and on

28 that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal

conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

180.    Roblox states that the allegations in this paragraph concern fraud-based claims that the court has dismissed with prejudice and without leave to amend and denies them on that basis. *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. To the extent a further response is required, Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

181.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations.

182.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations and denies that a class can be certified in this case.

183.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations and denies that a class can be certified in this case.

184.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies that Plaintiffs may reserve an alleged right to modify or amend any alleged class definition.

185.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations and denies that a class can be certified in this case.

186.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations and denies that a class can be certified in this case.

187.    The allegations in this paragraph are legal arguments and conclusions regarding

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

40

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

class certification to which no response is required. To the extent a response is required, Roblox denies the allegations.

188.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations.

189.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations.

190.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations.

191.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations.

192.    The allegation in this paragraph is a legal argument and conclusion to which no response is required. To the extent a response is required, Roblox denies the allegation.

193.    Roblox incorporates its responses to all foregoing allegations as if fully set forth.

194.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations.

195.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies the allegations.

196.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, the allegations are denied. Roblox further states that the cited laws speak for themselves and denies Plaintiffs' characterizations of them. Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

197.    The allegations in this paragraph are legal arguments and conclusions to which no

Cooley LLP
Attorneys at Law
San Francisco

response is required. To the extent a response is required, the allegations are denied. Roblox further denies that Plaintiffs have any right to allege other purported violations of law.

198.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

199.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies that Plaintiffs or any putative Class Members are entitled to restitution from Roblox, and denies the remainder of the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

200.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox incorporates its responses to all foregoing allegations as if fully set forth.

201.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies that Plaintiffs may pursue this claim on a class-wide basis.

202.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies the allegations.

203.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox states that Cal. Bus. & Prof. Code § 17200 speaks for itself.

204.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

205.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies the allegations about it.

Cooley LLP
Attorneys at Law
San Francisco

42

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

As Roblox's Terms of Use state, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency."[33] Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

206.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

207.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox states that Cal. Bus. & Prof. Code § 19801(c) speaks for itself and denies Plaintiffs' characterization of the provision. Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

208.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox states that Cal. Bus. & Prof. Code § 19801(d) speaks for itself and denies Plaintiffs' characterization of the provision. Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

209.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox states that Cal. Bus. & Prof. Code § 19801(g) speaks for itself and denies Plaintiffs' characterization of the provision. Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

210.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

---

[33] *See* Roblox Terms of Use, § 3.a, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

43

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

211.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

212.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

213.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies that it caused or continues to cause Plaintiffs or any putative Class Members substantial injury. Roblox further denies that Plaintiffs or any putative Class Members are entitled to damages from Roblox. Roblox denies that Plaintiffs or putative Class Members suffered any injury or lost money and property as a result of any conduct by Roblox. Roblox denies the remainder of the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

214.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies that Plaintiffs or any putative Class Members are entitled to restitution from Roblox or that Roblox engaged in any "unfair competition."

215.    Roblox incorporates its responses to all foregoing allegations as if fully set forth.

216.    Roblox incorporates its responses to all foregoing allegations as if fully set forth.

217.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies that Plaintiffs may pursue this claim on a class-wide basis.

218.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox states that federal law, California law, New York law, South Carolina law, and Tennessee law speak for themselves and denies

Cooley LLP
Attorneys at Law
San Francisco

44

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

1   Plaintiffs' characterizations of the laws.

2          219.    The allegations in this paragraph are legal arguments and conclusions to which no

3   response is required. To the extent a response is required, Roblox states that federal law, California

4   law, and New York law speak for themselves and denies Plaintiffs' characterization of the laws.

5          220.    The allegations in this paragraph are legal arguments and conclusions to which no

6   response is required. To the extent a response is required, Roblox states that 18 U.S.C. § 1955

7   speaks for itself and denies Plaintiffs' characterization of the law. Roblox lacks sufficient

8   information or knowledge as to the allegations relating to other Defendants and on that basis denies

9   them.

10         221.    The allegations in this paragraph are legal arguments and conclusions to which no

11  response is required. To the extent a response is required, Roblox states that 18 U.S.C. § 1955

12  speaks for itself and denies Plaintiffs' characterization of the law. Roblox lacks sufficient

13  information or knowledge as to the allegations relating to other Defendants and on that basis denies

14  them.

15         222.    The allegations in this paragraph are legal arguments and conclusions to which no

16  response is required. To the extent a response is required, Roblox states that each law cited speaks

17  for itself and denies Plaintiffs' characterization of these laws. Roblox lacks sufficient information

18  or knowledge as to the allegations relating to other Defendants and on that basis denies them.

19         223.    The allegations in this paragraph are legal arguments and conclusions to which no

20  response is required. To the extent a response is required, Roblox states that the New York State

21  Constitution and California, New York, South Carolina, and Tennessee law speak for themselves

22  and denies Plaintiffs' characterization of these laws.

23         224.    The allegations in this paragraph are legal arguments and conclusions to which no

24  response is required. To the extent a response is required, Roblox states that each above-referenced

25  law speaks for itself and denies Plaintiffs' characterization of the laws and purported legal

26  obligations, if any, imposed by them. Roblox denies the allegations about it. Roblox lacks sufficient

27  information or knowledge as to the allegations relating to other Defendants and on that basis denies

28  them.

Cooley LLP
Attorneys at Law
San Francisco

45

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

225.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

226.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

227.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

228.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

229.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

230.    The allegations in this paragraph contain legal conclusions and arguments to which no response is required. To the extent any response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

231.    The allegations in this paragraph contain legal conclusions and arguments to which no response is required. To the extent any response is required, Roblox denies that Plaintiffs or any putative Class Members suffered injury as a result of any conduct by Roblox, or are entitled to damages from Roblox in any amount. Roblox lacks sufficient information or knowledge as to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

46

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    allegations relating to other Defendants and on that basis denies them.

2         232.    Roblox incorporates its responses to all foregoing allegations as if fully set forth.

3         233.    The allegations in this paragraph are legal arguments and conclusions to which no

4    response is required. To the extent any response is required, Roblox denies that Plaintiffs may assert

5    this claim on behalf of any class.

6         234.    The allegations in this paragraph are legal arguments and conclusions to which no

7    response is required. To the extent any response is required, Roblox denies that Plaintiffs or putative

8    Class Members conferred a monetary benefit on Roblox from the alleged conduct. Roblox lacks

9    sufficient information or knowledge as to the allegations relating to other Defendants and on that

10    basis denies them.

11         235.    The allegations in this paragraph are legal arguments and conclusions to which no

12    response is required. To the extent any response is required, Roblox denies the allegations about it.

13    Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants

14    and on that basis denies them.

15         236.    The allegations in this paragraph are legal arguments and conclusions to which no

16    response is required. To the extent any response is required, Roblox denies that Plaintiffs or any

17    putative Class Members suffered actual damages as a result of any conduct by Roblox. Roblox

18    further denies that Plaintiffs or any putative Class Members are entitled to actual damages from

19    Roblox. Roblox lacks sufficient information or knowledge as to the allegations relating to other

20    Defendants and on that basis denies them.

21         237.    The allegations in this paragraph are legal arguments and conclusions to which no

22    response is required. To the extent any response is required, Roblox denies that principles of equity

23    and good conscience require the return of money to Plaintiffs or any putative Class Members.

24    Roblox denies the remainder of the allegations insofar as they concern it. Roblox lacks sufficient

25    information or knowledge as to the allegations relating to other Defendants and on that basis denies

26    them.

27         238.    The allegations in this paragraph are legal arguments and conclusions to which no

28    response is required. To the extent any response is required, Roblox denies that Plaintiffs or putative

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

47

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Class Members are entitled to any disgorgement from Roblox. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

239.    Roblox incorporates its responses to all foregoing allegations as if fully set forth.

240.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies that Plaintiffs may assert this claim on behalf of any class.

241.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies the allegations.

242.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies the allegations.

243.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies the allegations.

244.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies that it breached any alleged duties to Plaintiffs or putative Class Members. Roblox denies the remainder of the allegations about it.

245.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies that it breached any alleged duties to N.S., T.D., L.C., L.G., or S.J. Roblox denies the remainder of the allegations about it.

246.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies that Plaintiffs or any putative Class Members have been injured by any conduct of Roblox. Roblox further denies that Plaintiffs or any putative Class Members are entitled to damages from Roblox.

Cooley LLP
Attorneys at Law
San Francisco

48

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

1

2

**ROBLOX'S AFFIRMATIVE DEFENSES**

Roblox asserts the following separate affirmative defenses to Plaintiffs' FAC, including the claims of the Parent Plaintiffs[34], the Minor Plaintiffs[35], and any proposed class members. Roblox reserves the right to supplement or amend these defenses on the basis of additional factual investigation, and does not knowingly or intentionally waive any applicable affirmative defense not set forth below. Roblox does not assume the burden of proof on any issue, however characterized, on which it does not bear that burden.

**FIRST AFFIRMATIVE DEFENSE**

*Communications Decency Act, 47 U.S.C. § 230*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by 47 U.S.C. § 230 ("Section 230"), which prohibits imposing liability on: (1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat as the publisher or speaker (3) of information provided by another information content provider.

Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that it operates an interactive computer service, *i.e.*, the Roblox Services.[36] Plaintiffs' claims seek to treat Roblox as the publisher or speaker of information provided by other content providers. For example, Plaintiffs' claims seek to hold Roblox liable for allegedly failing to detect virtual content on the Roblox Services that was allegedly published by "Stock Accounts" purportedly controlled and operated by the at-issue websites, including but not limited to RBXFlip, Bloxflip, and RBLXWild (the "At-Issue Websites"). As another example, Plaintiffs' claims further seek to hold Roblox liable for allegedly failing to monitor and moderate user accounts on the Roblox Services, accounts which Plaintiffs

---

[34] As used in these affirmative defenses, the term "Parent Plaintiffs" refers to Aracely Soucek, Yaniv De Ridder, Danielle Sass, David L. Gentry, Lavina Gann.

[35] As used in these affirmative defenses, the term "Minor Plaintiffs" refers to N.S., T.D., L.C., L.G., and S.J.

[36] The Roblox Services consist of "the Roblox website (www.roblox.com) and its related platform (collectively, 'Platform') and various other features and services, including websites, applications, forums, content, functionality, products, and services (together with the Platform, 'Services')." Roblox, Terms of Use, Introduction, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

**DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC**

contend are associated with purported "gambling games" published by the At-Issue Websites off of the Roblox platform. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Section 230 bars the imposition of liability on Roblox in these circumstances by Plaintiffs or the proposed class members.

<div align="center">

**SECOND AFFIRMATIVE DEFENSE**

*Unclean Hands*

</div>

Plaintiffs' equitable relief claims, as well as the claims of any proposed class members, are barred in whole or in part by the doctrine of unclean hands because Plaintiffs voluntarily participated in the alleged misconduct and do not come to court with clean hands.

Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that Plaintiffs assert equitable claims, including unjust enrichment, and certain Plaintiffs seek equitable relief under the California Unfair Competition Law ("UCL") in the form of restitution.

The Minor Plaintiffs, however, come to the court with unclean hands. *First*, the Minor Plaintiffs violated Roblox's Terms of Use (the "TOU") by using the At-Issue Websites in the manner alleged. The Roblox TOU provide that "You may not use, acquire, or distribute Robux or Virtual Content except through the Services and except as expressly allowed by Roblox under these Roblox Terms. Any attempt to do so constitutes a violation of the Roblox Terms, will render the transaction void, and may result in the immediate suspension or termination of your Account and your license to use Robux or Virtual Content."[37] *Second*, to the extent any Minor Plaintiff shared the credentials for their Roblox account with an At-Issue Website, they violated the Roblox TOU, which provide that users are "responsible for maintaining the confidentiality and security of any credentials used to access your Account" and in so doing agree that they "understand, acknowledge, and agree that you will be responsible for any actions taken in your Account and on the Services using your access credentials, whether or not such actions have been authorized by you."[38] *Third*, the Minor Plaintiffs allegedly used the At-Issue Websites to

---

[37] *Id*. § 3(c).
[38] *Id*. § 2(b)-(c).

Cooley LLP
Attorneys at Law
San Francisco

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

engage in alleged gambling in violation of the federal and state laws cited in the FAC.

The Parent Plaintiffs also come to court with unclean hands insofar as they (1) engaged in any of the same conduct as the Minor Plaintiffs, and (2) willfully and knowingly permitted the alleged conduct of the Minor Plaintiffs, or recklessly failed to monitor the Minor Plaintiffs' alleged playing of "gambling games" in the At-Issue Websites.

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' equitable claims and requests for equitable relief against Roblox as well as those of the proposed classes are barred in whole or in part due to their unclean hands.

### THIRD AFFIRMATIVE DEFENSE

#### *In Pari Delicto Doctrine*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part under the *in pari delicto* doctrine because Plaintiffs are at least equally responsible for the alleged harms they claim to have experienced. Preclusion of the suit would further the public purpose of deterring claimed illegality by denying judicial relief to an admitted wrongdoer.

Without limiting the extent or scope of this affirmative defense, and subject to further factual investigation as may be necessary, Roblox states that the Parent Plaintiffs, Minor Plaintiffs, and/or both, are equally if not solely responsible, for the Minor Plaintiffs' alleged use of the At-Issue Websites to engage in purported "illegal gambling" in violation of federal and state gambling laws cited throughout the FAC. Assuming solely for the purposes of this affirmative defense that the alleged "gambling games" violate the federal and state gambling laws cited throughout the FAC, the Parent Plaintiffs, individually and as next of kin for the Minor Plaintiffs, bear at least equal responsibility, if not substantially more or complete responsibility, for the consequences of the alleged conduct. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' claims and those of the proposed classes are barred in whole or in part by the doctrine of *in pari delicto*.

Cooley LLP
Attorneys at Law
San Francisco

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

**FOURTH AFFIRMATIVE DEFENSE**

*Assumption of Risk*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by the doctrine of assumption of risk because Plaintiffs were expressly advised of or otherwise aware of the risks inherent in the alleged conduct and voluntarily participated in the conduct despite such knowledge. Without limiting the extent or scope of this affirmative defense, and subject to further factual investigation as may be necessary, Roblox states that:

*First*, the Parent Plaintiffs assumed all risks associated with the Minor Plaintiffs' alleged use of the Roblox Services in the manner alleged. The Roblox TOU advise users of the Roblox Services that a parent or guardian agrees to be responsible for all activities of a minor on the Roblox Services.[39] *Second*, the Minor Plaintiffs expressly assumed the risks from their alleged use of Robux to engage in alleged transactions for virtual content on the Roblox Services for the purpose of playing alleged "gambling games" in the At-Issue Websites off of the Roblox Services. The Roblox TOU provide that " Roblox does not recognize or take responsibility for third-party services that allow Users to sell, transfer, purchase, or otherwise use Robux or Virtual Content, and any such use by a User is a violation of the Roblox Terms."[40] *Third*, to the extent any Plaintiff shared the credentials for their Roblox account with an At-Issue Website, Plaintiffs assumed the risk of sharing their credentials in this manner. The Roblox TOU provide that users are "responsible for maintaining the confidentiality and security of any credentials used to access your Account" and in so doing agree that they "understand, acknowledge, and agree that you will be responsible for any actions taken in your Account and on the Services using your access credentials, whether or not such actions have been authorized by you."[41] *Fourth*, the Minor Plaintiffs expressly assumed the risks inherent in their alleged use of the At-Issue Websites to engage in purported gambling, including the risk of losses. The Minor Plaintiffs knew or should have known of these risks based on the nature of the At-Issue Websites, including but not limited to the alleged "gambling games"

---

[39] *Id*. Introduction.
[40] *Id*. § 2.c.
[41] *Id*. § 2.b-c.

and alleged references to "gambling" in the At-Issue Websites.

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs assumed the risks of the alleged conduct and may not seek to impose liability on Roblox.

## FIFTH AFFIRMATIVE DEFENSE

### *Waiver*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by waiver because Plaintiffs and the proposed class members intentionally relinquished, expressly and/or impliedly, a known right with knowledge of the facts. Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that:

*First*, Plaintiffs have waived any right to pursue the claims asserted in this case on a class-wide basis. As set forth in the Roblox TOU:

> These Roblox Terms contain A BINDING, INDIVIDUAL ARBITRATION AND CLASS ACTION WAIVER. THIS MEANS THAT YOU GIVE UP THE RIGHT TO BRING AN ACTION IN COURT, INDIVIDUALLY OR AS PART OF A CLASS ACTION."[42]

The Roblox TOU further provide for U.S. residents that:

> EXCEPT AS OTHERWISE PROVIDED IN THE ROBLOX TERMS, USER AND ROBLOX AGREE THAT ANY DISPUTE THAT CANNOT BE RESOLVED THROUGH [MANDATORY INFORMAL DISPUTE RESOLUTION], WILL BE RESOLVED BY BINDING, INDIVIDUAL ARBITRATION AS SET FORTH HEREIN, RATHER THAN IN COURT. USER AND ROBLOX THEREBY AGREE TO WAIVE ANY RIGHT TO A JURY TRIAL AND AGREE THAT USER AND ROBLOX MAY BRING CLAIMS AGAINST EACH OTHER ONLY IN AN INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS ACTION OR CLASS ARBITRATION."[43]

The Minor Plaintiffs allegedly have "user-created" accounts on the Roblox Services, used the Roblox Services, and their claims arise under or relate to the Minor Plaintiffs' alleged use of the Roblox Services. Pursuant to the Roblox TOU, the TOU are binding on the Parent Plaintiffs. Thus,

---

[42] *Id.* Introduction.
[43] *Id.* § 11.b.i.

Cooley LLP
Attorneys at Law
San Francisco

53

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

all Plaintiffs are subject to the class action waiver.

*Second*, Plaintiffs have waived any right to recovery from the alleged conduct on the Roblox Service related to alleged sales of purported "dummy" or "worthless" virtual items or experiences because pursuant to the Roblox TOU, "User agrees to waive, and does waive, any legal or equitable right or remedy that User has or may have against Roblox regarding [User Generated Content]."[44]

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs and the proposed class members have waived their claims against Roblox.

## SIXTH AFFIRMATIVE DEFENSE

### *Estoppel*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by estoppel because Plaintiffs and proposed class members were apprised of the facts, intended that their conduct be acted upon or acted in such a manner that Roblox rightly believed that Plaintiffs acted intentionally, Roblox was ignorant of the true state of facts, and Roblox relied upon conduct by Plaintiffs and the proposed class members to its detriment.

Without limiting the scope or extent of this defense, Roblox states that Plaintiffs and the proposed class members agreed to comply with the Roblox TOU and to be responsible for their conduct on the Roblox Services. Plaintiffs and the proposed class members agreed to do so by creating Roblox accounts, purchasing Robux from Roblox, and by using the Roblox Services. Plaintiffs and the proposed class members intended that Roblox rely on that agreement and Roblox rightfully believed that Plaintiffs and the proposed class members so intended. Roblox was ignorant of the true intentions held by Plaintiffs and the proposed class members to use the Roblox Services in violation of the Roblox TOU and for alleged gambling in the At-Issue Websites. Roblox detrimentally relied on Plaintiffs' agreement to the Roblox TOU. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs are estopped from asserting any claims or obtaining any relief from Roblox for the alleged conduct.

## SEVENTH AFFIRMATIVE DEFENSE

---

[44] *Id*. § 13.a.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

54

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

*Comparative Negligence*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part on the basis of comparative negligence by each Plaintiff and proposed class members. Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that Plaintiffs failed to exercise the standard of care applicable to their own conduct, and Plaintiffs' failures were comparatively greater than any alleged negligence Plaintiffs seek to attribute to Roblox. For example, the Minor Plaintiffs failed to exercise the standard of care applicable to reasonable minors of their age, intelligence, and experience by navigating off of the Roblox Services to play alleged "gambling games" in the At-Issue Websites. The Parent Plaintiffs failed to exercise the standard of care applicable to a reasonable parent in various ways, including but not limited to a failure to reasonably monitor the online activities of the Minor Plaintiffs on the Roblox Services as well on the At-Issue Websites. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' comparative negligence exceeds any purported negligence that Plaintiffs seek to attribute to Roblox and, therefore, bars any recovery against Roblox.

## EIGHTH AFFIRMATIVE DEFENSE

### *Consent / Ratification*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part because Plaintiffs explicitly or impliedly consented to the challenged conduct and therefore may not seek to impose liability on Roblox. Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that Parent Plaintiffs and all parent proposed class members expressly or impliedly consented to or ratified the alleged conduct by: (1) allowing the Minor Plaintiffs to play alleged gambling games in the At-Issue Websites, and (2) allowing the Minor Plaintiffs to purchase or obtain the Robux that the Minor Plaintiffs allegedly used to engage in purported gambling by providing the Minor Plaintiffs with access to credit cards, gift cards, or any methods to obtain Robux from Roblox. For at least these reasons, and without waiver of any additional grounds for the affirmative

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

defense, Plaintiffs consented to and/or ratified the alleged conduct.

## NINTH AFFIRMATIVE DEFENSE

### *Statute of Limitations*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by the applicable statute of limitations. Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that:

Any and all California UCL claims by Plaintiffs and any proposed class members are barred in whole or in part by the applicable four-year statute of limitations.[45] Any and all common law negligence claims by Plaintiffs and any proposed class members are barred by the applicable statute of limitations.[46] Any and all unjust enrichment claims by Plaintiffs and any proposed class members are barred by the applicable statute of limitations.[47]

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

---

[45] Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued.").

[46] Cal. Civ. P. Code § 335.1 ("Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."); Cal. Civ. P. Code § 338(a) ("Within three years: An action upon a liability created by statute, other than a penalty or forfeiture."); N.Y. C.P.L.R. § 214(5) ("The following actions must be commenced within three years: …. an action to recover damages for a personal injury…"); Tenn. Code Ann. § 28-3-104(a)(1) ("Except as provided in subdivision (a)(2), the following actions shall be commenced within one (1) year after the cause of action accrued: (A) … injuries to the person …"); S.C. Code Ann. § 15-3-530 ("Within three years: … an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law.").

[47] Cal. Civ. P. Code § 339(1) ("Within two years: An action upon a contract, obligation or liability not founded upon an instrument of writing…"); N.Y. C.P.L.R. § 213(1) ("The following actions must be commenced within six years: (1) an action for which no limitation is specifically prescribed by law."); S.C. Code. Ann. § 15-3-530(1) ("Within three years …(1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520).").

Cooley LLP
Attorneys at Law
San Francisco

56

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

**TENTH AFFIRMATIVE DEFENSE**

*Laches*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by the doctrine of laches because (1) Plaintiffs unreasonably delayed in asserting their claims and (2) acquiesced in the challenged conduct and/or prejudiced Roblox by their unreasonable delay in asserting their claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

*Failure to Mitigate Damages*

Plaintiffs' requests for monetary relief, as well as the claims of any proposed class members, are barred in whole or in part because Plaintiffs failed to mitigate the alleged damages that they seek to recover in this case, including but not limited to actual damages, restitution, and disgorgement. Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that the Minor Plaintiffs failed to mitigate their claimed damages by failing to cease their alleged playing of "gambling games" in At-Issue Websites, including after they allegedly suffered losses from playing such games but continued to play alleged games. The Minor Plaintiffs further failed to mitigate their claimed damages by failing to cease their alleged playing of "gambling games" in At-Issue Websites after bringing this lawsuit. The Parent Plaintiffs also failed to mitigate their claimed damages by failing to prevent the Minor Plaintiffs from allegedly playing "gambling games" in the At-Issue Websites, including after bringing this lawsuit. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' failures to mitigate their damages bars in whole or in part the requested damages.

Cooley LLP
Attorneys at Law
San Francisco

57

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

## TWELFTH AFFIRMATIVE DEFENSE

### *Monetary Recovery Contrary to California Public Policy*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part insofar as they arise under California law because the recovery of any monetary relief for alleged "illegal gambling" is contrary to California's strong public policy against judicial resolution of disputes concerning alleged gambling.

Without limiting the extent or scope of this defense, and subject to additional factual investigation as may be necessary, Roblox states that Plaintiffs seek monetary relief in this case under the UCL and for common law negligence and unjust enrichment claims under California law. The gravamen of Plaintiffs' requests for monetary relief is that the Minor Plaintiffs allegedly used and/or lost "Robux" and "money" to play purported "gambling games" in the At-Issue Websites in violation of various federal and state gambling laws. The Parent Plaintiffs assumed responsibility for the Minor Plaintiffs' conduct pursuant to the Roblox TOU, which provide that a parent or guardian agrees to be responsible for all activities of a minor on the Roblox Services.[48]

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, and assuming solely for the purposes of this affirmative defense that the alleged games in the At-Issue Websites violate the gambling laws cited throughout the FAC, California's strong public policy against judicial resolution of disputes concerning alleged gambling bars all monetary relief that Plaintiffs seek to recover under California law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### *Unconstitutional Monetary Relief in Violation of Due Process Clause*

Plaintiffs' requests for monetary relief, as well as the claims of any proposed class members, are barred in whole or in part by seeking money damages in violation of the California Constitution and the United States Constitution. Without limiting the extent or scope of this defense, and subject to additional factual investigation as may be necessary, Roblox states that amended Rule 26(a) initial disclosures provided by Plaintiffs shows that Plaintiffs purport to seek punitive damages.

---

[48] *See* Roblox, Terms of Use, Introduction, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use (last accessed October 30, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

58

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Without admitting that Plaintiffs are entitled to any putative damages in this case and expressly stating that Plaintiffs are not entitled to such damages, Roblox states that any award of punitive damages against Roblox in this case, including a class-wide award of punitive damages, would constitute an unconstitutional penalty under the circumstances of this case, and would violate due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the First, Fifth, and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 7 of the California Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### *Election of Remedies*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by election of remedies. Without limiting the extent or scope of this defense, and subject to additional factual investigation as may be necessary, Roblox states that Plaintiffs possess two inconsistent and concurrent remedies arising out of the same alleged conduct, including but not limited to actual damages (a remedy at law) or restitution and disgorgement (equitable relief). Plaintiffs may not seek restitution, disgorgement, or any other equitable relief, whether under the common law or under the UCL, when Plaintiffs have an adequate remedy at law. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs may not recover these different remedies for the same alleged conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### *Arbitration*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part in this judicial forum because Plaintiffs' claims are subject to arbitration.

Without limiting the extent or scope of this defense, and subject to additional factual investigation as may be necessary, Roblox states that Plaintiffs' claims are subject to binding arbitration pursuant to the Roblox TOU.[49] As set forth in the Roblox TOU, these Roblox Terms contain "A BINDING, INDIVIDUAL ARBITRATION AND CLASS ACTION WAIVER. THIS

---

[49] *Id*. Introduction; *id.* § 11.

Cooley LLP
Attorneys at Law
San Francisco

**Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC**

MEANS THAT YOU GIVE UP THE RIGHT TO BRING AN ACTION IN COURT, INDIVIDUALLY OR AS PART OF A CLASS ACTION."[50] The Roblox TOU provide that "IF YOU DO NOT AGREE TO THE ROBLOX TERMS, YOU MUST NOT USE THE SERVICES."[51] The Roblox TOU further provide that:

> Except as otherwise permitted in the Roblox Terms, you agree that any dispute, claim, or controversy you may have with Roblox arising under or relating in any way to the Roblox Terms or the Services … will be governed and resolved through the Mandatory Informal Dispute Resolution … process (as outlined below).[52]

The Minor Plaintiffs allegedly have "user-created" accounts on the Roblox Services, used the Roblox Services, and their claims arise under or relate to the Minor Plaintiffs' alleged use of the Roblox Services. Thus, all claims of the Minor Plaintiffs are subject to binding arbitration.

Furthermore, the Roblox TOU are binding on the Parent Plaintiffs. As set forth in the Roblox TOU:

> BY PERMITTING A MINOR TO USE THE SERVICES, A MINOR'S PARENT OR GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE RESPONSIBLE FOR ALL OF THE MINOR'S ACTIVITIES ON THE SERVICES, INCLUDING THE PURCHASE OF ANY VIRTUAL CONTENT.[53]

By allowing the Minor Plaintiffs to use the Roblox Services, the Parent Plaintiffs' claims, both those asserted individually and on behalf of the Minor Plaintiffs, are subject to binding arbitration.

For at least these reasons, and without waiver of any additional grounds, Plaintiffs may not pursue their claims in court because their claims are subject to binding arbitration.

### SIXTEENTH AFFIRMATIVE DEFENSE

### *Incorporation of Other Affirmative Defenses*

Roblox incorporates by reference and asserts to the extent applicable any other affirmative defenses that may be set forth in any Answer of any other Defendant in this action.

---

[50] *Id.* Introduction.
[51] *Id.*
[52] *Id.* § 11.
[53] *Id.* Introduction.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## SEVENTEENTH AFFIRMATIVE DEFENSE

### *Reservation of Rights to Assert Further Affirmative Defenses*

Roblox reserves the right to assert other affirmative defenses as this action proceeds up to and including the time of trial.

## ROBLOX'S CROSS-CLAIMS

1.    Pursuant to Federal Rule of Civil Procedure 13(g), Cross-Claimant Roblox Corporation brings cross-claims under the laws of the United States and the State of California against Satozuki Limited B.V. ("Satozuki"), RBLXWild Entertainment LLC ("RBLX Wild Entertainment"), John Doe #1, an unknown individual or entity doing business as "Bloxmoon.com" ("Doe #1"); Studs Entertainment LLC ("Studs"), and Based Plate Studio LLC ("Based Plate") (collectively, "Cross-Defendants"), and alleges the following:

### NATURE OF THE CROSS-CLAIMS

2.    These are cross-claims brought by Roblox to stop Cross-Defendants Satozuki, RBLX Wild Entertainment, Doe #1, Studs, and Based Plate from pillaging Roblox's intellectual property, disrupting Roblox's virtual economy, interfering with its contractual relationships, and obtaining unauthorized access to Roblox users' accounts.

3.    Roblox brings these cross-claims for damages and injunctive relief pursuant to the Lanham Act, (15 U.S.C. § 1114, and 15 U.S.C. § 1125), the Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030), the California Computer Data Access and Fraud Act (California Penal Code §502), and California state common law.

4.    Roblox is a global leader in the online gaming industry, providing a platform where millions of users create, play, and engage in immersive 3D experiences created by other Roblox users. Although the games on Roblox are free to play, users may choose to purchase Robux, Roblox's proprietary virtual currency, to obtain virtual content such as clothing for avatars or other in-experience items. Roblox's success depends on maintaining control over its intellectual property and the integrity of its virtual economy, including Robux.

5.    The Cross-Defendants, through their owners and agents, have built websites outside

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

the Roblox platform—namely, RBXFlip, Bloxflip, RBLXWild, and Bloxmoon (collectively, "Infringing Sites")—to induce Roblox users to violate Roblox's Terms of Use ("Roblox ToU" or "Roblox's ToU") and Community Standards.

6.    The Infringing Sites are separate sites that Roblox does not own, control, operate, or condone. Roblox's ToU prohibit Roblox users from sharing their Roblox login credentials with or disclosing them to others (with a limited exception for minors and their guardians). Roblox's Community Standards likewise bar Roblox users from gaining unauthorized access to other Roblox users' accounts and from using, acquiring, or distributing Robux except through Roblox's services. Through their operation of the Infringing Sites, the Cross-Defendants induce—and in fact require—Roblox users to breach these terms.

7.    Among other things, the Cross-Defendants (through the Infringing Sites) induce or require their users to enter their Roblox login credentials to create accounts on the Infringing Sites. In order to play games on the Infringing Sites, users must fund their accounts on the Infringing Sites. Every Infringing Site purports to allow its users to "deposit" Robux, in violation of the Roblox ToU. Because Robux can only be used on Roblox (and not on third-party websites like the Infringing Sites), there is no way to actually "deposit" Robux on the Infringing Sites. That is why the Cross-Defendants induce or require their users to give over their Roblox login credentials. With these credentials, the Cross-Defendants login to their users' Roblox accounts and use them to buy virtual content from Roblox accounts controlled, at least temporarily, by the Cross-Defendants and/or their agents, often through automated scripts ("bot accounts"). Thus, a user who "deposits" 30 Robux into their account on an Infringing Site will find in their Roblox transaction history a random virtual content transaction with a random Roblox user on the same date and time as the "deposit" for 30 Robux on the Infringing Site. Some Cross-Defendants then issue 30 credits to the user on the Infringing Site. Some Cross-Defendants misleadingly label these credits—which are not Robux—with various Robux marks, such as the current Robux icon (⬢), creating a false association between the Infringing Sites and Roblox.

8.    With these misleadingly-labeled credits, Infringing Site users can place "bets" or "wagers" on various games published to the Infringing Sites, such as Coinflip, Crash, Towers,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

62

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Slots, Cases, Dice and Mines. If a user wins the game, they receive more credits. If a user loses the game, they lose the credits. To convert the credits back to Robux, a user must "withdraw." To do this, the Cross-Defendants again access the user's Roblox account and initiate transactions for virtual content on Roblox, but this time the user's Roblox account (controlled by the Cross-Defendants and/or their agents) sells virtual content to one of the Cross-Defendants' bot accounts.

9.      Roblox prohibits both simulated and actual gambling activities on its platform. Roblox also prohibits its users from exchanging real money, Robux, or in-experience items of value in connection with any gambling activities. Because of this prohibition, the Cross-Defendants cannot publish their games on Roblox.

10.     By inducing or requiring users to give over their Roblox credentials, permeating the Infringing Sites with Roblox's protected marks, and accessing various Roblox accounts to initiate virtual content transactions for Robux on Roblox, the Cross-Defendants intentionally create a false association with Roblox, causing harm to Roblox.

11.     Roblox has received multiple complaints from its users stating that they were tricked by others into entering their Roblox credentials on one or more of the Infringing Sites and then had their Robux or limited items ("Limiteds")[54] "stolen." Many of these users claim to have been "hacked" or "beamed" after clicking hyperlinks shared by users on other social media platforms. These Roblox users claim that their stolen items were then "flipped" (*i.e.*, traded) on an Infringing Site. The complaining users sometimes claim they no longer have access to their Roblox accounts and request that Roblox restore their Roblox accounts to their original states, including by undoing (or "rolling back") their trades or restoring their Robux. In correspondence with Roblox's customer support ("CS") team, some Roblox users submitted screenshots of their off-platform chats with other users relating to the Infringing Sites. Some of these chats contained instructions about how to falsely claim that their Roblox accounts had been "hacked" to get a free rollback.

12.     Roblox has taken numerous steps to stop Cross-Defendants and their agents from

---

[54] Limiteds are virtual content items that are only available for sale for a limited time, or until their supply is sold. *See* Roblox, *The Item Details Page and Purchasing Items*, https://en.help.roblox.com/hc/en-us/articles/206142306-The-Item-Details-Page-and-Purchasing-Items#:~:text=You%20may%20see%20some%20icons,assistance%20with%20selling%20your%20own.

Cooley LLP
Attorneys at Law
San Francisco

63

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

breaching the Roblox ToU and from misusing Roblox's protected marks. Among other things, Roblox has (a) sent multiple takedown notices to the Infringing Sites' hosting providers; (b) continuously evolved its processes to detect and disrupt bot accounts, including those that may be operated by the Cross-Defendants and their agents; (c) made referrals to law enforcement; (d) made a product change that caused RBXFlip to stop functioning in July 2023; (e) sent cease and desist ("C&D") letters to various Cross-Defendants revoking their access to Roblox; and (f) suspended and banned Roblox accounts that may be used by the Cross-Defendants and/or their agents. Cross-Defendants have nevertheless persisted in their unauthorized activities.

13.    Roblox brings these cross-claims to hold the Cross-Defendants, their owners, and their agents responsible for their actions. Roblox seeks monetary damages, injunctive relief, and declaratory relief.

## THE PARTIES

14.    Cross-Plaintiff Roblox is a Delaware corporation with its principal place of business in San Mateo, California.

15.    Cross-Defendant Satozuki Limited B.V. is a foreign company registered under the laws of Curaçao, with its principal office at Abraham de Veerstraat 9, Willemstad, Curaçao. Satozuki was the entity identified as owning and operating the defunct website RBXFlip.

16.    Cross-Defendant RBLXWild Entertainment LLC is a limited liability corporation organized under the laws of Delaware that owned and operated the website RBLXWild.

17.    Cross-Defendant John Doe #1 is an unknown individual who owns and operates the website referred to as Bloxmoon.com ("Bloxmoon").[55] John Doe #1 is joined as a party for the purposes of Roblox's cross-claims under Federal Rules of Civil Procedure 13(h) and 19(a)(1). John Doe #1 owns and operates the entity that acquired RBLXWild, which has owned and operated the website RBLXWild.com ("RBLXWild") since at least July 2024. John Doe #1's joinder will not deprive the court of subject-matter jurisdiction, and the court cannot accord complete relief to Roblox amongst the existing parties in John Doe #1's absence given John Doe #1's present and

---

[55] Roblox lacks insight into whether John Doe #1 owns and operates Bloxmoon through an unknown or unidentified corporate entity. Roblox reserves its right to amend these cross-claims to name any corporate entity that owns and operates Bloxmoon.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

64

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    ongoing ownership and operation of one of the Infringing Sites.

2    18.    Cross-Defendant Studs Entertainment Ltd. ("Studs") was a foreign company

3    registered to do business in Cyprus. Studs owned and operated the website Bloxflip.com

4    ("Bloxflip") until approximately August 2023.

5    19.    Cross-Defendant Based Plate Studio LLC ("Based Plate") is a foreign company

6    registered to do business in St. Vincent and the Grenadines. Upon information and belief, Based

7    Plate is a successor entity to Studs and has owned and operated Bloxflip since approximately

8    August 2023. Based Plate is joined as a party for the purposes of Roblox's cross-claims under

9    Federal Rules of Civil Procedure 13(h) and 19(a)(1). Based Plate is subject to service of process,

10   its joinder will not deprive the court of subject-matter jurisdiction, and the court cannot accord

11   complete relief to Roblox amongst the existing parties in Based Plate's absence given Based Plate's

12   present and ongoing ownership and operation of one of the Infringing Sites.

13   <center>**JURISDICTION AND VENUE**</center>

14   20.    Roblox's cross-claims arise out of the transactions and occurrences that are the

15   subject matter of the Complaint filed in the above-captioned case and relate to the property that is

16   the subject matter of Plaintiffs' action.

17   21.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Roblox

18   asserts cross-claims arising under federal law, including 15 U.S.C. § 1114 and 1125(a) and 18

19   U.S.C. § 1030. The Court has supplemental jurisdiction over Roblox's state law cross-claims

20   pursuant to 28 U.S.C. § 1367(a) because the cross-claims arise out of the same transaction or

21   occurrence as the original action and therefore form part of the same case or controversy under

22   Article III of the United States Constitution.

23   22.    This Court independently has subject matter jurisdiction over Roblox's state law

24   cross-claims pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00,

25   exclusive of interest and costs, and is between citizens of different states and citizens or subjects of

26   a foreign state.

27   23.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the events or

28   omissions giving rise to the claim occurred and the subject property is situated within the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

65

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

jurisdiction of this Court. For the purposes of venue, under 28 U.S.C. § 1391(c)(3), all foreign Cross-Defendants who do not reside in the United States may be sued in any judicial district and their joinder shall be disregarded in determining where the action may be brought with respect to other Cross-Defendants.

<div align="center">

**FACTUAL ALLEGATIONS**

</div>

**II.      ROBLOX AND THE ROBLOX SERVICES**

24.      Roblox operates a free immersive platform for connection and communication ("Roblox Platform" or "Platform"), where every day, millions of people come to create, play, work, learn, and connect with each other in experiences built by a global community of users (known as "creators").

25.      The Roblox Platform is built on an innovative technology that allows people who use the Roblox website or downloadable mobile application ("Users") to create and connect virtually. The Roblox Platform consists of the Roblox Client, the Roblox Studio, and the Roblox Cloud. Roblox Client is the application that allows users to seamlessly explore 3D immersive experiences. Roblox Studio is the free toolset that allows developers and creators of all skill levels to build, publish, and operate 3D immersive experiences (the "Experiences") and other content, which Users can access with the Roblox Client. Roblox Cloud includes the services and infrastructure that power Roblox's Platform. The Roblox Platform, along with various other features and services, including websites, applications, forums, content, functionality, products, and services, are called the "Roblox Services."

26.      The Roblox Platform has grown since its launch in 2004. As of the third quarter in 2024, Roblox had an average of 88.9 million Daily Active Users ("DAU") across the globe.

27.      The Roblox Cloud is hosted in Roblox-managed data centers. All underlying servers are owned by Roblox and operate from data centers and regional edge data centers, including ones located in California and throughout the United States.

28.      There are millions of User-created Experiences on the Roblox Platform. These Experiences form the core of the Platform. Across Experiences, Users may interact with each other through trading, chatting, or participating in the Experiences through gameplay. At the close of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

66

**DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC**

2023, there were over 13 million active Experiences on the Platform.

29.    Roblox's proprietary virtual currency, Robux, is exclusive to the Roblox Platform. As explicitly stated in the Roblox ToU, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency."[56]

30.    Although the Platform is free, Users can purchase virtual content with Robux, such as virtual clothing, accessories, emotes for avatars, and other in-experience items like game passes. A small portion of Users have historically been payers.

31.    Roblox sets the price for Robux. The average price for one Robux for the year ending December 31, 2023 was $0.01.

32.    Robux may be purchased through the Platform or through prepaid Roblox gift cards sold by licensed online and physical retailers. Roblox gift cards can be loaded with a pre-selected amount of real-world currency that can only be redeemed on the Platform to purchase Robux or a Roblox Premium membership.

33.    Users can also acquire Robux through a monthly Roblox Premium subscription. Roblox Premium users receive discounted Robux, access to exclusive or discounted items in Roblox's Marketplace, and the ability to trade or sell Limiteds. Developers may also choose to offer additional benefits to active Roblox Premium subscribers in the form of discounted virtual merchandise or access to exclusive in-experience features.

34.    All user-generated content ("UGC") and Roblox-created content, including all virtual items and in-Experience items available for acquisition by Users on the Services, is called "Virtual Content."

35.    Users can earn Robux by making and selling Virtual Content, such as avatar items or Experiences. This Virtual Content is created through the Roblox Studio. Users can sell their Virtual Content to other Users in the Roblox Marketplace in exchange for Robux. Millions of UGC items are available in the Roblox Marketplace.

36.    The vast majority of Users cannot convert Robux into real-world currency. The only

---

[56] *Roblox Terms of Use, § 3.a*, Roblox.com, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use (last accessed Nov. 19, 2024).

Cooley LLP
Attorneys at Law
San Francisco

67

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

users allowed to do this are Developer Exchange Program ("DevEx") members, who must meet multiple eligibility requirements.

### III.    THE ROBLOX MARKS

37.    Since at least as early as 2005, Roblox has continuously and exclusively used the coined and inherently distinctive mark ROBLOX to brand the Roblox Platform; and, since at least as early as 2008, Roblox has used the trademark ROBUX to brand the virtual currency exclusive to the Roblox Services.

38.    Roblox also owns and uses the distinctive Robux icon (⬡) (together with the ROBLOX and ROBUX marks, the "Roblox Marks"), which it has used since at least as early as 2019 as a symbol for the Robux virtual currency.

39.    Roblox has invested substantial resources to promote and advertise the inherently distinctive Roblox Marks, and the goods and services associated therewith. In addition to its own advertising efforts, Roblox has been the subject of countless unsolicited stories in the media, which highlight Roblox and the Roblox Marks.

40.    As a Result of Roblox's significant advertising efforts, extensive unsolicited media attention, and its large and loyal fanbase, the Roblox Marks are well-known among consumers in the United States and have come to embody the substantial and valuable reputation and goodwill that Roblox has earned in the marketplace.

41.    In addition to owning strong common law rights in the Roblox Marks, Roblox has secured numerous U.S. federal trademark registrations, including but not limited to the following:

- ROBLOX (Reg. No. 3,280,422) – Registered August 14, 2007 and covering "Video game software; computer software for interactive games" in Class 9, "Providing online chat rooms for exchange of messages among users of computers and other devices concerning topics related to interactive games" in Class 38, and "Entertainment services, namely providing an interactive game via electronic and optical communications networks" in Class 41.

- ROBLOX (Reg. No. 6,024,416) – Registered March 31, 2020 and covering, among other things, "interactive entertainment software, namely, computer and video game

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

68

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

software… software for sending and receiving electronic messages, graphics, images, audio and audio visual content via global communication networks; computer software for the collection, editing, organizing, modifying, transmission, storage and sharing of data and information" in Class 9 and "entertainment and education services, namely, providing online electronic, computer and video games provided by means of the internet; online video and computer game services provided via a global computer network; organizing of games in the nature of computer and video game competitions; organization, production and presentation of competitions, contests, games, game shows, quizzes, fun days, exhibitions, shows, roadshows, staged events, live performances and participation events, namely, organizing events in the field of computer games for education purposes; internet based games, namely, providing online computer games and providing online video games; information and advisory services relating to any of the aforesaid services; advisory and consultancy services in connection with the foregoing" in Class 41.

- ROBUX (Reg. No. 4,731,874) – Registered May 5, 2015 and covering "financial services, namely, providing a virtual currency for use by members of an on-line community via optical, electronic and wireless communications networks" in Class 36 and "entertainment services, namely, providing an interactive online game via electronic, optical and wireless communications networks" in Class 41.

- (Reg. No. 6,918,704) – Registered December 6, 2022 and covering "Downloadable computer game software; Downloadable computer software for interactive games" in Class 9, "Financial services, namely, providing a virtual currency for use by members of an on-line community via optical, electronic and wireless communications networks" in Class 36, and "Entertainment services, namely, providing an online interactive game via electronic, optical, and wireless communications networks; entertainment services, namely, providing temporary use of non-downloadable interactive games via electronic, optical, and wireless communications networks" in Class 41.

Cooley LLP
Attorneys at Law
San Francisco

69

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

42.     True and correct copies of the certificates of registration for these trademarks are attached as Exhibits 1 – 4. The '422 and '874 registrations have received incontestable status under section 15 of the Lanham Act, 15 U.S.C. § 1065, which constitutes conclusive proof of the validity of the marks and Roblox's exclusive rights to use them.

## IV.    THE ROBLOX TERMS OF USE GOVERN ACCESS TO AND USE OF THE ROBLOX SERVICES

43.     In order to create an account and play Roblox, Users must affirmatively agree to the Roblox ToU, Creator Terms, and Community Standards (collectively, the "Roblox Terms"), which are conspicuously hyperlinked, in contrasting font color, on the account creation page and in the footer of each page of Roblox's site. The operative versions of these terms are attached as Exhibits 5 (Roblox ToU), 6 (Community Standards) and 7 (the Roblox Dictionary).

44.     By clicking the "sign up" button, Users agree to the Roblox ToU,[57] as shown in Figure 1 below.



***Figure 1: Roblox Sign Up Prompt***

---

[57] *Home Page*, Roblox.com, https://www.roblox.com/ (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEF.'S FIRST AMENDED ANSWER & CROSS CLAIMS CASE NO. 3:23-CV-04146-VC**

45. The Roblox ToU include the following provisions, among others[58]:

- Roblox users must not share or disclose their Roblox credentials with others. *Id.* § 2(b);

- A Roblox user may only access the Roblox Services through the user's own Roblox account. *Id.* § 2(c).

- A Roblox user may not use, acquire, or distribute Robux or Virtual Content except through the Roblox Services and except as expressly allowed by Roblox under these Roblox Terms. Roblox does not recognize or take responsibility for third-party services that allow Users to sell, transfer, purchase, or otherwise use Robux or Virtual Content, and any such use by a User is a violation of the Roblox Terms. *Id.* § 3(c).

- The interfaces, graphics (including without limitation Roblox Classic Avatars and Modified Classic Avatars, as defined in Section 2 of the Creator Terms), trademarks, design, information, artwork, data, code, products, software, and all other elements of the Services, including the rights therein and any derivatives thereof, ("Roblox Intellectual Property" or "Roblox IP") are protected by law and the Roblox Terms. All Roblox IP is the property of Roblox and Roblox's licensors. Roblox IP includes all UGC licensed to Roblox by Creators under the Creator Terms. Except as allowed in the Roblox Terms and any applicable Additional Terms, Roblox users may not use any Roblox IP contained in the Services unless they obtain separate permission in each instance from the owner. Roblox reserves all rights in/to the Roblox IP not granted in these Roblox Terms or elsewhere in Additional Terms. *Id.* § 6(a).

- In addition to any other restrictions set forth in the Roblox Terms or any Additional Terms, Users may not … use the Services (or any part thereof or

---

[58] *Roblox Terms of Use*, Roblox.com, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use (last accessed Nov. 16, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

71

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

any technology contained therein) in any manner that infringes, misappropriates, or otherwise violates any intellectual property right or other right of any person, or that violates any applicable laws. *Id.* § 8(b)(f).

- Users agree that they will be responsible for their use of the Services, and they further agree to defend and indemnify Roblox and the Affiliated Parties from and against every claim, liability, damage, loss, and expense, including reasonable attorneys' fees and costs, arising out of or in any way connected with: (a) their access to, use of, or alleged use of the Services; (b) their violation of any part of the Roblox Terms, any representation, warranty, or agreement referenced in the Roblox Terms, or any applicable law or regulation; (c) their actual or alleged violation of any third-party right, including any intellectual property right, publicity or privacy right, property right, or confidentiality obligation; or (d) any Dispute or issue between Users and any third party. Roblox reserves the right, at Roblox's own cost, to take on the exclusive defense and control of any matter subject to indemnification by Users (without limiting Users' indemnification obligations with respect to that matter), and in that case, Users agree to cooperate with Roblox's defense of that claim. *Id.* § 15.

46. Roblox's Community Standards include the following prohibitions and limitations[59]:

- Users may not "gain unauthorized access to Roblox or to others' Roblox accounts or information, or … otherwise violate [the Roblox Platform] security requirements."
- With the exception of Roblox gift cards, "[u]sing third-party services to buy, sell, trade, or give away Robux" is prohibited.
- "Engaging in off-platform, secondary market transactions for account access

---

[59] *Roblox Community Standards*, Roblox.com, https://en.help.roblox.com/hc/en-us/articles/203313410-Roblox-Community-Standards (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

72

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

1    or virtual content from experiences or Marketplace" is prohibited.

2        • "No real money, Robux, or in-experience items of value may be exchanged

3            in connection with any gambling activities."

4        47.    Each Cross-Defendant, through their own conduct and that of their agents, has

5    violated these prohibitions in numerous ways.

6    **V.    THE CROSS-DEFENDANTS' ILLEGAL ACTIVITIES**

7        48.    Each Cross-Defendant, through their own conduct and that of their agents, has

8    misused the Roblox Marks, created a false association with Roblox, and misused the Roblox

9    Services.

10        **A.    RBXFlip**

11        49.    Cross-Defendant Satozuki owned and operated the RBXFlip website, which became

12    operational in or around April 2019.

13        50.    The individual who founded RBXFlip does not publicly reveal his true identity and

14    goes by the online moniker "STR4T."[60] In a YouTube interview (audio only), STR4T stated he

15    created RBXFlip because he realized that "no one's done it," *i.e.*, made a "Roblox gambling"

16    website.[61] On information and belief, STR4T founded and/or held a controlling ownership interest

17    in Cross-Defendant Satozuki.

18        51.    STR4T brought on other individuals to develop and support RBXFlip, including

19    "Ly" and "PD."[62] In the YouTube interview, STR4T stated that Ly was the developer of RBXFlip,

20    while PD provided support, including "getting a lot of the bots" used by RBXFlip.[63] STR4T

21    reportedly gave Ly a "long-term" ownership interest in the company that owned and operated

22    RBXFlip, so that Ly "can always have this income coming in."[64] STR4T also stated that he sold

23    PD "lifetime ownership" shares in the company that owned RBXFlip.[65] On information and belief,

---

[60] *See* RoZone, *Interviewing The FOUNDER Of RBXFlip!*, YouTube.com (Dec. 28, 2020), https://www.youtube.com/watch?v=J88I7Y3JF-s (last accessed Nov. 20, 2024).
[61] *Id.* at 0:40-42.
[62] *Id.* at 5:30-54.
[63] *Id.*
[64] *See* RoZone, *Interviewing The FOUNDER Of RBXFlip | 2021*, YouTube.com, (Dec. 5, 2021) at 7:39-45, https://www.youtube.com/watch?v=ELeXsMr2wco&t=46s (last accessed Nov. 20, 2024).
[65] *Id.* at 6:44-54.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

73

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    PD owns and operates Adurite, a black market site that purports to sell Roblox Limiteds.[66]

2         52.    A YouTube video posted by "Unknown PERSON," who has the same voice as

3    STR4T,[67] explains how RBXFlip worked.

4         53.    During its existence, RBXFlip required its users to enter their Roblox login

5    credentials to use the site. RBXFlip therefore gained access to its users' Roblox accounts and could

6    use them however it wanted. RBXFlip's games were largely based on trading Limiteds with other

7    users. RBXFlip required that its users' Roblox accounts had specific features and settings required

8    for Limited trading: (1) account age set to 13+ (as Roblox does not allow under-13 accounts to

9    trade Limiteds); (2) Roblox Premium membership (which is required to sell or trade Limiteds);

10   (3) at least one "small" Limited item, with a recent average price ("RAP") of less than 750 Robux;

11   (4) at least one Limited item with a RAP greater than 1000 Robux; (5) trades enabled to all (*i.e.*,

12   the Roblox account was set to allow trading with anyone, not just friends); and (6) trade filter turned

13   off.[68]

14        54.    The games on RBXFlip were largely "player versus player," meaning that two

15   players compete directly against each other.[69] To "create a game" on RBXFlip, a user needed to

16   select "at least one item under 750 RAP and at least one item to gamble that's over 1000 RAP, or

17   value."[70] After selecting the Limiteds to "gamble," the RBXFlip user must wait for another user to

18   join the game. Next, a coin flips. Whoever wins the coin flip wins all posted Limited items. For the

19   duration of the game, RBXFlip sends "the items that you are putting in the game … to one of our

20   storage bots for it to hold."[71] The "storage bot," on information and belief, refers to one of the many

---

[66] *Id.* at 8:20-23.

[67] *Compare*, Unknown PERSON, *RBXFlip Login Tutorial and How to Win Roblox Gambling*, YouTube.com, (May 11, 2021) https://www.youtube.com/watch?v=2jwhcFgmB6Q *with* RoZone, *Interviewing The FOUNDER Of RBXFlip | 2021*, YouTube.com (Dec. 5, 2021) at 9:55-10:13, https://www.youtube.com/watch?v=ELeXsMr2wco&t=46s (last accessed Nov. 20, 2024).

[68] Unknown PERSON, *RBXFlip Login Tutorial and How to Win Roblox Gambling*, YouTube.com, (May 11, 2021) at 0:05-0:18, https://www.youtube.com/watch?v=2jwhcFgmB6Q (last accessed Nov. 20, 2024).

[69] RoZone, *Interviewing The FOUNDER Of RBXFlip | 2021*, YouTube.com, (Dec. 5, 2021) at 9:55-10:13, https://www.youtube.com/watch?v=ELeXsMr2wco&t=46s (last accessed Nov. 20, 2024).

[70] Unknown PERSON, *RBXFlip Login Tutorial and How to Win Roblox Gambling*, YouTube.com, (May 11, 2021) 0:56-1:56, https://www.youtube.com/watch?v=2jwhcFgmB6Q (last accessed Nov. 20, 2024).

[71] *Id.* at 1:16-1:25.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO
74
DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    bot accounts that RBXFlip operated on Roblox without its knowledge or permission. The winner

2    of the coin flip receives the Limited items from the storage bot.[72]

3        55.      RBXFlip ceased to operate on or around July 20, 2023, approximately three weeks

4    before the filing of the original complaint in this action.[73] Although the URL for RBXFlip

5    (rbxflip.com) no longer functions, archived versions of the website and publicly available YouTube

6    videos reveal rampant misuse of the Roblox Marks by Cross-Defendant Satozuki and its agents

7    until RBXFlip's demise.

8           **1.      RBXFlip's Misuse of the Roblox Services and Efforts to Evade Detection.**

9

10        56.      Through RBXFlip, Cross-Defendant Satozuki and its agents inappropriately

11    accessed the Roblox Services without Roblox's permission.



***Figure 2: RBXFlip Login***

19        57.      Satozuki and its agents required its users to provide their Roblox login credentials

20    to use RBXFlip.[74] Users of RBXFlip could provide their Roblosecurity cookie or their username

21    and password, as shown in Figure 2.

22        58.      The YouTube video posted by "Unknown PERSON" with the same voice as STR4T

23    gives step-by-step instructions about how to find one's Roblosecurity cookie.[75] The Roblosecurity

---

[72] *Id.* at 1:16-1:56.

[73] *See, e.g.*, *rbxflip.com,* Wayback Machine, (July 20, 2023), https://web.archive.org/web/20230720211634/https://rbxflip.com/web/20230720211634/https://rbxflip.com/ ("This web property is not accessible via this address.").

[74] *Coinflip*, RBXFlip.com, https://web.archive.org/web/20230712191734/https://rbxflip.com/coinflip?modal=login&redirectModal=claims (last accessed Nov. 20, 2024).

[75] Unknown PERSON, *RBXFlip Login Tutorial and How to Win Roblox Gambling*, YouTube.com, (May 11, 2021), at 0:21-0:48,

Cooley LLP
Attorneys at Law
San Francisco

75

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

cookie contains a bolded, all-caps warning instructing users not to share it: "WARNING:-DO-NOT-SHARE-THIS.--Sharing-this-will-allow-someone-to-log-in-as-you-and-to-steal-your-ROBUX-and-items...." This warning is partially visible in STR4T's how-to video.[76]

59.    According to STR4T, RBXFlip used the Roblosecurity cookie to "automate the trading" using "one of our bots."[77]

60.    On information and belief, Satozuki and its agents created bot accounts on the Roblox Platform so they could hold the Limiteds and Robux that were the object of the coin flips and other games on RBXFlip and "tax" RBXFlip's users. The "tax," on information and belief, represents Robux and Limiteds that Satozuki and its agents kept.[78] RBXFlip also hosted a "Marketplace"—openly described as a black market—where users purportedly could sell their Limiteds to other users outside Roblox's Services, in violation of the Roblox ToU.

61.    The use of bots by Cross-Defendant Satozuki and its agents created problems for them. According to STR4T, as of December 2021, RBXFlip was trying to "direct away from player versus player because *player versus player involves bots and . . . a lot of trades, which Roblox is actively using algorithms to kind of detect and stuff. So it's a cat and mouse game with us and Roblox, with their moderation right now*, and getting away from that as soon as possible and . . . expanding to other deposit methods and other ways people can gamble their Limiteds is our main goal."[79]

62.    A YouTube video posted by "RoZone"—the same person who interviewed STR4T—shows RoZone playing RBXFlip. At the end of the video, RoZone states: "As many of you guessed, my [Roblox] account was banned, which is kind of expected now."[80] In the comments to the video, RoZone states: "…roblox banned my account with a few hundred thousand left on it."

https://www.youtube.com/watch?v=2jwhcFgmB6Q, (last accessed Nov. 20, 2024)
[76] *Id.* at 0:33.
[77] *See* RoZone, *Interviewing The FOUNDER Of RBXFlip!*, YouTube.com, (Dec. 28, 2020) at 1:29-32, https://www.youtube.com/watch?v=J88I7Y3JF-s (last accessed Nov. 20, 2024).
[78] *See* RoZone, *A Beginner's Guide to RBXFlip,* YouTube.com (Oct. 16, 2022), at 1:10–2:36, https://www.youtube.com/watch?v=DjtKbNym-5I (last accessed November 20, 2024).
[79] *See* RoZone, *Interviewing The FOUNDER Of RBXFlip | 2021*, YouTube.com, (Dec. 5, 2021), at 10:00-10:23, https://www.youtube.com/watch?v=ELeXsMr2wco&t=46s (last accessed Nov. 20, 2024).
[80] *See* RoZone, *RBXGameplay #10 – Millionaire!*, YouTube.com, (Sept. 11, 2021) at 7:48-59, https://www.youtube.com/watch?v=vGX_3GxvUHY (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

76

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

63.     The access to the Roblox Services by Cross-Defendant Satozuki and its agents was not authorized. Roblox banned the user behind STR4T (and all of his known accounts) from the Roblox platform in November 2018, and continued to delete his accounts.

### 2.     RBXFlip's Infringement of the Roblox Marks.

64.     Satozuki and its agents deliberately coopted the Roblox Marks in order to trade on Roblox's goodwill.

65.     The name RBXFlip was transparently designed to create the false impression for Users and the public that the site originated from, or was sponsored by, approved by, or otherwise associated or affiliated with Roblox. In particular, "RBX" in the name RBXFlip is a common shorthand for "Roblox."

66.     RBXFlip also used variations of the Roblox logo throughout the site. RBXFlip purported to allow users to place bets with Robux, as depicted in Figure 3, where the Robux mark (R$) appears before "Place Bet":



***Figure 3: RBXFlip - "Place Bet"***

67.     RBXFlip incorporated both the ROBUX mark and the Robux icon (⬡) into its site, as depicted in Figure 4. For example, RBXFlip purported to allow its users to participate in a "giveaway" of various Limiteds valued in Robux.[81]

---

[81]     *See* RoZone, *A Beginners Guide to RBXFlip,* YouTube.com (Oct. 16, 2022) https://www.youtube.com/watch?v=X_xyRCWfqH4 (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

77

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC



***Figure 4: RBXFlip - Robux Giveaway***

68.    RBXFlip also allowed users to see a detailed history of their game play, as shown in Figure 5.



***Figure 5: RBXFlip - Transaction History***

69.    Roblox never authorized Cross-Defendant Satozuki or its agents to use the Roblox Marks to advertise Robux, or to sell, distribute, or transfer Robux.

70.    Use of the Roblox Marks in the foregoing manner was likely to cause, and, on information and belief did cause, confusion, mistake or deception as to the affiliation, connection, or association of RBXFlip with Roblox, or as to the origin, sponsorship, or approval of Cross-

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

78

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    Defendant Satozuki's offerings and commercial activities by Roblox.

2        71.    Moreover, Cross-Defendant Satozuki and its agents misrepresented to Users that the

3    users of the Infringing Site could engage in transactions of genuine Roblox virtual content, such as

4    Robux, when they could not do so. Because use of RBXFlip violates Roblox's ToU, any such

5    virtual content was materially different from genuine Roblox content.

6            **3.    Roblox's Attempts to Shut RBXFlip Down.**

7        72.    Roblox made multiple attempts to shut RBXFlip down and prevent it from reaching

8    Roblox Users.

9        73.    In early January 2019, before RBXFlip went live, Roblox employees learned of a

10    Twitter post announcing the upcoming launch of RBXFlip that associated RBXFlip with Roblox.

11    Roblox employees contacted Twitter (now known as "X") to remove the post.

12        74.    Roblox made multiple takedown requests to RBXFlip's hosting providers between

13    April 2019 and June 2021 requesting that they shut the site down.

14        75.    STR4T acknowledged that Roblox had successfully "taken Flip down two or three

15    times" by "send[ing] a DMCA request to Amazon Web Services, where we used to host, and our

16    host after that as well."[82] According to STR4T, RBXFlip added language in the website's footer

17    stating that "Roblox and its various marks and logos are trademarks of Roblox blah blah blah" to

18    "protect against general DMCA sh*t."[83] At some point before December 2021, STR4T moved

19    RBXFlip to "a much more offshore host now . . . someone who really doesn't care about DMCA

20    necessarily."[84]

21        76.    Roblox made a referral to law enforcement about RBXFlip in 2022.

22        77.    During the time RBXFlip operated, Roblox received numerous CS tickets from

23    Users who claimed that their Roblox accounts had been "hacked" or "beamed" by other Users.

24    These CS tickets also referenced RBXFlip. One User stated they entered their login credentials on

25    RBXFlip, "just look[ed] around the site," and then "all my robux just vanished out of thin air."

26

[82] *See* RoZone, *Interviewing The FOUNDER Of RBXFlip | 2021*, YouTube.com (Dec. 5, 2021) at
27    2:22–2:36, https://www.youtube.com/watch?v=ELeXsMr2wco&t=46s (last accessed Nov. 20,
2024).
[83] *See id.* at 2:39-2:54.
28    [84] *Id*. at 2:55-2:59.

1  Another User stated their Roblox account had been "comped" (i.e., compromised) by "friends" who

2  then went on RBXFlip and traded away the User's items. Another User submitted screenshots of

3  chats with a friend who, after using the User's account for RBXFlip, submitted a CS ticket to

4  Roblox falsely claiming that the User's Roblox account "got hacked." When the User accused the

5  friend of lying to Roblox, the friend responded "just bending the thruth (sic)."

6                    **4.      RBXFlip Shuts Down Due to Roblox's Product Change.**

7          78.    RBXFlip stopped operating several weeks before the initial complaint in this action

8  was filed.

9          79.    On July 14, 2023, Roblox announced that a new holding period for Limiteds would

10  go live on July 20, 2023.[85] This change added a two-day holding period for Limited trades, meaning

11  that if a User wanted to trade a Limited with another User, the Limited item would not transfer for

12  up to two days.

13         80.    Roblox's product change was disastrous for RBXFlip, which shut down the same

14  day the new holding period went into effect.[86]

15

16

17

18

19

20

21

22

23

24

25

26

---

27  [85] *Updates to Item Holding* Periods, Creator Hub, (July 2023), devforum.roblox.com/t/updates-to-item-holding-periods-marketplace/2468674 (last accessed Nov. 20, 2024).

28  [86] *See* RoZone, *My Last Time on RBXFlip*, YouTube.com (Oct. 15, 2023), https://www.youtube.com/watch?v=1GMLdmzXOqA (last accessed Nov. 20, 2024).

81.     Following RBXFlip's shutdown, RBXFlip claimed to "offer[] up refunds to anyone who still had a robux balance on the site upon it's shutdown."[87]



*Figure 6: Roblox Trading News X Post (Aug. 27, 2023)*

## B.     Bloxflip

82.     On information and belief, the Bloxflip website launched in early 2022.[88]

83.     Bloxflip is presently owned and operated by Cross-Defendant Based Plate with the URL "bloxflip.com." Until at least July 14, 2023, Cross-Defendant Studs owned and operated Bloxflip.[89] On or about August 5, 2023, before the original complaint in this action was filed, an entity named "Baseplate Games" assumed the ownership and operation of Bloxflip.[90] On

---

[87] RBLXTradingNew (@RBLXTradingNews), X (Aug. 27, 2023 at 11:53 PM), https://x.com/RBLXTradingNews/status/1696008092423508274 (last accessed Nov. 20, 2024).
[88] The first archived record of Bloxflip.com containing any content is from January 31, 2022. *See Bloxflip*.com, Wayback Machine, https://web.archive.org/web/20220401000000*/bloxflip.com/ (last accessed Nov. 20, 2024).
[89] *Bloxflip*.com, Wayback Machine, https://web.archive.org/web/20230714145353/https://bloxflip.com/ (archived record dated July 14, 2023), (last accessed Nov, 20, 2024).
[90] *Bloxflip*.com, Wayback Machine, https://web.archive.org/web/20230805232305/https://bloxflip.com/ (archived record dated Aug. 5, 2023), (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

81

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    information and belief, Baseplate Games is the predecessor name of Based Plate.

2        84.    Bloxflip continues to operate to this day.

3        85.    The individuals behind Bloxflip mask their true identities. Bloxflip's founders go

4    by the online monikers "Psy" and "Aris."[91]

5        86.    Until approximately November 16, 2024, Bloxflip described itself on its site as the

6    "#1 ROBUX Game Site," misleadingly suggesting that it is affiliated with Roblox, which it is not.

7        87.    To this day, Bloxflip advertises its site on YouTube as "the best website to bet your

8    ROBUX" and "the first ROBLOX Casino where you can bet your Robux,"[92] as shown in Figure 7:



***Figure 7: Bloxflip YouTube Home Page***

21        88.    A landing page hyperlinked in Bloxflip's official X account (formerly Twitter)

22    advertises Bloxflip as "the #1 Roblox arcade."[93]

---

[91] *See* Exhibit 8, *Hey guys. Psy here,* The Bloxflip Blog (Aug. 26, 2024).
[92] Bloxflip, YouTube.com, https://www.youtube.com/@BloxFlip (last accessed Nov. 20, 2024).
[93] *See Bloxflip* (@bloxflip), X, https://x.com/bloxflip (last accessed November 19, 2024); *Bloxflip*, LinkTree, https://linktr.ee/bloxflipofficial (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

82

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

*Figure 8: Bloxflip Link Tree Home Page*

89.    In an April 2022 YouTube interview (audio only), Bloxflip's founder, Psy, stated that he built Bloxflip because he "saw the success of RBXFlip" and "wanted go for a house-based system."[94] Psy acknowledged the risk of Roblox's "ban waves," and suggested that Bloxflip was designed to avoid these because "it's not like there are bots holding the Robux … [I]t's coming directly from the user."[95]

   **1. Bloxflip's Misuse of the Roblox Services and Efforts to Evade Detection.**

90.    Bloxflip requires users to enter their Roblox credentials to create an account on the site. This gives Based Plate and its agents access to users' Roblox accounts, in violation of the Roblox ToU. Figure 9 shows the Bloxflip login page prior to November 16, 2024, and Figure 10 shows the Bloxflip login page as of November 16, 2024.

---

[94] RoZone, *Interviewing THE FOUNDER of Bloxflip,* YouTube.com (April 21, 2022) at 0:16-0:32, https://www.youtube.com/watch?v=yFaR33G5yhQ (last accessed Nov. 20, 2024).
[95] *Id.* at 1:16-1:42.

Cooley LLP
Attorneys at Law
San Francisco

**Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC**



***Figure 9: BloxFlip Homepage Prior to November 16, 2024***

***Figure 10: BloxFlip Homepage as of November 16, 2024***

91.    Prior to November 16, 2024, Bloxflip purported to allow users to "deposit" Robux

or "Roblox Items"[96] to play games on the site, in addition to other deposit methods, as shown in

Figure 11:

---

[96] Bloxflip purported to accept "deposits" of Roblox items, but this functionality did not exist. As of early November 2024, clicking the button to "deposit" Roblox items led to a pop-up window stating: "Deposits using limited items are temporarily unavailable. Please try again later. Thank you for your patience!"

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC**

1

2

3

4

5

6

7

8

9

10

11

12



*Figure 11: Bloxflip Deposit Page Prior to November 16, 2024*

13      92.     Once a user decides how much Robux to "deposit" in Bloxflip, Cross-Defendant

14   Based Plate and its agents take over the user's Roblox account with the provided credentials and

15   initiate virtual content transactions to transfer the user's Robux to separate Roblox accounts

16   controlled by or accessible to Based Plate and its agents on the Roblox Platform. Bloxflip does not

17   identify itself as the counterparty to these transactions and uses random Roblox accounts that Based

18   Plate and its agents either created or took over from other Roblox Users.

19      93.     Then, on Bloxflip, the user receives an amount of credits equal to the amount of

20   Robux "deposited." Although these credits are *not* Robux, until November 16, 2024, Bloxflip

21   misleadingly labeled the credits with an icon that combined the hexagonal shape of the current

22   Robux icon (⬡) with the old R$ mark used to denote Robux, creating a false impression and

23   association with Roblox.

24

25   

26      *Figure 12: Bloxflip.com "Transactions" entry*

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

85

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

94.    As of November 16, 2024, Bloxflip had changed the icon of its credits to "F$" surrounded by a hexagon:  .

95.    To "withdraw Robux" on Bloxflip, users are instructed to enter the amount of Robux they want to withdraw from Bloxflip and are informed that the amount they will receive will be less the "30% Roblox Marketplace Fee" along with a "delivery fee" charged by Bloxflip. The "delivery fee" depends on whether the user chooses "standard delivery" or "instant delivery."



*Figure 13: Bloxflip Withdrawal Page*

96.    If the "withdrawal" succeeds, the user will not see a deposit by Bloxflip in their Roblox account. Instead, a Roblox user would see one or more transactions for virtual content with random Roblox users with no stated affiliation with Bloxflip. That is because Bloxflip again takes over the user's Roblox account, using it to create and sell Virtual Content to Roblox accounts controlled by Based Plate and/or its agents, generating Robux for the user.

97.    Cross-Defendant Based Plate, its agents, and (at least) several of its users know their conduct violates Roblox's ToU. Bloxflip's official Discord channel contains multiple messages between Bloxflip users stating they've been "banned" by Roblox. A recent Discord exchange between a Bloxflip user whose Roblox account was "banned" and another Bloxflip user

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC**

acknowledges as much: "…I'll say it again, we all signed up to risk this by knowingly breaking Roblox's ToS. Bloxflip can only really try and mitigate it by reducing the odds of it happening but there will always be a chance of you getting in trouble by Roblox."

98.    Despite knowing that their unauthorized use of Roblox accounts violates Roblox's ToU, Based Plate and its agents continue to try to create workarounds to continue accessing the Roblox Service.[97]

99.    Roblox has repeatedly tried to disrupt Bloxflip's activities.

100.    In March 2022, Roblox sent takedown requests to Bloxflip's hosting provider. The hosting provider did not take any action.

101.    Roblox also employs multiple methods to detect and disrupt bot accounts, to detect and moderate accounts that violate Roblox's policies, including Roblox's prohibition against using, acquiring, or distributing Robux or Virtual Content except through the Services, and to detect and moderate accounts that may have used Bloxflip.

102.    On November 14, 2024, Roblox sent a Cease and Desist ("C&D") letter to Based Plate and its agents informing them that their use of the Roblox Platform was unauthorized, requiring that they close any and all Roblox accounts that they were using and agree to never access Roblox's services again. The C&D letter also required that Based Plate and its agents cease their illegitimate uses of the Roblox Marks on Bloxflip and elsewhere.

103.    Soon after receiving the C&D letter, Based Plate and its agents made cosmetic changes to the site, removing some references to Roblox and Robux.[98] Bloxflip also recently announced that it was temporarily discontinuing Robux "deposits," but this functionality would return. Based Plate and its agents still require Bloxflip users to enter their Roblox credentials in order to use Bloxflip, and Bloxflip continues to login to its users' Roblox accounts. Bloxflip still purports to allow its users to "withdraw" Robux and Limiteds.

104.    Cross-Defendants Studs, Based Plate, and their agents' continued use of Roblox

---

[97] *See* Exhibit 8, The Bloxflip Blog, *Hey guys. Psy here* (Aug. 26, 2024).

[98] Cross-Defendant Based Plate and its agents replaced references to "Bloxflip" on the Bloxflip homepage with "Bflip'" on or before November 16, 2024. Based Plate stripped references to Robux from the Bloxflip homepage. These cosmetic changes do not undo Bloxflip's misuse of the Roblox marks for well over two years.

Cooley LLP
Attorneys at Law
San Francisco

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

1    accounts constitutes unauthorized access to the Roblox Services.

2              **2.     Bloxflip's Infringement of the Roblox Marks.**

3          105.    Cross-Defendants Studs, Based Plate, and their agents have repeatedly misused the

4    Roblox Marks and created a false association between Bloxflip and Roblox for more than two

5    years.

6          106.    "Blox" is a common shorthand for Roblox. Accordingly, the website's name

7    "Bloxflip" was transparently designed to create the false impression for Users and the public that

8    the site originated from Roblox, or was sponsored by, approved by, or otherwise associated or

9    affiliated with Roblox.

10         107.    In addition, Cross-Defendants Studs, Based Plate, and their agents have long

11   advertised Bloxflip as the "#1 social casino for wagering Robux!" Cross-Defendants and their

12   agents have also claimed that users of Bloxflip can "Deposit fiat, crypto, ROBUX, and Limiteds to

13   receive a balance on the site to start playing! Cashout your ROBUX into your account or choose

14   from our large selection of Limited to cash out as well."⁹⁹

15         108.    Cross-Defendants Studs, Based Plate, and their agents have also misused the

16   ROBLOX and ROBUX Marks in Google Search results for Bloxflip as recently as November 2024:

17         109.    Cross-Defendants Studs, Based Plate, and their agents launched a Bloxflip blog on



*Figure 14: Google Search Results for Bloxflip*

or around August 26, 2024, describing Bloxflip as "the #1 ROBLOX betting site entertaining

millions of users around the world."¹⁰⁰ Bloxflip's homepage continues to link to the Bloxflip blog,

which is still live.¹⁰¹

⁹⁹ Bloxflip FAQ, https://bloxflip.com/, (last accessed Nov. 15, 2024).
¹⁰⁰ *See* Exhibit 8, The Bloxflip Blog, *Hey guys. Psy here* (Aug. 26, 2024).
¹⁰¹ *See* Bflip, bloxflip.com (last accessed Nov. 16, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

88

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

110.    As discussed above, Bloxflip also continues to advertise itself on multiple social media channels as "the best website to bet your ROBUX," "the first ROBLOX Casino," and "the #1 Roblox Arcade!" Cross-Defendants Studs, Based Plate, and their agents intentionally created the misimpression that Bloxflip is sanctioned by Roblox by using this phrasing.

111.    Cross-Defendants Studs, Based Plate, and their agents have also used the Roblox Marks throughout Bloxflip.

112.    For instance, when a user seeks to withdraw from Bloxflip, Bloxflip still offers users the option to withdraw "Robux," which is false.



*Figure 15: Bloxflip Withdrawal Page*

113.    Cross-Defendant Based Plate and its agents also have used an icon that combines the hexagonal shape of Roblox's current Robux icon (◉) with an old R$ mark used to denote Robux, creating a false impression and association with Roblox:

Cooley LLP
Attorneys at Law
San Francisco

1
2
3
4
5
6
7
8



***Figure 16: Bloxflip's Prior
Use of the Robux Icon***

9
10

11      114.    The use of the Roblox Marks by Cross-Defendants Studs, Based Plate, and their

12   agents has no legitimate purpose and only serves to mislead users into believing that Bloxflip

13   originates from, is sponsored by, approved by, or otherwise associated with Roblox when is not.

14      115.    Users mistakenly believe that Bloxflip is sanctioned by Roblox. As one example,

15   Roblox received a CS ticket from a User who appeared to believe that Bloxflip was "approved" by

16   Roblox, which it is not.

17      116.    Moreover, Cross-Defendant Studs misrepresents to Users that they are able to use

18   Bloxflip to engage in transactions of genuine Roblox virtual content, such as Robux, when they are

19   not. Because use of Bloxflip violates Roblox's ToU, any such virtual content is materially different

20   from genuine Roblox content.

21      117.    As noted above, Roblox previously sent a C&D letter to Cross-Defendant Based

22   Plate and its agents demanding that Based Plate and its agents cease their illegitimate uses of the

23   Roblox Marks, among other things.[102]

24   **C.    RBLXWild**

25      118.    Cross-Defendant RBLXWild Entertainment owned and operated RBLXWild.com.

26   RBLXWild was created in or around March 2022.[103]

27   ---
[102] *See supra* ¶¶ 102–03.
[103] The first archived record of RBLXWild containing any content is from March 25, 2022. See
28   *rblxwild.com,* Wayback Machine,
https://web.archive.org/web/20220325024653/https://rblxwild.com/ (archived Mar. 25, 2022)

Cooley LLP
Attorneys at Law
San Francisco

119.    After the original complaint in this action was filed on August 15, 2023, Cross-Defendant RBLXWild shut down the RBLXWild website.

120.    Thereafter, Doe #1, the owner of Bloxmoon, acquired the RBLXWild website:[104]



**Figure 17: *Bloxmoon Acquisition of RBLXWild***

121.    On or about July 26, 2024, the RBLXWild website relaunched. On information and belief, Doe #1 continues to own RBLXWild, but its original founder, "Aspire," runs the re-launched version.[105]

122.    On information and belief, Aspire has one or more partners who were involved in running and managing RBLXWild until it shut down in August 2023 and was sold to Bloxmoon.

123.    In a YouTube interview (voice only), Aspire stated RBLXWild shut down in 2023 because ". . . it was like a huge mess; we treated [the site] like a playground, I guess you could say. Um, but we never had the intention like not to pay the balances and stuff, but when that lawsuit came we just kind of gave it up. But when we did sell it to Bloxmoon, part of the agreement was that they had to take over all of the debts we had, but it didn't come through."[106]

---

[104] *Rblxwild.com,* Wayback Machine,
https://web.archive.org/web/20230825082240/https://rblxwild.com/, (archived Aug. 25, 2023)
(last accessed Nov. 20, 2024).
[105] *See* RoZone, *Interviewing The Founder of RBLXWild!*, YouTube.com (May 18, 2024) at 6:30-6:42, https://www.youtube.com/watch?v=nHiTIX1M9_c (last accessed Nov. 20, 2024) ("Can you clarify – do you own any of the old assets legally, or are they owned by Bloxmoon?" "Well, um Bloxmoon owns 100% of RBLXWild and that's their site now.").
[106] In the same interview, "Aspire" claims that the "guy we sold the site to" did not pay out the outstanding customer balances on RBLXWild. *Id.* at 0:01-0:29; 1:49.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC**

1         **1.**      **RBLXWild's Misuses of the Roblox Services, Efforts to Evade Detection, and Roblox's Attempts to Shut RBLXWild Down.**

2      124.    RBLXWild functions similar to Bloxflip. In order to use RBLXWild, a user must

3  enter their Roblox account credentials on the site, in violation of Roblox's ToU. *See* Figure 18. The

4  RBLXWild sign in page states: "In order for RBLXWild to operate correctly, we need access to

5  your Roblox account. We understand that you may not be familiar with this method of login, but

6  due to recent changes Roblox has made to authentication, it may work better for some users than

7  cookie authentication."[107]

8

9  

10

11

12

13

14

15

16

17

18

19

20                          **Figure 18: *RBLXWild Sign In Page***

21      125.    Once a user decides how much Robux to "deposit" in RBLXWild, Cross-Defendant

22  Doe #1 and his agents take over the user's Roblox account with the provided credentials and initiate

23  virtual content transactions to transfer the user's Robux to separate Roblox accounts controlled by

24  or accessible to Doe #1 and his agents on the Roblox Platform. RBLXWild does not identify itself

25  as the counterparty to these transactions and uses random Roblox accounts that Doe #1 and his

26  agents either created or took over from other Roblox users. Then, on RBLXWild, the user receives

27  an amount of credits equal to the amount of Robux "deposited." Although these credits are not

28

---

[107] *Sign In,* RBLXWild.com, https://rblxwild.com/?modal=auth (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

92

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

Robux, RBLXWild labels them with the Robux icon, creating a false impression and association with Roblox.



*Figure 19*: **RBLXWild Transactions**

126.    To play games on RBLXWild, a user must "deposit" Robux, a virtual item from the Roblox Platform, cryptocurrency, or fiat currency,[108] as shown in Figure 20 below.



*Figure 20*: *RBLXWild Deposits*

127.    RBLXWild purports to allow users to "withdraw" Robux and Roblox virtual items, among other things,[109] as shown in Figure 21:

---

[108] RBLXWild.com, https://rblxwild.com/cases/tix-case?modal=cashier&type=deposit (last accessed Nov. 20, 2024).
[109] *Withdraws,* RBLXWild.com, https://rblxwild.com/?modal=cashier&type=withdraw (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

93

**DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC**



***Figure 21: RBLXWild "Roblox Withdraws"***

128.    If the user opts to "withdraw" Robux, the user is instructed to enter the amount of Robux that they want to withdraw from RBLXWild, as shown in Figure 22.[110] The user must have a minimum of 500 Robux and they must "create a public experience on roblox.com" in order to "withdraw." The user is also informed that the amount of Robux they will receive will be "30% less" because "Roblox.com takes 30% commission on every purchase."

***Figure 22: RBLXWild "Withdraw Robux"***

---

[110] *Withdraw Robux,* RBLXWild.com,
https://rblxwild.com/marketplace/withdraw?modal=cashier&type=withdraw&method=robux (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

129.    If the "withdrawal" succeeds, the user will not see a deposit by RBLXWild in their Roblox account. Instead, the user would see one or more transactions for virtual content with other random Roblox users with no stated affiliation with RBLXWild. On information and belief, RBLXWild uses Roblox accounts that Doe #1 controls, at least temporarily, to purchase the withdrawing user's virtual content experience (*i.e.*, the "public experience" on Roblox that RBLXWild requires its users to create in order to withdraw), transferring Robux to the user.

130.    If the user opts to "withdraw" a virtual item, the user is taken to a "Marketplace" of virtual items, as shown in Figure 23.[111]



**Figure 23: RBLXWild "Marketplace"**

131.    To "withdraw" an item, the user must enter the username of the Roblox account that will receive the limited item, as shown in Figure 24.[112]

---

[111] *Marketplace,* RBLXWild.com, https://rblxwild.com/marketplace/withdraw (last accessed Nov. 20, 2024).

[112] *Withdraw Limited*, RBLXWild.com, https://rblxwild.com/marketplace/withdraw?modal=dummy-item-withdraw (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO



***Figure 24*: *RBLXWild "Enter Roblox Username"***

132. On information and belief, if the limited item "withdrawal" succeeds, the user will receive the limited item in their Roblox account.

133. Roblox has repeatedly tried to disrupt RBLXWild's activities.

134. In April 2022 and July 2023, Roblox sent takedown notices to RBLXWild's hosting providers requesting that the site be taken down.

135. On or about July 20, 2023, RBLXWild and/or its agent responded (via the hosting provider): "we use all of our own assets which are not taken from other copyrighted entities" and claimed that the basis for the takedown request was "false."

136. On or about July 31, 2023, Doe #1 and/or his agent responded to the same takedown request from Roblox, stating: "How many times do we need to go back and fourth [sic]. In no way shape or form is the email that is contacting you nor there website affiliated with the site http://roblox.com the official roblox email is (employeename@roblox.com ex:support@roblox.com) additionally we have changed our icon as we don't want issues with this anymore as this individual is clearly just trying to take the site down. Please relay this to cloudflare as this is fale [sic] information."

137. The assertions by Doe #1 and its agents were false. RBLXWild continues to use the Robux icon ( ⬡ ) and other Roblox Marks throughout the website.

Cooley LLP
Attorneys at Law
San Francisco

96

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

138.    Roblox also employs multiple methods to detect and disrupt bot accounts, to detect and moderate accounts that violate Roblox's policies, including Roblox's prohibition against using, acquiring, or distributing Robux or Virtual Content except through the Services, and to detect and moderate accounts that may have used sites like RBLXWild.

139.    On October 29, 2024, Roblox sent a C&D letter to Cross-Defendant RBLXWild Entertainment and its owners and agents, including Bloxmoon. In the letter, Roblox demanded that the owners and operators of RBLXWild cease using the RBLXWild.com domain; cease using the RBLXWild mark; cease using the Roblox Marks to promote any services; cease using any language associated with Roblox or Robux on RBLXWild advertisements or promotions for RBLXWild; cease promoting the use of Roblox, Robux, or any Roblox content in connection with RBLXWild, including but not limited to the direct solicitation of Roblox users; and cease using the Roblox Platform. Roblox demanded that the owners and operators of RBLXWild close any and all accounts on the Platform and never access Roblox's website, app, servers, or services again.

140.    The next day, a suspected owner of RBLXWild, to whom the C&D letter had been mailed, responded via emailing claiming he had "no connection to RBLXWild, and exited this business several years ago." The suspected owner did not respond to a subsequent email.

141.    Cross-Defendants RBLXWild Entertainment, Doe #1, and/or their agents continue to operate the RBLXWild website and to access Roblox accounts on the Roblox Platform.

**2.    RBLXWild's Infringement of the Roblox Marks and False Association with Roblox.**

142.    Cross-Defendants RBLXWild Entertainment, Doe #1, and their agents have repeatedly misused the Roblox Marks and created a false association between RBLXWild and Roblox.

143.    The name "RBLXWild" was transparently designed to create the false impression for Users and the public that the site originated from Roblox, or was sponsored by, approved by, or otherwise associated or affiliated with Roblox. "RBLX" is a common shorthand for Roblox.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

97

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

144.    The RBLXWild website prominently uses the Roblox Marks, including the Robux icon (⬡), as shown in Figure 25 below.[113]



***Figure 25: RBLXWild Home Page***

145.    When a user logs into RBLXWild, the website displays in large white letters the phrase: "THE MOST IMMERSIVE ROBLOX GAMES,"[114] as shown in Figure 18.

146.    The prompt to "deposit" on RBLXWild uses the Robux mark and the Robux icon, as shown in Figure 26 below.

---

[113] *Home Page,* RBLXWild.com, https://rblxwild.com/ (last accessed Nov. 20, 2024).
[114] *Sign In,* RBLXWild, https://rblxwild.com/?modal=auth (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

98

**DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC**



*Figure 26: RBLXWild Deposits*

147.    The games on RBLXWild also use the Robux icon, as shown in Figure 27 below.[115]



*Figure 27: RBLXWild Crash*

148.    Cross-Defendants RBLX Wild Entertainment, Doe #1, and their agents also misuse the Roblox Marks on social media platforms.

149.    Cross-Defendant Doe #1 and its agents have also used the Roblox Marks in Google Search results for RBLXWild as recently as November 2024, as shown in Figure 28:



*Figure 28: Google Search Results for RBLXWild*

---

[115] *Crash,* RBLXWild.com, https://rblxwild.com/crash (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

150.    Upon information and belief, Cross-Defendant Doe #1 and his agents run and maintain the account on social media platform, X, @rblx_wild.

151.    RBLXWild Entertainment, Doe #1, and their agents describe RBLXWild on X as "the most immersive roblox case opening site" despite having no affiliation with Roblox.[116] The X account also purports to "give away" roblox.com gift cards and thousands of "free Robux," as shown in Figure 29 below.[117]



*Figure 29: RBLXWild Giveaway on X*

152.    These and other uses of the Roblox Marks by Cross-Defendants RBLXWild Entertainment, Doe #1, and their agents have no legitimate purpose and only serve to mislead users into believing that RBLXWild originates from, or is sponsored by, approved by, or otherwise associated with Roblox when it is not.

153.    Moreover, the foregoing misuses of the Roblox Marks misrepresent to Users that they are able to use RBLXWild to engage in transactions of genuine Roblox virtual content, such as Robux, when they are not. Because use of RBLXWild violates Roblox's ToU, any such virtual content is materially different from genuine Roblox content.

---

[116] RBLXWild (@rblx_wild), X, https://x.com/rblx_wild?lang=en (last accessed Nov. 20, 2024).
[117] RBLXWild (@rblx_wild), X (July 9, 2023, 7:29 PM), https://x.com/rblx_wild/status/1678184614072926209 (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

100

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

### D.    Bloxmoon

154.    The Bloxmoon website does not identify any owning or operating entity. On information and belief, Cross-Defendant John Doe #1, owns and operations Bloxmoon. The Bloxmoon.com domain was registered in September 2022. The website registration records for Bloxmoon.com are redacted for privacy but include a mailing address of "Almatinskaya, KZ." On information and belief, Bloxmoon launched in or around November 2022.[118]

155.    Like RBLXWild, Bloxmoon purports to allow users to "deposit" Robux onto its site to use in games, offering a chance to win additional Robux. Cross-Defendant Doe #1 and his agents advertise Bloxmoon as being affiliated with Roblox, despite no affiliation or authorization existing.

156.    As discussed in more detail below, the current versions of RBLXWild.com and Bloxmoon.com appear functionally identical. The sites have the exact same deposit and withdrawal methods. In addition, RBLXWild users who "deposit" Robux on RBLXWild.com will see the same "deposit" amount available for use on Bloxmoon, and vice versa. This is consistent with "Aspire's" statement that he sold RBLXWild to Bloxmoon's owner in mid-2023 and that Bloxmoon's owner (Doe #1) now owns both sites.

#### 1.    Bloxmoon's Misuses of the Roblox Services, Efforts to Avoid Detection, and Roblox's Attempts to Shut Bloxmoon Down.

157.    Bloxmoon gives users three options to sign into the website: (1) register with the website by creating a username and password, (2) provide one's "Roblox.com credentials," or (3) provide one's "Roblosecurity," a reference to a Roblox security cookie,[119] as shown in Figure 30 below. When a user provides their Roblox credentials or Roblox security cookie, Cross-Defendant Doe #1 and his agents receive access to users' Roblox accounts, in violation of the Roblox ToU.

---

[118] *Bloxmoon.com,* WayBack Machine (Nov. 2, 2022), https://web.archive.org/web/20221102144456/https://bloxmoon.com/ (last accessed Nov. 20, 2024).

[119] *Sign In,* Bloxmoon.com, https://bloxmoon.com/?modal=sign-in (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC



*Figure 30: Bloxmoon Sign In*

158.    Bloxmoon purports to allow users to "deposit" Robux,[120] as shown in Figure 31 below:

*Figure 31: Bloxmoon Deposit Options*

159.    Once a user decides how many Robux to "deposit" on Bloxmoon, Doe #1 and his agents take over the user's Roblox account with the provided credentials and initiate virtual content transactions to transfer the user's Robux to separate Roblox accounts controlled by or accessible to Doe #1 and his agents on the Roblox Platform. Bloxmoon does not identify itself as the counterparty to these transactions and uses random Roblox accounts that Bloxmoon and its agents either created themselves or took over from legitimate Roblox users. Then, on Bloxmoon, the user receives an amount of credits equal to the amount of Robux "deposited." Although these credits are *not* Robux, Bloxmoon labels them with the Robux icon (◉), creating a false impression and association with

---

[120] Bloxmoon, https://bloxmoon.com/withdraw/item?modal=deposit (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

102

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

Roblox.

160.    Doe #1 and his agents purport to allow users to withdraw Robux from Bloxmoon, among other withdrawal methods,[121] as shown in Figure 32 below:



***Figure 32**: Bloxmoon "Roblox Withdraw"*

161.    If the user opts to "withdraw" Robux, the user is instructed to enter the amount of Robux that they want to withdraw from Bloxmoon, as shown in Figure 33.[122] The user must have a minimum of 500 Robux and they must "create a public experience on roblox.com" in order to "withdraw." The user is also informed that the amount of Robux they will receive will be "30% less" because "Roblox.com takes 30% commission on every purchase. The deposit and withdrawal processes on RBLXWild and Bloxmoon appear to be functionally identical and suggest common ownership and management.

---

[121] *Roblox Withdraw,* Bloxmoon.com, https://bloxmoon.com/video-promotion?modal=withdraw (last accessed Nov. 20, 2024).
[122] *Withdraw Robux,* Bloxmoon.com, https://bloxmoon.com/withdraw/robux (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

103

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC



***Figure 33: Bloxmoon "Withdraw with Robux"***

162.    If the "withdrawal" succeeds, the user will not see a deposit by Bloxmoon in their Roblox account. Instead, the Roblox User would see one or more transactions for virtual content with random Roblox users with no stated affiliation with Bloxmoon. On information and belief, Bloxmoon uses Roblox accounts that Doe #1 and his agents control, at least temporarily, to purchase the withdrawing user's virtual content experience (*i.e.*, the "public experience" on Roblox that RBLXWild requires its users to create in order to withdraw), transferring Robux to the withdrawing user.

163.    If the user opts to "withdraw" a Limited item, the user is taken to a searchable index of Limiteds, as shown in Figure 34.[123]

---

[123] *Withdrawn Item,* Bloxmoon.com, https://bloxmoon.com/withdraw/item (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

Def.'s First Amended Answer
& Cross Claims
Case No. 3-cv-04146-VC

1
2
3
4
5
6
7
8



9

***Figure 34: Bloxmoon "Withdraw Item"***

10    164.    To "withdraw" a Limited, the user must enter the Roblox username of the account

11    on the Roblox platform that will receive the Limited item, as shown in Figure 35.[124]

12
13
14
15
16
17
18
19

20    ***Figure 35: Bloxmoon "Enter Roblox Username"***

21    165.    Bloxmoon also purports to allow Users with a Roblox Premium subscription to

22    "Earn Robux Doing Nothing." The User must give Bloxmoon their "secret," *i.e.*, their Roblox

23    security cookie. Bloxmoon will then use the User's Roblox account as a "bot" account for deposits

24    and withdrawals,[125] as shown in Figure 36 below, and "pay you 2% of the value (RAP) of each

25    trade."

26
27    _____

28    [124] *Id.*
      [125] *Share Account*, Bloxmoon.com, https://bloxmoon.com/share-account (last accessed Nov. 20, 2024).

1

2

3

4

5

6

7

8

9

10



***Figure 36: Bloxmoon "Earn Robux Doing Nothing"***

166.    Doe #1 and his agents know that their unauthorized use of Roblox accounts violates Roblox's ToU, but they continue to try to create work-arounds to continue accessing the Roblox Service.

167.    Roblox employs multiple methods to detect and disrupt bot accounts, to detect and moderate accounts that violate Roblox's policies, including Roblox's prohibition against using, acquiring, or distributing Robux or Virtual Content except through the Services, and to detect and moderate accounts that may have used Bloxmoon.

168.    On October 29, 2024, Roblox sent a C&D letter to Bloxmoon at its email address of record—admin[@]Bloxmoon.com—concerning its operation of RBLXWild. The letter demanded, among other things, that Bloxmoon close any and all accounts on the Platform and never access Roblox's website, app, servers, or services again. Cross-Defendant Doe #1 and his agents continue to operate Bloxmoon and to access Roblox accounts without authorization.

### 2.    Bloxmoon's Infringement of the Roblox Marks.

169.    Cross-Defendant Doe #1 and his agents have repeatedly misused the Roblox Marks and created a false association between Bloxmoon and Roblox.

170.    As noted above, "Blox" is a common shorthand for Roblox. Accordingly, the website's name "Bloxmoon" is transparently designed to create the false impression for Users and the public that the site originated from Roblox, or was sponsored by, approved by, or otherwise

Cooley LLP
Attorneys at Law
San Francisco

106

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

associated or affiliated with Roblox.

171.    Bloxmoon's homepage—and the site as a whole—flagrantly misuses the Roblox Marks. For instance, the homepage offers Bloxmoon users to earn "Free Robux" by completing surveys. The offer uses both the ROBUX mark and the Robux icon,[126] as shown in Figure 37 below:



*Figure 37: Bloxmoon "Earn Free Robux"*

172.    John Doe #1 and his agents offer a "1000R$ Bonus" to users of Bloxmoon that make their first crypto or gift card deposit,[127] as shown in Figure 38 below. R$ is an old Robux mark.



*Figure 38: Bloxmoon Bonus*

173.    When playing games on Bloxmoon, users are required to spend credits that are misleadingly labeled with the Robux icon, as shown in Figure 39 below.



*Figure 39: Bloxmoon Game Play*

174.    Cross-Defendant Doe #1 and his agents purport to allow users to "exchange" USD

---

[126] Bloxmoon, https://bloxmoon.com/ (last accessed Nov. 20, 2024).
[127] *Id.*

Cooley LLP
Attorneys at Law
San Francisco

107

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

for "Robux," which are labeled with both the ROBUX mark and the Robux icon.[128]



***Figure 40*: Bloxmoon "Exchange"**

175.    Doe #1 and his agents purport to allow users to "earn" free "R$" by completing offers available on Bloxmoon,[129] as shown in Figure 41 below:



***Figure 41*: Bloxmoon "Earn R$"**

176.    Doe #1 and his agents also incentivize Bloxmoon users to advertise Bloxmoon on social media,[130] as shown in Figure 42 below:

---

[128] *Exchange,* Bloxmoon.com, https://bloxmoon.com/exchange (last accessed Nov. 16, 2024).
[129] *Surveys,* Bloxmoon.com, https://bloxmoon.com/surveys (last accessed Nov. 16, 2024).
[130] *Video Promotion,* Bloxmoon.com, https://bloxmoon.com/video-promotion (last accessed Nov. 16, 2024).

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC



**Figure 42: *Bloxmoon Video Promotion***

177.    Doe #1 and his agents advertise Bloxmoon on Google Search as "Premium Roblox Gambling," as shown in Figure 43 below, despite having no association with Roblox or any authorization to use the ROBLOX mark.

**Figure 43: *Google Search Results for Bloxmoon***

178.    On X, Doe #1 and his agents describe Bloxmoon as the "#1 Trusted Roblox Casino."[131]

179.    Through the Bloxmoon X account, Doe #1 and his agents repeatedly promote giveaways of "FREE ROBUX." A recent and egregious example from July 23, 2023 is displayed in Figure 44 below[132]:

---

[131] BLOXMoon (@BloxMoonTweets), X, https://x.com/BloxMoonTweets (last accessed Nov. 20, 2024).

[132] BLOXMoon (@BloxMoonTweets), X (July 28, 2024, 2:02PM), https://x.com/BloxMoonTweets/status/1817621627082776591 (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC



***Figure 44: Bloxmoon X Post Dated July 28, 2024***

180.    The use of the Roblox Marks by Cross-Defendant Doe #1 and his agents have no legitimate purpose and only serves to mislead users into believing that Bloxmoon originates from, is sponsored by, approved by, or otherwise associated with Roblox when it is not.

181.    Moreover, the foregoing uses of the Roblox Marks misrepresent to Users that they are able to use Bloxmoon to engage in transactions of genuine Roblox virtual content, such as Robux, when they are not. Because use of Bloxmoon violates Roblox's ToU, any such virtual content is materially different from genuine Roblox content.

<u>**CROSS-CLAIMS**</u>

**FIRST CROSS-CLAIM**

***Federal Lanham Act – Infringement of Registered Trademarks (15 U.S.C. § 1114)***

182.    Roblox realleges and incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

183.    The registered Roblox Marks are all valid trademarks entitled to protection under the Lanham Act and are registered on the principal register at the United States Patent & Trademark Office. The trademark registrations reflected in Exhibits 1 through 4 hereto are in full force

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    and effect.

2    184.    Cross-Defendants and their agents have deliberately designed and promoted the

3    Infringing Sites to create the false impression that the websites are related to or associated with the

4    Roblox Platform, including by using the Roblox Marks.

5    185.    Cross-Defendants and their agents also pretend to promote genuine Roblox

6    products, including Robux and virtual content exclusive to the Roblox Services, in order to trick

7    third parties into using their websites in violation of Roblox's ToU. In reality, Cross-Defendants

8    do not maintain "Robux" or other Roblox content, and any such virtual content offered through

9    Cross-Defendants' services violates Roblox's ToU and therefore is materially different from

10   genuine Roblox content.

11   186.    Cross-Defendants' website names for their respective Infringing Site and misuses

12   of the registered Roblox Marks are thus likely to cause confusion, mistake, or deception as to

13   whether Cross-Defendants' offerings originate from or are sponsored by, approved by, or otherwise

14   associated or affiliated with Roblox. Cross-Defendants' misuses of the Roblox Marks also deceive

15   Users into believing that Robux and other virtual items received through Cross-Defendants'

16   platform are genuine when they are not.

17   187.    The above-described acts of Cross-Defendants were willful and knowing, and

18   constitute trademark infringement in violation of 15 U.S.C. § 1114(1) and entitle Roblox to relief.

19   188.    Cross-Defendants have unlawfully profited from the infringement of the registered

20   Roblox Marks detailed herein.

21   189.    Because of Cross-Defendants' acts of trademark infringement, Roblox has suffered

22   damage to the goodwill associated with the registered Roblox Marks.

23   190.    Cross-Defendants have irreparably harmed Roblox and, if not enjoined, will

24   continue to irreparably harm Roblox and its federally registered trademarks.

25   191.    Cross-Defendants have irreparably harmed the general public and, if not enjoined,

26   will continue to irreparably harm the general public, which has an interest in being free from

27   confusion, mistake, and deception.

28   192.    Roblox's remedy at law is not adequate to compensate it for the injuries inflicted by

Cooley LLP
Attorneys at Law
San Francisco

111

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

1    Cross-Defendants. Accordingly, Roblox is entitled to the entry of permanent injunctive relief

2    pursuant to 15 U.S.C. § 1116.

3        193.    Roblox is entitled to damages, and Roblox is further entitled to have those damages

4    trebled under 15 U.S.C. § 1117.

5        194.    This is an exceptional case making Roblox eligible for an award of attorneys' fees

6    pursuant to 15 U.S.C. § 1117.

7                              **SECOND CROSS-CLAIM**

8                    ***Federal Lanham Act – False Association* (15 U.S.C. § 1125)**

9        195.    Roblox realleges and incorporates by reference the allegations of each and every

10   one of the preceding paragraphs as though fully set forth herein.

11       196.    The Roblox Marks are distinctive and valuable marks that Roblox owns, and which

12   are widely recognized by the general public as representing Roblox's platform, products, and

13   services.

14       197.    Cross-Defendants and their agents have deliberately designed and promoted the

15   Infringing Sites to create the false impression that the websites are related to or associated with the

16   Roblox Platform, including by using the Roblox Marks.

17       198.    Cross-Defendants and their agents also pretend to promote genuine Roblox

18   products, including Robux and virtual content exclusive to the Roblox Services, in order to trick

19   third parties into using their websites in violation of Roblox's ToU. In reality, Cross-Defendants

20   do not maintain "Robux" or other Roblox content, and any such virtual content offered through

21   Cross-Defendants' services is materially different from genuine Roblox content because it violates

22   Roblox's ToU.

23       199.    Cross-Defendants' website names for their respective Infringing Sites and misuses

24   of the registered Roblox Marks are thus likely to cause confusion, mistake, or deception as to

25   whether Cross-Defendants' offerings originate from or are sponsored by, approved by, or otherwise

26   associated or affiliated with Roblox.

27       200.    Cross-Defendants' misuses of the Roblox Marks also deceive Users into believing

28   that Robux and other virtual items received through Cross-Defendants' platforms are genuine when

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

112

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    they are not.

2        201.    The acts by Cross-Defendants and their agents constitute false designation of origin

3    and false or misleading representations in violation of 15 U.S.C. § 1125(a) because they falsely

4    suggest that the goods sold on its platform are connected to, sponsored by, or approved by Roblox.

5        202.    The conduct by Cross-Defendants and their agents as alleged throughout these

6    cross-claims was and is undertaken willfully and with full knowledge and in conscious disregard

7    of Roblox's rights in the Roblox Marks, with the intent to profit from the reputation and goodwill

8    associated with the Roblox Marks.

9        203.    Roblox has suffered and will continue to suffer substantial and irreparable harm as

10   a direct result of the multiple false designations of origin by Cross-Defendants and their agents on

11   the Infringing Sites, including loss of consumer trust and damage to the Roblox brand.

12       204.    Cross-Defendants and their agents have irreparably harmed the general public who

13   are exposed to Cross-Defendants' Infringing Sites.

14       205.    If the use of the Roblox Marks by Cross-Defendants and their agents is not enjoined,

15   Cross-Defendants and their agents will continue to irreparably harm the general public, which has

16   an interest in being free from confusion, mistake, and deception.

17       206.    Roblox's remedy at law is not adequate to compensate it for the injuries inflicted by

18   Cross-Defendants and their agents. Accordingly, Roblox is entitled to the entry of permanent

19   injunctive relief pursuant to 15 U.S.C. § 1117.

20       207.    This is an exceptional case making Roblox eligible for an award of attorneys' fees

21   pursuant to 15 U.S.C. § 1117.

22                               **THIRD CROSS-CLAIM**

23                   *Computer Fraud Abuse Act* **(18 U.S.C. § 1030)**

24       208.    Roblox realleges and incorporates by reference the allegations of each and every

25   one of the preceding paragraphs as though fully set forth herein.

26       209.    Roblox's computers, including the servers that host the Roblox Services, are

27   involved in interstate and foreign commerce and communication and are protected computers as

28   defined under 18 U.S.C. § 1030(e)(2).

Cooley LLP
Attorneys at Law
San Francisco

113

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

210.    Cross-Defendants and their agents have knowingly and intentionally accessed Roblox's protected computers without authorization, in violation of 18 U.S.C. § 1030(a)(2), and thereby obtained information from multiple protected computers. As discussed above, Cross-Defendants and their agents repeatedly require Users to share their Robux login credentials with Cross-Defendants and their agents in order to use the Infringing Sites.

211.    Roblox's ToU prohibit all Users from sharing or disclosing Roblox account credentials to third parties, with a limited exception (not applicable here) allowing for minor Users to share or disclose credentials to the minor User's parent or legal guardian.

212.    Cross-Defendants and their agents are aware that by requiring Infringing Site users to share their Roblox login credentials, they are violating Roblox's ToU.

213.    Cross-Defendants and their agents also are aware that Roblox has taken multiple measures to try to prevent Cross-Defendants and their agents from accessing the Roblox Services, including by sending takedown requests to the Infringing Sites' hosting providers, by sending C&D letters to Cross-Defendants and their agents explicitly revoking any permission to access Roblox's Services, and by employing technical measures to prevent Cross-Defendants from accessing Roblox's Services.

214.    Despite the multiple measures that Roblox has taken to try to prevent Cross-Defendants and their agents from accessing Roblox's Services, Cross-Defendants and their agents continue to access the Roblox Services, by requiring Infringing Site users to give Cross-Defendants and their agents Users' Roblox login credentials, which Cross-Defendants and their agents then use to access Roblox accounts without authorization.

215.    In accessing Roblox accounts without authorization, Cross-Defendants and their agents have obtained and used valuable information from Roblox's computers in transactions involving interstate and foreign commerce, which has caused loss to Roblox during a 1-year period aggregating at least $5,000 and damage affecting 10 or more protected computers during any 1-year period. *See* 18 U.S.C. § 1030(c)(4)(A)(i)(I), (VI). This damage includes but is not limited to changes to information on the Roblox accounts that Cross-Defendants and their agents take over.

216.    Cross-Defendants and their agents violated 18 U.S.C. § 1030(a)(4) because they

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

114

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

knowingly and with intent to defraud accessed Roblox's protected computers and by means of such conduct furthered the intended fraud and obtained something of value. Defendants' fraud included falsely agreeing to the Roblox ToU, and falsely representing themselves to Roblox as the actual account owners when they accessed and used Roblox accounts belonging to the other Roblox Users. As a result of the fraud, Cross-Defendants obtained money, customers, and unauthorized use of Roblox's Services, the value of which exceeds $5,000 during a 1-year period.

217.    Cross-Defendants and their agents violated 18 U.S.C. § 1030(a)(6) by knowingly and with intent to defraud trafficking (as defined in 18 U.S.C. §1029), in or affecting interstate or foreign commerce, any password or similar information through which a computer can be accessed without authorization. "Traffic" means "transfer, or otherwise dispose of, to another, or obtain control with intent to transfer or dispose of." 18 U.S.C. § 1029. Every Infringing Site requires users to provide their Roblox login credentials (username and password, or Roblosecurity cookie) to Cross-Defendants and their agents, transferring Roblox passwords or other similar information from Users to Cross-Defendants.

218.    Cross-Defendants violated 18 U.S.C. § 1030(b) by conspiring and attempting to commit the violations alleged in the preceding paragraphs.

219.    Cross-Defendants' actions caused Roblox to incur a loss as defined in 18 U.S.C. § 1030(e)(11), including the expenditure of resources to investigate and remediate Cross-Defendants' fraud and unauthorized access. Roblox is entitled to be compensated for losses and damages, and any other amount to be proven at trial.

220.    With the exception of RBXFlip, which shut down in July 2023, the Infringing Sites remain online, and Cross-Defendants' unlawful access continues to this day.

221.    Roblox seeks injunctive relief under 18 U.S.C. § 1030(g). Roblox has suffered irreparable and incalculable harm and injuries resulting from the conduct of Cross-Defendants and their agents, which harm will continue unless Cross-Defendants and their agents are enjoined from further unauthorized use of Roblox's protected computers. Roblox has no adequate remedy at law.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

115

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

**FOURTH CROSS-CLAIM**

*California Comprehensive Computer Data Access and Fraud Act* (Cal. Penal Code § 502)

222.    Roblox realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

223.    Cross-Defendants and their agents have knowingly accessed, continue to access, and without permission used and continue to use, Roblox data, computers, computer systems and/or computer networks in order to devise and/or execute a scheme to defraud and deceive or to wrongfully obtain data in violation of California Penal Code § 502(c)(1).

224.    Roblox's ToU prohibit all Users from sharing or disclosing Roblox account credentials to third parties, with a limited exception (not applicable here) allowing for minor Users to share or disclose credentials to the minor User's parent or legal guardian.

225.    Cross-Defendants and their agents are aware that by requiring Infringing Site users to share their Roblox login credentials, they are violating Roblox's ToU.

226.    Despite multiple measures that Roblox has taken to try to prevent Cross-Defendants and their agents from accessing Roblox's Services, Cross-Defendants and their agents continue to access the Roblox Services, by requiring Infringing Site users to give Cross-Defendants and their agents the Users' Roblox login credentials, which Cross-Defendants and their agents then use to access Roblox accounts without authorization.

227.    Cross-Defendants and their agents have violated California Penal Code § 502(c)(2) because they knowingly accessed and without permission took, copied, and/or used, and continue to take, copy, and/or use, data from Roblox's computers, computer systems and/or computer networks.

228.    Cross-Defendants and their agents violated California Penal Code § 502(c)(3) because they have knowingly and without permission used or caused to be used Roblox's computer services.

229.    Cross-Defendants and their agents have violated California Penal Code § 502(c)(6) because they have knowingly and without permission provided or assisted in providing a means of accessing Roblox's computers, computer systems and/or computer networks.

Cooley LLP
Attorneys at Law
San Francisco

116

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

230. Cross-Defendants and their agents have violated California Penal Code § 502(c)(7) because they have knowingly and without permission accessed or caused to be accessed Roblox's computers, computer systems and/or computer networks.

231. Cross-Defendants and their agents have violated California Penal Code § 502(c)(13) because they have knowingly and without permission provided or assisted in providing a means of accessing a computer or computer system in violation of California Penal Code § 502.

232. Cross-Defendants' actions caused Roblox to suffer damages within the meaning of California Penal Code § 502(e)(1), including the reasonably and necessarily incurred expenditure of resources to investigate and remediate Cross-Defendants' fraud and unauthorized access. Roblox is entitled to be compensated for losses and damages, and any other amount to be proven at trial.

233. With the exception of RBXFlip, which shut down in July 2023, the Infringing Sites remain online, and the unlawful conduct of the Cross-Defendants and their agents continues to this day.

234. The conduct of Cross-Defendants and their agents have also caused irreparable and incalculable harm and injuries to Roblox. Unless enjoined, the conduct will cause further irreparable and incalculable injury for which Roblox has no adequate remedy at law.

235. Cross-Defendants and their agents have willfully violated California Penal Code § 502 in disregard and derogation of Roblox's rights. The actions of Cross-Defendants and their agents, as alleged above, were carried out with oppression, fraud, and malice.

236. Pursuant to California Penal Code § 502(e), Roblox is entitled to injunctive relief, and other equitable relief.

### FIFTH CROSS-CLAIM

### *Trespass to Chattels*

237. Roblox realleges and incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

238. Cross-Defendants and their agents have intentionally meddled with Roblox's property, without Roblox's consent, thereby depriving Roblox of the use of its property and impairing the condition and quality of the property.

Cooley LLP
Attorneys at Law
San Francisco

117

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

239.    Roblox owns the Roblox Services, including the technology used to execute exchanges of Robux for virtual content on the Platform, and the computer servers that host Roblox's Platform.

240.    Roblox's ToU prohibit all Users from sharing or disclosing Roblox account credentials to third parties, with a limited and inapplicable exception allowing for minor Users to share or disclose credentials to the minor User's parent or legal guardian.

241.    Cross-Defendants and their agents are aware that by requiring Infringing Site users to share their Roblox login credentials, they are violating Roblox's ToU.

242.    Cross-Defendants and their agents also are aware that Roblox has taken multiple measures to try to prevent Cross-Defendants and their agents from accessing the Roblox Services, including by sending takedown requests to the Infringing Sites' hosting providers, by sending C&D letters to Cross-Defendants and their agents explicitly revoking any permission to access Roblox's Services, and by employing technical measures to prevent Cross-Defendants from accessing Roblox's Services.

243.    Despite these measures, Cross-Defendants and their agents continued to access the Roblox Services without authorization, by requiring Infringing Site users to give Cross-Defendants and their agents the Roblox login credentials, which Cross-Defendants and their agents then use to access the Users' Roblox accounts.

244.    Cross-Defendants and their agents intentionally and without authorization interfered with Roblox's possessory interest in its computer systems by accessing the Roblox Services in this manner, causing Roblox to expend resources to prevent Cross-Defendants from using and infereing with Roblox's property.

245.    With the exception of RBXFlip, which shut down in July 2023, the Infringing Sites remain online, and Cross-Defendants' unlawful conduct continues to this day.

246.    Roblox seeks the actual damages suffered by reason of this impairment of Roblox's property. Roblox is entitled to be compensated for losses and damages, and any other amount to be proven at trial.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

118

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

## SIXTH CROSS-CLAIM

### *Breach of Contract*

247.    Roblox realleges and incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

248.    Cross-Defendants and their agents have willfully and repeatedly breached the Roblox ToU and Community Standards through their repeated misuses of the Roblox Services.

249.    Use of the Roblox Services is governed by and subject to the Roblox ToU and Community Standards, as set forth in paragraphs 43–47 above.

250.    All Users must agree to the Roblox ToU and Community Standards as a condition of their use of the Roblox Services. The Roblox ToU and Community Standards apply regardless of whether a user accesses Roblox by computer, mobile device or otherwise, and whether the access is direct or through a third-party website or server.

251.    Cross-Defendants and their agents have willfully and repeatedly breached the Roblox ToU and Community Standards through their repeated misuses of the Roblox Services, including by:

- Using the Roblox Services with the Roblox account credentials of other Users for the purposes of operating the Infringing Sites;
- Gaining unauthorized access to the Roblox Services and the accounts of Users;
- Using, acquiring, and distributing Robux and Virtual Content via the Infringing Sites;
- Using Roblox's intellectual property in the Roblox Services without permission from Roblox and in violation of federal law;
- Using the Infringing Sites and various platforms (including but not limited to X, YouTube, and Discord) to buy, sell, trade, or give away Robux;
- Engaging in transactions on the Infringing Sites in order to access the accounts of Users and to sell, transfer, or trade virtual content; and
- Purporting to allow users of the Infringing Sites to exchange Robux and

Cooley LLP
Attorneys at Law
San Francisco

119

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

1    Roblox virtual items in connection with purported gambling.

2    252.    The conduct of Cross-Defendants and their agents has damaged Roblox in an

3    amount to be proven at trial.

4    253.    The conduct of Cross-Defendants and their agents has caused and continues to cause

5    irreparable and incalculable harm and injury to Roblox. Roblox is entitled to injunctive relief and/or

6    other equitable relief.

7    **SEVENTH CROSS-CLAIM**

8    ***Tortious Interference with Contractual Relations***

9    254.    Roblox realleges and incorporates by reference the allegations of each and every

10    one of the preceding paragraphs as though fully set forth herein.

11    255.    Cross-Defendants and their agents have tortiously interfered with the agreements

12    between Roblox and Users.

13    256.    Users must agree to the Roblox ToU and Community Standards to access and use

14    the Roblox Services, which include numerous prohibitions governing the use of the Roblox

15    Services.

16    257.    Cross-Defendants and their agents are aware of the Roblox ToU and Community

17    Standards because they would have agreed to them in connection with their use of the Roblox

18    Services, as set forth in paragraphs 43–47 above.

19    258.    Cross-Defendants and their agents have intentionally and deliberately induced Users

20    to breach the agreements between Roblox and the Users in several ways, including but not limited

21    to:

22    • Inducing Users to provide their Roblox account login credentials to Cross-

23    Defendant and their agents, in violation of the Roblox ToU and Community

24    Standards.

25    • Inducing Users to acquire and distribute Roblox and Virtual Content outside

26    the Roblox Services and in violation of the Roblox ToU.

27    • Inducing Users to use the Infringing Sites and to buy, sell, trade, or give

28    away Robux or Virtual Content, in violation of the Roblox ToU;

Cooley LLP
Attorneys at Law
San Francisco

120

Def.'s First Amended Answer
& Cross Claims
Case No. 3:23-cv-04146-VC

- Inducing Users to use the Infringing Sites to exchange Robux and Roblox Limiteds in connection with purported gambling, in an effort to circumvent Roblox's prohibition of simulated and actual gambling activities on the Roblox Platform.

259.     The conduct committed by Cross-Defendants and their agents was independently wrongful because the conduct violated various federal and state laws, including but not limited to the Lanham Act, the CFAA, and the California Comprehensive Computer Data Access and Fraud Act.

260.     The conduct of Cross-Defendants and their agents has caused and will continue to cause injury and harm to Roblox, including but not limited to the cost and expense that Roblox has incurred to prevent Cross-Defendants and their agents from using the Roblox Platform.

261.     Roblox is entitled to damages, in an amount to be determined at trial, as a result of the tortious interference committed by Cross-Defendants and their agents.

**EIGHTH CROSS-CLAIM**

*Express Indemnification*

262.     Roblox realleges and incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

263.     Pursuant to the Roblox ToU, Cross-Defendants and their agents agreed to indemnify Roblox "from and against every claim, liability, damage, loss, and expense, including reasonable attorneys' fees and costs, arising out of or in any way connected with: (a) [Cross-Defendants'] access to, use of, or alleged use of the Services; (b) [Cross-Defendants'] violation of any part of the Roblox Terms, any representation, warranty, or agreement referenced in the Roblox Terms, or any applicable law or regulation … or (d) any Dispute or issue between [Cross-Defendants] and any third party."

264.     The claims asserted by the Plaintiffs in the above-captioned case arise out of and are connected with the alleged access to and alleged use of the Roblox Services by each Cross-Defendant and their agents. Such claims also constitute a dispute between the Plaintiffs and each Cross-Defendant and their agents.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

121

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

265.    Roblox's cross-claims against the Cross-Defendants also arise out of and are connected with the alleged access to and alleged use of the Roblox Services by each Cross-Defendant and their agents.

266.    Each Cross-Defendant, through their conduct and the conduct of their agents, has also violated the Roblox ToU as well as violated applicable laws, including but not limited to the federal Lanham Act, the CFAA, and the California Comprehensive Computer Data Access and Fraud Act.

267.    As a direct, proximate, and foreseeable result of the conduct by each Cross-Defendant and their agents, Roblox has incurred attorneys' fees, court costs, and expenses to defend against the claims asserted in the underlying case as well as to prosecute these cross-claims.

268.    Roblox is entitled to full indemnification by Cross-Defendants and their agents from any and all claims, liability, damages, loss, and expenses, including reasonable attorneys' fees and costs, in connection with (a) all claims asserted by the Plaintiffs in the above-captioned case and (b) all cross-claims that Roblox asserts in this case.

### PRAYER FOR RELIEF

For the foregoing reasons, Roblox respectfully requests that the Court enter:

- Judgment in favor of Roblox and against the Cross-Defendants on Roblox's cross-claims;

- A declaration that Cross-Defendants have engaged in acts or practices that violate the Lanham Act, the CFAA, the California Comprehensive Computer Data Access and Fraud Act, breached the Roblox Terms, trespassed Roblox's chattels, and tortiously interfered with Roblox's contracts with Roblox users;

- A declaration that Roblox is entitled to express indemnification by the Cross-Defendants;

- A declaration that Cross-Defendants' conduct has been willful, and that Cross-Defendants have acted with fraud, malice, and oppression;

- Preliminary and permanent injunctions enjoining Cross-Defendants and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

122

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3-CV-04146-VC

1    their officers, directors, principals, agents, servants, employees, successors,

2    and assigns, and all persons and entities in active concert or participation

3    with them, from engaging in any of the activity complained of herein and

4    from assisting, aiding, or abetting any of the activity complained of herein

5    or from causing any of the injury complained of herein;

6    •    Preliminary and permanent injunctions requiring the hosting providers of

7    Bloxflip, RBLXWild, and Bloxmoon to dismantle the sites by transferring

8    control of their domains to Roblox so that Roblox may preserve a copy of

9    the sites before shutting them down, or, in the alternative, shutting down

10    Bloxflip, RBLXWild, and Bloxmoon;

11    •    Award Roblox appropriate equitable relief under applicable statutes and

12    laws, including injunctive relief and an accounting of profits;

13    •    Award Roblox and its attorneys' fees and costs as permitted by law; and

14    •    Grant additional relief as the Court deems just and proper.

15    **JURY TRIAL**

16    Roblox demands a jury trial.

17

18    Dated: November 20, 2024          COOLEY LLP

19                                      TIANA DEMAS*
                                        KYLE C. WONG (224021)
20                                      KRISTINE A. FORDERER (278745)
                                        ROBBY L.R. SALDAÑA (356226)
21                                      KEVIN T. CARLSON*
                                        JESSICA L. TAYLOR (339572)
22
                                        */s/ Tiana Demas*
23                                      Tiana Demas
                                        Attorneys for Defendant
24                                      ROBLOX CORPORATION

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO                          123

DEF.'S FIRST AMENDED ANSWER
& CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC