KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
CODY S. HARRIS - # 255302
charris@keker.com
JACQUIE P. ANDREANO - # 338354
jandreano@keker.com
SONJA N. RILEY-SWANBECK - # 356281
SRiley-Swanbeck@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Cross-Defendant
BASED PLATE STUDIO LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ARACELY SOUCEK, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ROBLOX CORPORATION, SATOZUKI LIMITED B.V., STUDS ENTERTAINMENT LTD., and RBLXWILD ENTERTAINMENT LLC,<br><br>　　　　　Defendants. | Case No. 3:23-cv-04146-VC<br><br>**BASED PLATE STUDIO LLC'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Judge:　　　Hon. Vince Chhabria<br><br>Date Filed: August 15, 2023<br>Trial Date: None Set |
| ROBLOX CORPORATION,<br><br>　　　　　Cross-Plaintiff,<br><br>　　v.<br><br>SATOZUKI LIMITED B.V., RBLXWILD ENTERTAINMENT LLC, STUDS ENTERTAINMENT LTD., BASED PLATE STUDIO LLC, and JOHN DOE #1,<br><br>　　　　　Cross-Defendants. | |

1   Defendant Based Plate Studios LLC ("Based Plate") hereby responds to the Court's Order

2   to Show Cause as to why default should not be entered against Based Plate for failure to appear at

3   the February 28, 2025 Case Management Conference (the "Order"). *See* Dkt. No. 135.

4   As a preliminary matter, Based Plate, and undersigned counsel, apologize for any

5   inconvenience that their non-appearance caused and in no way intended to disregard any Court

6   order, to frustrate case management, or to disrespect the Court in any way. For the following

7   reasons, Based Plate believes it had a reasonable basis for its non-attendance and that no good

8   cause exists to enter a default against it.

9   **I.    DISCUSSION**

10       **A.    Based Plate's non-appearance was reasonable and legally appropriate.**

11       Based Plate did not appear at the case management conference ("CMC") because it did

12  not understand that the Court had ordered it to attend or that its attendance was required,

13  necessary, or even proper under the law. Had Based Plate understood otherwise—or had it

14  received formal notice from the Court, or even a request from any party to attend the hearing—it

15  would have done so. Based Plate regrets any inconvenience to the Court but believes its non-

16  attendance was justified for the following three reasons.

17       ***First***, Based Plate had not yet entered an appearance in this case. Accordingly, no attorney

18  for Based Plate appears on the docket and no attorney for Based Plate receives CM/ECF

19  notifications in this matter. *See* Decl. of Cody S. Harris in Support of Response to Order to Show

20  Cause ("Harris Decl.") ¶ 3, Ex. A (listing attorneys who received notice of the hearing).

21       Although Based Plate agreed to execute a waiver of service rather than litigate Roblox's

22  alternative service motion, "executing a Rule 4 waiver establishes service, it does not constitute

23  an appearance." *Stussy, Inc. v. Shein*, 2022 WL 17363898 at *54 (C.D. Cal. Sept. 23, 2022).

24  Courts in this district have held that, in the context of discovery, a non-appearing defendant is

25  treated like a non-party. *See McCurry Studios LLC v. Web2Web Mktg.*, 2014 U.S. Dist. LEXIS

26  35637 at *1–2 (N.D. Cal. Mar. 18, 2014) ("Non-appearing defendants are thus like any other non-

27  party—they must be subpoenaed to require their attendance at a deposition."). Because the

28  purpose of Rule 4's "waiver scheme" is that "defendants who execute waivers get more time

before they must appear and litigate[,]" Based Plate understood that it was not required to make an appearance or litigate this matter until it responds to the cross-complaint. *Stussy*, 2022 WL 17363898 at *6. That is what Based Plate intends to do, and what Based Plate told the parties that it intended to do. As Based Plate has informed both parties, it will soon file a motion to dismiss, at which time Based Plate intends to contest personal jurisdiction, among other deficiencies in Roblox's cross-complaint. But because Based Plate had yet to make an appearance in the case, it understood neither that its attendance at the case management conference was required, nor that the Court had ordered it to appear.

Given that Based Plate had not yet appeared, it received no CM/ECF notifications regarding the CMC, nor did Plaintiffs' counsel or Roblox's counsel notify Based Plate about the hearing or seek its attendance. *See* Harris Decl. ¶¶ 3, 5. We understand from Roblox that its counsel represented to the Court that Based Plate has been receiving "ECF bounces after waiving service," but, as Roblox's counsel has since noted, "[t]his belief turned out to be incorrect." Harris Decl. ¶ 6. Based Plate in fact received no official notice of the hearing through the CM/ECF system precisely because, as explained above, Based Plate had not yet appeared in this case.

**Second**, although Based Plate did eventually learn about the CMC independently, it understood that the conference's sole purpose was to "discuss the stipulated extension request" that Plaintiffs and Roblox had jointly filed. Dkt. 130. Because Based Plate had expressly taken no position on the amended schedule[1] and neither entered an appearance nor joined the parties' stipulation, it did not believe that it was required or expected to attend a hearing to discuss a stipulation it had never executed and about which it had no position.[2]

Nor did Based Plate understand the Court's minute order setting the CMC to request or

---

[1] At Roblox's request, counsel for Based Plate attended a single meet and confer regarding the case schedule. Based Plate informed the parties that Based Plate intended to move to dismiss Roblox's counterclaims due to Roblox's failure to allege any facts or theory to support personal jurisdiction. Based Plate informed the parties that it did not intend to take any position on the case schedule or to otherwise subject itself to jurisdiction in this forum pending resolution of its motion to dismiss. *See* Harris Decl. ¶ 2.

[2] Had Based Plate already appeared in the case, it of course would have attended the CMC regardless of whether it had joined the stipulation.

2883255

require Based Plate's presence at the hearing. The minute order was neither directed at Based Plate nor required any party to serve the order upon Based Plate. *See id.* Moreover, as already stated, neither counsel for Roblox nor Plaintiffs mentioned the hearing to Based Plate or asked its counsel to attend.

*Third*, as stated above, Based Plate intends to move to dismiss in part on personal jurisdiction grounds. Based Plate was therefore concerned that Roblox might attempt to argue that its appearance at a CMC regarding the case schedule should be construed as consent to this Court's jurisdiction. *See, e.g., Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion or in a responsive pleading."). As Based Plate had informed the parties, it intended to enter an appearance only when responding to Roblox's cross-claims, at which time it would argue that Roblox's failure to include **any** allegations regarding personal jurisdiction necessitated dismissal under Rule 12(b)(2).

In short, Based Plate believes its non-appearance at the CMC was justified, reasonable and legally proper. That said, had Based Plate understood that the Court wanted it to attend the CMC, it would of course have followed that guidance, made an appearance in the case, and attended the hearing. Again, Based Plate regrets any misunderstanding and any inconvenience that its non-appearance may have caused the Court.

## B.    There is no good cause to enter a default against Based Plate.

No good cause exists to enter a default against Based Plate. As explained above, Based Plate's non-attendance at the CMC rested on Based Plate's non-appearing status and its understanding of the CMC's purpose. It was in no way an intentional decision to ignore this litigation or any Court order. Indeed, Based Plate intends to file a motion to dismiss Roblox's cross-claims on March 10, 2025, which is the deadline appearing on the docket. *See* Dkt. No. 127. Under Federal Rule of Civil Procedure 55(a), default may be entered only "[w]hen a party . . . has failed to plead or otherwise defend[.]" Here, Based Plate's time to file a responsive pleading has not yet run, and thus an entry of default would be premature, and would raise serious due process concerns. *See Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1338 (9th Cir. 1985) ("Due

process limits the imposition of the severe sanction[] of . . . default to "extreme circumstances" and prevents [its] imposition merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case."). The Ninth Circuit has held that "the general rule is that default judgments are ordinarily disfavored" and that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Because Based Plate intends to file a motion to dismiss in just seven days, the case can be decided upon the merits and therefore no good cause exists to enter a default.

### C. Based Plate has already met and conferred with Roblox regarding jurisdictional discovery and will continue to do so.

In accordance with the Court's Order, Based Plate will also promptly meet and confer with Roblox's counsel to discuss jurisdictional discovery. That will not be the first time the parties have discussed that issue. Based Plate met and conferred with Roblox on February 21, 2025, in which the parties discussed personal jurisdiction and Roblox broached the issue of jurisdictional discovery. Harris Decl. ¶ 4. As Based Plate told Roblox then, Based Plate believes that jurisdictional discovery would be inappropriate at this time because Roblox has failed to allege any facts that support personal jurisdiction or mention its theory of personal jurisdiction at all. "[D]istrict courts in the Ninth Circuit require a plaintiff to establish a 'colorable basis' for personal jurisdiction before granting jurisdictional discovery." *Mission Trading Co., Inc. v. Lewis*, 2016 WL 6679556, at *5 (N.D. Cal. Nov. 14, 2016). Here, nothing in Roblox's Cross-Complaint alleges that Based Plate took any action in, or directed at, California at all. Nor does Roblox attempt to argue that Based Plate is "essentially at home" in California such that general jurisdiction would be appropriate. *Daimler v. Bauman*, 571 U.S. 117, 137 (2014). Based Plate will present its arguments on this issue in its forthcoming motion to dismiss.

Given that the Cross-Complaint contains no "colorable basis for personal jurisdiction," *Mission Trading*, 2016 WL 6679556, at *5, Based Plate's position is that jurisdictional discovery is unwarranted at this time and would be nothing more than a "fishing expedition in search of a jurisdictional hook." *Spy Optic, Inc. v. AreaTrend, LLC*, 843 F. App'x 66, 69 (9th Cir. 2021). But, pursuant to the Court's Order, Based Plate will continue meeting and conferring with Roblox's

counsel about jurisdictional discovery and will bring any disputes to the magistrate judge.

Based Plate would be willing to proceed with its non-jurisdictional Rule 12 motion as presently scheduled and defer presenting its Rule 12 challenge to jurisdiction until after the parties have resolved any disputes over jurisdictional discovery and Roblox has more fully articulated the bases for its position, so long as Roblox would stipulate that Based Plate is in no way waiving its jurisdictional defenses. Such an approach could save the parties the need to litigate jurisdiction altogether, although Based Plate is uncertain as to the propriety of such an approach.[3] Based Plate welcomes the Court's guidance on the Court's preferred approach here. Absent further direction, Based Plate will present all of its Rule 12 bases on March 10, 2025.

## II.    CONCLUSION

Because Based Plate had not yet appeared in this case, Based Plate found itself in an unusual, interstitial position regarding the Court's order setting a CMC. Based Plate regrets the misunderstanding and any inconvenience that its non-appearance caused the Court. Based Plate does not take this issue lightly and hopes the foregoing assuages the Court's concerns. For all the reasons detailed herein, no good cause exists to enter a default against Based Plate.

Respectfully submitted,

Dated:  March 3, 2025                                   KEKER, VAN NEST & PETERS LLP

By:  /s/ Cody S. Harris
STEVEN P. RAGLAND
CODY S. HARRIS
JACQUIE P. ANDREANO
SONJA N. RILEY-SWANBECK

Attorneys for Cross-Defendant
BASED PLATE STUDIO LLC

---

[3] *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983 (9th Cir. 2012) ("A district court may decide that a complaint fails to state a claim even when it does not have personal jurisdiction." (citing *Wages v. I.R.S.*, 915 F.2d 1230, 1234–35 (9th Cir. 1990))). *But see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").