COOLEY LLP
TIANA DEMAS*
(tdemas@cooley.com)
KEVIN T. CARLSON
(ktcarlson@cooley.com)
MARIAH A. YOUNG
(mayoung@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606-1511
Telephone:    +1 312 881 6500
Facsimile:    +1 312 881 6598

KRISTINE A. FORDERER (278745)
(kforderer@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (356226)
(rsaldana@cooley.com)
CAITLIN MUNLEY*
(cmunley@cooley.com)
1299 Pennsylvania Avenue, NW, Ste. 700
Washington, D.C. 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

JESSICA L. TAYLOR (339572)
(jtaylor@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

*Attorneys for Defendant & Cross-Claimant Roblox Corporation* (*Admitted *Pro Hac Vice*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARACELY SOUCEK, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBLOX CORPORATION, SATOZUKI LIMITED B.V., STUDS ENTERTAINMENT LTD., and RBLXWILD ENTERTAINMENT LLC,<br><br>Defendants.<br><br>ROBLOX CORPORATION,<br><br>Cross-Claimant,<br><br>v.<br><br>SATOZUKI LIMITED B.V., RBLXWILD ENTERTAINMENT LLC, STUDS ENTERTAINMENT LTD., BASED PLATE STUDIO LLC and JOHN DOE #1,<br><br>Cross-Defendants. | Case No. 3:23-cv-04146-VC<br><br>**ROBLOX CORPORATION'S OPPOSITION TO BASED PLATE'S MOTION TO DISMISS THE CROSS-CLAIMS**<br><br>Judge: Hon. Vince Chhabria<br>Hearing Date: April 10, 2025 at 10:00 am |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ROBLOX CORP.'S OPP. TO
BASED PLATE'S MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

# TABLE OF CONTENTS

Page

I.    RELEVANT BACKGROUND ............................................................................ 2

II.   LEGAL STANDARDS..................................................................................... 3

III.  ARGUMENT .................................................................................................. 3

      A.    Based Plate is Subject to Personal Jurisdiction.................................... 3

      B.    Based Plate Cannot Rely on the Time Bar in Roblox's ToU to Evade
            Liability. ............................................................................................. 8

      C.    Based Plate Infringes Roblox's Trademarks. (CC 1, 2).......................... 9

      D.    Based Plate's Alleged Misconduct Violates the CFAA and CDAFA. (CC 3,
            4 ) ...................................................................................................... 12

      E.    Based Plate Trespassed on Roblox's Property. (CC 5)........................... 14

      F.    Based Plate Tortiously Induced Roblox Users to Breach the Roblox ToU.
            (CC 7)................................................................................................. 15

      G.    Based Plate Breached the Roblox ToU and Must Indemnify Roblox. (CC 6,
            8 ) ...................................................................................................... 15

IV.   CONCLUSION ............................................................................................... 15

CooleY LLP
Attorneys at Law
San Francisco

ii

ROBLOX CORP.'S OPP. TO
BASED PLATE'S MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

# TABLE OF AUTHORITIES

**Page(s)**

*Adobe Sys. Inc. v. A & S Elecs., Inc.*,
  153 F.Supp.3d 1136 (N.D. Cal. 2015) .................................................................. 10

*AMF Inc. v. Sleekcraft Boats*,
  599 F.2d 341 (9th Cir. 1979) .............................................................................. 11

*Applied Underwriters, Inc. v. Lichtenegger*,
  913 F.3d 884 (9th Cir. 2019) ................................................................................ 9

*ASARCO, LLC v. Union Pac. R.R. Co.*,
  765 F.3d 999 (9th Cir. 2014) ................................................................................ 8

*Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*,
  457 F.3d 1062 (9th Cir. 2006) ............................................................................ 12

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) .............................................................................. 5

*Ayla, LLC. v. Alya Skin Pty. Ltd.*,
  11 F.4th 972 (9th Cir. 2021) ........................................................................ 5, 7, 8

*Bestway Inflatables & Material Corp. v. Doe*,
  No. 21-cv-05119-PJH, 2022 WL 118413 (N.D. Cal. Jan. 12, 2022) ................. 6, 8

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ............................................................................................. 7

*Calder v. Jones*,
  465 U.S. 783 (1984) ............................................................................................. 5

*Carroll v. J.M. Smucker Co.*,
  No. C 22-08952 WHA, 2023 WL 4053796 (N.D. Cal. June 15, 2023) ................. 5

*Craigslist, Inc. v. DealerCMO, Inc.*,
  No. 16–cv–01451–VC, 2017 WL 6334142 (N.D. Cal. Apr. 11, 2017) ................ 15

*Craigslist, Inc. v. Kerbel*,
  No. C–11–3309 EMC, 2012 WL 3166798 (N.D. Cal. Aug. 2, 2012) .................... 4

*Doe I v. Google LLC*,
  741 F.Supp.3d 828 (N.D. Cal. 2024) .................................................................. 14

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ................................................................................ 3

*Doe v. WebGroup Czech Republic, A.S.*,
  93 F.4th 442 (9th Cir. 2024) ............................................................................ 5, 6

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

4

*E. & J. Gallo Winery v. Gallo Cattle Co.*,
   967 F.2d 1280 (9th Cir. 1992) ............................................................................. 12

5

*Elevation Point 2 Inc. v. Gukasyan*,
   No. 21-cv-00281-WQH-AHG, 2022 WL 345647 (S.D. Cal. Feb. 3, 2022) ......................... 14

6

7

*Entrepreneur Media, Inc. v. Smith*,
   279 F.3d 1135 (9th Cir. 2002) ............................................................................. 11

8

9

*Facebook, Inc. v. ConnectU LLC*,
   No. C 07-01389 RS, 2007 WL 2326090 (N.D. Cal. Aug. 13, 2007) ................................. 7

10

*Facebook, Inc. v. ILikeAd Media Int'l Co.*,
   No. 19-cv-07971-SK, 2022 WL 2289064 (N.D. Cal. Feb. 1, 2022) ................................. 4

11

12

*Facebook, Inc. v. Power Ventures, Inc.*,
   252 F.Supp.3d 765 (N.D. Cal. 2017) ..................................................................... 13

13

14

*Facebook, Inc. v. Sluchevsky*,
   No. 19-cv-01277-JSC, 2020 WL 5823277 (N.D. Cal. Aug. 28, 2020) ............................... 4

15

*Flipboard, Inc. v. Amorphous*,
   No. 15-cv-03255-BLF, 2015 WL 8482258 (N.D. Cal. Dec. 10, 2015) ............................... 4

16

17

*Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*,
   905 F.3d 597 (9th Cir. 2018) ............................................................................... 3

18

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*,
   972 F.3d 1101 (9th Cir. 2020) ............................................................................. 5

19

20

*Han v. Mobil Oil Corp.*,
   73 F.3d 872 (9th Cir. 1995) ................................................................................. 8

21

22

*Health Indus. Bus. Commc'ns Council Inc. v. Animal Health Inst.*,
   481 F.Supp.3d 941 (D. Ariz. 2020) ...................................................................... 10

23

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
   485 F.3d 450 (9th Cir. 2007) ............................................................................ 4, 7

24

25

*In re Meta Healthcare Pixel Litig.*,
   713 F.Supp.3d 650 (N.D. Cal. 2024) ..................................................................... 14

26

27

*Intel Corp. v. Hamidi*,
   30 Cal. 4th 1342 (2003) ..................................................................................... 14

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

ROBLOX CORP.'S OPP. TO BASED PLATE'S
MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Intermatic Inc. v. Toeppen*,
    947 F.Supp.1227, 1231 (N.D. Ill. 1996) ................................................................. 6

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972) ..................................................................................................... 4

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008) ................................................................................. 3

*Meta Platforms, Inc. v. BrandTotal Ltd.*,
    605 F.Supp.3d 1218 (N.D. Cal. 2022) ................................................................... 13

*Moonlight Mountain Recovery, Inc. v. McCoy*,
    No. 1:24-cv-00012-BLW, 2024 WL 4027972 (D. Idaho Sept. 3, 2024) ............... 13

*New Kids on the Block v. News Am. Publ'g, Inc.*,
    971 F.2d 302 (9th Cir. 1992) ............................................................................. 9, 10

*Oracle Am., Inc. v. TERiX Comput. Co., Inc.*,
    No. 5:13-CV-03385-PSG, 2014 WL 31344 (N.D. Cal. Jan. 3, 2014) ................... 15

*Playboy Enters., Inc. v. Welles*,
    279 F.3d 796 (9th Cir. 2002) ................................................................................. 10

*Roblox Corp. v. WowWee Grp. Ltd.*,
    No. 22-CV-04476-SI, 2023 WL 4108191 (N.D. Cal. June 20, 2023) ..................... 8

*Roblox Corp. v. WowWee Grp. Ltd.*,
    660 F.Supp.3d 880 (N.D. Cal. 2023) ................................................................. 4, 10

*Rodriguez v. Google LLC*,
    No. 20-CV-04688-RS, 2025 WL 50425 (N.D. Cal. Jan. 7, 2025) ......................... 13

*Ryanair DAC v. Booking Holdings Inc.*,
    No. CV 20-1191-WCB, 2024 WL 3732498 (D. Del. 2024) ................................... 13

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ................................................................................... 7

*Sierra Int'l Mach. v. Axel*,
    No. 1:21-CV-00723, 2022 WL 658016 (E.D. Cal. Mar. 3, 2022) ......................... 10

*Sylabs, Inc. v. Rose*,
    No. 23-CV-00849-SVK, 2024 WL 4312719 (N.D. Cal. Sept. 26, 2024) .............. 13

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v

ROBLOX CORP.'S OPP. TO BASED PLATE'S
MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*,
  315 F.Supp.3d 1147 (C.D. Cal. 2018) .................................................................... 12

*Tippitt v. Life Ins. Co. of N. Am.*,
  No. 1-CV-00125-VC, 2017 WL 3189464 (N.D. Cal. May 30, 2017) .................................... 15

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
  610 F.3d 1171 (9th Cir. 2010).................................................................... 9, 10, 12

*Turner v. Apple, Inc*.,
  No. 5:20-CV-07495-ELJ, 2022 WL 445755 (N.D. Cal. Feb. 14, 2022)........................... 14, 15

*Twitch Interactive, Inc. v. Johnston*,
  No. 16-CV-03404-BLF, 2018 WL 1449525 (N.D. Cal. Jan. 22, 2018) ................................. 4

*U.S. v. Romm*,
  455 F.3d 990 (9th Cir. 2006).................................................................... 15

*Van Buren v. United States*,
  593 U.S. 374 (2021) .................................................................... 13

*Walden v. Fiore*,
  571 U.S. 277 (2014) .................................................................... 5, 6, 8

*WhatsApp Inc. v. NSO Grp. Techs., Ltd.*,
  472 F.Supp.3d 649 (N.D. Cal. 2020) .................................................................... 6

*Will Co. v. Lee*,
  47 F.4th 917 (9th Cir. 2022).................................................................... 6, 8

*Yeager v. Cingular Wireless LLC*,
  627 F.Supp.2d 1170 (E.D. Cal. 2008).................................................................... 9, 11

*Yelp Inc. v. Catron*,
  70 F.Supp.3d 1082 (N.D. Cal. 2014) .................................................................... 10

**Statutes**

15 U.S.C.
  § 1057(b) .................................................................... 9
  § 1114 .................................................................... 9
  § 1125(a)(1)(A) .................................................................... 9

18 U.S.C.
  § 1030(e)(8).................................................................... 12
  § 1030(e)(11).................................................................... 12, 13

Cooley LLP
Attorneys at Law
San Francisco

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page(s)**

3      Cal. Pen. Code § 502(e)(1)...................................................................................... 14

4      **Other Authorities**

5      Rule 12(b)(2) ............................................................................................................ 3

6      Rule 12(b)(6) ............................................................................................................ 3

7      N.D. Cal. Civ. L.R. 7-2(b)....................................................................................... 1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

For years, Cross-Defendant Based Plate Studios LLC ("Based Plate") and its predecessors have played corporate shell games. They did this to avoid detection and to evade liability for their operation of Bloxflip, a purported "ROBLOX Casino where you can bet your Robux." Now, Based Plate cynically asks the Court to reward it for these stratagems. The Court should reject this invitation and deny Based Plate's motion to dismiss ("Motion") Roblox's cross-claims ("Cross-Claims").[1]

The Motion wrongly suggests that Based Plate's formation in St. Vincent and the Grenadines ("SVG") deprives this Court of personal jurisdiction. It does not. By using Roblox's services (including user accounts) to operate Bloxflip, Based Plate is bound by Roblox's Terms of Use ("ToU"), and the forum selection giving this Court jurisdiction. Based Plate also is subject to specific jurisdiction because it purposefully directed its activities to California and the United States.

Based Plate's remaining arguments fail. *First*, Based Plate incorrectly argues that Roblox's cross claims are time-barred by the ToU's one-year limitation period. The fallacy of this argument is obvious. Based Plate did not exist until March 2024 and assumed ownership of Bloxflip in August 2024. Roblox timely filed Cross-Claims in November 2024, just three months later. *Second*, Based Plate violated the Lanham Act by flagrantly infringing Roblox's trademarks on Bloxflip and in promotions on other platforms. Neither nominative fair use, nor an inconspicuous small-font disclaimer shields Based Plate from liability. *Third*, there is no merit to Based Plate's argument that Roblox failed to allege damage and/or loss for its CFAA, CDAFA, trespass to chattels, and tortious interference with contract claims. The Cross-Claims adequately allege damage and loss from Based Plate's conduct. *Fourth*, Based Plate's challenge to the breach of contract and indemnification claims fail because it agreed to the ToU. Accordingly, the Court should deny the Motion.

---

[1] The Motion violates the Court's standing order requiring double-spacing, not 24-point spacing. It also violates the Local Rules by excluding the notice of motion from the body of the Motion. N.D. Cal. Civ. L.R. 7-2(b). These violations netted Based Plate approximately two more pages, which Based Plate would not have had if it had followed the rules.

Cooley LLP
Attorneys at Law
San Francisco

1

**Roblox Corp.'s Opp. to
Based Plate's Motion to Dismiss
Case No. 3:23-cv-04146-VC**

## I.    RELEVANT BACKGROUND

Roblox is a California-based company that operates an immersive online gaming platform that runs on Roblox's owned and operated servers in California and the United States. ¶¶14, 24, 27.[2] Over the past 20+ years, Roblox has built its brand using the distinctive mark ROBLOX for its platform, the trademark ROBUX for the virtual currency exclusive to the Roblox Services, and the distinctive Robux icon (◉). ¶¶37-39, 41-42. These marks are well-known to U.S. consumers and embody the valuable reputation and goodwill that Roblox has earned in the marketplace. ¶40.

Based Plate is the current entity behind Bloxflip, a website that launched in early 2022 and described itself until at least late November 2024 as "the first ROBLOX Casino where you can bet your Robux" ¶¶82-83, 87. Bloxflip's cofounders hide their identities and use the monikers "Psy" and "Aris." ¶85. After listing no Bloxflip corporate owner, they listed Studs Entertainment Ltd. ("Studs") (which is in default), briefly listed another entity, and switched to Based Plate in August 2024.[3] ¶¶18-19, 83, 85; Decl. ¶¶2, 4, 12, 14, 23. By design, Bloxflip created a false association with Roblox. Its name had a shorthand (Blox) for Roblox. The site repeatedly used the Roblox and Robux trademarks, as did Bloxflip's online promotions. ¶¶86-88, 105-13, 116. In violation of Roblox's ToU, the site required users to share their Roblox credentials and "deposit" and "withdraw" credits falsely labeled as "Robux." ¶¶90-97. Based Plate used these credentials to access user accounts on Roblox's services ("Roblox Services"), and it created Roblox accounts to facilitate Bloxflip's operation. ¶¶92, 96.

Roblox has repeatedly tried to disrupt Bloxflip's activities, which caused have damage and more than $5,000 in loss during a 1-year period to Roblox. ¶¶99-102, 215. Roblox sent a takedown request to Bloxflip's hosting provider in March 2022. ¶100. Roblox also developed and employed

---

[2] All "¶" refer to Roblox's Cross Claims. All Exhibits are to the Declaration of Robby L.R. Saldaña ("Decl."). Unless otherwise stated, emphasis is added and internal citations are omitted.

[3] In its corporate disclosure statement, Based Plate disclosed Shane Seliger, a Massachusetts resident, and Aristeidis Stathopoulos, a resident of Greece, as Based Plate's members. Dkt. 139, 149. Selinger appears to be Psy and Stathopoulos appears to be Aris. Decl. ¶¶40-41.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ROBLOX CORP.'S OPP. TO
BASED PLATE'S MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

methods to detect and disrupt bot accounts, accounts that violated Roblox's policies, and accounts that may have used Bloxflip in particular. ¶101. Roblox sent a cease-and-desist ("C&D") letter to Based Plate on November 14, 2024, demanding that it and its agents stop using Roblox's trademarks and accessing the Roblox Services.[4] ¶102. Based Plate continued to access Roblox's Services by taking over Roblox accounts and continued to falsely associate Bloxflip with Roblox. ¶¶90, 103, 109-10. Roblox seeks relief via its Lanham Act claims, CFAA and CDAFA claims, and claims for breach of contract, tortious interference, and express indemnification. ECF No. 119.

## II.    LEGAL STANDARDS

In a Rule 12(b)(6) challenge, the Court accepts factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). In a Rule 12(b)(2) challenge without an evidentiary hearing, a plaintiff must make a prima facie showing of personal jurisdiction. *Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). The Court takes "uncontroverted allegations" as true and resolves any factual disputes in the plaintiff's favor. *Id.* The Court may consider evidence outside of the pleadings, including affidavits, and order discovery on jurisdictional issues. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

## III.    ARGUMENT

### A.    Based Plate is Subject to Personal Jurisdiction

**1.    *<u>Based Plate Consented to Jurisdiction</u>.*** Based Plate's jurisdictional challenge fails because it consented to jurisdiction in this Court by agreeing to the ToU, which include a forum selection clause. A litigant may consent to personal jurisdiction by agreeing to a forum selection

---

[4] In August 2023, shortly before Plaintiffs brought this suit, Bloxflip said it was "a brand name of Baseplate GAMES." ¶83; Dkt. 125-3. On August 1, 2023, Selinger incorporated BP Games US, Inc. in Delaware, Decl. ¶11, which may be a reference to "Baseplate Games." Bloxflip reverted to Studs on August 31, 2023, then switched to Based Plate in August 2024. Dkt. 125-4, 125-5.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ROBLOX CORP.'S OPP. TO
BASED PLATE'S MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

clause. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007). "[T]he court need not embark on a 'minimum contacts' analysis where the defendants have consented." *Craigslist, Inc. v. Kerbel*, 2012 WL 3166798, at *6 (N.D. Cal. Aug. 2, 2012). Based Plate and its agents created and used Roblox accounts to operate Bloxflip.[5] ¶¶90, 92, 96, 98, 104, 251. All Roblox users must affirmatively agree to the ToU when they create an account. ¶¶43–44. The ToU provide that "BY USING THE SERVICES, YOU AFFIRM THAT YOU…UNDERSTAND, ACCEPT, AND AGREE TO BE BOUND BY THE ROBLOX TERMS." Ex. 5 at 3. Under the ToU, "any Dispute" not subject to arbitration "may only be litigated in the federal or state courts of San Mateo County, California, and User and Roblox consent to jurisdiction in those courts for such purposes."[6] Dkt. 119-5 at 23. A user includes "[a]ny person or entity who uses or accesses the Services." Dkt. 119-7 at 12. Based Plate is thus bound by the ToU's forum selection clause. *See Facebook, Inc. v. ILikeAd Media Int'l Co.*, 2022 WL 2289064, at *3 (N.D. Cal. Feb. 1, 2022) (defendants agreed to Facebook's Terms and "to litigate all claims brought by Facebook" by using other users' accounts); *Twitch Interactive, Inc. v. Johnston*, 2018 WL 1449525, at *4 (N.D. Cal. Jan. 22, 2018) (defendant consented to terms and forum selection clause by using website); *Flipboard, Inc. v. Amorphous*, 2015 WL 8482258, at *3 (N.D. Cal. Dec. 10, 2015) (defendant consented to jurisdiction due to forum selection clause in terms). Forum selection clauses are presumptively valid, *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Thus, the Court should enforce Roblox's clause against Based Plate. *E.g., Facebook, Inc. v. Sluchevsky*, 2020 WL 5823277, at *2 (N.D. Cal. Aug. 28, 2020).

    **2.**    ***Specific Jurisdiction in California Exists Over Based Plate.*** Based Plate is also

---

[5] Based Plate does not and cannot dispute that it had actual notice of the ToU. In addition to the March 2022 takedown notice, the C&D Letter raised multiple past and ongoing ToU violations. Decl. ¶27. Based Plate continued to operate Bloxflip and violate the ToU after receiving notice. *Id.*

[6] This is not a small claims action; the arbitration provision does not apply to Based Plate as a non-U.S. resident. Ex. 5 at 23, § 11.b.x; *see Roblox Corp. v. WowWee Grp. Ltd.*, 660 F.Supp.3d 880, 895 (N.D. Cal. 2023) ("[T]he…arbitration clause requires arbitration only for United States residents").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

subject to specific jurisdiction in California because (1) it "performed some act or consummated some transaction" by which it "purposefully directed its activit[ies]" toward the forum or "purposefully availed itself of the privilege of conducting business" in the forum[7], (2) the claims "arise out of or result from" Based Plate's "forum-related activities," and (3) the exercise of jurisdiction is reasonable. *Ayla, LLC. v. Alya Skin Pty. Ltd*, 11 F.4th 972, 979 (9th Cir. 2021). "[C]ourts must evaluate the parties' ***entire course*** of dealing, not solely the particular contract or tortious conduct giving rise to the claim, when assessing whether a defendant has minimum contacts with a forum." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1108 (9th Cir. 2020). Roblox easily makes a required prima facie showing on the first and second prongs.

Based Plate purposefully directed its activities to California under the "effects test" in C*alder v. Jones*, 465 U.S. 783 (1984). It "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017)*.* The first element is undisputed.[8] The challenge to the other elements defies commonsense, the allegations, and the facts. Mot. 4-6. Jurisdiction does not exist merely because Based Plate knew that Roblox is in California. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). It operated an interactive website, used California service providers, aimed its commercial activities at California, and targeted Roblox in California. *See Doe v. WebGroup Czech Republic, A.S.*, 93 F.4th 442, 453 (9th Cir. 2024) ("[O]perating even a passive website…with 'something more'—conduct directly targeting the forum—is sufficient.").[9]

---

[7] There is no "rigid dividing line between" purposeful direction and purposeful availment. *Glob.*, 972 F.3d at 1107. Roblox need not satisfy both tests to show specific jurisdiction exists over Based Plate.
[8] Based Plate intentionally used Roblox's marks on Bloxflip and other online platforms, accessed Roblox user accounts, required users to provide their Roblox credentials, accessed Roblox's computer servers and systems, and instructed Roblox users to breach the ToU. ¶¶86-89, 90-98.
[9] The nature of these contacts renders Based Plate's cases inapposite. *See Carroll v. J.M. Smucker Co.*, 2023 WL 4053796, at *3-4 (N.D. Cal. June 15, 2023) (rejecting arguments that website's allegedly interactivity sufficed, particularly when claims did not arise from alleged features).

Cooley LLP
Attorneys at Law
San Francisco

5

Roblox Corp.'s Opp. to
Based Plate's Motion to Dismiss
Case No. 3:23-cv-04146-VC

***First***, Based Plate entered the forum by targeting the Roblox platform and its servers. *See Walden*, 571 U.S. at 285 ("[P]hysical entry … is certainly a relevant contact."). It required each user to hand over their Roblox credentials, it took over their Roblox accounts, and it transacted on Roblox's platform using Roblox's California-based servers, without authorization. ¶¶27, 90-97. Roblox records show that Roblox moderated approximately 8,394 California Roblox users for suspected use of Bloxflip after August 1, 2024. Decl. ¶34. These transactions would have routed through Roblox's California servers. *WhatsApp Inc. v. NSO Grp. Techs., Ltd*., 472 F.Supp.3d 649, 673 (N.D. Cal. 2020) ("By sending the malicious code, defendants electronically entered the forum state seeking out plaintiff's servers."). ***Second***, Based Plate aimed its commercial ambitions at California, where Roblox has built its brand and marks.[10] ¶14. Based Plate knew its conduct violated the ToU, ¶97; Decl. ¶¶8, 16, 27-28, which clearly refer to Roblox's location in California. Dkt. 119-5, at 23. ***Third***, Bloxflip's Privacy Policy had detailed provisions relevant only to California residents. Decl. ¶¶26, 36; Ex. V; *WebGroup*, 93 F.4th at 454; *Will Co. v. Lee*, 47 F.4th 917, 925 (9th Cir. 2022) (express aiming when webpage "address[ed] legal compliance…relevant almost exclusively to viewers in the" forum). ***Finally***, Based Plate's website uses CDN and DNS services provided by Cloudflare, with servers located in San Francisco.[11] Decl. ¶37, Ex. AA-EE; *Will*, 47 F.4th at 925 (purposeful direction via use of CDN in the forum); *Bestway Inflatables & Material Corp. v. Doe*, 2022 WL 118413, at *3 (N.D. Cal. Jan. 12, 2022) (purposeful direction where defendants used DNS hosting servers operated by Cloudflare, headquartered in San Francisco, CA).

---

[10] Based Plate used California-based companies to operate and promote Bloxflip, including Discord, Twitch, X, YouTube, and Intercom. Decl. ¶¶2, 6, 23, 28; Ex. T.

[11] A CDN "is a distributed network of servers covering a particular geographic area, which permits users to access the site from any server in the network, not just the host server, and thus decreases the distance between users and the server." *Will*, 47 F.4th at 925. "A domain name server is a host computer with software capable of responding to domain name inquiries and accessible on a full-time basis to other computers on the Internet." *Intermatic Inc. v. Toeppen*, 947 F.Supp.1227, 1231 (N.D. Ill. 1996).

Cooley LLP
Attorneys at Law
San Francisco

6

Roblox Corp.'s Opp. to
Based Plate's Motion to Dismiss
Case No. 3:23-cv-04146-VC

Based Plate cannot disavow that it expressly aimed its conduct at California and knew that Roblox would suffer harm here. Based Plate exists *because* of this lawsuit. Its predecessor, Studs, was served with the complaint in January 2024. Dkt. 62. *Days* after Plaintiffs moved for default against Studs, Based Plate registered in SVG. Decl. ¶¶17-19. Thereafter, Bloxflip's co-founders were questioned about this lawsuit, why Studs had failed to appear, and whether they were planning an "exit scam." *Id.* ¶¶21-22. In August 2024, Based Plate began operating Bloxflip. ¶¶23-24. Well before Based Plate reached out to Roblox about the C&D Letter in November 2024, it already had retained San Francisco-based intellectual property counsel. *Id.* ¶29. After receiving the C&D Letter, it *continued* to promote Bloxflip using Roblox's marks and continued to access Roblox user accounts, notwithstanding cosmetic changes to the site. ¶¶87-88, 103-04; Decl. ¶¶28, 33. Based Plate had more than enough information to know that it was expressly aiming its conduct at *this* forum.[12] *See Facebook, Inc. v. ConnectU LLC*, 2007 WL 2326090, at *6 (N.D. Cal. Aug. 13, 2007) (defendants "were fully aware that Facebook existed, and…specifically targeted their conduct against" it).

As for the third factor, Based Plate cannot make "a compelling case" that the exercise of personal jurisdiction is unreasonable. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). By purposefully directing its activities to California, it is "presumptively reasonable" for Based Plate be called to account for the injuries it has inflicted here. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 (1985). Based Plate makes no argument to the contrary.

**3.** ***Jurisdiction Exists Under Rule 4(k)(2).*** Alternatively, personal jurisdiction exists under Rule 4(k)(2) because "(1) the action arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the court's exercise of jurisdiction comports with due process." *Ayla*, 11 F.4th at 978. Roblox's trademark and CFAA claims arise under federal law, and Based Plate makes no showing on the second element. *Holland*, 485 F.3d at 461

---

[12] Based Plate has not agreed to any jurisdictional discovery despite repeated requests. Decl. ¶38.

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

ROBLOX CORP.'S OPP. TO
BASED PLATE'S MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

(burden on defendant). Jurisdiction comports with due process given Based Plate's "contacts with the nation as a whole." *Ayla*, 11 F.4th at 979. Based Plate purposefully directed its conduct toward the U.S. **First**, Based Plate conducted operations in the U.S. through its member and Bloxflip co-founder, Selinger (aka Psy), a Massachusetts resident. Dkt. 149; *Walden*, 571 U.S. at 285 ("[R]elevant contact[s]" include "physical entry into the [forum]…through an agent"). Selinger clearly intended that Bloxflip would target Roblox and its users in the United States. *See* Decl. ¶¶7, 40, Exs. H, I. **Second**, Based Plate's Terms of Service required affiliate marketers to comply with FTC guidelines, Decl. ¶25; Ex. FF at 10-11, which are "relevant almost exclusively to users in the United States." *Will*, 47 F.4th at 925. **Third**, Bloxflip uses CDN and DNS services in the United States. Decl. ¶37, Ex. AA-EE. This, too, supports jurisdiction. *See id.* at 925; *Bestway*, 2022 WL 118413, at *3.

## B. Based Plate Cannot Rely on the Time Bar in Roblox's ToU to Evade Liability.

Based Plate fails to establish that Roblox's claims are time-barred under the ToU's one-year limitation period. Mot. 6-7; *see Han v. Mobil Oil Corp.*, 73 F.3d 872, 878 (9th Cir. 1995) (contractual time limitation is an affirmative defense). Dismissing based on "an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Even if the one-year bar applies here,[13] it applies **only** "after the cause of action arises." Dkt. 119-5, at 22. Based Plate does not show Roblox's claims against it arose before November 20, 2023, *i.e.*, one year before the Cross-Claims. Based Plate has **zero** analysis of when each of Roblox's claims against it arose. Instead, Based Plate argues that "Roblox's claims regarding **Bloxflip** arose" in March 2022. Mot. 7. This argument is meritless. Bloxflip is not a defendant, and there was no discernible corporate entity behind Bloxflip in March 2022. ¶83; Decl. ¶¶2-3. Based Plate was not incorporated in SVG until March 13, 2024.[14]

---

[13] Based Plate's reliance on *Roblox Corp. v. WowWee Grp. Ltd.*, 2023 WL 4108191, at *3 (N.D. Cal. June 20, 2023), is misplaced because the decision did not interpret the one-year bar in the ToU.

[14] Roblox's allegation that Bloxflip temporarily listed "Baseplate GAMES" as a "predecessor name"

Cooley LLP
Attorneys at Law
San Francisco

8

**Roblox Corp.'s Opp. to
Based Plate's Motion to Dismiss
Case No. 3:23-cv-04146-VC**

Decl. ¶19. Roblox's claims against Based Plate could not have arisen before the entity existed.

### C.    Based Plate Infringes Roblox's Trademarks. (CC 1, 2)

Based Plate's challenges to Roblox's trademark infringement claims under 15 U.S.C. §§ 1114 and 1125(a)(1)(A) fail.[15] Based Plate disputes only the "likelihood of confusion" element of the claims, arguing it made "nominative fair use" of Roblox's marks. Mot. 8-9, n.7.[16] Such issues are typically "fact-intensive" and rarely proper to decide on a motion to dismiss. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897 (9th Cir. 2019).[17] Roblox's detailed allegations state a claim.

### 1.    ***Based Plate's Nominative Fair Use Defense Fails.*** Nominative fair use applies to

"truthful use of a mark" to "refer to the trademarked good itself." *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1175-77 (9th Cir. 2010). If this threshold is met, then likelihood of confusion is analyzed under the "*New Kids* test" for nominative fair use; if all requirements of the test are met, there is no likelihood of confusion. *Id.* These requirements are: (1) "the product or service in question must be one not readily identifiable without use of the trademark," (2) "only so much of the mark or marks may be used as is reasonably necessary to identify the product or service," ***and*** (3) "the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder." *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992). Dismissal is improper if even one requirement is not met. *Yeager v. Cingular Wireless LLC*, 627 F.Supp.2d 1170, 1178, n.9 (E.D. Cal. 2008). Based Plate fails this test.

**Based Plate Did Not Use ROBUX to Refer to the Trademarked Good.** Based Plate used the ROBUX mark to refer to "credits" that it issued and falsely called Robux. ¶¶7-9, 111-113, 116,

---

on August 5, 2023 does not help Based Plate. ¶83. That does not show Roblox's claims against Based Plate arose then, nor could it given the incorporation date.

[15] Roblox does not raise a § 1125(a)(1)(B) claim for false advertising.

[16] Roblox's trademark registrations, attached as Exhibits 1-4 to the Cross-Claims, are prima facie evidence that it owns valid marks. 15 U.S.C. § 1057(b). Based Plate does not dispute this.

[17] *Applied Underwriters* involved a critique about the plaintiff's product, negating the possibility of confusion that the plaintiff endorsed or sponsored such message. 913 F.3d at 897. Not so here.

Cooley LLP
Attorneys at Law
San Francisco

9

ROBLOX CORP.'S OPP. TO
BASED PLATE'S MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

185. Nominative fair use does not apply to these fake Robux. *Toyota*, 610 F.3d at 1175; *e.g.*, *Adobe Sys. Inc. v. A & S Elecs., Inc.*, 153 F.Supp.3d 1136, 1143 (N.D. Cal. 2015) (no nominative fair use of Adobe's marks to sell unauthorized software); *Yelp Inc. v. Catron*, 70 F.Supp.3d 1082, 1095 (N.D. Cal. 2014) (no nominative fair use of Yelp's marks to sell fake Yelp reviews).

**Based Plate's Uses Fail the *New Kids* Test**. Even if Based Plate were dealing in genuine Robux (and it is not), its use of Roblox's marks would still fail the *New Kids* test. Based Plate had no need to use both marks repeatedly; if it were indeed offering authentic Robux, its descriptions such as a "website to bet your ROBUX" would have been sufficient. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 804 (9th Cir. 2002) (defendant had no need to use "PMOY []" mark repeatedly in addition to mark "Playmate of the Year []" to describe herself). Based Plate had **zero** need to also use ROBLOX repeatedly, in slogans such as "#1 ROBLOX game site", the "#1 Roblox arcade," "#1 ROBLOX game" or "the first ROBLOX Casino." ¶¶87-88, 108-109, Figs. 7-8, 14. That dooms the first *New Kids* requirement. *See Toyota*, 610 F.3d 1176 ("Consumers may reasonably infer sponsorship or endorsement if a company uses an unnecessary trademark[.]"). Based Plate also used such marks with Roblox's design mark; use of a mark owner's logos or other "visual trappings" violates the second *New Kids* requirement. *Toyota*, 610 F.3d at 1181; ¶¶38, 93, 113, Figs. 12, 16.

Based Plate fails the third *New Kids* requirement, which is rarely met at the pleading stage. *Health Indus. Bus. Commc'ns Council Inc. v. Animal Health Inst.*, 481 F.Supp.3d 941, 955 (D. Ariz. 2020). Its marketing of Bloxflip (described above) plainly "appropriate[d] the cachet" of Roblox's mark to draw attention to Bloxflip. *See New Kids*, 971 F.2d at 307-08. Such uses to promote a defendant's goods preclude dismissal. *E.g.*, *Roblox*, 660 F.Supp.3d at 893 (no dismissal where defendant used "#roblox" and "#newroblox" hashtags and ROBLOX mark in social media ads); *Sierra Int'l Mach. v. Axel*, 2022 WL 658016, at *5 (E.D. Cal. Mar. 3, 2022) (no dismissal where "Defendant advertises Plaintiff's recycling balers 'under the SIERRA brand and uses the SIERRA

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

ROBLOX CORP.'S OPP. TO
BASED PLATE'S MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

brand to attract internet traffic of prospective customers'"); *Yeager*, 627 F.Supp.2d at 1178 (no dismissal for reference to plaintiff in "advertising/promotional article"). It is plausible that an "appreciable number" of consumers were likely to mistakenly believe that Roblox sanctioned the site. *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1151 (9th Cir. 2002) (only an "appreciable number" of consumers, not all, must be likely to be confused).

**2.**    ***Based Plate's Confusing Bloxflip Mark.*** Based Plate's use of the Bloxflip mark is likely to cause confusion due to its similarity to ROBLOX and other factors. *E.g.*, ¶¶106, 186, 199. The test under *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), applies to the Bloxflip mark. *Entrepreneur*, 279 F.3d at 1140.[18] Roblox alleges facts under most factors, including: the strength of its ROBLOX mark, ¶¶26, 37, 39-42; the marks' similarity, including that "Blox" is a "common shorthand" for ROBLOX, ¶¶106, 110-113; the relatedness of the parties' offerings, ¶¶86-96; marketing channels targeting Roblox users, ¶¶86-88, 109; actual confusion, ¶115; and Based Plate's bad faith (*e.g.*, Bloxflip's founders mask their true identities). ¶¶85, 106, 114. Based Plate's assertion that a specific instance of confusion is "insufficient," Mot. 8, n.5, ignores Roblox's showing under the *Sleekcraft* factors and misconstrues the law. "The test of infringement is the *likelihood* of confusion, not the proof of *actual* confusion." 3 McCarthy on Trademarks and Unfair Competition ("McCarthy") § 23:12 (5th ed.). Based Plate cannot defeat Roblox's claims by citing alleged comments by some Bloxflip users as evidence of no confusion. Mot. 8; ¶97. Roblox does not need to show that the use of the Bloxflip mark confused every consumer. *Entrepreneur*, 279 F.3d at 1151.

**3.**    ***Based Plate's "Disclaimer" is Ineffective.*** The inconspicuous disclaimer buried in the footer of a Bloxflip webpage does not shield Based Plate from liability for its flagrant infringement.

---

[18] These factors are: (1) the strength of the plaintiff's mark; (2) the similarity of the marks; (3) the proximity or relatedness of the goods or services; (4) defendant's intent in selecting its mark; (5) evidence of actual confusion; (6) marketing channels; (7) likelihood of expansion of product lines; and (8) degree of care consumers are likely to exercise. *Entrepreneur*, 279 F.3d at 1140.

Cooley LLP
Attorneys at Law
San Francisco

11

ROBLOX CORP.'S OPP. TO
BASED PLATE'S MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

***First***, Based Plate fails to explain how the disclaimer could prevent consumer confusion from its extensive misuse of Roblox's marks in promotions, which contain no disclaimer. ¶¶86-88, 109-10. ***Second***, the disclaimer is ineffective. "Courts have been justifiably skeptical of [disclaimers]-particularly when exact copying [of Plaintiff's mark] is involved." *Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc*., 457 F.3d 1062, 1077 (9th Cir. 2006); *E. & J. Gallo Winery v. Gallo Cattle Co*., 967 F.2d 1280, 1298 (9th Cir. 1992) (survey evidence showed disclaimer had no significant effect on confusion). Based Plate's reliance on *Toyota*, a decision following a bench trial, is misplaced. Mot. 9. The disclaimer in *Toyota* was "prominent[] and in large font." 610 F.3d at 1181. Bloxflip's disclaimer is ***neither***. Based Plate's submission ***distorts*** the webpage on which the disclaimer purportedly appeared at some point.[19] Dkt. 146-7. A Bloxflip user had to scroll past the large "login" button located at the top righthand corner to the bottom of the page to see the small-font disclaimer.[20] When logging in, the disclaimer becomes nearly invisible, as is apparent from Based Plate's exhibit. Dkt. 146-6 at 3. The "use of a relatively inconspicuous disclaimer will not prevent likely confusion." McCarthy § 23:51. Thus, the Court should reject Based Plate's argument.

### D.    Based Plate's Alleged Misconduct Violates the CFAA and CDAFA. (CC 3, 4 )

***CFAA.*** Contrary to Based Plate's arguments, Mot. 10-12, Roblox's alleged losses of "at least" $5,000 in a one-year period incurred to investigate and remediate unauthorized access and related damage are loss under the CFAA.[21] 18 U.S.C. § 1030(e)(11) (defining loss); 1030(e)(8) ("'damage' means ***any impairment*** to the integrity or availability of data, a program, a system, or information.");

---

[19] Based Plate's assertions of "sanctionable" conduct, Mot. 9, ring hollow given its own submission, and are incorrect. The Cross-Claims do not purport to show the entire webpage. ¶90, Fig. 9.

[20] *See* WayBack Machine, web.archive.org/web/20241004135223/https://bloxflip.com/ (click "understood" and scroll down).

[21] Section 4(A)(i)(1) requires "loss to 1 or more persons during any 1-year period....aggregating at least $5,000." Roblox "need not...allege with detail 'which Defendant allegedly did what and when and how and what it was that [Roblox] allegedly did in response that caused it to incur any loss.'" *Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*, 315 F.Supp.3d 1147, 1168, 1173 (C.D. Cal. 2018).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

ROBLOX CORP.'S OPP. TO
BASED PLATE'S MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

¶¶101, 215. Roblox's losses suffice because they stem from investigation and remediation of "technological harms."[22] *See Van Buren v. United States*, 593 U.S. 374, 391-92 (2021); *Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F.Supp.3d 1218, 1265 (N.D. Cal. 2022) ("loss based on Facebook's investigative costs" sufficient); *Ryanair DAC v. Booking Holdings Inc.*, 2024 WL 3732498, at *14 (D. Del. 2024) ("employee time spent responding to an offense" and cost of hosting "Shield" blocking software were "loss").[23] Based Plate's inapposite cases do not involve a CFAA violation or qualifying loss. *See Moonlight Mountain Recovery, Inc. v. McCoy*, 2024 WL 4027972, at *5 (D. Idaho Sept. 3, 2024) (loss linked solely to non-violating conduct); *Sylabs, Inc. v. Rose*, 2024 WL 4312719, at *3 (N.D. Cal. Sept. 26, 2024) (loss linked to violating and non-violating conduct).

Based Plate's belief that Roblox's loss is limited to the period after Based Plate received Roblox's C&D Letter is flawed. Mot. 12. Section 1030(e)(11) does not limit loss to "the precise time that the unauthorized access is occurring." *Facebook, Inc. v. Power Ventures, Inc*., 252 F.Supp.3d 765, 777-778 (N.D. Cal. 2017). Based Plate also mistakenly assumes that only a C&D letter can revoke access. "The Ninth Circuit did not hold [in *Power Ventures*] that a cease-and-desist letter was required." *Rodriguez v. Google LLC*, 2025 WL 50425, at *8 (N.D. Cal. Jan. 7, 2025) (toggling a privacy setting on a user's account was sufficient to show explicit revocation). The revocation inquiry "focus[es] on what a defendant knew or should have known at the time of use." *Rodriguez*, 2025 WL 50425, at *8. Based Plate *knew* it lacked authorization to access Roblox accounts. ¶¶97-98. Roblox revoked access before November 2024 by sending takedown requests to Bloxflip's hosting provider and banning Roblox accounts used by Based Plate and its agents, as discussed in their official Discord

---

[22] Based Plate accessed Roblox's platform without authorization, accessed information, made changes to data, took steps to hide its identity, and took over accounts to evade Roblox's measures to detect and prevent unauthorized access. ¶¶90-96. Roblox alleges loss from these very activities.

[23] Contrary to Based Plate's view, Mot. 11-12, attorneys' fees may be recovered under the CFAA "to the extent they are incurred for investigative purposes or similarly in 'responding' to a violation." *Meta Platforms*, 605 F.Supp.3d at 1264.

Cooley LLP
Attorneys at Law
San Francisco

13

Roblox Corp.'s Opp. to
Based Plate's Motion to Dismiss
Case No. 3:23-cv-04146-VC

channel. ¶¶97, 100-01. Based Plate's purported cessation of unauthorized access contradicts its alleged "ongoing" access, ¶¶19, 102-04, 220, and is a factual dispute improper for resolution on a motion to dismiss. *Elevation Point 2 Inc. v. Gukasyan*, 2022 WL 345647, at *6 (S.D. Cal. Feb. 3, 2022) (denying dismissal of CFAA claim where defendant raised "factual dispute").

**CDAFA.** Based Plate's challenge to Roblox's showing of damage and loss under the CDAFA also fails. Mot. 13-14. The CDAFA requires "damage or loss" as a result of a violation. Cal. Pen. Code § 502(e)(1). It "does not define 'damage' or 'loss' and does not contain a specific monetary threshold for loss." *In re Meta Healthcare Pixel Litig.*, 713 F.Supp.3d 650, 655 (N.D. Cal. 2024). Based Plate concedes that Roblox alleges losses from takedown requests, its development of methods to detect and disrupt Bloxflip, and the C&D Letter. Mot. 14. It also concedes that Roblox alleges "expenditure of resources to investigate and remediate [its] fraud and unauthorized access." Mot.13-14. Its contention that these damages are unrelated to an effort to verify that Roblox's data "was or was not altered, damaged, or deleted," Mot. 14, is unavailing. The CDAFA does not require this. In any event, Roblox alleges that Based Plate altered data. ¶ 215 ("damage includes...***changes to information*** on the Roblox accounts"). *Doe I v. Google LLC*, 741 F.Supp.3d 828 (N.D. Cal. 2024) is therefore inapposite because the plaintiffs there failed to allege changes to the data.

### E.    Based Plate Trespassed on Roblox's Property. (CC 5)

Based Plate's challenge to Roblox's trespass to chattels claim fails. Mot. 14-15. "An electronic communication will constitute trespass if it either damages the recipient's computer system or impairs its performance." *Turner v. Apple, Inc.*, 2022 WL 445755, at *5 (N.D. Cal. Feb. 14, 2022); *Intel Corp. v. Hamidi*, 30 Cal.4th 1342, 1350-51 (2003). ***Based Plate*** interfered with Roblox's computer systems by taking over user accounts without authorization and using them to engage in transactions on the Roblox Services, damaging Roblox. ¶¶91-92, 95-96, 244. Based Plate's contention that Roblox suffered no damage because it purportedly received "at least 30% of Robux"

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

ROBLOX CORP.'S OPP. TO
BASED PLATE'S MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

is a factual dispute improper for resolution at this stage. *See Turner*, 2022 WL 445755, at *5 ("Whether a defendant caused actual damage or impairment to…computer systems [is] a question of fact"). And it distorts Roblox's Answer, which notes that Roblox does not receive the 30% if there is a refund for the Robux purchase, and denies that Roblox receives revenue from the tax. Dkt. 119 ¶53.

### F.    Based Plate Tortiously Induced Roblox Users to Breach the Roblox ToU. (CC 7)

Based Plate solely challenges whether Roblox has shown damage for its tortious interference claim, thereby waiving the other elements. *U.S. v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) ("[A]rguments not raised by a party in its opening brief are deemed waived."). The damage argument quickly collapses as Based Plate concedes that Roblox alleges damage. Mot. 15; ¶260. Based Plate's quibble is that Roblox omits "specific costs related to preventing Based Plate from using its platform." Mot. 15. That contention contradicts Roblox's allegations, which the Court must take as true. ¶¶98-103, 260. Based Plate next turns to a rising-ship defense that its conduct could not have damaged Roblox because Roblox purportedly "benefited" from the misconduct by receiving 30% of the Robux on exchanges of virtual content on the Roblox platform. Mot. 15. As noted above, this argument distorts Roblox's Answer, is pure conjecture, and is a factual issue that cannot be resolved on a motion to dismiss. *See Tippitt v. Life Ins. Co. of N. Am.*, 2017 WL 3189464, at *1 (N.D. Cal. May 30, 2017).

### G.    Based Plate Breached the Roblox ToU and Must Indemnify Roblox. (CC 6, 8)

Based Plate's challenge to Roblox's breach of contract and indemnification claims as purportedly lacking an enforceable contract fails, Mot. 15, because it agreed to the ToU. *See supra* Part I; Dkt. 119-5; *Craigslist, Inc. v. DealerCMO, Inc.*, 2017 WL 6334142, at *3 (N.D. Cal. Apr. 11, 2017) (Chhabria, J.) (refusing to dismiss breach of contract claim premised on website terms of use); *Oracle Am., Inc. v. TERiX Comput. Co., Inc.*, 2014 WL 31344, at *8 (N.D. Cal. Jan. 3, 2014) (similar).

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Based Plate's Motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

ROBLOX CORP.'S OPP. TO
BASED PLATE'S MOTION TO DISMISS
CASE NO. 3:23-CV-04146-VC

1  Dated: March 21, 2025                    Respectfully submitted,

2                                            COOLEY LLP
                                            TIANA DEMAS*
3                                            KRISTINE A. FORDERER (278745)
                                            KYLE C. WONG (224021)
4                                            ROBBY L.R. SALDAÑA (356226)
                                            CAITLIN MUNELY*
5                                            KEVIN T. CARLSON*
                                            MARIAH YOUNG*
6                                            JESSICA TAYLOR (339572)

7

8                                            By: /s/ Tiana Demas
                                            _____
9                                            Tiana Demas

10                                           Attorneys for Defendant & Cross-Claimant
                                            ROBLOX CORPORATION
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
San Francisco