UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE SASS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBLOX CORPORATION, et al.,<br><br>    Defendants. | Case No. 23-cv-04146-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART BASED PLATE'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 146 |

The motion to dismiss is granted as to the CFAA and trespass to chattels claims and denied as to the rest of the claims. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

1. *Personal Jurisdiction*. Based Plate argues that Roblox has not adequately alleged facts supporting personal jurisdiction. But Roblox alleged enough to support an inference that Based Plate consented to jurisdiction under Roblox's Terms of Use agreement. *See, e.g., Facebook, Inc. v. ILikeAd Media*, 2022 WL 2289064, at *3 (N.D. Cal. Feb. 1, 2022); *Interactive, Inc. v. Johnston*, 2018 WL 1449525, at *4 (N.D. Cal. Jan. 22, 2018).[1] That agreement states that "any dispute" not subject to arbitration "may only be litigated in the federal or state courts of San Mateo County, California, and User and Roblox consent to jurisdiction in those courts for such purposes." Roblox Terms of Use Agreement, Dkt. No. 119-5 at 22–23. Roblox alleges that Based Plate and its agents created Roblox accounts to operate Bloxflip and thus assented to the

---

[1] The various versions of the Terms of Use Agreement and screenshots of Bloxflip's website are incorporated by reference in the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

TOU because all users have to assent when they sign up. The TOU also states that "by using the services, you affirm that you understand, accept, and agree to be bound by the Roblox terms." *Id.* at 3.

  2. *TOU's Time Bar*. Based Plate argues that all the cross-claims are time-barred because the TOU has a one-year limitations period and Roblox knew about Bloxflip's activities well before November 20, 2023. Roblox responds that it couldn't have known about Based Plate until Based Plate was incorporated on March 13, 2024. The claims arose when Roblox had reason to know about the violation, regardless of whether it knew who the defendant was. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807–08 (2005). However, the time bar is an affirmative defense and Roblox's claims cannot be dismissed at this stage because it is not clear from the allegations that no doctrine such as continuous accrual applies. *See Clenney v. FCA US LLC*, No. 22-CV-00547, 2022 WL 2197074, at *1 (N.D. Cal. June 20, 2022); *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1198–99 (2013) (discussing the continuous accrual doctrine).

  3. *Trademark infringement*. Roblox has adequately pled consumer confusion. Roblox alleged that Bloxflip used "Blox" in its name; stated prominently that it was the "#1 ROBUX Game Site" and was the "biggest and most trusted Roblox social casino"; used the Robux hexagon icon and sign $R; and stated that users could "withdraw Robux." Based Plate responds with the fact that the Bloxflip website had a disclaimer on it. *See* Ex. F, Dkt. No. 146-7. That disclaimer is not so conspicuous as to undermine Roblox's other allegations at this stage.

  Based Plate also raises nominative fair use. On the face of the allegations, that defense fails because Bloxflip was using the Roblox and Robux marks even though the Bloxflip credits were *not* actual Robux. Therefore, there is no alleged truthful use of the marks at all. *See Adobe Systems Inc. v. A & S Electronics, Inc.*, 153 F. Supp. 3d 1136, 1143 (N.D. Cal. 2015). Even if there were truthful uses, this is not one of the "rare" situations in which dismissal is appropriate. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897 (9th Cir. 2019).

  4. *CFAA*. To state a claim under Section 1030(a)(4), Roblox needs to allege that Based

Plate accessed its computers "without authorization" or "exceed[ed] authorized access" and that it suffered a loss amounting to over $5,000 as a result. 18 U.S.C. § 1030(a)(4). It has not done so.

Roblox's main theory is that Based Plate has always exceeded authorized access because the TOU prohibits users from sharing their usernames and passwords, and Based Plate accessed Roblox using other users' usernames and passwords. The Ninth Circuit has said that "a violation of the terms of use of a website—without more—cannot establish liability under the CFAA." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1067 (9th Cir. 2016). Roblox adds that Based Plate knew it was violating the TOU and therefore knew it was exceeding authorized access. But Roblox does not allege enough to create a reasonable inference that Based Plate knew. Roblox merely points to a few messages between Bloxflip users on the Bloxflip Discord channel discussing how they have been banned by Roblox. The cease-and-desist letter does clearly revoke authorization, but because the letter was sent in November 2024, it is unclear from the complaint if Roblox suffered over $5,000 in losses afterwards. Dismissal of the Section 1030(a)(4) claim is with leave to amend.

The Section 1030(a)(6) password trafficking claim is dismissed because Roblox did not allege that Based Plate transferred or disposed of the passwords, as is required under the statute. Dismissal is without leave to amend because Roblox forfeited this claim by not addressing it in its opposition brief.

5. *CDAFA*. Based Plate argues that Roblox fails to allege loss under CDAFA because the losses weren't incurred to "verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access." Cal. Penal Code § 502(e)(1). But CDAFA's loss requirement should not be read so narrowly. *See Lineberry v. AddShopper, Inc.*, No. 23-CV-01996, 2025 WL 551864, at *2 (N.D. Cal. 2025). Roblox adequately alleged that it incurred costs while responding to and trying to prevent to Bloxflip's access to the Roblox platform.

6. *Trespass to chattels*. Roblox fails to state a valid trespass to chattels claim. Digital trespass to chattels claims require some interference with or disruption of the intended

3

functioning or impaired the quality or value of the computer system itself, such as by significantly reducing the system's memory or processing power. *See Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1356–60 (2003). Roblox alleges that its property was impaired, but its theory is that Bloxflip accessed users' accounts in violation of the TOU, not that the actual Roblox platform or computer system was impaired by Bloxflip's access to it. Dismissal is without leave to amend.

7. *Tortious interference with contractual relations*. Roblox has adequately stated a tortious interference claim on the theory that Based Plate induced users to violate the TOU and Roblox suffered damage because it had to put in measures to detect and block Based Plate's bots.

8. *Breach of contract and indemnification*. As discussed with personal jurisdiction, Roblox sufficiently alleged that Based Plate assented to the TOU when its agents created Roblox accounts to operate Bloxflip.

*   *   *

Any amended cross-claims must be filed within 14 days of this order.

Dated: April 16, 2025

VINCE CHHABRIA
United States District Judge