# EXHIBIT 2

Tyler B. Ewigleben (*pro hac vice*)
tyler@jenningspllc.com
**JENNINGS PLLC**
500 President Clinton Ave., Suite 110
Little Rock, AR 72201
Phone: (317) 695-1712

*Attorney for Plaintiffs*

[Additional Attorneys Listed on Back Cover]

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ARACELY SOUCEK, individually and as next friend of minor plaintiff N.S., YANIV DE RIDDER, individually and as next friend of minor plaintiff T.D., DANIELLE SASS, individually and as next friend of minor plaintiff L.C., DAVID L. GENTRY, individually and as next friend of minor plaintiff L.G., and LAVINA GANN, individually and as next friend of minor plaintiff S.J., and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBLOX COROPORATION, SATOZUKI LIMITED B.V., STUDS ENTERTAINMENT LTD., and RBLXWILD ENTERTAINMENT LLC,<br><br>Defendants. | Case No. 3:23-cv-04146-VC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT ROBLOX CORPORATION'S SECOND SET OF REQUESTS FOR PRODUCTION** |

for responsive documents.

5.     Plaintiffs object to the definition of "FORENSIC IMAGE" as vague and ambiguous, as the term "digital duplicate" is not defined and its meaning is not self-evident. Plaintiffs are willing to meet and confer with Roblox regarding the scope of this definition and requests using this term.

6.     Plaintiffs object to the definition of "IDENTIFY" (Definition Nos. 14-16) as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it would require Plaintiffs to create or compile information in a way that does not exist or was not maintained in the ordinary course, as requiring a party to create documents is outside the scope of a valid request for production under Fed. R. Civ. P. 34. For example, if a responsive document does not already include "a description of the nature and contents," Plaintiffs will not generate one in response to any Request for Production. Plaintiffs will not create summaries of the "name, address, telephone number, occupation, job title, and employer of each person whose testimony could be used to authenticate such document," nor any other types of information described in Definition Nos. 14-16. Plaintiffs will produce information only where appropriate and not otherwise subject to the attorney-client privilege, work-product doctrine, and any other applicable privilege.

7.     Plaintiffs object to the definition of "PLAINTIFF" (Definition No. 18) to the extent that "any other PERSON acting or purporting to act on YOUR behalf" is intended to include Plaintiffs' attorneys and/or individuals not named or related to this litigation, including any covered by privilege in this or another litigation. Plaintiffs object to this definition as overbroad, unduly burdensome, and disproportionate to the needs of this case and will not produce documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Plaintiffs will adhere to the Stipulated ESI Protocol, ECF No. 96, when searching for or logging documents and communications protected by attorney-client privilege or work product protection.

8.     Plaintiffs object to the definition of "PUTATIVE CLASS MEMBER" (Def. No. 19) as overbroad, unduly burdensome, and seeking irrelevant information to the extent that it includes "ANY PERSON who falls within the definition of ANY class definition that YOU intend to pursue in this ACTION." This definition seeks speculative information about classes that are not defined by the

and which is by definition not in Plaintiffs' possession, custody or control, is outside the scope of a valid request for production under Fed. R. Civ. P. 34. Plaintiffs will not create any documents in response to this Definition or any Request using this term, as that is beyond the scope of a valid Request for Production under Fed. R. Civ. P. 34. Plaintiffs further object to this definition insofar as it is designed to reach documents and communication that are protected by the attorney-client privilege, work product protection, or any other applicable privilege or protection.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 37:** A FORENSIC IMAGE of EACH DEVICE in YOUR possession, custody, or control that YOU (a) used to access the ROBLOX PLATFORM or (b) allegedly used to engage in GAMBLING in EACH VC WEBSITE; that is (c) limited to the portions of the FORENSIC IMAGE that show, for EACH DEVICE, EACH file relating to (i) ROBLOX; (ii) ANY VC WEBSITE; and/or (iii) ANY VC DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiffs object to this request as vague, ambiguous, overly broad, and unduly burdensome as the term "digital duplicate" in the definition of "FORENSIC IMAGE" is not defined and its meaning is not self-evident. Plaintiffs further object to this request as vague, ambiguous, overly broad, and unduly burdensome, as the term "file" is not defined and its meaning is not self-evident. Plaintiffs have no way of knowing what Roblox means by its use of these terms and will not supply their own definitions. Plaintiffs are willing to meet and confer with Roblox regarding the scope of this request.

Plaintiffs further object to this Request as seeking irrelevant information, overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent that it purports to seek forensic images of Plaintiffs' devices. Forensic images of Plaintiffs' devices would include vast amounts of irrelevant information, and the burden is not proportional to the needs of this case. Plaintiffs will not produce forensic images of their devices.

Plaintiffs further object to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Roblox has not previously indicated that it would have any need for forensic images of Plaintiffs' devices as a source of ESI, nor that the costly and intrusive

preservation of images of devices is in any way proportionate with the needs of this case. The imposition of this extensive discovery burden and significant privacy intrusion is disproportionate, especially where Roblox has made no attempt to justify why it is necessary to resolve any issue in this case.

Plaintiffs further object to this request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it seeks imaging of devices, many belonging to minors, that infringes on Plaintiffs' privacy interests. *Henson v. Turn, Inc.*, 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) (recognizing "that privacy interests can be a consideration in evaluating proportionality, particularly in the context of a request to inspect personal electronic devices"). Such a drastic and burdensome invasion of Plaintiffs' privacy is unnecessary, unduly burdensome, and disproportionate to the needs of this case.

Plaintiffs further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case insofar as the information requested is equally accessible to Roblox or already within its possession, custody, and control. Plaintiffs have previously provided all known Roblox account names to Roblox. The information that Roblox seeks about each minor-Plaintiffs' Roblox account exists on its Platform. Roblox does not argue—and has never made any showing—that this information is insufficient, nor that Plaintiffs have more information than that which Roblox collects and possesses. In fact, Roblox has possession, custody, and control of more complete, detailed information than Plaintiffs are able to obtain, or which Roblox allows its users to obtain. Plaintiffs will not engage in an unduly burdensome search and production of information that is already in the possession, custody, or control of Roblox, or which is equally accessible to Roblox.

Plaintiffs further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case insofar as the information Roblox seeks would not be captured by a forensic image. For example, unlike Roblox, which has a native application, the VCWs do not. Accordingly, to the extent that a forensic image produces data stored on a Device, it would not include information about VCW activity on the device's browser(s). Additionally, even if relevant VCW activity could be captured by a forensic image, it would provide less relevant, cumulative information than that which is found in

the thousands of documents that Plaintiffs served on October 9, 2024, which provide extensive details about minor Plaintiffs' use of the virtual casino websites.

Plaintiffs further object to this Request as overbroad, unduly burdensome and not proportional to the needs of this case to the extent that unique, relevant, and responsive information that it seeks that is not already in Roblox's possession, custody or control or equally accessible to Roblox could be obtained through less burdensome means, such as targeted searches on a device that would not seek intrusive forensic imaging of Plaintiffs' devices.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer with Roblox regarding targeted searches of the appropriate devices.

**REQUEST FOR PRODUCTION NO. 38:** DOCUMENTS and COMMUNICATIONS sufficient to show EACH DEVICE no longer in YOUR possession, custody, or control but that was previously in YOUR possession, custody, or control and which YOU allegedly used to engage in GAMBLING in ANY VC WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiffs object to this request insofar as it purports to seek documents and communication that are protected by the attorney-client privilege, work product protection, or any other applicable privilege or protection, including communication between Plaintiffs and counsel, or records of such conversations and documents created as a result. Plaintiffs will adhere to the Stipulated ESI Protocol, ECF No. 96, when searching for or logging documents and communications protected by attorney-client privilege or work product protection. Plaintiffs further object to this request as seeking improper discovery on discovery.

Plaintiffs further object to this request insofar as it asks Plaintiffs to create documents, summaries, or other information that does not otherwise exist or compile information in a way that is not maintained in the ordinary course for the purposes of responding to this request, which is beyond the scope of a valid request for production under Fed. R. Civ. P. 34.

DATED: October 9, 2024

Respectfully submitted,

/s/ Tyler B. Ewigleben
Christopher D. Jennings (admitted *pro hac vice*)
Tyler B. Ewigleben (admitted *pro hac vice*)
Winston S. Hudson*
**JENNINGS PLLC**
500 President Clinton Ave., Suite 110
Little Rock, AR 72201
Telephone: (317) 695-1712
chris@jenningspllc.com
tyler@jenningspllc.com
winston@jenningspllc.com

James J. Bilsborrow (admitted *pro hac vice*)
Aaron Freedman (admitted *pro hac vice*)
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, New York 10003
Tel: (212) 558-5500
jbilsborrow@weitzlux.com
afreedman@weitzlux.com

Devin Bolton (SBN 290037)
Weitz & Luxenberg, PC
1880 Century Park East, Suite 700
Los Angeles, California 90067
Tel: (310) 247-0921
dbolton@weitzlux.com

Andrew M. Mura (SBN 298541)
  amm@classgroup.com
Ezekiel S. Wald (SBN 341390)
  zsw@classlawgropu.com
Hanne Jensen (SBN 336045)
  hj@classlawgroup.com
Jacob M. Seidman (SBN 347953)
  jms@classlawgroup.com
**GIBBS LAW GROUP LLP**
1111 Broadway, suite 2100
Oakland, CA 94607

PLAINTIFFS' RESPONSES TO DEFENDANT ROBLOX'S
SECOND SET OF REQUESTS FOR PRODUCTION
Case No.: 3:23-cv-04146-VC

21

Tel: (510) 350-9717

Charles E. Schaffer (admitted pro hac vice)
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
cschaffer@lfsblaw.com

Brett R. Cohen (337543)
**LEEDS BROWN LAW, P.C**.
One Old Country Road, Suite 347
Carle Place, NY 11514
Phone: (516) 873-9550
bcohen@leedsbrownlaw.com

*Attorneys for Plaintiffs and the Proposed Class*