# EXHIBIT 3

Aaron Freedman (*pro hac vice*)
  *afreedman@weitzlux.com*
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Phone: (212) 558-5500
Fax:    (212) 344-5461

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICTION OF CALIFORNIA

| | |
|---|---|
| ARACELY SOUCEK, individually and as next friend of minor Plaintiff, N.S., DANIELLE SASS, individually and as next friend of minor plaintiff, L.C., YANIV DE RIDDER, individually and as next friend of minor plaintiff, T.D., DAVID L. GENTRY, individually and as next friend of minor plaintiff, L.G., and LAVINA GANN, individually and as next friend of minor plaintiff, S.J., and on behalf of all others similarly situated, Plaintiffs, <br><br> v. <br><br> ROBLOX CORPORATION, Satozuki Limited B.V., Studs Entertainment Ltd., and RBLXWild Entertainment LLC, <br> Defendants. | Civil Action No.: 3:23-cv-04146-VC <br><br> **PLAINTIFFS ARACELY SOUCEK AND MINOR PLAINTIFF N.S. RESPONSE TO DEFENDANT ROBLOX'S FIRST SET OF INTERROGATORIES** <br><br> Judge: Hon. Vince Chhabria |

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Civil Local Rule 33, Plaintiff Aracely Soucek, individually and as next friend of minor Plaintiff N.S., responds as follows to Defendant Roblox Corporation's ("Roblox") Second Set of Interrogatories:

## GENERAL RESPONSES

1.    Plaintiffs' responses to the Interrogatories are made to the best of their present knowledge, information, and belief. Discovery is ongoing in this matter and these Responses are at all times subject to such additional or different information that discovery or further investigation may disclose. Plaintiffs reserve the right to supplement or amend any of their responses should future investigation indicate that such supplementation or amendment is necessary.

2.    To the extent Plaintiffs agree to produce documents or information in response to any Interrogatory, Plaintiffs will only produce non-privileged, responsive in their possession,

custody, or control, and in accordance with the Stipulated Protective Order, ECF No. 81, or the Stipulated ESI Order, ECF No. 96 ("Orders").

3.      By stating in these Responses that Plaintiffs will conduct a reasonable search for or produce certain documents or information, Plaintiffs do not represent that any such documents or information actually exist. Rather, Plaintiffs represent that they will undertake a good-faith search and reasonable inquiry of documents and information within their possession, custody, or control to ascertain whether responsive documents or information exist.

4.      Plaintiffs reserve all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in, or trial of this or any other action, for any purpose whatsoever of this response and any document, thing, or information produced in response to any Interrogatory.

5.      Plaintiffs reserve the right to object on any ground at any time to any additional or supplemental Interrogatories as Roblox may at any time propound involving or relating to the subject matter of these Interrogatories.

6.      Plaintiffs are willing to meet and confer with Roblox regarding any response or objection to the Interrogatories.

**OBJECTIONS TO ROBLOX'S DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiffs object to the definition of "ACCOUNT" as overbroad insofar as it purports to define "ACCOUNT" to include any account on any platform that cannot be used (or was not used) to access Roblox or the VC Websites for gambling purposes or used to send, store, or receive communications related to Roblox gambling or the VC Websites. Accounts that were not used to access Roblox or the VC Websites or used to send, store, or receive communications related to Roblox or the VC Websites are irrelevant to any claim or defense in this case. Plaintiffs further object to this definition as vague and ambiguous because it is circular to the extent that it defines "ACCOUNT" to mean the "username," "user id," "alias or hand" or the "account." Plaintiffs further object to subsection (d) as vague and ambiguous, to the extent that it purports to include "ANY other ACCOUNT," a term that is not defined in a non-circular way and whose meaning is not self-evident. Plaintiffs further incorporates their objections to the definition of "PLATFORM" below by reference. Plaintiffs will define "ACCOUNT" to mean the username, alias, or handle (if different from the username) of any Roblox account that they used to access any VC Website, account on any VC Website, and any email account or account on a social media

website that they used to send, receive, or store communications or documents related to Roblox gambling or the VC Websites.

2. Plaintiffs object to the definition of the term "ACTION" as overbroad to the extent that it includes "*Gentry v. Roblox*, No. 3:24-cv-1593 (N.D. Cal.) prior to consolidation with *Colvin*." Plaintiffs were not parties to the *Gentry* action prior to its consolidation with *Colvin* and does not certify relevant knowledge as to the *Gentry* action prior to its consolidation with *Colvin*.

3. Plaintiffs object to the definition of "COMMUNICATION" as overbroad, unduly burdensome, and not proportional to the needs of the case. Roblox defines "COMMUNICATION" in a way that would require Plaintiffs to consider every possible electronic and non-electronic form of communicating any information of any nature about any topic. Additionally, as used in Interrogatories 9 and 10, "COMMUNICATION" is wholly subsumed within Roblox's definition of "DOCUMENT." Plaintiffs do not understand a request to identify and describe "COMMUNICATION" to seek anything beyond a request for "DOCUMENT(S)." Plaintiffs will treat any request to identify and describe communications in the same manner as a request to identify documents, as explained below in Plaintiff's objection to the definition of "IDENTIFY."

4. Plaintiffs object to the definition of "DESCRIBE" as vague, ambiguous, and overbroad to the extent that it purports to require Plaintiffs to "set forth ALL facts that exhaust YOUR information, Knowledge, and belief with respect to the subject matter of the Request," even where such information is not within Plaintiffs' possession, custody, and control. For example, Roblox defines "Your" to include all Plaintiffs ever named in this action, including undefined individuals who have yet to be named, or who are no longer part of this case. Plaintiffs do not necessarily possess the same information, Knowledge, and belief as these individuals, and will not endeavor to answer these Interrogatories on their behalf. Additionally, the definition of "Describe" as written and used is broad enough to require descriptions of irrelevant details such as the color of each relevant "Device" that Plaintiffs used. Plaintiffs will answer the Interrogatories to the best of her ability with relevant information, subject to the objections described herein.

5. Plaintiffs object to the definition of "DEVICE" as vague and ambiguous to the extent that it purports to include "sever[s] and ANY similar tangible object, device, or box that includes an operating system that can hold, store, receive, and transmit data." This definition is further vague, ambiguous, and confusing to the extent that 12(a) purports to include "DEVICE[s]" that Plaintiff has "owned" or "controlled . . . to access the ROBLOX PLATFORM or ANY VC

WEBSITE." This phrasing does not make grammatical sense. Plaintiffs further object to the Definition of "DEVICE" as overbroad to the extent that it purports to include devices that could not be or were not used to access Roblox, VC Websites, or to send, receive, or store communications related to Roblox gambling or the VC Websites and are therefore irrelevant. Plaintiff further objects to the definition of "DEVICE" as overbroad and unduly burdensome to the extent that it includes devices that were not maintained in their possession, custody, or control, or that which they only used to access apps, platforms, websites, communications, or documents that were not uniquely locally stored on the device. Plaintiffs will construe "DEVICE" to mean any smartphone, tablet, video game console, or computer that they owned or controlled when they 1) used that device to access Roblox or any VC Website, or 2) used that device to receive, send, or store communications or documents related to Roblox gambling or any VC Website.

6.     Plaintiffs object to the definition of "DEVICE INFORMATION" as vague and ambiguous to the extent that the terms "make and model" are not defined and their meaning is not self-evident in the context of this request. Plaintiffs will construe "DEVICE INFORMATION" to mean the device's manufacturer and the name of the device (e.g., "Macbook Air").

7.     Plaintiffs object to the definition of "DOCUMENT" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require Plaintiffs to consider every possible electronic and non-electronic form of communicating any information of any nature, including documents or databases that do not exist, are not reasonably accessible, or are likely to contain responsive information. This essentially unbounded definition is unduly burdensome to Plaintiffs. Plaintiffs further object to the phrases "books of account," "computer-generated or stored information," "projections," "sales literature," "specifications," "working papers," and "information contained in any computer or information retrieval devices" as vague and ambiguous, not reasonably accessible, confusing, and irrelevant. Especially in the context of this case, the meaning of these phrases is not self-evident and likely inapplicable. Plaintiffs will construe this definition to refer to reasonably accessible documents containing relevant information with her possession, custody, or control.

8.     Plaintiffs object to the definition of "IDENTIFY" as overbroad and unduly burdensome. In Definition 17, Roblox requests that Plaintiffs identify a document by providing a "description of the nature and contents of the DOCUMENT," the "date the DOCUMENT was made or entered into," "the name, address, telephone number, occupation, job title, and employer

of each PERSON whose testimony could be used to authenticate such DOCUMENT," as well as of the "present custodian" of the document, the "identity" of individual to whom the document was sent, and "who received each and every copy of the DOCUMENT." This level of information is excessive and unduly burdensome for the purpose of identifying any relevant document. Should Plaintiffs identify a document, Plaintiffs will endeavor to include sufficient information so that the document may be either located or requested, unless she otherwise objects. Similarly, this definition purports to require that Plaintiffs provide home and business addresses and phone numbers for any "natural PERSON" that they identify, as well as their "name and employer or business with whom the PERSON was associated and the PERSON's title and position at the time relevant to the identification." Again, this level of information is excessive, and for children, the level of detail requested may be improperly intrusive. *See A.A. v. Cnty of Riverside*, 2015 WL 13648571, at *4 (C.D. Cal. Sept. 11, 2015). Should Plaintiffs identify a person, Plaintiffs will endeavor to include sufficient information so that that person may be identified or located, unless she otherwise objects.

9.      Plaintiffs object to the definition of "MINOR PLAINTIFF," "PARENT PLAINTIFF," "YOU," and "YOUR" to the extent that they include individuals other than Plaintiff Aracely Soucek and Minor Plaintiff N.S. Plaintiffs further object to these definitions insofar as they purport to include Rachelle Colvin, Osmany Rodriguez, Joshua R. Munson, and G.D., O.R., J.M., T.T., and R.T., who are no longer party to this litigation. *See* ECF No. 115. Plaintiffs further object to these definitions to the extent that they purport to include "ANY other PERSON who subsequently becomes plaintiff in this ACTION" or "ANY other individual named as a plaintiff in ANY COMPLAINT filed hereafter," because this set of individuals is undefined and unknown to them. Plaintiffs will endeavor to answer these Interrogatories on behalf of herself and her minor child, N.S., and will not purport to answer on behalf of any other Plaintiff in this litigation, nor any individual who is no longer party to this litigation, nor any of the indefinite set of individuals who are not party to this litigation but may become a party at some point in the future. Plaintiffs further object insofar as "any other PERSON acting or purporting to act on YOUR behalf" is intended to include Plaintiffs' attorneys.  Plaintiffs object to this definition as overbroad and will not produce documents related to counsels' efforts to represent Plaintiffs in this matter, which may be protected by attorney-client privilege, the work product doctrine, or any other applicable privilege.

10.      Plaintiffs object to the definitions of "NON-PARTY," "PERSON," and "PLAINTIFF" because these definitions are written broadly enough to include Plaintiffs' counsel. To the extent that any Interrogatory is directed to or includes Plaintiff's counsel, the request is improper. *See Carmona v. D'Alessandro*, 2015 WL 4395001, at *2 (E.D. Cal. July 16, 2015) (denying motion to compel because "counsel is not a party to this action, and Rule 33 and Rule 34 of the Federal Rules of Civil Procedure only permits [sic] interrogatories and requests for production of documents to be propounded to parties.")

11.      Plaintiff objects to the definition of "RELEVANT INFORMATION" as overbroad, unduly burdensome, and improper insofar as it purports to seek irrelevant information by including "ANY and ALL DOCUMENTS, COMMUNICATIONS, data, or ANY other information that is the subject of ANY DISCOVERY REQUEST in this ACTION directed to YOU." Plaintiff has objected to several of Roblox's overbroad, unduly burdensome, irrelevant, or otherwise improper discovery requests. Plaintiffs will not agree to now treat information that is irrelevant or otherwise improper as "relevant' merely because Roblox has requested it. Plaintiff further objects to the definition of "RELEVANT INFORMATION" as overbroad, unduly burdensome, and not proportional to the needs of this case insofar as it is written broadly enough to include any information that is even tangentially related to any allegation or claim in "ANY COMPLAINT filed on YOUR behalf in this ACTION." Plaintiff further objects to this definition insofar as it purports to include information that is not in Plaintiff's possession, custody, or control or reasonably accessible, directed at their counsel, or is protected by attorney-client privilege, work product privilege, or any other applicable privilege or protection. Plaintiff further objects to this definition as vague and ambiguous to the extent that in includes, in addition to "DOCUMENTS" and "COMMMUNICATIONS," "data or other information RELATED to YOUR allegations Plaintiff further incorporates her objections above to the definitions of DOCUMENTS and COMMUNICATIONS by reference. Subject to and without waiving the foregoing objections, Plaintiff will definite "RELEVANT INFORMATION" to include only subsection (a) and (b) of Roblox's definition.

12.      Plaintiffs object to the definition of "PLATFORM" as overbroad, vague, ambiguous, and not proportional to the needs of this case insofar as it purports to seek irrelevant information from and about "any platform whatsoever that can store data" beyond that related to "the Roblox platform, any VC website, any social media website," and "any email platform" that

Plaintiffs have used for purposes relevant to this case. Plaintiffs will interpret "PLATFORM" to include only the Roblox platform, the VC websites, social media websites, email accounts, or data storage platforms that they have used for purposes relevant to this case.

13.     Plaintiffs object to Instruction No. 3 insofar as it purports to impose requirements different from those contained in the parties' agreements in the Stipulated ESI Order, ECF No. 96. Plaintiffs will comply with the provisions of the Stipulated ESI Order.

14.     Plaintiffs object to Instruction No. 5 as seeking improper discovery on discovery. Further, this instruction would make compound any Interrogatory to which it applies.

<u>**OBJECTIONS TO ALL INTERROGATORIES**</u>

The following objections apply to and are incorporated by reference into each and every response to the separately numbered Interrogatories as if set forth in full therein. A specific response may repeat one of these objections for emphasis or for some other reason. The failure to repeat any of these objections in any specific response shall not be interpreted as a waiver of any objection to that response.

1.     Plaintiffs' responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Roblox seeks to impose.

2.     Plaintiffs object to each Definition, Instruction, and Interrogatory herein to the extent that they do not describe each category of information with reasonable particularity, and/or are otherwise vague, ambiguous, overbroad, unduly burdensome, and/or disproportionate to the needs of the litigation.

3.     Plaintiffs object to each Definition, Instruction, and Interrogatory to the extent they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules of the United States District Court for the Northern District of California, or any other applicable federal or state law. Plaintiffs will comply with applicable rules, laws, and court orders.

4.     Plaintiffs object to the Interrogatories to the extent that they seek confidential personal information. Responsive information, if discoverable, will be provided subject to the terms of the Stipulated Protective Oder. ECF No. 81. Plaintiffs reserve the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any

particularly sensitive documents and/or to object to their production altogether if, for example, their relevance is substantially outweighed by the risk of harm posed by their production in light of the protections available.

5.    Plaintiffs object to the Definitions and Interrogatories to the extent they seek information that is not relevant to the issues in this case because it is not related to Roblox, the VC Websites, the VC Defendants, or Illegal Robux and/or Virtual Content Gambling that occurs off-Platform through use of the Roblox Platform and technology. Plaintiffs reserve their right to revise her scope objection for purposes of dispositive motions and trial.

6.    Plaintiffs object to the Interrogatories to the extent that they are cumulative, irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including because they seek information not in Plaintiffs' possession, custody, or control.

7.    Plaintiffs object to the Interrogatories to the extent they call for a response that assumes the premise of the Interrogatory, including to the extent they explicitly or implicitly characterize facts, events, circumstances, or issues relating to the subject of this litigation.

8.    Plaintiffs' failure to object to any Interrogatory or these Interrogatories on a particular ground shall not be construed as a waiver of their right to object on that ground or any additional ground at any time.

## RESPONSES TO ROBLOX'S INTERROGATORIES

**INTERROGATORY NO. 9:**

For EACH ACCOUNT to which YOU have lost or lose access during the RELEVANT TIME PERIOD, IDENTIFY the ACCOUNT and DESCRIBE ALL circumstances regarding YOUR lost access, including but not limited to:

   a.    EACH DEVICE YOU HAVE USED TO access the ACCOUNT;

   b.    Whether the ACCOUNT was deleted, was destroyed, or became inaccessible, including the DATE thereof;

   c.    The precise steps YOU have taken to try to access the ACCOUNT, including the DATE when YOU took EACH step and what happened when YOU took EACH step;

   d.    The DATE when YOU learned that YOU lost access to the ACCOUNT, and the basis for YOUR statement that YOU no longer have access to the ACCOUNT;

e.    EACH action that YOU took, if any, to prevent YOUR ACCOUNT from being deleted, being destroyed, or becoming inaccessible, including the DATE of EACH ACTION that YOU took;

f.    EACH action that YOU have taken, if ANY, to regain or restore access to YOUR ACCOUNT;

g.    ALL RELEVANT INFORMATION that YOU know or reasonably believed was deleted, was destroyed, or became inaccessible; and

h.    EACH PERSON with KNOWLEDGE of the deleted, destroyed, or inaccessible ACCOUNT, including the DATE the PERSON gained such KNOWLEDGE.

**PLAINTIFF'S RESPONSE:**

Plaintiffs object to this Interrogatory to the extent that it is compound and contains eight distinct sub-parts, each of which purports to require a separate response, pursuant to separate instructions, and including multiple distinct pieces of information. Plaintiffs therefore count these as Roblox's ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, and sixteenth interrogatories. *See Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006); *American Bankers Ins. Co. of Florida v. National Fire Ins. Co. of Harford*, 2020 WL 8896760, at *2 (N.D. Cal. July 9, 2020).

Plaintiffs further object to these Interrogatories as overbroad because they improperly seek discovery on discovery or other irrelevant information. The sweeping information requested regarding devices used to access accounts, information allegedly destroyed, deleted, or made inaccessible by loss of access to accounts, and information about persons with knowledge of deleted, destroyed, or inaccessible accounts is not relevant to any claim or defense in this litigation, but rather seeks improper discovery on discovery. Furthermore, steps taken to access, prevent deletion of, or restore accounts are irrelevant even to discovery on discovery. Furthermore, to the extent that the "RELEVANT TIME PERIOD" predates any duty to preserve imposed on Plaintiffs by the Federal Rules of Civil Procedure, these Interrogatories purport to seek information regarding actions taken to preserve data that are irrelevant even for the purposes of improper discovery on discovery.

Plaintiffs further object to these Interrogatories as overbroad and unduly burdensome because they purport to require her to provide undefined information regarding "ALL circumstances regarding YOUR lost access" to accounts that is "not limited to" the information

specified in the eight Interrogatories it has propounded, regardless of what that information is or its relevant. In conjunction with Roblox's overbroad definition of "DESCRIBE," these Interrogatories thus sweep broadly enough to include any and all information about these "circumstances" including that which is patently irrelevant for the purposes of these Interrogatories and for this case. This is inherently burdensome to Plaintiffs. Plaintiffs will not provide information that is not specifically requested by any of these Interrogatories.

Plaintiffs further object to these Interrogatories to the extent that they are directed at Plaintiffs' counsel, who is not a party to this litigation or otherwise properly subject to interrogatories, and to the extent that they seek information, documents, or communications that are protected by the attorney-client privilege, work product protection, or any other applicable privilege or protection.

Plaintiffs further object to these Interrogatories as overly broad and unduly burdensome because they seek information that is not reasonably related to any claim or defense in this case, to the extent that Roblox's definition of "ACCOUNT" includes any account on any platform that cannot be used (or was not used) to access Roblox or the VC Websites for gambling purposes or used to send, store, or receive communications related to Roblox gambling or the VC Websites during the relevant time period. Plaintiffs will definite "ACCOUNT" to mean the username, alias, or handle (if different from the username) of any Roblox account that they used to access any VC Website, account on any VC Website, and any email account or account on a social media website that they used to send, receive, or store communications or documents related to Roblox gambling or the VC Websites during the relevant time period.

Plaintiffs further object to these Interrogatories as vague and ambiguous insofar as they impose undefined requirements by requesting that Plaintiffs "IDENTIFY" an "ACCOUNT." An "ACCOUNT" is neither a "DOCUMENT," "NATURAL PERSON" nor "PERSON that is not a natural PERSON," which are the only categories for which Roblox provides instructions in the definition of "IDENTIFY." Furthermore, to the extent that an "ACCOUNT" can be considered a "DOCUMENT" for the purposes of Roblox's definition of "IDENTIFY," these Interrogatories are overbroad, unduly burdensome, and not proportional to the needs of the case because they would require Plaintiffs to provide excessive information or information that is not applicable to an "ACCOUNT" for the purposes of identification. For the purposes of identifying an "ACCOUNT," Plaintiffs will provide its username (or alias or handle, to the extent it differs from the username).

10

Plaintiffs further object to these Interrogatories as vague, ambiguous, overly broad and unduly burdensome because they seek information that is not reasonably related to any claim or defense in this case to the extent that Roblox's definition of "DEVICE" purports to include "server[s] and ANY similar tangible object, device, or box that includes an operating system that can hold, store, receive, and transmit data," irrelevant devices that could not be or were not used by minor Plaintiff N.S. to access Roblox or VC Websites or to send, receive, or store communications related to Roblox gambling or the VC Websites, and devices that were not actually in Plaintiffs' possession, custody, or control at any relevant time, or that they only used to access apps, platforms, websites, communications, or documents that were not uniquely locally stored on the device. Plaintiffs will construe "DEVICE" to mean any smartphone, tablet, video game console, or computer that they owned or controlled when minor Plaintiff N.S. 1) used that device to access Roblox or any VC Website, or 2) used that device to receive, send, or store communications or documents related to Roblox gambling or any VC Website.

Plaintiffs further object to these Interrogatories as overbroad insofar as they purport to require them to "DESCRIBE" irrelevant information about "DEVICE[s]," "steps," "DATE[s]," "action[s]," and "PERSON[s]," that have no bearing on any claim or defense, or which provide no utility for identifying the subject of any of these terms. The definition of "DESCRIBE" makes these Interrogatories broad enough to sweep in information about these topics that have no bearing on any claim or defense, such as the color of a "DEVICE," each button click of a "step" or "action," irrelevant events that occurred on a given "DATE," and excessive and irrelevant details about a "PERSON." Plaintiffs will endeavor to provide sufficient relevant information about these topics for the purposes of these Interrogatories.

Plaintiffs further object to these Interrogatories as vague and ambiguous because the terms "precise steps YOU have taken to try to access the ACCOUNT," "what happened when YOU took EACH step," and "EACH action YOU took . . . to prevent YOUR ACCOUNT from being deleted, being destroyed, or becoming inaccessible" are not defined and their meaning is not self-evident.

Additionally, Plaintiffs object because the information requested is irrelevant as Plaintiffs have produced all documents that are responsive to Defendant Roblox's valid production requests and have already agreed to supplement previous Interrogatories to Defendant Roblox.

    a. <u>Minor Plaintiff N.S.</u>: Minor Plaintiff N.S. used an iPhone 12, iPhone 14, Xbox Series X/S, and a homemade Arsenal Gaming computer to access Roblox, Facebook, and

Instagram. Minor Plaintiff used an iPhone 12, iPhone 14, and his computer to access his Evilnats, Evilnats9, Evilcats2007, and Evilcats2008 accounts on Roblox, Bloxflip, RBLXWild, RBXFlip, his Discord account, and his nsoucek13@gmail.com email.

Plaintiff Soucek: Plaintiff Soucek did not have any accounts responsive to this Interrogatory; therefore she does not have any devices responsive to this Interrogatory.

b.   Minor Plaintiff N.S.: Minor Plaintiff N.S.'s RBXFlip account became inaccessible when RBXFlip was taken offline. On November 3, 2023, Roblox implemented a temporary year-long ban on minor Plaintiff N.S.'s Evilcats2007 account. This rendered the Roblox account and all VC accounts associated with this Roblox account inaccessible. On January 31, 2024, Roblox implemented a temporary year-long ban on minor Plaintiff N.S.'s Evilcats2008 account. This rendered the Roblox account and all VC accounts associated with it inaccessible. On or around August, 22 2023, Plaintiff Soucek deleted minor Plaintiff N.S.'s nsoucek13@gmail.com email account, access to which was required to complete two-factor verification for N.S.'s Evilnats and Evilnats9 Roblox accounts. Thus, since Plaintiff Soucek deleted N.S.'s Gmail account, Plaintiffs have been unable to access his Evilnats and Evilnats9 accounts. Finally, Plaintiff Soucek deleted Minor Plaintiff's Facebook and Instagram accounts on or around August 2023, prior to the formation of an attorney-client relationship, and before she anticipated litigation, in an attempt to limit his ability to engage with the VC Websites.

Plaintiff Soucek: Plaintiff Soucek has no accounts responsive to this Interrogatory.

c.   Minor Plaintiff N.S.: Since November 3, 2023, minor Plaintiff attempted to login to his Evilcats2007 Roblox account several times to no avail. Similarly, since January 31, 2024, minor Plaintiff has attempted to login to his Evilcats2008 Roblox account several times to no avail. With respect to minor Plaintiff's Evilnats and Evilnats9 accounts, which require access to the nsoucek13 email account to complete two-factor verification, Minor Plaintiff notified Roblox of his inability to complete two-factor verification and was told to "consult your email domain's Help center or Customer Support to regain access to the lost email address that was added to your Roblox user account." *See* ROBLOX-COLVIN004278. To that end, on or around August of 2024, Minor Plaintiff attempted to recover his nsoucek13@gmail.com email. To date, Google

has not recovered this account and has not responded substantively to minor Plaintiffs request.

Plaintiff Soucek: Plaintiff Soucek has no accounts responsive to this Interrogatory.

d.  Minor Plaintiff N.S.: Minor Plaintiff learned that he lost access to all RBXFlip accounts in August or September 2023. RBXFlip was taken offline in August 2023 and has remained inaccessible since. Minor Plaintiff learned that he lost access to all Evilcats2007 accounts on November 3 or November 4, 2023, when Roblox instituted its year-long ban on that account. Minor Plaintiff learned that he lost access to all Evilcats2008 accounts on January 31, 2024 or February 1, 2024 after seeing that Roblox instituted its year-long ban of that account. Because Roblox has prevented Minor Plaintiff from accessing those accounts, he is unable to complete a third-party login with those accounts. Minor Plaintiff learned that he lost access to the nsoucek13 email, as well as the evilnats and evilnats9 Roblox and VC accounts between August 22-29, 2023.

Plaintiff Soucek:  Plaintiff Soucek has no accounts responsive to this Interrogatory.

e.  Minor Plaintiff N.S.: This request seeks improper discovery on discovery and therefore Plaintiffs have no duty to provide a response.

Plaintiff Soucek: Plaintiff Soucek has no accounts responsive to this Interrogatory.

f.  Minor Plaintiff N.S.: Minor Plaintiff has contacted Google to regain access to his nsoucek13@gmail.com email. Google has not yet reactivated his email account. Minor Plaintiff has contacted Roblox to remove two-factor verification for the evilnats and evilnats9 Roblox accounts. Neither of these efforts have been successful to date.

Plaintiff Soucek: Plaintiff Soucek has no accounts responsive to this Interrogatory.

g.  Minor Plaintiff N.S.: With respect to the nscoucek13@gmail.com email account, Minor Plaintiff believes that there would be information and/or receipts related to the transactions on Roblox and/or Bloxflip, RBLXWild, RBXFlip, and Bloxmoon. Further, because Minor Plaintiff does not have access to the evilcats2007, evilcats2008, evilnats, and evilnats9 Roblox accounts, Plaintiffs are unable to view any transactions or activity associated with these accounts on Roblox's Platform or any VC Websites. Minor Plaintiff may have watched influencer advertisements about VC Websites on Facebook and Instagram but does not believe that any relevant information was lost.

13

<u>Plaintiff Soucek</u>: Plaintiff Soucek has no accounts responsive to this Interrogatory.

h. <u>Minor Plaintiff N.S.</u>: Minor Plaintiff's father, Zdenek, and brother, Kendrick, are likely to have knowledge of the Accounts described in subparts (a)-(g). They acquired information about N.S.' Roblox and the VC Accounts between 2021-Present, from minor Plaintiff and Plaintiff Soucek, and about the Plaintiff Soucek's attempts to prevent minor Plaintiff N.S. from Gambling at the time that each account was deleted or made inaccessible.

<u>Plaintiff Soucek</u>: Plaintiff Soucek has no accounts responsive to this Interrogatory.

**INTERROGATORY NO. 10:**

For EACH DEVICE that YOU have used or use during the RELEVANT TIME PERIOD, IDENTIFY and DESCRIBE EACH DEVICE, including but not limited to:

a. ALL DEVICE INFORMATION

b. EACH action, if ANY, that YOU took or have taken to preserve the data on the DEVICE, including the DATE of EACH action;

c. EACH ACCOUNT that YOU have accessed with the DEVICE;

d. Whether the DEVICE has been lost, stolen, destroyed, reset, or is otherwise unavailable, including the DATE thereof;

e. The DATE when YOU learned that the DEVICE was lost, stolen, destroyed, reset, or became unavailable;

f. ALL RELEVANT INFOMRATION that YOU know or reasonably believe was lost, stolen, deleted, destroyed or has become inaccessible;

g. EACH PERSON with KNOWLEDGE of the lost, stolen, destroyed, or inaccessible DEVICE, including the DATE the PERSON gained such KNOWLEDGE

**PLAINTIFF'S RESPONSE:**

Plaintiffs object to this Interrogatory to the extent that it is compound and contains eight sub-parts, each of which purports to require a separate response, pursuant to separate instructions, and including multiple distinct pieces of information. Plaintiffs therefore count this Interrogatory as Roblox's seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, and twenty-fourth Interrogatories. *See Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614

(N.D. Cal. 2006); *American Bankers Ins. Co. of Florida v. National Fire Ins. Co. of Harford*, 2020 WL 8996760, at *2 (N.D. Cal. July 9, 2020).

Plaintiffs further object to these Interrogatories as overbroad because they improperly seek discovery on discovery. The sweeping information requested regarding devices, preservation of information on devices, loss of devices and information thereon, and information about persons with knowledge of deleted, destroyed, or inaccessible devices is not relevant to any claim or defense in this litigation, but rather seeks improper discovery on discovery. Furthermore, to the extent that the "RELEVANT TIME PERIOD" predates any duty to preserve imposed on Plaintiffs by the Federal Rules of Civil Procedure, these interrogatories purport to seek information regarding devices (such as device information, preservation of data thereon, the disposition of the device, information on the device and individuals with knowledge of the device) that is irrelevant even for the purposes of improper discovery on discovery.

Plaintiffs further object to these Interrogatories to the extent that they are directed at Plaintiffs' counsel, who is not a party to this litigation or otherwise properly subject to interrogatories, and to the extent that they seek information, documents, or communications that are protected by the attorney-client privilege, work product protection, or any other applicable privilege or protection.

Plaintiffs further object to these Interrogatories as overbroad and unduly burdensome because they purport to require her to provide undefined information regarding "DEVICE[s]" that is "not limited to" the information specified in the eight Interrogatories it has propounded, regardless of what that information is or its relevance. In conjunction with Roblox's overbroad definition of "DESCRIBE," these Interrogatories thus sweep broadly enough to include any and all information about "DEVICE[S]," including that which is patently irrelevant for the purposes of these Interrogatories and for this case. This is inherently burdensome to Plaintiffs. Plaintiffs will not provide information that is not specifically requested by any of these Interrogatories.

Plaintiffs further object to these Interrogatories as vague, ambiguous, overly broad and unduly burdensome because they seek information that is not reasonably related to any claim or defense in this case to the extent that Roblox's definition of "DEVICE" purports to include "server[s] and ANY similar tangible object, device, or box that includes an operating system that can hold, store, receive, and transmit data," irrelevant devices that could not be or were not used by her to access Roblox or VC Websites or to send, receive, or store communications related to

15

Roblox gambling or the VC Websites, and devices that were not actually in Plaintiffs' possession, custody, or control at any relevant time, or that they only used to access apps, platforms, websites, communications, or documents that were not uniquely locally stored on the device. Plaintiffs will construe "DEVICE" to mean any smartphone, tablet, video game console, or computer that they owned or had in their possession or control when they 1) used that device to access Roblox or any VC Website, or 2) used that device to receive, send, or store communications or documents related to Roblox gambling or any VC Website.

Plaintiffs further object to these Interrogatories as vague and ambiguous to the extent that the terms "make and model" in the definition of "DEVICE INFORMATION" are not defined and their meaning is not self-evident in the context of this request. For the purposes of these Interrogatories, Plaintiffs will provide the device's manufacturer and the name of the device (e.g., "MacBook Air").

Plaintiffs further object to these Interrogatories as overly broad and unduly burdensome because they seek information that is not reasonably related to any claim or defense in this case, to the extent that Roblox's definition of "ACCOUNT" includes any account on any platform that cannot be used (or was not used) to access Roblox or the VC Websites for gambling purposes or used to send, store, or receive communications related to Roblox gambling or the VC Websites during the relevant time period. Plaintiffs will define "ACCOUNT" to mean the username, alias, or handle (if different from the username) of any Roblox account that they used to access any VC Website, account on any VC Website, and any email account or account on a social media website that they used to send, receive, or store communications or documents related to Roblox gambling or the VC Websites during the relevant time period.

Plaintiffs further object to these Interrogatories as vague and ambiguous to the extent that their request that Plaintiffs "IDENTIFY" a "DEVICE," "action," "ACCOUNT," or "date" purports to impose undefined requirements. A "DEVICE," "action," "ACCOUNT," or "date" is neither a "DOCUMENT," "NATURAL PERSON," nor "PERSON that is not a natural PERSON," which are the only categories for which Roblox provides instructions in the definition of "IDENTIFY." Furthermore, to the extent that a "DEVICE," "action," "ACCOUNT," or "date" can be considered a "DOCUMENT" for the purposes of Roblox's definition of "IDENTIFY," these Interrogatories are overbroad, unduly burdensome, and not proportional to the needs of the case because they would require Plaintiffs to provide excessive information or information that is not applicable to a

"DEVICE," "action," "ACCOUNT," or "date" for the purposes of identification. For the purposes of identifying a "DEVICE," "action," "ACCOUNT," or "date," Plaintiffs will endeavor to provide sufficient relevant information about these topics for the purposes of these Interrogatories.

Plaintiffs further object to these Interrogatories as vague, ambiguous, and overbroad to the extent that "EACH PERSON with KNOWLEDGE of the lost, stolen, destroyed, or inaccessible DEVICE" is written to include any person who with any knowledge whatsoever regarding the device, regardless of the relevance of that knowledge for the purposes of these Interrogatories or this case. For the purposes of responding to these requests, Plaintiffs will not identify or describe any person who solely has knowledge of a lost, stolen, destroyed, or inaccessible device that does not relate to that device's quality of being lost, stolen, destroyed, or inaccessible.

    a. <u>Minor Plaintiff N.S.</u>: Minor Plaintiff N.S. used an iPhone 12, an iPhone 14, and a homemade Arsenal Gaming computer to access his Evilnats, Evilnats9, Evilcats2007, and Evilcats2008 accounts on Roblox, Bloxflip, RBLXWild, RBXFlip, and his nsoucek13@gmail.com email. Minor Plaintiff also used an Xbox Series X/S and Plaintiff Soucek's iPhone 12 to access his Roblox accounts.

    <u>Plaintiff Soucek</u>: Plaintiff Soucek possessed an iPhone 12 until 2022, and currently possesses an iPhone 14 but did not use it to access Roblox and/or the VC Websites.

    b. Plaintiffs stand on their objection that this Interrogatory seeks improper discovery on discovery.

    c. <u>Minor Plaintiff N.S.</u>: Minor Plaintiff N.S. used his devices to access his Evilnats, Evilnats9, Evilcats2007, and Evilcats2008 accounts on Roblox, Bloxflip, RBLXWild, RBXFlip, Facebook, Discord, Instagram, and his nsoucek13@gmail.com email.

    <u>Plaintiff Soucek</u>: Plaintiff Soucek did not have any account on any Roblox or VC Website platform, therefore she did not use any device to access these accounts.

    d. <u>Minor Plaintiff N.S.</u>: Minor Plaintiff's iPhone 12 became inaccessible in 2022 when the family switched cell providers. Minor Plaintiff's Arsenal Gaming computer first became inaccessible in October 2022, when Plaintiff Soucek removed the computer's hard drive in an attempt to prevent Minor Plaintiff from using the VC Websites. The computer was reassembled in April 2023. The hard drive was again removed in early 2024. On or around October 14, 2024, the hard drive was reformatted with a new

Windows operating system, by his brother Kendrick, to build minor Plaintiff a new computer.

Plaintiff Soucek: Plaintiff Soucek's iPhone 12 became inaccessible in 2022 when the family switched cell providers.

e.  Minor Plaintiff N.S.: Minor Plaintiff learned that his iPhone 12 was inaccessible in 2022 when the family switched their cell provider. Minor Plaintiff learned that his arsenal gaming computer was reformatted on or around October 14, 2024.

Plaintiff Soucek: Plaintiff Soucek learned that her iPhone 12 was inaccessible in 2022 when the family switched their cell provider.

f.  Minor Plaintiff N.S.: Except for limited text communication, minor Plaintiff does not believe that there was any relevant information that was lost when the Soucek family switched cell providers. Similarly, because all Roblox/VC transaction information is stored on Roblox's platform and the VC Websites, Minor Plaintiff does not believe that there was any relevant information lost when his brother reformatted his computer's hard drive.

Plaintiff Soucek: Plaintiff Soucek does not believe that any relevant information was lost when she switched from an iPhone 12 to iPhone 14.

g.  Minor Plaintiff N.S.: Plaintiff Soucek, minor Plaintiff's father, Zdenek, and minor Plaintiff's brother, Kendrick, are likely to have knowledge about the devices described in subparts (d)-(f). They acquired information about N.S.' Roblox and the VC Accounts between 2021-Present, from minor Plaintiff and Plaintiff Soucek, and about the Plaintiff Soucek's attempts to prevent minor Plaintiff N.S. from Gambling at the time that each account was deleted or made inaccessible.

Plaintiff Soucek: Plaintiff Soucek and her husband Zdenek are likely to have knowledge about Plaintiff Soucek's iPhone 12 stemming from their 2022 decision to switch cell providers.


Dated: November 6, 2024                    Respectfully submitted,

                                           /s/ Aaron Freedman

                                           Aaron Freedman (*pro hac vice*)

18

**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, New York 10003
afreedman@weitzlux.com
*Attorney for Plaintiff*

## VERIFICATION OF ANSWERS TO SECOND SET OF INTERROGATORIES

I, Aracely Soucek, am a named Plaintiff and next friend of minor plaintiff, N.S., in the above-captioned action. I believe, based on reasonably inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 11/6/24

_____
Aracely Soucek