# EXHIBIT 4

Aaron Freedman (*pro hac vice*)
 afreedman@weitzlux.com
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Phone: (212) 558-5500
Fax:    (212) 344-5461

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICTION OF CALIFORNIA

| | |
|---|---|
| ARACELY SOUCEK, individually and as next friend of minor Plaintiff, N.S., DANIELLE SASS, individually and as next friend of minor plaintiff, L.C., YANIV DE RIDDER, individually and as next friend of minor plaintiff, T.D., DAVID L. GENTRY, individually and as next friend of minor plaintiff, L.G., and LAVINA GANN, individually and as next friend of minor plaintiff, S.J., and on behalf of all others similarly situated,<br>　　　　　　　Plaintiffs,<br>　　v.<br>ROBLOX CORPORATION, Satozuki Limited B.V., Studs Entertainment Ltd., and RBLXWild Entertainment LLC,<br>　　　　　　　Defendants. | Civil Action No.: 3:23-cv-04146-VC<br><br>**PLAINTIFFS ARACELY SOUCEK AND MINOR PLAINTIFF N.S. RESPONSE TO DEFENDANT ROBLOX'S THIRD SET OF INTERROGATORIES**<br><br>Judge: Hon. Vince Chhabria |

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Civil Local Rule 33, Plaintiff Aracely Soucek, individually and as next friend of minor Plaintiff N.S., responds as follows to Defendant Roblox Corporation's ("Roblox") Third Set of Interrogatories:

## GENERAL RESPONSES

1.     Plaintiffs' responses to the Interrogatories are made to the best of their present knowledge, information, and belief. Discovery is ongoing in this matter and these Responses are at all times subject to such additional or different information that discovery or further investigation may disclose. Plaintiffs reserve the right to supplement or amend any of their responses should future investigation indicate that such supplementation or amendment is necessary.

2.     To the extent Plaintiffs agree to produce documents or information in response to any Interrogatory, Plaintiffs will only produce non-privileged, responsive in their possession,

1

custody, or control, and in accordance with the Stipulated Protective Order, ECF No. 81, or the Stipulated ESI Order, ECF No. 96 ("Orders").

3. By stating in these Responses that Plaintiffs will conduct a reasonable search for or produce certain documents or information, Plaintiffs do not represent that any such documents or information actually exist. Rather, Plaintiffs represent that they will undertake a good-faith search and reasonable inquiry of documents and information within their possession, custody, or control to ascertain whether responsive documents or information exist.

4. Plaintiffs reserve all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in, or trial of this or any other action, for any purpose whatsoever of this response and any document, thing, or information produced in response to any Interrogatory.

5. Plaintiffs reserve the right to object on any ground at any time to any additional or supplemental Interrogatories as Roblox may at any time propound involving or relating to the subject matter of these Interrogatories.

6. Plaintiffs are willing to meet and confer with Roblox regarding any response or objection to the Interrogatories.

## OBJECTIONS TO ROBLOX'S DEFINITIONS AND INSTRUCTIONS

1. Plaintiffs object to the definition of the term "ACTION" as overbroad to the extent that it includes "*Gentry v. Roblox*, No. 3:24-cv-1593 (N.D. Cal.) prior to consolidation with *Colvin*." Plaintiffs were not parties to the *Gentry* action prior to its consolidation with *Colvin* and does not certify relevant knowledge as to the *Gentry* action prior to its consolidation with *Colvin*.

2. Plaintiffs object to the definition of "COMMUNICATION" as overbroad, unduly burdensome, and not proportional to the needs of the case. Roblox defines "COMMUNICATION" in a way that would require Plaintiffs to consider every possible electronic and non-electronic form of communicating any information of any nature about any topic. Additionally, as used in Interrogatories 9 and 10, "COMMUNICATION" is wholly subsumed within Roblox's definition of "DOCUMENT." Plaintiffs do not understand a request to identify and describe "COMMUNICATION" to seek anything beyond a request for "DOCUMENT(S)." Plaintiffs will treat any request to identify and describe communications in the same manner as a request to identify documents, as explained below in Plaintiff's objection to the definition of "IDENTIFY."

3. Plaintiffs object to the definition of the term "COMPLAINT" as overbroad to the extent that it includes *Gentry v. Roblox*, No. 3:24-cv-1593 (N.D. Cal.) prior to consolidation with *Colvin*. Plaintiffs were not parties to the *Gentry* action prior to its consolidation with *Colvin* and does not certify relevant knowledge as to the *Gentry* action prior to its consolidation with *Colvin*.

4. Plaintiffs object to the definition of "DESCRIBE" as vague, ambiguous, and overbroad to the extent that it purports to require Plaintiffs to "set forth ALL facts that exhaust YOUR information, Knowledge, and belief with respect to the subject matter of the Request," even where such information is not within Plaintiffs' possession, custody, and control. For example, Roblox defines "Your" to include all Plaintiffs ever named in this action, including undefined individuals who have yet to be named, or who are no longer part of this case. Plaintiffs do not necessarily possess the same information, Knowledge, and belief as these individuals, and will not endeavor to answer these Interrogatories on their behalf. Additionally, the definition of "Describe" as written and used is broad enough to require descriptions of irrelevant details such as the color of each relevant "Device" that Plaintiffs used. Plaintiffs will answer the Interrogatories to the best of her ability with relevant information, subject to the objections described herein.

5. Plaintiffs object to the definition of "DOCUMENT" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require Plaintiffs to consider every possible electronic and non-electronic form of communicating any information of any nature, including documents or databases that do not exist, are not reasonably accessible, or are likely to contain responsive information. This essentially unbounded definition is unduly burdensome to Plaintiffs. Plaintiffs further object to the phrases "books of account," "computer generated or stored information," "projections," "sales literature," "specifications," "working papers," and "information contained in any computer or information retrieval devices" as vague and ambiguous, not reasonably accessible, confusing, and irrelevant. Especially in the context of this case, the meaning of these phrases is not self-evident and likely inapplicable. Plaintiffs will construe this definition to refer to reasonably accessible documents containing relevant information within her possession, custody, or control.

6. Plaintiffs object to the definition of "GAMBLE, GAMBLED, and GAMBLING" insofar as it purports to expand this definition beyond the parties' agreed definition: online games in which a participant can, or in fact, did wager or bet Robux or Virtual Content. Plaintiffs will apply the parties' agreed-to definition.

3

7. Plaintiffs object to the definition of "IDENTIFY" as overbroad and unduly burdensome. In Definition 17, Roblox requests that Plaintiffs identify a document by providing a "description of the nature and contents of the DOCUMENT," the "date the DOCUMENT was made or entered into," "the name, address, telephone number, occupation, job title, and employer of each PERSON whose testimony could be used to authenticate such DOCUMENT," as well as of the "present custodian" of the document, the "identity" of individual to whom the document was sent, and "who received each and every copy of the DOCUMENT." This level of information is excessive and unduly burdensome for the purpose of identifying any relevant document. Should Plaintiffs identify a document, Plaintiffs will endeavor to include sufficient information so that the document may be either located or requested, unless she otherwise objects. Similarly, this definition purports to require that Plaintiffs provide home and business addresses and phone numbers for any "natural PERSON" that they identify, as well as their "name and employer or business with whom the PERSON was associated and the PERSON's title and position at the time relevant to the identification." Again, this level of information is excessive, and for children, the level of detail requested may be improperly intrusive. See A.A. v. Cnty of Riverside, 2015 WL 13648571, at *4 (C.D. Cal. Sept. 11, 2015). Should Plaintiffs identify a person, Plaintiffs will endeavor to include sufficient information so that that person may be identified or located, unless she otherwise objects.

8. Plaintiffs object to the definition of "MINOR PLAINTIFF," "PARENT PLAINTIFF," "YOU," and "YOUR" to the extent that they include individuals other than Plaintiff Yaniv De Ridder and Minor Plaintiff T.D. Plaintiffs further object to these definitions insofar as they purport to include Rachelle Colvin, Osmany Rodriguez, Joshua R. Munson, and G.D., O.R., J.M., T.T., and R.T., who are no longer party to this litigation. See ECF No. 115. Plaintiffs further object to these definitions to the extent that they purport to include "ANY other PERSON who subsequently becomes plaintiff in this ACTION" or "ANY other individual named as a plaintiff in ANY COMPLAINT filed hereafter," because this set of individuals is undefined and unknown to them. Plaintiffs will endeavor to answer these Interrogatories on behalf of herself and her minor child, N.S., and will not purport to answer on behalf of any other Plaintiff in this litigation, nor any individual who is no longer party to this litigation, nor any of the indefinite set of individuals who are not party to this litigation but may become a party at some point in the future. Plaintiffs further object insofar as "any other PERSON acting or purporting to act on YOUR behalf" is intended to

include Plaintiffs' attorneys. Plaintiffs object to this definition as overbroad and will not produce documents related to counsels' efforts to represent Plaintiffs in this matter, which may be protected by attorney-client privilege, the work product doctrine, or any other applicable privilege.

9. Plaintiffs object to the definitions of "PERSON" and "PLAINTIFF" because these definitions are written broadly enough to include Plaintiffs' counsel. To the extent that any Interrogatory is directed to or includes Plaintiff's counsel, the request is improper. See Carmona v. D'Alessandro, 2015 WL 4395001, at *2 (E.D. Cal. July 16, 2015) (denying motion to compel because "counsel is not a party to this action, and Rule 33 and Rule 34 of the Federal Rules of Civil Procedure only permits [sic] interrogatories and requests for production of documents to be propounded to parties.").

10. Plaintiffs object to the definition of "PLATFORM" as overbroad, vague, ambiguous, and not proportional to the needs of this case insofar as it purports to seek irrelevant information from and about "any platform whatsoever that can store data" beyond that related to "the Roblox platform, any VC website, any social media website," and "any email platform" that Plaintiffs have used for purposes relevant to this case. Plaintiffs will interpret "PLATFORM" to include only the Roblox platform, the VC websites, social media websites, email accounts, or data storage platforms that they have used for purposes relevant to this case.

11. Plaintiffs object to Instruction No. 3 insofar as it purports to impose requirements different from those contained in the parties' agreements in the Stipulated ESI Order, ECF No. 96. Plaintiffs will comply with the provisions of the Stipulated ESI Order

12. Plaintiffs object to Instruction No. 5 as seeking improper discovery on discovery. Further, this instruction would make compound any Interrogatory to which it applies.

13. Plaintiffs object to Instruction No. 7 as seeking improper discovery on discovery. Further, this instruction would make compound any Interrogatory to which it applies.

## OBJECTIONS TO ALL INTERROGATORIES

The following objections apply to and are incorporated by reference into each and every response to the separately numbered Interrogatories as if set forth in full therein. A specific response may repeat one of these objections for emphasis or for some other reason. The failure to repeat any of these objections in any specific response shall not be interpreted as a waiver of any objection to that response.

5

1. Plaintiffs' responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Roblox seeks to impose.

2. Plaintiffs object to each Definition, Instruction, and Interrogatory herein to the extent that they do not describe each category of information with reasonable particularity, and/or are otherwise vague, ambiguous, overbroad, unduly burdensome, and/or disproportionate to the needs of the litigation.

3. Plaintiffs object to each Definition, Instruction, and Interrogatory to the extent they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules of the United States District Court for the Northern District of California, or any other applicable federal or state law. Plaintiffs will comply with applicable rules, laws, and court orders.

4. Plaintiffs object to the Interrogatories to the extent that they seek confidential personal information. Responsive information, if discoverable, will be provided subject to the terms of the Stipulated Protective Oder. ECF No. 81. Plaintiffs reserve the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive documents and/or to object to their production altogether if, for example, their relevance is substantially outweighed by the risk of harm posed by their production in light of the protections available.

5. Plaintiffs object to the Definitions and Interrogatories to the extent they seek information that is not relevant to the issues in this case because it is not related to Roblox, the VC Websites, the VC Defendants, or Illegal Robux and/or Virtual Content Gambling that occurs off Platform through use of the Roblox Platform and technology. Plaintiffs reserve their right to revise her scope objection for purposes of dispositive motions and trial.

6. Plaintiffs object to the Interrogatories to the extent that they are cumulative, irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including because they seek information not in Plaintiffs' possession, custody, or control.

7. Plaintiffs object to the Interrogatories to the extent they call for a response that assumes the premise of the Interrogatory, including to the extent they explicitly or implicitly characterize facts, events, circumstances, or issues relating to the subject of this litigation.

8.  Plaintiffs' failure to object to any Interrogatory or these Interrogatories on a particular ground shall not be construed as a waiver of their right to object on that ground or any additional ground at any time.

## RESPONSES TO ROBLOX'S INTERROGATORIES

**INTERROGATORY NO. 11:**

IDENTIFY and DESCRIBE EACH WEBSITE that YOU contend, reasonably believe, or suspect is a WEBSITE on which a user may GAMBLE ROBUX or ROBLOX VIRTUAL CONTENT, including:

    a.    the name and URL of the WEBSITE

    b.    the DATE YOU learned of the WEBSITE;

    c.    how YOU learned of the WEBSITE;

    d.    the specific item(s) that YOU contend, reasonably believe, or suspect a user can GAMBLE on the WEBSITE (*i.e.*, ROBUX, ROBLOX VIRTUAL CONTENT, both, or anything else);

    e.    whether YOU have visited or used the WEBSITE (including the DATE(s) that YOU visited or used the WEBSITE); and

    f.    the basis for YOUR contentions, beliefs, or suspicions as to each of the foregoing.

**PLAINTIFF'S RESPONSE:**

Plaintiffs object to this Interrogatory to the extent that it is compound and contains six distinct subparts, each of which purports to require a separate response, pursuant to separate instructions, and including multiple distinct pieces of information and separate "basis" for each contention, belief, or suspicion for subpart (a) – (e). Plaintiffs therefore count these as Roblox's twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, and twenty-ninth interrogatories. See Trevino v. ACB American, Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006); American Bankers Ins. Co. of Florida v. National Fire Ins. Co. of Harford, 2020 WL 8996760, at *2 (N.D. Cal. July 9, 2020). Roblox's decision to file thirty interrogatories violates the Federal Rules of Civil Procedure, which permit a party to serve "no more than 25 written interrogatories, including discrete subparts." See Fed. R. Civ. P. 33(a)(1). Plaintiffs reserve all rights to object further at a later time, if so required.

    a.    <u>Plaintiff Soucek</u>: Through conversations with minor Plaintiff, Plaintiff Aracely Soucek is aware of RBXFlip (www.rbxflip.com), Bloxflip (www.bloxflip.com), RBLXWild (www.rblxwild.com), Bloxmoon (www.bloxmoon.com).

7

<blockquote>

Minor Plaintiff N.S.: minor Plaintiff is aware of RBXFlip (www.rbxflip.com), Bloxflip (www.bloxflip.com), RBLXWild (www.rblxwild.com), Bloxmoon (www.bloxmoon.com), DiceBlox (Diceblox.com) Bloxclash (www.bloxclash.com), Wildbet (wildbet.com), Rorush (rorush.com), and Fiery.gg (www.fiery.gg).

b. Plaintiff Soucek: Plaintiff Aracely Soucek cannot recall when she learned about Minor Plaintiffs' use of each individual website (RBXFlip, Bloxflip, RBLXWild, or Bloxmoon). However, Plaintiff Soucek has worked to prevent Minor Plaintiff from using Gambling websites, which she refers to as "Roblox Gambling websites," since at least December 2021.

Minor Plaintiff N.S.: Minor Plaintiff believes that he learned about Bloxflip shortly after the website went live in late 2021. Minor Plaintiff cannot recall a specific date that he learned about Bloxmoon but believes it would have been sometime in the second half of 2023 or first half of 2024. Minor Plaintiff cannot recall a specific date that he learned about RBXFlip but believes it was sometime in 2021. Minor Plaintiff cannot recall a specific date that he learned about RBLXWild but believes it was some time in 2022. Minor Plaintiff believes that he learned about Diceblox on/around June 2024. Minor Plaintiff believes that he learned about Bloxclash on/around the same time he learned about Bloxmoon, in 2023 or 2024. Minor Plaintiff believes that he learned about Wildbet on/around May 2024. Minor Plaintiff believes that he learned about Rorush on/around August 2024. Minor Plaintiff believes that he learned about Fiery.gg on/around January 2024. Minor Plaintiff believes that he learned about Rollbet on/around August 2024.

c. Plaintiff Soucek: Plaintiff Aracely Soucek learned about each Roblox Gambling website through conversations with Minor Plaintiff, review of her bank records, and her multiple attempts to prevent his use of these websites.

Minor Plaintiff N.S.: Minor Plaintiff learned about fiery.gg from the website, which announced the release of the site a couple months before launch. Minor Plaintiff believes that he learned about each of the other websites he is familiar with from conversations with friends. Minor Plaintiff specifically believes that he learned about RBXFlip, Diceblox, Bloxclash, Wildbet, and Rorush from his friend Dom.

</blockquote>

    d. <u>Plaintiff Soucek</u>: Plaintiff Aracely Soucek has no independent knowledge about what can be wagered on Bloxmoon, RBXFlip, Bloxflip, and RBLXWild, but is aware that Minor Plaintiff has spent money earned through allowance or work on these websites. Through conversations with Minor Plaintiff, she has become aware that users can deposit Robux, Roblox Virtual Content, and crypto currency on these websites.

    <u>Minor Plaintiff N.S.</u>: Minor Plaintiff believes that users could wager Robux and Roblox Virtual Content on RBXFlip, when the website was active. Minor Plaintiff believes that a user can deposit and/or wager Robux, Roblox Virtual Content, crypto currency, and Gift cards on Bloxflip, Bloxmoon, Bloxclash, Wildbet, Rorush, Fiery,gg, and Rollbet.

    e. <u>Plaintiff Soucek</u>: Plaintiff Aracely Soucek has never used any Gambling Website.

    <u>Minor Plaintiff N.S.</u>: Minor Plaintiff has Gambled on each website listed in subsection (a) shortly after learning about the websites, as referenced in subsection (b). With respect to when Minor Plaintiffs used Bloxmoon, RBLXWild, and Bloxflip with his Evilcats2010 and Evilcats2011 Roblox accounts, Plaintiffs reiterate their Response to Interrogatory No. 2, respond pursuant to Fed. R. Civ. P. 33(d), and direct Roblox to documents ROBLOX-COVIN003099-3102, 3570-4170, 4233-4261, and 5200-5213.

    With respect to Minor Plaintiffs Evilcats2007 and Evilcats2008 accounts, Plaintiffs reiterate that they have repeatedly requested that Roblox remove its 1-year suspension, which it placed on Minor Plaintiffs Evilcats2007 and Evilcats2008 accounts prior to joining this litigation. Roblox did not lift these suspensions prior to Bloxmoon, RBLXWild, and Bloxflip being taken down. Thus, Plaintiffs are not currently able to provide Roblow with specific dates on which Minor Plaintiff used those accounts on those websites. Finally, with respect to Minor Plaintiffs' EvilNats and EvilNats9 accounts, Plaintiffs are still reviewing Minor Plaintiffs' Roblox records and will amend this response with additional date information, when available.

    f. <u>Plaintiff Soucek</u>: Plaintiff Aracely Soucek bases her contentions, beliefs, and suspicions about each answer above based on conversations with Minor Plaintiff, review of her bank records, and from her use of parental controls.

    <u>Minor Plaintiff N.S.</u>: Minor Plaintiff has firsthand knowledge of the Gambling websites listed in sections (a)-(e) based on his own personal use of those websites and deposit methods.

Dated: January 30, 2025              Respectfully submitted,


                                     */s/ Aaron Freedman*


                                     Aaron Freedman (*pro hac vice*)
                                     **WEITZ & LUXENBERG, P.C.**
                                     700 Broadway
                                     New York, New York 10003
                                     afreedman@weitzlux.com
                                     *Attorney for Plaintiff*

## VERIFICATION OF ANSWERS TO THIRD SET OF INTERROGATORIES

I, Aracely Soucek, am a named Plaintiff and next friend of plaintiff, N.S., in the above-captioned action. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 1/30/25

Aracely Soucek