# EXHIBIT 5

1
2
3
4
5

Aaron Freedman (*pro hac vice*)
*afreedman@weitzlux.com*
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Phone: (212) 558-5500
Fax:     (212) 344-5461

6

*Attorney for Plaintiffs*

7

[Additional Attorneys Listed on Back Cover]

8
9
10
11

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

12
13
14
15
16
17

ARACELY SOUCEK, individually and as
next friend of minor plaintiff N.S., YANIV
DE RIDDER, individually and as next friend
of minor plaintiff T.D., DANIELLE SASS,
individually and as next friend of minor
plaintiff L.C., DAVID L. GENTRY,
individually and as next friend of minor
plaintiff L.G., and on behalf of all others
similarly situated,

Case No. 3:23-cv-04146-VC

**PLAINTIFF ARACELY SOUCEK AND N.S.'S
RESPONSE TO DEFENDANT ROBLOX
CORPORATION'S FOURTH SET OF
INTERROGATORIES**

18

                    Plaintiffs,

Judge: Hon. Vince Chhabria

19

          v.

20
21
22

ROBLOX COROPORATION, SATOZUKI
LIMITED B.V., STUDS
ENTERTAINMENT LTD., and
RBLXWILD ENTERTAINMENT LLC,

23
24

                    Defendants.

25
26
27
28

## PLAINTIFFS ARACELY SOUCEK AND N.S.' RESPONSES TO DEFENDANT ROBLOX'S FOURTH SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 26 and 33 and Civil Local Rule 33, Plaintiffs Aracely Soucek and N.S. ("Plaintiffs") respond as follows to Defendant Roblox Corporation's ("Roblox") Fourth Set of Interrogatories:

### GENERAL RESPONSES

1.     Plaintiffs' responses to the Interrogatories are made to the best of their present knowledge, information, and belief. Discovery is ongoing in this matter and these Responses are at all times subject to such additional or different information that discovery or further investigation may disclose. Plaintiffs reserve the right to supplement or amend any of their responses should future investigation indicate that such supplementation or amendment is necessary.

2.     To the extent Plaintiffs agree to respond to any Interrogatory, Plaintiffs will only produce non-privileged, responsive information in their possession, custody, or control, and in accordance with the Stipulated Protective Order, ECF No. 81, or the Stipulated ESI Order, ECF No. 96 ("Orders").

4.     Plaintiffs reserve all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in, or trial of this or any other action, for any purpose whatsoever of this response and any document, thing, or information produced in response to any Interrogatory.

5.     Plaintiffs reserve the right to object on any ground at any time to any additional or supplemental Interrogatories as Roblox may at any time propound involving or relating to the subject matter of these Interrogatories.

6.     Plaintiffs object to each Definition, Instruction, and Interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those set forth in the Federal Rules of Civil Procedure, the Civil Local Rules, and any Orders of the Court.

7.     Plaintiffs object to all Definitions, Instructions, and Interrogatories, insofar as they seek information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege or protection under the law. Such information shall not be produced in response to any Interrogatory, and any inadvertent production thereof shall not be deemed a waiver of any privilege or right with respect to such documents or information or of any applicable work product doctrine.

8.    Plaintiffs object to all Definitions, Instructions, and Interrogatories to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request on the ground that such enlargement, expansion, or alternation renders said request vague, ambiguous, unintelligible, unduly broad, and uncertain.

9.    Plaintiffs object to the Interrogatories to the extent the information sought is already within the possession, custody, or control of Defendants, thus rendering Roblox's Interrogatories unduly burdensome.

10.    Plaintiffs incorporate by reference all previous objections included in Plaintiffs' Responses to Roblox's first, second, and third set of Interrogatories, and the accompanying letters related to the parties' meet and confers about said Interrogatories.

11.    Plaintiffs are willing to meet and confer with Roblox regarding any response or objection to the Interrogatories.

## OBJECTIONS TO ROBLOX'S DEFINITIONS AND INSTRUCTIONS

1.    Plaintiffs object to the definition of "ACTION" (Def. No. 1) as overbroad and irrelevant to the extent that it includes *Colvin v. Roblox*, No. 3:23-cv-4146 (N.D. Cal.) ("Colvin") and *Gentry v. Roblox*, No. 3:24-cv-1593 (N.D. Cal.) "at any stage of the proceedings," and especially "prior to consolidation." Plaintiffs will interpret ACTION consistent with Roblox's definition of COMPLAINT (Def. No. 7) as "the First Amended Consolidated Class Action Complaint for Damages"—and interpret ACTION as encompassing only *Soucek v. Roblox*, No. 3:23-cv-4146 (N.D. Cal.). Plaintiffs further object to the definition of the term "ACTION" (Def. No. 1) as irrelevant, confusing, and vague and ambiguous, insofar as this term is not used in any Interrogatory, and therefore the import of its inclusion here is not clear.

2.    Consistent with Roblox's objections to the term "Virtual Casino Websites" in Plaintiffs' Interrogatories, Requests for Production, and Requests for Admission, Plaintiffs object to "AT-ISSUE WEBSITES" (Def. No. 5) as overbroad, unduly burdensome, and not proportional to the needs of the case, insofar as this definition purports to include any website besides Bloxmoon, Bloxflip, RBXFlip, and RBLXWild, collectively or individually. Plaintiffs further object to this definition as irrelevant, confusing, and vague and ambiguous, insofar as this term is not used in any Interrogatory, and therefore

1    the import of its inclusion here is not clear.

2        3.    Plaintiffs object to the definition of "COMMUNICATION" (Def. No. 6) as overbroad,

3    unduly burdensome, and disproportionate to the needs of this case to the extent it would require Plaintiffs

4    to search documents or databases that are not reasonably accessible or are not likely to contain responsive

5    information. Plaintiffs will meet and confer with Roblox as needed regarding a reasonable scope for any

6    search for responsive documents. Plaintiffs further object to this definition as overbroad and unduly

7    burdensome because it seeks "any transmission or exchange of information between two or more

8    PERSONS by every manner or means of disclosure," including communications made "orally," for

9    which there are no record. Plaintiffs will not create any documents or compile information in a way that

10   is not maintained in the ordinary course in response to this Definition or any Request using this term, as

11   that is beyond the scope of a valid Request for Production under Fed. R. Civ. P. 34. Plaintiffs further

12   object to Roblox's definition of "COMMUNICATION" insofar as it is designed to reach documents and

13   communication that are protected by the attorney-client privilege, work product protection, or any other

14   applicable privilege or protection. Plaintiffs further object to Roblox's definition of

15   "COMMUNICATION" as irrelevant, confusing, and vague and ambiguous, insofar as this term is not

16   used in any Interrogatory, and therefore the import of its inclusion here is not clear.

17       4.    Plaintiffs object to the definition of the term "COMPLAINT" (Def. No. 7) Plaintiffs object

18   to the definition of "COMPLAINT" (Def. No. 7) as overbroad, unduly burdensome, and not proportional

19   to the needs of this case insofar as it includes "ANY operative or proposed complaint that PLAINTIFFS

20   previously filed or file hereafter in this ACTION:" i.e., complaints that are not currently operative, drafts

21   that were never operative, and an undefined set of complaints that have yet to be filed. Plaintiffs will

22   interpret this term to refer to the operative First Amended Consolidated Class Action Complaint for

23   Damages, ECF No. 115. Plaintiffs further object to the definition of "COMPLAINT" as irrelevant,

24   confusing, and vague and ambiguous, insofar as this term is not used in any Interrogatory, and therefore

25   the import of its inclusion here is not clear.

26       5.    Plaintiffs object to the definition of "DEFENDANTS" (Def. No. 9) as vague and

27   ambiguous, overbroad, and unduly burdensome insofar as it purports to require Plaintiffs to search for

28

1    and produce documents related to unnamed, unknown, and unserved individuals or entities, as well as

2    any of their "successor entit[ies,]" which would be impossible. If Roblox has a list of entities that it wants

3    Plaintiffs to consider as part of this definition, Plaintiffs will consider that. However, Plaintiffs will not

4    guess about what entities Roblox believes are successor entities. Plaintiffs will interpret DEFENDANTS

5    to include Roblox and any known, named Defendants.  Plaintiffs further object to the definition of

6    "DEFENDANTS" as irrelevant, confusing, and vague and ambiguous, insofar as this term is not used in

7    any Interrogatory, and therefore the import of its inclusion here is not clear.

8        6.    Plaintiffs object to the definition of "DESCRIBE" (Def. No. 10) as vague, ambiguous,

9    and overbroad to the extent that it purports to require Plaintiffs to "set forth ALL facts that exhaust YOUR

10    information, KNOWLEDGE, and belief with respect to the subject matter of the Request," even where

11    such information is not within Plaintiffs' possession, custody, and control. For example, Roblox defines

12    "YOUR" to include all Plaintiffs ever named in this action, including undefined individuals who have

13    yet to be named, or who are no longer part of this case. Plaintiffs do not necessarily possess the same

14    information, knowledge, and belief as these individuals, and will not endeavor to answer these

15    Interrogatories on their behalf. Additionally, the definition of "Describe" as written and used is broad

16    enough to require descriptions of irrelevant details. Plaintiffs will answer the Interrogatories to the best

17    of their ability with relevant information, subject to the objections described herein.

18        7.    Plaintiffs object to the definition of "DOCUMENT" (Def. No. 11) as overbroad, unduly

19    burdensome, and not proportional to the needs of the case to the extent it would require Plaintiffs to

20    consider every possible electronic and non-electronic form of communicating any information of any

21    nature, including documents or databases that do not exist, are not reasonably accessible, or are likely to

22    contain responsive information. This essentially unbounded definition is unduly burdensome to Plaintiffs.

23    Plaintiffs further object to the phrases "books of account," "computer-generated or stored information,"

24    "projections," "sales literature," "specifications," "working papers," and "information contained in any

25    computer or information retrieval devices" as vague and ambiguous, not reasonably accessible,

26    confusing, and irrelevant. Especially in the context of this case, the meaning of these phrases is not self-

27    evident and likely inapplicable. Plaintiffs will construe this definition to refer to reasonably accessible

28

---

PLAINTIFFS' RESPONSES TO DEFENDANT ROBLOX'S
FOURTH SET OF INTERROGATORIES
Case No.: 3:23-cv-04146-VC

4

1  documents containing relevant information with her possession, custody, or control.

2      8.    Plaintiffs object to the definition of "GAMBLE, GAMBLED, and GAMBLING" (Def.

3  No. 13) insofar as it purports to expand this definition beyond the parties' agreed definition: online games

4  in which a participant can, or in fact, did wager or bet Robux or Virtual Content. Plaintiffs will apply the

5  parties' agreed-upon definition.

6      9.    Plaintiffs object to the definition of "KNOWLEDGE" (Def. No. 14) as overbroad, unduly

7  burdensome, and vague and ambiguous, insofar as it sweeps so broadly as to include information not in

8  Plaintiffs' possession, custody, or control. Plaintiffs further object to the definition of "KNOWLEDGE"

9  as confusing, vague, and ambiguous insofar as it includes "knowledge" in its definition and is thus

10  circular. Plaintiffs further object to the definition of "KNOWLEDGE" as irrelevant, confusing, and vague

11  and ambiguous, insofar as this term is not used in any Interrogatory, and therefore the import of its

12  inclusion here is not clear.

13      10.   Plaintiffs object to the definition of "LAW ENFORCEMENT AGENCY" (Def. No. 15)

14  as irrelevant, confusing, and vague and ambiguous, insofar as this term is not used in any Interrogatory,

15  and therefore the import of its inclusion here is not clear.

16      11.   Plaintiffs object to the definition of "MINOR PLAINTIFF" (Def. No. 16), "PARENT

17  PLAINTIFF" (Def. No. 18), and "PLAINTIFF (Def. No. 19) as improper, overbroad, unduly

18  burdensome, and seeking irrelevant information to the extent that these definitions include "ANY other

19  PERSON who subsequently becomes a plaintiff in this ACTION." Plaintiffs further object to this

20  definition as improper, overbroad, unduly burdensome, and seeking irrelevant information to the extent

21  that it includes Lavina Gann and S.J., who are no longer parties to this suit. ECF No. 148. Plaintiffs will

22  include all presently named Plaintiffs in their search and production, excluding Lavina Gann and S.J. and

23  will do the same for any individuals who are named as Plaintiffs in any future complaint filed in this

24  litigation. However, Plaintiffs will not do so for the undefined set of individuals who are not party to this

25  litigation but may become a party at some point in the future.

26      12.   Plaintiffs object to the definition of "OTHER DEFENDANTS" (Def. No. 17 and Def. No.

27  28) as irrelevant, confusing, and vague and ambiguous, insofar as this term is defined twice in varying

28

ways but not used in any Interrogatory, and therefore the import of its inclusion here is not clear. Plaintiffs further object to the definition(s) of "DEFENDANTS" as overbroad, unduly burdensome, and vague and ambiguous, insofar as it seeks information about an undefined list of "successor entit[ies]." If Roblox has a list of entities that it wants Plaintiffs to consider as part of this definition, Plaintiffs will consider that. However, Plaintiffs will not guess about what entities Roblox believes are successor entities.

13.    Plaintiffs further object to the definition of "PARENT PLAINTIFF" (Def. No. 18) as irrelevant, confusing, and vague and ambiguous, insofar as this term is not used in any Interrogatory, and therefore the import of its inclusion here is not clear.

14.    Plaintiffs object to the definition of "PERSON" (Def. No. 19) as irrelevant, confusing, and vague and ambiguous, insofar as this term is not used in any Interrogatory, and therefore the import of its inclusion here is not clear.

15.    Plaintiffs object to the definition of "PLAINTIFF[s]" (Def. No. 20) to the extent that they purport to include "any other PERSON acting or purporting to act on YOUR behalf" is intended to include Plaintiffs' attorneys.  Plaintiffs object to this definition as overbroad and improper and will not produce documents related to counsels' efforts to represent Plaintiffs in this matter, which may be protected by attorney-client privilege, the work product doctrine, or any other applicable privilege. Plaintiffs will adhere to the Stipulated ESI Protocol, ECF No. 96, when searching for or logging documents and communications protected by attorney-client privilege or work product protection, or any other applicable privilege or protection.

16.    Plaintiffs object to the definition of "RELEVANT TIME PERIOD" (Def. No. 21) as vague and ambiguous, insofar as it extends through "the present," a term that is not defined and whose meaning is unclear, as it could refer to the date of service of these Interrogatories, the date of Plaintiffs' response, or an unbounded time period that extends indefinitely into the future. Plaintiffs will interpret "RELEVANT TIME PERIOD" to extend from January 1, 2018 through the date of service of these Interrogatories on February 21, 2025.

17.    Plaintiffs object to the definitions of "RELATED TO" or "RELATING TO" (Def. No. 22) as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs will

1    interpret these terms consistent with the parties' prior agreement regarding this definition. Plaintiffs
2    further object to these definitions as irrelevant, confusing, and vague and ambiguous, insofar as the terms
3    are not used in any Interrogatory, and therefore the import of their inclusion here is not clear.

4          18.    Plaintiffs object to the definition of "ROBLOX SERVICES" (Def. No. 25) as irrelevant,
5    confusing, and vague and ambiguous, insofar as the term is not used in any Interrogatory, and therefore
6    the import of its inclusion here is not clear. Plaintiffs further object to the definition of the term
7    "ROBLOX SERVICES" insofar as it uses the phrase "VIRTUAL CONTENT" in its definition, which
8    Roblox does not define in these Interrogatories. Plaintiffs will interpret this term consistent with their
9    definition of "ROBLOX VIRTUAL CONTENT" below.

10          19.    Plaintiffs object to the definition of "ROBLOX PLATFORM" as vague, ambiguous, and
11    confusing because its definition is circular and does not specify which versions of the Roblox platform it
12    includes. Plaintiffs will interpret this term as referring to the Roblox website and the desktop version of
13    Roblox.

14          20.    Plaintiffs object to the definition of "ROBLOX VIRTUAL CONTENT" (Def. No. 26)
15    irrelevant, confusing, and vague and ambiguous, insofar as the terms is not used in any Interrogatory, and
16    therefore the import of its inclusion here is not clear. Plaintiffs will interpret this term as synonymous in
17    meaning and equal in scope to the usage of the term "Virtual Content" in section 4 of Roblox's operative
18    terms of use as of the date of these Responses.

19          21.    Plaintiffs object to the definition of "ROBUX" (Def. No. 27) insofar as Roblox includes
20    improper argument within its definition, claiming that Robux are "not a substitute for real currency, do
21    not earn interest, AND have no equivalent value in real currency." This is belied by the facts, Roblox's
22    business model, discovery produced to date, and Roblox's representations in this case and others—in
23    which it has assigned a per Robux value. Roblox further assigns real-world value to Robux on its website,
24    both when purchasing this virtual currency and when exchanging Robux with DevEx users. Therefore,
25    this term is vague and ambiguous and its definition is not clear, since it relies on a self-serving, incomplete
26    hypothetical. Plaintiffs will not guess about what Roblox intends to include and exclude from this
27    definition, especially since the term ROBUX does not appear in any Interrogatory, and is therefore

28

1    objectionable as irrelevant.

2        22.    Plaintiffs object to the definition of "YOU" and "YOUR" (Def. No. 29) as improper,

3    overbroad, unduly burdensome, and seeking irrelevant information to the extent that it includes Lavina

4    Gann and S.J., who are no longer parties to this suit. ECF No. 148. Plaintiffs further object this definition

5    as improper, overbroad, unduly burdensome, and seeking irrelevant information to the extent that it

6    includes "ANY other individual named as a plaintiff in ANY COMPLAINT filed hereafter." Plaintiffs

7    will include all presently named Plaintiffs in their search and production, excluding Lavina Gann and

8    S.J., and will do the same for any individuals who are named as Plaintiffs in any future complaint filed

9    in this litigation. However, Plaintiffs will not do so for individuals who are not party to this litigation,

10   including the undefined set of individuals who are not party to this litigation but may become a party at

11   some point in the future.

12       23.    Plaintiffs object to the definition of "YOUR COUNSEL" (Def. No. 30) because it targets

13   Plaintiffs' counsel, who are not parties to this litigation. Plaintiffs will not produce documents protected

14   by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

15   Plaintiffs will adhere to the Stipulated ESI Protocol, ECF No. 96, when searching for or logging

16   documents and communications protected by attorney-client privilege or work product protection, or any

17   other applicable privilege or protection.

18       24.    Plaintiffs object to Instruction No. 2 insofar as it purports to impose requirements different

19   from those contained in the parties' Stipulated Protective Order, ECF No. 81, or Stipulated ESI Order,

20   ECF No. 96.

21       25.    Plaintiffs object to Instruction No. 5 insofar as it purports to impose requirements different

22   from those contained in the parties' Stipulated Protective Order, ECF No. 81, or Stipulated ESI Order,

23   ECF No. 96.

24       26.    Plaintiffs object to Instruction No. 7 insofar as it purports to impose requirements different

25   from those enumerated in the Federal Rules of Evidence, the parties' Stipulated Protective Order, ECF

26   No. 81, or Stipulated ESI Order, ECF No. 96.

27                            **OBJECTIONS TO ALL INTERROGATORIES**

28

The following objections apply to and are incorporated by reference into each and every response to the separately numbered Interrogatories as if set forth in full therein. A specific response may repeat one of these objections for emphasis or for some other reason. The failure to repeat any of these objections in any specific response shall not be interpreted as a waiver of any objection to that response.

1.    Plaintiffs' responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Roblox seeks to impose.

2.    Plaintiffs object to each Definition, Instruction, and Interrogatory herein to the extent that they do not describe each category of information with reasonable particularity, and/or are otherwise vague, ambiguous, overbroad, unduly burdensome, and/or disproportionate to the needs of the litigation.

3.    Plaintiffs object to each Definition, Instruction, and Interrogatory to the extent they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules of the United States District Court for the Northern District of California, or any other applicable federal or state law. Plaintiffs will comply with applicable rules, laws, and court orders.

4.    Plaintiffs object to the Interrogatories to the extent that they seek confidential personal information. Responsive information, if discoverable, will be provided subject to the terms of the Stipulated Protective Oder. ECF No. 81. Plaintiffs reserve the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive documents and/or to object to their production altogether if, for example, their relevance is substantially outweighed by the risk of harm posed by their production in light of the protections available.

5.    Plaintiffs object to the Definitions and Interrogatories to the extent they seek information that is not relevant to the issues in this case because it is not related to Roblox, the VC Websites, the VC Defendants, or Illegal Robux and/or Virtual Content Gambling that occurs off-Platform through use of the Roblox Platform and technology. Plaintiffs reserve their right to revise her scope objection for purposes of dispositive motions and trial.

6.    Plaintiffs object to the Interrogatories to the extent that they are cumulative, irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including because they seek information not in Plaintiffs' possession, custody, or control.

7.     Plaintiffs object to the Interrogatories to the extent they call for a response that assumes the premise of the Interrogatory, including to the extent they explicitly or implicitly characterize facts, events, circumstances, or issues relating to the subject of this litigation.

8.     Plaintiffs' failure to object to any Interrogatory or these Interrogatories on a particular ground shall not be construed as a waiver of their right to object on that ground or any additional ground at any time.

### <u>RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES</u>

**INTERROGATORY NO. 12:**  DESCRIBE ALL bases for YOUR CONTENTION that ROBLOX breached a legal duty to reasonably manage the ROBLOX PLATFORM that YOU CONTEND IT owed to YOU.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs object to Interrogatory No. 12 to the extent that it is compound and contains two distinct subparts, each of which purports to require a separate response: (1) DESCRIBE ALL bases for YOUR CONTENTION that ROBLOX owed a duty to reasonably manage the ROBLOX PLATFORM; and (2) DESCRIBE ALL bases for YOUR CONTENTION that ROBLOX breached that legal duty to reasonably manage the ROBLOX PLATFORM. Roblox's labeling of this as a single "Interrogatory No. 12" is thus inaccurate and misleading, as Plaintiffs understand this Interrogatory to make at least two separate requests. Plaintiffs therefore count these as Roblox's thirtieth and thirty-first Interrogatories. *See American Bankers Ins. Co. of Florida v. National Fire Ins. Co. of Harford*, 2020 WL 8996760, at *2 (N.D. Cal. July 9, 2020); *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006).

Plaintiffs further object to Interrogatory No. 12 as vague and ambiguous, insofar as the terms "CONTENTION," "CONTEND," "bases," "legal duty, "reasonably manage," and "owed" are not defined. Roblox's sweeping use of such broad and undefined terms improperly purports to "ask the plaintiff[s] to repeat [their] allegations" in the complaint, which explains the bases for Roblox's breach of duty. *Grouse River Outfitters Ltd. v. Netsuite, Inc.*, 2017 WL 1330202, at *2 (N.D. Cal. Apr. 6, 2017). Accordingly, Interrogatory No. 12 is overbroad, unduly burdensome, and not proportional to the needs of this case.

Furthermore, Interrogatory No. 12 is objectionable insofar as it prematurely seeks legal

conclusions: "broad interrogatories . . . that track a plaintiffs' complaint" are improper at this stage of this case's pretrial proceedings. *Id.* (quoting *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008)). In this case, no discovery cutoff has been set, no expert reports, motion for summary judgment, or motion for class certification has been filed, and the parties are seeking an extension of all deadlines (including deadlines to file expert reports, move for class certification, and amend the complaint), which are currently stayed. ECF No. 135. Roblox provides no basis for seeking such sweeping information under these circumstances. Plaintiffs further object to Interrogatory No. 12 as overbroad and unduly burdensome insofar as it seeks a description of "ALL bases" supporting every allegation in the operative complaint. *Campbell v. Facebook, Inc.*, 2015 WL 3533221, at *5 (N.D. Cal. June 3, 2015) ("contention interrogatories are often overly broad and unduly burdensome when they require a party to state every fact or all facts") (cleaned up).

Plaintiffs further object to Interrogatory No. 12 insofar as it seeks protected communications between Plaintiffs' counsel and experts, and improperly seeks the early disclosure of expert opinion. Neither party has designated class certification or merits experts under the operative case schedule, which is currently stayed. Insofar as this Interrogatory seeks information considered by as-yet undisclosed experts, it purports to seek premature disclosure of expert opinions in violation of Rule 26(a)(2)(d) and the current case schedule.

Plaintiffs further object to Interrogatory No. 12 insofar as it is targeted at Plaintiffs' counsel and seeks information protected by the work-product doctrine, attorney-client privilege, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: pursuant to Federal Rule of Civil Procedure 33(a)(1), Roblox is permitted to serve "no more than 25 written interrogatories, including discrete subparts." *See* Fed. R. Civ. P. 33(a)(1). As previously stated, what Roblox calls its "Interrogatory No. 12" is actually its thirtieth and thirty-first Interrogatories, which exceeds the limit set by the Federal Rules. Therefore, given Roblox's refusal to comply with the Federal Rules of Civil Procedure, Plaintiffs are under no obligation to provide a response, and will not do so. Plaintiffs reserve all rights.

1

2    **INTERROGATORY NO. 13:**  For EACH claim asserted on behalf of EACH proposed class AND state

3    subclass that YOU have alleged AND/OR for which YOU will seek class certification, DESCRIBE

4    ALL bases for YOUR contention that the proposed class AND/OR subclass(e) can be certified under

5    Federal Rule of Civil Procedure 23(a), 23(b)(2), AND 23(b)(3).

6    **RESPONSE TO INTERROGATORY NO. 13:**

7         Plaintiffs object to this Interrogatory to the extent that it is compound and contains multiple

8    subparts that seek the bases for certification of "EACH claim asserted on behalf of "EACH proposed

9    class AND state subclass . . under Federal Rule of Civil Procedure 23(a), 23(b)(2), AND 23(b)(3).

10   Roblox's labeling of this as a single "Interrogatory No. 13" is thus inaccurate and misleading, as

11   Plaintiffs understand this Interrogatory to make at least 75 separate requests of Plaintiffs, given that the

12   operative complaint in this matter contains five causes of action and five proposed classes, ECF No.

13   115, and that Roblox purports to request the bases for certification of each claim for each class under

14   three separate provisions of Federal Rule of Civil Procedure 23. What Roblox calls its "Interrogatory

15   No. 13" is thus actually 75 separate requests, constituting its thirty-second through one hundred and

16   seventh Interrogatories,  As explained above, the Federal Rules of Civil Procedure permit a party to

17   serve "no more than 25 written interrogatories, including discrete subparts." *See* Fed. R. Civ. P. 33(a)(1);

18   *see also American Bankers Ins. Co. of Florida v. National Fire Ins. Co. of Harford*, 2020 WL 8996760,

19   at *2 (N.D. Cal. July 9, 2020); *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006).

20   Accordingly, because Roblox's "Interrogatory No. 13" constitutes at least seventy-five separate

21   requests, comprising Roblox's thirty-second through one hundred and seventh Interrogatories, Roblox

22   has exceeded the limit set by the Federal Rules.

23        Plaintiffs further object to Interrogatory No. 13 as vague and ambiguous, insofar as the terms

24   "claim," "bases," and "contention" are not defined. Roblox's sweeping use of such broad and undefined

25   terms improperly purports to "ask the plaintiff[s] to repeat [their] allegations" in the complaint, which

26   already explains the bases for class certification. *Grouse River Outfitters Ltd. v. Netsuite, Inc.*, 2017 WL

27   1330202, at *2 (N.D. Cal. Apr. 6, 2017); ECF No. 115 at ¶¶ 181-191. Accordingly, Interrogatory No. 13

28

is overbroad, unduly burdensome, and not proportional to the needs of the case.

Furthermore, Interrogatory No. 13 is objectionable insofar as it prematurely seeks legal conclusions: "broad [contention] interrogatories . . . that track a plaintiffs' complaint" are improper at this stage of this case's pretrial proceedings. *Id.* (quoting *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at*2 (N.D. Cal. Dec. 11, 2008)). In this case, no discovery cutoff has been set, no expert reports, motion for summary judgment, or motion for class certification has been filed, and the parties are seeking an extension of all deadlines (including deadlines to file expert reports, move for class certification, and amend the complaint), which are currently stayed. ECF No. 135. Roblox provides no basis for seeking such sweeping information under these circumstances. Plaintiffs further object to Interrogatory No. 13 as overbroad and unduly burdensome insofar as it seeks a description of "ALL bases" supporting class certification. *See Campbell v. Facebook, Inc.*, 2015 WL 3533221, at *5 (N.D. Cal. June 3, 2015) ("contention interrogatories are often overly broad and unduly burdensome when they require a party to state every fact or all facts") (cleaned up); *Slavkov v. Fast Water Heater Partners I, LP*, 2015 WL 6658170, at *2 (N.D. Cal. Nov. 2, 2015) (sustaining objection to contention interrogatories that would require a premature "preview" of class certification arguments).

Plaintiffs further object to Interrogatory No. 13 insofar as it seeks protected communications between Plaintiffs' counsel and experts, and improperly seeks the early disclosure of expert opinion. Neither party has designated class certification or merits experts under the operative case schedule, which is currently stayed. Insofar as this Interrogatory seeks information considered by as-yet undisclosed experts, it purports to seek premature disclosure of expert opinions in violation of Rule 26(a)(2)(d) and the current case schedule.

Plaintiffs further object to Interrogatory No. 13 insofar as it is targeted at Plaintiffs' counsel and seeks information protected by the work-product doctrine, attorney-client privilege, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: pursuant to Federal Rule of Civil Procedure 33(a)(1), Roblox is permitted to serve "no more than 25 written interrogatories, including discrete subparts." *See* Fed. R. Civ. P. 33(a)(1). As previously stated, what

Roblox calls its "Interrogatory No. 13" is actually its thirty-second through one hundred and seventh Interrogatories, which exceeds the limit set by the Federal Rules. Therefore, given Roblox's refusal to comply with the Federal Rules of Civil Procedure, Plaintiffs are under no obligation to provide a response, and will not do so. Plaintiffs reserve all rights.

DATED: March 24, 2025                         Respectfully submitted,

                                              /s/_____
                                              Aaron Freedman (admitted *pro hac vice*)
                                              James J. Bilsborrow (admitted *pro hac vice*)
                                              **WEITZ & LUXENBERG, PC**
                                              700 Broadway
                                              New York, New York 10003
                                              Tel: (212) 558-5500
                                              afreedman@weitzlux.com
                                              jbilsborrow@weitzlux.com

                                              Andre M. Mura (SBN 298541)
                                              Jake M. Seidman (SBN 347953)
                                              **GIBBS MURA LLP**
                                              1111 Broadway, Suite 2100
                                              Oakland, CA 94607
                                              Tel: (510) 350-9700
                                              amm@classlawgroup.com
                                              jms@classlawgroup.com

                                              Christopher D. Jennings (admitted *pro hac vice*)
                                              Tyler B. Ewigleben (admitted *pro hac vice*)
                                              Winston S. Hudson*
                                              **JENNINGS & EARLEY PLLC**
                                              500 President Clinton Ave., Suite 110
                                              Little Rock, AR 72201
                                              Telephone: (317) 695-1712
                                              chris@jenningspllc.com
                                              tyler@jenningspllc.com
                                              winston@jenningspllc.com

                                              *Attorneys for Plaintiffs and the Proposed Class*

---

PLAINTIFFS' RESPONSES TO DEFENDANT ROBLOX'S
FOURTH SET OF INTERROGATORIES
Case No.: 3:23-cv-04146-VC
14

## VERIFICATION OF ANSWERS TO FOURTH SET OF INTERROGATORIES

I, Aracely Soucek, am a named Plaintiff and next friend of minor Plaintiff, N.S, in the above-captioned action. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:  March 24, 2025

Aracely Soucek

1  **CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on

3  March 24, 2025 to the following counsel for Defendant Roblox Corporation:

4

5  **COOLEY LLP**
   Tiana Demas (admitted *pro hac vice*)

6  tdemans@cooley.com
   Kevin T. Carlson

7  ktcarlson@cooley.com
   110 N. Wacker Drive, Suite 4200

8  Chicago, IL 60606-1551
   Phone: (312) 881-6500

9  Fax: (312) 881-6598

10

11 **COOLEY LLP**
   Kyle C Wong (224021)

12 kwong@cooley.com
   Kristine Forderer

13 kforderer@cooley.com
   3 Embarcadero Center, 20th Floor

14 San Francisco, California 94111-4004
   Phone: (415) 693-2000

15 Fax: (415) 693-2222

16

17 **COOLEY LLP**
   Robby L.R. Saldaña (admitted pro hac vice)

18 1299 Pennsylvania Avenue, NW, Suite 700
   Washington, D.C. 20004-2400

19 Phone: (202) 842-7800
   Fax: (202) 842-7899

20

21

22 *Attorneys for Defendant Roblox Corp.*

23

24                       /s/ Aaron Freedman

25

26

27

28

---