COOLEY LLP
TIANA DEMAS*
(tdemas@cooley.com)
KEVIN T. CARLSON*
(ktcarlson@cooley.com)
MARIAH A. YOUNG
(mayoung@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606-1511
Telephone:    +1 312 881 6500
Facsimile:    +1 312 881 6598

KRISTINE A. FORDERER (278745)
(kforderer@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222
*Attorneys for Defendant and Cross-Claimant*
Roblox Corporation (*Admitted Pro Hac Vice*)

COOLEY LLP
ROBBY L.R. SALDAÑA (356226)
(rsaldana@cooley.com)
CAITLIN MUNLEY*
(cmunley@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

JESSICA L. TAYLOR (339572)
(jtaylor@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ARACELY SOUCEK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBLOX CORPORATION, SATOZUKI LIMITED B.V., STUDS ENTERTAINMENT LTD., and RBLXWILD ENTERTAINMENT LLC,<br><br>Defendants.<br><hr>ROBLOX CORPORATION,<br><br>Cross-Claimant,<br><br>v.<br><br>SATOZUKI LIMITED B.V.; RBLXWILD ENTERTAINMENT LLC; RBLX WILD ENTERTAINMENT; STUDS ENTERTAINMENT LTD.; BASED PLATE STUDIOS LLC; and JOHN DOE #1,<br><br>Cross-Defendants. | Case No. 3:23-cv-04146-VC<br><br>**ROBLOX CORPORATION'S RESPONSE TO BASED PLATE STUDIOS LLC'S MOTION TO WITHDRAW AS COUNSEL**<br><br>Date: June 23, 2025<br>Time: 10:00 AM<br>Dept.: Courtroom 4, 17th Floor<br>Judge: Hon. Vince Chhabria<br><br>Date Filed: May 22, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -

ROBLOX'S RESPONSE TO BASED PLATE'S MOTION TO
WITHDRAW COUNSEL
CASE NO. 3:23-CV-04146-VC

## I.    INTRODUCTION

Cross-Defendant Based Plate Studios LLC  ("Based Plate") and its sole members and co-founders, Shane Selinger and Aristeidis Stathoulopoulos, have consistently tried to evade detection and liability for their operation of Bloxflip, a website they advertised as a "ROBLOX Casino where you can bet your Robux." After Studs Entertainment Ltd. ("Studs")—the first corporate shell behind Bloxflip—was served with the complaint, Selinger and Stathoulopoulos created Based Plate and let Studs default. That tactical move did not work. Based Plate continued to operate Bloxflip, and Roblox filed cross claims against Based Plate in November 2024.

Having previously tried and failed to get Roblox's cross claims dismissed,  Based Plate now seeks to avoid discovery entirely—including previously-served discovery about its finances and assets—by terminating its counsel of record, Keker Van Nest & Peters ("KVP") and playing pauper. *See generally* ECF No. 168 ("Motion"). In support of the Motion, Based Plate offers an unsworn declaration from its "representative," Stathoulopoulos, a Greek citizen who previously stated about this litigation that "an American court, can not make a judgment on a european company." ECF No. 150-1, at 6:22-24. His carefully-worded declaration states that "*Based Plate Studios has determined* that it is no longer financially able to continue defending this litigation and will not be retaining substitute counsel or further participating in this case." ECF No. 168-2 ¶ 2 (emphasis added). This unsworn declaration does not provide sufficient grounds for the Court to grant the Motion, particularly given Based Plate's repeated efforts to frustrate the judicial process. Among other things, the declaration leaves open the possibility that Based Plate—an LLC controlled by Stathoulopoulos and Shane Selinger, a Massachusetts resident—transferred the LLC's assets during the pendency of this litigation. The Court should require additional evidence of Based Plate's ownership and financial condition, and allow Roblox an opportunity to test that evidence, before permitting Based Plate to fire its counsel and declare that it will no longer "participat[e]" in the litigation. For these reasons, Roblox opposes the Motion, which, if granted, will impede Roblox's ability to obtain necessary discovery and relief.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

ROBLOX'S RESPONSE TO BASED PLATE'S MOTION TO
WITHDRAW COUNSEL
CASE NO. 3:23-CV-04146-VC

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Based Plate is the current entity behind Bloxflip, a website that launched in early 2022 and described itself until at least late November 2024 as "the first ROBLOX Casino where you can bet your Robux." *See* ECF No. 163, Roblox's First Amended Cross-Complaint, at ¶¶ 7, 106. Bloxflip's cofounders hide their identities and use the monikers "Psy" and "Aris." *Id.* at ¶ 98. After listing no Bloxflip corporate owner on their platform, they listed Studs Entertainment Ltd. ("Studs") (which is in default), then briefly listed another entity, and eventually switched to Based Plate in August 2024. *Id.* at ¶¶ 19–20, 98, 100; *See also* ECF No. 150-1 at ¶¶ 2, 4, 12, 14, 23. By design, Bloxflip created a false association with Roblox: its name had a shorthand (Blox) for Roblox; the site repeatedly used the Roblox and Robux trademarks, as did Bloxflip's online promotions. ECF No. 163 at ¶¶ 105–107, 193–200, 204. In violation of Roblox's ToU, the site required users to share their Roblox credentials and "deposit" and "withdraw" credits falsely labeled as "Robux." *Id.* at ¶¶ 109–127. Based Plate used these credentials to access user accounts on Roblox's services ("Roblox Services"), and it used and created Roblox accounts to facilitate Bloxflip's operation. *Id.* at ¶¶ 92, 96. Roblox has repeatedly tried to disrupt Bloxflip's activities, which have caused damage and thousands of dollars in loss to Roblox. *Id.* at ¶¶ 133–40, 270. Roblox sent takedown requests to Bloxflip's hosting providers and developed and employed methods to detect and disrupt bot accounts, accounts that violated Roblox's policies, and accounts that may have used Bloxflip in particular. *Id.* at ¶ 137. Roblox sent a cease-and-desist ("C&D") letter to Based Plate on November 14, 2024, demanding that it and its agents stop using Roblox's trademarks and accessing the Roblox Services. *Id.* at ¶ 140. Based Plate continued to access Roblox's Services by taking over Roblox accounts and continued to falsely associate Bloxflip with Roblox. *Id.* at ¶¶ 107, 109, 141, 151.

On November 20, 2024 Roblox filed Cross-Claims against Based Plate, Studs, and several other Cross-Defendants alleging, in part, that Based Plate—which owned and operated Bloxflip from August 2023 through the present—infringed Roblox's trademarks, accessed Roblox's protected computers without authorization, trespassed on Roblox's property, breached Roblox's ToU, and must indemnify Roblox. *See* ECF No. 163.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

ROBLOX'S RESPONSE TO BASED PLATE'S MOTION TO
WITHDRAW COUNSEL
CASE NO. 3:23-CV-04146-VC

On January 14, 2025, Roblox's and Based Plate's counsel met via videoconference to discuss this case. During that conferral, Roblox noted Based Plate's February 6, 2025 deadline to serve Rule 26(a) initial disclosures. Declaration of Kristine Forderer ("Forderer Decl."), ¶ 2. Roblox asked if Based Plate's attorneys also represented Studs. *Id*. About three weeks later, Based Plate served initial disclosures in which it refused to provide any information required by Rule 26(a) on the basis that the Court purportedly lacked personal jurisdiction over it. *Id*. ¶ 3.

On February 14, 2025, Roblox requested a Rule 26(f) conference with Based Plate so the parties could discuss Based Plate's failure to provide substantive initial disclosures and discuss a discovery plan. *Id*. ¶ 4. The parties agreed to confer on February 21, 2025. *Id*. The day before that conferral, Based Plate stated: "we are not participating in a Rule 26(f) conference tomorow [sic] for all the reasons set forth in our objections." *Id*. The parties held a conferral on February 21, during which Roblox explained that it sought specific discovery from Based Plate, including financial information, the code for the Bloxflip website, and information about Bloxflip's users. *Id*. ¶ 5. Roblox again asked if KVN also represented Studs. *Id*. Based Plate's attorneys acknowledged that they still owed Roblox an answer to this question, but otherwise would not agree to providing discovery due to Based Plate's objection to personal jurisdiction. *Id*.

On March 10, 2025, Based Plate moved to dismiss Roblox's Cross-Complaint, ECF Nos. 146, 147, 154, which Roblox opposed (ECF No. 150). On April 16, 2025, the Court issued an order holding that it had personal jurisdiction over Based Plate and denying Based Plate's motion to dismiss Roblox's claims for trademark infringement, violation of the California Comprehensive Computer Data Access and Fraud Act, breach of contract, tortious interference with contractual relations, and express indemnification. ECF No. 159. Roblox filed Amended Cross Claims on April 30, 2025. ECF No. 163.

On April 1, 2025 Roblox served Based Plate with Requests for Production ("RFPs"), which included discovery into Based Plate's finances, such as Based Plate's sources of income, revenue and bank account information. Forderer Decl. ¶ 6. Based Plate provided only written responses and objections on April 15, 2025 and has produced no documents to date. *Id*. ¶ 7. In a Joint Case Management Statement, Based Plate requested until May 14, 2025 to file its Answer to Roblox's

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

ROBLOX'S RESPONSE TO BASED PLATE'S MOTION TO
WITHDRAW COUNSEL
CASE NO. 3:23-CV-04146-VC

1   Cross-Claims given that its original deadline (April 30, 2025) converged with Roblox's deadline to

2   amend its claims. ECF No. 161 at 10. In the same case statement, Roblox made clear that it would

3   seek additional documents and communications about Based Plate's operations, the legal

4   relationship between Studs and Based Plate, and Based Plate's measures to avoid detection by

5   Roblox, to name a few. *Id.* at 14. While Based Plate asserted that Roblox's previously-served

6   discovery was moot given the court's recent order, Based Plate stated it would meet and confer

7   with Roblox about merits discovery and that Based Plate even intended to "propound its own

8   discovery requests upon Roblox and third-parties." *Id.* at 15. Based Plate also pushed for sufficient

9   time to review all discovery completed to date and estimated that it would "require at least six

10  months to complete this process," while requesting a December 15, 2025 deadline for completion

11  of fact discovery. *Id.* at 20.

12          At all times, Roblox has diligently pursued discovery from Based Plate.  On May 6, 2025,

13  Roblox asked Based Plate for its availability for the required Rule 26(f) conference and to meet and

14  confer on Based Plate's responses and objections to Roblox RFPs. Forderer Decl., ¶ 9.  Roblox also

15  promptly served its initial disclosures on Based Plate (as ordered in ECF No. 165), through KVN.

16  Despite the Court's order, Based Plate has not served its disclosures.  *Id.* ¶ 13.  Instead, KVN has

17  stated that they are "unauthorized to take any further action in this litigation on Based Plate's

18  behalf." *Id.* ¶ 11.

19  **III.    LEGAL STANDARD**

20          In this district, "[c]ounsel may not withdraw from an action until relieved by order of the

21  Court after written notice has been provided, reasonably in advance to the client and to all other

22  parties who have appeared in the case." Civil L.R. 11-5(a). Attorneys do not have an absolute right

23  to withdraw from representation at any time. *China Cent. Television v. Create New Tech. HK Ltd.*,

24  No. CV 15-01869 MMM (AJWx), 2015 WL 12826457, at *1 (C.D. Cal. June 25, 2015). Rather,

25  courts considering a motion to withdraw consider whether good cause exists to permit withdrawal.

26  *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL (AGRx), 2013 WL 3168269, *1 (C.D. Cal. June

27  19, 2013) ("In ruling on a motion to withdraw as counsel, district courts generally consider [ ] the

28  reasons why withdrawal is sought") (internal citation and quotation marks omitted). In ruling on a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ROBLOX'S RESPONSE TO BASED PLATE'S MOTION TO
WITHDRAW COUNSEL
CASE NO. 3:23-CV-04146-VC

1   withdrawal motion, Courts have discretion to consider "(1) the reasons why withdrawal is sought,"

2   (2) "the prejudice withdrawal may cause to other litigants," (3) "the harm withdrawal might cause

3   to the administration of justice," and (4) "the degree to which withdrawal will delay the resolution

4   of the case." *Das v. WMC Mortg. Corp.*, No. 10-cv-00650, 2011 WL 13239055, at *1 (N.D. Cal.

5   Oct. 14, 2011) (internal citation omitted). Moreover, the "Court has the inherent authority to

6   enforce its own Orders to control the conduct of the proceedings, protect the 'orderly administration

7   of justice,' and maintain 'the authority and dignity of the court.'" *In re Soc. Media Adolescent*

8   *Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2024 WL 4125618, at *14

9   (N.D. Cal. Sept. 6, 2024) (*quoting  Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764–67 (1980)).

10  **IV.    THE COURT SHOULD DENY BASED PLATE'S MOTION TO WITHDRAW AS COUNSEL**

11          For many years, Roblox has tried to stop the individuals behind Bloxflip from unlawfully

12  accessing Roblox and using Roblox's intellectual property without its permission. *See, e.g.*, ECF

13  No. 163 ¶¶ 199–214.  These efforts have been met with evasion and obfuscation.  Based Plate has

14  taken the same approach in this litigation, refusing to engage in discovery, and now claiming it will

15  stop "participating" in the case entirely.  ECF No. 168-2 ¶ 2.  The Court should not permit Based

16  Plate to avoid this litigation, and the consequences of its misuse of Roblox, by dismissing its

17  counsel now that jurisdiction has been established and discovery has been served.  KVN should not

18  be permitted to withdraw from its representation unless substitute counsel is obtained, or Based

19  Plate is able to show, with certainty, that it cannot financially afford counsel.

20          ***First,*** the Motion should be denied for the simple reason that it does not name substitute

21  counsel. Based Plate, as an entity defendant, **may not** proceed *pro se* under the Local Rules: "[a]

22  corporation, unincorporated association, partnership or other such entity **may appear only** through

23  a member of the bar of this Court." Civ. L-R 3-9(b)(emphasis added); *see also Rowland v. Cal.*

24  *Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries

25  ... that a corporation may appear in the federal courts only through licensed counsel."); *United*

26  *States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (*per curiam*), *cert. denied*,

27  513 U.S. 826 (1994) ("A corporation may appear in federal court only through licensed counsel.").

28  A grant of KVN's motion "would effectively place [Based Plate] in immediate violation of local

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

ROBLOX'S RESPONSE TO BASED PLATE'S MOTION TO
WITHDRAW COUNSEL
CASE NO. 3:23-CV-04146-VC

1    rules as they would no longer have counsel to represent them." *CE Res., Inc. v. Magellan Grp.,*

2    *LLC*, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009).  The

3    Motion therefore must be denied, unless or until Based Plate obtains substitute counsel.

4        ***Second,*** Based Plate's assertion of financial strain as a justification for KVN's withdrawal

5    without substitute counsel is entitled to little or no weight.  *See generally PlayUp, Inc. v. Mintas,*

6    No. 221CV02129GMNNJK, 2023 WL 4039717 (D. Nev. May 8, 2023) (denying a motion to

7    withdraw as counsel and requiring a sworn declaration compliant with 28 U.S.C. § 1746 and

8    evidence of economic dispute with counsel to show justification for withdrawal). Stathoulopoulos

9    offers no documentation, factual support, or even elaboration, for his claim that "Based Plate

10   Studios has determined that it is no longer financially able to continue defending this litigation."

11   ECF No. 168-2 ¶ 2. In fact, the carefully worded declaration is not signed under oath nor made

12   under penalty of perjury, and conveniently comes from an international member rather than

13   Sellinger, who is readily based in Massachusetts. Notably, Stathoulopoulos' declaration leaves

14   open the possibility that Based Plate transferred the LLC's assets during the pendency of this

15   litigation. As described above, Based Plate already forced Roblox into a costly jurisdictional fight

16   and to litigate a motion to dismiss, and even as recently as the Parties' Joint Case Statement, Based

17   Plate evinced its intent to participate in and serve discovery.  *See* ECF No. 163, *infra*.  It is not

18   credible, certainly without further evidence, that Based Plate now suddenly cannot afford

19   representation. But this is the only justification Based Plate has presented for its claimed refusal to

20   hire substitute counsel or further participate in the litigation.  ECF No. 168-2. The Court should not

21   accept this paltry showing as sufficient to justify counsel's withdrawal and should conduct an

22   inquiry into whether Based Plate is truly unable to afford *any* counsel, or is simply excusing itself

23   from this litigation to continue its avoidance of liability.  At a minimum, prior to allowing counsel

24   to withdraw, the Court should require Based Plate to supplement its declaration with sworn

25   evidence, documents showing its means of paying counsel, and evidence sufficient to confirm that

26   no outside sources of funding exist and no asset transfer took place in an attempt to avoid this

27   litigation. The Court also should require that the declaration conform with the requirements of 28

28   U.S.C. § 1746. *See PlayUp*,  2023 WL 4039717, at *2. Further, the Court can and should order

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

ROBLOX'S RESPONSE TO BASED PLATE'S MOTION TO
WITHDRAW COUNSEL
CASE NO. 3:23-CV-04146-VC

1    Based Plate to provide the initial disclosures that it, through counsel, already agreed to provide (and

2    the Court ordered, ECF No. 165) and to produce the documents in response to Roblox's RFPs that

3    it already agreed to produce.  Forderer Decl. ¶ 8.

4        ***Finally***, the Motion should be denied because, as discussed herein, KVN's withdrawal and

5    Based Plate's corresponding refusal to participate in this litigation will greatly prejudice Roblox's

6    ability to prosecute its cross-claims and obtain needed discovery.[1] Even if the court were to grant

7    default judgment against Based Plate (*see* Section V, *supra*), Roblox would face extensive barriers

8    in enforcing the judgment, as Based Plate is both a foreign entity and claims to lack assets sufficient

9    to pay KVR. *See* Fed. R. Civ. P. 69 (allowing discovery on a judgment debtor, but still requiring

10   parties to comply with other discovery rules). The Court should minimize this prejudice to Roblox

11   by Based Plate's sudden refusal to fund its own defense. *See CE Res., Inc*, 2009 WL 3367489, at

12   *3 ("It would be an injustice to leave [remaining party] in a judicial stalemate until a replacement

13   attorney could be located. Nor will this Court allow the undue delay to other litigants that would

14   result from waiting for a party, who is apparently uninterested in litigation, to begrudgingly locate

15   an attorney to assist them in continuing the litigation they seek to avoid.").

16       Accordingly, KVN should not be permitted to withdraw at this time.  At a minimum, given

17   the circumstances, the Court should require evidence of Based Plate's financial condition before

18   accepting its representation that it cannot afford to retain counsel and participate in litigation in

19   which it has been named as a defendant.

20

21

22

23

24   [1] On March 12, 2025, Roblox issued Rule 45 subpoenas to Selinger, the Massachusetts-based member of Based Plate, and to Spatic LLC ("Spatic"), an entity for which Selinger is the sole member, and which Based Plate identified in its corporate disclosure statement as having an interest

25   in this case. *See* ECF No. 149; Forderer Decl. ¶ 14. Roblox attempted service on Selinger four times at his apartment building without success. Then, after Spatic had been served, Spatic's counsel

26   agreed to accept electronic service for Selinger, whom Roblox served on April 3.  To date, Selinger has produced no documents in response to the Rule 45 subpoena, despite stating through counsel

27   that he would do so, and despite Roblox's repeated follow-ups. *Id.* at ¶ 15.  More than one month ago, Spatic produced three basic corporate formation documents, and no communications. *Id.* at ¶

28   16. Given Selinger's role in Based Plate and Spatic, Roblox has serious concerns that it will not be able to obtain relevant documents via Rule 45 subpoenas.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

ROBLOX'S RESPONSE TO BASED PLATE'S MOTION TO
WITHDRAW COUNSEL
CASE NO. 3:23-CV-04146-VC

**V.    IN THE ALTERNATIVE THE COURT SHOULD ENTER DEFAULT JUDGMENT**

As described above, allowing KVN to withdraw at this stage—based solely on an unsworn representation that Based Plate can no longer afford to defend the case—would substantially prejudice Roblox.  The Court can and should deny the request outright.

If the Court permits KVN to withdraw at this stage, without substitute counsel, as is required by the  Local Rules, Roblox requests that the Court enter default judgment against Based Plate.  *See Employee Painters' Tr. v. Ethan Enters., Inc*., 480 F.3d 993, 998 (9th Cir. 2007) (holding that it was proper to enter default judgment against corporation that failed to retain substitute counsel after former counsel withdrew); *Morrow v. Mid Peninsula Hotels, LLC*, No. 19-CV-03863-TSH, 2020 WL 5074305, *2 (N.D. Cal. Aug. 26, 2020) (allowing the corporation's counsel to withdraw but noting that failure to retain substitute counsel would lead the court to enter default judgment); *Pension Tr. Fund for Operating Eng'rs v. Joco Geospatial Co., Inc.*, No. C-11-2482 EMC, 2011 WL 6303404, *3 (N.D. Cal. Dec. 16, 2011) (finding that Plaintiffs would be prejudiced absent a default judgment where the corporation-defendant could not appear *pro se*).

**VI.    CONCLUSION**

For the foregoing reasons, Roblox respectfully requests that the Court deny Based Plate's Motion to Withdraw Counsel and require additional evidence about the submitted declaration and Based Plate's purported inability to afford counsel.

Dated: May 22, 2025

COOLEY LLP
TIANA DEMAS*
KYLE C. WONG (224021)
KRISTINE A. FORDERER (278745)
MARIAH A. YOUNG*
ROBBY L.R. SALDAÑA (356226)
CAITLIN MUNLEY*
KEVIN T. CARLSON*
JESSICA L. TAYLOR (339572)

*/s/ Tiana Demas*
Tiana Demas
Attorneys for Defendant and Cross-Claimant
ROBLOX CORPORATION

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

ROBLOX'S RESPONSE TO BASED PLATE'S MOTION TO
WITHDRAW COUNSEL
CASE NO. 3:23-CV-04146-VC