August 27, 2025

<u>Via ECF</u>

The Honorable Robert M. Illman
United States District Court for the Northern District of California
Eureka-McKinleyville Courthouse
3140 Boeing Ave.
McKinleyville, CA 95519

    **Re:**    *Soucek v. Roblox Corp.*, **No. 23-cv-4146-VC (N.D. Cal.)**
            **Joint Letter Re: Plaintiffs' Second RFAs to Roblox**

Dear Judge Illman:

    Pursuant to the Court's standing order, Plaintiffs and Roblox Corporation ("Roblox") submit this joint letter brief concerning a discovery dispute arising out of Plaintiffs' Second Set of Requests for Admission ("Second RFAs") to Roblox. The parties have met and conferred in good faith to resolve their disputes, but have been unable to reach agreement.

    Accompanying this letter brief as Exhibit A is Plaintiffs' Second Set of Requests for Admission to Roblox.

    In this letter brief, the parties use the following abbreviations:

    ROG = Interrogatory

    RFA = Request for Admission

    RFP = Request for Production

    SEC = United States Securities & Exchange Commission

    VCW = Virtual Casino Website

**Roblox's Statement:** Plaintiffs' Second RFAs (at least 302 RFAs) are the latest in their flood-the-zone strategy to vexatiously increase the costs of this litigation. With the recent dismissals of 6 Plaintiffs due to Roblox's efforts to depose them, this case now involves *only* two Minors who allegedly gambled in certain off-platform VCWs that Roblox does not own, control, operate, or condone. This is not a "complex" case. Plaintiffs have stated that their "core claim" against Roblox is negligence. Dkt. 103 at 2. This claim has four simple elements: duty, breach, causation, and damages. These issues do not justify Plaintiffs' onslaught of discovery demands. Roblox has addressed *hundreds* of requests (157+ RFPs, 50+ RFAs, dozens of ROGs). Faced with 302+ more RFAs (many which overlap with Rule 30(b)(6) topics for Roblox), Roblox objected to Plaintiffs' attempt to further "drag[] out the litigation and wast[e] valuable resources." *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 WL 5720731, at *2 (N.D. Cal. Nov. 5, 2019) (Illman, J.). After Plaintiffs refused to cut many defective RFAs, Roblox asked them to agree to limit each Rule 30(b)(6) deposition to 4 hours. Plaintiffs refused. They seek to force Roblox to answer 302+ RFAs while preparing 2 witnesses for full Rule 30(b)(1) and (b)(6) depositions.

Plaintiffs' excessive discovery demands are unmoored from their claims against Roblox and should be limited. *See* Fed. R. Civ. P. 26(b)(2)(A), (C). The RFAs suffer from significant defects, as Roblox raised with Plaintiffs in emails and at conferral. The RFAs are excessive for one party. Many RFAs seek irrelevant admissions and will not streamline the case, are duplicative and cumulative, and/or improperly seek admissions about other Defendants. The *majority* of the RFAs overlap with Rule 30(b)(6) topics. Thus, the Court should limit Plaintiffs to no more than 50 RFAs, or alternatively, 4 hours per deposition for the remaining 30(b)(6) depositions. These limits will stop Plaintiffs' efforts to get multiple bites at the same issues with costly and cumulative discovery.

**A.     Plaintiffs' Excessive RFAs Suffer from Numerous Defects That Require Limits.**

*Excessive.* As this Court has recognized, the "sheer volume" of RFAs warrants a protective order, particularly where, as here, the RFAs suffer from numerous defects. *See Glass Egg*, 2019 WL 5720731, at *3 (rejecting 300 RFAs). The claims of 2 Minors do not justify the excessive RFAs, which "unnecessarily complicate[]" this case. *Id.* Though Roblox has not solely asserted that the RFAs are excessive, ample authority confirms they are. *See id.*, *Fleming v. Escort, Inc.*, 2011 WL 573599, at *2 (D. Idaho Feb. 13, 2011) (216 RFAs excessive); *Knapp v. Cate*, 2012 WL 2912254, at *2 (E.D. Cal. July 16, 2012) (100 RFAs excessive); *Dr. Erik Natkin v. Am. Osteopathic Ass'n*, 2023 WL 3452001, at *6 (D. Or. May 15, 2023) (similar). The excessiveness is compounded by Plaintiffs' RFP 94, which transforms *every* RFA into an RFP by demanding that Roblox produce *all* documents relied on to answer each RFA. *See Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) ("Rule 36 was not designed … [to] obtain production of documents...."). Plaintiffs' claim that Roblox has not "formally objected" to each RFA rings hollow. Individually objecting to 302+ RFAs would force Roblox to incur the burdens to which it objects. Plaintiffs' argument is also hypocritical; they refused to formally object to Roblox's initial RFAs and sent boilerplate objections. Roblox sent a redline with proposed deletions based on its objections. The Court should limit Plaintiffs to only 50 more RFAs. *See Glass Egg*, 2019 WL 5720731, at *3.

*Duplicative and Cumulative.* Plaintiffs' contention that purportedly "complex" technical issues justify their RFAs ignores that many RFAs are improperly duplicative of other extensive discovery Roblox has already provided. *See K.C.R. v. Cnty. of Los Angeles*, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014) (Rule 36 not served by RFAs that are "'unreasonably cumulative' and 'duplicative' of other discovery taken"). RFAs about information in Roblox's responses to Plaintiffs' ROG 2 (RFAs 10-15, 36, 37, 42-47, 60, 66-67, 70-71, 74-78, 85-87, 93-97 ) and ROG 9 (RFAs 27-31, 58-60, 75-78, 94-97, and 101) are unnecessary. *Varnell v. Wash. Dep't of Corr.*,

1

2016 U.S. Dist. LEXIS 158154, at *2 (W.D. Wash. Nov. 15, 2016) (limiting discovery where RFAs sought same information as ROGs). RFAs 139, 170, 287, 294, and 295 ask Roblox to admit information in documents Roblox has produced, which is unnecessary under the ESI Order. Dkt. 96 at 2:25-28 ("to reduce the number of [RFAs] … documents … created or authored by the producing party" are presumptively authentic). Thus, *none* of the RFAs are "an issue for trial that needs to be eliminated through [RFAs]." *Schmitz v. Asman*, 2024 WL 1160539, at *3 (E.D. Cal. Mar. 18, 2024). RFAs 121-24 and 128-30 improperly ask Roblox to admit what a Rule 30(b)(6) witness has already testified to. *Thorpe v. Hearn*, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) (refusing to order answers to RFAs duplicative of deposition). Other RFAs ask Roblox to confirm information easily found in its public SEC filings (RFAs 154-63, 170, 177-78, 287, 294 and 295). That is "a wholly useless exercise." *Hood v. S. Whidbey Sch. Dist.*, 2013 WL 1898214, at *2 (W.D. Wash. May 6, 2013) (granting protective order against RFAs). Other RFAs (*e.g.*, RFAs 54-56) seek admissions about issues Roblox has denied. *See Tye v. Cnty. of Orange*, 2025 WL 1420109, at *8-9 (C.D. Cal. Apr. 3, 2025) (no RFAs related to issues denied in answer); *e.g.*, Dkt. 163 ¶¶ 181, 186.

*Irrelevant RFAs, Will Not Narrow Case.* Many RFAs are neither relevant nor calculated to narrow or facilitate proof on the issues. *See K.C.R.*, 2014 WL 3433925, at *3. Plaintiffs deliberately served the *exact* number of RFAs Roblox served on the 6 Plaintiffs who were in the case in June 2025. That is gamesmanship, not a purported need to narrow the issues.[1] Plaintiffs' offer to reduce the RFAs to a still-unreasonable 225 RFAs would keep irrelevant RFAs that will not streamline the case. RFAs 102, 107-08 seek admissions about what *any* user could do on Adurite, a website owned by another Defendant and which is not alleged to be a VCW. RFAs 16, 17, 46, 47, 68, 69, 88, 89 seek admissions about whether any of Roblox's thousands of employees "used" or "gambled" in a VCW. Other RFAs concern websites *not* even alleged in the SAC.

*Other Defendants.* "A party cannot put the burden of discovery on the other party by obtaining all factual details by means of [RFAs]." *Natkin*, 2023 WL 3452001, at *5. Plaintiffs improperly attempt to obtain admissions from Roblox about *other* Defendants. RFAs 6, 21, 41, 51, 63-65, 72, 82-84, 91, 98-99, 102, 104-08, 125-27, 141-43, 185, 187, 189, 192, 195, 218, 240-41, 243-44, 246-47, 249-50, and 252 ask Roblox to admit information about the VCWs and Adurite (a new defendant). RFA 63 asks about what another Defendant "required users" to do to create an account on a non-Roblox website. Roblox has no special knowledge about websites operated by *other* Defendants. *Tuvalu v. Woodford*, 2006 WL 3201096, at *7 (E.D. Cal. Nov. 2, 2006) ("[RFAs] should not be used … ask the party to admit facts of which he or she has no special knowledge."). Nor are Roblox's answers "binding as to facts involving the other Defendants." *Kayan v. Asset Acceptance, LLC*, 2013 WL 1010554, at *1 n.1 (C.D. Cal. Mar. 14, 2013). The RFAs increase Roblox's burden by forcing it to find information Plaintiffs should seek from others. *See Athwal v. Cnty. of Stanislaus*, 2023 WL 2895350, at *5 (E.D. Cal. Apr. 11, 2023).

**B.**     **Plaintiffs' Cumulative RFAs Warrant Rule 30(b)(6) Deposition Time Limits.**

If Roblox must answer numerous RFAs that are cumulative of Rule 30(b)(6) topics[2], the Court should impose a reasonable limit of 4 hours per 30(b)(6) deposition of Mr. Won (Sept. 24) and Mr. Kannan (Oct. 7) to limit Plaintiffs' costly cumulative discovery.[3] Courts "must limit the

---

[1] The true number of RFAs that Roblox has served in this case is closer to 100 RFAs. Roblox tailored a core set of ~50 RFAs for each Minor and a core set of ~50 RFAs for each Parent.

[2] It is unreasonable to force Roblox to answer 302+ RFAs in a mere 30 days. If Roblox must answer all RFAs, the Court should require responses to no more than 50 RFAs per 30 days until complete.

[3] If the Court does not impose a deposition time limit on this basis, the Court should do so without

frequency or extent of discovery … if … the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). Courts will not enforce RFAs that are duplicative of deposition testimony. *Thorpe*, 2022 WL 902891, at *5; *K.C.R.*, 2014 WL 3433925, at *3 (endorsing approach). Though these cases concern RFAs served after a deposition, the principle of avoiding needless duplication still applies here. There is nothing speculative about the objection that RFAs are cumulative of Rule 30(b)(6) topics. **Most** RFAs (~64.5%) overlap with VCW topics in the Rule 30(b)(6) notice, which Roblox is willing to submit to the Court. Other RFAs (*e.g.*, RFAs 231-239) also overlap with topics concerning technical measures. Plaintiffs cannot argue, in good faith, that they need both these RFAs and full depositions of Roblox's Rule 30(b)(6) witnesses on the same issues. Plaintiffs refused to respond to Roblox's initial RFAs as purportedly "excessive and not proportional" on the ground that Roblox sought "full, seven hour depositions of the plaintiffs as well as their children, which would presumably cover much of the same material."[4] Roblox reduced its RFAs and agreed to significantly limit deposition time for the Minors to 3-4 hours depending on age. Plaintiffs' refusal to follow their own practice is gamesmanship. Limiting the Rule 30(b)(6) deposition time will reduce the overall burden to Roblox of Plaintiffs' vexatious and cumulative discovery.[5] *See Fleming*, 2011 WL 573599, at *2 (refusing to order corporate defendant to answer RFAs "directed to matters concerning [individual] who was deposed").

**Plaintiffs' Statement**: On June 30, in compliance with the Court's written discovery deadline, Plaintiffs served 302 RFAs on Roblox to narrow the issues in this case. For almost two months, Roblox has refused to serve *any* responses or objections to *any* of these RFAs (despite Plaintiffs' offer to phase responses over time), based on an ever-evolving series of skeletal and conclusory complaints about the number, scope, and nature of the RFAs that have made it impossible for the parties to conduct meaningful negotiations. Indeed, Roblox has repeatedly declined to explain—at conferral, via correspondence, or via formal objections—which RFAs are objectionable for which reasons. The only ripe issue is whether Roblox is entitled to a protective order because there are too many RFAs. On that issue, the law is clear that courts allow RFAs well in excess of the number that Plaintiffs have served in cases of comparable complexity.

Roblox also seeks to raise objections that it has never served or raised with respect to specific RFAs at conferral (despite Plaintiffs' request). The Court should not allow Roblox to skirt its standing order by raising new issues for the first time in letter briefing. But even if the Court reaches these objections, it should find them meritless. The RFAs that Roblox takes issue with seek admissions of its *own* knowledge about VCWs' exploitation of its users and technology. And it claims others are "duplicative," but ignores that they seek specific admissions on distinct topics, and that RFAs cannot be duplicative of 30(b)(6) depositions that have yet to occur.

Even though Plaintiffs' RFAs are entirely appropriate for a case of this complexity, Plaintiffs offered to compromise and avoid burdening this Court by cutting 77 RFAs (to 225) and allowing Roblox to respond to 75 every 30 days. Roblox countered that it would respond only if given four more months to do so (on top of almost two that have elapsed since June 30), *and* if Plaintiffs' two 30(b)(6) depositions of Roblox corporate designees were limited to 4 hours each. Plaintiffs are amenable to an extension but cannot agree to limit 30(b)(6) depositions in return for

---

prejudice to Roblox moving to set reasonable time limits due to burden and disproportionality.
[4] Jan 9, 2025 Email from J. Bilsborrow, *Re: Soucek v. Roblox, 23-cv-4146 (N.D. Cal.): Roblox's First RFAs (Soucek and N.S.)*.
[5] Plaintiffs deposed Rule 30(b)(6) witness Hans Gunawan for 7 hours. He was designated for 2 topics, yet they asked numerous questions about topics for which he was ***not*** designated.

responses to RFAs that may simply state "denied." Plaintiffs request that this Court compel Roblox to answer their RFAs without limiting their time to depose Roblox's corporate designees.

*The number of RFAs is not unduly burdensome.* The only ripe issue is whether these RFAs are unduly burdensome. They are not. Rule 36 "places no limit on the number of requests for admission that may be served;" especially in "very complicated and fact intensive" cases like this one, courts "do not readily grant protective orders . . . on the grounds that the number of requests is excessive." *U.S. v. Sandwich Isles Commc'ns, Inc.*, 2020 WL 13180374, at *3 (D. Haw. Jan. 7, 2020 (citations omitted) (denying request for protective order based on 444 RFAs in case with over 2,000) (citations omitted); *Miller v. White*, 2019 WL 8683325, at *5 (C.D. Cal. Nov. 8, 2019) (same, based on 602 RFAs); *U.S. ex rel. Ferris v. Afognak Native Corp.*, 2018 WL 2656152, at *2 (D. Alaska June 4, 2018) (same, based on 537 RFAs).

In this fact-intensive case that involves the complex technical interplay between six websites and over a dozen defendants (topics that Roblox concedes are the subjects of dozens of RFAs), Plaintiffs' RFAs—especially with the phased response structure that Roblox rejected—do not approach the "sheer volume" of discovery that courts, including this one, have found "unduly burdensome and oppressive."[6] *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 WL 5720731, at *3 (N.D. Cal. Nov. 5, 2019) (Illman, J.) (denying motion to compel "nearly 600 discovery requests"); *see also Stoke v. Interline Brands Inc.*, 2013 WL 6056886, at *2 (N.D. Cal. Nov. 14, 2013) (allowing 700 RFAs per defendant in "complicated and fact-intensive" case); *U.S. ex rel. Minge v. TECT Aerospace, Inc.*, 2012 WL 1631678, at *5 (D. Kan. May 8, 2012) (2,826 RFAs not excessive in similar circumstances). Roblox's cases did not turn on RFA count, let alone in similar circumstances. *See Fleming v. Escort, Inc.*, 2011 WL 573599, at *2 (D. Idaho Feb. 13, 2011) (deeming 216 RFAs excessive); *Dr. Erik Natkin v. Am. Osteopathic Ass'n*, 2023 WL 3452001, at *6 (D. Or. May 15, 2023) (103 RFAs improper where they were compound, not tailored to defendants, concerned dismissed claims/parties, and were neither simple nor clearly phrased) *Knapp v. Cate*, 2012 WL 2912254, at *2 (E.D. Cal. July 16, 2012) (similar).

*The RFAs are proper.* With the exception of 2 RFAs, Roblox has failed to "identify specific RFAs that may be clearly objectionable" (and why) and thus has no basis to raise its objections in this letter brief. *See Ouida v. Harbors Home Health & Hospice*, 2024 WL 37100 (W.D. Wash. Jan. 3, 2024) (ordering response to 461 RFAs in 60 days); *U.S. Bank N.A. v. SFR Investments Pool 1, LLC*, 2018 WL 2271222 (D. Nev. Feb. 5, 2018) (same, ordering response to 116 RFAs in 14 days). When pressed for specifics, Roblox claimed RFAs 84 and 91 were improper because Plaintiffs could not expect Roblox to answer whether co-defendant Bloxmoon was a gambling site or whether Roblox users created Bloxmoon accounts using their Roblox credentials. Until its brief, those were the only two RFAs to which Roblox had attached specific objections in discussions with Plaintiffs.

Its belated attempt to do so now is similarly unpersuasive. Roblox's 14 purportedly irrelevant RFAs are anything but: they concern Roblox's ability to track logins (including foreign ones potentially used by VCWs), and Roblox's (failure to) notice and take action on VCWs,

---

[6] Roblox's comparison to its RFAs to Plaintiffs ignores that it originally served *nearly 750* (on far less complex and technical issues). Jan 9, 2025 Email from J. Bilsborrow, *Re: Soucek v. Roblox, 23-cv-4146 (N.D. Cal.): Roblox's First RFAs (Soucek and N.S.)*. Roblox ultimately re-served what it now claims is the same number that Plaintiffs served, *all of which Plaintiffs answered in 37 days*. That children and their parents were able to answer this discovery undercuts Roblox's complaint of burden (and hypocrisy) from having to do the same.

4

including via its employees' use of them. These admissions go directly to whether Roblox acted reasonably to maintain its platform in a safe condition. Similarly, RFAs about *Roblox's knowledge of* how its tech was used to gamble on the websites of its co-defendants (all of whom are avoiding or seeking to dismiss claims against them), do not require Roblox to admit the "special knowledge" of other parties, but ask Roblox to admit its *own* understanding of how these sites (including Adurite) exploit Roblox's platform, accounts, users, currency, and infrastructure. That goes to the Roblox negligence at the heart of this case.

Roblox also has no basis to claim that "[m]any RFAs are duplicative of prior discovery." Its ROG responses pointedly do *not* admit facts sought by these RFAs, including facts related to when it reported any VCW but RBXFlip to law enforcement; when it learned about each VCW's use of Roblox credentials or security cookies; whether it proactively monitored VCWs or recorded accounts that used them; or when (or whether) it used signals to detect *transactions* for every named VCW.[7] Nor does the authentication of Roblox documents mean that statements within them are admitted *by the company* in this litigation. So too with information in SEC filings (which Roblox fails to cite). In any case, if Roblox's position is that these statements are true, admitting that in an RFA response would hardly be unduly burdensome.

**Roblox cannot limit deposition time.** Finally, Roblox misstates the relationship between RFAs and 30(b)(6) depositions. Roblox concedes that none of its cases found RFAs improper because they might touch on subjects designated for *future* depositions. Thus, its cited principle of "avoiding" duplication does not apply: RFAs cannot duplicate deposition testimony that has yet to occur. For this reason, courts have rejected refusals to respond to RFAs on the grounds that future depositions might contain answers: even "assuming the appropriateness of having such things resolved via deposition instead of requests for admission . . . [i]f" RFAs "can be answered by resorting to deposition transcripts already in existence," a party may move for a protective order, but "[u]ntil then, no protective order is warranted. *Asarco LLC v. Union Pac. R.R. Co.*, 2016 WL 1755241, at *12 (D. Idaho May 2, 2016). To be sure, RFA responses could narrow issues on which Plaintiffs would question Roblox's designees—but Roblox has not agreed to admit any RFAs, let alone in time for remaining 30(b)(6) depositions. In this posture, the prospect that both RFAs and depositions may relate to similar topics does not render them cumulative, as Plaintiffs may use 30(b)(6) depositions to pursue lines of questioning in greater depth, including with respect to RFAs that Roblox denies. The Court should not allow Roblox to preemptively limit Plaintiffs' time with its designees based on RFAs that Roblox has refused to answer.[8]

---

[7] Roblox also ignores that discovery devices serve different purposes: RFAs, unlike ROG responses or deposition testimony, "are binding and cannot be explained away or contradicted by other evidence." *Kaminska v. Lai*, 2021 WL 536511, at *3 (C.D. Cal. Jan. 19, 2021).

[8] Roblox's comparison to time limits on minor Plaintiff depositions is inapt. Plaintiffs sought to limit deposition time with minor Plaintiffs *based on their age*—to ensure they were "not subjected to undue hardship"—*before* Roblox served hundreds of RFAs. Dec. 18, 2024 Email from J. Bilsborrow, *Re: Soucek v. Roblox, 23-cv-4146 (N.D. Cal.): Scheduling Plaintiff Depositions*. Judge Kang has similarly ordered limited depositions of young children in the *In re Social Media Addiction* litigation without regard to the number of RFAs served. *See* Discovery Mgmt. Order No. 3, No. 4:22-md-3047, Dkt. No. 667 at 4 (Mar. 4, 2024). There is no comparable basis to limit deposition time of Roblox's adult corporate designees: for example, Plaintiffs agreed to make parents of minor Plaintiffs available for the full seven hours and answer the same number of RFAs.

*/s/ Tiana Demas*
**COOLEY LLP**
TIANA DEMAS*
(tdemas@cooley.com)
KEVIN T. CARLSON*
(ktcarlson@cooley.com)
MARIAH YOUNG*
(mayoung@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606-1511
Tel: (312) 881-6500

KRISTINE FORDERER (278745)
(kforderer@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
3 Embarcadero Center, 20th Fl.
San Francisco, CA 94111-4004
Tel: (415) 693-2000

*Attorneys for Defendant and Cross-Claimant Roblox Corporation*

(*Admitted *Pro Hac Vice*)

*/s/ Andre Mura*
**GIBBS MURA LLP**
ANDRE M. MURA (298541)
(amm@classlawgroup.com)
JAKE M. SEIDMAN (347953)
(jms@classlawgroup.com)
1111 Broadway, Suite 2100
Oakland, California 94607
Tel: (510) 350-9717

**JENNINGS PLLC**
Christopher D. Jennings*
(chris@jenningspllc.com)
Tyler B. Ewigleben*
(tyler@jenningspllc.com)
Winston S. Hudson*
(winston@jenningspllc.com)
P.O. Box 25972
Little Rock, Arkansas 722211
Tel: (501) 247-6267

**COOLEY LLP**
ROBBY L.R. SALDAÑA (356226)
(rsaldana@cooley.com)
CAITLIN MUNLEY*
(cmunley@cooley.com)
1299 Pennsylvania Ave., NW, Suite 700
Washington, D.C. 20004-2400
Tel: (202) 842-7800

**WEITZ & LUXENBERG, PC**
JAMES J. BILSBORROW*
(jbilsborrow@weitzlux.com)
AARON FREEDMAN*
(afreedman@weitzlux.com)
700 Broadway
New York, New York 10003
Tel: (212) 558-5500

**LEVIN SEDRAN & BERMAN**
CHARLES E. SCHAFFER
(cschaffer@lfsblaw.com)
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (214) 592-1500

**LEEDS BROWN LAW, P.C.**
BRETT R. COHEN
(bcohen@leedsbrownlaw.com)
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for Plaintiffs and the Proposed Class*

(*Admitted *Pro Hac Vice*)