Andre M. Mura (SBN 298541)
Jake M. Seidman (SBN 347953)
**GIBBS MURA LLP**
1111 Broadway, Ste 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
amm@classlawgroup.com
jms@classlawgroup.com

James J. Bilsborrow (admitted *pro hac vice*)
Aaron Freedman (admitted *pro hac vice*)
**WEITZ & LUXENBERG PC**
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
jbilsborrow@weitzlux.com
afreedman@weitzlux.com

Christopher D. Jennings (admitted *pro hac vice*)
Tyler B. Ewigleben (admitted *pro hac vice*)
Winston Hudson (admitted *pro hac vice*)
**JENNINGS & EARLEY PLLC**
500 President Clinton Ave, Suite 110
Little Rock, Arkansas 72201
Phone: (501) 255-8569
chris@jefirm.com
tyler@jefirm.com
winston@jefirm.com

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ARACELY SOUCEK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBLOX CORPORATION, *et al.*,<br><br>Defendants.<br><br>ROBLOX CORPORATION,<br><br>Cross-Plaintiff<br><br>v.<br><br>SATOZUKI LIMITED B.V., *et al.*,<br><br>Cross-Defendants. | Case No. 3:23-cv-04146-VC (RMI)<br><br>**PLAINTIFFS' OPPOSITION TO BORIS SAID, JR.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE SEVER, CLAIMS PURSUANT TO FRCP 21 FOR MISJOINDER**<br><br>Date: September 18, 2025<br>Time: 10:00 a.m.<br>Judge: Hon. Vince Chhabria |

# TABLE OF CONTENTS

Page

INTRODUCTION AND BACKGROUND ................................................................................ 1

LEGAL STANDARD ................................................................................................................. 2

ARGUMENT ............................................................................................................................... 2

    I.    Plaintiffs satisfy the requirements for joinder. ............................................................ 2

        A.    Plaintiffs' claims against Defendants are inextricably linked ............................. 2

        B.    Plaintiffs' claims raise common questions of law and fact .................................. 4

    II.   Fundamental fairness and judicial economy favor joinder. ........................................ 5

        A.    Plaintiffs would be prejudiced by denial of joinder. ............................................ 5

        B.    Said shows no delay. ............................................................................................ 6

        C.    Said has failed to demonstrate prejudice. ............................................................ 7

        D.    Severing Said's claims would waste party and judicial resources in unnecessarily duplicative proceedings. ............................................................... 11

        E.    Dismissal of claims against Said would be improper. ...................................... 12

CONCLUSION .......................................................................................................................... 13

# TABLE OF AUTHORITIES

Cases                                                                                                Page(s)

*Abraham v. Howard*,
    2016 WL 11755013 (C.D. Cal. May 4, 2016) ................................................................. 13

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
    99 F. Supp. 3d 1110 (C.D. Cal. 2015) ............................................................................ 11

*Barber v. Am.'s Wholesale Lender*,
    289 F.R.D. 364 (M.D. Fla. 2013) .................................................................................. 12

*Barr Rubber Prods. Co. v. Sun Rubber Co.*,
    425 F.2d 1114 (2d Cir. 1970) ......................................................................................... 9

*Calderon v. Tulare Reg'l Med. Ctr.*,
    2018 WL 4473626 (E.D. Cal. Sept. 17, 2018) ................................................................ 8

*Coleman v. Quaker Oats Co.*,
    232 F.3d 1271 (9th Cir. 2000) ........................................................................................ 2

*Coughlin v. Rogers*,
    130 F.3d 1348 (9th Cir. 1997) ........................................................................................ 3

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) .......................................................................................... 7

*Desert Empire Bank v. Ins. Co. of N. Am.*,
    623 F.2d 1371 (9th Cir. 1980) .................................................................................... 2, 5

*E.C. v. Lincoln Mil. Prop. Mgmt. LP*,
    2022 WL 4241734 (S.D. Cal. Sept. 13, 2022) ...................................................... 3, 4, 11

*Expoconsul Intern. V. A/E Sys., Inc.*,
    145 F.R.D. 336 (S.D.N.Y. 1993) .................................................................................... 9

*Fustok v. Conticommodity Servs., Inc*,
    103 F.R.D. 601 (S.D.N.Y. 1984) .................................................................................... 9

*Giorgio Morandi, Inc. v. Textport Corp.*,
    761 F. Supp. 12 (S.D.N.Y. 1991) ............................................................................... 8, 9

*Grover Prods. LLC v. Air Horns of Texas, LLC*,
    2025 WL 1384256 (C.D. Cal. Mar. 24, 2025) .............................................................. 4, 7

*Guadagno v. M.A. Mortenson Co.*,
    2018 WL 4870693 (W.D.N.Y. Oct. 2, 2018) ................................................................ 7, 9

*Holiday Pub. Co. v. Gregg*,
　330 F. Supp. 1326 (S.D.N.Y. 1971) ..................................................................................9

*IPM, LLC v. Robert & Cori Lineberger Inter Vivos Tr.*,
　2018 WL 9453441 (W.D. Wash. Oct. 12, 2018) ................................................................6

*Jacques v. Hyatt Corp.*,
　2012 WL 3010969 (N.D. Cal. July 23, 2012) ...........................................................3, 4, 5

*Johnson v. High Desert State Prison*,
　127 F.4th 123 (9th Cir. 2025) ..........................................................................................2, 5

*Kenney v. City of San Diego*,
　2014 WL 4792951 (S.D. Cal. Sept. 25, 2014) ................................................................12

*Kessler v. State Farm Fire & Cas. Co.*,
　2024 WL 3818504 (W.D. Wash. Aug. 14, 2024) ...........................................................10

*League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*,
　558 F.2d 914 (9th Cir. 1977) .............................................................................................5

*Maranon v. Santa Clara Stadium Auth.*,
　2017 WL 1436115 (N.D. Cal. Apr. 24, 2017) ............................................................2, 3, 4

*Medina v. Equable Ascent Fin., LLC*,
　2012 WL 13046417 (C.D. Cal. June 7, 2012) ................................................................5, 6

*Milton v. California*,
　2022 WL 17978802 (N.D. Cal. Dec. 28, 2022) ...............................................................12

*Newman-Green, Inc. v. Alfonzo-Larrain*,
　490 U.S. 826) (1989) .......................................................................................................13

*Olberg v. Allstate Ins. Co.*,
　2019 WL 2994665 (W.D. Wash. July 9, 2019) .................................................................6

*Pizana v. SanMedica Int'l LLC*,
　345 F.R.D. 469 (E.D. Cal. 2022) .......................................................................................8

*Rodriguez v. City of Phoenix*,
　2014 WL 1053602 (D. Ariz. Mar. 19, 2014) ..................................................................10

*Rosewolf v. Merck & Co.*,
　2022 WL 3214439 (N.D. Cal. Aug. 9, 2022) ....................................................................4

*Saddozai v. Davis*,
　2020 WL 7056002 (N.D. Cal. Dec. 2, 2020), *rev'd and remanded*, 35 F.4th 705 (9th Cir. 2022) ......10

*Sampson v. Knight Transportation, Inc.*,
　2017 WL 4168273 (W.D. Wash. Sept. 19, 2017) .............................................................8

*Schertzer v. Bank of Am., N.A.*,
  2021 WL 1383164 (S.D. Cal. Apr. 13, 2021) ...............................................................................3, 11

*Signatours Corp. v. Surfcrest Resort, LLC*,
  2024 WL 4417346 (W.D. Wash. Oct. 4, 2024)...................................................................................9

*Silbersher v. Valeant Pharms. Int'l, Inc.*,
  2020 WL 13833190 (N.D. Cal. May 7, 2020).....................................................................................3

*Spellbound Dev. Grp., Inc. v. Pac. Handy Cutter, Inc.*,
  2010 WL 11509228 (C.D. Cal. Aug. 31, 2010) ..........................................................................6, 7, 8

*Third Degree Films v. Does 1-131*,
  280 F.R.D. 493 (D. Ariz. 2012).........................................................................................................10

Rules

Fed. R. Civ. P. 20................................................................................................................................*passim*

Other

7 Wright & Miller's Federal Practice & Procedure § 1653 (3d ed. 2014)...............................................11

## MEMORANDUM OF POINTS AND AUTHORITIES
### INTRODUCTION AND BACKGROUND

Defendant Boris Said, Jr. ("Said") spends the bulk of his motion to dismiss or sever claims against him repeating the procedural history of this case in an attempt to litigate it away. But he doesn't even dispute that Plaintiffs' joinder of him satisfies Rule 20's requirements in this action—one that this Court has always seen fit to maintain as a putative class action against Roblox and multiple virtual casino defendants like Said whose operations entwined themselves with Roblox's infrastructure and technology to prey on its minor users, including Plaintiffs. That is grounds enough to deny his motion, given the Ninth Circuit's liberal approach to joinder where Rule 20's requirements are met. Indeed, severing Said from this interrelated action against Roblox and the casinos would prejudice *Plaintiffs* by requiring claims against just one party to proceed in an entirely separate action devoid of broader context, replete with duplicative discovery, and full of chances to cast blame on absent co-defendants. That inefficient scenario is precisely what permissive joinder is designed to avoid.

Said attempts to turn the tables by arguing that, regardless of Plaintiffs' satisfaction of Rule 20, it is *he* who has been prejudiced by an "inexcusable" delay in adding him as a party. But there is no delay (let alone prejudice) here: This Court set a June 2 deadline to add parties, and Plaintiffs added Said by June 2. Said's complaint of prejudice rings hollow when it is he who declined to participate in the depositions whose passage he now claims as his main source of prejudice, all on the theory that he would never be subject to this Court's jurisdiction. In any event, Plaintiffs' compliance with this Court's scheduling order dispels any claim of delay or prejudice to Said. If he wants more time under the case schedule, he can seek it, but severance (let alone dismissal) of the claims against him is not warranted.

For these reasons and more, this Court should deny Said's motion to sever or dismiss the claims against him.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 20(a)(2) permits joinder of defendants where "[1] any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and [2] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). If these threshold requirements are met, the court then goes on to determine "whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Johnson v. High Desert State Prison*, 127 F.4th 123, 135 (9th Cir. 2025) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (cleaned up)). "Relevant factors" for this analysis "may include judicial economy, prejudice, and whether separate claims require different witnesses and documentary proof," *Maranon v. Santa Clara Stadium Auth.*, 2017 WL 1436115, at *2 (N.D. Cal. Apr. 24, 2017), as well as undue delay of the moving party in seeking amendments, the movant's motive, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). These often overlap with the Rule 15 factors and courts perform a similar analysis under both Rules 15 and 20. *Id.*

**ARGUMENT**

**I.    Plaintiffs satisfy the requirements for joinder.**

Said presents no argument on Rule 20's threshold requirements for joinder. Instead, he appears to concede they are satisfied by proceeding directly to a "fundamental fairness and undue prejudice" analysis. Mot. 8. Even if Said hadn't waived this argument, Plaintiffs satisfy both threshold requirements.

**A.  Plaintiffs' claims against Defendants are inextricably linked.**

Plaintiffs' claims against Said satisfy the first joinder requirement because of the similarity of their factual background. "The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or

series of transactions or occurrences' [in Rule 20] to require a degree of factual commonality underlying the claims." *Maranon*, 2017 WL 1436115, at *1 (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). This liberal standard "simply requires 'related activities' and 'similarity in the factual background of a claim.'" *Id.* at *2 (quoting *Jacques v. Hyatt Corp.*, 2012 WL 3010969, at *3 (N.D. Cal. July 23, 2012)). Where plaintiffs "set forth several relationships" between the incidents underlying claims against defendants, including that "the injury caused by both incidents is the same, the second claim would not exist but for the first, and there are overlapping damages," the threshold "series of occurrences" requirement is satisfied. *Id.*; *see also E.C. v. Lincoln Mil. Prop. Mgmt. LP*, 2022 WL 4241734, at *3–4 (S.D. Cal. Sept. 13, 2022) (allowing joinder where three minor Plaintiffs alleged injuries contributed to by multiple actors, despite different products and locations of injury); *Silbersher v. Valeant Pharms. Int'l, Inc.*, 2020 WL 13833190, at *2 (N.D. Cal. May 7, 2020) (allowing joinder of defendant whose actions "played a critical role" in facilitating another defendant's contribution to plaintiff's injury). That is so even where cases against each defendant are linked to one central defendant, but not every other defendant. *See Schertzer v. Bank of Am., N.A.*, 2021 WL 1383164, at *3 (S.D. Cal. Apr. 13, 2021) (allowing joinder of distinct ATM company defendants to claims against bank that centered on fees each assessed on similar transactions and bank's misleading practices). The mere fact that defendants may later "raise different defenses" does not defeat joinder. *E.C.*, 2022 WL 4241734, at *4.

Here, Plaintiffs' claims against Said are intertwined with their claims against his casino RBLXWild's corporate shells and Roblox. The factual similarities here satisfy the first Rule 20 factor because Defendants' actions are causally linked (since neither Roblox nor Said's casino could exploit children without each other's infrastructure), each harmed Plaintiffs in the same ways (by exploiting them for their property), and damages (and proof) overlap (since both Said's casino and Roblox are responsible for depriving children of property). Indeed, this Court has understood the commonality of Plaintiffs'

injury at the hands of defendants, writing that "plaintiffs have alleged that Roblox (as well as the casinos) caused their economic loss," and has allowed this case to proceed against Roblox and multiple casinos for years without contemplating any Rule 20 issues. ECF No. 65 at 5.

### B. Plaintiffs' claims raise common questions of law and fact.

These allegations satisfy the second "common question of law or fact" factor as well. This is "not a particularly stringent test," requiring only "one common question of law or fact," which need not "be the predominant issue in the litigation." *E.C.*, 2022 WL 4241734, at *5 (quoting *Rosewolf v. Merck & Co.*, 2022 WL 3214439, at *2 (N.D. Cal. Aug. 9, 2022); *see also Grover Prods. LLC v. Air Horns of Texas, LLC*, 2025 WL 1384256, at *6 (C.D. Cal. Mar. 24, 2025) (second factor satisfied "because plaintiff has alleged the same claims against [defendants] and alleged that their activities were coordinated," which "Defendants do not appear to dispute"). Here, for instance, Said's wholesale adoption of Roblox's unsuccessful arguments that Robux are not a "thing of value" in his motion to dismiss shows a clear common question: whether Robux are a thing of value such that gambling operations dealing in them violate the law. ECF No. 246 at 16-19.

And in addition to other common questions implicating the virtual casino websites' similar use of the Roblox platform and "contributing factors and the nature and extent of [Plaintiffs'] injuries," defendants "will surely be pointing to [each] other as the primary cause of the ultimate injuries," which also favors joinder. *Maranon*, 2017 WL 1436115, at *2; *see also Jacques*, 2012 WL 3010969, at *3-4 (allowing joinder where defendants would raise comparative negligence defenses and each "will employ an empty-chair defense" if claims are severed). Here, Roblox has consistently pointed to the virtual casino defendants as the primary cause of Plaintiffs' and the putative class's injuries, which further favors joinder. ECF No. 208 at 1-2, 9, 13; ECF No. 87 at 3-4, 18-19; ECF No. 31 at 1-3, 19. Thus, joinder of Said meets Rule 20's threshold requirements.

## II. Fundamental fairness and judicial economy favor joinder.

Said doesn't dispute that Rule 20's threshold requirements are satisfied, but instead stakes his chips on the notion that adding the founder and operator of one of this case's key virtual casino websites is unfairly prejudicial. But he cannot displace the "strong liberality" that courts in the Ninth Circuit exercise in favor of joinder where the "explicit requirements" of Rule 20 are met. *Desert Empire Bank*, 623 F.2d at 1375-76 (citing *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Accordingly, courts "start with the premise that" under Rule 20, "permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* Here, those goals are best served by keeping all virtual casino defendants (including Said) in this action, as this Court has recognized throughout this case, including when it set a deadline to add them as parties (which Plaintiffs met).

### A. Plaintiffs would be prejudiced by denial of joinder.

As a threshold matter, Said ignores that Rule 20's prejudice analysis is a two-way street: the Court must analyze whether its application of Rule 20 "would result in prejudice to *either side*." *Johnson*, 127 F.4th at 135 (emphasis added). Here, basic principles of fairness counsel that Plaintiffs should not be penalized for complying with the Court-ordered deadline to add parties. But in any case, the prospect of expensive "duplicative litigation" and Roblox's intent to argue that its co-defendants are "responsible for [Plaintiffs'] injuries" mean that "plaintiffs would be subjected to prejudice if severance is granted." *Jacques*, 2012 WL 3010969, at *6. And in addition to the risk of any given defendant "deflecting the blame onto its absent counterparts" in separate proceedings, severing just Said's claims here (where no other defendant seeks severance) "raises the danger of inconsistent judgments and could squander judicial resources." *Medina v. Equable Ascent Fin., LLC*, 2012 WL 13046417, at *3 (C.D. Cal. June 7, 2012). Accordingly, "it is clear that the prejudice to Plaintiff were [joinder] not permitted outweighs the

prejudice of Defendant of allowing amendment." *Id.*; *see also IPM, LLC v. Robert & Cori Lineberger Inter Vivos Tr.*, 2018 WL 9453441, at *1 (W.D. Wash. Oct. 12, 2018) (allowing joinder where case was still in discovery, plaintiffs' delay was "not extraordinary," defendants contributed to delay, and "the inefficiency of pursuing overlapping relief from the LLC and its members in multiple lawsuits far outweighs any prejudice caused by the relatively short delay that can be attributed to plaintiff").

### B. Said shows no delay.

Said's motion is grounded in claims of "inexcusable delay." Mot. 3, 8, 9. But he ignores (and defies the logic of) the scheduling order that the Court entered on May 1, which set June 2 as the deadline to add parties without leave, November 11 as the deadline for opening expert reports, and January 30 as the deadline to move for class certification. ECF No. 165. Plaintiffs complied with that order. *See* ECF No. 184. That disposes of Said's argument: where a plaintiff adds a party "within the deadline imposed by the Scheduling Order," there is no undue delay. *Spellbound Dev. Grp., Inc. v. Pac. Handy Cutter, Inc.*, 2010 WL 11509228, at *2 (C.D. Cal. Aug. 31, 2010).[1] While Said may seek an extension of the case schedule if he wishes, he cannot have the case against him severed (let alone thrown out) on an unfounded theory of undue delay.

---

[1] Even if there was delay here, it wouldn't be undue. Said bases his claim of undue delay on the argument that Plaintiffs "knew (or at least should have known)" about his role in RBLXWild at the outset of this case. Mot. 9. But this miscasts Said as somebody whose identity as the founder, owner, and operator of RBLXWild was readily ascertainable in August 2023. To the contrary, Said took pains to avoid identification with his illegal gambling operation by registering corporate shells as RBLXWild's operating entities. *See* SAC ¶¶ 45-46 & n.8, 148, 151-52. Said's bald assertion that Plaintiffs should have named him as a defendant in August 2023 shows no delay, as he has not actually "shown that Plaintiffs knew or should have known" enough about his leadership of RBLXWild to name him in "their initial complaint." *Olberg v. Allstate Ins. Co.*, 2019 WL 2994665, at *2 (W.D. Wash. July 9, 2019).

### C. Said has failed to demonstrate prejudice.

Even if Said could demonstrate undue delay here, "delay, by itself, is insufficient to justify denial of" the addition of a new party. *Spellbound*, 2010 WL 11509228, at *2 (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Said must also show prejudice, the "key factor in this analysis." *Grover Prods. LLC*, 2025 WL 1384256, at *6. But his argument boils down to the claim that it was improper to add him as a party by the Court-ordered deadline because "[s]ignificant written discovery has (apparently) taken place, class certification deadlines are upon us, and at least one deposition has already occurred." Mot. 8. But the parties proposed, and the Court accepted, the deadline to add parties fully cognizant of how the deadline fit within the broader demands of the case schedule. While no other defendant added by the deadline has asserted that their inclusion at this stage of the case is prejudicial, Said claims "he would undeniably be irreparably harmed if compelled to defend himself in this class action at this late date." *Id.*[2]

That gets the facts and the law wrong. First, on the facts—Plaintiffs are not due to move for class certification until January 30, 2026 almost seven months after the June 2 deadline to add parties. ECF No. 165. Supporting expert reports are due in November, over five months from that deadline. *Id.* Again, these deadlines were set by the Court in the context of a schedule recognizing that "the need to conduct additional discovery is standard when pleadings are amended to add a new party." *Guadagno v. M.A. Mortenson Co.*, 2018 WL 4870693, at *9–10 (W.D.N.Y. Oct. 2, 2018). Indeed, Plaintiffs' and Roblox's February 2025 proposal for a deadline to add new parties notified the Court that they were working to "discover the identities of U.S.-based individuals" that ran the illegal gambling sites at the heart of this case and seek discovery from them. ECF No. 129 at 4. The Court's deadlines reflect the fact that

---

[2] Despite Said's frequent pronouncements that joinder would deprive him of his "due process" rights, Said fails to cite a single supporting case for that claim. *See* Mot. 1, 3, 8, 9, 10, 11, 13.

"[p]rejudice is generally mitigated" where, as here, "the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 483 (E.D. Cal. 2022) (quoting *Calderon v. Tulare Reg'l Med. Ctr.*, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018); *see also Sampson v. Knight Transportation, Inc.*, 2017 WL 4168273, at *2 (W.D. Wash. Sept. 19, 2017) (no joinder issue where parties had twice stipulated to extend class certification deadlines, discovery deadline had yet to pass, and Plaintiffs sought to add a defendant in September with class certification briefing set for February). Said cannot credibly argue that the Court's deadline inherently prejudices any defendant named in compliance with it. His claim of delay when Plaintiffs complied with the Court-ordered case schedule cannot defeat joinder. *See Spellbound*, 2010 WL 11509228, at *2.

Nor can the remainder of his arguments. Said's complaint that "Plaintiffs have not given Mr. Said or his counsel a single piece of discovery or other relevant case document," Mot. 10, rings hollow when it is *Said* who has adamantly refused to engage in discovery outside of producing some documents in response to Plaintiffs' subpoena because he is not a party (after he repeatedly attempted to evade service of Plaintiffs' subpoenas). Freedman Decl. ¶¶ 5-9. Although Said complains that he was not invited to participate in certain depositions of Plaintiffs, the correspondence he has submitted to the Court makes clear that he declined to participate in discovery because he insisted he was not a proper party to this litigation. Clark Decl., Ex. C at 3-4.

Turning to the law: not one of Said's cases holds that joinder several years into a case (or missing a handful of depositions) constitutes prejudice sufficient to defeat joinder. In *Giorgio Morandi*, the New York case on which Said primarily relies, the court did not deny joinder of a corporate officer because the case had been ongoing for over two years, as Said suggests. Mot. 8. Rather, it denied Plaintiffs' request to add that officer because "the acts ascribed to" that officer were not "acts of direct and affirmative participation in the scheme" alleged. *Giorgio Morandi, Inc. v. Textport Corp.*, 761 F. Supp.

12, 14 (S.D.N.Y. 1991). The court had no apparent issue joining such an officer at that stage in the case to hold him "liable for a tort in which he personally participated" as "owner or director," as Plaintiffs have alleged here. *Id.*; *see also id.* at 13 (collecting cases).[3]

Said also cites Second Circuit dicta about opening a "Pandora's box" of discovery to argue that joinder of parties at this stage is always disfavored. Mot. 8 (quoting *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970)). But that case does not control here, and that is not *Barr's* rule. Indeed, contrary to Said's claim that "[c]ourts routinely reject attempted joinders of defendants this far into a case," courts' application of *Barr* shows the opposite. *Id. Barr* held that a district court did not abuse its discretion by denying joinder after four and a half years of litigation involving 6,000 pages of deposition transcripts. *Barr*, 425 F.2d at 1127. But courts applying *Barr* have held that adding a defendant at the 20-month mark (much closer to the circumstances here) presents no unfair prejudice due to delay, and consistently distinguish *Barr* in cases that, like this one, have been pending for less than four and half years and involve less than 6,000 pages of deposition testimony to review. *Guadagno*, 2018 WL 4870693, at *9-10 (citing *id.*); *see also Holiday Pub. Co. v. Gregg*, 330 F. Supp. 1326, 1328 (S.D.N.Y. 1971) (distinguishing *Barr* and permitting joinder where any delay was "attributable to both sides" and review of 1,000 pages of deposition transcripts "poses no such obstacle as existed in *Barr*"); *Expoconsul Intern. V. A/E Sys., Inc.*, 145 F.R.D. 336, 338 (S.D.N.Y. 1993) (same, even where case was almost five years old and involved over 5,600 pages of deposition testimony); *Fustok v. Conticommodity Servs., Inc*, 103 F.R.D. 601, 604 (S.D.N.Y. 1984) (same, while noting "the

---

[3] Said's unsupported assertion that the SAC "does not plead facts sufficient to allege personal wrongdoing" by him, Mot. 9, "simply deem[s] the allegations insufficient, speculative, and unsupported." *Signatours Corp. v. Surfcrest Resort, LLC*, 2024 WL 4417346, at *4 (W.D. Wash. Oct. 4, 2024). Such premature objections do "not undermine Plaintiffs' showing" under Rule 20, as "Plaintiff need not, at this early stage in the proceedings, demonstrate the liability of the proposed new parties" to justify joinder. *Id.* Plaintiffs' concurrently filed Opposition to Said's Motion to Compel Arbitration or Dismiss further explains his personal wrongdoing.

fact that there has already been much discovery in this case does not, alone," warrant denying addition of new defendant to 2.75-year-old case).

Said's authority from within the Ninth Circuit is no more compelling: none of his cases held that denial of joinder is proper simply because a case was originally filed several years ago and discovery has occurred since, and none of them address parties joined by a Court-ordered deadline, as here. In *Third Degree Films v. Does 1-131*, 280 F.R.D. 493 (D. Ariz. 2012), delay was not at issue: the court severed defendants before any Rule 26(f) conference due to insurmountable "management problems" that would stem from managing discovery, motions practice, and trial among 131 distinct anonymous defendants, "eviscerating any 'efficiency' of joinder." *Id.* at 498-99. *Those* circumstances presented the "issues [that] would certainly needlessly delay the ultimate resolution of any particular Defendant's case" that Said cites, and bear no resemblance to this case. Mot. 8-9 (quoting *id.*). So too with *Saddozai*, in which the court's severance hinged not on prejudice merely from belatedly naming new defendants, but because after "several opportunities to file an amended complaint," plaintiffs failed to allege those defendants' supervisory liability. *Saddozai v. Davis*, 2020 WL 7056002, at *3 (N.D. Cal. Dec. 2, 2020), *rev'd and remanded*, 35 F.4th 705 (9th Cir. 2022). Next, *Kessler* turned not on delay, but from adding a defendant and "*destroying diversity in the process*" such that plaintiffs would have to re-file their case in state court—another circumstance that does not avail here. *Kessler v. State Farm Fire & Cas. Co.*, 2024 WL 3818504, at *5 (W.D. Wash. Aug. 14, 2024) (emphasis added). Finally, the *Rodriguez* court denied joinder because adding a particular defendant would be futile, but further found that where plaintiff conceded that he could have added that defendant 10 months earlier, joinder after discovery had concluded and both sides had moved for summary judgment would be improper. *Rodriguez v. City of Phoenix*, 2014 WL 1053602, at *6 (D. Ariz. Mar. 19, 2014). That is quite unlike this case, where Plaintiffs

added Said in compliance with a Court order, discovery remains open, and no summary judgment briefing has even been scheduled.

### D. Severing Said's claims would waste party and judicial resources in unnecessarily duplicative proceedings.

Finally, Said is wrong that "the interests of judicial economy and case management mandate dismissal" or severance. Mot. 11. To the contrary, "courts are inclined to find that" where "claims arise out of the same transaction or occurrence," it is likely also true that "the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1187 (C.D. Cal. 2015) (quoting 7 Wright & Miller's Federal Practice & Procedure § 1653 (3d ed. 2014)). "Where severance has been found to facilitate judicial economy, it is often due to factual discrepancies that render a consolidated trial impractical," but where, as here, "Plaintiffs' claims share a high degree of similarity and numerous common questions of law and fact," maintaining the claims in one action "will streamline proceedings, reduce litigation costs for all Parties, and eliminate the need for duplicative discovery and motions." *E.C.*, 2022 WL 4241734, at *7. In such cases, separate proceedings "will not result in judicial economy" but "will produce the opposite and result in inefficiency . . . and will produce a significant amount of extra work. *Id.* (quoting *Schertzer*, 2021 WL 1383164, at *3).

As demonstrated above, *see supra* Part I, this is such a case. Plaintiffs' claims against Said involve (among other things) the illegality of RBLXWild's Robux gambling enterprise, its integration with Roblox's ecosystem, and Plaintiffs' and class members' use of the site, all of which support or are supported by Plaintiffs' claims against Roblox and will rely on the same evidence. This consumer class case is not, as Said argues without support, one in which "resolution of Plaintiffs' claims will require an

individualized inquiry into the state of mind of each Plaintiff and each Defendant." Mot. 12 (quoting *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 368–69 (M.D. Fla. 2013)). Nor is it akin to *Milton v. California*, Said's primary factual analogue, which involved "52 named Plaintiffs, a putative class comprising over 2,700 people, 20 named Defendants, and an unknown number of unidentified Defendants (Does 1-100)," in which "proof required for" disparate groups of plaintiffs' claims had "little in common." 2022 WL 17978802, at *6 (N.D. Cal. Dec. 28, 2022).

Here, two Plaintiffs bring claims on behalf of similarly situated individuals who were harmed by the inextricably linked activities of Roblox and RBLXWild entities that are all effectively alter-egos of Said himself. This is not a case with anything close to the 52 plaintiffs and dozens of defendants in *Milton*, but two plaintiffs and something closer to five defendants: Roblox and the entities/owners associated with each of the four virtual casino defendants.[4] Even if Plaintiffs here need to "prove a specific injury attributable to a particular Defendant," doing so in the context of this small group of Plaintiffs and defendants, with significant legal and factual overlap, would not present the "dozens of mini trials regarding the individual circumstances in which each Plaintiff was injured" that Said fears (let alone his boilerplate references to the distinct factor of "jury confusion," which he fails to argue in the context of this case). Mot. 11-12 (quoting *Milton*, 2022 WL 17978802, at *6).

### E. Dismissal of claims against Said would be improper.

Even if severance were proper, dismissal of claims against Said would be improper because it would prejudice Plaintiffs. As a threshold matter, Said gets it backwards by demanding that claims against him should be "dismissed, or in the alternative, severed." Mot. 3. To the contrary, before deploying dismissal (rather than severance) as a cure to misjoinder, "a court should consider whether the dismissal of the party will prejudice any of the parties in the litigation." *Kenney v. City of San Diego*, 2014 WL

---

[4] The Sass Plaintiffs dismissed their claims following the filing of the SAC. ECF No. 252.

4792951, at *3 (S.D. Cal. Sept. 25, 2014) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838) (1989)). Courts also decline to dismiss where dismissal would "not serve the interests of judicial economy" because it would "compel plaintiff to file a new action to raise his claim." *Abraham v. Howard*, 2016 WL 11755013, at *3 (C.D. Cal. May 4, 2016). Here, because dismissing Said from this action would prejudice Plaintiffs and fail to serve the interests of judicial economy for the reasons stated above, the Court should decline to do so.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny Said's motion to dismiss or sever claims.

DATED: August 28, 2025                           Respectfully submitted,

/s/ Andre M. Mura
**GIBBS MURA LLP**
Andre M. Mura (SBN 298541)
Jake M. Seidman (SBN 347953)
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
amm@classlawgroup.com
jms@classlawgroup.com

James J. Bilsborrow (admitted *pro hac vice*)
Aaron Freedman (admitted *pro hac vice*)
**WEITZ & LUXENBERG PC**
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
jbilsborrow@weitzlux.com
afreedman@weitzlux.com

Christopher D. Jennings (admitted *pro hac vice*)
Tyler B. Ewigleben (admitted *pro hac vice*)
Winston Hudson (admitted *pro hac vice*)
**JENNINGS & EARLEY PLLC**
500 President Clinton Ave, Suite 110

Little Rock, Arkansas 72201
Phone: (501) 255-8569
chris@jefirm.com
tyler@jefirm.com
winston@jefirm.com