UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YANIV DE RIDDER, et al.,

            Plaintiffs,

       v.

ROBLOX CORPORATION, et al.,

            Defendants.

Case No.  23-cv-04146-VC

**ORDER DENYING DEFENDANT SHANE SELINGER'S MOTION TO COMPEL ARBITRATION OR DISMISS THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Re: Dkt. No. 236

Defendant Shane Selinger's Motion to Compel Arbitration or Dismiss is denied. This ruling assumes that the reader is familiar with the facts, the applicable law, and the arguments made by both parties.

*Arbitration*. As the party seeking to compel arbitration, Selinger bears the burden of proving by a preponderance of the evidence that an agreement to arbitrate existed. *Norcia v. Samsung Telecommunications America, LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). As an initial point, the Court is not quite sure how Selinger could show that the plaintiffs—who are children—could be compelled to arbitration. But even before reaching that problem, Selinger has not satisfied his burden to prove that the plaintiffs agreed to arbitrate this dispute.[1]

Selinger has not shown that the plaintiffs had actual notice of Bloxflip's arbitration agreement, so he must establish that the plaintiffs were on "inquiry notice" that the Bloxflip website contained an arbitration agreement.[2] *Berman v. Freedom Financial Network, LLC*, 30

---

[1] The parties agree that either California or Florida law governs whether the parties formed a contract to arbitrate, and that California and Florida apply substantively identical contract formation rules. Dkt. No. 236 at 5 n.4; Dkt. No. 242 at 3 n.3.

[2] Selinger argues that a genuine dispute of fact exists as to whether any of the plaintiffs had actual notice. Dkt. No. 251 at 2-3. But he has not presented any evidence to support the

F.4th 849, 856 (9th Cir. 2022). To create an enforceable agreement based on inquiry notice, the website must provide "reasonably conspicuous notice" of the terms of the agreement. *Id.* Bloxflip's sign-in page provided, in small text underneath a large, bright blue "Sign in" button, a link to the site's "Terms of conditions" [*sic*]. Dkt. No. 150-17 at 3; Dkt. No. 251 at 3. The page gave no indication that the hyperlinked terms included an arbitration clause. Even if that would put a reasonably prudent adult on notice, which the Court doubts it would, it certainly would not put a minor user on notice that they were agreeing to an arbitration clause. *See Doe v. Roblox Corp.*, 602 F.Supp.3d 1243, 1256 (N.D. Cal. 2022) (holding, on similar facts, that a minor plaintiff did not assent to Roblox's arbitration clause). Thus, Selinger has not proven that the plaintiffs agreed to arbitrate their claims against Bloxflip.

*Personal Jurisdiction*. Selinger argues that the plaintiffs' choice to use Bloxflip—a globally available website—from their homes in California cannot give rise to personal jurisdiction over Selinger in California.[3] But that argument was rejected by the Ninth Circuit in *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) (en banc). The Ninth Circuit held that Shopify, a nationally available web platform, purposefully directed its conduct toward California because it exploited a nationwide market (that included California consumers) for commercial gain and was on notice that some of Shopify's consumers were in California. *Id.* at 755-57. The same is true here: the plaintiffs allege that Bloxflip was built to appeal to and make money from Roblox users, including those in California, and that Bloxflip collected geolocation information from users who had linked their Roblox accounts to Bloxflip (such that Bloxflip presumably knew it had users in California). Dkt. No. 184 ¶¶ 92-94. Moreover, Roblox is a California-headquartered company, and the plaintiffs allege that Bloxflip was designed to use Roblox's infrastructure and software and earn money through Roblox's Developer Exchange Program. The plaintiffs have therefore shown that the Court has personal jurisdiction over Selinger, the

---

possibility that the plaintiffs clicked on the site's terms of service and read the arbitration clause.
[3] The Court does not consider Selinger's arguments about L.C. because he is no longer a plaintiff in the case. Dkt. No. 252.

alleged operator of Bloxflip.

Selinger also argues that because the complaint groups the gambling website defendants together, there are no allegations that plaintiffs T.D. and N.S. specifically used Bloxflip or lost money on Bloxflip. Those arguments are rejected for the reasons explained in the Order Denying Defendant Clish's Motion to Dismiss, Dkt. No. 280.

Finally, Selinger argues that the allegations in the "Jurisdiction and Venue" section of the complaint are too general to adequately plead personal jurisdiction for each defendant. But as discussed above, the allegations about Bloxflip's conduct elsewhere in the complaint support personal jurisdiction.

*Failure to State a Claim*. Selinger contends that the arguments raised by Roblox in its Motion to Dismiss, Dkt. No. 208, apply equally to him. But Roblox's arguments about the UCL unlawful prong claims apply uniquely to Roblox, not the gambling website defendants. Roblox's remaining arguments have been mooted because L.C., the only New York plaintiff in the case, is no longer a plaintiff, and because the plaintiffs have agreed to drop the parents' claims.

Selinger's final argument is that the complaint's allegations of liability by "Defendants" are too vague to give Selinger notice of the claims brought against him specifically. But the complaint makes it sufficiently clear that the claims are brought against all the defendants unless stated otherwise—for example, the negligence claim alleges violations only by "Defendant Roblox."

**IT IS SO ORDERED.**

Dated: October 8, 2025

_____
VINCE CHHABRIA
United States District Judge

3