UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANIV DE RIDDER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBLOX CORPORATION, et al.,<br><br>    Defendants. | Case No. 23-cv-04146-VC<br><br>**ORDER DENYING DEFENDANT BORIS SAID, JR.'S, MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 246 |

    The motion to compel arbitration is denied. This ruling assumes that the reader is familiar with the facts, the applicable legal standards, and the arguments made by both parties.

    As the party seeking to compel arbitration, Said bears the burden of proving by a preponderance of the evidence that an agreement to arbitrate existed. *Norcia v. Samsung Telecommunications America, LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). This Court explained in its ruling on Selinger's motion to compel arbitration, Dkt. No. 281, that it doubts the online casino defendants could show that the plaintiffs, who are children, could be compelled to arbitration. And Said's motion has additional problems. Said contends that RBLXWild's website contained a Terms of Service agreement with an arbitration clause, but the arbitration clause he cites to in his motion comes from the Terms of Service for Discord, a completely unrelated website. *See* Dkt. Nos. 246 at 15, 247-1. Said has not offered any evidence of the existence of a RBLXWild arbitration clause and therefore falls far short of satisfying his burden to prove that an arbitration agreement existed.

    Said separately argues that the complaint incorporates by reference RBLXWild's Terms of Service and thus provides evidence of an arbitration agreement, but the complaint merely

includes a now-broken link to RBLXWild's Terms of Service. Dkt. No. 184 at 29. No party has submitted any evidence of the existence of an arbitration clause on RBLXWild's website.

**IT IS SO ORDERED.**

Dated: October 31, 2025

_____
VINCE CHHABRIA
United States District Judge