UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANIV DE RIDDER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBLOX CORPORATION, et al., <br><br> Defendants. | Case No. 23-cv-04146-VC <br><br> **ORDER GRANTING ROBLOX'S MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** <br><br> Re: Dkt. No. 208 |

Roblox's motion to dismiss is granted with respect to the UCL unlawful prong and negligence per se claims. This ruling assumes that the reader is familiar with the facts, the applicable legal standards, the arguments made by both parties, and the Court's orders addressing Roblox's prior motions to dismiss. Dkt. Nos. 65, 66, 108.[1]

**UCL unlawful prong**. The plaintiffs assert that the defendants have violated six different laws, but none of those laws covers Roblox's alleged conduct.

California Penal Code § 337j(a)(1) & (2): The plaintiffs do not allege that Roblox itself is conducting a gambling operation. Instead, they allege that Roblox is perfectly aware that its minor users are gambling their Robux in the online casinos and that Roblox knowingly profits from that gambling when it takes a cut of Robux transactions on its platform. *See* Dkt. No. 65 at 1-2. But Penal Code § 337j(a) appears to apply only to entities who take some sort of affirmative action to facilitate gambling. The statute makes it unlawful to "deal, operate, carry on, conduct, maintain, or expose for play" a controlled game or to receive compensation or a share of the

---

[1] The Court does not address Roblox's arguments about the parents' personal claims because the plaintiffs have dropped those claims. Dkt. No. 231. It also does not address Roblox's argument that L.C. cannot bring UCL claims, because L.C. is no longer a plaintiff in the case. Dkt. No. 252.

revenue for "keeping, running, or carrying on" a controlled game. Each of those terms involves taking an affirmative action in furtherance of a gambling operation.[2] By contrast, the situation alleged here is that Roblox, in the normal course of its operations, is knowingly allowing and profiting from the gambling that's happening in the online casinos, not that Roblox is taking steps to help run the online casinos. Roblox is therefore more akin to a hotel that knows a guest is operating an illicit poker ring in one of its rooms and does not stop it because it's good for business. Section 337j(a) does not seem to cover that kind of conduct, and the Court is not aware of any case law that supports the plaintiffs' understanding of the statute.

And, although the language of Section 337j(a) seems clearly too narrow to cover Roblox's conduct, the Court is also guided by the principle that courts should narrowly construe ambiguous criminal statutes in California. *Harrott v. County of Kings*, 25 Cal. 4th 1138, 1154 (2001); *see also Jane Doe v. Eating Recovery Center LLC*, 2025 WL 2971090, at *6 (N.D. Cal. Oct. 17, 2025). The rule of lenity applies even when the statute is being applied in a civil action. *Harrott*, 25 Cal. 4th at 1154. So, applying the rule of lenity to Section 337j(a), the Court will not read the statute overly broadly to cover Roblox's conduct.

<u>California Penal Code §§ 330a, 330b, & 330.1:</u> The plaintiffs allege that these three statutes, which apply to slot machines and other gambling devices, cover the games played in the online casinos. But the plain language of these statutes seems to apply to physical devices, not games played purely online. Section 330a, for example, applies to people who allow gaming devices to be "placed, maintained, or kept in any room, space, inclosure, or building owned, leased, or occupied by him or her." The other two statutes include similar language, all of which focuses on physical spaces. And, as far as this Court is aware, these statutes have never been applied to games that exist purely online. Instead, all the cases applying these statutes involve games with some type of physical hardware, such as jukeboxes, vending machines, and computer

---

[2] The term "expose for play" could arguably imply less active involvement, but the most natural reading of that term is that it too involves an affirmative action. And "exposes for play" must be read against the backdrop of the other terms listed in the statute, which all connote some sort of affirmative action.

terminals. *See Ochoa v. Zeroo Gravity Games LLC*, 2023 WL 4291650, at *6 (C.D. Cal. May 24, 2023) (compiling cases). Particularly given the rule of lenity (but probably even without it), the Court declines to hold that these statutes cover the games played in the online casinos.

<u>Illegal Gambling Business Act, 18 U.S.C. § 1955, & Unlawful Internet Gambling Enforcement Act, 31 U.S.C. § 5363</u>: The plaintiffs agreed at the Motion to Dismiss Hearing that these federal laws apply only to conduct that is already illegal under state law. *See* Dkt. No. 275 at 34-35. Because the plaintiffs have not sufficiently alleged that Roblox's conduct violated any state law, they have not alleged a violation of federal law either.

**Negligence per se**. The complaint alleges that Roblox, by violating the six laws discussed above, violated its duty to comply with federal and California law and is therefore liable for negligence.[3] But because the plaintiffs have not adequately alleged that Roblox violated federal or California law, their negligence per se claims fail.[4]

**IT IS SO ORDERED.**

Dated: October 31, 2025

_____
VINCE CHHABRIA
United States District Judge

---

[3] The Court does not address L.C.'s negligence per se claim based on violations of New York law, because L.C. is no longer a plaintiff in the case.
[4] Roblox's Request for Judicial Notice, Dkt. No. 209, is denied because the redline comparing the Second Amended Complaint to the First Amended Complaint is not necessary to decide the motion to dismiss.