COOLEY LLP
TIANA DEMAS*
(tdemas@cooley.com)
KEVIN T. CARLSON*
(ktcarlson@cooley.com)
MARIAH YOUNG*
(mayoung@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606-1511
Telephone:    +1 312 881 6500
Facsimile:    +1 312 881 6598

KYLE C. WONG (224021)
(kwong@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA (356226)
(rsaldana@cooley.com)
CAITLIN B. MUNLEY*
(cmunley@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

JESSICA L. TAYLOR (339572)
(jtaylor@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

*Attorneys for Defendant & Cross-Claimant Roblox*
*Corporation* (*Admitted *Pro Hac Vice*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARACELY SOUCEK, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> ROBLOX CORPORATION, *et al.*, <br><br> Defendants. | Case No. 3:23-cv-04146-VC <br><br> **ROBLOX CORPORATION'S:** <br> **(1) ANSWER TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, AND** <br> **(2) FIRST AMENDED CROSS-COMPLAINT** <br><br> Judge: Hon. Vince Chhabria |
| ROBLOX CORPORATION, <br><br> Cross-Claimant, <br><br> v. <br><br> SATOZUKI LIMITED B.V.; RBLXWILD ENTERTAINMENT LLC; RBLX WILD ENTERTAINMENT; STUDS ENTERTAINMENT LTD.; BASED PLATE STUDIOS LLC; and JOHN DOE #1, <br><br> Cross-Defendants. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Defendant and Cross-Claimant Roblox Corporation ("Roblox") previously filed an answer ("Answer") to Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC" or "Complaint") (ECF No. 115) on October 30, 2024. (ECF No. 117). Roblox amended the Answer as of right pursuant to Federal Rule of Civil Procedure 15 and raised cross-claims on November 20, 2024 ("Cross-Claims"). ECF No. 119.  On April 30, 2024, Pursuant to the  Roblox filed a Second Amended Answer and First Amended Cross-Claims pursuant to the Court's order granting Roblox leave to amend its Cross-Claims.  (ECF No. 163.)  Roblox hereby files its Answer to the Second Amended Consolidated Class Action Complaint ("SAC") and First Amended Cross-Claims, Defendant and Cross-Claimant Roblox Corporation ("Roblox"), by and through its undersigned counsel, hereby amends as follows:

**<u>ROBLOX'S ANSWER</u>**

Roblox admits that Plaintiffs have filed the SAC but denies that Plaintiffs are entitled to represent a class or obtain relief.

As to Plaintiffs Aracely Soucek and Nathan Soucek (identified as "N.S." in the SAC), Roblox admits that Plaintiff Aracely Soucek brought this case as next friend of Nathan Soucek because Nathan was a minor when the SAC was filed.  Roblox denies that Aracely Soucek can continue representing Nathan Soucek as next friend given that he is over the age of 18 and thus legally an adult who must pursue his claims in his own name. Roblox denies that Aracely Soucek can bring this case in her individual capacity because she conceded to dismissal of personal claims on July 14, 2025. (ECF No. 231.)

As to Plaintiffs Yaniv De Ridder and T.D., Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the relationship between Yaniv De Ridder and T.D. and whether Yaniv De Ridder has the right to represent T.D. as next friend, and denies the allegations on that basis.

As to Danielle Sass and L.C., Roblox states that these former Plaintiffs have dismissed their claims with prejudice.  ECF No. 250.

Roblox further states that it lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this paragraph and denies them on that basis.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1.     Roblox denies that Plaintiffs are entitled to represent a class or obtain relief. Roblox admits that discovery produced to date shows that De Ridder is T.D.'s father and that Aracely Soucek is Nathan Soucek's mother. Insofar as Plaintiffs contend that Roblox and the other Defendants are "co-conspirators," Roblox responds that the Court dismissed Plaintiffs' civil conspiracy claims. ECF No. 66 at 1. The allegations in this paragraph set forth legal arguments and conclusions for which no response is required. To the extent that any answer is required, Roblox denies the allegations and characterizations in this Paragraph to the extent they relate to Roblox. Roblox lacks sufficient knowledge or information to form a belief as to the allegations to the extent they are made against other Defendants, and on that basis denies them

2.     As to the first sentence, Roblox admits that it is a fast-growing gaming platform, where users can share experiences with each other in immersive, user-generated 3D worlds.[1] As to the second sentence Roblox admits that it is an online gaming platform that allows users to interact with one another and play games, which is free to join and free to download. Roblox further states that Roblox users may purchase Virtual Content on the Roblox Services using Roblox's virtual currency called Robux.

3.     As to the first sentence, Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegation that it "is the largest entertainment website in the world for kids." Roblox states that data as of Q2 for 2024 shows approximately 79.5 million daily active users. As to the second sentence, Roblox admits that its most recent Form 10K filed on February 21, 2024 states that 49% of its users self-report being under 18. Roblox denies that "more than half of all users" on the platform are "under the age of 13" as data from Q2 2024 shows that approximately 58% are users are aged 13 or older.[2]

4.     Roblox admits that in the referenced YouTube video published on July 31, 2020, Roblox provided "our best estimates that around three quarters of the 9-12 year olds in the United States right now are hanging out on Roblox on a monthly basis." No response is required to the

---

[1] *See* Roblox, Helping Families Thrive on Roblox, available here:
https://corporate.roblox.com/parents/
[2] *See* Roblox, Opening Keynotes | RDX 2024, YouTube, at 8:58 (Sept. 6, 2024), available here:
https://www.youtube.com/watch?v=gYjYJmf3_wA&t=3s.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    remainder of this allegation, which reflects Plaintiffs' characterizations of the cited video.  To the

2    extent a response is required, Roblox denies the characterizations of the substance of the video.

3        5.    Denied.

4        6.    Denied.

5        7.    The allegations in this paragraph purport to characterize statements made by

6    unidentified "agencies" and "groups" to which no response from Roblox is required.  Roblox states

7    that the document cited in footnote 2 speaks for itself and denies Plaintiffs' characterizations of the

8    substance of the document.

9        8.    The allegations in this paragraph purport to characterize "press articles" by third

10   parties to which no response from Roblox is required.  Roblox further states that the document cited

11   in footnote 3 speaks for itself and denies Plaintiffs' characterizations of the substance of the

12   document.

13       9.    Roblox denies the allegations in this paragraph that pertain to Roblox. Roblox lacks

14   sufficient knowledge or information to form a belief as to the truth of the allegations concerning

15   co-Defendants.

16       10.   Roblox admits that, subject to Roblox's Terms of Use and Community Standards,

17   users may purchase Virtual Content on Roblox's Services for use on Roblox's Services. "Virtual

18   Content" and "Services" are defined in Roblox's Terms of Use.  The Roblox help article referenced

19   in Paragraph No. 10 speaks for itself, and Roblox denies Plaintiffs' characterization of the article.

20       11.   Roblox admits that Robux may be purchased using a credit card, digital payment

21   service such as Apple Pay, or Roblox gift card, among other methods.  Roblox admits that Robux

22   can be used to acquire Virtual Content on Roblox's Services.

23       12.   Roblox denies Plaintiffs' allegations characterizing why Roblox allows adults to

24   purchase Robux.  Roblox admits that an individual must be at least 18 years old to use a credit card,

25   bank card, or other online payment method like Apple Pay to purchase Robux from Roblox.  Roblox

26   admits that a user may redeem a Robux gift card for Robux.  Roblox denies the remaining

27   allegations in this paragraph.

28       13.   Roblox states that the allegations in this paragraph concern fraud-based claims that

Cooley LLP
Attorneys at Law
San Francisco

4

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

the court has dismissed with prejudice and without leave to amend. *See* ECF No. 65 at 8-9 ("The complaint advances a series of claims premised on allegations that Roblox misrepresented its platform to consumers as free from gambling …. The plaintiffs do not allege that there are any gambling-like experiences on Roblox's site itself."); ECF No. 108 at 1-3 (dismissing fraud-based claims with prejudice and without leave to amend). To the extent a further response is required, Roblox states that the Roblox Community Standards cited in footnote 5 (which Plaintiffs incorrectly refer to as Roblox's Terms of Service in the Paragraph 13) speak for themselves. Roblox denies Plaintiffs' characterizations of the Community Standards.

14. As to the first sentence, Roblox states that the allegations in this paragraph concern fraud-based claims that the court has dismissed with prejudice and without leave to amend and denies them on that basis. *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. As to the second sentence, Roblox denies that it "in fact" "allows third-party gambling websites to use the Roblox website to accept online bets using Robux." Roblox lacks sufficient knowledge or information to form a belief as to the truth of Plaintiffs' characterization that the third-party websites are "highly popular" and on that basis denies it. The allegations in this paragraph otherwise set forth legal conclusions or arguments to which no response is required. To the extent a further response is required, Roblox denies Plaintiffs' characterization that Roblox "allows" and/or "facilitates" conduct by Defendants Satozuki, Studs, Based Plate, Spatic, RBLXWild and RBLXWild 2. As discussed below, Roblox has taken actions against the third-party websites since at least 2019, as discovery produced to Plaintiffs shows.

15. Roblox states that the allegations in this paragraph concern fraud-based claims that the court has dismissed with prejudice and without leave to amend and denies them on that basis. *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. To the extent a response is required, Roblox denies Plaintiffs' characterizations in this paragraph about Roblox and Robux.

16. Roblox states that the allegations in this paragraph concern fraud-based claims that the court has dismissed with prejudice and without leave to amend. *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. The allegations in this paragraph otherwise contain legal conclusions or arguments to which no response is required. To the extent a response is required, Roblox denies the allegations

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

in this paragraph.

17.    Roblox denies this allegation as this Complaint itself shows that the alleged transactions occur on third-party websites off of the Roblox platform.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

18.    Roblox admits that it has records of user-to-creator transactions on the Roblox Services in which users exchange Robux for Virtual Content.  Such data shows, among other things, the Roblox user accounts that engaged in the transactions.  Roblox otherwise denies Plaintiffs' characterizations.

19.    As to the first sentence, Roblox denies Plaintiffs' allegations characterizing Roblox's transaction data regarding user-to-creator transactions for Virtual Content that occur on the Roblox Services.  Roblox denies that it "allows illicit gambling" by any user.  As to the second sentence, Roblox denies that the alleged transactions "require" its "affirmative support to continue." Plaintiffs have produced documents that squarely contradict the allegation that "all of the gambling transactions require Roblox's affirmative support to continue." As Plaintiffs are aware from their own use of the third-party websites at issue, Plaintiffs deposited cryptocurrency and gift cards issued by other retailers, and used other methods to obtain "gambling credits" that did not involve an exchange of Robux for anything.  As to the third sentence, Roblox denies that it "profits" from the alleged transactions.  Roblox lacks sufficient information or knowledge to form a belief as to the truth of Plaintiffs' characterization that the challenged transactions are "to the detriment of its users."  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

20.    As to the first sentence, Rolox denies Plaintiffs' characterizations about a purported "process."  Roblox admits that Robux can be purchased on the Roblox website with a credit card or debit card, among other payment methods, and that users may redeem gift cards for Robux.  When a user purchases Robux via a credit card or another online payment method, the user must agree to the Roblox Terms of Use.  When the user first submits payment information, the user

Cooley LLP
Attorneys at Law
San Francisco

6

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

confirms that "you are at last 18 years old."[3] If a user redeems a Roblox credit as the payment method, the user confirms that "By redeeming your code, you represent that you, and your parent or legal guardian if you are under age 18, agree to our Terms of Use including the arbitration clause and Gift Card Terms & Conditions and acknowledge our Privacy Policy."4 As to the second sentence, Roblox admits that the alleged third-party websites are not part of Roblox's Services. As to the third and fourth sentences, Roblox denies that a user can "link" their Robux wallet to the third-party off-platform websites at issue or that the third-party websites "convert" Robux to non-Robux. As to the fifth sentence, Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies Plaintiffs' characterizations of Roblox's transaction data and purported "knowledge." Roblox admits that it has records of user-to-creator transactions for Virtual Content that occur on the Roblox Services and denies that Roblox can see what the third-party websites are doing on their own separate platforms.

21.     Roblox admits a user must navigate off the Roblox Services to access the third-party off-platform websites. Roblox admits that its Terms of Use prohibit users from using, acquiring, or distributing Robux except through the Services and as expressly allowed by Roblox under its Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

22.     Roblox admits that exchanges of Robux in user-to-creator transactions for Virtual Content may occur only on the Roblox Services. Roblox denies that it "allows" the third-party off-platform websites "to establish a Robux exchange within the Roblox ecosystem." Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

23.     Roblox denies the allegations about it. Roblox lacks sufficient knowledge or

---

[3] *E.g*, Roblox, Secure Payment Method – Credit Card, https://www.roblox.com/upgrades/xsollapayment?ap=470&paymentMethod=XsollaCreditDebitCards.
[4] *E.g.*, Roblox, Secure Payment Method - Roblox Credit, https://www.roblox.com/upgrades/redeem?ap=470&pm=redeemCard&selectedUpsellProductId=0.

Cooley LLP
Attorneys at Law
San Francisco

7

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

1    information to form a belief as to the truth of the remainder of the allegations in this paragraph as

2    they relate to the other Defendants and on that basis denies them. Plaintiffs' characterizations about

3    purported "gambling" are legal conclusions to which no response is required, but to the extent a

4    response is required, Roblox denies them.

5         24.    Roblox denies that the alleged "exchange" occurs with its "knowledge and active

6    support." Roblox admits that its Terms of Use prohibit users from using, acquiring, or distributing

7    Robux except through the Services and as expressly allowed by Roblox under its Terms of Use.

8    Roblox denies Plaintiffs' characterizations of Robux being "cashed out," which are incomplete. As

9    discussed below, Roblox admits that developers in the Roblox Developer Exchange ("DevEx")

10    program may be eligible to cash out earned Robux subject to various requirements.

11         25.    Denied.

12         26.    Denied.

13         27.    Denied. As Roblox's Terms of Use state, "Robux are not a substitute for real

14    currency, do not earn interest, and have no equivalent value in real currency."[5] Roblox lacks

15    sufficient knowledge or information to form a belief as to the truth of the remainder of the

16    allegations in this paragraph as they relate to the other Defendants and on that basis denies them.

17    Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response

18    is required, but to the extent a response is required, Roblox denies them.

19         28.    Denied. Furthermore, insofar as Plaintiffs contend that Roblox "concocted an illegal

20    gambling ring" with the other Defendants, Roblox states that, due to factual and legal deficiencies,

21    the Court (1) has dismissed Plaintiffs' civil conspiracy claims, ECF No. 66 at 1, and (2) has

22    dismissed Plaintiffs' claims against Roblox concerning alleged violations of federal and California

23    gambling statutes, ECF No. 294.

24         29.    Roblox denies that Nathan Soucek is still a minor. Roblox lacks sufficient

25    knowledge or information to form a belief as to the truth of the allegations in this paragraph as to

26    other Defendants, "Plaintiffs' minor children," and unnamed individuals, and on that basis denies

27    _____

28    [5]

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

them. Roblox denies that it has taken any "cut of the money" allegedly obtained by the third-party websites. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

30.    The allegations in this paragraph set forth legal conclusions or arguments to which no response is required. Roblox denies that Plaintiffs are entitled to represent a class or to obtain any relief.

31.    Roblox denies that Nathan Soucek (referred to as "N.S.") is a still minor because he has reached the age of majority. Roblox denies that Aracely Soucek may represent him as next friend. Roblox admits that Plaintiffs represent that Aracely Soucek and Nathan Soucek are citizens and residents of California.

32.    Roblox admits that Plaintiffs represent that Yaniv De Ridder is a resident of California and the parent and next friend of T.D., who Plaintiffs represent is a minor who is a resident of Belgium.

33.    Roblox states that the allegations in this paragraph concern Danielle Sass and L.C., whose claims Plaintiffs dismissed with prejudice. ECF No. 250. Roblox denies the allegations on that basis.

34.    Roblox admits that it is a corporation incorporated in the State of Delaware. Roblox admits that its principal place of business is presently located at 3150 S. Delaware St., San Mateo, California 94403. Roblox further admits that it conducts and transacts business in the Northern District of California and throughout the United States.

35.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required. Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

36.    On information and belief, Roblox responds that it understands Defendant Paul M. Clish created, owned, and operated the defunct RBXFlip website. On information and belief, Roblox responds that it understands Mr. Clish used the online moniker "STR4T." Roblox responds that it understands Mr. Clish resided in San Antonio, Texas as of January, 2025. Roblox lacks

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox otherwise denies all legal arguments and conclusions.

37.    Roblox admits that, in December 2023 responses and objections to a subpoena directed to him when he was a non-party, Defendant Clish identified Julian Durak as the "managing director" of Satozuki Limited B.V. and stated his belief that Mr. Durak resides in Spain. Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

38.    Roblox admits that, in December 2023 responses and objections to a subpoena directed to him when he was a non-party, Defendant Clish identified Patrick Dietz as "investor, owner, operator, employee, or agent" of Satozuki Limited B.V. or RBXFlip. Roblox admits that it understands an individual with the online moniker of "PD" provided support to RBXFlip and was an owner of the company that owned RBXFlip. On information and belief, Roblox understands that "PD" owns and operates Adurite Limited ("Adurite"). Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

39.    Roblox admits that it understands Adurite is a corporate entity located in the British Virgin Islands. Roblox admits that it understands Adurite to be a black market site that purports to sell Roblox Limiteds, which is conduct that violates the Roblox Terms of Use and infringes on Roblox's intellectual property. Roblox admits that it understands Adurite can be contacted the following email address: business@adurite.com. Roblox otherwise denies Plaintiffs' characterizations.

40.    Roblox admits that it understands Studs Entertainment Ltd. ("Studs") was a foreign company registered to do business in Cyprus. Roblox understands that the Bloxflip website identified Studs as the corporate owner and operator of the website from on or around July 2022 until approximately August 2024. Roblox denies Plaintiffs' characterizations in this paragraph. The allegations in this paragraph otherwise set forth legal arguments and conclusions to which no response from Roblox is required.

Cooley LLP
Attorneys at Law
San Francisco

10

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

41.     Roblox admits that it understands Base Plate Studios LLC ("Based Plate") is a foreign company registered in St. Vincent and the Grenadines.  Upon information and belief, Based Plate has the same members as Studs, was created because of this lawsuit, and has owned and operated Bloxflip since at least August 2024.  Roblox lacks knowledge or information sufficient to form a belief as to the truth of the "successor" allegation. The allegations in this paragraph otherwise set forth legal arguments and conclusions to which no response from Roblox is required.

42.     As to the first sentence, Roblox admits that it understands Spatic LLC was incorporated in Delaware and also registered in Massachusetts from 2021 through October 24, 2025 (when Mr. Selinger filed a certificate of withdrawal with Massachusetts).  As to the second sentence, Roblox understands that, based on documents produced by Spatic, Carolyn Selinger was identified in said documents as Spatic's manager and Mr. Selinger was identified as Spatic's member.   As to the third sentence, Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.  The allegations in this paragraph otherwise set forth legal arguments and conclusions to which no response from Roblox is required.

43.     Admitted that Roblox understands Shane Selinger is a U.S. citizen.  On information and belief, Roblox responds that it understands Mr. Selinger co-owned or operated Studs, Spatic, Based Plate, and the Bloxflip website.  On information and belief, Roblox responds that it understands Mr. Selinger uses the online moniker "Psy" and was based in Massachusetts.  Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

44.     On information and belief, Roblox responds that it understands that Aristeidis Stathoulopoulos is a foreign citizen who co-owned and operated Studs, Based Plate, and Bloxflip.com. On information and belief, Roblox understands that Mr. Stathoulopoulos used the online moniker "Aris."  Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

45.     Admitted that Roblox understands RBLXWild Entertainment LLC was a limited

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

liability corporation organized under the laws of Delaware that owned and operated the website RBLXWild. The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required. Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

46.    Admitted that Roblox understands RBLX Wild Entertainment was a limited liability corporation organized under the laws of Wyoming that owned and operated the website RBLXWild. The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required. Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

47.    Admitted that Roblox understands that Boris Said, Jr. resides in California and owned or operated RBLXWild. Admitted that Roblox understands Mr. Said, Jr. was the president, chairman, treasurer, and secretary of RBLX Wild. The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required. Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

48.    Admitted that Roblox understands that Nicholas Carlo resides in California and owned or operated RBLXWild. The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required. Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

49.    Admitted that Roblox understands that John Doe #1 is an unknown individual who owned and operated the website referred to Bloxmoon. On information and belief, John Doe #1 owns and operates the entity that acquired RBLXWild, which has owned and operated the website RBLXWild.com since at least July 2024. Roblox otherwise denies Plaintiffs' characterizations.

50.    The allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Roblox states that it lacks sufficient information or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

knowledge to form a belief as to the contention that this putative class action satisfies the minimum amount in controversy of $5,000,000 necessary for this Court to exercise any jurisdiction over the claims asserted in this case and on that basis denies the allegation. Roblox further states that it lacks sufficient information or knowledge to form a belief as to the remaining allegations and denies them on that basis.

51.    The allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Roblox admits that its principal place of business is located in California. Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to any other Defendant and on that basis denies them.

52.    The allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, the allegations as to Roblox are denied. Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as to any other Defendant and on that basis denies them.

53.    Roblox denies Plaintiffs' allegations characterizing Roblox. Roblox further states that the cited document speaks for itself and denies Plaintiffs' characterizations of the substance of the document.

54.    Denied.

55.    Roblox states that the Court has already rejected Plaintiffs' allegations concerning a purported "illegal gambling enterprise," *see* ECF No. 65 at 1-2, and denies the allegation on that basis. Roblox denies Plaintiffs' allegations characterizing Roblox. Roblox further states that the cited documents speak for themselves and denies Plaintiffs' characterizations of the substance of the documents. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

56.    As to the first sentence, Roblox states that the Court has already determined that "the complaint fails to plead the existence of a conspiracy that includes Roblox." ECF No. 66 at 1. Roblox denies that it "act[s] in concert" with any other Defendant and denies the remainder of the sentence. As to the second sentence, Roblox denies Plaintiffs' characterization of the Roblox Services. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

remainder of the allegations in this paragraph as they relate to the other Defendants and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

57. Denied.

58. Roblox states that the Court has already rejected Plaintiffs' allegations concerning a purported "illegal gambling enterprise," *see* ECF No. 65 at 1-2, and denies the allegation on that basis. Roblox denies the allegations in this paragraph about itself and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

59. As to the first sentence, Roblox admits that it was founded in 2004 by David Baszucki and Erik Cassel. Roblox admits that the Roblox platform officially launched on September 1, 2006. As to the second sentence, Roblox admits that it operates a free to use immersive platform for connection and communication where people come to create, play, work, learn, and connect with each other in experiences built by Roblox's global community of creators. Roblox lacks sufficient information or knowledge to form a belief as to the factual contention that the Roblox platform was "built by a platform of nearly 7 million developers." Roblox admits that data as of Q2 2024 shows that the Roblox Services have an estimated 2.5 million developers. As to the third sentence in this paragraph, Roblox states that the cited article in footnote 9 speaks for itself and denies Plaintiffs' characterization of the substance of the document.

60. As to the first sentence, Roblox states that the Roblox Services include the Roblox Client and Roblox Studio. As to the second sentence, Roblox states that the Roblox Client allows users to explore the Roblox Services through a customizable avatar. As to the third sentence, Roblox states that the Roblox Studio is a free software tool available to all Roblox users, which can be used to create, develop, modify, operate, and publish 3D Experiences, Virtual Content, and other user-generated content ("UGC") on the Services, as explained in Roblox's Terms of Use. As to the fourth sentence, Roblox states that users may use Roblox Studio to create Virtual Content (which includes all Virtual Items and In-Experience Items, as defined in Roblox's Terms of Use), which they can sell to other Roblox users for Robux. As to the fifth sentence, Roblox states that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

users can purchase Virtual Content on Roblox's Marketplace using Robux, the official currency of Roblox. Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency.

61.     As to the first sentence, Roblox denies Plaintiffs' characterizations of the Roblox platform. Roblox admits that Robux is the official currency of Roblox. As to the second sentence, Roblox admits that Roblox's Services are free and denies that "nearly all experiences require the user to spend Robux in order to participate in the activities on the platform." Roblox further states that only a small portion of Roblox's users have historically been payers.

62.     As to the first sentence, Roblox admits that Robux may be purchased via Roblox's Services in various quantities through authorized methods. As to the second sentence, Roblox states that Robux can be used to acquire Virtual Content (which includes all Virtual Items and In-Experience Items, as defined in Roblox's Terms of Use) on Roblox's Services. As to the third sentence, Roblox denies Plaintiffs' characterizations of the Roblox Developer Exchange ("DevEx") Program as incomplete. The DevEx Program allows creators to become eligible to exchange their Earned Robux for real world currency only if they satisfy numerous requirements.[6]

63.     Roblox admits the allegations in the first sentence insofar as it refers to the sale of Robux by Roblox. As to the second sentence, Roblox admits that, unless the Robux are refunded, Roblox takes at least 30% of Robux exchanged in all user-to-creator transactions, and denies the remainder of the allegation.

64.     As to the first sentence, Roblox denies Plaintiffs' characterization of Robux and Roblox's Services. As to the second sentence, Roblox states that the Roblox March 2022 Quarterly Report speaks for itself and denies Plaintiffs' characterization of the substance of the document.

65.     Roblox admits the allegations in the first and second sentences of this paragraph. As to the third sentence, Roblox admits it has records of user-to-creator transactions for Virtual Content on the Roblox Services. Roblox denies Plaintiffs' characterization of Roblox's knowledge.

66.     As to the first and second sentence, Roblox denies Plaintiffs' characterizations of

---

[6] *See* Developer Exchange Terms of Use, § 2, available here: https://en.help.roblox.com/hc/en-us/articles/115005718246-Developer-Exchange-Terms-of-Use.

Cooley LLP
Attorneys at Law
San Francisco

15

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Robux and denies that "Robux have actual monetary value." As Roblox's Terms of Use state, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency."[7] As to the third sentence, Roblox admits that users can purchase Robux on the Roblox platform using a credit or debit card. Roblox admits that it currently has Roblox packages in the United States of 500 Robux for $4.99 and 1,000 Robux for $9.99.[8] As to the fourth sentence, Roblox admits that a user may subscribe to Robux Premium to receive a monthly allowance of Robux. While the user does not have to be over 18, the individual who purchases the Robux Premium subscription must agree that they are over 18 years of age[9].

67.    Denied.

68.    Roblox denies Plaintiffs' characterizations in this paragraph. Roblox admits that, in 2013, it launched the DevEx Program which allows developers who meet specific criteria to be eligible to cash out Robux earned on the Roblox Services for real world currency at a rate set by Roblox.

69.    Roblox denies Plaintiffs' characterizations in this paragraph as to the DevEx Program. Contrary to the first sentence, only Earned Robux are eligible to be converted to real world currency, which also requires the developer to be eligible to participate in the DevEx Program. Roblox admits that only DevEx participants may exchange Earned Robux for real money, subject to the requirements of the DevEx Program.[10] Roblox denies the remainder of the paragraph.

70.    As to the first sentence, Roblox lacks sufficient information or knowledge to form a truth as to the belief of Plaintiffs' characterization of the motivations of third parties and on that basis denies the characterization. As to the second sentence, Roblox admits that DevEx developers earned $538.3 million in 2021.[11]

71.    Denied.

---

[7] *See* Roblox Terms of Use, § 3.a, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

[8] See Roblox, Buy Robux, https://www.roblox.com/upgrades/robux (last accessed Nov. 10, 2025).

[9] *Id.*

[10] *See* Developer Exchange Terms of Use, available at: https://en.help.roblox.com/hc/en-us/articles/115005718246-Developer-Exchange-Terms-of-Use.

[11] https://s27.q4cdn.com/984876518/files/doc_financials/2021/q4/Q4-2021-SH-letter-formatted-02.15.22.pdf at PDF 6/11

Cooley LLP
Attorneys at Law
San Francisco

16

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

72.    Denied.  As to the "in conjunction" language, Roblox further states that the Court has already determined that "the complaint fails to plead the existence of a conspiracy that includes Roblox."  ECF No. 66 at 1.

73.    Denied.

74.    Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

75.    Denied. Roblox further states that the Court has already determined that "the complaint fails to plead the existence of a conspiracy that includes Roblox."  ECF No. 66 at 1.

76.    Denied.

77.    Roblox incorporates its responses to paragraphs 35 through 49.  Roblox states, on information and belief, that Bloxflip's co-founders incorporated Studs in Cyprus and Based Plate in St. Vincent and the Grenadines to avoid detection and shield themselves and the company from liability in the United States.  Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.  The allegations in this paragraph otherwise set forth legal arguments and conclusions to which no response from Roblox is required.

78.    Roblox denies that the third-party websites or Defendants are registered with the Roblox DevEx Program and on that basis denies Plaintiffs' contention that these third parties are "allow[ed] to exchange Robux acquired from" any Roblox user "for real-world currency."

79.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants and on that basis denies the allegation.  The allegations in this paragraph otherwise set forth legal arguments and conclusions to which no response from Roblox is required.

80.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants and on that basis denies the allegation. Roblox notes that its Terms of Use prohibit users from using, acquiring, or distributing Robux except

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

through the Services and except as expressly allowed by Roblox under its Terms of Use.

81.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants and on that basis denies the allegation. Roblox notes that its Terms of Use prohibit users from using, acquiring, or distributing Robux except through the Services and except as expressly allowed by Roblox under its Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

82.    Roblox denies the first sentence in this paragraph and notes that the Court has already determined that "the complaint fails to plead the existence of a conspiracy that includes Roblox." ECF No. 66 at 1. As to the second sentence, Roblox admits that its Terms of Use prohibit users from using, acquiring, or distributing Robux except through the Services and except as expressly allowed by Roblox under its Terms of Use. Roblox denies that other Defendants "cash out" Robux because the other Defendants are not part of the DevEx Program. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

83.    Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence paragraph—particularly because one of the websites, RBXFlip, has not been in operation since the case was filed, and because the allegedly "substantially similar interfaces" is a matter of opinion, not fact. Roblox also lacks sufficient knowledge or information to form a belief about the ease with which a Roblox user can sign up for an account on the third-party websites. Roblox denies providing any method for users to "link" their Roblox accounts to the third-party websites. Roblox's Terms of Use prohibit users from sharing or disclosing their login credentials to others, except for Guardians in the case of a Minor User.[12] Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

84.    This paragraph purports to make factual characterizations about the other

_____
[12] See Roblox, Terms of Use, § 2.b, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Defendants and contains no allegations against Roblox and thus no response by Roblox is required.

2   To the extent a response is required, Roblox states that it lacks sufficient information or knowledge

3   to form a belief as to the truth of the allegation and on that basis denies it.

4          85.    Roblox denies Plaintiffs' allegations in this paragraph, and notes that the Complaint

5   elsewhere alleges that Robux cannot leave the Roblox Services.  Roblox further states that the

6   conduct alleged in this paragraph violates Roblox's Terms of Use, which prohibit users from

7   sharing their credentials with third parties and from using, acquiring, or distributing Robux except

8   through the Services and except as expressly allowed by Roblox under its Terms of Use.  Plaintiffs'

9   characterizations about purported "gambling" are legal conclusions to which no response is

10  required, but to the extent a response is required, Roblox denies them.

11         86.    Roblox denies the allegation suggesting that Roblox's popularity provided users

12  "with funds to gamble" because Robux have no monetary value.  As stated in Roblox's Terms of

13  Use, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent

14  value in real currency."[13]  Roblox lacks sufficient information or knowledge to form a belief as to

15  the truth of Plaintiffs' characterization regarding the "online audience" of the alleged third-party

16  websites and on that basis denies the allegation.  Plaintiffs' characterizations about purported

17  "gambling" are legal conclusions to which no response is required, but to the extent a response is

18  required, Roblox denies them.

19         87.    Robux denies that Robux are "transferrable funds." As set forth in Roblox's Terms

20  of Use, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent

21  value in real currency." In addition, "Robux cannot be redeemed for any fiat currency, and Roblox

22  is not obligated to exchange a User's Robux for anything else of value"[14]  Roblox further states

23  that any use by a Roblox user of a third-party website to "transfer" Robux violates Roblox's Terms

24  of Use.

25         88.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of

26

27  [13] *See* Roblox, Terms of Use, § 3.a, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.
28  [14] *See* Roblox, Terms of Use, § 3.a, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

the allegations in this paragraph, which concerns the other Defendants, and denies them on that basis. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

89.    Roblox lacks sufficient knowledge or information to form a belief as to allegations in this paragraph, which concern the other Defendants, and denies them on that basis.  Plaintiffs' characterizations about purported "gambling" and "gambling games" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

90.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required.

91.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required.

92.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

93.    Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them. Roblox denies that Roblox users could "link" their Roblox accounts to the third-party off-platform websites. Roblox's Terms of Use prohibit users from sharing or disclosing their login credentials to others, except for Guardians in the case of a Minor User.[15]

94.    Roblox denies that Nathan Soucek is a "Minor Plaintiff."  The allegations in the remainder of this paragraph set forth legal arguments and conclusions to which no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

95.    Denied.

---

[15] *See* Roblox, Terms of Use, § 2.b, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

Cooley LLP
Attorneys at Law
San Francisco

20

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

96.    As to the first sentence, Roblox denies Plaintiffs' allegation that RBXFlip "operate[d] with Roblox."  Roblox admits that RBXFlip first appeared on the internet in 2019. Roblox admits that it suspected Defendant Clish launched RBXFlip.  Roblox admits that "RBX" is a common abbreviation for Roblox and denies ever permitting RBXFlip to use this name.  As Plaintiffs are aware from discovery, Roblox sent multiple takedown notices to RBXFlip's hosting providers beginning in 2019, made a referral to law enforcement in 2022, and instituted a holding period for limited items that caused RBXFlip to shut down in July 2023, before this case was filed. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations characterizing the design and dependence of RBXFlip and denies them on that basis. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

97.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation as it relates to another Defendant whose site no longer exists and on that basis denies the allegation.

98.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation as it relates to another Defendant whose site no longer exists and on that basis denies the allegation.

99.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation as it relates to another Defendant whose site no longer exists and on that basis denies the allegation.  The allegation that the games on RBXFlip "allow[ed] players to bet Robux" reflects conduct that violates Roblox's Terms of Use, and Plaintiffs elsewhere allege that Robux "never leave Roblox's website." ¶ 21.  Plaintiffs' characterizations about purported "bets" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

100.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation as it relates to another Defendant whose site no longer exists and on that basis denies the allegation.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

101.   Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation as it relates to another Defendant whose site no longer exists and on that basis denies the allegation.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

102.   Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation as it relates to another Defendant whose site no longer exists and on that basis denies the allegation.  Roblox states that the cited YouTube video speaks for itself and denies Plaintiffs' characterizations of it.   Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

103.   Roblox denies the characterizations about Roblox and Robux in this paragraph. Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations about another Defendant or a purported "storage bot" and on that basis denies them.  To the extent a further response is required, Roblox states that the cited YouTube video speaks for itself and denies Plaintiffs' characterizations of it.  As to the second sentence, Roblox denies Plaintiffs' characterization of Roblox's knowledge, and states that the conduct alleged violates Roblox's Terms of Use.  As to the third sentence, Roblox denies that RBXFlip, or any purported RBXFlip storage bot is or was a part of the DevEx Program.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

104.   Roblox admits that participants in its Developer Exchange program must provide certain information to Roblox to ensure eligibility in the program, including their legal name, a verified email address, and a W-9 tax form. Roblox otherwise denies Plaintiffs' characterizations in this paragraph.

105.   Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation and on that basis denies it.

106.   Roblox admits only that a Roblosecurity cookie is generated on a user's browser or device when a user visits the Roblox Services, subject to Roblox's Privacy and Cookie Policy.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Roblox denies that a Roblox user's cookie can be "linked to another website," and on that basis denies that it "tracks" or has "knowledge" of such a link. Roblox further denies that Robux are transferred to RBXFlip, and states that Roblox's Terms of Use prohibit users from using, acquiring, or distributing Robux except through the Services and except as expressly allowed by Roblox under its Terms of Use. Plaintiffs' characterizations about a purported "illegal online casino" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

107.   Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox denies Plaintiffs' characterization regarding the alleged use of Robux. Roblox further states that the conduct alleged in this paragraph concerning purported placement of "bets using their Robux" violates Roblox's Terms of Use.

108.   Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

109.   As to the first sentence, Roblox denies the allegation. On July 14, 2023, Roblox instituted a change to the holding period for transactions of virtual items. Within days, RBXFlip became non-operational and has remained non-operational since then despite multiple factual contentions contained in the multiple complaints filed in the case that have falsely stated and suggested otherwise.

As to the second sentence, Roblox admits that it made takedown requests in or around April 2019, March 2020, July 2020, January 2021, February 2021, April 2021, May 2021, June 2021, October 2021, February 2022, March 2022, and January 2023, requesting that the provider(s) hosting RBXFlip shut the website down. Roblox denies the remainder of Plaintiffs' characterizations in the second sentence and the third sentence. Roblox further states that it made multiple abuse reports to RBXFlip's website hosting providers that the site abused the providers' Terms of Service. Roblox denies the remainder of Plaintiffs' characterizations in the second

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    sentence and the third sentence.

2        110.    Roblox incorporates its responses to paragraphs 36 through 38.  Roblox states that

3    the cited YouTube video speaks for itself and denies Plaintiffs' characterizations of it.  Roblox

4    otherwise lacks sufficient information or knowledge to form a belief as to the truth of the allegations

5    in this paragraph as they relate to other Defendants and on that basis denies them.

6        111.    The allegations in this paragraph set forth legal arguments and conclusions to which

7    no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a

8    belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on

9    that basis denies them.

10        112.    Roblox lacks knowledge or information sufficient to form a belief as to the truth of

11    the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

12        113.    Roblox incorporates its response to paragraph 35.  As to footnote 24, Roblox admits

13    that during his deposition (when he was a non-party), Defendant Clish did not provide substantive

14    answers to questions concerning Satozuki.  Roblox otherwise lacks knowledge or information

15    sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other

16    Defendants and on that basis denies them.  The allegations in this paragraph otherwise set forth

17    legal arguments and conclusions to which no response from Roblox is required.

18        114.    The allegations in this paragraph set forth legal arguments and conclusions to which

19    no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a

20    belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on

21    that basis denies them.

22        115.    The allegations in this paragraph set forth legal arguments and conclusions to which

23    no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a

24    belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on

25    that basis denies them.

26        116.    The allegations in this paragraph set forth legal arguments and conclusions to which

27    no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a

28    belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1   that basis denies them.

2          117.   The allegations in this paragraph set forth legal arguments and conclusions to which

3   no response from Roblox is required. Roblox lacks knowledge or information sufficient to form a

4   belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on

5   that basis denies them. Roblox further states that the cited YouTube videos cited in footnotes 26

6   and 27 speak for themselves and denies Plaintiffs' characterizations of them. Roblox also denies

7   Plaintiffs' allegation that the referenced Defendants could "generate[]" any  "Robux in fees"

8   through an off-platform website.  Roblox further denies Plaintiffs' allegation about converting said

9   "Robux in fees" into a monetary value.

10         118.   Roblox lacks knowledge or information sufficient to form a belief as to the truth of

11  the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

12  Roblox further states that RBXFlip.com became non-operational shortly after Roblox instituted a

13  change to the holding period for transactions of limited items on July 14, 2023 and has remained

14  non-operational since then.

15         119.   Roblox lacks knowledge or information sufficient to form a belief as to the truth of

16  the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

17         120.   Roblox admits that the Bloxflip website is not operational.  Roblox otherwise lacks

18  sufficient information or knowledge to form a belief as to the truth of the allegations in this

19  paragraph as they relate to another Defendant and on that basis denies them.

20         121.   Roblox lacks sufficient information or knowledge to form a belief as to the truth of

21  the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

22  To the extent a further response is required, Roblox states that Bloxflip's Terms speak for

23  themselves and denies Plaintiffs' characterizations of the substance of them.  Roblox further states

24  that any purported use of Robux on Bloxflip violates Roblox's Terms of Use.

25         122.   Roblox lacks sufficient information or knowledge to form a belief as to the truth of

26  the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

27  To the extent a further response is required, Roblox states that Bloxflip's FAQ speak for themselves

28  and denies Plaintiffs' characterizations of the substance of them.  Roblox further states that any

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

purported use of Robux on Bloxflip violates Roblox's Terms of Use.

123.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox further states that the allegation fails to acknowledge that the cropped screenshot included with allegation identifies multiple ways to purportedly "deposit" on Bloxflip, including use of credit cards, debit cards, crypto, gift cards, fiat currency, and blox.land.  Insofar as the Bloxflip FAQ purport to refer to Robux, Roblox states that the purported ability to "deposit" Robux on the site violates Roblox's Terms of Use.

124.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that the Bloxflip homepage and YouTube video cited in footnote 20 speak for themselves, and denies Plaintiffs' characterizations of the substance of them.  Roblox further states that any purported use of Robux on Bloxflip violates Roblox's Terms of Use.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

125.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them. Roblox further states that sharing Roblox credentials with third-parties is a violation of Roblox's Terms of Use.

126.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. To the extent a further response is required, Roblox denies that Bloxflip has any right or ability to "offer[] free Robux" to anyone.  As Roblox makes clear, "[*t*]*here is no such thing as free Robux* or membership offers, tricks, or codes.  If a person, video, website, or game tries to tell you there is one, this is a scam and a violation of our Terms of Use."[16] (emphasis added).  Plaintiffs'

---

[16] *See* Roblox, Free Robux or Membership Generators, available here:
https://en.help.roblox.com/hc/en-us/articles/204262550-Free-Robux-or-Membership-Generators.

characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

127.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and other third parties, and on that basis denies them.  Roblox states that the TikTok video cited in footnote 32 speaks for itself and denies Plaintiffs' characterizations of the substance of the video.  Roblox further states that the conduct alleged in the TikTok video violates Roblox's Terms of Use.

128.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox further states that any purported use of Robux on Bloxflip violated Roblox's Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

129.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that, contrary to the factual contention asserted in this paragraph, the Bloxflip Terms of Service did not contain the phrase referenced in this allegation, nor did they refer to cashing out purported "Robux."  In any event, Roblox denies that any user could "cashout" Robux through Bloxflip because Robux have no real-world value.  Any purported use of Robux on Bloxflip in this manner violated Roblox's Terms of Use.

130.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that there were no Robux on Bloxflip that could be "withdrawn" from that site. Moreover, Roblox's Terms of Use prohibit users from using, acquiring, or distributing Robux except through the Services and as expressly allowed by Roblox under its Terms of Use.  Any purported use of "Robux" on Bloxflip in the manner alleged violated Roblox's Terms of Use.

131.    Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations about another Defendant or purported "storage bots" and on that basis denies them.  Plaintiffs' characterizations about purported

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

"gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

132.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that the cited YouTube video speaks for itself and denies Plaintiffs' characterization of the substance of the video.  As to the last sentence, Roblox denies the allegation. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

133.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

134.    Roblox incorporates its response to paragraphs 40 and 41.  Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

135.    Roblox incorporates its responses to paragraphs 40, 41, 43, and 44.  Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

136.    Roblox incorporates its responses to paragraph 43.  Roblox states that the YouTube video cited in footnote 36 speaks for itself and denies Plaintiffs' characterizations of the substance of the video.  Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

137.    Roblox incorporates its response to paragraph 38.  Roblox states that the YouTube video cited in footnote 37 speaks for itself and denies Plaintiffs' characterizations of the substance of the video. Roblox further states that the conduct alleged in the YouTube video violates Roblox's Terms of Use.  Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

denies them.

138.    Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

139.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

140.    Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

141.    Roblox incorporates its response to paragraph 40.  The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

142.    Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

143.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

144.    Admitted that in or around December 2024, Bloxflip's website became non-operational with the exception of purported "refund" process.  Specifically, on or around, December 9, 2024, the Bloxflip homepage displayed a shutdown notice, which stated, in relevant part, that "the legal team representing ROBLOX has begun to apply pressure compelling us to cease operations." Roblox states it sent a cease and desist letter to Bloxflip on November 14, 2024 and brought cross-claims against Based Plate and Studs on November 20, 2024.  ECF No. 119.  Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

145.    The allegations in this paragraph set forth legal arguments and conclusions to which

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

146.    Roblox incorporates its response to paragraph 47.  Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

147.    Roblox incorporates its response to paragraph 48.  Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

148.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

149.    Roblox incorporates its responses to paragraphs 45 and 46.  Roblox otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.  The allegations in this paragraph otherwise set forth legal arguments and conclusions to which no response from Roblox is required.

150.    Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

151.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

152.    The allegations in this paragraph set forth legal arguments and conclusions to which no response from Roblox is required.  Roblox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

153.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that the RBLXWild homepage spoke for itself and denies Plaintiffs' characterization of its substance.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

154.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph because they relate to another Defendant and on that basis denies them.

155.    Roblox denies the allegations about it.  Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations about another Defendant or a purported "storage bot" and on that basis denies them.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

156.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that the cited webpage in footnote 38 speaks for itself and denies Plaintiffs' characterizations of its substance.

157.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox further states that there were no Robux on RBLXWild that could be "withdrawn." Moreover, Roblox's Terms of Use prohibit users from using, acquiring, or distributing Robux except through the Services and as expressly allowed by Roblox under its Terms of Use.  Any purported use of "Robux" on RBLXWild in this manner violated Roblox's Terms of Use.

158.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them.

159.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and other third parties, and on that basis denies them.  To the extent a further response is necessary, Roblox states that the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

YouTube videos cited in footnotes 39–41 speak for themselves and denies Plaintiffs' characterizations of the substance of these videos. Roblox further states that the conduct alleged in these videos violates Roblox's Terms of Use.

160.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. Roblox states that the alleged use of "Robux" to "wager" in RBLXWild violated Roblox's Terms of Use. Roblox denies the remainder of the allegations about it.

161.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. To the extent a further response is necessary, Roblox states that the YouTube video cited in footnote 42 speaks for itself and denies Plaintiffs' characterizations of the substance of the video.

162.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to other Defendants and on that basis denies them.

163.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph as they relate to another Defendant and on that basis denies them. To the extent a further response is necessary, Roblox states that the YouTube video cited in footnotes 43 and 44 speaks for itself and denies Plaintiffs' characterizations of the substance of the video.

164.    Roblox admits that it understands Bloxmoon launched in or around November 2022. Roblox otherwise lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

165.    Roblox admits that it understands Bloxmoon asked users to enter their Roblox credentials or Roblosecurity cookies, but also gave users the option to create an account without doing either. Roblox further states that its Terms of Use prohibit users from sharing or disclosing

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

their login credentials to others, except for Guardians in the case of a Minor User.[17]  Roblox further states that the alleged conduct regarding "deposits of Robux and/or Roblox items" violated Roblox's Terms of Use, which states that "Roblox does not recognize or take responsibility for third-party services that allow Users to sell, transfer, purchase, or otherwise use Robux or Virtual Content, and any such use by a User is a violation of the Roblox Terms."[18]  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

166.    Roblox admits that it understands the owner of Bloxmoon acquired the RBLXWild website.  Roblox otherwise lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants and on that basis denies them.

167.    Roblox states that the pages on the Bloxmoon and RBLXWild websites spoke for themselves.  Roblox otherwise lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants and on that basis denies them.

168.    Roblox incorporates its response to paragraph 49.  Roblox admits that it understands that the Bloxmoon website did not identify a corporate entity.  Roblox otherwise lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants and on that basis denies them.

169.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants and on that basis denies them. Roblox further states that the alleged conduct regarding the "deposit" of Robux on RBLXWild.com and Bloxmoon.com violated Roblox's Terms of Use, because Robux may only be used on the Roblox Services consistent with Roblox's Terms of Use.

170.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to another Defendant and on that basis denies them.  Roblox states that its Terms of Use prohibit users from sharing or disclosing their login credentials to others.

---

[17] See Roblox, Terms of Use, § 2.b, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.
[18] Roblox, Roblox Terms of Use, § 3.d, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

171.    Roblox denies the allegations about it.  Roblox further states that "gambling credits" do not exist on the Roblox platform and on that basis denies the first sentence.  Roblox otherwise lacks sufficient information or knowledge to form a belief as to the truth of the allegations about another Defendant or a purported "storage bot" and on that basis denies them.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

172.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations concerning alleged losses on a third-party website and on that basis denies them.  Roblox states that there were no Robux on Bloxmoon that could be "withdrawn" from that site.  Moreover, Roblox's Terms of Use prohibit users from using, acquiring, or distributing Robux except through the Services and as expressly allowed by Roblox under its Terms of Use.  Any purported use of Robux on Bloxmoon in the manner alleged violates Roblox's Terms of Use.  Roblox further states that the article cited in Footnote 45 speaks for itself and denies Plaintiffs' characterization of the substance of that article.

173.    Denied.  Roblox further states that, due to factual and legal deficiencies, the Court (1) has dismissed Plaintiffs' civil conspiracy claims, ECF No. 66 at 1, and (2) has dismissed Plaintiffs' claims against Roblox concerning alleged violating of federal and California gambling statutes, ECF No. 294.

174.    Denied.

175.    Roblox admits the allegation in the first sentence.  As to the remainder of this paragraph, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants and third parties and on that basis denies them.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

176.    Denied.

177.    As to this paragraph, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to other Defendants, a hypothetical user, and a hypothetical transaction, and on that basis denies them.  As to the fourth sentence, Roblox further

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

denies that a user may simply "transfer" Robux from one account to another. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

178.    As to this paragraph, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to other Defendants, a purported "stock" account, a hypothetical user, and a hypothetical transaction, and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

179.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to other Defendants, a purported "stock" account, a hypothetical user, and a hypothetical transaction, and on that basis denies them. Roblox further states that the purported "Robux" in these alleged websites are illegitimate. As stated in Roblox's Terms of Use, "Roblox does not recognize or take responsibility for third-party services that allow Users to sell, transfer, purchase, or otherwise use Robux or Virtual Content, and any such use by a User is a violation of the Roblox Terms."[19] Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

180.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to a hypothetical user and a hypothetical transaction, and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

181.    As to this paragraph, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to a hypothetical user and a hypothetical transaction, and on that basis denies them. As to the second sentence, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegation that the "item or experience" is "useless" or a "dummy" and on that basis denies the allegation.

---

[19]  Roblox, Roblox Terms of Use, § 3.d, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

Cooley LLP
Attorneys at Law
San Francisco

35

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

182.    As to this paragraph, Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to a hypothetical user and on that basis denies them.  As to the second sentence, denied. Unless the Robux are refunded, Roblox receives at least 30% of the Robux exchanged in every user-to-creator transaction for Virtual Content that occurs on the Roblox Services.

183.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to a hypothetical user and a hypothetical transaction, and on that basis denies them.

184.    Roblox lacks sufficient information or knowledge to form a belief as to the truth of the allegations because they relate to a hypothetical user and a hypothetical transaction, and on that basis denies them.  Roblox denies Plaintiffs' characterization of the "30% fee" in this paragraph because, unless the Robux are refunded, Roblox receives at least 30% of the Robux exchanged in every user-to-creator transaction for Virtual Content that occurs on the Roblox Services.

185.    Denied.

186.    Roblox admits that its annual revenue in 2023 was approximately $2.8 billion and that it earned revenue from sales of Robux.  Roblox denies that it receives revenue from merely collecting at least 30% of the Robux on user-to-creator transactions for Virtual Content that occur on the Roblox Services.

187.    As to the first sentence, Roblox denies the allegation.  As Roblox's Terms of Use state, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency."[20]  As to the second sentence, Roblox denies Plaintiffs' characterizations and refers to its prior responses.

188.    Denied.

189.    Denied.

190.    Denied as to Roblox. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph with respect to conduct by third parties or

---

[20] *See* Roblox Terms of Use, § 3.a, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

Cooley LLP
Attorneys at Law
San Francisco

36

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

1    third-party websites.

2        191.    Denied.

3        192.    Roblox denies Plaintiffs' allegations in this paragraph, which mischaracterize filings

4    by the plaintiff in *Jane Doe v. Roblox Corporation*, 3:21-cv-03943-WHO (N.D. Cal.).  Specifically,

5    the plaintiff (not Roblox) moved for preliminary approval of a class settlement in that case.  *Id.*

6    ECF No. 83.  The motion explains that "the proposed Settlement Class contains a specific exclusion

7    for a limited number of accounts who lost content for which they spent more than 80,000 Robux,

8    worth over $1,000," which the plaintiff's motion characterized as a "laundering exclusion."  *Id*. at

9    6:27-7:1.  The proposed settlement agreement to which Roblox agreed does not refer to a purported

10    "laundering exclusion."  Instead, the agreement explains that the settlement class excluded, among

11    other things, "the individuals who own the accounts identified in Exhibit D … a list of 311 accounts

12    that Roblox has determined spent over 80,000 Robux (equating to over $1,000) on moderated items

13    and falls into one or more of these three categories: (1) the account used Robux to acquire the same

14    virtual item multiple times, (2) the account used Robux to acquire a virtual item after that item had

15    already been moderated, or (3) the account created a virtual item and then used Robux to acquire it

16    themselves."  *Id*. ECF No. 54-1, at 54-1 at 8:20-25.  Roblox lacks sufficient information or

17    knowledge to form a belief as to Plaintiffs' allegations regarding other Defendants and on that basis

18    denies them.

19        193.    Roblox denies Plaintiffs' allegation of a "'laundering exclusion' class" in the

20    proposed settlement in *Doe v. Roblox Corporation*, 3:21-cv-03943-WHO (N.D. Cal.), on the basis

21    of Roblox's response to paragraph 192.  Roblox lacks sufficient information or knowledge to form

22    a belief as to Plaintiffs' allegations regarding other Defendants and on that basis denies them.

23    Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response

24    is required, but to the extent a response is required, Roblox denies them.

25        194.    As to the first sentence, Roblox denies Plaintiffs' allegation on the basis of Roblox's

26    response to paragraph 192.  As to the second sentence, Roblox admits that, unless the Robux are

27    refunded, Roblox receives at least 30% of the Robux exchanged in a user-to-creator transaction for

28    Virtual Content that occurs on the Roblox Services, and denies Plaintiffs' characterizations.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1      195.    Denied.

2      196.    As to this paragraph, Roblox lacks sufficient information or knowledge to form a

3   belief as to the truth of the allegation as it relates to other Defendants and on that basis denies the

4   allegation.  Roblox denies that "Robux" could be wagered in the third-party off-platform websites.

5   Roblox further denies that any purported "Robux" referenced in this allegation had any monetary

6   value.    Roblox states that the YouTube video speaks for itself and denies Plaintiffs'

7   characterizations of the substance of it.  Plaintiffs' characterizations about purported "gambling"

8   are legal conclusions to which no response is required, but to the extent a response is required,

9   Roblox denies them.

10     197.    Roblox states that the YouTube video speaks for itself and denies Plaintiffs'

11  characterizations of the substance of it.  Roblox denies that "Robux" can be wagered in the third-

12  party websites.  Roblox further denies that any purported "Robux" referenced in this allegation had

13  any monetary value and denies Plaintiffs' pure speculation regarding the purported "amount of

14  Robux bet" on RBXFlip.

15     198.    Denied.

16     199.    As to the first sentence, Roblox states that the social media post cited in this

17  paragraph speaks for itself and denies Plaintiffs' characterizations of the substance of the post.  As

18  to the remainder of the paragraph, Roblox denies Plaintiffs' characterizations of Roblox's

19  interactions with KreekCraft, as such interactions speak for themselves.

20     200.    As to this entire paragraph, Plaintiffs' characterizations about Roblox's actual or

21  constructive knowledge and purported "gambling" are legal conclusions to which no response is

22  required, but to the extent a response is required, Roblox denies them.  As to the second sentence,

23  Roblox further denies that it "did nothing" and denies Plaintiffs' characterization that Roblox made

24  "significant profit" from RBXFlip.

25     201.    As to the first sentence, Roblox states that the social media post cited in this

26  paragraph speaks for itself and denies Plaintiffs' characterizations of the substance of the post.  As

27  to the second sentence, Roblox denies Plaintiffs' characterization that it "monitors" Roblox Trading

28  News.  Roblox admits that its Twitter account follows the Twitter of Roblox Trading News.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

202.    Roblox states that the social media post cited in this paragraph speaks for itself and denies Plaintiffs' characterizations of the substance of the post.

203.    Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations and characterizations in this paragraph with respect to conduct by third parties or third-party websites. Roblox further states that the screenshots included in this paragraph speak for themselves and denies Plaintiffs' characterizations of them.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Roblox admits that Plaintiffs contend that Aracely Soucek is the parent and next friend of Nathan Soucek, whom Plaintiffs contend is a minor residing in California. Roblox denies that Nathan Soucek is a minor because he has reached the age of majority. Because Nathan Soucek is no longer a minor, he must directly pursue his own claims in his name. Aracely Soucek cannot represent him as next friend. Roblox admits that Plaintiffs have identified in discovery Roblox accounts Plaintiff Nathan Soucek purportedly uses. As to the allegation that Nathan used "his own user-created account" Roblox states that, insofar as any account was created when Nathan Soucek was a minor, the Roblox Terms of Use require that a minor's "PARENT OR LEGAL GUARDIAN MUST READ AND CONSENT TO THE ROBLOX TERMS."[21]  The Terms of Use further provide that "BY PERMITTING A MINOR TO USE THE SERVICES, A MINOR'S PARENT OR GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE RESPONSIBLE FOR ALL OF THE MINOR'S ACTIVITIES ON THE SERVICES, INCLUDING THE PURCHASE OF ANY VIRTUAL CONTENT."[22]  The remaining allegations in this paragraph are legal arguments and conclusions to which no response is required.

209.    Roblox denies that Nathan Soucek is a minor because he has reached the age of

---

[21] *See* Roblox Terms of Use, available here: Introduction, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

[22] *Id.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

39

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

majority. Roblox admits that Plaintiffs have identified in discovery Roblox accounts that Plaintiff Nathan Soucek purportedly uses and discovery shows that such accounts purchased Robux. Insofar as Robux were purchased when Nathan Soucek was minor, Roblox states that, pursuant to its U.S. Terms and Conditions for Roblox Gift Cards, an individual "must be 18 years or older to redeem [Gift] Cards. If you are not 18 years or older, you must obtain the consent of your parent or guardian to redeem Cards."[23] The remaining allegations are legal arguments and conclusions to which no response is required.

210.    Roblox denies that Nathan Soucek is a minor because he has reached the age of majority. Roblox lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations in this paragraph, and notes that the allegation vaguely refers to "in-game currency," not Robux. To the extent the phrase "in-game currency" purports to refer to Robux, Roblox states that Robux may only be used on the Roblox Services consistent with Roblox's Terms of Use. Any purported use by Nathan Soucek of Robux to engage in alleged "gambling" violated Roblox's Terms of Use. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

211.    Roblox denies that Nathan Soucek is a minor because he has reached the age of majority. Roblox denies that Nathan Soucek "paid money" to off-platform third-party websites through Roblox. Roblox further states that any use by Nathan Soucek of the Roblox Services in this manner violated Roblox's Terms of Use. Roblox admits that Plaintiffs have produced documents in discovery that purport to show activity on Bloxflip by Nathan Soucek, but Plaintiffs have not identified any such activity on RBXFlip despite the contrary allegation. Roblox otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Nathan Soucek's use of the alleged websites and on that basis denies them. Plaintiffs'

---

[23] Roblox, U.S. TERMS AND CONDITIONS FOR ROBLOX GIFT CARDS AND CREDITS § 7, available here: https://en.help.roblox.com/hc/en-us/articles/15062225302804-U-S-TERMS-AND-CONDITIONS-FOR-ROBLOX-GIFT-CARDS-AND-CREDITS#:~:text=You%20must%20be%2018%20years,Unauthorized%20Use%20of%20Credits.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

40

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

212.    Roblox denies that Nathan Soucek is a minor because he has reached the age of majority.  Roblox further states that any use by Nathan Soucek of Robux in this manner violated Roblox's Terms of Use.  Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Nathan Soucek's use of the alleged websites and on that basis denies them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

213.    Roblox denies that Nathan Soucek is a minor because he has reached the age of majority.  Roblox denies that Nathan Soucek "wager[ed]" Robux in third-party websites off of the Roblox platform.  Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations about Aracely Soucek's purported lack of awareness of her son's online activities and on that basis denies them.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

214.    Roblox denies that Nathan Soucek is a minor because he has reached the age of majority. Roblox states that the allegations in the paragraph concern the personal claims of Aracely Soucek, for which she conceded to dismissal.  ECF No. 231.  To the extent a further response is necessary, Roblox lacks sufficient knowledge or information to form a belief as to the truth of the allegations about Aracely Soucek's purported efforts "to prevent" Nathan Soucek from accessing certain websites or to "redress harms caused by said access," and on that basis denies them. Plaintiffs' characterizations about purported "gambling" and are legal conclusions to which no response is required, but to the extent a response is required, Roblox denies them.

215.    Roblox denies that Nathan Soucek is a minor because he has reached the age of majority. Roblox states that the allegations in the paragraph concern the personal claims of Aracely Soucek, for which she conceded to dismissal.  ECF No. 231.  To the extent a further response is necessary, Roblox denies the allegations against it. Roblox lacks sufficient knowledge or information to form a belief as to allegations related to Aracely Soucek's purported "pain and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    suffering," and on that basis denies them.

2        216.    Roblox denies that Nathan Soucek is a minor because he has reached the age of

3    majority. Roblox states that the allegations in this paragraph concern fraud-based claims that the

4    court has dismissed with prejudice and without leave to amend and denies them on that basis. *See*

5    ECF No. 65 at 8-9; ECF No. 108 at 1-3.  To the extent a further response is required, Roblox lacks

6    sufficient knowledge or information to form a belief as to the truth of the allegations in this

7    paragraph and on that basis denies them.  Plaintiffs' characterizations about purported "gambling"

8    are legal conclusions to which no response is required, but to the extent a response is required,

9    Roblox denies them.

10        217.    Roblox admits that Plaintiffs contend that Yaniv De Ridder is a resident of

11    California, whom Plaintiffs contend is the parent and next friend of T.D., whom Plaintiffs in turn

12    contend is a minor residing in Belgium. Roblox lacks sufficient information or knowledge to admit

13    or deny whether Mr. De Ridder has any legal right to assert claims on behalf of T.D., who resides

14    with his mother in Belgium.  Roblox understands that T.D. has not resided in California since 2020.

15    Roblox admits that Plaintiffs have identified in discovery Roblox accounts Plaintiff T.D.

16    purportedly uses. As to the allegation that T.D. uses "his own user-created account," Roblox states

17    that the Roblox Terms of Use require that a minor's "PARENT OR LEGAL GUARDIAN MUST

18    READ AND CONSENT TO THE ROBLOX TERMS."[24]  The Terms of Use further provide that

19    "BY PERMITTING A MINOR TO USE THE SERVICES, A MINOR'S PARENT OR

20    GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE

21    RESPONSIBLE FOR ALL OF THE MINOR'S ACTIVITIES ON THE SERVICES, INCLUDING

22    THE PURCHASE OF ANY VIRTUAL CONTENT."  *Id.*  The remaining allegations in this

23    paragraph are legal arguments and conclusions to which no response is required.

24        218.    Based on discovery produced to-date (including discovery produced prior to the

25    filing of the SAC), Roblox denies that T.D. created and used each of his Roblox accounts while

26    residing in California.  Roblox further states that said discovery shows that the factual allegation in

27

28    _____
[24] *See* Roblox Terms of Use, available here: Introduction, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

Cooley LLP
Attorneys at Law
San Francisco

42

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

the paragraph is inaccurate and misleading. To the extent a further response is required as to the allegation that T.D. "created" his Roblox accounts, Roblox states that the Roblox Terms of Use require that a minor's "PARENT OR LEGAL GUARDIAN MUST READ AND CONSENT TO THE ROBLOX TERMS."[25] The Terms of Use further provide that "BY PERMITTING A MINOR TO USE THE SERVICES, A MINOR'S PARENT OR GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE RESPONSIBLE FOR ALL OF THE MINOR'S ACTIVITIES ON THE SERVICES, INCLUDING THE PURCHASE OF ANY VIRTUAL CONTENT." *Id.*

219.    Roblox admits that Plaintiffs have identified Roblox accounts that they contend are Plaintiff T.D.'s Roblox accounts, and discovery shows that such accounts purchased Robux. Roblox states that, pursuant to its U.S. Terms and Conditions for Roblox Gift Cards, an individual "must be 18 years or older to redeem [Gift] Cards. If you are not 18 years or older, you must obtain the consent of your parent or guardian to redeem Cards."[26] The remaining allegations are legal arguments and conclusions to which no response is required. Roblox further states that the allegation does not allege whether T.D. made all or some of said purchases in Belgium, where he resides, or in California.

220.    Roblox states that the allegation is misleading insofar as it refers to T.D.'s "home in California" because T.D. resides in Belgium with his non-plaintiff mother. To the extent "in-game currency" refers to Robux, Roblox denies that T.D. only used Robux in California on the basis of discovery produced prior to the filing of the SAC. This discovery also renders misleading the factual allegation in this paragraph. Roblox further states that Robux may only be used on the Roblox Services consistent with Roblox's Terms of Use. Any purported use by Minor Plaintiff T.D. of Robux to engage in alleged "gambling" violated Roblox's Terms of Use. If "in-game currency" refers to something other than Robux, Roblox lacks sufficient knowledge or information

---

[25] See Roblox Terms of Use, available here: Introduction, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

[26] Roblox, U.S. TERMS AND CONDITIONS FOR ROBLOX GIFT CARDS AND CREDITS § 7, available here: https://en.help.roblox.com/hc/en-us/articles/15062225302804-U-S-TERMS-AND-CONDITIONS-FOR-ROBLOX-GIFT-CARDS-AND-CREDITS#:~:text=You%20must%20be%2018%20years,Unauthorized%20Use%20of%20Credits.

Cooley LLP
Attorneys at Law
San Francisco

43

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    to form a belief as to the truth of the factual allegations in this paragraph. Plaintiffs'

2    characterizations about purported "gambling" are legal conclusions to which no response is

3    required, but to the extent a response is required, Roblox denies them.

4          221.    Roblox denies that T.D. "paid money" to off-platform third-party websites through

5    Roblox. Roblox further states that any use by T.D. of the Roblox Services or his Roblox account

6    and credentials in this manner violated Roblox's Terms of Use. Roblox lacks sufficient knowledge

7    or information to form a belief as to the truth of the allegations regarding T.D.'s use of the alleged

8    websites and on that basis denies them. Plaintiffs' characterizations about purported "gambling"

9    are legal conclusions to which no response is required, but to the extent a response is required,

10   Roblox denies them. Roblox further states that the allegation does not state the location from which

11   T.D. "used [or] paid money" to these third-party sites, and notes that T.D has resided in Belgium

12   since 2020.

13         222.    Based on discovery produced to-date (including discovery produced prior to the

14   filing of the SAC), Roblox denies that T.D. engaged in the alleged conduct only in California, if at

15   all, because T.D. resides in Belgium with his non-plaintiff mother. Plaintiffs' characterizations

16   about purported "gambling" are legal conclusions to which no response is required, but to the extent

17   a response is required, Roblox denies them.

18         223.    Roblox denies that T.D. "lost" Robux playing games in third-party websites off of

19   the Roblox platform. Roblox further states that any use by T.D. of Robux in this manner violated

20   Roblox's Terms of Use. Roblox lacks sufficient knowledge or information to form a belief as to

21   the truth of the allegations regarding T.D.'s use of the alleged websites and on that basis denies

22   them. Plaintiffs' characterizations about purported "gambling" are legal conclusions to which no

23   response is required, but to the extent a response is required, Roblox denies them. Roblox further

24   states that the paragraph does not allege whether T.D. "lost" Robux in Belgium, where he resides,

25   or in California.

26         224.    Roblox denies that T.D. "wager[ed]" Robux in third-party websites off of the

27   Roblox platform. Roblox lacks sufficient knowledge or information to form a belief as to the truth

28   of the allegations about Yaniv De Ridder's purported lack of awareness of his son's online

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

44

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    activities—including any activities that occurred in Belgium where T.D. resides—and on that basis

2    denies them.  Plaintiffs' characterizations about purported "gambling" are legal conclusions to

3    which no response is required, but to the extent a response is required, Roblox denies them.

4        225.    Roblox states that the allegations in the paragraph concern the personal claims of

5    Yaniv De Ridder, which have been dismissed.  ECF No. 231. Roblox lacks sufficient knowledge

6    or information to form a belief as to the truth of the allegations about Yaniv De Ridder's purported

7    efforts "to prevent" T.D. from accessing certain websites or to "redress harms caused by said

8    access," and on that basis denies them. Plaintiffs' characterizations about purported "gambling"

9    and any associated harms to T.D. are legal conclusions to which no response is required, but to the

10   extent a response is required, Roblox denies them.

11       226.    Roblox states that the allegations in the paragraph concern the personal claims of

12   Yaniv De Ridder, which have been dismissed.  ECF No. 231.  Roblox denies the allegations against

13   it. Roblox lacks sufficient knowledge or information to form a belief as to allegations related to

14   Yaniv De Ridder's purported "pain and suffering" and on that basis denies them.

15       227.    Roblox states that the allegations in this paragraph concern fraud-based claims that

16   the court has dismissed with prejudice and without leave to amend and denies them on that basis.

17   *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3.  To the extent a further response is required, Roblox

18   further denies that Yaniv De Ridder would have taken "different actions" with respect to T.D.'s use

19   of the Roblox platform for the alleged off-site conduct because discovery (including discovery that

20   Plaintiffs provided to Roblox before filing the SAC) has demonstrated that T.D. continued to use

21   Roblox and the other Defendants' websites even after De Ridder discovered T.D.'s use of the

22   Defendants' websites. Plaintiffs' characterizations about purported "gambling" are legal

23   conclusions to which no response is required, but to the extent a response is required, Roblox denies

24   them.

25       228.    Roblox states that the allegations in this paragraph concern Plaintiffs whose claims

26   have been dismissed with prejudice and denies them on that basis. *See* ECF No. 250.

27       229.    Roblox states that the allegations in this paragraph concern Plaintiff L.C., whose

28   claims have been dismissed with prejudice.  ECF No. 250.  Roblox denies the allegations on that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

45

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    basis.

2        230.    Roblox states that this paragraph appears to be a copy-and-paste error because it

3    concerns T.D. but is placed under the header "Danielle Sass and Minor Plaintiff. L.C."  To the

4    extent the allegation concerns L.C., Roblox states that the Court has dismissed his claims with

5    prejudice, ECF No. 250, and denies the allegations on that basis.  To the extent the allegation

6    concerns T.D., Roblox incorporates its response to paragraph 221.

7        231.    Roblox states that the allegations in this paragraph concern Plaintiff L.C., whose

8    claims have been dismissed with prejudice.  ECF No. 250.  Roblox denies them on that basis.

9        232.    Roblox states that the allegations in this paragraph concern Plaintiffs Sass and L.C.,

10    whose claims have been dismissed with prejudice.  ECF No. 250.  Roblox denies the allegations

11    on that basis.

12        233.    Roblox states that the allegations in this paragraph concern Plaintiffs Sass and L.C.,

13    whose claims have been dismissed with prejudice. ECF No. 250.  Roblox denies the allegations on

14    that basis.

15        234.    The allegations in this paragraph are legal arguments and conclusions regarding

16    class certification to which no response is required. Roblox further denies the paragraph insofar as

17    it concerns a purported "New York Class" because no named Plaintiff resides in New York, and

18    no claims under New York law remain in this case. To the extent a further response is required,

19    Roblox denies the allegation.

20        235.    The allegations in this paragraph are legal arguments and conclusions regarding

21    class certification to which no response is required. Roblox further denies the paragraph insofar as

22    it concerns a purported "New York Class" because no named Plaintiff resides in New York and no

23    claims under New York law remain in this case.  To the extent a response is required, Roblox denies

24    the allegations and denies that a class can be certified in this case.

25        236.    The allegations in this paragraph are legal arguments and conclusions regarding

26    class certification to which no response is required.  To the extent a response is required, Roblox

27    denies the allegations and denies that a class can be certified in this case.

28        237.    The allegations in this paragraph are legal arguments and conclusions to which no

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

46

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

response is required.  To the extent a response is required, Roblox denies that Plaintiffs may reserve an alleged right to modify or amend any alleged class definition.  The deadline to move for leave to amend under Rule 15 lapsed on September 2, 2025.

238.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required.  To the extent a response is required, Roblox denies the allegations and denies that a class can be certified in this case.

239.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required.  To the extent a response is required, Roblox denies the allegations and denies that a class can be certified in this case.

240.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a further response is required, Roblox states that the Court dismissed the Plaintiffs' UCL unlawful prong claim because Plaintiffs failed to allege that Roblox had violated state or federal gambling laws, including California Penal Code §§ 330a, 330b, and 330.1, 18 U.S.C. § 1955, and 31 U.S.C. § 5363.[27]  ECF No. 294.  Roblox denies the allegations related to those claims in this paragraph on that basis.  Roblox further states that the Court dismissed Plaintiffs' negligence per se claim and any claims for injunctive relief, and denies the allegations related to those claims in this paragraph on that basis. See ECF 294; ECF 108.  To the extent a further response is required, Roblox denies the allegations.

241.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required.  To the extent a response is required, Roblox denies the allegations.

242.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required.  To the extent a response is required, Roblox denies the allegations.

243.    The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required.  To the extent a response is required, Roblox denies the allegations.

---

[27] Roblox states that the SAC refers to a non-existent statute, specifically, "31 U.S.C. § 5633."

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

47

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

244. The allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations.

245. The allegation in this paragraph is a legal argument and conclusion to which no response is required. To the extent a response is required, Roblox denies the allegation.

246. Roblox incorporates its responses to all foregoing allegations as if fully set forth.

247. Roblox states that the Court dismissed Plaintiffs' UCL unlawful prong claim as to Roblox, ECF No. 294, and denies the allegations on that basis. Roblox further states that the allegations in this paragraph are legal arguments and conclusions regarding class certification to which no response is required. To the extent a response is required, Roblox denies the allegations.

248. Roblox states that the Court dismissed Plaintiffs' UCL unlawful prong claim as to Roblox, ECF No. 294, and denies the allegations on that basis. Roblox further states that the allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies the allegations.

249. Roblox states that the Court dismissed Plaintiffs' UCL unlawful prong claim as to Roblox, ECF No. 294, and denies the allegations on that basis. Roblox further states that the allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

250. Roblox states that the Court dismissed Plaintiffs' UCL Unlawful Prong claim as to Roblox, ECF No. 294, and denies the allegations on that basis. Roblox further states that the allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, the allegations are denied. Roblox further denies that Plaintiffs have any right to allege other purported violations of law.

251. Roblox states that the Court dismissed Plaintiffs' UCL Unlawful Prong claim as to Roblox, ECF No. 294, and denies the allegations on that basis. Roblox further states that the allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

48

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    them.

2        252.    Roblox states that the Court dismissed Plaintiffs' UCL Unlawful Prong claim as to

3    Roblox, ECF No. 294, and denies the allegations on that basis.  Roblox further states L.C. has

4    dismissed his claims with prejudice, ECF No. 250, and denies the allegation as to him on that basis

5    as well.  Roblox also states that the allegations in this paragraph are legal arguments and

6    conclusions to which no response is required.  To the extent any response is required, Roblox denies

7    that Plaintiffs or any putative Class Members are entitled to restitution from Roblox, and denies the

8    remainder of the allegations about it.  Roblox lacks sufficient information or knowledge as to the

9    allegations relating to other Defendants and on that basis denies them.

10        253.    The allegations in this paragraph are legal arguments and conclusions to which no

11    response is required.  To the extent a response is required, Roblox incorporates its responses to all

12    foregoing allegations as if fully set forth.

13        254.    The allegations in this paragraph are legal arguments and conclusions to which no

14    response is required.  To the extent a response is required, Roblox denies that Plaintiffs may pursue

15    this claim on a class-wide basis.

16        255.    The allegations in this paragraph are legal arguments and conclusions to which no

17    response is required.  To the extent a response is required, Roblox denies the allegations.

18        256.    The allegations in this paragraph are legal arguments and conclusions to which no

19    response is required.  To the extent a response is required, Roblox states that Cal. Bus. & Prof.

20    Code § 17200 speaks for itself.

21        257.    The allegations in this paragraph are legal arguments and conclusions to which no

22    response is required.  To the extent any response is required, Roblox denies the allegations about

23    it.  Roblox lacks sufficient information or knowledge as to the allegations relating to other

24    Defendants and on that basis denies them.

25        258.    The allegations in this paragraph are legal arguments and conclusions to which no

26    response is required.  To the extent any response is required, Roblox denies the allegations about

27    it. As Roblox's Terms of Use state, "Robux are not a substitute for real currency, do not earn

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

49

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1  interest, and have no equivalent value in real currency."[28]  Roblox lacks sufficient information or

2  knowledge as to the allegations relating to other Defendants and on that basis denies them.

3      259.    The allegations in this paragraph are legal arguments and conclusions to which no

4  response is required.  To the extent any response is required, Roblox denies the allegations about

5  it.  Roblox lacks sufficient information or knowledge as to the allegations relating to other

6  Defendants and on that basis denies them.

7      260.    The allegations in this paragraph are legal arguments and conclusions to which no

8  response is required.  To the extent any response is required, Roblox states that Cal. Bus. & Prof.

9  Code § 19801(c) speaks for itself and denies Plaintiffs' characterization of the provision.  Roblox

10  denies the allegations about it.  Roblox lacks sufficient information or knowledge as to the

11  allegations relating to other Defendants and on that basis denies them.

12      261.    The allegations in this paragraph are legal arguments and conclusions to which no

13  response is required.  To the extent any response is required, Roblox states that Cal. Bus. & Prof.

14  Code § 19801(d) speaks for itself and denies Plaintiffs' characterization of the provision.  Roblox

15  denies the allegations about it.  Roblox lacks sufficient information or knowledge as to the

16  allegations relating to other Defendants and on that basis denies them.

17      262.    The allegations in this paragraph are legal arguments and conclusions to which no

18  response is required.  To the extent any response is required, Roblox states that Cal. Bus. & Prof.

19  Code § 19801(g) speaks for itself and denies Plaintiffs' characterization of the provision.  Roblox

20  denies the allegations about it.  Roblox lacks sufficient information or knowledge as to the

21  allegations relating to other Defendants and on that basis denies them.

22      263.    The allegations in this paragraph are legal arguments and conclusions to which no

23  response is required.  To the extent any response is required, Roblox denies the allegations about

24  it.  Roblox lacks sufficient information or knowledge as to the allegations relating to other

25  Defendants and on that basis denies them.

26      264.    The allegations in this paragraph are legal arguments and conclusions to which no

27

28  ---

[28] *See* Roblox Terms of Use, § 3.a, available here: https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

50

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    response is required.  To the extent any response is required, Roblox denies the allegation about it.

2    Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants

3    and on that basis denies them.

4         265.    The allegations in this paragraph are legal arguments and conclusions to which no

5    response is required.  To the extent any response is required, Roblox denies the allegations about

6    it.  Roblox lacks sufficient information or knowledge as to the allegations relating to other

7    Defendants and on that basis denies them.

8         266.    The allegations in this paragraph are legal arguments and conclusions to which no

9    response is required.  To the extent any response is required, Roblox denies that it caused or

10    continues to cause Plaintiffs or any putative Class Members substantial injury.  Roblox further

11    denies that Plaintiffs or any putative Class Members are entitled to damages from Roblox.  Roblox

12    denies that Plaintiffs or putative Class Members suffered any injury or lost money and property as

13    a result of any conduct by Roblox.  Roblox denies the remainder of the allegations about it. Roblox

14    further states that Danielle Sass and L.C., have dismissed their claims with prejudice. ECF No. 250.

15    Roblox denies the allegations as to them on that basis.  Roblox lacks sufficient information or

16    knowledge as to the allegations relating to other Defendants and on that basis denies them.

17         267.    The allegations in this paragraph are legal arguments and conclusions to which no

18    response is required.  To the extent any response is required, Roblox denies that Plaintiffs or any

19    putative Class Members are entitled to restitution from Roblox or that Roblox engaged in any

20    "unfair competition."

21         268.    Roblox incorporates its responses to all foregoing allegations as if fully set forth.

22         269.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF

23    No. 294, and denies the allegation on that basis.  Roblox further states that Danielle Sass and L.C.

24    have dismissed their claims with prejudice.  ECF No. 250.  Roblox denies the allegation as to them

25    and the purported "New York class" on that basis, too.  Roblox further states that the allegations in

26    this paragraph are legal arguments and conclusions to which no response is required.  To the extent

27    a response is required, Roblox denies that Plaintiffs may pursue this claim on a class-wide basis.

28         270.    The allegations in this paragraph are legal arguments and conclusions to which no

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

51

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

response is required. To the extent a response is required, Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF No. 294, and denies the allegation on that basis. Roblox further states that Danielle Sass and L.C. have dismissed their claims with prejudice. ECF No. 250. Roblox denies the allegation as to New York law on that basis, too.

271.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF No. 294, and denies the allegation on that basis. Roblox further states that Danielle Sass and L.C. have dismissed their claims with prejudice. ECF No. 250. Roblox denies the allegation as to New York law on that basis, too.

272.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF No. 294, and denies the allegation on that basis. Roblox further states that the allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox states that 18 U.S.C.§ 1955 speaks for itself and denies Plaintiffs' characterization of the law. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

273.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF No. 294, and denies the allegation on that basis. Roblox further states that the allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox states that 18 U.S.C.§ § 1955 speaks for itself and denies Plaintiffs' characterization of the law. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

274.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF No. 294, and denies the allegation on that basis. Roblox further states that Danielle Sass and L.C. have dismissed their claims with prejudice, ECF No. 250, and thus Roblox denies the allegations concerning New York law on that basis. Roblox further states that the allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent a response is required, Roblox states that each law cited speaks for itself and denies Plaintiffs' characterization of these laws. Roblox lacks sufficient information or knowledge as to the allegations relating to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

52

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    other Defendants and on that basis denies them.

2         275.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF

3    No. 294, and denies the allegation on that basis.  Roblox states that Danielle Sass and L.C. have

4    dismissed their claims with prejudice, ECF No. 250, and thus Roblox denies the allegations

5    concerning New York law on that basis.  Roblox further states that the allegations in this paragraph

6    are legal arguments and conclusions to which no response is required.  To the extent a response is

7    required, Roblox states that the California law speaks for itself and denies Plaintiffs'

8    characterization of that law.

9         276.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF

10   No. 294, and denies the allegation on that basis.  Roblox further states that the allegations in this

11   paragraph are legal arguments and conclusions to which no response is required.  To the extent a

12   response is required, Roblox states that each referenced law speaks for itself and denies Plaintiffs'

13   characterization of the laws and purported legal obligations, if any, imposed by them.  Roblox

14   denies the allegations about it.  Roblox lacks sufficient information or knowledge as to the

15   allegations relating to other Defendants and on that basis denies them.

16        277.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF

17   No. 294, and denies the allegation on that basis.  Roblox further states that the allegations in this

18   paragraph are legal arguments and conclusions to which no response is required.  To the extent a

19   response is required, Roblox denies the allegations about it.  Roblox lacks sufficient information or

20   knowledge as to the allegations relating to other Defendants and on that basis denies them.

21        278.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF

22   No. 294, and denies the allegation on that basis.  Roblox further states that the allegations in this

23   paragraph are legal arguments and conclusions to which no response is required.  To the extent a

24   response is required, Roblox denies the allegations about it.  Roblox lacks sufficient information or

25   knowledge as to the allegations relating to other Defendants and on that basis denies them.

26        279.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF

27   No. 294, and denies the allegation on that basis.  Roblox further states that the allegations in this

28   paragraph are legal arguments and conclusions to which no response is required.  To the extent a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

53

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

response is required, Roblox denies the allegations about it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

280.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF No. 294, and denies the allegation on that basis.  Roblox further states that the allegations in this paragraph are legal arguments and conclusions to which no response is required.  To the extent a response is required, Roblox denies the allegations about it.  Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

281.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF No. 294, and denies the allegation on that basis.  Roblox further states that the allegations in this paragraph are legal arguments and conclusions to which no response is required.  To the extent a response is required, Roblox denies the allegations about it.  Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

282.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF No. 294, and denies the allegation on that basis.   Roblox states that Danielle Sass and L.C. have dismissed their claims with prejudice, ECF No. 250, and thus Roblox denies the allegations concerning L.C. and New York law on that basis.  Roblox further states that the allegations in this paragraph contain legal conclusions and arguments to which no response is required.  To the extent any response is required, Roblox denies the allegations about it.  Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

283.    Roblox states that the Court has dismissed Plaintiffs' negligence per se claims, ECF No. 294, and denies the allegation on that basis.  Roblox further states that the allegations in this paragraph contain legal conclusions and arguments to which no response is required.  To the extent any response is required, Roblox denies that Plaintiffs or any putative Class Members suffered injury as a result of any conduct by Roblox, or are entitled to damages from Roblox in any amount. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

284.    Roblox incorporates its responses to all foregoing allegations as if fully set forth.

Cooley LLP
Attorneys at Law
San Francisco

54

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

285.    The allegations in this paragraph are legal arguments and conclusions to which no response is required.  Roblox states that Danielle Sass and L.C. have dismissed their claims with prejudice, ECF No. 250, and thus Roblox denies the allegations concerning a New York class on that basis.  To the extent a further response is required, Roblox denies that Plaintiffs may assert this claim on behalf of any class.

286.    The allegations in this paragraph are legal arguments and conclusions to which no response is required.  To the extent any response is required, Roblox denies that Plaintiffs or putative Class Members conferred a monetary benefit on Roblox from the alleged conduct. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

287.    The allegations in this paragraph are legal arguments and conclusions to which no response is required.  To the extent any response is required, Roblox denies the allegations about it.  Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

288.    The allegations in this paragraph are legal arguments and conclusions to which no response is required.  To the extent any response is required, Roblox denies that Plaintiffs or any putative Class Members suffered actual damages as a result of any conduct by Roblox.  Roblox further denies that Plaintiffs or any putative Class Members are entitled to actual damages from Roblox.  Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

289.    The allegations in this paragraph are legal arguments and conclusions to which no response is required.  Roblox states that Danielle Sass and L.C. have dismissed their claims with prejudice, ECF No. 250, and thus Roblox denies the allegations concerning New York law on that basis.  Roblox further states that the allegations in this paragraph concerning misrepresentation and omissions do not require a response because the court has dismissed all fraud-based claims with prejudice and without leave to amend. *See* ECF No. 65 at 8-9; ECF No. 108 at 1-3. To the extent any response is required, Roblox denies that principles of equity and good conscience require the return of money to Plaintiffs or any putative Class Members.  Roblox denies the remainder of the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

55

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

allegations insofar as they concern it. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

290.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies that Plaintiffs or putative Class Members are entitled to any disgorgement from Roblox. Roblox lacks sufficient information or knowledge as to the allegations relating to other Defendants and on that basis denies them.

291.    Roblox incorporates its responses to all foregoing allegations as if fully set forth.

292.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. Roblox states that Danielle Sass and L.C. have dismissed their claims with prejudice, ECF No. 250, and thus Roblox denies the allegations concerning a New York class on that basis. To the extent any response is required, Roblox denies that Plaintiffs may assert this claim on behalf of any class.

293.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. Roblox states that Danielle Sass and L.C. have dismissed their claims with prejudice, ECF No. 250, and thus Roblox denies the allegations concerning a New York class on that basis. To the extent any response is required, Roblox denies the allegation.

294.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies the allegation.

295.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies the allegation.

296.    Roblox denies that Nathan Soucek is a minor. The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies that it breached any alleged duties to Plaintiffs or putative Class Members. Denied as to the remainder.

297.    The allegations in this paragraph are legal arguments and conclusions to which no response is required. To the extent any response is required, Roblox denies that Nathan Soucek is a minor. Roblox denies that it breached any alleged duties to T.D. or Nathan Soucek. Roblox

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

56

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    states that Danielle Sass and L.C. have dismissed their claims with prejudice, ECF No. 250, and

2    thus Roblox denies the allegations concerning L.C. on that basis.

3    298.    The allegations in this paragraph are legal arguments and conclusions to which no

4    response is required.  To the extent any response is required, Roblox denies that Plaintiffs or any

5    putative Class Members have been injured by any conduct of Roblox.  Roblox further denies that

6    Plaintiffs or any putative Class Members are entitled to damages from Roblox.  Roblox further

7    states that Danielle Sass and L.C. have dismissed their claims with prejudice, ECF No. 250, and

8    thus Roblox denies the allegations concerning L.C. on that basis.

9    ## ROBLOX'S AFFIRMATIVE DEFENSES

10    Roblox asserts the following separate affirmative defenses to Plaintiffs' SAC, including any

11    claims of Yaniv De Ridder, Aracely Soucek, Nathan Soucek and T.D. and any proposed class

12    members. Roblox reserves the right to supplement or amend these defenses on the basis of

13    additional factual investigation, and does not knowingly or intentionally waive any applicable

14    affirmative defense not set forth below. Roblox does not assume the burden of proof on any issue,

15    however characterized, on which it does not bear that burden.

16    ### FIRST AFFIRMATIVE DEFENSE

17    ### *Communications Decency Act, 47 U.S.C. § 230*

18    Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole

19    or in part by 47 U.S.C. § 230 ("Section 230"), which prohibits imposing liability on: (1) a provider

20    or user of an interactive computer service (2) whom a plaintiff seeks to treat as the publisher or

21    speaker (3) of information provided by another information content provider.

22    Without limiting the extent or scope of this affirmative defense, and subject to additional

23    factual investigation as may be necessary, Roblox states that it operates an interactive computer

24    service, *i.e.*, the Roblox Services.[29] Plaintiffs' claims seek to treat Roblox as the publisher or

25    speaker of information provided by other content providers. For example, Plaintiffs' claims seek to

26    ---

27    [29] The Roblox Services consist of "the Roblox website (www.roblox.com) and its related platform (collectively, 'Platform') and various other features and services, including websites, applications, forums, content, functionality, products, and services (together with the Platform, 'Services')."

28    Roblox, Terms of Use, Introduction, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

57

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

hold Roblox liable for allegedly failing to detect virtual content on the Roblox Services that was allegedly published by "Stock Accounts" purportedly controlled and operated by the at-issue websites, including but not limited to RBXFlip, Bloxflip, RBLXWild, and Bloxmoon (the "At-Issue Websites"). As another example, Plaintiffs' claims further seek to hold Roblox liable for allegedly failing to monitor and moderate user accounts on the Roblox Services, accounts which Plaintiffs contend are associated with purported "gambling games" published by the At-Issue Websites off of the Roblox platform. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Section 230 bars the imposition of liability on Roblox in these circumstances by Plaintiffs or the proposed class members.

**SECOND AFFIRMATIVE DEFENSE**

***Unclean Hands***

Plaintiffs' equitable relief claims, as well as the claims of any proposed class members, are barred in whole or in part by the doctrine of unclean hands because Plaintiffs voluntarily participated in the alleged misconduct and do not come to court with clean hands.

Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that Plaintiffs assert equitable claims, including unjust enrichment, and certain Plaintiffs seek equitable relief under the California Unfair Competition Law ("UCL") in the form of restitution.

Nathan Soucek and T.D., however, come to the court with unclean hands. *First*, Nathan Soucek and T.D. each violated Roblox's Terms of Use (the "TOU") by using the At-Issue Websites in the manner alleged. The Roblox TOU provide that "You may not use, acquire, or distribute Robux or Virtual Content except through the Services and except as expressly allowed by Roblox under these Roblox Terms. Any attempt to do so constitutes a violation of the Roblox Terms, will render the transaction void, and may result in the immediate suspension or termination of your Account and your license to use Robux or Virtual Content."[30] *Second*, to the extent Nathan Soucek and/or T.D. shared the credentials for any of their Roblox accounts with an At-Issue

---

[30] *Id*. § 3(c).

1
2
3
4
5
6

Website, they violated the Roblox TOU, which provide that users are "responsible for maintaining the confidentiality and security of any credentials used to access your Account" and in so doing agree that they "understand, acknowledge, and agree that you will be responsible for any actions taken in your Account and on the Services using your access credentials, whether or not such actions have been authorized by you."[31] *Third*, Nathan Soucek and T.D allegedly used the At-Issue Websites to engage in alleged gambling.

7
8
9
10

Yaniv De Ridder and Aracely Soucek also come to court with unclean hands insofar as they (1) engaged in any of the same conduct as Nathan Soucek or T.D., and (2) willfully and knowingly permitted the alleged conduct of Nathan Soucek or T.D., or recklessly failed to monitor Nathan Soucek or T.D.'s alleged playing of "gambling games" in the At-Issue Websites.

11
12
13

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' equitable claims and requests for equitable relief against Roblox as well as those of the proposed classes are barred in whole or in part due to their unclean hands.

14
15

### THIRD AFFIRMATIVE DEFENSE

#### *In Pari Delicto Doctrine*

16
17
18
19

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part under the *in pari delicto* doctrine because Plaintiffs are at least equally responsible for the alleged harms they claim to have experienced. Preclusion of the suit would further the public purpose of deterring claimed illegality by denying judicial relief to an admitted wrongdoer.

20
21
22
23
24
25
26
27

Without limiting the extent or scope of this affirmative defense, and subject to further factual investigation as may be necessary, Roblox states that Yaniv De Ridder, Aracely Soucek, Nathan Soucek, and T.D. are equally if not solely responsible, for Nathan Soucek and T.D.'s alleged use of the At-Issue Websites to engage in purported "illegal gambling." Yaniv De Ridder and Aracely Soucek as well as any non-plaintiff parent or legal guardian of Nathan Soucek and T.D. bear at least equal responsibility, if not substantially more or complete responsibility, for the consequences of the alleged conduct. For at least these reasons, and without waiver of any

28

---

[31] *Id*. § 2(b)-(c).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

59

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

additional grounds for the affirmative defense, Plaintiffs' claims and those of the proposed classes are barred in whole or in part by the doctrine of *in pari delicto*.

## FOURTH AFFIRMATIVE DEFENSE

### *Assumption of Risk*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by the doctrine of assumption of risk because Plaintiffs were expressly advised of or otherwise aware of the risks inherent in the alleged conduct and voluntarily participated in the conduct despite such knowledge. Without limiting the extent or scope of this affirmative defense, and subject to further factual investigation as may be necessary, Roblox states that:

*First*, Yaniv De Ridder and Aracely Soucek as well as any non-plaintiff parent or legal guardian of Nathan Soucek and T.D. assumed all risks associated with Nathan Soucek (while he was a minor) and T.D.'s alleged use of the Roblox Services in the manner alleged. The Roblox TOU advise users of the Roblox Services that a parent or guardian agrees to be responsible for all activities of a minor on the Roblox Services.[32] *Second*, Nathan Soucek and T.D. expressly assumed the risks from their alleged use of Robux to engage in alleged transactions for virtual content on the Roblox Services for the purpose of playing alleged "gambling games" in the At-Issue Websites off of the Roblox Services. The Roblox TOU provide that "Roblox does not recognize or take responsibility for third-party services that allow Users to sell, transfer, purchase, or otherwise use Robux or Virtual Content, and any such use by a User is a violation of the Roblox Terms."[33] *Third*, to the extent any Plaintiff shared the credentials for their Roblox account with an At-Issue Website, Plaintiffs assumed the risk of sharing their credentials in this manner. The Roblox TOU provide that users are "responsible for maintaining the confidentiality and security of any credentials used to access your Account" and in so doing agree that they "understand, acknowledge, and agree that you will be responsible for any actions taken in your Account and on the Services using your access credentials, whether or not such actions have been authorized by

---

[32] *Id*. Introduction.
[33] *Id*. § 2.c.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

60

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

you."[34] *Fourth*, Nathan Soucek and T.D. expressly assumed the risks inherent in their alleged use of the At-Issue Websites to engage in purported gambling, including the risk of losses. Nathan Soucek and T.D. knew or should have known of these risks based on the nature of the At-Issue Websites, including but not limited to the alleged "gambling games" and alleged references to "gambling" in the At-Issue Websites.

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs assumed the risks of the alleged conduct and may not seek to impose liability on Roblox.

## FIFTH AFFIRMATIVE DEFENSE

### *Waiver*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by waiver because Plaintiffs and the proposed class members intentionally relinquished, expressly and/or impliedly, a known right with knowledge of the facts. Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that:

*First*, Plaintiffs have waived any right to pursue the claims asserted in this case on a class-wide basis. As set forth in the Roblox TOU:

> [T]hese Roblox Terms contain A BINDING, INDIVIDUAL ARBITRATION AND CLASS ACTION WAIVER. THIS MEANS THAT YOU GIVE UP THE RIGHT TO BRING AN ACTION IN COURT, INDIVIDUALLY OR AS PART OF A CLASS ACTION.[35]

The Roblox TOU further provide for U.S. residents that:

> EXCEPT AS OTHERWISE PROVIDED IN THE ROBLOX TERMS, USER AND ROBLOX AGREE THAT ANY DISPUTE THAT CANNOT BE RESOLVED THROUGH [MANDATORY INFORMAL DISPUTE RESOLUTION], WILL BE RESOLVED BY BINDING, INDIVIDUAL ARBITRATION AS SET FORTH HEREIN, RATHER THAN IN COURT. USER AND ROBLOX THEREBY AGREE TO WAIVE ANY RIGHT TO A JURY TRIAL AND AGREE THAT USER AND ROBLOX MAY BRING CLAIMS AGAINST EACH OTHER ONLY IN AN INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS ACTION OR CLASS

---

[34] *Id.* § 2.b-c.

[35] *Id.* Introduction.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

61

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    ARBITRATION.[36]

2    Nathan Soucek and T.D. allegedly have "user-created" accounts on the Roblox Services, used the

3    Roblox Services, and their claims arise under or relate to their alleged use of the Roblox Services.

4    Pursuant to the Roblox TOU, the TOU are binding on Yaniv De Ridder and Aracely Soucek. Thus,

5    all Plaintiffs are subject to the class action waiver.

6    *Second*, Plaintiffs have waived any right to recovery from the alleged conduct on the Roblox

7    Service related to alleged sales of purported "dummy" or "worthless" virtual items or experiences

8    because pursuant to the Roblox TOU, "User agrees to waive, and does waive, any legal or equitable

9    right or remedy that User has or may have against Roblox regarding [User Generated Content]."[37]

10    For at least these reasons, and without waiver of any additional grounds for the affirmative

11    defense, Plaintiffs and the proposed class members have waived their claims against Roblox.

12    **SIXTH AFFIRMATIVE DEFENSE**

13    *Estoppel*

14    Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole

15    or in part by estoppel because Plaintiffs and proposed class members were apprised of the facts,

16    intended that their conduct be acted upon or acted in such a manner that Roblox rightly believed

17    that Plaintiffs acted intentionally, Roblox was ignorant of the true state of facts, and Roblox relied

18    upon conduct by Plaintiffs and the proposed class members to its detriment.

19    Without limiting the scope or extent of this defense, Roblox states that Plaintiffs and the

20    proposed class members agreed to comply with the Roblox TOU and to be responsible for their

21    conduct on the Roblox Services. Plaintiffs and the proposed class members agreed to do so by

22    creating Roblox accounts, purchasing Robux from Roblox, and by using the Roblox Services.

23    Plaintiffs and the proposed class members intended that Roblox rely on that agreement and Roblox

24    rightfully believed that Plaintiffs and the proposed class members so intended. Roblox was ignorant

25    of the true intentions held by Plaintiffs and the proposed class members to use the Roblox Services

26    in violation of the Roblox TOU and for alleged gambling in the At-Issue Websites. Roblox

27

---

[36] *Id.* § 11.b.i.
[37] *Id.* § 13.a.

28

Cooley LLP
Attorneys at Law
San Francisco

62

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

detrimentally relied on Plaintiffs' agreement to the Roblox TOU. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs are estopped from asserting any claims or obtaining any relief from Roblox for the alleged conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

***Comparative Negligence***

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part on the basis of comparative negligence by each Plaintiff and proposed class members. Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that Plaintiffs failed to exercise the standard of care applicable to their own conduct, and Plaintiffs' failures were comparatively greater than any alleged negligence Plaintiffs seek to attribute to Roblox. For example, Nathan Soucek (while he was a minor) and T.D. failed to exercise the standard of care applicable to reasonable minors of their age, intelligence, and experience by navigating off of the Roblox Services to play alleged "gambling games" in the At-Issue Websites. Yaniv De Ridder and Aracely Soucek as well as any non-plaintiff parent or legal guardian of Nathan Soucek and T.D. failed to exercise the standard of care applicable to a reasonable parent in various ways, including but not limited to a failure to reasonably monitor the online activities of Nathan Soucek (while he was a minor) and T.D. on the Roblox Services as well as on the At-Issue Websites. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' comparative negligence exceeds any purported negligence that Plaintiffs seek to attribute to Roblox and, therefore, bars any recovery against Roblox.

**EIGHTH AFFIRMATIVE DEFENSE**

***Consent / Ratification***

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part because Plaintiffs explicitly or impliedly consented to the challenged conduct and therefore may not seek to impose liability on Roblox. Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

63

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

states that Yaniv De Ridder and Aracely Soucek as well as any non-plaintiff parent or legal guardian of Nathan Soucek and T.D. and all proposed class members who are or were a parent or legal guardian expressly or impliedly consented to or ratified the alleged conduct by: (1) allowing Nathan Soucek (while he was a minor), T.D., and any other minors to play alleged gambling games in the At-Issue Websites, and (2) allowing Nathan Soucek (while he was a minor), T.D., and any other minors to purchase or obtain the Robux that Nathan Soucek (while he was a minor), T.D., and any other minors allegedly used to engage in purported gambling by providing Nathan Soucek (while he was a minor), T.D., and any other minors with access to credit cards, gift cards, or any methods to obtain Robux from Roblox. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs consented to and/or ratified the alleged conduct.

## NINTH AFFIRMATIVE DEFENSE

### *Statute of Limitations/Contractual Time Limitation*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by the applicable statute of limitations or a contractual time limitation. Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that:

*First*, any and all California UCL claims by Plaintiffs and any proposed class members are barred in whole or in part by the applicable four-year statute of limitations.[38] Any and all common law negligence claims by Plaintiffs and any proposed class members are barred by the applicable statute of limitations.[39] Any and all unjust enrichment claims by Plaintiffs and any proposed class members are barred by the applicable statute of limitations.[40]

*Second*, the claims of each and every Plaintiff as well as those of any putative class members are time-barred in whole or in part pursuant to the Roblox ToU, which provide that "ANY CAUSE

---

[38] Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued.").

[39] Cal. Civ. P. Code § 335.1 ("Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."); Cal. Civ. P. Code § 338(a) ("Within three years: An action upon a liability created by statute, other than a penalty or forfeiture.").

[40] Cal. Civ. P. Code § 339(1) ("Within two years: An action upon a contract, obligation or liability not founded upon an instrument of writing…").

Cooley LLP
Attorneys at Law
San Francisco

64

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

OF ACTION ARISING OUT OF OR RELATED TO THE SERVICES MUST COMMENCE WITHIN ONE (1) YEAR AFTER THE CAUSE OF ACTION ARISES OR IT IS PERMANENTLY BARRED."[41]

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and/or the contractual time limitation.

<h3 style="text-align:center">TENTH AFFIRMATIVE DEFENSE</h3>

<h3 style="text-align:center"><em>Laches</em></h3>

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by the doctrine of laches because (1) Plaintiffs unreasonably delayed in asserting their claims and (2) acquiesced in the challenged conduct and/or prejudiced Roblox by their unreasonable delay in asserting their claims.

<h3 style="text-align:center">ELEVENTH AFFIRMATIVE DEFENSE</h3>

<h3 style="text-align:center"><em>Failure to Mitigate Damages</em></h3>

Plaintiffs' requests for monetary relief, as well as the claims of any proposed class members, are barred in whole or in part because Plaintiffs failed to mitigate the alleged damages that they seek to recover in this case, including but not limited to actual damages, restitution, and disgorgement. Without limiting the extent or scope of this affirmative defense, and subject to additional factual investigation as may be necessary, Roblox states that Nathan Soucek and T.D. failed to mitigate their claimed damages by failing to cease their alleged playing of "gambling games" in At-Issue Websites, including after they allegedly suffered losses from playing such games but continued to play alleged games. Nathan Soucek and T.D. further failed to mitigate their claimed damages by failing to cease their alleged playing of "gambling games" in At-Issue Websites after bringing this lawsuit. Yaniv De Ridder and Aracely Soucek as well as any non-plaintiff parent or legal guardian of Nathan Soucek and T.D. also failed to mitigate their claimed damages by failing to prevent Nathan Soucek and T.D. from allegedly playing "gambling games"

---

[41] Roblox, Terms of Use, § 11.c, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.

Cooley LLP
Attorneys at Law
San Francisco

65

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

in the At-Issue Websites, including after bringing this lawsuit. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs' failures to mitigate their damages bars in whole or in part the requested damages.

### TWELFTH AFFIRMATIVE DEFENSE

#### *Monetary Recovery Contrary to California Public Policy*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part insofar as they arise under California law because the recovery of any monetary relief for alleged "illegal gambling" is contrary to California's strong public policy against judicial resolution of disputes concerning alleged gambling.

Without limiting the extent or scope of this defense, and subject to additional factual investigation as may be necessary, Roblox states that Plaintiffs seek monetary relief in this case under the UCL and for common law negligence and unjust enrichment claims under California law. The gravamen of Plaintiffs' requests for monetary relief is that Nathan Soucek and T.D. allegedly used and/or lost "Robux" and "money" to play purported "gambling games" in the At-Issue Websites. Yaniv De Ridder and Aracely Soucek as well as any non-plaintiff parent or legal guardian of Nathan Soucek and T.D. assumed responsibility for Nathan Soucek (while he was a minor) and T.D.'s conduct pursuant to the Roblox TOU, which provide that a parent or guardian agrees to be responsible for all activities of a minor on the Roblox Services.[42]

For at least these reasons, and without waiver of any additional grounds for the affirmative defense, and assuming solely for the purposes of this affirmative defense that the alleged games in the At-Issue Websites violate the gambling laws cited throughout the SAC, California's strong public policy against judicial resolution of disputes concerning alleged gambling bars all monetary relief that Plaintiffs seek to recover under California law.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### *Unconstitutional Monetary Relief in Violation of Due Process Clause*

Plaintiffs' requests for monetary relief, as well as the claims of any proposed class members,

---

[42] *Id*. Introduction.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

66

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

are barred in whole or in part by seeking money damages in violation of the California Constitution and the United States Constitution. Without limiting the extent or scope of this defense, and subject to additional factual investigation as may be necessary, Roblox states that amended Rule 26(a) initial disclosures provided by Plaintiffs shows that Plaintiffs purport to seek punitive damages. Without admitting that Plaintiffs are entitled to any putative damages in this case and expressly stating that Plaintiffs are not entitled to such damages, Roblox states that any award of punitive damages against Roblox in this case, including a class-wide award of punitive damages, would constitute an unconstitutional penalty under the circumstances of this case, and would violate due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the First, Fifth, and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 7 of the California Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### *Election of Remedies*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part by election of remedies. Without limiting the extent or scope of this defense, and subject to additional factual investigation as may be necessary, Roblox states that Plaintiffs possess two inconsistent and concurrent remedies arising out of the same alleged conduct, including but not limited to actual damages for negligence (a remedy at law) or restitution and disgorgement (equitable relief). Plaintiffs may not seek restitution, disgorgement, or any other equitable relief, whether under the common law or under the UCL, when Plaintiffs have an adequate remedy at law. For at least these reasons, and without waiver of any additional grounds for the affirmative defense, Plaintiffs may not recover these different remedies for the same alleged conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

### *Arbitration*

Plaintiffs' claims, as well as the claims of any proposed class members, are barred in whole or in part in this judicial forum because Plaintiffs' claims are subject to arbitration.

Without limiting the extent or scope of this defense, and subject to additional factual

Cooley LLP
Attorneys at Law
San Francisco

67

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

investigation as may be necessary, Roblox states that Plaintiffs' claims are subject to binding arbitration pursuant to the Roblox TOU.[43] As set forth in the Roblox TOU, these Roblox Terms contain "A BINDING, INDIVIDUAL ARBITRATION AND CLASS ACTION WAIVER. THIS MEANS THAT YOU GIVE UP THE RIGHT TO BRING AN ACTION IN COURT, INDIVIDUALLY OR AS PART OF A CLASS ACTION."[44] The Roblox TOU provide that "IF YOU DO NOT AGREE TO THE ROBLOX TERMS, YOU MUST NOT USE THE SERVICES."[45] The Roblox TOU further provide that:

> Except as otherwise permitted in the Roblox Terms, you agree that any dispute, claim, or controversy you may have with Roblox arising under or relating in any way to the Roblox Terms or the Services … will be governed and resolved through the Mandatory Informal Dispute Resolution … process (as outlined below).[46]

Nathan Soucek and T.D. allegedly have "user-created" accounts on the Roblox Services, used the Roblox Services, and their claims arise under or relate to their alleged use of the Roblox Services. Thus, all claims of Nathan Soucek and T.D. are subject to binding arbitration.

Furthermore, the Roblox TOU are binding on Yaniv De Ridder. As set forth in the Roblox TOU:

> BY PERMITTING A MINOR TO USE THE SERVICES, A MINOR'S PARENT OR GUARDIAN BECOMES SUBJECT TO THE ROBLOX TERMS AND AGREES TO BE RESPONSIBLE FOR ALL OF THE MINOR'S ACTIVITIES ON THE SERVICES, INCLUDING THE PURCHASE OF ANY VIRTUAL CONTENT.[47]

By allowing T.D. to use the Roblox Services, the claims of Yaniv De Ridder asserted on behalf of T.D., are subject to binding arbitration. For at least these reasons, and without waiver of any additional grounds, Plaintiffs may not pursue their claims in court because their claims are subject to binding arbitration.

---

[43] *Id.* Introduction; *id.* § 11.
[44] *Id.* Introduction.
[45] *Id.*
[46] *Id.* § 11.
[47] *Id.* Introduction.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

68

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

## SIXTEENTH AFFIRMATIVE DEFENSE

### *Incorporation of Other Affirmative Defenses*

Roblox incorporates by reference and asserts to the extent applicable any other affirmative defenses that may be set forth in any Answer of any other Defendant in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### *Reservation of Rights to Assert Further Affirmative Defenses*

Roblox reserves the right to assert other affirmative defenses as this action proceeds up to and including the time of trial.

## ROBLOX'S CROSS-CLAIMS

1. Pursuant to Federal Rule of Civil Procedure 13(g), Cross-Claimant Roblox Corporation brings cross-claims under the laws of the United States and the State of California against Satozuki Limited B.V. ("Satozuki"), RBLXWild Entertainment LLC, a Delaware limited liability company ("RBLXWild DE"), RBLX Wild Entertainment, a Wyoming corporation ("RBLX Wild WY"), John Doe #1, an unknown individual or entity doing business as "Bloxmoon.com" ("Doe #1"); Studs Entertainment LLC ("Studs"), and Based Plate Studios LLC ("Based Plate") (collectively, "Cross-Defendants"), and alleges the following:

### NATURE OF THE CROSS-CLAIMS

2. These are cross-claims brought by Roblox to stop Cross-Defendants Satozuki, RBLXWild DE, RBLX Wild WY, Doe #1, Studs, and Based Plate from pillaging Roblox's intellectual property, disrupting Roblox's virtual economy, interfering with its contractual relationships, and obtaining unauthorized access to Roblox users' accounts.

3. Roblox brings these cross-claims for damages and injunctive relief pursuant to the Lanham Act, (15 U.S.C. § 1114, and 15 U.S.C. § 1125), the Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030), the California Computer Data Access and Fraud Act (California Penal Code §502), and California state common law.

4. Roblox is a global leader in the online gaming industry, providing a platform where millions of users create, play, and engage in immersive 3D experiences created by other Roblox

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

69

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

users. Although the games on Roblox are free to play, users may choose to purchase Robux, Roblox's proprietary virtual currency, to obtain virtual content such as clothing for avatars or other in-experience items. Roblox's success depends on maintaining control over its intellectual property and the integrity of its virtual economy, including Robux.

5. The Cross-Defendants, through their owners and agents, have built websites outside the Roblox platform—namely, RBXFlip, Bloxflip, RBLXWild, and Bloxmoon (collectively, "Infringing Sites")—to induce Roblox users to violate Roblox's Terms of Use ("Roblox ToU" or "Roblox's ToU") and Community Standards.

6. The Infringing Sites were separate sites that Roblox never owned, controlled, operated, or condoned. Roblox's ToU prohibit Roblox users from sharing their Roblox login credentials with or disclosing them to others (with a limited exception for minors and their guardians). Roblox's Community Standards likewise bar Roblox users from gaining unauthorized access to other Roblox users' accounts and from using, acquiring, or distributing Robux except through Roblox's services. Through their operation of the Infringing Sites, the Cross-Defendants induced—and in fact required—Roblox users to breach these terms.

7. Among other things, the Cross-Defendants (through the Infringing Sites) induced or required their users to enter their Roblox login credentials to create accounts on the Infringing Sites. In order to play games on the Infringing Sites, users had to fund their accounts on the Infringing Sites. Every Infringing Site purported to allow its users to "deposit" Robux, in violation of the Roblox ToU. Because Robux can only be used on Roblox (and not on third-party websites like the Infringing Sites), there was no way to actually "deposit" Robux on the Infringing Sites. That is why the Cross-Defendants induced or required their users to give over their Roblox login credentials. With these credentials, the Cross-Defendants logged into their users' Roblox accounts and used them to buy virtual content from Roblox accounts controlled, at least temporarily, by the Cross-Defendants and/or their agents, often through automated scripts ("bot accounts"). Thus, a user who "deposited" 30 Robux into their account on an Infringing Site would find in their Roblox transaction history a random virtual content transaction with a random Roblox user on the same date and time as the "deposit" for 30 Robux on the Infringing Site. Some Cross-Defendants then

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

70

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

issued 30 credits to the user on the Infringing Site. Some Cross-Defendants misleadingly labeled these credits—which were not Robux—with various Robux marks, such as the current Robux icon (⬡), creating a false association between the Infringing Sites and Roblox.[48]

8.    With these misleadingly-labeled credits, Infringing Site users could place "bets" or "wagers" on various games published to the Infringing Sites, such as Coinflip, Crash, Towers, Slots, Cases, Dice and Mines. If a user won the game, they received more credits. If a user lost the game, they lost the credits. To convert the credits back to Robux, a user had to "withdraw." To do this, the Cross-Defendants again accessed the user's Roblox account and initiated transactions for virtual content on Roblox, but this time the user's Roblox account (controlled by the Cross-Defendants and/or their agents) sold virtual content to one of the Cross-Defendants' accounts.

9.    Roblox prohibits both simulated and actual gambling activities on its platform. Roblox also prohibits its users from exchanging real money, Robux, or in-experience items of value in connection with any gambling activities. Because of this prohibition, the Cross-Defendants were prohibited from publishing their games on Roblox.

10.    By inducing or requiring users to give over their Roblox credentials, permeating the Infringing Sites with Roblox's protected marks, and accessing various Roblox accounts to initiate virtual content transactions for Robux on Roblox, the Cross-Defendants intentionally created a false association with Roblox, causing harm to Roblox.

11.    Roblox has received multiple complaints from its users stating that they were tricked by others into entering their Roblox credentials on one or more of the Infringing Sites and then had their Robux or limited items ("Limiteds")[49] "stolen." Many of these users claim to have been "hacked" or "beamed" after clicking hyperlinks shared by users on other social media platforms.

---

[48] Many Cross-defendants, including Studs, Based Plate, RBLXWild DE, RBLX Wild WY, and Doe #1, allowed their users to deposit via other means, including cryptocurrency, gift cards issued by other retailers, and credit card. No matter what the underlying deposit method, these Cross-Defendants still misleadingly labeled the credits they issued with various Robux marks, creating a false association between the Infringing Sites and Roblox.

[49] Limiteds are virtual content items that are only available for sale for a limited time, or until their supply is sold. *See* Roblox, *The Item Details Page and Purchasing Items*, https://en.help.roblox.com/hc/en-us/articles/206142306-The-Item-Details-Page-and-Purchasing-Items#:~:text=You%20may%20see%20some%20icons,assistance%20with%20selling%20your%20own.

Cooley LLP
Attorneys at Law
San Francisco

71

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

These Roblox users claim that their stolen items were then "flipped" (*i.e.*, traded) on an Infringing Site. The complaining users sometimes claim they no longer have access to their Roblox accounts and request that Roblox restore their Roblox accounts to their original states, including by undoing (or "rolling back") their trades or restoring their Robux. In correspondence with Roblox's customer support ("CS") team, some Roblox users submitted screenshots of their off-platform chats with other users relating to the Infringing Sites. Some of these chats contained instructions about how to falsely claim that their Roblox accounts had been "hacked" to get a free rollback.

12.    Roblox took numerous steps to stop Cross-Defendants and their agents from breaching the Roblox ToU and from misusing Roblox's protected marks. Among other things, Roblox (a) sent multiple takedown notices to the Infringing Sites' hosting providers; (b) continuously evolved its processes to detect and disrupt bot accounts, including those that may be operated by the Cross-Defendants and their agents; (c) made referrals to law enforcement; (d) made a product change that caused RBXFlip to stop functioning in July 2023; (e) sent cease and desist ("C&D") letters to various Cross-Defendants revoking their access to Roblox; and (f) suspended and banned Roblox accounts that may have been used by the Cross-Defendants and/or their agents. Cross-Defendants nevertheless persisted in their unauthorized activities.

13.    Roblox brings these cross-claims to hold the Cross-Defendants, their owners, and their agents responsible for their actions. Roblox seeks monetary damages, injunctive relief, and declaratory relief.

### THE PARTIES

14.    Cross-Plaintiff Roblox is a Delaware corporation with its principal place of business in San Mateo, California.

15.    Cross-Defendant Satozuki Limited B.V. is a foreign company registered under the laws of Curaçao, with its principal office at Abraham de Veerstraat 9, Willemstad, Curaçao. Satozuki was the entity identified as owning and operating the defunct website RBXFlip.

16.    Cross-Defendant RBLXWild Entertainment LLC is a limited liability corporation organized under the laws of Delaware that owned and operated the website RBLXWild.

17.    Cross-Defendant RBLX Wild Entertainment is a corporation organized under the

Cooley LLP
Attorneys at Law
San Francisco

72

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

1    laws of Wyoming that owned and operated the website RBLXWild.

2        18.    Cross-Defendant John Doe #1 is an unknown individual who owns and operates the

3    website referred to as Bloxmoon.com ("Bloxmoon").[50] John Doe #1 is joined as a party for the

4    purposes of Roblox's cross-claims under Federal Rules of Civil Procedure 13(h) and 19(a)(1). John

5    Doe #1 owns and operates the entity that acquired RBLXWild, which has owned and operated the

6    website RBLXWild.com ("RBLXWild") since at least July 2024.  John Doe #1's joinder will not

7    deprive the court of subject-matter jurisdiction, and the court cannot accord complete relief to

8    Roblox amongst the existing parties in John Doe #1's absence given John Doe #1's present and

9    ongoing ownership of one of the Infringing Sites.

10        19.    Cross-Defendant Studs Entertainment Ltd. ("Studs") was a foreign company

11    registered to do business in Cyprus.  Studs owned and operated the website Bloxflip.com

12    ("Bloxflip") from on around July 2022 until approximately August 2024.

13        20.    Cross-Defendant Based Plate Studios LLC ("Based Plate") is a foreign company

14    registered in St. Vincent and the Grenadines. Upon information and belief, Based Plate has the

15    same members as Studs, was created because of this lawsuit, and has owned and operated Bloxflip

16    since at least August 2024.  Based Plate is joined as a party for the purposes of Roblox's cross-

17    claims under Federal Rules of Civil Procedure 13(h) and 19(a)(1). Based Plate is subject to service

18    of process, its joinder will not deprive the court of subject-matter jurisdiction, and the Court cannot

19    accord complete relief to Roblox amongst the existing parties in Based Plate's absence given Based

20    Plate's present and ongoing ownership of one of the Infringing Sites.

21                    SUBJECT MATTER JURISDICTION AND VENUE

22        21.    Roblox's cross-claims arise out of the transactions and occurrences that are the

23    subject matter of the Complaint filed in the above-captioned case and relate to the property that is

24    the subject matter of Plaintiffs' action, specifically the use of alleged Robux and/or Virtual Content

25    over which the Minor Plaintiffs purportedly had "complete ownership and control" and which the

26    Minor Plaintiffs allegedly used in transactions involving the Infringing Sites and "lost playing"

27

28

---

[50] Roblox lacks insight into whether John Doe #1 owned and operated Bloxmoon through an unknown or unidentified corporate entity. Roblox reserves its right to amend these cross-claims to name any corporate entity that owns and operates Bloxmoon.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

73

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

games in the Infringing Sites.

22.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Roblox asserts cross-claims arising under federal law, including 15 U.S.C. § 1114 and 1125(a) and 18 U.S.C. § 1030. The Court has supplemental jurisdiction over Roblox's state law cross-claims pursuant to 28 U.S.C. § 1367(a) because the cross-claims arise out of the same transaction or occurrence as the original action and therefore form part of the same case or controversy under Article III of the United States Constitution.

23.     This Court independently has subject matter jurisdiction over Roblox's state law cross-claims pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states and citizens or subjects of a foreign state.

24.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claim occurred and the subject property is situated within the jurisdiction of this Court. For the purposes of venue, under 28 U.S.C. § 1391(c)(3), all foreign Cross-Defendants who do not reside in the United States may be sued in any judicial district and their joinder shall be disregarded in determining where the action may be brought with respect to other Cross-Defendants.

### PERSONAL JURISDICTION

25.     Without limiting all the grounds supporting the proper exercise of personal jurisdiction, this Court has personal jurisdiction over each Cross-Defendant for at least the following reasons.

26.     The foreign Cross-Defendants have consented to personal jurisdiction through their misuse of the Roblox Services.  The applicable Roblox ToU apply to any user, which includes "[a]ny person or entity who uses or accesses the Services."[51]  The Roblox ToU provide that "BY USING THE SERVICES, YOU AFFIRM THAT YOU…UNDERSTAND, ACCEPT, AND

---

[51] Roblox Dictionary, *User*, https://en.help.roblox.com/hc/en-us/articles/4415545981332-Roblox-Dictionary.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

74

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

AGREE TO BE BOUND AND ABIDE BY THE ROBLOX TERMS."[52]  When a user creates a Roblox account, the user must agree to the Roblox ToU.  Under the ToU, "*any* Dispute" between Roblox and a user that is not subject to arbitration "may only be litigated in the federal or state courts of San Mateo County, California, and User and Roblox consent to jurisdiction in those courts for such purposes." (emphasis added).[53]  San Mateo County falls within the jurisdiction of the Northern District of California.  Furthermore, the arbitration provisions in the Roblox ToU "do[] not apply to Users who are not residents of the United States…"[54]

27.    Cross-Defendant Based Plate (a resident of St. Vincent and the Grenadines) consented to personal jurisdiction in this Court each time that Based Plate and its agents created and/or used a Roblox account to operate Bloxflip and thereby assented to the Roblox ToU.

28.    Cross-Defendant Studs (a resident of Cyprus) consented to personal jurisdiction in this Court each time that Studs and its agents created and/or used a Roblox account to operate Bloxflip and thereby assented to the Roblox ToU.

29.    Cross-Defendant Satozuki (a resident of Curaçao) consented to personal jurisdiction in this Court each time that Satozuki and its agents created and/or used a Roblox account to operate RBXFlip and thereby assented to the Roblox ToU.

30.    Cross-Defendant John Doe #1 consented to personal jurisdiction in this Court each time that he and his agents created and/or used a Roblox account to operate RBLXWild (following his acquisition of RBLXWild) and/or Bloxmoon and thereby assented to the Roblox ToU.

31.    Cross-Defendant Studs is also independently subject to specific personal jurisdiction in California and/or the United States because of its multiple contacts with the forums.  Lacking full information about Stud's contacts with California and/or the United States, Roblox alleges the following contacts:

- On or around August 2022, Studs and its agents retained a company called EthicalDevs

---

[52] Roblox ToU, Introduction, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use.
[53] *Id.* § 12.b.
[54] *Id.* § 11.b.x.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

75

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

based in Wyoming to revamp the "back-end development" for Bloxflip.[55]  EthicalDevs'
homepage had a "testimonial" from "Shane S., Co-founder, Bloxflip – USA."

- On information and belief, the Bloxflip Privacy Policy available during Studs'
  ownership of the website included detailed provisions applicable only to California
  residents[56];

- On information and belief, Studs and its agents used third-party services including but
  not limited to virtual private networks ("VPNs") and/or virtual private servers ("VPSs")
  to disguise their true location when accessing Roblox user accounts in order to make it
  appear as if they were located in California.

32.    Cross-Defendant Based Plate is also independently subject to specific personal
jurisdiction in California because of its multiple contacts with the forum.  Lacking full information
about Based Plate's contacts with California, Roblox alleges the following contacts with California:

- Based Plate and its agents retained Cloudflare to provide content delivery network
  ("CDN") and domain name service ("DNS")[57] for Bloxflip using servers located in
  California;

- On information and belief, the Bloxflip Privacy Policy available during Based Plate's
  ownership of the website included detailed provisions applicable only to California
  residents[58];

- On information and belief, Based Plate continued to use the services of EthicalDevs for

---

[55] *See* Ethical Devs, Case Study, https://ethicaldevs.tech/case-study-bloxflip/ (last accessed Apr.
26, 2025).
[56] Roblox alleges this on information and belief because the archived version of Bloxflip Privacy
Policy that references Studs has a record date in September 2024, after the site identified Based
Plate as the owner and operator.  *See* Bloxflip Privacy Policy, Wayback Machine,
https://web.archive.org/web/20240921152641/https://bloxflip.com/privacy-policy (last accessed
April 26, 2025).
[57] A CDN "is a distributed network of servers covering a particular geographic area, which permits
users to access the site from any server in the network, not just the host server, and thus decreases
the distance between users and the server." *Will Co. v. Lee*, 47 F.4th 917, 925 (9th Cir. 2022). "A
domain name server is a host computer with software capable of responding to domain name
inquiries and accessible on a full-time basis to other computers on the Internet." *Intermatic Inc. v.
Toeppen*, 947 F.Supp.1227, 1231 (N.D. Ill. 1996).
[58] Bloxflip Privacy Policy, Wayback Machine,
https://web.archive.org/web/20240921152641/https://bloxflip.com/privacy-policy (last accessed April
26, 2025).

Cooley LLP
Attorneys at Law
San Francisco

76

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

Bloxflip[59];

- On information and belief, Based Plate and its agents used third-party services including but not limited to VPNs and VPSs to disguise their true location when accessing Roblox user accounts in order to make it appear as if they were located in California;

- On information and belief, Based Plate had agents who entered and/or were based in California, including intellectual property counsel who responded to Roblox's cease-and-desist letter to Based Plate.

33.    Cross-Defendants RBLX Wild WY and RBLXWild DE are subject to specific personal jurisdiction in California because each conducted RBLXWild's operations from California.  Lacking full information about their contacts, Roblox alleges the following:

- The co-founders of RBLXWild, Boris Said Jr. and Nicholas Carlo, each resided in California at the time they created the website and when they operated the website through RBLX Wild WY and RBLXWild DE;

- Records produced to Roblox show that RBLX Wild WY maintained a bank account with an address in California;

- Records produced to Roblox show that RBLX Wild WY's accounting records were principally maintained in California;

- Records produced to Roblox show that RBLX Wild filed franchise or income tax returns related to its business operations and/or income derived from sources in California for at least the 2022-23 tax year;

- Records produced to Roblox show that RBLX Wild WY held corporate meetings within California, including in San Diego.

<u>FACTUAL ALLEGATIONS</u>

## II.    ROBLOX AND THE ROBLOX SERVICES

34.    Roblox operates a free immersive platform for connection and communication ("Roblox Platform" or "Platform"), where every day, millions of people come to create, play, work,

---

[59] *See* Ethical Devs, Case Study, https://ethicaldevs.tech/case-study-bloxflip/ (last accessed Apr. 26, 2025) (stating that "[r]evamping Bloxflip is an ongoing project" and showing the project "timeline" as "Aug 2022 – Present").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

77

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

learn, and connect with each other in experiences built by a global community of users (known as "creators").

35.    The Roblox Platform is built on an innovative technology that allows people who use the Roblox website or downloadable mobile application ("Users") to create and connect virtually. The Roblox Platform consists of the Roblox Client, the Roblox Studio, and the Roblox Cloud. Roblox Client is the application that allows users to seamlessly explore 3D immersive experiences. Roblox Studio is the free toolset that allows developers and creators of all skill levels to build, publish, and operate 3D immersive experiences (the "Experiences") and other content, which Users can access with the Roblox Client. Roblox Cloud includes the services and infrastructure that power Roblox's Platform. The Roblox Platform, along with various other features and services, including websites, applications, forums, content, functionality, products, and services, are called the "Roblox Services."

36.    The Roblox Platform has grown since its launch in 2004. As of the third quarter in 2024, Roblox had an average of 88.9 million Daily Active Users ("DAU") across the globe.

37.    The Roblox Cloud is hosted in Roblox-managed data centers. All underlying servers are owned by Roblox and operate from data centers and regional edge data centers, including ones located in California and throughout the United States.

38.    There are millions of User-created Experiences on the Roblox Platform. These Experiences form the core of the Platform. Across Experiences, Users may interact with each other through trading, chatting, or participating in the Experiences through gameplay. At the close of 2023, there were over 13 million active Experiences on the Platform.

39.    Roblox's proprietary virtual currency, Robux, is exclusive to the Roblox Platform. As explicitly stated in the Roblox ToU, "Robux are not a substitute for real currency, do not earn interest, and have no equivalent value in real currency."[60]

40.    Although the Platform is free, Users can purchase virtual content with Robux, such as virtual clothing, accessories, emotes for avatars, and other in-experience items like game passes.

---

[60] Roblox, Terms of Use, § 3.a, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use (last accessed Nov. 19, 2024).

Cooley LLP
Attorneys at Law
San Francisco

78

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

A small portion of Users have historically been payers.

41.    Roblox generates revenue from selling Robux to consumers at a price set by Roblox.[61]  Robux may be purchased through the Platform or through prepaid Roblox gift cards sold by licensed online and physical retailers. Roblox gift cards can be loaded with a pre-selected amount of real-world currency that can only be redeemed on the Platform to purchase Robux or a Roblox Premium membership. Users can also acquire Robux through a monthly Roblox Premium subscription. Roblox Premium users receive discounted Robux, access to exclusive or discounted items in Roblox's Marketplace, and the ability to trade or sell Limiteds.[62]

42.    All user-generated content ("UGC") and Roblox-created content, including all virtual items and in-Experience items available for acquisition by Users on the Services, is called "Virtual Content."

43.    Users can earn Robux by making and selling Virtual Content, such as avatar items or Experiences. This Virtual Content is created through the Roblox Studio. Users can sell their Virtual Content to other Users on the Roblox Platform (including Roblox Marketplace) in exchange for Robux.  Millions of UGC items are available in the Roblox Marketplace.

44.    Roblox does not take or receive fiat currency when a User purchases Virtual Content from another User on the Roblox Platform.

45.    The vast majority of Users cannot convert Robux into real-world currency on the Roblox Platform.  The only users whom Roblox allows to do this are Developer Exchange Program ("DevEx") participants, who must meet multiple eligibility requirements to exchange earned Robux for real-world currency at the DevEx exchange rate.

### III.    THE ROBLOX MARKS

46.    Since at least as early as 2005, Roblox has continuously and exclusively used the

---

[61]  The average price at which Users could buy one Robux from Roblox for the year ending December 31, 2023 was $0.01. This average price has varied over time and depends on numerous factors, including the type of Robux package obtained.  As Roblox explains to all Users: "when you buy Robux, you receive only a limited, non-refundable, non-transferable, revocable license to use Robux, which has no value in real currency." *See* Roblox, *Robux* https://www.roblox.com/upgrades/robux (last accessed Apr. 30, 2025).

[62]  Developers may also choose to offer additional benefits to active Roblox Premium subscribers in the form of discounted virtual merchandise or access to exclusive in-experience features.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

79

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

coined and inherently distinctive mark ROBLOX to brand the Roblox Platform; and, since at least as early as 2008, Roblox has used the trademark ROBUX to brand the virtual currency exclusive to the Roblox Services.

47.    Roblox also owns and uses the distinctive Robux icon () (together with the ROBLOX and ROBUX marks, the "Roblox Marks"), which it has used since at least as early as 2019 as a symbol for the Robux virtual currency.

48.    Roblox has invested substantial resources to promote and advertise the inherently distinctive Roblox Marks, and the goods and services associated therewith. In addition to its own advertising efforts, Roblox has been the subject of countless unsolicited stories in the media, which highlight Roblox and the Roblox Marks.

49.    As a Result of Roblox's significant advertising efforts, extensive unsolicited media attention, and its large and loyal fanbase, the Roblox Marks are well-known among consumers in the United States and have come to embody the substantial and valuable reputation and goodwill that Roblox has earned in the marketplace.

50.    In addition to owning strong common law rights in the Roblox Marks, Roblox has secured numerous U.S. federal trademark registrations, including but not limited to the following:

- ROBLOX (Reg. No. 3,280,422) – Registered August 14, 2007 and covering "Video game software; computer software for interactive games" in Class 9, "Providing online chat rooms for exchange of messages among users of computers and other devices concerning topics related to interactive games" in Class 38, and "Entertainment services, namely providing an interactive game via electronic and optical communications networks" in Class 41.

- ROBLOX (Reg. No. 6,024,416) – Registered March 31, 2020 and covering, among other things, "interactive entertainment software, namely, computer and video game software... software for sending and receiving electronic messages, graphics, images, audio and audio visual content via global communication networks; computer software for the collection, editing, organizing, modifying, transmission, storage and sharing of data and information" in Class 9 and "entertainment and education services,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

80

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

namely, providing online electronic, computer and video games provided by means of the internet; online video and computer game services provided via a global computer network; organizing of games in the nature of computer and video game competitions; organization, production and presentation of competitions, contests, games, game shows, quizzes, fun days, exhibitions, shows, roadshows, staged events, live performances and participation events, namely, organizing events in the field of computer games for education purposes; internet based games, namely, providing online computer games and providing online video games; information and advisory services relating to any of the aforesaid services; advisory and consultancy services in connection with the foregoing" in Class 41.

- ROBUX (Reg. No. 4,731,874) – Registered May 5, 2015 and covering "financial services, namely, providing a virtual currency for use by members of an on-line community via optical, electronic and wireless communications networks" in Class 36 and "entertainment services, namely, providing an interactive online game via electronic, optical and wireless communications networks" in Class 41.

- (Reg. No. 6,918,704) – Registered December 6, 2022 and covering "Downloadable computer game software; Downloadable computer software for interactive games" in Class 9, "Financial services, namely, providing a virtual currency for use by members of an on-line community via optical, electronic and wireless communications networks" in Class 36, and "Entertainment services, namely, providing an online interactive game via electronic, optical, and wireless communications networks; entertainment services, namely, providing temporary use of non-downloadable interactive games via electronic, optical, and wireless communications networks" in Class 41.

51.    True and correct copies of the certificates of registration for these trademarks are attached as Exhibits 1 – 4. The '422 and '874 registrations have received incontestable status under section 15 of the Lanham Act, 15 U.S.C. § 1065, which constitutes conclusive proof of the validity of the marks and Roblox's exclusive rights to use them.

Cooley LLP
Attorneys at Law
San Francisco

81

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

## IV.    THE ROBLOX TERMS OF USE GOVERN ACCESS TO AND USE OF THE ROBLOX SERVICES

52.    In order to create an account and play Roblox, Users must affirmatively agree to the Roblox ToU, Creator Terms, and Community Standards (collectively, the "Roblox Terms"), which are conspicuously hyperlinked, in contrasting font color, on the account creation page and in the footer of each page of Roblox's site. The operative versions of these terms are attached as Exhibits 5 (Roblox ToU), 6 (Community Standards) and 7 (the Roblox Dictionary).

53.    By filling out the information requested in the sign up prompt and clicking the "sign up" button, Users agree to the Roblox ToU,[63] as shown in Figure 1 below.



***Figure 1: Roblox Sign Up Prompt***

54.    The Roblox ToU include the following provisions, among others[64]:

- Roblox users must not share or disclose their Roblox credentials with others. *Id.* § 2(b);

---

[63] *Home Page*, Roblox.com, https://www.roblox.com/ (last accessed Nov. 20, 2024).
[64] Roblox, Terms of Use, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use (as they appeared on Nov. 16, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

82

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

- A Roblox user may only access the Roblox Services through the user's own Roblox account. *Id.* § 2(c).

- A Roblox user may not use, acquire, or distribute Robux or Virtual Content except through the Roblox Services and except as expressly allowed by Roblox under these Roblox Terms. Roblox does not recognize or take responsibility for third-party services that allow Users to sell, transfer, purchase, or otherwise use Robux or Virtual Content, and any such use by a User is a violation of the Roblox Terms. *Id.* § 3(c).

- The interfaces, graphics (including without limitation Roblox Classic Avatars and Modified Classic Avatars, as defined in Section 2 of the Creator Terms), trademarks, design, information, artwork, data, code, products, software, and all other elements of the Services, including the rights therein and any derivatives thereof, ("Roblox Intellectual Property" or "Roblox IP") are protected by law and the Roblox Terms. All Roblox IP is the property of Roblox and Roblox's licensors. Roblox IP includes all UGC licensed to Roblox by Creators under the Creator Terms. Except as allowed in the Roblox Terms and any applicable Additional Terms, Roblox users may not use any Roblox IP contained in the Services unless they obtain separate permission in each instance from the owner. Roblox reserves all rights in/to the Roblox IP not granted in these Roblox Terms or elsewhere in Additional Terms. *Id.* § 6(a).

- In addition to any other restrictions set forth in the Roblox Terms or any Additional Terms, Users may not "use the Services (or any part thereof or any technology contained therein) in any manner that infringes, misappropriates, or otherwise violates any intellectual property right or other right of any person, or that violates any applicable laws. *Id.* § 8.b(f).[65]

- Users agree that they will be responsible for their use of the Services, and they

---

[65] This provision is now found at § 8.b(g) in the current Roblox Terms of Use. *See* Roblox, Terms of Use, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use (last accessed Apr. 30, 2025).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

83

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1   further agree to defend and indemnify Roblox and the Affiliated Parties from and
2   against every claim, liability, damage, loss, and expense, including reasonable
3   attorneys' fees and costs, arising out of or in any way connected with: (a) their access
4   to, use of, or alleged use of the Services; (b) their violation of any part of the Roblox
5   Terms, any representation, warranty, or agreement referenced in the Roblox Terms,
6   or any applicable law or regulation; (c) their actual or alleged violation of any third-
7   party right, including any intellectual property right, publicity or privacy right,
8   property right, or confidentiality obligation; or (d) any Dispute or issue between
9   Users and any third party. Roblox reserves the right, at Roblox's own cost, to take
10  on the exclusive defense and control of any matter subject to indemnification by
11  Users (without limiting Users' indemnification obligations with respect to that
12  matter), and in that case, Users agree to cooperate with Roblox's defense of that
13  claim. *Id.* § 15.

14  55.    Roblox's Community Standards include the following prohibitions and
15  limitations[66]:

16  •   Users may not "gain unauthorized access to Roblox or to others' Roblox accounts
17      or information, or … otherwise violate [the Roblox Platform] security
18      requirements."

19  •   With the exception of Roblox gift cards, "[u]sing third-party services to buy, sell,
20      trade, or give away Robux" is prohibited.

21  •   "Engaging in off-platform, secondary market transactions for account access or
22      virtual content from experiences or Marketplace" is prohibited.

23  •   "No real money, Robux, or in-experience items of value may be exchanged in
24      connection with any gambling activities."

25  56.    Users also agree to the Roblox ToU each time they purchase Robux from Roblox.

26  57.    Each Cross-Defendant, through their own conduct and that of their agents, has

---

[66] *Roblox Community Standards*, Roblox.com, https://en.help.roblox.com/hc/en-us/articles/203313410-Roblox-Community-Standards (as they appeared on Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

84

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    violated these prohibitions in numerous ways.

2    **V.    THE CROSS-DEFENDANTS' ILLEGAL ACTIVITIES**

3    58.    Each Cross-Defendant, through their own conduct and that of their agents, has

4    misused the Roblox Marks, created a false association with Roblox, and misused the Roblox

5    Services.

6    **A.    RBXFlip**

7    59.    Cross-Defendant Satozuki owned and operated the RBXFlip website, which became

8    operational in or around April 2019.

9    60.    The individual who founded RBXFlip does not publicly reveal his true identity and

10   goes by the online moniker "STR4T."[67] On information and belief, STR4T is an individual named

11   Paul Milan Clish, who resides in San Antonio, Texas.  Roblox banned Clish from the Roblox

12   Services in or around November 2018 before he launched RBXFlip.

13   61.    On January 27, 2024, counsel for Roblox and counsel for Plaintiffs deposed Clish.

14   Clish has the same voice as STR4T and the same spider tattoo on his right hand as STR4T. Publicly-

15   available records reveal that Clish has had multiple luxury automobiles with the vanity plate

16   "STR4T."

17   62.    On information and belief, Clish a/k/a STR4T, managed the official RBXFlip

18   Twitter account and retweeted pictures of himself in connection with purported "daily" giveaways

19   of "Roblox Limiteds."  One example from May 20, 2022 is shown below[68]:

20

21

22

23

24

25

26   ────────────

27   [67] *See* RoZone, *Interviewing The FOUNDER Of RBXFlip!*, YouTube.com (Dec. 28, 2020),
     https://www.youtube.com/watch?v=J88I7Y3JF-s (last accessed Nov. 20, 2024).
     [68] @rbxflip, TWITTER (May 20, 2022), Wayback Machine,

28   https://web.archive.org/web/20220525041940/https://twitter.com/rbxflip (archived record date of
     May 25, 2022) (last accessed April 27, 2025).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

85

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

*Figure 2: May 20, 2022 Post on RBXFlip Twitter Account*

63.    In a YouTube interview (audio only), Clish a/k/a STR4T stated he created RBXFlip because he realized that "no one's done it," *i.e.*, made a "Roblox gambling" website.[69] On information and belief, STR4T founded and/or held a controlling ownership interest in Cross-Defendant Satozuki.

64.    Clish a/k/a STR4T brought on other individuals to develop and support RBXFlip, including "Ly" and "PD."[70] In the YouTube interview, STR4T stated that Ly was the developer of RBXFlip, while PD provided support, including "getting a lot of the bots" used by RBXFlip.[71] STR4T reportedly gave Ly a "long-term" ownership interest in the company that owned and operated RBXFlip, so that Ly "can always have this income coming in."[72] STR4T also stated that

---

[69] *Id.* at 0:40-42.
[70] *Id.* at 5:30-54.
[71] *Id.*
[72] *See* RoZone, *Interviewing The FOUNDER Of RBXFlip | 2021*, YouTube.com, (Dec. 5, 2021) at 7:39-45, https://www.youtube.com/watch?v=ELeXsMr2wco&t=46s (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

86

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

he sold PD "lifetime ownership" shares in the company that owned RBXFlip.[73] On information and belief, PD owns and operates Adurite, a black market site that purports to sell Roblox Limiteds.[74]

65.    A YouTube video posted by "Unknown PERSON," who has the same voice as STR4T,[75] explains how RBXFlip worked.

66.    During its existence, RBXFlip required its users to enter their Roblox login credentials to use the site. RBXFlip therefore gained access to its users' Roblox accounts and could use them however it wanted. RBXFlip's games were largely based on trading Limiteds with other users. RBXFlip required that its users' Roblox accounts had specific features and settings required for Limited trading: (1) account age set to 13+ (as Roblox does not allow under-13 accounts to trade Limiteds); (2) Roblox Premium membership (which is required to sell or trade Limiteds); (3) at least one "small" Limited item, with a recent average price ("RAP") of less than 750 Robux; (4) at least one Limited item with a RAP greater than 1000 Robux; (5) trades enabled to all (*i.e.*, the Roblox account was set to allow trading with anyone, not just friends); and (6) trade filter turned off.[76]

67.    The games on RBXFlip were largely "player versus player," meaning that two players competed directly against each other.[77] To "create a game" on RBXFlip, a user needed to select "at least one item under 750 RAP and at least one item to gamble that's over 1000 RAP, or value."[78] After selecting the Limiteds to "gamble," the RBXFlip user had to wait for another user to join the game. Next, a coin flipped. Whoever won the coin flip won all posted Limited items.

---

[73] *Id*. at 6:44-54.
[74] *Id*. at 8:20-23.
[75] *Compare*, Unknown PERSON, *RBXFlip Login Tutorial and How to Win Roblox Gambling*, YouTube.com (May 11, 2021) https://www.youtube.com/watch?v=2jwhcFgmB6Q *with* RoZone, *Interviewing The FOUNDER Of RBXFlip | 2021,* YouTube.com (Dec. 5, 2021) at 9:55-10:13, https://www.youtube.com/watch?v=ELeXsMr2wco&t=46s (last accessed Nov. 20, 2024).
[76] Unknown PERSON, *RBXFlip Login Tutorial and How to Win Roblox Gambling*, YouTube.com, (May 11, 2021) at 0:05-0:18, https://www.youtube.com/watch?v=2jwhcFgmB6Q (last accessed Nov. 20, 2024).
[77] RoZone, *Interviewing The FOUNDER Of RBXFlip | 2021*, YouTube.com, (Dec. 5, 2021) at 9:55-10:13, https://www.youtube.com/watch?v=ELeXsMr2wco&t=46s (last accessed Nov. 20, 2024).
[78] Unknown PERSON, *RBXFlip Login Tutorial and How to Win Roblox Gambling*, YouTube.com, (May 11, 2021) 0:56-1:56, https://www.youtube.com/watch?v=2jwhcFgmB6Q (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

87

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1   For the duration of the game, RBXFlip sent "the items that you are putting in the game … to one

2   of our storage bots for it to hold."[79] The "storage bot," on information and belief, referred to one of

3   the many bot accounts that RBXFlip operated on Roblox without Roblox's knowledge or

4   permission. The winner of the coin flip received the Limited items from the storage bot.[80]

5       68.    RBXFlip ceased to operate on or around July 20, 2023, approximately three weeks

6   before the filing of the original complaint in this action.[81] Although the URL for RBXFlip

7   (rbxflip.com) no longer functions, archived versions of the website and publicly available YouTube

8   videos reveal rampant misuse of the Roblox Marks by Cross-Defendant Satozuki and its agents

9   until RBXFlip's demise.

10      **1.    RBXFlip's Misuse of the Roblox Services and Efforts to Evade**
        **Detection.**

11

12      69.    Through RBXFlip, Cross-Defendant Satozuki and its agents inappropriately

13   accessed the Roblox Services without Roblox's permission.

14      70.    Satozuki and its agents required its users to provide their Roblox login credentials

15   to use RBXFlip.[82] Users of RBXFlip could provide their Roblosecurity cookie or their username

16   and password, as shown in Figure 3.

17

18   

19

20

21

22

*Figure 3: RBXFlip Login*

23

24      71.    The YouTube video posted by "Unknown PERSON" with the same voice as Clish

25   [79] *Id.* at 1:16-1:25.
     [80] *Id.* at 1:16-1:56.
26   [81] *See, e.g.*, *rbxflip.com,* Wayback Machine, (July 20, 2023),
     https://web.archive.org/web/20230720211634/https://rbxflip.com/web/20230720211634/https://r
27   bxflip.com/ ("This web property is not accessible via this address.").
     [82] *Coinflip*, RBXFlip.com,
28   https://web.archive.org/web/20230712191734/https://rbxflip.com/coinflip?modal=login&redirect
     Modal=claims (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

88

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

a/k/a STR4T gives step-by-step instructions about how to find one's Roblosecurity cookie.[83] The Roblosecurity cookie contains a bolded, all-caps warning instructing users not to share it: "WARNING:-DO-NOT-SHARE-THIS.--Sharing-this-will-allow-someone-to-log-in-as-you-and-to-steal-your-ROBUX-and-items...." This warning is partially visible in STR4T's how-to video.[84]

72.     According to STR4T, RBXFlip used the Roblosecurity cookie to "automate the trading" using "one of our bots."[85]

73.     On information and belief, Satozuki and its agents created bot accounts on the Roblox Platform so they could hold the Limiteds and Robux that were the object of the coin flips and other games on RBXFlip and "tax" RBXFlip's users. The "tax," on information and belief, represents Robux and Limiteds that Satozuki and its agents kept.[86] RBXFlip also hosted a "Marketplace"—openly described as a black market—where users purportedly could sell their Limiteds to other users outside Roblox's Services, in violation of the Roblox ToU.

74.     The use of bots by Cross-Defendant Satozuki and its agents created problems for them. According to STR4T, as of December 2021, RBXFlip was trying to "direct away from player versus player because *player versus player involves bots and . . . a lot of trades, which Roblox is actively using algorithms to kind of detect and stuff. So it's a cat and mouse game with us and Roblox, with their moderation right now*, and getting away from that as soon as possible and . . . expanding to other deposit methods and other ways people can gamble their Limiteds is our main goal."[87]

75.     A YouTube video posted by "RoZone"—the same person who interviewed STR4T—shows RoZone playing RBXFlip. At the end of the video, RoZone states: "As many of

---

[83] Unknown PERSON, *RBXFlip Login Tutorial and How to Win Roblox Gambling*, YouTube.com, (May 11, 2021), at 0:21-0:48, https://www.youtube.com/watch?v=2jwhcFgmB6Q, (last accessed Nov. 20, 2024)
[84] *Id.* at 0:33.
[85] *See* RoZone, *Interviewing The FOUNDER Of RBXFlip!*, YouTube.com, (Dec. 28, 2020) at 1:29-32, https://www.youtube.com/watch?v=J88I7Y3JF-s (last accessed Nov. 20, 2024).
[86] *See* RoZone, *A Beginner's Guide to RBXFlip,* YouTube.com (Oct. 16, 2022), at 1:10–2:36, https://www.youtube.com/watch?v=DjtKbNym-5I (last accessed November 20, 2024).
[87] *See* RoZone, *Interviewing The FOUNDER Of RBXFlip | 2021*, YouTube.com, (Dec. 5, 2021), at 10:00-10:23, https://www.youtube.com/watch?v=ELeXsMr2wco&t=46s (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

89

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

you guessed, my [Roblox] account was banned, which is kind of expected now."[88] In the comments to the video, RoZone states: "…roblox banned my account with a few hundred thousand left on it."

76.    Cross-Defendant Satozuki and its agents' access to the Roblox Services was unauthorized; Satozuki and its agents knew this.  At all times during his operation of RBXFlip, STR4T a/k/a Clish was not authorized to access the Roblox Services.  In November 2018, Roblox banned STR4T a/k/a Clish from using the Roblox Services and deactivated his known Roblox accounts.  Clish received notice from Roblox that he had been banned in 2018, before he launched RBXFlip. Roblox continued to ban additional Roblox accounts that appeared to have been created and/or used by Clish a/k/a STR4T as Roblox discovered them.

77.    Despite the lack of authorization, Cross-Defendant Satozuki and its agents (including STR4T a/k/a Clish) accessed the Roblox Services between 2019 and July 2023.  Roblox incurred losses of at least $5,000 during a one-year period to investigate and respond to this unauthorized access, including expenses to address User complaints about RBXFlip's unauthorized access to their Roblox accounts and expenses related to the referral to law enforcement.

### 2.    RBXFlip's Infringement of the Roblox Marks.

78.    Satozuki and its agents deliberately coopted the Roblox Marks in order to trade on Roblox's goodwill.

79.    The name RBXFlip was transparently designed to create the false impression for Users and the public that the site originated from, or was sponsored by, approved by, or otherwise associated or affiliated with Roblox. In particular, "RBX" in the name RBXFlip is a common shorthand for "Roblox."

80.    RBXFlip also used variations of the Roblox logo throughout the site. RBXFlip purported to allow users to place bets with Robux, as depicted in Figure 4, where the Robux mark (R$) appears before "Place Bet":

---

[88] *See* RoZone, *RBXGameplay #10 – Millionaire!*, YouTube.com, (Sept. 11, 2021) at 7:48-59, https://www.youtube.com/watch?v=vGX_3GxvUHY (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

90

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC



*Figure 4: RBXFlip - "Place Bet"*

81.     RBXFlip incorporated both the ROBUX mark and the Robux icon (⬡) into its site, as depicted in Figure 5. For example, RBXFlip purported to allow its users to participate in a "giveaway" of various Limiteds valued in Robux.[89]

*Figure 5: RBXFlip - Robux Giveaway*

---

[89] *See* RoZone, *A Beginners Guide to RBXFlip,*YouTube.com (Oct. 16, 2022) https://www.youtube.com/watch?v=X_xyRCWfqH4 (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

91

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

82.     RBXFlip also allowed users to see a detailed history of their game play, as shown in Figure 6.  On information and belief, RBXFlip users could therefore access and save a copy of their RBXFlip transaction history.



*Figure 6: RBXFlip - Transaction History*

83.     Roblox never authorized Cross-Defendant Satozuki or its agents to use the Roblox Marks to advertise Robux, or to sell, distribute, or transfer Robux.

84.     Use of the Roblox Marks in the foregoing manner was likely to cause, and, on information and belief did cause, confusion, mistake or deception as to the affiliation, connection, or association of RBXFlip with Roblox, or as to the origin, sponsorship, or approval of Cross-Defendant Satozuki's offerings and commercial activities by Roblox.

85.     Moreover, Cross-Defendant Satozuki and its agents misrepresented to Users that the users of the Infringing Site could engage in transactions of genuine Roblox virtual content, such as Robux, when they could not do so. Because use of RBXFlip violates Roblox's ToU, any such virtual content was materially different from genuine Roblox content.

### 3.     Roblox's Attempts to Shut RBXFlip Down.

86.     Roblox took multiple measures to shut RBXFlip down and prevent it from reaching Roblox Users.  Without describing all efforts in detail, Roblox describes the following efforts.

87.     In early January 2019, before RBXFlip went live, Roblox employees learned of a Twitter post announcing the upcoming launch of RBXFlip that associated RBXFlip with Roblox.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

92

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    Roblox employees contacted Twitter (now known as "X") to remove the post.

2        88.    Roblox made multiple takedown requests to RBXFlip's hosting providers between

3    April 2019 and January 2023, requesting that they shut the site down.

4        89.    In September 2021, Roblox issued an update that required users to complete two-

5    factor authentication ("2FA") every 24 hours in order to engage in Limited trading.  This update

6    was described in a YouTube video posted by RoZone on September 16, 2021 as "pretty harmful to

7    all of the gambling sites and marketplaces."[90]  According to RoZone, "the main problem that I see

8    is just the time that's required to manually verify every single account every 24 hours, especially

9    for places like RBXFlip where they own so many bots and they're constantly buying new accounts,

10   just to keep track of which ones they've verified and when to verify them again … is just not going

11   to be easy for them."[91]  As RoZone further observed, "Roblox is making it a lot harder.  Recently,

12   they've increased ban waves … and now this 2FA stuff.  Like clearly, they want to take these sites

13   down.  They're now putting a lot of time and dedication into the removal of these sites…"[92]

14   Notwithstanding Roblox's efforts, RoZone explained that "I don't personally think they will ever

15   stop this.  I think they if they make it so that trades can't be automated, then sites will just create a

16   deposit system.  Like there's always going to be a way around this and the only way to fully stop

17   this is by removing trading or removing selling Robux overall, which is just not possible…"[93]

18       90.    In December 2021, STR4T acknowledged that Roblox had successfully "taken Flip

19   down two or three times" by "send[ing] a DMCA request to Amazon Web Services, where we used

20   to host, and our host after that as well."[94]  According to STR4T, RBXFlip added language in the

21   website's footer stating that "Roblox and its various marks and logos are trademarks of Roblox

22   blah blah blah" to "protect against general DMCA sh*t."[95]  At some point before December 2021,

23   STR4T moved RBXFlip to "a much more offshore host now . . . someone who really doesn't care

---

90 *See* RoZone, *Is Roblox Sick Of RBXFlip? | Roblox Trade 2FA Update*, YouTube.com (Sept. 16, 2021) at 0:02, https://www.youtube.com/watch?v=OMoTltyGrsc (last accessed Apr. 25, 2025).
91 *Id.* at 0:17–0:33.
92 *Id.* at 1:22–1:38.
93 *Id.* at 1:42–1:59.
94 *See* RoZone, *Interviewing The FOUNDER Of RBXFlip | 2021*, YouTube.com (Dec. 5, 2021) at 2:22–2:36, https://www.youtube.com/watch?v=ELeXsMr2wco&t=46s (last accessed Nov. 20, 2024).
95 *See id.* at 2:39-2:54.

1   about DMCA necessarily."[96]

2       91.    Roblox made a referral to law enforcement about RBXFlip in 2022.

3       92.    During the time RBXFlip operated, Roblox received numerous customer support

4   ("CS") tickets from Users who claimed that their Roblox accounts had been "hacked" or "beamed"

5   by other Users. These CS tickets also referenced RBXFlip. One User stated they entered their login

6   credentials on RBXFlip, "just look[ed] around the site," and then "all my robux just vanished out

7   of thin air." Another User stated their Roblox account had been "comped" (i.e., compromised) by

8   "friends" who then went on RBXFlip and traded away the User's items. Another User submitted

9   screenshots of chats with a friend who, after using the User's account for RBXFlip, submitted a CS

10  ticket to Roblox falsely claiming that the User's Roblox account "got hacked." When the User

11  accused the friend of lying to Roblox, the friend responded "just bending the thruth (sic)."

12          **4.    RBXFlip Shuts Down Due to Roblox's Product Change.**

13      93.    RBXFlip stopped operating several weeks before the initial complaint in this action

14  was filed.

15      94.    On July 14, 2023, Roblox announced that a new holding period for Limiteds would

16  go live on July 20, 2023.[97] This change added a two-day holding period for Limited trades, meaning

17  that if a User wanted to trade a Limited with another User, the Limited item would not transfer for

18  up to two days.

19      95.    Roblox's product change was disastrous for RBXFlip, which shut down the same

20  day the new holding period went into effect.[98]

21

22

23

24

25

26

---

[96] *Id*. at 2:55-2:59.

[97] *Updates to Item Holding* Periods, Creator Hub, (July 2023), devforum.roblox.com/t/updates-to-item-holding-periods-marketplace/2468674 (last accessed Nov. 20, 2024).

[98] *See* RoZone, *My Last Time on RBXFlip*, YouTube.com (Oct. 15, 2023), https://www.youtube.com/watch?v=1GMLdmzXOqA (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

94

Roblox Corp.'s Answer to Sac &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

96.    Following RBXFlip's shutdown, RBXFlip claimed to "offer[] up refunds to anyone who still had a robux balance on the site upon it's shutdown."[99]



*Figure 7: Roblox Trading News X Post (Aug. 27, 2023)*

## B.    Bloxflip

97.    On information and belief, the Bloxflip website launched in early 2022.[100]  Bloxflip did not identify an owner or operator when it launched.  It did not identify a corporate owner until in or around July 2022.  According to information available on Bloxflip's home page, Cross-Defendant Studs first owned the website and Cross-Defendant Based Plate is the website's most recent owner.

98.    The individuals behind Bloxflip long masked their true identities.  Bloxflip's founders go by the online monikers "Psy" and "Aris."[101]  On information and belief, "Psy" is Shane

---

[99] RBLXTradingNew (@RBLXTradingNews), X (Aug. 27, 2023 at 11:53 PM), https://x.com/RBLXTradingNews/status/1696008092423508274 (last accessed Nov. 20, 2024).
[100] The first archived record of Bloxflip.com containing any content is from January 31, 2022. *See Bloxflip.com*, Wayback Machine, https://web.archive.org/web/20220401000000*/bloxflip.com/ (archived record dated April 1, 2022) (last accessed Nov. 20, 2024).
[101] *See* Exhibit 8, *Hey guys. Psy here,* The Bloxflip Blog (Aug. 26, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC**

1    Selinger, an individual based in Massachusetts who is a member of Cross-Defendant Based Plate.

2    On information and belief, "Aris" is Aristeides Stathoulopoulos, an individual based in Greece who

3    is a member of Cross-Defendant Based Plate.[102]   On information and belief, Selinger and

4    Stathoulopoulos had roles and/or ownership interests in Cross-Defendant Studs.

5        99.    Cross-Defendant Studs was first identified on Bloxflip as the website's owner and

6    operator on or about July 5, 2022.[103]  It was Bloxflip's identified owner and operator for most of

7    the site's existence.  Studs and its agents are responsible for all acts they committed during Studs'

8    ownership of Bloxflip from approximately July 2022 through July 2024, as alleged herein and as

9    discovery will reveal.  On information and belief, Bloxflip's co-founders incorporated Studs in

10   Cyprus to avoid detection and shield themselves and the company from liability in the United

11   States.

12       100.   On or about August 5, 2023, before Plaintiffs filed the original complaint in this

13   action, Bloxflip displayed the following phrase: "Bloxflip is a brand name of Baseplate

14   GAMES."[104]   On information and belief, Baseplate Games was a reference to a U.S.-based

15   company called BP Games, Inc. ("BP Games"), a company that Selinger incorporated in Delaware

16   on August 1, 2023.  On or around August 31, 2023, Bloxflip reverted to displaying Studs as the

17   website's owner and operator.[105]

18       101.   On March 13, 2024, a few days after Plaintiffs moved for entry of default against

19   Studs in this case, ECF No. 63, Cross-Defendant Based Plate was incorporated in St. Vincent and

20   the Grenadines as a limited liability company.  On information and belief, Bloxflip's co-founders

21   incorporated Based Plate in St. Vincent and the Grenadines to avoid detection, shield themselves

22   and the company from liability in the United States, and to attempt to shield Studs from further

23

24   [102] On information and belief, Mr. Stathoulopoulos is also the owner of a company called
     Something Single Member, P.C., which owns and operates the website called BattleBuddy.  *See*
     BattleBuddy Terms of Service, https://m.battlebuddy.gg/legal/tos (last accessed Apr. 27, 2025).
25   [103] *Bloxflip.com*, Wayback Machine, https://web.archive.org/web/20220705071244/bloxflip.com
     (archived record dated July 5, 2022) (last accessed March 21, 2025).
26   [104] *Bloxflip.com*, Wayback Machine,
     https://web.archive.org/web/20230805232305/https://bloxflip.com/ (archived record dated August
27   5, 2023) (last accessed Nov. 20, 2024).
     [105] *Bloxflip.com*, Wayback Machine,
28   https://web.archive.org/web/20230831024531/https://bloxflip.com (archived record dated August
     31, 2023) (last accessed April 25, 2025).

96

1    liability for its operation of Bloxflip.  Bloxflip, however, continued to display Studs as the owner

2    and operator of the website for several months.[106]

3        102.    On or about April 17, 2024, RoZone began to raise questions about whether Bloxflip

4    was "about to exit scam."[107]  In the video, RoZone displayed a message posted to the official

5    Bloxflip Discord channel on March 31, 2024 stating that "it is time now to link your Bloxflip

6    account with your BloxGame account!"[108]  RoZone then showed a screenshot of the complaint

7    filed in this case while noting that "in the lawsuit, the specific entity being sued is not Bloxflip the

8    website, but rather the company that owns it which is Studs Entertainment Limited, so I directly

9    asked the owner whether or not the move had anything to do with the lawsuit…"[109]  RoZone next

10   displayed a screenshot of a chat communication directed to "psy" dated April 1, 2024.  RoZone

11   stated that he asked Psy if the move to BloxGame had "anything to do with the 5 million dollar

12   class action lawsuit which is currently against bloxflip?"[110]  RoZone also asked Psy "Is bloxgame

13   owned by the same company as bloxflip (STUDS ENTERTAINMENT LTD).  If not, why not?"[111]

14   RoZone stated that "the owner I contacted has so far refused to answer any of my questions."[112]

15       103.    On May 5, 2024, RoZone posted another YouTube video concerning Bloxflip to

16   discuss Bloxflip's "response" to RoZone's April 17 video.[113]  In the video, RoZone showed a

17   screenshot of a Discord chat dated March 30, 2024 from "RedVersa, the marketing director at

18   Bloxflip."[114]  In a screenshot of the chat, RoZone asked if the move to BloxGame had "anything to

19   do with the 5 million dollar class action lawsuit which is currently against bloxflip?"[115]  RedVersa

20

21

---

[106]*Bloxflip.com*, Wayback Machine,
https://web.archive.org/web/20240312211112/https://bloxflip.com/ (archived record dated Mar. 12, 2024) (last accessed Mar. 17, 2025).
[107] *See* RoZone, *Is Bloxflip About to Exit Scam*, YouTube.com (Apr. 17, 2024),
https://www.youtube.com/watch?v=MwlbmkJTcqA.
[108] *Id.* at 0:52.
[109] *Id*. at 1:55–2:05.
[110] *Id.* at 2:06–2:11.
[111] *Id.*
[112] *Id*. at 2:15–2:17.
[113] *See* RoZone, *Bloxflip LIED!*, YouTube.com (May 5, 2024),
https://www.youtube.com/watch?v=zF6lEqM-8uY.
[114] *Id.* at 1:51.  On information and belief, RedVersa is the online moniker of an individual who resides in Kansas and who appears to have managed the official Bloxflip Twitter account.
[115] *Id.* at 1:55.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

97

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1  responded: "So this would also be a question for psy, as I am only in the marketing team…"[116]  In
2  the video, RoZone noted he "sent Psy a list of my questions and then waited over two weeks with
3  no response before I posted the video," *i.e.* the video titled "Is Bloxflip About to Exit Scam."[117]
4  Later in his video, RoZone noted that papers related to the lawsuit had been "hand delivered" to
5  Michael Chambers, an attorney for Studs, and that Studs had failed to respond.[118]  RoZone included
6  a screenshot of a chat message from "Aris" dated April 18, 2024, stating: "Broski we're a european
7  company, in europe lawsuits don't work like that."[119]  RoZone included a second screenshot from
8  "Aris" dated April 18, 2024, which stated "An American court, can not make a judgement on a
9  european company."[120]

10    104.    In or around on or around August 9, 2024, Bloxflip began to display "Based Plate
11  Studios LLC" as the website's owner and operator.[121]  Based Plate and its agents are responsible
12  for all acts they have committed during their ownership or control of Bloxflip.

13    105.    Until approximately November 16, 2024, Bloxflip repeatedly described itself as the
14  "#1 ROBUX Game Site," misleadingly suggesting that it was affiliated with Roblox, which it was
15  not.

16    106.    As of November 20, 2024, Bloxflip advertised its site on YouTube as "the best
17  website to bet your ROBUX" and "the first ROBLOX Casino where you can bet your Robux,"[122]
18  as shown in Figure 8:

---

[116] *Id.*
[117] *Id.* at 1:57–2:01.
[118] *Id.* at 4:44–4:45.
[119] *Id.* at 4:28–4:33.
[120] *Id.* at 5:10–5:13.
[121] *Bloxflip.com*, Wayback Machine, https://web.archive.org/web/20240809032326/https://bloxflip.com/ (archived record dated August 31, 2023) (last accessed April 25, 2025).
[122] Bloxflip, YouTube.com, https://www.youtube.com/@BloxFlip (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1
2
3
4
5
6
7
8
9
10
11
12
13



*Figure 8: Bloxflip YouTube Home Page*

14

15      107.    As of November 20, 2024, a landing page hyperlinked in Bloxflip's official X

16  account (formerly Twitter) advertised Bloxflip as "the #1 Roblox arcade."[123]

17
18
19
20
21
22
23
24
25
26
27

---

28  [123] *See Bloxflip* (@bloxflip), X, https://x.com/bloxflip (last accessed November 19, 2024);
    *Bloxflip*, LinkTree, https://linktr.ee/bloxflipofficial (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

99

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC



***Figure 9: Bloxflip Link Tree Home Page***

108.    In an April 2022 YouTube interview (audio only), Bloxflip's founder, Psy a/k/a Selinger, stated that he built Bloxflip because he "saw the success of RBXFlip" and "wanted to go for a house-based system."[124] Psy acknowledged the risk of Roblox's "ban waves," and suggested that Bloxflip was designed to avoid these because "it's not like there are bots holding the Robux … [I]t's coming directly from the user."[125]

### 1.    Bloxflip's Misuse of the Roblox Services and Efforts to Evade Detection.

109.    Bloxflip required users to enter their Roblox credentials to create an account on the site.  By requiring users to enter their Roblox credentials to create a Bloxflip account, Studs, Based Plate, and their agents obtained access to users' Roblox accounts, in violation of the Roblox ToU.

110.    During Studs' ownership and operation of Bloxflip, Studs and its agents provided users with detailed instructions for signing into Bloxflip.

111.    For example, the Bloxflip Help Center included an article titled "How to Login," written by "BLOX SPONSORS."  The article explained: "In order for Bloxflip to operate correctly,

---

[124] RoZone, *Interviewing THE FOUNDER of Bloxflip,* YouTube.com (April 21, 2022) at 0:16-0:32, https://www.youtube.com/watch?v=yFaR33G5yhQ (last accessed Nov. 20, 2024).
[125] *Id.* at 1:16-1:42.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

100

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3-23-CV-04146-VC

we require access to your Roblox account.  While normally asking for such would be considered malicious, we assure you that Bloxflip not only will protect your security but never use it without your permission! We will never store your password on our systems, it's only used to fetch the security cookie of your Roblox account!"  ECF No. 150-17.[126]

112.    Figure 10 shows a screenshot of the Bloxflip login page from the "How to Login" article under the purported "credentials option":



**Credentials Option**

1) Put your Roblox username and password into the appropriate box

***Figure 10: Bloxflip Homepage from "How to Login" Article***

113.    Figure 11 shows a second screenshot from the same "How to Login" article, which explained to users what to do if they had two-factor authentication enabled on their Roblox account.

---

[126] Bloxflip Help Center, *How to Login*, Wayback Machine, https://web.archive.org/web/20240227190728/https://help.bloxflip.com/en/articles/6146154-how-to-login (archived record date of Feb. 27, 2024) (last accessed March 8, 2025).

Cooley LLP
Attorneys at Law
San Francisco

101

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC



*Figure 11: Bloxflip Homepage from "How to Login" Article*

114.    During Based Plate's ownership, Bloxflip also required users to enter their Roblox credentials to create an account on the site.  Figure 12 shows a screenshot of the Bloxflip login page from the weeks before November 16, 2024, and Figure 13 shows a screenshot of the Bloxflip login page as of November 16, 2024.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

102

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC



*Figure 12: Bloxflip Homepage Weeks Prior to November 16, 2024*



*Figure 13: Bloxflip Homepage as of November 16, 2024*

115.    Bloxflip purported to allow users to "deposit" Robux or "Roblox Items" to play games on the site, in addition to other deposit methods.

116.    When Studs was listed as Bloxflip's owner, Bloxflip offered several deposit methods, as shown in Figure 14, which is a screenshot from an article titled "Deposit" available in

Cooley LLP
Attorneys at Law
San Francisco

103

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

the Bloxflip Help Center on or about September 25, 2023[127]:



***Figure 14: Bloxflip Deposits Methods in "Deposit" Help Center Article***

117.    Prior to November 16, 2024, Bloxflip purported to allow users to "deposit" Robux or "Roblox Items"[128] to play games on the site, in addition to other deposit methods, as shown in Figure 15:



***Figure 15: Bloxflip Deposit Page Prior to November 16, 2024***

118.    One of these deposit methods purported to allow users to "pay for Robux on Bloxflip by trading any gift card," as shown in Figures 16 and 17, which are screenshots from Bloxflip taken

---

[127] Bloxflip Help Center, *Deposit*, Wayback Machine, https://web.archive.org/web/20230925131154/https://help.bloxflip.com/en/articles/6147796-deposit (archived record date Sept. 25, 2023) (last accessed March 8, 2025).

[128] Bloxflip purported to accept "deposits" of Roblox items, but this functionality did not exist. As of early November 2024, clicking the button to "deposit" Roblox items led to a pop-up window stating: "Deposits using limited items are temporarily unavailable. Please try again later. Thank you for your patience!"

Cooley LLP
Attorneys at Law
San Francisco

104

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

1    on or about August 23, 2024. The San Francisco-based company PayGarden provided this gift card

2    trade-in service for Bloxflip.





*Figure 16: Bloxflip Gift
Card Trade-In*

*Figure 17: Bloxflip "How it works"*

    119.    Bloxflip also purported to allow users to deposit "Robux" from a third-party website

called Blox.land, as shown in Figure 18:



*Figure 18: Bloxflip "Deposit Blox.land Robux"*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

105

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

120.    Bloxflip purported to allow users to deposit "R$ " by "redeeming" gift cards from a third-party website called Ro.Market as shown in Figure 19 below:



*Figure 19: Bloxflip "Deposit Gift Card"*

121.    If a user decided to "deposit" Robux in Bloxflip (as opposed to using another deposit method), Cross-Defendant Based Plate and its agents took over the user's Roblox account with the provided credentials and initiated virtual content transactions to transfer the user's Robux to separate Roblox accounts controlled by or accessible to Based Plate and its agents on the Roblox Platform. Bloxflip did not identify itself as the counterparty to these transactions and used random Roblox accounts that Based Plate and its agents either created or took over from other Roblox Users.

122.    Then, on Bloxflip, the user received an amount of credits equal to the amount of Robux "deposited." Although these credits were *not* Robux, until November 16, 2024, Bloxflip misleadingly labeled the credits with an icon that combined the hexagonal shape of the current Robux icon (⬡) with the old R$ mark used to denote Robux, creating a false impression and association with Roblox.



*Figure 20: Bloxflip.com "Transactions" entry*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

123.    As of November 16, 2024, Bloxflip had changed the icon of its credits to "F$" surrounded by a hexagon: .

124.    Bloxflip purported to allow users to "withdraw" Limited items with "instant" delivery.[129]

125.    Bloxflip also purported to allow users to "withdraw Robux." To "withdraw Robux" on Bloxflip, users were instructed to enter the amount of Robux they wanted to withdraw from Bloxflip and were informed that the amount they would receive would be less the "30% Roblox Marketplace Fee" along with a "delivery fee" charged by Bloxflip. The "delivery fee" depended on whether the user chose "standard delivery" or "instant delivery."



*Figure 21: Bloxflip Withdrawal Page*

126.    If the "withdrawal" succeeded, the user would not see a deposit by Bloxflip in their Roblox account.[130] Instead, a Roblox user would see one or more transactions for virtual content with random Roblox users with no stated affiliation with Bloxflip. That is because Bloxflip again

---

[129] *See* RoZone, *Why can't you withdraw on Bloxflip?*, YouTube.com (Mar. 28, 2024), https://www.youtube.com/watch?v=0oGxHM42zcM (last accessed Apr. 29, 2024).
[130] It appears that users complained that they were unable to "withdraw" Robux from Bloxflip. *See* RoZone, *Why can't you withdraw on Bloxflip?*, YouTube.com (Mar. 28, 2024), https://www.youtube.com/watch?v=0oGxHM42zcM (last accessed Apr. 29, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

took over the user's Roblox account, using it to create and sell Virtual Content to Roblox accounts controlled (at least temporarily) by Based Plate and/or its agents, generating Robux for the user.

127.    Cross-Defendants Studs, Based Plate, their agents, and many Bloxflip users knew and had reason to know that their conduct violated Roblox's ToU.

128.    One of Bloxflip's co-founders, Psy a/k/a Selinger, was banned from the Roblox platform before he co-founded Bloxflip for repeatedly violating Roblox's ToU.  Both of Bloxflip's co-founders had multiple Roblox accounts deleted for violating the Roblox ToU.

129.    In an article titled "About Bloxflip," available on the Bloxflip Help Center on or about December 26, 2023, Bloxflip's "sponsors" expressly addressed the risk that Roblox would ban accounts that used Bloxflip and underscored Bloxflip's efforts to evade Roblox's detection methods, as shown in Figure 22[131]:



> • **Is BloxFlip illegal?**
>
> Using any 3rd party application there is a possibility of being banned but since there are no bots in between and everything is fully automated with P2P transactions, the odds are very low. Since we are using your cookie for this automation you will likely not encounter any suspicion from Roblox. Although there is a very slim chance I cannot guarantee there is no possibility of being banned. Generally you are very safe when using our website or any affiliated sites.

*Figure 22: "Is Bloxflip Illegal" in "About BloxFlip" Help Center Page*

130.    In an article titled "Free Robux," available on the Bloxflip Help Center on or about February 27, 2024, Bloxflip's "sponsors" provided an answer to the question "Are these sites illegal as well?"  ECF No. 150-18.[132]  They wrote: "All websites that are third-party users of ROBLOX are classified against the Terms of Service. Termination and flagged accounts will not be under our responsibility, please use the website at your own risk and under your own authority." *Id.*

131.    Bloxflip's official Discord channel contained multiple messages between Bloxflip users in 2024 stating they'd been "banned" by Roblox. A September 2024 Discord exchange between a Bloxflip user whose Roblox account was "banned" and another Bloxflip user

---

[131] Bloxflip Help Center, *About BloxFlip*, Wayback Machine, https://web.archive.org/web/20231226210023/https://intercom.help/bloxflip/en/articles/6146360-about-bloxflip (archived record date of Dec. 26, 2023) (last accessed Mar. 8, 2025).
[132] Bloxflip Help Center, *Free Robux*, Wayback Machine, https://web.archive.org/web/20240227192537/https://help.bloxflip.com/en/articles/6146655-free-robux (archived record date of Feb. 27, 2024) (last accessed March 8, 2025).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

108

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1  acknowledges as much: "…I'll say it again, we all signed up to risk this by knowingly breaking

2  Roblox's ToS. Bloxflip can only really try and mitigate it by reducing the odds of it happening but

3  there will always be a chance of you getting in trouble by Roblox."

4       132.    Despite knowing that their unauthorized use of Roblox accounts violated Roblox's

5  ToU, Studs, Based Plate and their agents tried to create workarounds to continue accessing the

6  Roblox Services.[133]

7       133.    Roblox repeatedly tried to disrupt Bloxflip's activities.  Without detailing all of

8  Roblox's efforts to disrupt Bloxflip's activities, Roblox describes several actions here.

9       134.    In March 2022, before Bloxflip identified a corporate owner and operator, Roblox

10  sent takedown requests to Bloxflip's hosting provider.  The hosting provider did not take any action.

11      135.    In March 2022, Roblox requested that YouTube remove videos explaining how to

12  use Bloxflip.  In or around April 2022, YouTube removed videos that includes the Roblox interface.

13      136.    In October 2022, Roblox submitted a DMCA takedown complaint against Bloxflip

14  to the identified hosting provider and sought to unmask the owner of the website.  The complaint

15  explained that "Original work is Roblox in-game currency called Robux or R$ specifically designed

16  and developed by Roblox Corporation and housed within the Roblox game platform (roblox.com)

17  for which the reported site has no authorization to create, copy, sell, or exchange as rewards for

18  their gambling offers."  Roblox's third-party vendor expressed difficulty getting Bloxflip taken

19  down, noting that "Players do not appear to be getting scammed."

20      137.    Roblox has also employed multiple methods to detect and disrupt bot accounts, to

21  detect and moderate accounts that violate Roblox's policies, including Roblox's prohibition against

22  using, acquiring, or distributing Robux or Virtual Content except through the Services, and to detect

23  and moderate accounts that may have used Bloxflip.

24

25

26

27

28

---

[133] *See* Exhibit 8, The Bloxflip Blog, *Hey guys. Psy here* (Aug. 26, 2024).

138.    By July 2024, Roblox had developed and began deploying a specific method to detect and moderate Roblox accounts that may have used Bloxflip.  Developing and deploying this content moderation plan required substantial ongoing resources. User accounts moderated pursuant to these detection efforts were de-activated, received an initial warning as shown in Figure 23, and were required to re-affirm agreement to the Roblox ToU to reactivate the moderated account.  Users who received multiple warnings had their accounts deactivated for longer time periods, with permanent deactivation after the fourth offense.  These escalating warnings also required users to reaffirm that they agreed to abide by Roblox's ToU.



*Figure 23: Initial Warning Message*

139.    Each Roblox account used by Based Plate and its agents that was moderated pursuant to this detection plan received explicit notice that their conduct violated Roblox's ToU. These users also were required to take affirmative action to accept the ToU, and they were expressly informed that using third-party sites (like Bloxflip) to buy, sell, or trade Robux was against Roblox's ToU.  On information and belief, Based Plate and its agents knew of and/or received these warnings, yet they continued to violate Roblox's ToU by requiring Bloxflip users to hand over their Roblox credentials to use Bloxflip.

140.    Roblox sent a Cease and Desist ("C&D") letter on November 14, 2024 to Based Plate and its agents informing them that their use of the Roblox Platform was unauthorized, requiring that they close any and all Roblox accounts that they were using and agree to never access Roblox's services again. The C&D letter also required that Based Plate and its agents cease their illegitimate uses of the Roblox Marks on Bloxflip and elsewhere.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

110

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

141.     Soon after receiving the C&D letter, Based Plate and its agents made cosmetic changes to Bloxflip, removing some references to Roblox and Robux, and referring to the Bloxflip-issued credits as "Flipcoins."[134]   Based Plate and its agents, however, still required Bloxflip users to enter their Roblox credentials to use Bloxflip, Bloxflip continued to log into its users' Roblox accounts, and Bloxflip still purported to allow users to "withdraw" Robux and Limiteds. Roblox continued to moderate accounts that may have used Bloxflip, as described above. These post-November 14, 2024 Bloxflip-specific content moderation efforts cost Roblox more than $5,000.

142.     On or about December 9, 2024, the Bloxflip homepage began to display a message that the website was shutting down (ECF No. 150-24), as reflected in Figure 24 below.



*Figure 24: Bloxflip Shutdown Message as of Dec. 9, 2024*

---

[134] Cross-Defendant Based Plate and its agents replaced references to "Bloxflip" on the Bloxflip homepage with "Bflip'" on or before November 16, 2024. Based Plate stripped references to Robux from the Bloxflip homepage. These cosmetic changes did not undo Bloxflip's misuses of the Roblox Marks by Studs during its ownership of Bloxflip, nor did they undo the misuses of the Roblox Marks during Based Plate's ownership from the website starting in or around August 2024.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

111

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

143.    As described in the shutdown notice posted by Based Plate and its agents, Bloxflip claimed it would "begin refunding our users quickly and safely."  The notice explained that a "FlipCoin balance" could "be queued for a card refund, or a withdrawal."

144.    In an announcement posted to Bloxflip's Discord channel on or around December 9, 2024, Psy and Aris explained that "refunds and withdrawals will be taken care of! It's our absolute priority to ensure that everyone is taken care of.  We'll provide refunds to your card and/or withdrawals to your ROBLOX account based on your balance.  To make sure that we can safely take care of everyone, we'll be introducing a queue system, and have a visible progress bar of our refunds as well as your place in the queue.  Updates will also be posted on Discord about the entire process."

145.    The "refund" scheme required using the Roblox Services.  Based Plate instructed users how to withdraw "FlipCoins" using the Roblox platform, as shown in Figure 25, a screenshot taken on December 17, 2024. Notably, the "gamepass" that Bloxflip users were required to create to get a "refund" is a category of Roblox Virtual Content.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Figure 25: Bloxflip "Withdraw FlipCoins"*

146.    On information and belief, the "refund" process took months to complete following December 9, 2024.

147.    Cross-Defendant Based Plate and its agents' continued use of Roblox accounts after receiving Roblox's C&D Letter constitutes unauthorized access to the Roblox Services.  Roblox incurred losses of at least $5,000 after November 15, 2024 by investigating and addressing this unauthorized access by Based Plate and its agents.

## 2.    Bloxflip's Infringement of the Roblox Marks.

148.    Cross-Defendants Studs, Based Plate, and their agents have each repeatedly misused the Roblox Marks and created a false association between Bloxflip and Roblox through multiple,

Cooley LLP
Attorneys at Law
San Francisco

113

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

repeated acts during the Cross-Defendants' respective periods of ownership of Bloxflip.

149.    "Blox" is a common shorthand for Roblox. Accordingly, the website's name "Bloxflip" was transparently designed to create the false impression for Users and the public that the site originated from Roblox, or was sponsored by, approved by, or otherwise associated or affiliated with Roblox.

150.    In addition, Cross-Defendants Studs, Based Plate, and their agents repeatedly advertised Bloxflip as the "#1 social casino for wagering Robux!"  Cross-Defendants and their agents have also claimed that users of Bloxflip can "Deposit fiat, crypto, ROBUX, and Limiteds to receive a balance on the site to start playing! Cashout your ROBUX into your account or choose from our large selection of Limited to cash out as well." [135]

151.    Cross-Defendants Studs, Based Plate, and their agents also misused the ROBLOX and ROBUX Marks in Google Search results for Bloxflip as recently as November 2024:



***Figure 26: Google Search Results for Bloxflip***

152.    Cross-Defendant Based Plate and its agents launched a Bloxflip blog on or around August 26, 2024, describing Bloxflip as "the #1 ROBLOX betting site entertaining millions of users around the world."[136] Bloxflip's homepage continued to link to the Bloxflip blog until some after point after November 20, 2024 (the date when Roblox first filed cross-claims in this action). Thereafter, the blog shut down.

153.    As discussed above, as of November 20, 2024, Bloxflip also continued to advertise itself on multiple social media channels as "the best website to bet your ROBUX," "the first

---

[135] Bloxflip FAQ, https://bloxflip.com/, (last accessed Nov. 15, 2024).
[136] *See* Exhibit 8, The Bloxflip Blog, *Hey guys. Psy here* (Aug. 26, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

114

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

ROBLOX Casino," and "the #1 Roblox Arcade!" Cross-Defendants Studs, Based Plate, and their agents intentionally created the misimpression that Bloxflip is sanctioned by Roblox by using this phrasing.

154.    Cross-Defendants Studs, Based Plate, and their agents also used the Roblox Marks throughout Bloxflip.  For instance, when a user sought to withdraw from Bloxflip, Bloxflip offered users the option to withdraw "Robux," which was false.



*Figure 27: Bloxflip Withdrawal Page*

155.    Cross-Defendant Based Plate and its agents also used an icon that combined the hexagonal shape of Roblox's current Robux icon (⬢) with an old R$ mark used to denote Robux, creating a false impression and association with Roblox:



*Figure 28: Bloxflip's Prior Use of the Robux Icon*

156.    During its ownership and operation of Bloxflip, Cross-Defendant Studs also used an icon that combined the hexagonal shape of Roblox's current Robux icon (⬢) with an old R$ mark used to denote Robux, creating a false impression and association with Roblox.  Archived versions of the Bloxflip homepage from March 12, 2024 show Studs' use of the icon. *See* ECF No. 150-

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

115

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    19.[137]

2    157.    The repeated uses of the Roblox Marks by Cross-Defendants Studs, Based Plate,

3    and their agents had no legitimate purpose and only served to mislead users into believing that

4    Bloxflip originates and originated from, is sponsored by, approved by, or otherwise associated with

5    Roblox when is not.

6    158.    Users have mistakenly believed that Roblox sanctioned Bloxflip.    As just one

7    example, Roblox received a CS ticket from a User who appeared to believe that Bloxflip was

8    "approved" by Roblox, which it is not.

9    159.    Moreover, during their respective periods of ownership, Cross-Defendants Studs

10    and Based Plate each misrepresented to Users that they could use Bloxflip to engage in transactions

11    of genuine Roblox virtual content, such as Robux, when they were not. Because use of Bloxflip

12    violated Roblox's ToU, any such virtual content was materially different from genuine Roblox

13    content.

14    160.    As noted above, Roblox previously sent a C&D letter to Cross-Defendant Based

15    Plate and its agents demanding that Based Plate and its agents cease their illegitimate uses of the

16    Roblox Marks, among other things.[138]

17    **C.    RBLXWild**

18    161.    RBLXWild launched in or around March 2022, at the URL rblxwild.com.[139] Boris

19    Said IV and Nicholas Carlo, both of whom reside in California, created RBLXWild as well as

20    RBLX Wild WY and RBLXWild DE.    The website's operations were conducted through RBLX

21    Wild WY, not RBLXWild DE, the entity named in Plaintiffs' original complaint.    Said and Carlo

22    each owned shares of RBLXWild WY.

23    162.    In March 2023, Boris Said IV resigned as the president, chairman, treasurer, and

24

25    [137] *Bloxflip.com*, Wayback Machine,
      https://web.archive.org/web/20240312211112/https://bloxflip.com/ (archived record date March 12,
26    2024) (last accessed March 17, 2025).
      [138] *See supra* ¶¶ 102–03.
27    [139] The first archived record of RBLXWild containing any content is from March 25, 2022. See
      *rblxwild.com,* Wayback Machine,
28    https://web.archive.org/web/20220325024653/https://rblxwild.com/ (archived Mar. 25, 2022)
      (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

116

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

secretary of RBLX Wild and sold his interest in the company to Nicholas Carlo, who became the president, chairman, treasurer, and secretary of RBLX Wild.

163.    RBLXWild shut down after the original complaint in this action was filed on August 15, 2023, purportedly in response to the lawsuit.[140]

164.    Within days of the filing of the lawsuit, Carlo sold his interest in RBLX Wild to a new owner, Doe #1, and began transferring to Doe #1 and his business partners various accounts and assets used to operate RBLXWild.

165.    Thereafter, Doe #1, the owner of Bloxmoon, acquired the RBLXWild website, which did not become operational until approximately July 2024:[141]



***Figure 29: Bloxmoon Acquisition of RBLXWild***

166.    In January 2024, Cross-Defendant RBLX Wild WY dissolved.

167.    On or about July 26, 2024, the RBLXWild website relaunched. On information and belief, Doe #1 continued to own RBLXWild and an individual named "Aspire" assisted with the re-launched version as part of the management team.[142]

168.    In a YouTube interview (voice only), Aspire stated that RBLXWild shut down in

---

[140] *See* RoZone, *Interviewing The Founder of RBLXWild!*, YouTube.com (May 18, 2024) at 1:05–19, https://www.youtube.com/watch?v=nHiTIX1M9_c (last accessed Jan. 26, 2025) ("[B]ut like the lawsuit came, I think it was like it came one week before we shut down …").
[141] *Rblxwild.com,* Wayback Machine, https://web.archive.org/web/20230825082240/https://rblxwild.com/, (archived Aug. 25, 2023) (last accessed Nov. 20, 2024).
[142] *See* RoZone, *Interviewing The Founder of RBLXWild!*, YouTube.com (May 18, 2024) at 6:30-6:42, https://www.youtube.com/watch?v=nHiTIX1M9_c (last accessed Nov. 20, 2024) ("Can you clarify – do you own any of the old assets legally, or are they owned by Bloxmoon?" "Well, um Bloxmoon owns 100% of RBLXWild and that's their site now.").

Cooley LLP
Attorneys at Law
San Francisco

117

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

2023 because ". . . it was like a huge mess; we treated [the site] like a playground, I guess you could say. Um, but we never had the intention like not to pay the balances and stuff, but when that lawsuit came we just kind of gave it up. But when we did sell it to Bloxmoon, part of the agreement was that they had to take over all of the debts we had, but it didn't come through."[143]

169.    RBLXWild switched to a new domain in or around November 28, 2024, specifically rblxwild.io.

170.    RBLXWild ceased operations on or around December 17, 2024.

### 1. RBLXWild's Misuses of the Roblox Services, Efforts to Evade Detection, and Roblox's Attempts to Shut RBLXWild Down.

171.    In order to use RBLXWild, a user had to enter their Roblox account credentials on the site, in violation of Roblox's ToU. *See* Figure 30. The RBLXWild sign in page stated: "In order for RBLXWild to operate correctly, we need access to your Roblox account. We understand that you may not be familiar with this method of login, but due to recent changes Roblox has made to authentication, it may work better for some users than cookie authentication."[144]



***Figure 30*: *RBLXWild Sign In Page***

172.    Once a user decided how much Robux to "deposit" in RBLXWild, Cross-

---

[143] In the same interview, "Aspire" claims that the "guy we sold the site to" did not pay out the outstanding customer balances on RBLXWild. *Id.* at 0:01-0:29; 1:49.
[144] *Sign In,* RBLXWild.com, https://rblxwild.com/?modal=auth (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

118

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

Defendants RBLX Wild WY, Doe #1 and their agents took over the user's Roblox account with the provided credentials and initiated virtual content transactions to transfer the user's Robux to separate Roblox accounts controlled by or accessible to RBLX Wild WY, Doe #1 and their agents on the Roblox Platform. RBLX Wild WY did not identify itself as the counterparty to these transactions and used random Roblox accounts that RBLX Wild WY, Doe #1 and their agents either created or took over from other Roblox users. Then, on RBLXWild, the user received an amount of credits equal to the amount of Robux "deposited." Although these credits were not Robux, RBLX Wild WY and Doe #1 labeled them with the Robux icon, creating a false impression and association with Roblox.



***Figure 31*: RBLXWild Transactions**

173.    To play games on RBLXWild, a user had to "deposit" Robux, a virtual item from the Roblox Platform, cryptocurrency, or fiat currency,[145] as shown in Figure 32 below.



***Figure 32*: *RBLXWild Deposits***

174.    RBLXWild purported to allow users to "withdraw" Robux and Roblox virtual items,

---

[145] RBLXWild.com, https://rblxwild.com/cases/tix-case?modal=cashier&type=deposit (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

119

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

among other things,[146] as shown in Figure 33:



***Figure 33**: RBLXWild "Roblox Withdraws"*

175.    If the user opted to "withdraw" Robux, the user was instructed to enter the amount of Robux that they want to withdraw from RBLXWild, as shown in Figure 34.[147] The user needed a minimum of 500 Robux and they had to "create a public experience on roblox.com" in order to "withdraw." The user was also informed that the amount of Robux they would receive would be "30% less" because "Roblox.com takes 30% commission on every purchase."

---

[146] *Withdraws,* RBLXWild.com, https://rblxwild.com/?modal=cashier&type=withdraw (last accessed Nov. 20, 2024).
[147] *Withdraw Robux,* RBLXWild.com, https://rblxwild.com/marketplace/withdraw?modal=cashier&type=withdraw&method=robux (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

120

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

1
2
3
4
5
6
7
8
9
10
11



*Figure 34: RBLXWild "Withdraw Robux"*

176.    If the "withdrawal" succeeded, the user would not see a deposit by RBLXWild in their Roblox account. Instead, the user would see one or more transactions for virtual content with other random Roblox users with no stated affiliation with RBLXWild. On information and belief, RBLXWild used Roblox accounts that RBLX Wild WY, Doe #1, and/or their agents controlled, at least temporarily, to purchase the withdrawing user's virtual content experience (*i.e.*, the "public experience" on Roblox that RBLXWild requires its users to create in order to withdraw), transferring Robux to the user.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cooley LLP
Attorneys at Law
San Francisco

177.    If the user opted to "withdraw" a virtual item, the user was taken to a "Marketplace" of virtual items, as shown in Figure 35.[148]



*Figure 35: RBLXWild "Marketplace"*

178.    To "withdraw" an item, the user had to enter the username of the Roblox account that would receive the limited item, as shown in Figure 36.[149]

---

[148] *Marketplace,* RBLXWild.com, https://rblxwild.com/marketplace/withdraw (last accessed Nov. 20, 2024).

[149] *Withdraw Limited*, RBLXWild.com, https://rblxwild.com/marketplace/withdraw?modal=dummy-item-withdraw (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco



***Figure 36: RBLXWild "Enter Roblox Username"***

179.    On information and belief, if the limited item "withdrawal" succeeded, the user would receive the limited item in their Roblox account.

180.    Roblox repeatedly tried to disrupt RBLXWild's activities.  Without describing these efforts in detail, Roblox describes the following efforts.

181.    In April 2022 and July 2023, Roblox sent takedown notices to RBLXWild's hosting providers requesting that the site be taken down.

182.    On or about July 20, 2023, RBLXWild and/or its agent responded (via the hosting provider): "we use all of our own assets which are not taken from other copyrighted entities" and claimed that the basis for the takedown request was "false."

183.    On or about July 31, 2023, Doe #1 and/or his agent responded to the same takedown request from Roblox, stating: "How many times do we need to go back and fourth [sic]. In no way shape or form is the email that is contacting you nor there website affiliated with the site http://roblox.com  the  official  roblox  email  is  (employeename@roblox.com ex:support@roblox.com) additionally we have changed our icon as we don't want issues with this anymore as this individual is clearly just trying to take the site down. Please relay this to cloudflare as this is fale [sic] information."

184.    The assertions by Doe #1 and its agents were false. RBLXWild continued to use the

Cooley LLP
Attorneys at Law
San Francisco

123

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

Robux icon ( ) and other Roblox Marks throughout the website.

185.    Roblox has also employed multiple methods to detect and disrupt bot accounts, to detect and moderate accounts that violate Roblox's policies, including Roblox's prohibition against using, acquiring, or distributing Robux or Virtual Content except through the Services, and to detect and moderate accounts that may have used sites like RBLXWild.

186.    By July 2024, Roblox had developed and began deploying a specific method to detect and moderate Roblox accounts that may have used Bloxmoon, which also pulled in RBLXWild.  Developing and deploying this content moderation plan required substantial ongoing resources.

187.    User accounts moderated pursuant to these detection efforts were de-activated, received an initial warning as shown in Figure 23, and were required to re-affirm agreement to the Roblox ToU to reactivate the moderated account.  Users who received multiple warnings had their accounts deactivated for longer time periods, with permanent deactivation after the fourth offense. These escalating warnings also required users to reaffirm that they agreed to abide by Roblox's ToU.

188.    Each Roblox account used by Doe #1 and his agents that was moderated pursuant to this detection plan received explicit notice that their conduct violated Roblox's ToU.  These users also were required to take affirmative action to accept the ToU, and they were expressly informed that using third-party sites (like RBLXWild) to buy, sell, or trade Robux was against Roblox's ToU. On information and belief, Doe #1 and his agents knew of and/or received these warnings, yet they continued to violate Roblox's ToU by requiring RBLXWild users to hand over their Roblox credentials to use RBLXWild.

189.    On October 29, 2024, Roblox sent a C&D letter to Cross-Defendant RBLXWild Entertainment and its owners and agents, including Bloxmoon. In the letter, Roblox demanded that the owners and operators of RBLXWild cease using the RBLXWild.com domain; cease using the RBLXWild mark; cease using the Roblox Marks to promote any services; cease using any language associated with Roblox or Robux on RBLXWild advertisements or promotions for RBLXWild; cease promoting the use of Roblox, Robux, or any Roblox content in connection with RBLXWild,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

124

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

including but not limited to the direct solicitation of Roblox users; and cease using the Roblox Platform. Roblox demanded that the owners and operators of RBLXWild close any and all accounts on the Platform and never access Roblox's website, app, servers, or services again.

190.    The next day, Boris Said IV, to whom the C&D letter had been mailed, responded via emailing stating that he had "no connection to RBLXWild, and exited this business several years ago."  Said did not respond to a subsequent email.

191.    Cross-Defendant Doe #1 and his agents continued use of Roblox accounts to operate the RBLXWild website  after receiving Roblox's C&D Letter constitutes unauthorized access to the Roblox Services.  Roblox incurred losses of at least $5,000 between October 30, 2024 and December 17, 2024 by investigating and addressing this unauthorized access by Doe #1 and his agents.

192.    RBLXWild permanently ceased its operations on or around December 17, 2024 after the UK Gambling Commission took action against the website and blocked it within the UK.

### 2.    RBLXWild's Infringement of the Roblox Marks and False Association with Roblox.

193.    Cross-Defendants RBLXWild Entertainment, Doe #1, and their agents have repeatedly misused the Roblox Marks and created a false association between RBLXWild and Roblox.

194.    The name "RBLXWild" was transparently designed to create the false impression for Users and the public that the site originated from Roblox, or was sponsored by, approved by, or otherwise associated or affiliated with Roblox. "RBLX" is a common shorthand for Roblox.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

125

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

195.    The RBLXWild website prominently used the Roblox Marks, including the Robux icon (⬢), as shown in Figure 37 below.[150]



***Figure 37: RBLXWild Home Page***

196.    When a user logged into RBLXWild, the website displayed in large white letters the phrase: "THE MOST IMMERSIVE ROBLOX GAMES,"[151] as shown in Figure 30.

197.    The prompt to "deposit" on RBLXWild used the Robux mark and the Robux icon, as shown in Figure 38 below.

---

[150] *Home Page,* RBLXWild.com, https://rblxwild.com/ (last accessed Nov. 20, 2024).
[151] *Sign In,* RBLXWild, https://rblxwild.com/?modal=auth (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

126

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC



***Figure 38***: ***RBLXWild Deposits***

198.    The games on RBLXWild also used the Robux icon, as shown in Figure 39 below.[152]



***Figure 39***: ***RBLXWild Crash***

199.    Cross-Defendants RBLX Wild WY, Doe #1, and their agents also misused the Roblox Marks on social media platforms.

200.    Cross-Defendant Doe #1 and its agents have also used the Roblox Marks in Google Search results for RBLXWild as recently as November 2024, as shown in Figure 40:

RBLXWILD
https://rblxwild.com

**RBLXWILD - Premium Roblox Gambling**
**Rblxwild** is your number 1 hub for Roblox Gambling. We have Cases, Case Battles, Towers, Upgrader, Dice, Crash, Roulette, Blackjack, Hilo, Slots, Coinflip, ...

***Figure 40***: ***Google Search Results for RBLXWild***

---

[152] *Crash,* RBLXWild.com, https://rblxwild.com/crash (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

127

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

201.    Upon information and belief, Cross-Defendants RBLX Wild WY, Doe #1 and their agents ran and maintained the account on social media platform, X, @rblx_wild.

202.    RBLXWild Entertainment, Doe #1, and their agents have described RBLXWild on X as "the most immersive roblox case opening site" despite having no affiliation with Roblox.[153] The X account also purported to "give away" roblox.com gift cards and thousands of "free Robux," as shown in Figure 41 below.[154]



*Figure 41*: *RBLXWild Giveaway on X*

203.    These and other uses of the Roblox Marks by Cross-Defendants, RBLX Wild WY; Doe #1, and their agents had no legitimate purpose and only serve to mislead users into believing that RBLXWild originates and originated from, or is sponsored by, approved by, or otherwise associated with Roblox when it is not.

204.    Moreover, the foregoing misuses of the Roblox Marks misrepresented to Users that they were able to use RBLXWild to engage in transactions of genuine Roblox virtual content, such as Robux, when they were not. Because use of RBLXWild violated Roblox's ToU, any such virtual content was materially different from genuine Roblox content.

---

[153] RBLXWild (@rblx_wild), X, https://x.com/rblx_wild?lang=en (last accessed Nov. 20, 2024).
[154] RBLXWild (@rblx_wild), X (July 9, 2023, 7:29 PM), https://x.com/rblx_wild/status/1678184614072926209 (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

128

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

D.    **Bloxmoon**

205.    On information and belief, Bloxmoon launched in or around November 2022 at the URL bloxmoon.com.[155]

206.    The Bloxmoon website did not identify any owning or operating entity. On information and belief, Cross-Defendant John Doe #1, owned and operated Bloxmoon. The Bloxmoon.com domain was registered in September 2022. The website registration records for Bloxmoon.com are redacted for privacy but include a mailing address of "Almatinskaya, KZ."

207.    Like RBLXWild, Bloxmoon purported to allow users to "deposit" Robux onto its site to use in games, offering a chance to win additional Robux. Cross-Defendant Doe #1 and his agents have advertised Bloxmoon as being affiliated with Roblox, despite no affiliation or authorization existing.

208.    As discussed in more detail below, the versions of RBLXWild.com and Bloxmoon.com that existed in November 2024 appeared to be functionally identical. The sites had the exact same deposit and withdrawal methods. In addition, RBLXWild users who "deposit" Robux on RBLXWild.com would see the same "deposit" amount available for use on Bloxmoon, and vice versa. .

209.    Bloxmoon switched to a new domain name in or around November 27, 2024, specifically bloxmoon.io.

210.    Bloxmoon ceased operations on or around December 17, 2024.

1.    **Bloxmoon's Misuses of the Roblox Services, Efforts to Avoid Detection, and Roblox's Attempts to Shut Bloxmoon Down.**

211.    Bloxmoon gave users three options to sign into the website: (1) register with the website by creating a username and password, (2) provide one's "Roblox.com credentials," or (3) provide one's "Roblosecurity," a reference to a Roblox security cookie,[156] as shown in Figure 42 below. When a user provided their Roblox credentials or Roblox security cookie, Cross-Defendant Doe #1 and his agents received access to users' Roblox accounts, in violation of the

---

[155] *Bloxmoon.com,* WayBack Machine (Nov. 2, 2022), https://web.archive.org/web/20221102144456/https://bloxmoon.com/ (last accessed Nov. 20, 2024).

[156] *Sign In,* Bloxmoon.com, https://bloxmoon.com/?modal=sign-in (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

129

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Roblox ToU.



***Figure 42*: *Bloxmoon Sign In***

212.    Bloxmoon purported to allow users to "deposit" Robux,[157] as shown in Figure 43 below:



***Figure 43*: *Bloxmoon Deposit Options***

213.    Once a user decided how many Robux to "deposit" on Bloxmoon, Doe #1 and his agents took over the user's Roblox account with the provided credentials and initiated virtual content transactions to transfer the user's Robux to separate Roblox accounts controlled by or accessible to Doe #1 and his agents on the Roblox Platform. Bloxmoon did not identify itself as the counterparty to these transactions and used random Roblox accounts that Bloxmoon and its agents either created themselves or took over from legitimate Roblox users. Then, on Bloxmoon, the user received an amount of credits equal to the amount of Robux "deposited." Although these credits

---

[157] Bloxmoon, https://bloxmoon.com/withdraw/item?modal=deposit (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

130

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

1     were *not* Robux, Bloxmoon labeled them with the Robux icon (⬣), creating a false impression

2     and association with Roblox.

3          214.    Doe #1 and his agents purported to allow users to withdraw Robux from Bloxmoon,

4     among other withdrawal methods,[158] as shown in Figure 44 below:



*Figure 44: Bloxmoon "Roblox Withdraw"*

13          215.    If the user opted to "withdraw" Robux, the user was instructed to enter the amount

14     of Robux that they wanted to "withdraw" from Bloxmoon, as shown in Figure 45.[159] The user

15     needed a minimum of 500 Robux and had to "create a public experience on roblox.com" in order

16     to "withdraw." The user was also informed that the amount of Robux they would receive would be

17     "30% less" because, according to Bloxmoon, "Roblox.com takes 30% commission on every

18     purchase." The deposit and withdrawal processes on RBLXWild and Bloxmoon appeared to be

19     functionally identical and suggested common ownership and management.

---

[158] *Roblox Withdraw,* Bloxmoon.com, https://bloxmoon.com/video-promotion?modal=withdraw (last accessed Nov. 20, 2024).

[159] *Withdraw Robux,* Bloxmoon.com, https://bloxmoon.com/withdraw/robux (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

**Figure 45: Bloxmoon "Withdraw with Robux"**

216.    If the "withdrawal" succeeded, the user would not see a deposit by Bloxmoon in their Roblox account. Instead, the Roblox User would see one or more transactions for virtual content with random Roblox users with no stated affiliation with Bloxmoon. On information and belief, Bloxmoon used Roblox accounts that Doe #1 and his agents controlled, at least temporarily, to purchase the withdrawing user's virtual content experience (*i.e.*, the "public experience" on Roblox that RBLXWild requires its users to create in order to withdraw), transferring Robux to the withdrawing user.

217.    If the user opted to "withdraw" a Limited item, the user was taken to a searchable index of Limiteds, as shown in Figure 46.[160]

---

[160] *Withdrawn Item,* Bloxmoon.com, https://bloxmoon.com/withdraw/item (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

132

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC



*Figure 46: Bloxmoon "Withdraw Item"*

218.    To "withdraw" a Limited, the user had to enter the Roblox username of the account on the Roblox platform that would receive the Limited item, as shown in Figure 47.[161]

*Figure 47: Bloxmoon "Enter Roblox Username"*

219.    Bloxmoon also purported to allow Users with a Roblox Premium subscription to "Earn Robux Doing Nothing." The User had to give Bloxmoon their "secret," *i.e.*, their Roblox security cookie. Bloxmoon would then use the User's Roblox account as a "bot" account for deposits and withdrawals,[162] as shown in Figure 48 below, and "pay you 2% of the value (RAP) of each trade."

---

[161] *Id.*

[162] *Share Account*, Bloxmoon.com, https://bloxmoon.com/share-account (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC



**Figure 48**: *Bloxmoon "Earn Robux Doing Nothing"*

220.    Doe #1 and his agents knew that their unauthorized use of Roblox accounts violated Roblox's ToU, but they continued to try to create work-arounds to continue accessing the Roblox Service.

221.    Roblox employed multiple methods to detect and disrupt bot accounts, to detect and moderate accounts that violated Roblox's policies, including Roblox's prohibition against using, acquiring, or distributing Robux or Virtual Content except through the Services, and to detect and moderate accounts that may have used Bloxmoon.

222.    By July 2024, Roblox had developed and began deploying a specific method to detect and moderate Roblox accounts that may have used Bloxmoon.  Developing and deploying this content moderation plan required substantial ongoing resources

223.    User accounts moderated pursuant to these detection efforts were de-activated, received an initial warning as shown in Figure 23, and were required to re-affirm agreement to the Roblox ToU to reactivate the moderated account.  Users who received multiple warnings had their accounts deactivated for longer time periods, with permanent deactivation after the fourth offense. These escalating warnings also required users to reaffirm that they agreed to abide by Roblox's ToU.

224.    Each Roblox account used by Doe #1 and his agents that was moderated pursuant to this detection plan received explicit notice that their conduct violated Roblox's ToU.  These users

Cooley LLP
Attorneys at Law
San Francisco

134

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

1    also were required to take affirmative action to accept the ToU, and they were expressly informed

2    that using third-party sites (like Bloxmoon) to buy, sell, or trade Robux was against Roblox's ToU.

3    On information and belief, Doe #1 and his agents knew of and/or received these warnings, yet they

4    continued to violate Roblox's ToU by requiring Bloxmoon users to hand over their Roblox

5    credentials to use Bloxmoon.

6        225.    On October 29, 2024, Roblox sent a C&D letter to Bloxmoon at its email address of

7    record—admin[@]Bloxmoon.com—concerning its operation of RBLXWild. The letter demanded,

8    among other things, that Bloxmoon close any and all accounts on the Platform and never access

9    Roblox's website, app, servers, or services again. Cross-Defendant Doe #1 and his agents continue

10   to operate Bloxmoon and to access Roblox accounts without authorization.

11       226.    Roblox incurred losses of at least $5,000 between October 30, 2024 and December

12   17, 2024 by investigating and addressing this unauthorized access to the Roblox Services by Doe

13   #1 and his agents after the issuance of the C&D Letter.

14       227.    Bloxmoon permanently ceased its operations on or around December 17, 2024 after

15   the UK Gambling Commission took action against the website and blocked it within the UK.

16                    **2.    Bloxmoon's Infringement of the Roblox Marks.**

17       228.    Cross-Defendant Doe #1 and his agents have repeatedly misused the Roblox Marks

18   and created a false association between Bloxmoon and Roblox.

19       229.    As noted above, "Blox" is a common shorthand for Roblox. Accordingly, the

20   website's name "Bloxmoon" was transparently designed to create the false impression for Users

21   and the public that the site originated from Roblox, or was sponsored by, approved by, or otherwise

22   associated or affiliated with Roblox.

23       230.    Bloxmoon's homepage—and the site as a whole—flagrantly misused the Roblox

24   Marks. For instance, the homepage offered Bloxmoon users to earn "Free Robux" by completing

25   surveys. The offer used both the ROBUX mark and the Robux icon,[163] as shown in Figure 49

26   below:

27

28

---

[163] Bloxmoon, https://bloxmoon.com/ (last accessed Nov. 20, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

135

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1
2
3
4
5
6



***Figure 49: Bloxmoon "Earn Free Robux"***

231.    John Doe #1 and his agents offered a "1000R$ Bonus" to users of Bloxmoon that made their first crypto or gift card deposit,[164] as shown in Figure 50 below.  R$ is an old Robux mark.



***Figure 50: Bloxmoon Bonus***

232.    When playing games on Bloxmoon, users were required to spend credits that were misleadingly labeled with the Robux icon, as shown in Figure 51 below.

[Figure 51 image]

***Figure 51: Bloxmoon Game Play***

233.    Cross-Defendant Doe #1 and his agents purported to allow users to "exchange" USD for "Robux," which were labeled with both the ROBUX mark and the Robux icon.[165]

---

[164] *Id.*
[165] *Exchange,* Bloxmoon.com, https://bloxmoon.com/exchange (last accessed Nov. 16, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

136

**ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC**



***Figure 52: Bloxmoon "Exchange"***

234.    Doe #1 and his agents purported to allow users to "earn" free "R$" by completing offers available on Bloxmoon,[166] as shown in Figure 53 below:

***Figure 53: Bloxmoon "Earn R$"***

235.    Doe #1 and his agents also incentivized Bloxmoon users to advertise Bloxmoon on social media,[167] as shown in Figure 54 below:

---

[166] *Surveys,* Bloxmoon.com, https://bloxmoon.com/surveys (last accessed Nov. 16, 2024).
[167] *Video Promotion,* Bloxmoon.com, https://bloxmoon.com/video-promotion (last accessed Nov. 16, 2024).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

137

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC



**Figure 54: *Bloxmoon Video Promotion***

236.    Doe #1 and his agents advertised Bloxmoon on Google Search as "Premium Roblox Gambling," as shown in Figure 55 below, despite having no association with Roblox or any authorization to use the ROBLOX mark.

**Figure 55: *Google Search Results for Bloxmoon***

237.    On X, Doe #1 and his agents described Bloxmoon as the "#1 Trusted Roblox Casino."[168]

238.    Through the Bloxmoon X account, Doe #1 and his agents repeatedly promoted giveaways of "FREE ROBUX." A recent and egregious example from July 23, 2023 is displayed in Figure 56 below[169]:

---

[168] BLOXMoon (@BloxMoonTweets), X, https://x.com/BloxMoonTweets (last accessed Nov. 20, 2024).
[169] BLOXMoon (@BloxMoonTweets), X (July 28, 2024, 2:02PM), https://x.com/BloxMoonTweets/status/1817621627082776591 (last accessed Nov. 20, 2024).

Cooley LLP
Attorneys at Law
San Francisco

138

**Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC**



*Figure 56*: *Bloxmoon X Post Dated July 28, 2024*

239.    The use of the Roblox Marks by Cross-Defendant Doe #1 and his agents had no legitimate purpose and only served to mislead users into believing that Bloxmoon originates and originated from, is sponsored by, approved by, or otherwise associated with Roblox when it is not.

240.    Moreover, the foregoing uses of the Roblox Marks misrepresented to Users that they were able to use Bloxmoon to engage in transactions of genuine Roblox virtual content, such as Robux, when they were not. Because use of Bloxmoon violated Roblox's ToU, any such virtual content was materially different from genuine Roblox content.

<u>**CROSS-CLAIMS**</u>

**FIRST CROSS-CLAIM**

***Federal Lanham Act – Infringement of Registered Trademarks (15 U.S.C. § 1114)***

**(Against All Cross-Defendants)**

241.    Roblox realleges and incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

242.    The registered Roblox Marks are all valid trademarks entitled to protection under the Lanham Act and are registered on the principal register at the United States Patent & Trademark

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

139

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

Office. The trademark registrations reflected in Exhibits 1 through 4 hereto are in full force and effect.

243.    Cross-Defendants and their agents have deliberately designed and promoted the Infringing Sites to create the false impression that the websites are related to or associated with the Roblox Platform, including by using the Roblox Marks.

244.    Cross-Defendants and their agents have also pretended to promote genuine Roblox products, including Robux and virtual content exclusive to the Roblox Services, in order to trick third parties into using their websites in violation of Roblox's ToU. In reality, Cross-Defendants do not and did not maintain "Robux" or other Roblox content, and any such virtual content offered through Cross-Defendants' services violated Roblox's ToU and therefore was and is materially different from genuine Roblox content.

245.    Cross-Defendants' website names for their respective Infringing Site and misuses of the registered Roblox Marks were thus likely to cause confusion, mistake, or deception as to whether Cross-Defendants' offerings originate or originated from or are sponsored by, approved by, or otherwise associated or affiliated with Roblox. Cross-Defendants' misuses of the Roblox Marks also deceived Users into believing that Robux and other virtual items received through Cross-Defendants' platform are or where genuine when they are not and never were.

246.    The above-described acts of Cross-Defendants were willful and knowing, and constitute trademark infringement in violation of 15 U.S.C. § 1114(1) and entitle Roblox to relief.

247.    Cross-Defendants have unlawfully profited from the infringement of the registered Roblox Marks detailed herein.

248.    Because of Cross-Defendants' acts of trademark infringement, Roblox has suffered damage to the goodwill associated with the registered Roblox Marks.

249.    Cross-Defendants have irreparably harmed Roblox and, if not enjoined, will continue to irreparably harm Roblox and its federally registered trademarks.

250.    Cross-Defendants have irreparably harmed the general public and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

140

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

251.    Roblox's remedy at law is not adequate to compensate it for the injuries inflicted by Cross-Defendants. Accordingly, Roblox is entitled to the entry of permanent injunctive relief pursuant to 15 U.S.C. § 1116.

252.    Roblox is entitled to damages, and Roblox is further entitled to have those damages trebled under 15 U.S.C. § 1117.

253.    This is an exceptional case making Roblox eligible for an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CROSS-CLAIM

### *Federal Lanham Act – False Association* (15 U.S.C. § 1125)

### (Against All Cross-Defendants)

254.    Roblox realleges and incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

255.    The Roblox Marks are distinctive and valuable marks that Roblox owns, and which are widely recognized by the general public as representing Roblox's platform, products, and services.

256.    Cross-Defendants and their agents have deliberately designed and promoted the Infringing Sites to create the false impression that the websites are or were related to or associated with the Roblox Platform, including by using the Roblox Marks.

257.    Cross-Defendants and their agents have also pretended to promote genuine Roblox products, including Robux and virtual content exclusive to the Roblox Services, in order to trick third parties into using their websites in violation of Roblox's ToU. In reality, Cross-Defendants do not maintain "Robux" or other Roblox content, and any such virtual content offered through Cross-Defendants' services is and was materially different from genuine Roblox content because it violated Roblox's ToU.

258.    Cross-Defendants' website names for their respective Infringing Sites and misuses of the registered Roblox Marks are and were thus likely to cause confusion, mistake, or deception as to whether Cross-Defendants' offerings originate or originated from or are sponsored by, approved by, or otherwise associated or affiliated with Roblox.

Cooley LLP
Attorneys at Law
San Francisco

141

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

259.    Cross-Defendants' misuses of the Roblox Marks have also deceived Users into believing that Robux and other virtual items received through Cross-Defendants' platforms are or were genuine when they are not and never were.

260.    The acts by Cross-Defendants and their agents constitute false designation of origin and false or misleading representations in violation of 15 U.S.C. § 1125(a) because they falsely suggested that the goods sold on its platform are or were connected to, sponsored by, or approved by Roblox.

261.    The conduct by Cross-Defendants and their agents as alleged throughout these cross-claims was and is undertaken willfully and with full knowledge and in conscious disregard of Roblox's rights in the Roblox Marks, with the intent to profit from the reputation and goodwill associated with the Roblox Marks.

262.    Roblox has suffered and will continue to suffer substantial and irreparable harm as a direct result of the multiple false designations of origin by Cross-Defendants and their agents on the Infringing Sites, including loss of consumer trust and damage to the Roblox brand.

263.    Cross-Defendants and their agents have irreparably harmed the general public who are exposed to Cross-Defendants' Infringing Sites.

264.    If the use of the Roblox Marks by Cross-Defendants and their agents is not enjoined, Cross-Defendants and their agents will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

265.    Roblox's remedy at law is not adequate to compensate it for the injuries inflicted by Cross-Defendants and their agents. Accordingly, Roblox is entitled to the entry of permanent injunctive relief pursuant to 15 U.S.C. § 1117.

266.    This is an exceptional case making Roblox eligible for an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CROSS-CLAIM

***Computer Fraud Abuse Act* (18 U.S.C. § 1030(g), 1030(a)(2), 1030(a)(4), & 1030(b))**

**(Against Cross-Defendants Satozuki, Based Plate, RBLX Wild WY, John Doe #1)**

267.    Roblox realleges and incorporates by reference the allegations of each and every

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

142

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    one of the preceding paragraphs as though fully set forth herein.

2    268.    Roblox's computers, including the servers that host the Roblox Services, are

3    involved in interstate and foreign commerce and communication and are protected computers as

4    defined under 18 U.S.C. § 1030(e)(2).

5    269.    As discussed below and herein, Roblox has suffered loss as defined under 18 U.S.C.

6    § 1030(e)(11) by reason of each of Cross Defendants' unauthorized access to Roblox's protected

7    computer(s).

8    270.    Defendants Satozuki, Based Plate, RBLX Wild WY, and Doe #1 have each caused

9    a loss to Roblox during a 1-year period aggregating at least $5,000 in value under 18 U.S.C.

10    § 1030(c)(4)(A)(i)(I) and 18 U.S.C. § 1030(g).

11    271.    As discussed below and herein, Defendants Satozuki, Based Plate, RBLX Wild WY,

12    and Doe #1 have each caused damage to Roblox as defined under 18 U.S.C. § 1030(e)(8) by reason

13    of Defendants' unauthorized access to Roblox's protected computer(s).  This damage includes but

14    is not limited to changes to information on the Roblox accounts that Cross-Defendants and their

15    agents took over.

16    272.    Cross-Defendants Satozuki, Based Plate, RBLX Wild WY, and Doe #1 and their

17    agents have each knowingly and intentionally accessed Roblox's protected computers without

18    authorization, in violation of 18 U.S.C. § 1030(a)(2), and thereby obtained information from

19    multiple protected computers, in transactions involving foreign and interstate commerce. As

20    discussed above, each of Cross-Defendants and their agents repeatedly required Users to share their

21    Robux login credentials with Cross-Defendants and their agents in order to use the Infringing Sites.

22    273.    Roblox's ToU prohibit all Users from sharing or disclosing Roblox account

23    credentials to third parties, with a limited exception (not applicable here) allowing for minor Users

24    to share or disclose credentials to the minor User's parent or legal guardian.

25    274.    Cross-Defendants Satozuki, Based Plate, RBLX Wild WY, and Doe #1 and their

26    agents each violated 18 U.S.C. § 1030(a)(4) because they knowingly and with intent to defraud

27    accessed Roblox's protected computers and by means of such conduct furthered the intended fraud

28    and obtained something of value.  Cross-Defendants' fraud included falsely agreeing to the Roblox

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

143

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

ToU, and falsely representing themselves to Roblox as the actual account owners when they accessed and used Roblox accounts belonging to the other Roblox Users. As a result of the fraud, Cross-Defendants obtained money, customers, and unauthorized use of Roblox's Services, the value of which exceeded $5,000 during a 1-year period.

275. Cross-Defendants Satozuki, Based Plate, RBLX Wild WY, and Doe #1 each violated 18 U.S.C. § 1030(b) by conspiring and attempting to commit the violations alleged herein.

276. Cross-Defendants Satozuki, Based Plate, RBLX Wild WY, and Doe #1 and their agents are aware that by requiring Infringing Site users to share their Roblox login credentials, they are violating Roblox's ToU.

277. Despite the multiple measures that Roblox has taken to try to prevent Cross-Defendants Satozuki, Based Plate, RBLX Wild WY, and Doe #1 and their agents from accessing Roblox's Services, these Cross-Defendants and their agents continued to access the Roblox Services, by requiring Infringing Site users to give Cross-Defendants and their agents Users' Roblox login credentials, which Cross-Defendants and their agents then used to access Roblox accounts without authorization.

278. Cross-Defendants Satozuki, Cross-Defendants Based Plate, RBLX Wild WY, and Doe #1 and their agents also are aware that Roblox has taken multiple measures to try to prevent them from accessing the Roblox Services, including by sending C&D letters explicitly revoking any permission to access Roblox's Services, by employing technical measures to prevent each of Cross-Defendants from accessing Roblox's Service.

### *Specific Allegations related to Cross-Defendant Satozuki*

279. With respect to Cross-Defendant Satozuki and its agents, Roblox explicitly revoked authorized access to Roblox's Services by Satozuki and its agents as early as 2018, including through banning and notifying Roblox accounts belonging to Satozuki's founder and agent, Clish. The unlawful access to the Roblox Services by Cross-Defendant Satozuki continued after Roblox revoked access.

280. Following revocation of access, Roblox incurred losses of least $5,000 during a one-year period in the form of its costs for employees and contractors to investigate and address the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

144

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    continued unauthorized access by Satozuki and its agents.  Roblox additionally incurred costs in

2    the form of legal expenses associated with addressing Cross-Defendant Satozuki and its agents'

3    continued unauthorized access, including costs incurred in connection with reporting Satozuki's

4    activities to the FBI.

5                    ***Specific Allegations related to Cross-Defendant Based Plate***

6            281.    With respect to Cross-Defendant Based Plate and its agents and as described above,

7    Roblox sent a C&D Letter to Based Plate on November 15, 2024 expressly revoking any

8    authorization to access Roblox's Services (including its platform).  The unlawful access to the

9    Roblox Services by Cross-Defendant Based Plate and its agents continued after Roblox revoked

10   access.

11           282.    Roblox incurred losses of at least $5,000 after November 15, 2024 in the form of

12   costs investigating, addressing, and remediating unauthorized access to the Roblox Services after

13   Roblox had explicitly revoked their access by, among other things, sending a C&D Letter on

14   November 15, 2024.  These costs include Roblox's employees and contractors as well as costs paid

15   to third party vendors.

16                ***Specific Allegations related to Cross-Defendants RBLX Wild WY and Doe #1***

17           283.    On October 29, 2024, Roblox sent a C&D letter to Doe #1 regarding the operation

18   of RBLXWild, expressly revoking any authorized access to Roblox's Services by Doe #1, RBLX

19   Wild WY, and their agents.  The unlawful access to the Roblox Services by Cross-Defendants

20   RBLX Wild WY, Doe #1, and their agents continued after Roblox revoked access.

21           284.    Cross-Defendants RBLX Wild WY, Doe #1, and their agents' continued use of

22   Roblox accounts to operate the RBLXWild website after receiving Roblox's C&D Letter

23   constitutes unauthorized access to the Roblox Services.  Roblox incurred losses of at least $5,000

24   between October 30, 2024 and December 17, 2024 through employee and contractor time

25   investigating and addressing this unauthorized access by RBLX Wild WY, Doe #1, and their

26   agents.

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

145

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

**FOURTH CROSS-CLAIM**

***California Comprehensive Computer Data Access and Fraud Act* (Cal. Penal Code § 502)**

**(Against All Cross-Defendants)**

285.    Roblox realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

286.    Cross-Defendants and their agents have knowingly accessed, continue to access, and without permission used and continue to use, Roblox data, computers, computer systems and/or computer networks in order to devise and/or execute a scheme to defraud and deceive or to wrongfully obtain data in violation of California Penal Code § 502(c)(1).

287.    Roblox's ToU prohibit all Users from sharing or disclosing Roblox account credentials to third parties, with a limited exception (not applicable here) allowing for minor Users to share or disclose credentials to the minor User's parent or legal guardian.

288.    Cross-Defendants and their agents are and were aware that by requiring Infringing Site users to share their Roblox login credentials, they have violated Roblox's ToU.  Indeed, they violated the Roblox ToU each time they obtained Roblox login credentials from a user.  They further violated the Roblox ToU each time they and their agents logged into a Roblox account using these improperly obtained login credentials.

289.    Despite multiple measures that Roblox has taken to try to prevent Cross-Defendants and their agents from accessing Roblox's Services, Cross-Defendants and their agents continued to access the Roblox Services, by requiring Infringing Site users to give Cross-Defendants and their agents the Users' Roblox login credentials, which Cross-Defendants and their agents then used to access Roblox accounts without authorization.

290.    Cross-Defendants and their agents have violated California Penal Code § 502(c)(2) because they knowingly accessed and without permission took, copied, and/or used, and continue to take, copy, and/or use, data from Roblox's computers, computer systems and/or computer networks.

291.    Cross-Defendants and their agents violated California Penal Code § 502(c)(3) because they have knowingly and without permission used or caused to be used Roblox's computer

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1    services.

2          292.    Cross-Defendants and their agents have violated California Penal Code § 502(c)(6)

3    because they have knowingly and without permission provided or assisted in providing a means of

4    accessing Roblox's computers, computer systems and/or computer networks.

5          293.    Cross-Defendants and their agents have violated California Penal Code § 502(c)(7)

6    because they have knowingly and without permission accessed or caused to be accessed Roblox's

7    computers, computer systems and/or computer networks.

8          294.    Cross-Defendants and their agents have violated California Penal Code § 502(c)(13)

9    because they have knowingly and without permission provided or assisted in providing a means of

10   accessing a computer or computer system in violation of California Penal Code § 502.

11         295.    Cross-Defendants' actions caused Roblox to suffer damages within the meaning of

12   California Penal Code § 502(e)(1), including the reasonably and necessarily incurred expenditure

13   of resources to investigate and remediate Cross-Defendants' fraud and unauthorized access. Roblox

14   is entitled to be compensated for losses and damages, and any other amount to be proven at trial.

15         296.    Cross-Defendants and their agents have willfully violated California Penal Code

16   § 502 in disregard and derogation of Roblox's rights. The actions of Cross-Defendants and their

17   agents, as alleged above, were carried out with oppression, fraud, and malice.

18         297.    Pursuant to California Penal Code § 502(e), Roblox is entitled to equitable relief.

19                                    **FIFTH CROSS-CLAIM**

20                                    ***Breach of Contract***

21                               **(Against All Cross-Defendants)**

22         298.    Roblox realleges and incorporates by reference the allegations of each and every

23   one of the preceding paragraphs as though fully set forth herein.

24         299.    Cross-Defendants and their agents have willfully and repeatedly breached the

25   Roblox ToU and Community Standards through their repeated misuses of the Roblox Services.

26         300.    Use of the Roblox Services is governed by and subject to the Roblox ToU and

27   Community Standards, as set forth in paragraphs 52–56 above.

28         301.    All Users must agree to the Roblox ToU and Community Standards as a condition

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

147

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

of their use of the Roblox Services. The Roblox ToU and Community Standards apply regardless of whether a user accesses Roblox by computer, mobile device or otherwise, and whether the access is direct or through a third-party website or server.

302.    Cross-Defendants and their agents have willfully and repeatedly breached the Roblox ToU and Community Standards through their repeated misuses of the Roblox Services, including by:

- Using the Roblox Services with the Roblox account credentials of other Users for the purposes of operating the Infringing Sites;

- Gaining unauthorized access to the Roblox Services and the accounts of Users;

- Using, acquiring, and distributing Robux and Virtual Content via the Infringing Sites;

- Using Roblox's intellectual property in the Roblox Services without permission from Roblox and in violation of federal law;

- Using the Infringing Sites and various platforms (including but not limited to X, YouTube, and Discord) to buy, sell, trade, or give away Robux;

- Engaging in transactions on the Infringing Sites in order to access the accounts of Users and to sell, transfer, or trade virtual content; and

- Purporting to allow users of the Infringing Sites to exchange Robux and Roblox virtual items in connection with purported gambling.

303.    The conduct of Cross-Defendants and their agents has damaged Roblox in an amount to be proven at trial.

304.    The conduct of Cross-Defendants and their agents has caused and continues to cause irreparable and incalculable harm and injury to Roblox. Roblox is entitled to injunctive relief and/or other equitable relief.

## SIXTH CROSS-CLAIM

### *Tortious Interference with Contractual Relations*

### **(Against All Cross-Defendants)**

305.    Roblox realleges and incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

Cooley LLP
Attorneys at Law
San Francisco

148

Roblox Corp.'s Answer to SAC &
First Amended Cross Claims
Case No. 3:23-cv-04146-VC

306.    Cross-Defendants and their agents have tortiously interfered with the agreements between Roblox and Users.

307.    Users must agree to the Roblox ToU and Community Standards to access and use the Roblox Services, which include numerous prohibitions governing the use of the Roblox Services.

308.    Cross-Defendants and their agents are and were aware of the Roblox ToU and Community Standards because they would have agreed to them in connection with their use of the Roblox Services, as set forth in paragraphs 52–56 above.

309.    Cross-Defendants and their agents have intentionally and deliberately induced Users to breach the agreements between Roblox and the Users in several ways, including but not limited to:

- Inducing Users to provide their Roblox account login credentials to Cross-Defendant and their agents, in violation of the Roblox ToU and Community Standards.

- Inducing Users to acquire and distribute Roblox and Virtual Content outside the Roblox Services and in violation of the Roblox ToU.

- Inducing Users to use the Infringing Sites and to buy, sell, trade, or give away Robux or Virtual Content, in violation of the Roblox ToU;

- Inducing Users to use the Infringing Sites to exchange Robux and Roblox Limiteds in connection with purported gambling, in an effort to circumvent Roblox's prohibition of simulated and actual gambling activities on the Roblox Platform.

310.    The conduct committed by Cross-Defendants and their agents was independently wrongful because the conduct violated various federal and state laws, including but not limited to the Lanham Act, the CFAA, and the California Comprehensive Computer Data Access and Fraud Act.

311.    The conduct of Cross-Defendants and their agents has caused and will continue to cause injury and harm to Roblox, including but not limited to the cost and expense that Roblox has incurred to prevent Cross-Defendants and their agents from using the Roblox Platform.

312.    Roblox is entitled to damages, in an amount to be determined at trial, as a result of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

149

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1  the tortious interference committed by Cross-Defendants and their agents.

2  **SEVENTH CROSS-CLAIM**

3  *Express Indemnification*

4  **(Against All Cross-Defendants)**

5      313.   Roblox realleges and incorporates by reference the allegations of each and every

6  one of the preceding paragraphs as though fully set forth herein.

7      314.   Pursuant to the Roblox ToU, Cross-Defendants and their agents agreed to indemnify

8  Roblox "from and against every claim, liability, damage, loss, and expense, including reasonable

9  attorneys' fees and costs, arising out of or in any way connected with: (a) [Cross-Defendants']

10  access to, use of, or alleged use of the Services; (b) [Cross-Defendants'] violation of any part of the

11  Roblox Terms, any representation, warranty, or agreement referenced in the Roblox Terms, or any

12  applicable law or regulation … or (d) any Dispute or issue between [Cross-Defendants] and any

13  third party."

14      315.   The claims asserted by the Plaintiffs in the above-captioned case arise out of and are

15  connected with the alleged access to and alleged use of the Roblox Services by each Cross-

16  Defendant and their agents.  Such claims also constitute a dispute between the Plaintiffs and each

17  Cross-Defendant and their agents.

18      316.   Roblox's cross-claims against the Cross-Defendants also arise out of and are

19  connected with the alleged access to and alleged use of the Roblox Services by each Cross-

20  Defendant and their agents.

21      317.   Each Cross-Defendant, through their conduct and the conduct of their agents, has

22  also violated the Roblox ToU as well as violated applicable laws, including but not limited to the

23  federal Lanham Act, the CFAA, and the California Comprehensive Computer Data Access and

24  Fraud Act.

25      318.   As a direct, proximate, and foreseeable result of the conduct by each Cross-

26  Defendant and their agents, Roblox has incurred attorneys' fees, court costs, and expenses to defend

27  against the claims asserted in the underlying case as well as to prosecute these cross-claims.

28      319.   Roblox is entitled to full indemnification by Cross-Defendants and their agents from

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO
150
ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

any and all claims, liability, damages, loss, and expenses, including reasonable attorneys' fees and costs, in connection with (a) all claims asserted by the Plaintiffs in the above-captioned case and (b) all cross-claims that Roblox asserts in this case.

### PRAYER FOR RELIEF

For the foregoing reasons, Roblox respectfully requests that the Court enter:

- Judgment in favor of Roblox and against each Cross-Defendant on Roblox's cross-claims;

- A declaration that each and every Cross-Defendant has engaged in acts or practices that violate the Lanham Act, the California Comprehensive Computer Data Access and Fraud Act, breached the Roblox Terms, and tortiously interfered with Roblox's contracts with Roblox users;

- A declaration that Cross-Defendants Satozuki, Based Plate, RBLXWild, and John Doe #1 and their agents have engaged in acts or practices that violate the CFAA;

- A declaration that Roblox is entitled to express indemnification by each Cross-Defendant;

- A declaration that Cross-Defendants' conduct has been willful, and that Cross-Defendants have acted with fraud, malice, and oppression;

- Preliminary and permanent injunctions enjoining each Cross-Defendant and their officers, directors, principals, agents, servants, employees, successors, and assigns, and all persons and entities in active concert or participation with them, from engaging in any of the activity complained of herein and from assisting, aiding, or abetting any of the activity complained of herein or from causing any of the injury complained of herein;

- Award Roblox appropriate equitable relief under applicable statutes and laws, including injunctive relief and an accounting of profits;

- Award Roblox and its attorneys' fees and costs as permitted by law; and

- Grant additional relief as the Court deems just and proper.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

151

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC

1                                        **JURY TRIAL**

2              Roblox demands a jury trial.

3

4    Dated: November 14, 2025                    COOLEY LLP
                                                 TIANA DEMAS*
5                                                KYLE C. WONG (224021)
                                                 EDUARDO SANTACANA (281668)
6                                                ROBBY L.R. SALDAÑA (356226)
                                                 CAITLIN T. MUNLEY*
7                                                KEVIN T. CARLSON*
                                                 MARIAH YOUNG*
8                                                JESSICA L. TAYLOR (339572)

9                                                */s/ Tiana Demas*
                                                 Tiana Demas
10                                               Attorneys for Defendant & Cross-Claimant
                                                 ROBLOX CORPORATION
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ROBLOX CORP.'S ANSWER TO SAC &
FIRST AMENDED CROSS CLAIMS
CASE NO. 3:23-CV-04146-VC