December 15, 2025

**<u>Via ECF</u>**

The Honorable Robert M. Illman
United States District Court for the Northern District of California
Eureka-McKinleyville Courthouse
3140 Boeing Ave.
McKinleyville, CA 95519

Re:    ***De Ridder v. Roblox Corp.***, No. 23-cv-4146-VC (N.D. Cal.)
       **Joint Letter Re: Plaintiffs' Rule 30(b)(6) Deposition Request; Roblox's Second ROGs**

Dear Judge Illman:

Pursuant to the Court's standing order, Plaintiffs and Roblox Corporation ("Roblox") submit this joint letter brief concerning discovery disputes arising out of (1) Plaintiffs' request for a further Rule 30(b)(6) deposition of Roblox's corporate designee Charlie Won and (2) Roblox's Second Set of Interrogatories ("Second ROGs") to Plaintiffs. The parties have met and conferred in good faith to resolve their disputes but have been unable to reach agreement.

Accompanying this letter brief are the following Exhibits:
- Exhibit A = Plaintiffs' Amended Notice of Rule 30(b)(6) Deposition to Roblox, dated July 29, 2025
- Exhibit B = Roblox's Responses and Objections ("R&Os") to Plaintiffs' Amended Notice of Rule 30(b)(6) Deposition to Roblox, dated May 4, 2025
- Exhibit C = Excerpts of the Rule 30(b)(6) deposition of Charlie Won
- Exhibit D = Plaintiff Nathan Soucek's Amended R&Os to Roblox's Second ROGs, dated Dec. 5, 2025
- Exhibit E = Plaintiffs De Ridder and T.D.'s R&Os to Roblox's Second ROGs, dated Jan. 6, 2025

In this letter brief, the parties use the following abbreviations:
- JLB = Joint Letter Brief
- MAP = Moderation Action Plan
- PCC = Possession, custody or control
- ROG = Interrogatory
- RTP = Relevant Time Period
- VCW = Virtual Casino Website

**Plaintiffs' Statement:** In February 2025, Roblox designated Charlie Won to testify under Rule 30(b)(6) on fourteen agreed-upon topics, mostly related to its investigations into VCWs.[1] *See* Ex. B. At his 30(b)(6) deposition on September 24, however, Won was unable to testify on matters firmly within the scope of his noticed topics, depriving Plaintiffs of critical discovery.[2] Roblox's failure to prepare Won has severely prejudiced Plaintiffs and violated the company's duty under Rule 30(b)(6). *See Molex v. City & Cnty. of San Francisco*, 2012 WL 1965607, at *2 (N.D. Cal. May 31, 2012) (citation omitted). As a result, Plaintiffs need five additional hours of testimony that Roblox previously agreed to provide on its VCW investigations and MAP.

Roblox is wrong to claim that Plaintiffs seek "a witness who has memorized every fact relating to" designated topics; rather, Plaintiffs seek one "who can meaningfully testify on" them. *Crescent Point Energy Corp. v. Tachyus Corp.*, 2023 WL 4646013, at *1 (N.D. Cal. July 20, 2023) (cleaned up); *see also See Starline Windows Inc. v. Quanex Bldg. Prods. Corp.*, 2016 WL 4485564, at *5 (S.D. Cal. July 21, 2016) (rejecting argument "that it was opposing counsel's responsibility to provide [30(b)(6)] witness with documents to help him adequately respond"). Roblox cherry-picks a handful of questions as improper (many of which, like the glossary, Plaintiffs are not seeking additional testimony on), often misreading the notice to claim they were out of scope.

These claims do not change the fact that Won could not provide even basic information on noticed topics. Indeed, excerpts that *Roblox* cites show this. *See, e.g.*, Ex. C 140:9-141:11, 146:6-147:11, 166:23-168:24, 214:4-215:22, 339:15-341:12, 346:12-348:5. For example, spurred by counsel's improper objections, Won claimed he could not say whether Roblox users *ever* gambled on RBXFlip, the original VCW, via Roblox, 337:14-341:20, nor answer basic questions about Roblox's knowledge of VCWs' owners or use of Roblox, 165:18-166:7, 360:10-361:1, 363:13-18—matters encompassed by **Topic III.A** (knowledge of VCWs, their owners, their use of Roblox technology and interactions with users, Ex. B. at 29). And despite his duty to testify on **Topic III.D** (investigations into and efforts to prevent VCW activity using Roblox's platform, technology, currency, and tools, *id.* at 32), and **Topic III.C** (investigations into VCW-linked activity, their timeline, personnel, goals, and results, *id.* at 31), Won could not say whether Roblox had ever visited key VCWs, 166:23-7-168:20, nor which Roblox employees investigated VCWs and when, 215:1-216:7, 357:4-358:3, nor whether Roblox engaged in certain VCW investigations at all, 233:20-237:6, 348:23-349:25, 353:21-356:2, nor whether investigations into different VCWs considered different data, 75:12-23, 77:4-8. Nor could he speak to Roblox's efforts to prevent specific VCW activity or track associated transactions. 140:9-141:10, 151:13-15, 152:15-21.

Won also could not give critical information about the MAP, a project in which he was personally involved. During this litigation, Roblox designed this program to identify VCW gambling transactions on Roblox and produce spreadsheets logging those transactions. Testimony about MAP (and its limitations) is essential to this case's claims and defenses, and spans Won's topics, including **Topic III.D**, as well as **Topic I.E** (analyses and investigations into transactions

---

[1] Roblox's claim that the designated topics are too "broadly worded" to prepare Won is unavailing. The parties reached agreement on these topics, which is why, on January 15, 2025, Roblox confirmed in writing that it "ha[d] no further disputes" with the topics contained in the operative 30(b)(6) notice, and has never sought a protective order regarding the scope of the notice.

[2] Seeking a prompt resolution of this critical discovery issue, Plaintiffs sent a detailed letter to Roblox the following week, and repeatedly attempted to obtain Roblox's final position over the coming months so the parties could obtain Court intervention (or compromise). But Roblox refused to confirm its stance (a flat refusal of Plaintiffs' five-hour proposal) until December.

involving VCW-linked accounts, Ex. B at 18), and **Topics II.B/II.C** (the purpose, parameters, and limitations of technologies, including signals, used in relation to VCW transactions, *id.* at 23-25). But Won could not answer basic questions about the plan, including: the timing and number of test transactions, 145:25-146:23, 232:5-234:22; how Roblox decided which VCW transactions MAP would flag for inclusion on a spreadsheet produced to Plaintiffs, 323:6-329:24; why MAP used certain signals to log transactions on that spreadsheet, 311:16-313:19; whether other signals were considered, 231:11-21, whether Roblox logged how many transactions matched each VCW name signal, 322:22-323:4; how many such transactions there were, whether Roblox could determine that, 222:12-25, 224:10-225:16; or whether potential limitations on data affected Roblox's ability to identify VCW transactions, 296:8-301:11 (squarely within **Topic I.A**, Ex. B at 13).[3]

Frequently, Won said he could not testify about the MAP because relevant analysis was done solely by his subordinate Kathy Chen, he did not know what it involved, and he never met with her or reviewed her work to prepare. 143:8-147:11, 158:17-20, 213:22-214:10, 218:5-15, 222:2-10, 229:14-231:19, 246:22-250:19. This shows Roblox's failure to prepare Won for "matters reasonably known by" the company—beyond those within his "personal knowledge"—by educating him on Chen's work on the MAP. *Molex*, 2012 WL 1965607, at *2; *see also Est. of Goldberg v. Goss-Jewett Co., Inc.*, 2016 WL 7471427, at *1, *3 (C.D. Cal. Feb. 19, 2016) (ordering additional testimony where designee did not meet with knowledgeable employees). Furthermore, because Roblox omitted Chen's role leading VCW MAP investigations from its thrice-amended ROG responses about VCW investigations,[4] Plaintiffs first learned of her key role from Won, but could not obtain corporate testimony about that work due to Won's lack of preparation.

Roblox's counsel also hindered the deposition throughout by asserting dozens of baseless speculation and/or scope objections to questions squarely within Won's noticed topics. *See supra*, *see also, e.g.*, 129:12-13, 134:17-18, 148:19-21, 182:5-7, 337:20-21, 364:11-13. The continuing course of discovery conduct described above has severely prejudiced Plaintiffs' ability to obtain critical information. Where, as here, a 30(b)(6) designee has "repeatedly testified that he did not know the details" of relevant projects within the scope of the notice, additional testimony is warranted. *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 540-41, 543 (D. Nev. 2008); *see also Attia v. Ouraring Inc.*, 2025 WL 3141199, at *2 (N.D. Cal. Nov. 10, 2025) (ordering additional 30(b)(6) testimony due to "occasionally incomplete answers"); *Flodin v. Cent. Garden & Pet Co.*, 2024 WL 3387620, at *5 (N.D. Cal. July 11, 2024). Plaintiffs request **five additional hours of testimony on VCW investigations and MAP, which spans Topics III.D, III.C, III.A, I.E, and parts of II.B/II.C/I.A.**

**Roblox Demands Discovery on Discovery**: Roblox admits it seeks "disfavored" discovery on discovery. *Taylor v. Google LLC*, 2024 WL 4947270, at *2 (N.D. Cal. Dec. 3, 2024).[5] Plaintiff objected to these ROGs as improper to the extent they related to actions taken after joining

---

[3] Plaintiffs also learned for the first time at Won's deposition that "refinements" had been made to the code for the MAP, such that the MAP data provided to Plaintiffs was "out of date." 313:2-24, 314:25. Roblox has never supplemented this data and must do so prior to any reopened deposition.

[4] Chen was omitted despite the fact she led Roblox's MAP investigations, identified and confirmed the transaction signals associated with VCWs on the Roblox platform, and was solely responsible for determining false positives for the MAP's detection signals. 144:8-145:17; 161:21-162:15; 191:22-192:16; 213:11-23; 217:24-219:15; 229:7-231:19; 246:22-250:1.

[5] Roblox served ROGs 9(e) and 10(b) on September 13, 2024, weeks before Soucek joined this lawsuit—well before any possible justification could have arisen.

this litigation. Ex. D at 14, 19.[6] "[T]he Court must closely scrutinize [Roblox's] request" to avoid "extending the already costly and time-consuming discovery process *ad infinitum*." *Perez v. DirecTV Grp. Holdings, LLC*, 2020 WL 5875026, at *2 (C.D. Cal. Aug. 17, 2020) (cleaned up).

Roblox cannot justify the discovery it seeks. **First**, as to accounts: Roblox presumes that Soucek had an amorphous duty to "save" accounts on VCWs that he did not control, and which became inaccessible through no action of his. *See Phillips v. Netblue, Inc.*, 2007 WL 174459, at *2 (N.D. Cal. Jan. 22, 2007) (noting "absurdity" of analogous argument). As Roblox's (misleading) citations to discovery responses that it refused to include as exhibits show, Plaintiff has been forthcoming that he cannot access accounts on websites that do not exist (like RBXFlip and RBLXWild, which went down *months* before he joined this case) or to which he otherwise lost access.[7] **Second**, ROG 10(b) is improper because Roblox has suggested *no* evidence of relevant information that was locally stored on any device. *See Tan v. Konnektive Rewards, LLC*, 2023 WL 2669869, at *4 (S.D. Cal. Mar. 28, 2023) (noting flaw in defendant's "assumption that information about the offending website" was locally stored on plaintiff's device); *see also Taylor*, 2024 WL 4947270, at *2. In any case, Roblox cannot justify discovery on discovery into Soucek's devices with its misleading citation to testimony of the former Sass plaintiffs (whose devices were imaged, as Roblox knows), or the non sequitur that T.D.'s phone was stolen months before he joined this case. None of these devices are relevant to Soucek (whose devices were *provided for imaging*, *see* Ex. D at 19). Roblox's request for improper discovery on discovery should be denied.

**Roblox's Statement:** ***Plaintiffs' Baseless 30b6 Demand.*** Plaintiffs have deposed 3 Roblox corporate designees for 21 hours over 3 days. They now seek more time, falsely accusing Won (who was deposed for 7 additional hours in a 30b1 deposition) of inadequate preparation. ***Won prepared extensively***. Plaintiffs do not show otherwise. *Gonzalez v. Cnty. of Alameda*, 2024 WL 169588, at *3 (N.D. Cal. Jan. 16, 2024) (denying more 30b6 time). They wasted significant time with memory tests, out of scope questions, and other improper tactics, to which Roblox properly objected. The Court should not reward Plaintiffs with more time.

Roblox prepared Won in good faith for his 14 topics. *Batiste v. City of Richmond*, 2023 WL 2951538, at *2 (N.D. Cal. Apr. 14, 2023) (Illman, J.) ("party must make a good faith effort to prepare"). He reviewed many documents and attended ***30 meetings*** between Jan. and Sept. 2025 (15 with other Roblox employees). Ex. C, 33:22-34:15. This was "***significant preparation***." *Est. of Goldberg v. Goss-Jewett Co., Inc*., 2016 WL 747142, at *2 (C.D. Cal. Feb. 19, 2016) (largely denying more 30b6 time where witness "answer[ed] questions on most categories" in the notice). While Roblox prepared another witness for 30b6 and 30b1 depositions, Plaintiffs sent a 15-page letter impugning Won's preparation and demanding an immediate conferral. Roblox objected to these tactics and rebutted every accusation in a detailed Oct. 21 letter. Plaintiffs now demand 2 more hours of 30b6 time on the MAP (a measure Roblox designed in 2024 to detect suspected use of Bloxflip and Bloxmoon), asserting Won was unprepared to testify about it and was thus unprepared for 5 topics (III.D, I.E, II.B/II.C, I.A).[8] String-citing 5 topics cannot mask the fatal flaw: ***none of the Notice's broadly phrased topics cite the MAP or the tables***. Ex. A at 4-6; *In re*

---

[6] Plaintiffs disagree that T.D.'s discovery responses are ripe for briefing, as they were not the subject of conferral or subsequent correspondence confirming the scope of this joint letter brief.

[7] Soucek requested—in responses to Roblox's ROGs and through Roblox's website—that Roblox lift two year-long account bans so he could access VCW accounts, which Roblox failed to do.

[8] Plaintiffs conspicuously drop most of their accusations. They also discard their pre-JLB demand for 5 hours on "Roblox's pre- and post-complaint VCW investigations," a topic not in their Notice.

*Soc. Media Adol. Addict.*, 2025 WL 3171582, at *4 (N.D. Cal. Nov. 13, 2025) (more 30b6 time on specific issues not justified as topic was "broadly phrased"). Although Roblox produced the MAP in Sept. 2024 and the related data tables and multiple backfill data tables by Jan. 2025, Plaintiffs never amended the Notice to cite them after twice cancelling Won's 30b6 deposition.

Plaintiffs' arguments about some testimony and Roblox's objections do not justify more time. Won's 30b6 testimony about the MAP (he contributed to it) and the tables (he helped prepare) ***spans 124+ pages.***[9] Ex. C, 131:4-16; 143:11-208:2; 272:18-330:2. Plaintiffs' view that a 30b6 witness is unprepared if he cannot answer every question posed is incorrect. *Borenstein v. Animal Found.*, 2024 WL 5683398, at *2 n.5 (D. Nev. Feb. 14, 2024) (rejecting this claim). Nor was it improper for Won to testify that he had to speculate. *Goldie v. Hartford Ins. Co.*, 2006 WL 8451352, at *2 (C.D. Cal. Feb. 16, 2006) ("understandable" witness had "to 'guess' or 'speculate'" given "multitude of subjects"). Plaintiffs' assertions are a futile attempt to mask their ***improper memory tests***. *Elan Microelec. Corp. v. Pixcir Microelec. Co.*, 2013 WL 4101811, at *8 (D. Nev. Aug. 13, 2013) (a 30b6 "is not a memory contest"). Plaintiffs tested Won on the meaning of fields in the MAP data tables, withholding a glossary despite Won's multiple requests for it and Roblox's objection, saying they did not expect him "to forget." Ex. C 284:7-294:5. Plaintiffs' assertions about Topics III.A-C are insufficient; they sought to test Won on the minutiae of VCW investigations (some undertaken years ago) often ignoring the witness's requests for documents, and they tested him on the details of specific documents omitted from their Notice. Ex. C, 140:9-141:10; 151:13-15; 165:2-169:4; 215:1-216:7; 353:21-356:2; 357:4-358:3. And they rushed his review of documents by counting out the time he spent reading. *Id.* 48:22-49:4; 78:1-14; 107:16-23; 109:11-24. Plaintiffs' accusations about Roblox's objections do not warrant more time beyond the 21 hours they have taken. *Barajas v. Abbott Lab'ys, Inc.*, 2018 WL 6248550, at *2-3 (N.D. Cal. Nov. 29, 2018) (party failed to show objections prevented "fair answers to any specific, unobjectionable questions…or that it suffered prejudice that" another deposition would remedy).

Plaintiffs' false accusations about Kathy Chen (who Won supervised) and Roblox's ROG 1 response (which details Roblox's VCW investigations) do not justify more time. Plaintiffs never used the ROG response during Won's 30b6; they waited until his 30b1 to use it to falsely claim Roblox had "omitted" Chen (it did not). During his 30b6, Plaintiffs instead repeatedly asked Won to testify to Chen's knowledge, actions, and beliefs. Ex. C, 158:17-20; 222:6-10; 246:22-247:2; 250:3-19. That was improper. *Romex Textiles, Inc. v. HK World, LLC.*, 2019 WL 8163476, at *8 (C.D. Cal. Oct. 18, 2019) (witness not unprepared when she did not know why another person took certain actions). Plaintiffs have known of Chen all along. They rejected her as an ESI custodian in Sept. 2024. Roblox produced documents about Chen's role in VCW investigations, including one about her data analysis for two specific sites (cited in two different sets of RFPs Plaintiffs served in Dec. 2024 and Mar. 2025) and a VCW known signals document (cited in Plaintiffs' RFPs served in May 2025 and which they used during Won's 30b6). Plaintiffs do not need more 30b6 time; they can depose Chen on these issues. *Dong v. BMW of N. Am., LLC*, 2020 WL 5891525, at *3 (S.D. Cal. Oct. 5, 2020) (more 30b6 time "duplicative and not proportional" given other testimony).

Plaintiffs' demand for more 30b6 time is also ***plainly disproportionate***. Plaintiffs have taken extensive discovery from Roblox, including 78K+ documents, 3 corporate designees, 3 fact depositions, and lengthy discovery responses. *Id.* (no more 30b6 time given "extensive documentary discovery"). More time is also improper given Plaintiffs' out-of-scope questions.

---

[9] Won did not testify that the MAP data is out of date; he said the written summary of the MAP may have been out of date relative to its implementing code. Ex. C, 313:2-24; 314:17-315:1.

*Whiting v. Hogan*, 2013 WL 1047012, at *12 (D. Ariz. Mar. 14, 2013) (such questions are "examining party's problem"). These issues included: (1) the states of mind of other Roblox employees and why they used certain words in documents from Roblox's document production, Ex. C, 116:14-117:1; 134:23-135:14; 214:6-18; 222:6-10; 247:19-25; (2) topics Plaintiffs removed or said they would not ask, *e.g.*, age verification, user complaints, and source code, 52:18-55:7; 313:22-315:1; 332:17-334:1; (3) topics for a different witness (phishing and Roblosecurity cookie), 267:17-268:10; 346:12-348:5; and (4) percipient testimony (which they should have asked in Won's separate 7 hour 30b1 deposition), 20:22-24:3; 24:10-27:21; 27:13-28:2. *Johnson v. City of San Jose*, 2023 U.S. Dist. LEXIS 124305, at *5 (N.D. Cal. July 19, 2023) (denying 4 more hours of 30b6 time where counsel used deposition to generally examine witness).

**2)** ***Plaintiffs Must Answer Roblox's Preservation ROGs.*** Roblox's ROGs 9(e) and 10(b) concern Plaintiffs' preservation efforts. Plaintiffs have a duty to preserve evidence that is relevant or could lead to the discovery of such evidence; that duty arose when "litigation is reasonably anticipated." *Deerpoint Grp., Inc. v. Agrigenix, LLC*, 2022 WL 16551632, at *11 (E.D. Cal. Oct. 31, 2022); *Apple Inc. v. Samsung Elecs. Co.*, 881 F.Supp.2d 1132, 1136 (N.D. Cal. July 24, 2012). Plaintiffs' duties arose at least in May 2024 for T.D. and in July 2024 for Nathan; their duties encompassed all their Roblox and VCW accounts and devices. *See Holloway v. Cnty. of Orange*, 2021 WL 454239, at *2 (C.D. Cal. Jan. 1, 2021) at *2 (plaintiff had obligation to preserve Facebook account when he filed complaint); *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 344 (D. Ariz. 2022) (plaintiff failed to preserve ESI by failing to back up her iPhone). Given the gaps in Plaintiffs' productions and their admissions and representations, the Court should overrule their "discovery-on-discovery" objections to Roblox's ROGs 9(e) and 10(b). Ex. D at 14, 19; Ex. E at 12, 16.

Courts routinely allow the discovery Roblox requested over a year ago where, as here, there is "some indication that a party's discovery has been insufficient or deficient." *Zunum Aero, Inc. v. Boeing Co.*, 2023 WL 11835334, at *3 (W.D. Wash. Nov. 13, 2023) (allowing discovery on preservation where party admitted deleting employee files it had a duty to preserve); *Anstead v. Va. Mason Med. Ctr.*, 2022 WL 1641425, at *5 (W.D. Wash. May 24, 2022) (allowing discovery on document search where defendants stated two data sources were not reasonably accessible). There are critical gaps in Plaintiffs' productions. For example, Plaintiffs have produced **no** transaction history for Bloxmoon or RBLXWild. Nor did Plaintiffs obtain transaction history when a ban on one of Nathan's Roblox accounts expired on Nov. 2, 2024 *before* Bloxflip, Bloxmoon and RBLXWild shut down in Dec. 2024; indeed, they took screenshots of the same Roblox account on Nov. 7, 2024. Plaintiffs' representations and admissions also cast doubt on their preservation efforts. A Plaintiff testified she ***failed to preserve*** documents. Sass Tr. at 222:11-223:10. Plaintiffs admit they ***failed to save*** VCW transaction history; the parents admit they ***failed to instruct*** Nathan and T.D. to save that history. Soucek R&Os to Roblox's Am. 1st RFAs at 29, 30; De Ridder R&Os to Roblox's Am. 1st RFAs at 29, 30. Plaintiffs stated in sworn ROG responses they ***no longer had access*** to accounts and devices that Nathan and T.D. used for VCWs. Soucek Am. R&Os to Roblox's 1st ROGs at 12 (unable to access RBXFlip account and certain Roblox accounts); De Ridder R&Os to Roblox's 1st ROGs at 9 (unable to access RBXFlip account and certain RBLXWild information); Soucek R&Os to Roblox's 2d ROGs (Nathan's computer "hard drive was reformatted on or around October 14, 2024"); Ex. E at 16 (T.D.'s "iPhone 15 was stolen in May 2024"). Plaintiffs also claim they cannot produce for several of Roblox's RFPs because they cannot access certain accounts. Pls.' R&Os to Roblox's 1st RFPs at 11-16, 19, 23, 34. Plaintiffs have undermined the adequacy of their preservation efforts; they cannot now refuse to respond to ROGs 9(e) and 10(b). The Court should order a response within 14 days of the Court's order.

*/s/ Tiana Demas*
**COOLEY LLP**
TIANA DEMAS*
(tdemas@cooley.com)
KEVIN T. CARLSON*
(ktcarlson@cooley.com)
MARIAH YOUNG*
(mayoung@cooley.com)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606-1511
Tel: (312) 881-6500

KYLE C. WONG (224021)
(kwong@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
3 Embarcadero Center, 20th Fl.
San Francisco, CA 94111-4004
Tel: (415) 693-2000

*Attorneys for Defendant and Cross-Claimant*
*Roblox Corporation*

(*Admitted *Pro Hac Vice*)

**COOLEY LLP**
ROBBY L.R. SALDAÑA (356226)
(rsaldana@cooley.com)
CAITLIN MUNLEY*
(cmunley@cooley.com)
1299 Pennsylvania Ave., NW, Suite 700
Washington, D.C. 20004-2400
Tel: (202) 842-7800

**GIBBS MURA LLP**
ANDRE M. MURA (298541)
(amm@classlawgroup.com)
JAKE M. SEIDMAN (347953)
(jms@classlawgroup.com)
1111 Broadway, Suite 2100
Oakland, California 94607
Tel: (510) 350-9717

**JENNINGS PLLC**
Christopher D. Jennings*
(chris@jenningspllc.com)
Tyler B. Ewigleben*
(tyler@jenningspllc.com)
Winston S. Hudson*
(winston@jenningspllc.com)
P.O. Box 25972
Little Rock, Arkansas 722211
Tel: (501) 247-6267

*/s/ Aaron Freedman*
**WEITZ & LUXENBERG, PC**
JAMES J. BILSBORROW*
(jbilsborrow@weitzlux.com)
AARON FREEDMAN*
(afreedman@weitzlux.com)
700 Broadway
New York, New York 10003
Tel: (212) 558-5500

**LEVIN SEDRAN & BERMAN**
CHARLES E. SCHAFFER
(cschaffer@lfsblaw.com)
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (214) 592-1500

**LEEDS BROWN LAW, P.C.**
BRETT R. COHEN
(bcohen@leedsbrownlaw.com)
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for Plaintiffs and the Proposed Class*

(*Admitted *Pro Hac Vice*)