**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NATHAN SOUCEK, *et al.*, | Case No. 3:23-cv-04146-VC |
| Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| ROBLOX CORPORATION, *et al.*, | Judge: Hon. Vince Chhabria |
| Defendants. | Date:  January 9, 2026 |
| | Time: 10:00 AM |
| ROBLOX CORPORATION, | Courtroom: By Videoconference |
| Cross-Claimant, | |
| v. | |
| SATOZUKI LIMITED B.V.; RBLXWILD ENTERTAINMENT LLC; RBLX WILD ENTERTAINMENT; STUDS ENTERTAINMENT LTD.; BASED PLATE STUDIOS LLC; and JOHN DOE #1, | |
| Cross-Defendants. | |

Plaintiffs Nathan Soucek, Yaniv De Ridder, and T.D. ("Plaintiffs"), Defendant and Cross-Claimant Roblox Corporation ("Roblox"), and Defendant Paul Clish[1] submit this joint statement in advance of the case management conference ("CMC") scheduled for January 9, 2026, pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, this Court's Standing Order for All Civil Cases, and the Court's Order, ECF No. 292.

## 1.    Legal Issues

***Roblox's Statement***

On October 31, 2025, the Court granted Roblox's motion to dismiss Plaintiffs' UCL unlawful prong claim and negligence per se claims against Roblox in the Second Amended Consolidated Class Action Complaint ("SAC"). ECF No. 294.

---

[1] Defendant Boris Said Jr. has declined to participate in this case management statement.

Reserving all rights to assert any and all additional grounds, Roblox states that this case includes but is not limited to the following legal issues:

- Whether De Ridder has the legal right to sue as T.D.'s next friend;

- Whether T.D. (a Belgian resident) may assert any claims under California law;

- Whether Plaintiffs cannot pursue any of their claims on a class-wide basis;

- Whether Plaintiffs' claims fail for lack of evidence on the merits;

- Whether any Plaintiff's individual claims are subject to arbitration and/or are time-barred (in whole or in part);

- Whether Plaintiffs are not entitled to any monetary relief for any claims;

- Whether any of Plaintiffs' claims are barred in whole or in part by Section 230;

- Whether any of Plaintiffs' claims are barred in whole or in part by any other affirmative defense that Roblox has asserted in this case;

- Whether Roblox is entitled to relief against Cross-Defendants on its Cross-Claims.

Roblox reserves its rights to re-assert any defense it has previously raised on a fuller factual record and/or in any appeal.

**2.    Motions**

Since the last case management conference on October 31, 2025, the following motions have been resolved:

On October 31, 2025, the Court denied Said Jr.'s motion to compel arbitration. ECF No. 293. Said Jr. has appealed this order. ECF No. 303.

On October 31, 2025, the Court granted Roblox's motion to dismiss Plaintiffs' UCL "unlawful" and negligence per se claims with respect to Roblox. ECF No. 294. Roblox filed its answer to the SAC on November 14, 2025. ECF No. 302.

On December 10, 2025, the Court denied Said Jr.'s motion to dismiss in its entirety. ECF Nos. 314, 315.

On December 18, 2025, following discovery letter briefing, Magistrate Judge Illman ordered Roblox to produce a Rule 30(b)(6) witness for three additional hours of testimony.

1    ***Roblox's Statement:***

2         On or before January 2, 2026, Roblox intends to file a motion seeking relief from Magistrate

3    Judge Illman's December 18, 2025 order regarding additional 30(b)(6) testimony.

4         Since the last case management conference, Based Plate has continued to not defend against

5    Roblox's Cross-Claims.  ECF No. 205.  Roblox intends to move for entry of default against Based

6    Plate.

7    ***Clish's Statement:***

8         Defendant Boris Said, Jr.'s Motion to Dismiss, or in the Alternative Sever, Claims Pursuant

9    to FRCP 21 for Misjoinder remains pending before the Court. ECF No. 245.

10   **3.      Amendment of Pleadings**

11   ***Plaintiffs' Statement***

12        The Court's previous scheduling order, ECF No. 165, set a deadline to amend pleadings on

13   September 2, 2025, and that deadline expired during the pendency of Roblox's, Clish's, Selinger's,

14   and Said's motions to dismiss the operative complaint. As explained in the last case management

15   statement, Plaintiffs did not amend the operative complaint at that time because doing so would

16   have risked mooting the pending motions. ECF No. 290. Now that the Court has resolved all the

17   motions to dismiss, Plaintiffs may seek leave to amend the complaint before filing their motion for

18   class certification (as noted in the last case management statement, *see id.*), including to conform

19   the class definition with the parties and claims remaining in the case. Courts routinely allow

20   amendment after a scheduling order deadline where it does not "add any new theories of liability

21   or substantive facts that would alter the course of this case or otherwise require any major change

22   in the case schedule." *Johnson v. Nissan N. Am., Inc.*, 2025 WL 1993512, at *5 (N.D. Cal. July 17,

23   2025); *see also S. Peninsula Hosp. v. Xerox State Healthcare, LLC*, 2018 WL 11417374, *4 (D.

24   Alaska June 21, 2018) ("Although Plaintiff's proposed amendment alters the class definition, it

25   does not reflect a radical shift in direction, or otherwise significantly expand the scope of litigation."

26   (cleaned up)).

27   ***Roblox's Statement***

28        Any further amendment by Plaintiffs of the pleadings should be strictly limited.  In ruling

1    on Roblox's first motion to dismiss, the Court gave Plaintiffs the option to amend the complaint or

2    proceed on the surviving claims.  ECF No. 65.  Plaintiffs chose to amend, ECF No. 74, and filed

3    the first CAC, ECF No. 79. In ruling on Roblox's motion to dismiss the first CAC, the Court

4    dismissed several claims with prejudice.  ECF No. 108.  With Roblox's consent, the Court allowed

5    Plaintiffs to add four plaintiffs in the amended complaint filed on September 30, 2024.  ECF Nos.

6    114, 115.  That complaint removed nine plaintiffs.[2]  ECF No. 115.  Since then, eight plaintiffs have

7    voluntarily dismissed their claims with prejudice, four shortly before their scheduled depositions;

8    two after Roblox sought and obtained an order from Magistrate Judge Illman requiring Plaintiff

9    Sass to sit for the remaining 3.75 hours of her deposition, which she had improperly terminated;

10   and two after Roblox moved to dismiss their claims.[3]  At this stage, any amendments should be

11   limited solely to removing dismissed Plaintiffs and their claims and amendments that implement

12   the Court's prior dismissals (*e.g.*, removing all allegations of a so-called conspiracy between

13   Roblox and the other Defendants).  Plaintiffs should not be permitted to add new plaintiffs, new

14   defendants, or new claims. Roblox disagrees with the notion that Plaintiffs need to "conform their

15   complaint to evidence gathered in discovery prior to class certification."[4]  The Court has not

16   ordered this. Finally, multiple amendment deadlines have passed without any change to Plaintiffs'

17   putative class definitions.  Plaintiffs should not be permitted to broaden any putative class at this

18   late juncture.

19   ***Clish's Statement***

20          Clish does not presently intend to amend his Answer. However, Clish reserves all rights to

21   seek leave of Court to amend his Answer should the need arise. Clish further asserts that, to his

---

[2] The plaintiffs removed from the case with the filing of the CAC were Rachelle Colvin, G.D., Osmany Rodriguez, O.R., Joshua R. Munson, D.C, J.M., T.T. and R.T.

[3] Gann, S.J., Gentry, and L.G. stipulated to dismissal of their claims shortly before their noticed depositions.  ECF Nos. 148, 153. Sass and L.C. stipulated to dismissal of their claims while Roblox tried to schedule Sass's continued deposition.  ECF No. 250.  Mr. De Ridder and Ms. Soucek did not oppose Roblox's motion to dismiss their individual claims.  ECF No. 231.  Ms. Soucek stipulated to dismissal after Nathan Soucek reached the age of majority.  ECF No. 309.  Mr. De Ridder remains in the case as T.D.'s next friend.

[4] The Court's order states that: "All dismissals are with leave to amend. If the plaintiffs wish to file an amended complaint to attempt to cure the defects in the claims that have been dismissed, they must do so within 14 days. However, if the plaintiffs wish to simply proceed on the surviving claims, and if discovery on the surviving claims reveals a good-faith basis to reassert the dismissed claims, then they are free to seek leave to amend the complaint at that time."  ECF No. 65 at 9.

1  knowledge, the deadline for any amendment of pleadings by Plaintiffs or Roblox has expired.

2  **4.    Discovery**

3  ***Plaintiffs' Statement***

4  The deadline for Plaintiffs and Roblox to serve pre-class certification written discovery on

5  each other passed on June 30, 2025. ECF No. 165. The parties have worked diligently to resolve

6  disputes internally without court intervention, and have briefed several issues for Magistrate Judge

7  Illman, who has greatly assisted the parties in resolving discovery disputes. ECF Nos. 103, 169,

8  173, 176, 206, 255, 267, 316. Plaintiffs have obtained favorable rulings on ten of the fourteen

9  discovery issues brought to Magistrate Judge Illman in briefs and telephonic hearings.

10  Roblox has deposed Minor Plaintiff T.D., Yaniv De Ridder, and Aracely Soucek, but has

11  not yet deposed Plaintiff Soucek. Plaintiffs have taken depositions of three Roblox Rule

12  30(b)(6) designees and have deposed three Roblox 30(b)(1) witnesses. Plaintiffs intend to seek

13  further 30(b)(6) testimony from Roblox, and further 30(b)(1) testimony from its employees, prior

14  to expert reports and class certification deadlines.

15  Plaintiffs had sought to complete the Rule 30(b)(6) depositions in advance of these

16  deadlines. However, in Plaintiffs' view, Roblox's corporate designees were not adequately

17  prepared and could not answer questions on noticed topics. Following the deposition of an

18  inadequately prepared designee in late September, Plaintiffs have diligently sought to reach

19  compromise with Roblox or seek judicial resolution on the issue of further 30(b)(6) deposition

20  testimony on topics related to VCW investigations. Roblox refused to provide a substantive

21  response to Plaintiff's compromise for over one month, delaying resolution of this issue. Then, on

22  December 5, Roblox rejected Plaintiffs' compromise offer and refused to engage in any attempt at

23  compromise. On December 15, the parties filed a joint discovery letter brief on the issue and

24  attached, among other documents: 1) Plaintiffs' Amended Notice of Rule 30(b)(6) Deposition

25  topics—which Roblox's counsel agreed to; and 2) over 264 pages of deposition testimony, which

26  clearly showed Roblox's inadequate preparation and the 30(b)(6) witnesses inability to answer

27  basic questions about the topics for which he was designated to testify. ECF No. 316. On December

28  18, Magistrate Judge Illman granted Plaintiffs' request and ordered Roblox to produce a witness

for three additional hours of 30(b)(6) testimony on the topics that Plaintiffs requested. ECF No. 318. On December 22, Roblox informed Plaintiffs that it would seek relief from this order, and has accordingly refused to provide witness availability.

Plaintiffs have also sought to depose Kathy Chen, a key Roblox employee in advance of expert reports after first learning about the extent and importance of her role in Roblox's VCW investigations at the aforementioned 30(b)(6) deposition, as Roblox has never listed her in any version of its Rule 26(a) disclosures or thrice-amended interrogatory responses about key VCWs. Plaintiffs requested that Roblox produce responsive documents from her custodial ESI in advance of her deposition. After significant compromise by Plaintiffs, Roblox agreed to run three search strings across her custodial ESI with the goal of completing rolling productions by December 19 so Plaintiffs could depose her in January.[5] Three days before this deadline, Roblox had yet to produce documents from her custodial file, and informed Plaintiffs that it would not be able to complete production by December 19. Plaintiffs have informed Roblox that it must complete production of this witness's custodial ESI with sufficient time for Plaintiffs to review prior to her deposition. Roblox has not yet provided a firm timeline for when it will complete this production and has told Plaintiffs that it will still be reviewing documents well into January.

Consistent with the Court's order that discovery should proceed into all defendants, Plaintiffs have served discovery on Clish, Selinger, and Said. Notwithstanding their appeals of this Court's orders denying their motions to compel arbitration, Selinger and Said (as well as Clish) participated in the parties' mediation on December 9.

Plaintiffs plan to move for summary affirmance to expedite the resolution of Selinger's and Said's appeals by January 16. While Plaintiffs were unable to locate compiled statistics regarding the Ninth Circuit's average timelines for summary disposition, it has recently decided similar motions in as little as four weeks. *See, e.g.*, *Carrera v. Whitepages, Inc.*, 2025 WL 2846447, at *1 (9th Cir. Sept. 25, 2025) (summarily affirming district court's denial of compelled arbitration following motion for summary disposition filed on August 11); *Bowman v. Novad Mgmt.*

---

[5] In Plaintiffs' view, these search strings were insufficient, and Roblox has since agreed to run two additional search strings.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
CASE NO. 3:23-CV-04146-VC

*Consulting, LLC*, 2024 WL 4763887, at *1 (9th Cir. Sept. 23, 2024) (summarily affirming district court's order following motion for summary disposition filed on August 23).

In light of the foregoing, Plaintiffs propose that the Court extend the case schedule by four and a half months. This extension will allow the parties to continue to make progress on this case while the Ninth Circuit resolves the appeals.

***Roblox's Statement***

Without exhaustively detailing any and all discovery that Roblox needs to defend against Plaintiffs' claims, Roblox has sought and continues to seek discovery on the following issues: (1) the factual basis for each Plaintiff's allegations against Roblox; (2) all actions taken by T.D. and Nathan Soucek to conceal their status as minors when creating a Roblox account or when allegedly using the VCWs; (3) records of all transactions relating to T.D. and Nathan Soucek's use of each VCW alleged in the SAC or disclosed in discovery; (4) records of all transactions by De Ridder on or with Roblox, including records showing agreement to Roblox's ToU and arbitration agreement; (5) each Plaintiff's state and national residence during the relevant time period; (6) whether De Ridder or any non-plaintiff parent consented to or otherwise allowed T.D. or Nathan Soucek to use the VCWs; (7) whether De Ridder or any non-plaintiff parent failed to supervise T.D. and Nathan Soucek's online activities; (8) all conduct by the Plaintiffs with respect to each VCW; (9) all alleged damages and injuries asserted by each Plaintiff; (10) the operations of the VCWs; and (11) efforts by the VCWs and their owners to avoid detection by Roblox, including but not limited to soliciting use of Roblox user credentials and using VPNs and or other mechanisms to circumvent geofencing procedures.

In addition to producing nearly 78,000 documents and providing extensive written discovery to Plaintiffs far beyond the needs of this case, Roblox has also provided Plaintiffs with 21 hours of Rule 30(b)(6) deposition testimony from three witnesses (two of whom Plaintiffs also deposed as fact witnesses). These witnesses extensively prepared to provide corporate testimony, including participating in a combined total of 29 meetings over 62.75 hours. Roblox's witnesses were thoroughly prepared and capably answered in-scope questions. Plaintiffs have grossly mischaracterized the testimony of Roblox's Rule 30(b)(6) designees. Roblox has objected to

Plaintiffs' improper use of their depositions of Roblox witnesses to (1) create a false discovery record, (2) subject Roblox's Rule 30(b)(6) witnesses to improper memory tests, (3) exceed the scope of Rule 30(b)(6) deposition topics, (4) frustrate and impede Roblox's defense of its witnesses and preservation of objections for the record, and (5) make false assertions concerning discovery Roblox has produced to Plaintiffs. Roblox will not further address these issues given Roblox's forthcoming motion for relief from Magistrate Judge Illman's ruling granting Plaintiffs request for additional time.

After Roblox's 30(b)(6) depositions, Plaintiffs requested that Roblox search and produce documents for an additional custodian, Kathy Chen, even though: (1) they have been aware of this employee since *they themselves removed her from their ESI custodian list* well over one year ago; (2) Plaintiffs were aware of Ms. Chen's involvement in key issues from documents produced as early as October 2024, and (3) the substantial completion deadline had already passed. To compromise, Roblox agreed to run targeted searches over this employee's custodial file. The Parties did not reach an agreement on search terms until December 19, 2025. Roblox made an initial production of documents from the employee's custodial file on December 20, and it anticipates making further productions in early January 2026. Roblox's vendor is working on addressing processing issues with Slack and has informed Roblox that such data should be available for review in mid-January. Roblox has repeatedly offered deposition dates for Ms. Chen in late January but Plaintiffs have refused to commit to a date.

Roblox has served six sets of requests for production ("RFPs") on Plaintiffs, various interrogatories, and a set of requests for admission to each Plaintiff. Roblox deposed former Plaintiffs Danielle Sass and L.C. on May 16 and 17, respectively. After Magistrate Judge Illman granted Roblox's request to complete Sass's deposition (which Plaintiffs improperly terminated), ECF No. 221, Roblox noticed Sass for a continued deposition on August 6, 2025. Plaintiffs then cancelled Sass's continued deposition on August 5, 2025. Shortly thereafter, Sass and L.C. dismissed their claims with prejudice. ECF No. 250. Roblox deposed De Ridder on August 11, 2025, and T.D. on August 13, 2025. Roblox deposed Ms. Soucek on November 19, 2025. Shortly thereafter, Ms. Soucek dismissed her claims with prejudice. ECF. No. 309. The Parties have been

1    engaged in conferrals regarding numerous disputes about Nathan Soucek's deficient document

2    productions and Roblox intends to schedule Nathan Soucek's deposition once those disputes have

3    been resolved.

4        Roblox intends to seek discovery from other Defendants.  First, Roblox cannot presently

5    seek discovery from Defendants Selinger or Said given their appeals to the Ninth Circuit and the

6    automatic stays of pre-trial proceedings pursuant to *Coinbase Inc. v. Bielski*, 599 U.S. 741 (2023).

7    ECF No. 285, 304.  Second, Roblox intends to seek discovery from Defendant Clish.  Roblox

8    deposed Clish on January 27, 2025 when he was a non-party, pursuant to a Rule 45 subpoena.

9    Clish, however, invoked the Fifth Amendment right against self-incrimination in response to all

10   questions concerning RBXFlip during his deposition.  Despite initially producing a document in

11   response to a Rule 45 subpoena, Clish invoked the Fifth Amendment as to the act of production for

12   documents requested to be produced at his deposition.  Since becoming a party, Clish has also

13   invoked the Fifth Amendment in response to Rule 26(a) disclosures and discovery requests,

14   including requests for production served by Plaintiffs.  Thus, it is unclear whether Roblox will

15   obtain discovery from Clish.  Third, Roblox reserves its rights to seek discovery from any other

16   Defendant that appears in this case.

17       With respect to its Cross-Claims, Roblox sought discovery from Based Plate into Bloxflip

18   users, Based Plate's financial information, Based Plate's use of third-party services to operate or

19   promote Bloxflip, marketing for Bloxflip, and Based Plate's use or attempted use of the Roblox

20   services.  In light of the withdrawal of Based Plate's counsel, Roblox has been unable to obtain any

21   discovery from Based Plate.

22       Roblox has served Rule 45 subpoenas on several non-parties to obtain relevant discovery

23   for both its defense against Plaintiffs' claims and the prosecution of its Cross-Claims.  Roblox may

24   notice further third-party depositions.

25       Roblox has raised several discovery disputes with Plaintiffs, including but not limited to (1)

26   outstanding documents and communications responsive to Roblox's RFPs that Plaintiffs have not

27   produced to Roblox, including but not limited to (1) various documents referenced during De

28   Ridder and T.D.'s August 11 and 13 depositions, which Plaintiffs have still not produced, (2)

1    various documents referenced during Soucek's November 19 deposition, which Plaintiffs have still

2    not produced, (3) Plaintiffs' deficient and woefully incomplete production of Discord chats for

3    Nathan Soucek and T.D.; (4) Plaintiffs' refusal to sign SCA waivers to allow Roblox to obtain from

4    Discord communications that Plaintiffs claim are not within their possession, custody or control;

5    (5) material deficiencies in Nathan Soucek's responses to Roblox's interrogatories; (6) Plaintiffs'

6    failure to disclose information underlying damages disclosures previously provided to Roblox and

7    failure to supplement the disclosures; (7) deficiencies in Plaintiffs' responses to Roblox's requests

8    for admission; (8) Plaintiffs' improper tactics during depositions of Roblox witnesses, including

9    improper memory tests, trying to create a false record of events, exceeding the deposition topics,

10   and attempts to frustrate Roblox's defense of its witnesses; (9) Plaintiffs' improper objections

11   during Roblox's depositions of Plaintiffs De Ridder and T.D.; and (10) Plaintiffs' use of

12   unreasonable and vexatious tactics in discovery directed to Roblox.

13   ***Clish's Statement***

14         On July 11, 2025, Clish served a first set of written discovery on each Plaintiff and Roblox.

15   Clish has concerns about the adequacy of the responses and has initiated the meet-and-confer

16   process regarding the same. Clish participated in the deposition of Plaintiff T.D., but was only

17   allotted 20 minutes for asking questions. Clish has requested a deposition date for Plaintiff N.S.

18   Through his offensive discovery, Clish has sought (and continues to seek) information about

19   Plaintiffs' alleged wagers and losses on RBXFlip.

20   **5.    Settlement and ADR**

21         On December 9, 2025, as ordered by the Court, all parties attended a private mediation. The

22   case did not settle.

23

24

25

26

27

28

**6.      Scheduling**

| Event | Current Schedule (ECF No. 295) | Plaintiffs' and Clish's Proposal[6] |
|---|---|---|
| Further CMC | N/A | March 27, 2026 |
| Deadline to serve opening class certification expert reports | February 10, 2026 | June 24, 2026 |
| Deadline to disclose rebuttal class certification experts | March 23, 2026 | August 6, 2026 |
| Close of class certification expert discovery | April 30, 2026 | September 14, 2026 |
| Deadline to move for class certification and file Daubert for rebuttal class certification experts | April 30, 2026 | September 14, 2026 |
| Deadline for opposition brief(s) to class certification, file Daubert for opening class certification experts, and oppose Daubert for rebuttal experts | June 4, 2026 | October 19, 2026 |
| Plaintiffs' & Roblox's Deadline to complete pre-class certification fact discovery/depositions | June 30, 2026 | November 13, 2026 |
| Deadline to file reply brief in support of class certification, oppose Daubert for opening class certification experts, and file reply for Daubert against rebuttal class certification experts | July 9, 2026 | November 23, 2026 |

---

[6] As explained below, Roblox is not currently proposing a case schedule as it believes a stay is necessary at this juncture. However, if the Court is inclined to enter a case schedule before Selinger and Said's are resolved, Roblox's position is that the case schedule set forth in October, ECF No. 295, provides sufficient time for the Plaintiffs and Roblox to complete pre-class certification discovery and brief Plaintiffs' class certification motion.

| Event | Current Schedule (ECF No. 295) | Plaintiffs' and Clish's Proposal[6] |
|---|---|---|
| Deadline for Roblox to file Daubert reply brief against opening class certification experts | July 23, 2026 | December 7, 2026 |
| Class Certification Hearing | August 6, 2026 | January 14, 2027 |

***Plaintiffs' Statement***

As stated above, Plaintiffs propose that the Court extend the case schedule by four and a half months, an extension that will allow the parties to continue to make progress on this case while the Ninth Circuit resolves Said and Selinger's appeals. Plaintiffs disagree with Roblox's assertion that a stay is warranted. Because the cases against Selinger and Said are stayed, Roblox's desired stay would prevent the remaining parties from making necessary progress into discovery during the pendency of these appeals. Furthermore, while Plaintiffs strongly disagree with Roblox's list of outstanding discovery matters, even if accurate, it only underscores that a stay would be counterproductive. Plaintiffs also note that the sole remaining individual defendant, Clish, has joined in Plaintiffs' scheduling proposal.

Roblox's overheated accusations (calling Plaintiffs "vexatious" multiple times) say more about Roblox's approach to this case than anything else. The reality is that Plaintiffs have prevailed on numerous motions to compel discovery. Plaintiffs also disagree with Roblox's characterization of discovery in this case in recent months. In short, any delay since October is attributable to Roblox, not Plaintiffs. Since late September, Plaintiffs have diligently sought additional 30(b)(6) testimony on topics for which Roblox's designee was unprepared. However, Plaintiffs could not bring the matter to Judge Illman until Roblox provided its final position on Plaintiffs' request in early December. The parties promptly briefed the issue and Plaintiffs prevailed, securing three additional hours of testimony on several topics. Plaintiffs subsequently requested witness availability in January, but Roblox refused, citing its forthcoming motion for relief from Judge Illman's order. This appears to be another delay tactic, as Judge Illman's considered decision to allow three additional hours of Rule 30(b)(6) testimony on select topics could hardly be fairly

1    characterized as clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

2         Plaintiffs further disagree with Roblox's assertion that Plaintiffs have been insufficiently

3    diligent in seeking to depose Kathy Chen, as Roblox concedes that it has not yet produced her

4    custodial file, which Plaintiffs have sought since learning of Ms. Chen's central role in Roblox's

5    VCW investigations at a 30(b)(6) deposition in late September. Plaintiffs have informed Roblox

6    that complete production of Ms. Chen's custodial ESI is a prerequisite for a fair deposition of Ms.

7    Chen, and continue to await production of her documents.

8    ***Roblox's Statement***

9         Roblox believes the most efficient route for this case to proceed would be to enter a brief

10   stay of the case until the resolution of the appeals related to the denial of the motions to compel

11   arbitration, at which point the Court can set an appropriate case schedule. If Plaintiffs are correct

12   that the Ninth Circuit will quickly decide their motions for summary affirmance, then there would

13   be no significant prejudice to a stay. There is, however, significant prejudice to an extension of the

14   case schedule. Plaintiffs and Roblox have now been engaged in discovery for nearly two years.

15   Plaintiffs have repeatedly used unreasonable and vexatious discovery tactics aimed at driving up

16   litigation costs for Roblox and they should not receive extension of time to continue doing so.

17   Plaintiffs' proposed four-and-a-half-month extension is unnecessary and will cause significant

18   burden for Roblox while being unlikely to provide adequate time for Plaintiffs and the Individual

19   Defendants to complete discovery.

20        Plaintiffs should ***not*** get additional time to obtain discovery that they have not been diligent

21   in pursuing. The Court was hesitant to stay the case at the last CMC in early October because it

22   wanted the Parties to engage in what discovery they could during the pendency of Said and

23   Selinger's appeals. Yet Plaintiffs have made ***no*** progress in expediting the appeals or deposing

24   Roblox's witnesses in the intervening two months. Despite requesting availability to depose

25   Roblox's witnesses in October, receiving availability for those witnesses for dates in November,

26   December, and January, and telling the Court at the last CMC that Plaintiffs had dates for four

27   depositions they expected to take before this CMC, Plaintiffs have not noticed ***a single deposition***

28   since the last CMC. Plaintiffs' explanation that they cannot notice Kathy Chen's deposition

1    because Roblox has not yet produced all documents for her does not justify Plaintiffs' delays.

2    Plaintiffs have known about Ms. Chen for well over one year. In fact, Plaintiffs removed this

3    witness from their proposed document custodian list in October 2024. Plaintiffs first asked to

4    depose Ms. Chen in October 2025. Roblox provided the witness's availability, and the parties

5    negotiated the scope of additional documents to be searched for and produced.  And Plaintiffs

6    provide no explanation whatsoever for why they have not noticed depositions for the other three

7    witnesses for whom Roblox provided availability.

8           Nor, in the months since Said and Selinger's appeals, have Plaintiffs filed any motions to

9    expedite those appeals, again, despite their representation to the Court at the last CMC that they

10   would "immediately" file a motion to certify the appeals as frivolous. Not until this CMC statement

11   did Plaintiffs suggest filing a motion for summary affirmance in the Ninth Circuit.  Plaintiffs could

12   have filed that motion two months ago.  (If, assuming *arguendo*, their claim that the Ninth Circuit

13   frequently resolves such motions within a matter of weeks, had they moved for summary

14   affirmance immediately after the CMC, the Ninth Circuit already would have ruled.)  As all Parties

15   and the Court noted at the last CMC, it is unlikely that the extension Plaintiffs propose will be

16   adequate for Plaintiffs and the Individual Defendants to obtain the discovery they purport to need.

17          Finally, as the Court agreed at the prior CMC, Plaintiffs should ***not*** get two bites at class

18   certification due to the automatic stay of this case against Defendants Selinger and Said.  ECF No.

19   285, 304.  Allowing Plaintiffs multiple opportunities to move for class certification—once under a

20   schedule entered while the case is stayed as to one or more Defendants and again after any stays

21   have been lifted following the resolution of the appeals—would be highly unfair, inefficient,

22   burdensome, and costly, particularly as to Roblox, which has been defending against Plaintiffs'

23   claims since August 2023.   There should be one opportunity for Plaintiffs to move for class

24   certification.  *See* Standing Order for Civil Cases Before Judge Vince Chhabria, § 56 ("Plaintiffs'

25   counsel are warned that they may only have one chance to seek class certification.").  A stay would

26   ensure that only one class certification motion is necessary.  If the Court sets a case schedule, the

27   Court should make clear that Plaintiffs will not have another opportunity to move for class

28   certification, post-appeal(s).

1    **7.    Other Matters**

2        The Parties are not presently aware of any other matters that may facilitate the just, speedy,

3    and inexpensive disposition of this action.

4

5    Dated: January 2, 2026                            Respectfully submitted,

6    */s/ James Bilsborrow*                            */s/ Tiana Demas*

7    James Bilsborrow (*pro hac vice*)                 COOLEY LLP
     Aaron Freedman (*pro hac vice*)                   TIANA DEMAS*

8    WEITZ & LUXENBERG PC                              (tdemas@cooley.com)
     700 Broadway                                      KEVIN T. CARLSON

9    New York, NY 10003                                (ktcarlson@cooley.com)
     (212) 558-5500                                    MARIAH YOUNG

10   jbilsborrow@weitzlux.com                          (mayoung@cooley.com)

11   afreedman@weitzlux.com                            110 N. Wacker Drive, Suite 4200
                                                       Chicago, IL 60606-1511

12   Andre Mura (SBN 298541)                           +1 312 881 6500 phone
     Jacob Seidman (SBN347953)                         +1 312 881 6598 fax

13   GIBBS MURA LLP
     1111 Broadway, Suite 2100

14   Oakland, CA 94607                                 KYLE C. WONG (224021)
     (510) 350-9700                                    (kwong@cooley.com)

15                                                     EDUARDO SANTACANA (278745)
     amm@classlawgroup.com                             (esantacana@cooley.com)

16   jms@classlawgroup.com                             3 Embarcadero Center, 20th Floor
                                                       San Francisco, California 94111-4004

17   Christopher D. Jennings (*pro hac vice*)          Telephone:    +1 415 693 2000
     Tyler B. Ewigleben (*pro hac vice*)               Facsimile:    +1 415 693 2222

18   JENNINGS & EARLEY PLLC
     500 President Clinton Ave.                        ROBBY L.R. SALDAÑA (356226)

19   Suite 110                                         (rsaldana@cooley.com)
                                                       CAITLIN MUNLEY*

20   Little Rock, AR 72201                             (cmunley@cooley.com)
     (501) 255-8569                                    1299 Pennsylvania Ave., NW, Suite 700

21   chris@jefirm.com                                  Washington, D.C. 20004-2400
                                                       Telephone:    +1 202 842 7800

22   tyler@jefirm.com                                  Facsimile:    +1 202 842 7899

23   Attorneys for Plaintiffs
                                                       Attorneys for Defendant and Cross-Claimant

24                                                     Roblox Corporation

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Jeffrey M. Rosenfeld*
**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Leah Rosa Vulić (CA Bar No. 343520)
548 Market Street #85399
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
leah@kr.law

Attorneys for Defendant Paul Clish

1

2

**ATTESTATION**

3       Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document

4   has been obtained from all other signatories.

5

6                                            /s/ Tiana Demas
                                             Tiana Demas
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28