United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

YANIV DE RIDDER, et al.,

        Plaintiffs,

    v.

ROBLOX CORPORATION, et al.,

        Defendants.

Case No.  23-cv-04146-VC   (RMI)

**ORDER ON JOINT LETTER BRIEF**

Re: Dkt. No. 327

Before the court is a joint letter brief "concerning whether Plaintiff Nathan Soucek must produce records of communications with his therapists, Gary Jeandron and David Leong, in response to Roblox's Requests for Production." (Letter Br., Dkt. 327.) Roblox asserts that

> Soucek disclosed therapists Gary Jeandron and David Leong in discovery responses, produced a document expressly waiving the psychotherapist-patient privilege and admitted that his therapy records contain information about his "use of VCWs," "gambling," and his "gambling addiction and theft from family members." These records are therefore directly relevant to the parties' claims and defenses and Soucek's adequacy as a putative class representative.

(*Id*. at 1.) As to relevancy, Roblox argues that the "therapy records about these subjects go to the heart of his claims, including causation, damages, Soucek's VCW use, and his gambling-related conduct (*i.e.*, conduct directly relevant to Roblox's defenses). They also bear squarely on whether Soucek is an adequate class representative, and whether his claims and Roblox's defenses are typical of the putative classes." (*Id*.)

For his part, Soucek asserts that "without waiving his objections—he had conducted a reasonable search for therapy records, that he had no knowledge of responsive documents beyond those he had produced and/or put on a privilege log, and that he was not withholding therapy

records . . . thus, there is nothing to compel." (*Id*. at 3.). Moreover, Soucek argues that the invasion of a minor's private medical records lacks relevance and proportionality. (*Id.* at 3–4.) In addition, he states that the initial waiver that was provided was in relation to now dismissed damages claims related to his mother's "pain and suffering," but that since the removal of those claims for damages the waiver is nullified. (*Id*. at 4–5.)

The court agrees with Plaintiff. These are the private mental health records of a minor and are thus privileged. The test of their discoverability "is not relevance—the records may be highly relevant—but the test is whether the privilege has been waived by putting the privileged information 'at issue.'" *E.E.O.C. v. Serramonte*, 237 F.R.D. 220, 224 (N.D. Cal. 2006) (quoting *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 625 (S.D. Cal. 1999)). "The test also no longer involves balancing privacy against such factors as the usefulness of the evidence or a defendant's need for it." *Id*.; *see also Jaffee v. Redmond*, 518 U.S. 1, 17 (1996). Simply put, Soucek has not waived the privilege by putting the privileged information at issue. Plaintiff has stated that he "has no theory of damages related to his mental health or therapy," (Letter Br. 5, Dkt. 327), and he will be held to that. As to the initial waiver, the court agrees that because the theory of damages involving his mental health is no longer "at issue" in this case, the waiver may be withdrawn.

Accordingly, the request to compel Soucek's mental health records is DENIED.

**IT IS SO ORDERED.**

Dated: March 10, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California