Andre M. Mura (SBN 298541)
Jake M. Seidman (SBN 347953)
Angela A. Ma (SBN 366571)
**GIBBS MURA LLP**
1111 Broadway, Ste 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
amm@classlawgroup.com
jms@classlawgroup.com
aqma@classlawgroup.com

James J. Bilsborrow*
Aaron Freedman*
**WEITZ & LUXENBERG PC**
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
jbilsborrow@weitzlux.com
afreedman@weitzlux.com

Christopher D. Jennings*
Tyler B. Ewigleben*
Winston S. Hudson*
**JENNINGS & EARLEY PLLC**
500 President Clinton Ave, Suite 110
Little Rock, Arkansas 72201
Phone: (317) 695-1712
chris@jefirm.com
tyler@jefirm.com
winston@jefirm.com

*Admitted pro hac vice

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SOUCEK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBLOX CORPORATION, *et al.*,<br><br>Defendants. | Case No.: 3:23-cv-04146-VC (RMI)<br><br>**PLAINTIFFS' OMNIBUS REPLY IN SUPPORT OF MOTIONS TO APPROVE MINOR SETTLEMENTS (ECF NOS. 341, 342)**<br><br>Hearing Date: May 28, 2026<br>Time: 10:00 AM<br>Judge: Hon. Vince Chhabria |
| ROBLOX CORPORATION,<br><br>Cross-Plaintiff,<br><br>v.<br><br>SATOZUKI LIMITED B.V., *et al.*,<br><br>Cross-Defendants. | |

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 1

  I.    The settlements are fair and reasonable under *Robidoux* ...................................... 1

  II.   Roblox does not have standing to oppose approval of the settlements ................... 4

    A.   Roblox must demonstrate legal prejudice to have standing ............................ 4

    B.   The settlements do not legally prejudice Roblox .......................................... 5

  III.  Roblox's petitions for good faith settlement determination should be rejected. ............. 7

    A.   There is no basis to make such a finding because Roblox's right of contribution is uncontested. ................................................................................ 7

    B.   The settlements were made in good faith. ................................................... 8

CONCLUSION .................................................................................................................. 10

PLTFS' OMNIBUS REPLY ISO MOTIONS TO APPROVE MINOR SETTLEMENTS

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                          Page(s)

*Arbuthnot v. Relocation Realty Serv. Corp.*,
  227 Cal.App.3d 682 (1991) .................................................................................. 9

*Armstrong World Indus., Inc. v. Superior Court*,
  215 Cal.App.3d 951 (1989) .................................................................................. 9

*Bailey v. Reliance Ins. Co*,
  79 Cal.App.4th 449 (2000) .................................................................................. 8

*Bayview Hunters Point Residents v. Tetra Tech EC, Inc.*,
  2025 WL 562890 (N.D. Cal. Feb. 20, 2025) ........................................................ 4

*Brashear v. Magnet Media, Inc.*,
  2018 WL 6242169 (C.D. Cal. Sept. 19, 2018) ................................................. 9, 10

*Cahill v. San Diego Gas & Elec. Co.*,
  194 Cal.App.4th 939 (2011) .................................................................................. 9

*Com. Union Ins. Co. v. Ford Motor Co.*,
  640 F.2d 210 (9th Cir. 1981) .............................................................................. 10

*D.G. v. Antioch Unified Sch. Dist.*,
  2019 WL 4838693 (N.D. Cal. Oct. 1, 2019)......................................................... 3

*D.S. By & Through Solo v. Am. Ass'n of Univ. Women*,
  2017 WL 2806321 (S.D. Cal. June 29, 2017)....................................................... 3

*Escondido Union Sch. Dist. v. Chandrasekar*,
  2019 WL 3945356 (S.D. Cal. Aug. 21, 2019) ...................................................... 3

*In re Cathode Ray Tube Antitrust Litig.*,
  2021 WL 4306895 (9th Cir. Sep. 22, 2021) ...................................................... 4, 5

*James by & Through Reyes v. Valenzuela*,
  2021 WL 1564456 (C.D. Cal. Apr. 21, 2021) ....................................................... 3

*Kamal v. Eden Creamery, LLC*,
  88 F.4th 1268 (9th Cir. 2023) .............................................................................. 5

*N. Cnty. Contractor's Assn. v. Touchstone Ins. Servs.*,
  27 Cal.App.4th 1085 (1994) .................................................................................. 9

*Nephew v. Santa Rosa Mem'l Hosp.*,
  2015 WL 5935337 (N.D. Cal. Oct. 13, 2015)....................................................... 2

*Opthalmic Imaging Sys. v. Fukuhara*,
  2005 WL 3454019 (E.D. Cal. Dec. 15, 2005) ...................................................... 5

ii

PLTFS' OMNIBUS REPLY ISO MOTIONS TO APPROVE MINOR SETTLEMENTS

*Robidoux v. Rosengren*,
638 F.3d 1177 (9th Cir. 2011) ................................................................................................. 1, 2

*Smith v. Lenches*,
263 F.3d 972 (9th Cir. 2001) ........................................................................................................ 4

*Sunrider Corp. v. Bountiful Biotech Corp.*,
2010 WL 11596235 (C.D. Cal. June 4, 2010) ............................................................................ 8

*Sweet v. Cardona*,
121 F.4th 32 (9th Cir. 2024) ........................................................................................................ 4

*Tech-Bilt, Inc. v. Woodward-Clyde & Associates*,
38 Cal.3d 488 (1985) ................................................................................................................... 8

*Waller v. Fin. Corp. of Am.*,
828 F.2d 579 (9th Cir. 1987) .............................................................................................. 4, 5, 6

Statutes

Cal. Civ. P. Code § 877(b) ............................................................................................................ 8

Cal. Civ. P. Code § 877.6 .......................................................................................................... 1, 8

Rules

Fed. R. Civ. P. 32(a)(1)(A) ........................................................................................................... 7

Fed. R. Evid. 804(b)(1) ................................................................................................................. 7

PLTFS' OMNIBUS REPLY ISO MOTIONS TO APPROVE MINOR SETTLEMENTS

## INTRODUCTION

Plaintiffs' motions raised a straightforward and narrow question governed by *Robidoux v. Rosengren*, 638 F.3d 1177, 1181-82 (9th Cir. 2011): whether minor Plaintiff T.D.'s recovery in settlements with Paul Clish and Boris Said, Jr. is fair and reasonable under the circumstances of this case. It is, because the settlements secure valuable information about the inner workings of Clish and Said's gambling websites—information that Roblox professes not to have, and which the settling Defendants have shielded behind the Fifth Amendment and a stay pending appeal. The settlements would lift these procedural bars and Clish and Said would share what they know under oath—subject to cross-examination by Plaintiffs and Roblox—in return for dismissal. That consideration makes the settlements fair and reasonable to minor Plaintiff T.D. under *Robidoux*.

Roblox barely addresses *Robidoux* and fails to show any unfairness to T.D. Instead, it focuses on a host of objections that it does not have standing to raise. Ninth Circuit law makes clear that a non-settling defendant cannot object to a settlement (or dismissal) absent formal legal prejudice—which does not exist here. Moreover, Roblox's attempt to invoke California Code of Civil Procedure section 877.6 to cry "bad faith" misuses the statute, which only determines whether non-settling defendants lose their rights to contribution—rights that Roblox already enjoys. Where, as here, no party seeks to limit those rights, courts decline to rule on a settlement's good faith. For these reasons and more, the Court should reject Roblox's attempt to smuggle in baseless accusations of "bad faith" through an improper procedural vehicle, and approve the settlements as fair, reasonable, and in the best interests of minor Plaintiff T.D.

## ARGUMENT

### I.     The settlements are fair and reasonable under *Robidoux*.

*Robidoux* requires that this Court "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." 638 F.3d at 1181 (citations omitted). Thus, the question is "whether the net amount distributed to each minor plaintiff in the settlement is fair and

1

reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1182. As Plaintiffs' motions explained, ECF Nos. 341, 342, the settlements satisfy this standard because the opportunity to obtain discovery from the settling Defendants is valuable consideration consistent with similar non-monetary settlements of minor plaintiffs' claims. Roblox tacitly acknowledges this, but spends barely more than a page addressing this key question while demanding an analysis of factors outside *Robidoux*'s remit and ignoring the relevance of Plaintiffs' comparable cases. ECF No. 354 ("Clish Opp.") 12-14; ECF No. 355 ("Said Opp.") 12-13.[1]

The Ninth Circuit is clear that "performing an overly broad review of the proposed settlement and considering factors and state court rules outside [*Robidoux's*] narrow scope" is an abuse of discretion. *Robidoux*, 638 F.3d at 1182. But that is what Roblox urges this Court to do, arguing that Plaintiffs' motions are "conspicuously devoid of information" necessary to "evaluate the settlement[s]." Clish Opp. 13; Said Opp. 12. It is Roblox's proffered factors, however—such as an "analysis of [settling Defendants'] liability" and whether information will "redress [Plaintiffs'] alleged injuries"—that are conspicuously missing from the *Robidoux* framework. *Id.*

An assessment of the settlements "in light of the facts of the case" under *Robidoux* shows they are fair and reasonable. 638 F.3d at 1182. Both Plaintiffs and Roblox have long sought information about the settling Defendants' websites and operations utilizing Roblox's platform. Roblox professes not to have key information, and the settling Defendants have resisted providing it: as Roblox notes, Clish has invoked the Fifth Amendment to bar discovery, Clish Opp. 1, 4-5, and Said has stayed discovery against him pending resolution of his interlocutory appeal, Said Opp. 5. But they have agreed to lift these barriers and share what they know under oath in return for

---

[1] Although Roblox gestures towards standards for the settlement of minors' claims that would apply in California state court, Clish Opp. 13; Said Opp. 12, a federal court sitting in diversity applies *Robidoux* "to evaluate the propriety of a settlement of a minor's state law claims as well." *Nephew v. Santa Rosa Mem'l Hosp.*, 2015 WL 5935337, at *2 (N.D. Cal. Oct. 13, 2015) (citation omitted) (collecting cases). In any case, Roblox almost exclusively addresses *Robidoux* and does not argue that the standards differ. The settlements should be approved under either.

PLTFS' OMNIBUS REPLY ISO MOTIONS TO APPROVE MINOR SETTLEMENTS

dismissal. Such information is not only valuable to minor Plaintiff T.D. and the proposed classes, but also to Roblox, as its oppositions and recent case management statement make clear. *See* ECF No. 344 at 7, 10. Indeed, it is likely of greater value to T.D. than the individual damages he could recover from the settling Defendants (which he may still recover from Roblox, who is jointly liable with them). *See* Clish Opp. 4, 8; Said Opp. 4, 7-8.

It is also at least as valuable as what has been approved in comparable settlements. While Plaintiffs acknowledge that the circumstances of this case are not like those typically encountered by courts assessing monetary settlements, courts applying *Robidoux* have routinely found that settlements with benefits besides money are fair for the minor. In *D.S.*, for example, minor plaintiff dropped statutory and common law claims for damages (like T.D.'s.) on the condition that defendants merely use contractual terms stating their existing obligation to comply with disability laws. *D.S. By & Through Solo v. Am. Ass'n of Univ. Women*, 2017 WL 2806321, at *1-2 (S.D. Cal. June 29, 2017). And in *D.G.*, the court approved an "unusual structure" under which the minor received educational benefits but kept none of the settlement proceeds (all of which went to his attorneys). *D.G. v. Antioch Unified Sch. Dist.*, 2019 WL 4838693, at *2 (N.D. Cal. Oct. 1, 2019); *Escondido Union Sch. Dist. v. Chandrasekar*, 2019 WL 3945356, at *7 (S.D. Cal. Aug. 21, 2019) (similar). Tellingly, Roblox cites ***no case*** where a court rejected a settlement merely because it did not include monetary recovery but secured other valuable consideration for the minor.

Roblox is thus wrong that Plaintiffs fail to provide similar cases for the Court to evaluate.[2] Plaintiffs' cited cases are comparable, in that they also involve—as Roblox admits—"a minor plaintiff who received *other* substantive relief from the settling Defendants" besides money. Clish Opp. 14; Said Opp. 13. Roblox relies on cases where plaintiffs failed to make an "effort to

---

[2] *See James by & Through Reyes v. Valenzuela*, 2021 WL 1564456, at *2 (C.D. Cal. Apr. 21, 2021) (comparable settlements need not be "identical, but at least similar in some way" to the proposed settlement); *see also Chandrasekar*, 2019 WL 3945356, at *8 (approving settlement even where "motion [did] not identify any cases involving similar facts").

PLTFS' OMNIBUS REPLY ISO MOTIONS TO APPROVE MINOR SETTLEMENTS

demonstrate that" minors' recovery "would be fair and reasonable" (besides stating the amount), such that there was "no basis in the record for the Court to approve the proposed compromise." *Bayview Hunters Point Residents v. Tetra Tech EC, Inc.*, 2025 WL 562890, at \*5 (N.D. Cal. Feb. 20, 2025). Here, Plaintiffs' cases and explanation of the value of the settlements' consideration provide ample basis for the Court to evaluate and approve them under *Robidoux*. Because they are fair and reasonable to minor Plaintiff T.D., it should do so.

## II.     Roblox does not have standing to oppose approval of the settlements.

### A.    Roblox must demonstrate legal prejudice to have standing.

Fundamentally, Roblox's opposition fails because it lacks standing to oppose the settlements. "[A] non-settling defendant, in general, lacks standing to object to a partial settlement." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 582 (9th Cir. 1987) (citations omitted). "There is only one exception to this general rule: A non-settling entity may challenge a settlement when it demonstrates that it will sustain some formal legal prejudice as a result of the settlement." *Sweet v. Cardona*, 121 F.4th 32, 41 (9th Cir. 2024) (cleaned up). This is a "narrow exception" that applies where a settlement either "(1) 'purports to strip [a party] of a legal claim or cause of action, an action for indemnity or contribution for example,' or (2) 'invalidates the contract rights of one not participating in the settlement.'" *In re Cathode Ray Tube Antitrust Litig.*, 2021 WL 4306895, at \*1 (9th Cir. Sep. 22, 2021) (quoting *Waller*, 828 F.2d at 583). Further, "[a] tactical disadvantage is not legal prejudice." *Id.* (citing *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001)). That narrow exception is not implicated here—and Roblox does not show otherwise. *See infra* Section II.B.

Indeed, the Ninth Circuit has rejected claims of legal prejudice even where, unlike here, a settlement required that the settling defendant "cooperate" in a truly one-sided agreement that pledged its assistance to plaintiffs in "prosecuting" claims against the non-settling defendant. *Waller*, 828 F.2d at 583. Despite recognizing that the settlement would "[a]t most" put the non-

4

settling defendant "at something of a tactical disadvantage in the continuing litigation," the court rejected the argument that it would suffer formal legal prejudice, as "[t]he settlement does not cut off or in anyway [*sic*] affect any of [the non-settling defendants'] claims[.]" *Id.* at 584.

Similarly, it is an abuse of discretion to deny a Rule 41 motion if a defendant cannot show legal prejudice from the dismissal. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1273 (9th Cir. 2023). Because Roblox cannot show legal prejudice, it cannot demand conditions on the dismissal of the settling Defendants (nor can it demonstrate that this is proper under *Robidoux*).[3] *See* Clish Opp. 15; Said Opp. 14; *see also infra* Section I; II.B; *Opthalmic Imaging Sys. v. Fukuhara*, 2005 WL 3454019, at *3 (E.D. Cal. Dec. 15, 2005) (finding no prejudice and granting dismissal where objecting "defendants will have a full opportunity to cross examine" settling defendant).

### B. The settlements do not legally prejudice Roblox.

The settlements create no legal prejudice to Roblox. Roblox does not (and cannot) point to any terms that would strip it of claims or invalidate contractual rights against the settling Defendants. *See In re Cathode Ray Tube Antitrust Litig.*, 2021 WL 4306895, at *1. The settlements' releases are limited to Plaintiffs' individual claims against the settling Defendants and vice versa—leaving untouched any claims by or against Roblox. COLVIN0263453 ("Clish Agr.") § 3; COLVIN026434 ("Said Agr.") §§ 2-3. Nor do the settlements impede Roblox from seeking indemnity or contribution, and Roblox does not argue that they do. *See infra* Section III.A. Roblox thus shows none of the Ninth Circuit's acceptable bases for legal prejudice.

Roblox's quibbles with the settlements largely hinge on the settling Defendants' agreement to provide discovery. *See* Clish Opp. 1; Said Opp. 1. But Roblox's objections misread the

---

[3] Nor can Roblox seek to impose any conditions on the dismissal of Said—as Roblox concedes, he and his shell corporation may be dismissed without a court order under Rule 41(a)(1)(A)(i). Said Opp. 14 n.3.

PLTFS' OMNIBUS REPLY ISO MOTIONS TO APPROVE MINOR SETTLEMENTS

settlements. They do not grant Plaintiffs "exclusive access" to discovery from the settling Defendants, as Roblox claims, but provide both parties an opportunity to seek discovery. *Id.*

Despite labeling the settlements "one-sided," *id.*, Roblox cannot identify even "something of a tactical disadvantage"—let alone prejudice—when it comes to documents. *Waller*, 828 F.2d at 584. The settlements provide that the settling Defendants will produce outstanding documents and signed declarations to Plaintiffs, Clish Agr. §§ 1.a-c; Said Agr. §§ 5.c-d, which are responsive to Roblox's RFPs to Plaintiffs. Because Roblox will obtain such discovery, there is no reason to order Clish and Said to produce these same documents. *See* Clish Opp. 15; Said Opp. 14. Roblox's remaining demands improperly seek premature resolution of unripe discovery matters. *See id.* (demanding draft declarations).

So too with deposition testimony. The settlements provide that any depositions of the settling Defendants noticed by Plaintiffs will not preclude cross-noticing by Roblox and confirm that the Settling Defendants will not object to Plaintiffs questioning first for seven hours. Clish Agr. § 1.b; Said Agr. § 5.d (similar). The settlements do provide Roblox with an opportunity to participate in the depositions; they simply do not specify how much time Roblox may obtain, leaving Roblox free to negotiate with Clish and Said, and seek judicial relief later, if a discovery dispute over deposition time ripens. *See id.* The settlements further provide that neither Clish nor Said will invoke the Fifth Amendment to bar questioning on agreed-upon topics, Clish Agr. § 1.d; Said Agr. § 5.d—an issue that, as Roblox notes, has long frustrated its own attempts to obtain discovery from Clish. Clish Opp. 1, 4, 5.[4] Thus, the settlements provide that Roblox will have a

---

[4] Though Plaintiffs negotiated this waiver as to the scope of their own questioning, *see* Clish Agr. § 1.d; Said Agr. § 5.d, Plaintiffs do not disagree that the privilege would be similarly waived as to Roblox's questions within that scope, making Roblox's request unnecessary. *See* Clish Opp. 15; Said Opp. 14. And if Roblox wishes to press Clish for documents related to the flow of funds from RBXFlip to Clish (to the extent any such documents exist or are even relevant to Roblox's claims against Satozuki) by arguing waiver, *see* Clish Opp. 12, Clish's settlement does not prevent that, or disadvantage Roblox. It simply provides that Clish will not produce documents on this topic (even

PLTFS' OMNIBUS REPLY ISO MOTIONS TO APPROVE MINOR SETTLEMENTS

"reasonable opportunity"—the best any party has had yet—to obtain testimony from the settling Defendants. Said Agr. § 5.d.[5]

Finally, Roblox complains that Said's settlement allows Plaintiffs to interview him and asks the Court to compel the same with Roblox (or compel Plaintiffs to record any interview and produce to Roblox). Said Opp. 14. But Roblox offers no authority permitting a court to order parties to hold (or record) a private conversation *outside* of the bounds of formal discovery. And because Plaintiffs' interview with Mr. Said would not be sworn testimony, it would create no imbalance in the parties' rights to discovery under the Federal Rules. What's more, Roblox is free to ask Mr. Said about the interview during his deposition. Thus, the interview will not cause Roblox to suffer any formal legal prejudice sufficient to object to the settlement or set conditions on dismissal, *see supra* Section II.A, let alone warrant the relief Roblox requests.

In sum, because Roblox cannot demonstrate legal prejudice, it lacks standing to object to approval of the settlements.

### III. Roblox's petitions for good faith settlement determination should be rejected.

#### A. There is no basis to make such a finding because Roblox's right of contribution is uncontested.

Roblox spends most of its pages asking the Court to find that the settlements are not in good faith under California Code of Civil Procedure sections 877 and 877.6. Clish Opp. 8-12; Said Opp. 6-11. This request is misplaced. These statutes concern a joint tortfeasor's right of contribution

---

to Plaintiffs), and that he reserves his Fifth Amendment rights regarding questioning on this topic (by both Plaintiffs and Roblox). Clish Agr. §§ 1.c-d.

[5] Plaintiffs further note that it is in all parties' interests for Roblox to have a reasonable opportunity to depose the settling Defendants: it makes their testimony admissible if they are unavailable at trial. *See* Fed. R. Evid. 804(b)(1) (hearsay exception for former testimony offered against a party who had an "opportunity" to develop it via examination); Fed. R. Civ. P. 32(a)(1)(A) (deposition may be used at trial against a party that was "present or represented at the taking of the deposition or had reasonable notice of it").

PLTFS' OMNIBUS REPLY ISO MOTIONS TO APPROVE MINOR SETTLEMENTS

from a settling defendant: a finding of good faith means a settling defendant is shielded from contribution actions brought by a non-settling joint tortfeasor. Cal. Civ. P. Code § 877(b). A finding that a settlement is *not* in good faith simply means the non-settling joint tortfeasor can seek contribution from a settling defendant; thus, if the non-settling defendant already enjoys that right, "a determination that a settlement is in bad faith . . . has the same effect as making no motion at all." *Bailey v. Reliance Ins. Co*, 79 Cal.App.4th 449, 457-58 (2000).

Here, Roblox's right to seek contribution from Clish or Said is uncontested; neither the settlement nor any settling party has sought to alter it. In such circumstances, courts decline to make any determination under Section 877.6 in response to a non-settling party's petition. In *Bailey*, the California Court of Appeal reasoned that a determination of good faith would be "a nullity under the statute" because "the settlement does not act as a bar to further contribution" and the non-settling defendant was already free to seek contribution. *Id*. And in *Sunrider*, because no settling party sought to bar contribution claims by non-settling defendants, their motion was "nothing more than a procedural exercise" that the court declined to undertake, noting that it would "not alter" their "uncontested right to seek contribution." *Sunrider Corp. v. Bountiful Biotech Corp.*, 2010 WL 11596235, at *4 (C.D. Cal. June 4, 2010). So too here: because Roblox retains the "uncontested right to seek contribution," the Court should decline to undertake this purely "procedural exercise" and reject Roblox's request. *See id.*

**B.  The settlements were made in good faith.**

If, however, the Court were to issue an advisory opinion on Roblox's uncontested right of contribution, it should find that the settlements were reached in good faith. Roblox's arguments to the contrary hinge on the fact that Plaintiffs will not receive money from the settlements, which it contends fail several factors relevant to the good faith inquiry that concern the value of the settlement in proportion to the settling Defendants' relative liability. Clish Opp. 8-10; Said Opp. 8-10 (citing *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal.3d 488, 499-500 (1985)).

PLTFS' OMNIBUS REPLY ISO MOTIONS TO APPROVE MINOR SETTLEMENTS

But this improperly presumes that a good faith settlement must involve money. This is wrong: "Section 877 does not require the direct payment of money nor does it impose any requirement as to how and when the consideration is paid." *Arbuthnot v. Relocation Realty Serv. Corp.*, 227 Cal.App.3d 682, 689 (1991) (citations omitted). Indeed, it "do[es] not distinguish between types of legal consideration for purposes of effecting" section 877 at all. *Armstrong World Indus., Inc. v. Superior Court*, 215 Cal.App.3d 951, 956 (1989). Here, the value of the settlements lies in information—not dollars and cents. That constitutes valuable consideration. Roblox's argument, taken to the extreme, would render any settlement solely involving injunctive relief, for example, ineligible for a good faith determination. That defies common sense and upends the principle that courts should avoid "a rigid application of the factors set forth in *Tech-Bilt*." *N. Cnty. Contractor's Assn. v. Touchstone Ins. Servs.*, 27 Cal.App.4th 1085, 1090 (1994).

As for the remaining *Tech-Bilt* factors, Roblox's argument that the lack of evidence of the settling Defendants' financial conditions and insurance policy limits "weighs against a finding of good faith" confuses the parties' respective burdens. Clish Opp. 10-11; Said Opp. 10-11. "*Tech-Bilt* does not require settling defendants to present such evidence." *Cahill v. San Diego Gas & Elec. Co.*, 194 Cal.App.4th 939, 968 (2011). "Rather, if anything, because [the non-settling defendant] ha[s] the burden to prove the settlement was not made in good faith," it makes sense for it to show that a settling defendant *does have* "the financial capacity or insurance coverage limits to pay a reasonable settlement amount." *Id.* Roblox fails to do so here, instead relying on a single footnote claiming (without support) that "[t]he notion that [the settling Defendants] cannot afford to provide monetary relief to Soucek and T.D. on their individual claims is highly doubtful." Clish Opp. 11 n.8; Said Opp. 11 n.9.

Finally, Roblox contends that the settlements "bear[] hallmarks of collusion, weighing against a finding of good faith," because they "leave[] Roblox 'holding the bag for liability that Plaintiff[s] ha[ve] not shown [it] is culpable for.'" Clish Opp. 12; Said Opp. 11 (quoting *Brashear*

9

*v. Magnet Media, Inc.*, 2018 WL 6242169, at *4 (C.D. Cal. Sept. 19, 2018)). Not so. Again, Roblox ignores that it is jointly liable with the settling Defendants (and thus equally "culpable for" their liability), and that the settlements do not stand in Roblox's way if it wants to pursue indemnity or contribution claims. *See supra* Section II.

For this reason, Roblox's cases are distinguishable. In both, settling defendants sought good faith determinations *after* the non-settling defendant brought claims against them, raising the concern that the settlements would "propel the last remaining defendant into a settlement exceeding the plaintiff's remaining damages and transcending that defendant's equitable share." *Com. Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210, 212, 214 (9th Cir. 1981) (citations and quotation marks omitted); *Brashear*, 2018 WL 6242169, at *1. No such concern exists where, as here, nobody seeks to shield the settling Defendants from indemnity or contribution.

## CONCLUSION

For these additional reasons, the Court should grant Plaintiffs' motions.

DATED: May 15, 2026

Respectfully submitted,

By: */s/ Andre M. Mura*

Andre M. Mura (SBN 298541)
Jake M. Seidman (SBN 347953)
Angela A. Ma (SBN 366571)
**GIBBS MURA LLP**
1111 Broadway, Ste 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
amm@classlawgroup.com
jms@classlawgroup.com
aqma@classlawgroup.com

James J. Bilsborrow*
Aaron Freedman*
**WEITZ & LUXENBERG PC**
700 Broadway
New York, New York 10003
Phone: (212) 558-5500

10

PLTFS' OMNIBUS REPLY ISO MOTIONS TO APPROVE MINOR SETTLEMENTS

jbilsborrow@weitzlux.com
afreedman@weitzlux.com

Christopher D. Jennings*
Tyler B. Ewigleben*
Winston S. Hudson*
**JENNINGS & EARLEY PLLC**
500 President Clinton Ave, Suite 110
Little Rock, Arkansas 72201
Phone: (317) 695-1712
chris@jefirm.com
tyler@jefirm.com
winston@jefirm.com

*Counsel for Plaintiffs*

PLTFS' OMNIBUS REPLY ISO MOTIONS TO APPROVE MINOR SETTLEMENTS